UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : | |
| _____ | : : | MASTER FILE NO. 3:00CV01884(DJS) |
| This document relates to: | : : | |
| ALL ACTIONS | : : | November 19, 2004 |
| | : : : | |

**LEAD PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM
OF LAW IN SUPPORT OF ENTRY OF A CONFIDENTIALITY ORDER**

**NOW COME** Lead Plaintiffs, by and through their undersigned counsel, and hereby move this honorable Court for an Order in the form attached hereto as Exhibit A. The facts and law in support of this Motion are set forth below.

1. On October 10, 2004, the Court denied, in part, Defendants' Motion to Dismiss the First Consolidated Amended Complaint.

2. In its Order resolving Defendants' Motion to Dismiss, the Court ordered the parties to submit a Rule 26(f) statement by October 29, 2004. The parties thereafter attempted to negotiate a stipulated case management plan which was submitted to the Court. The parties were unable to agree on all terms of a proposed order and on November 2, 2004 the Court issued its Case Management Order. This order provides that discovery in this case may commence on November 15, 2004, but does not set any deadline or requirement for the submission of a confidentiality order.

3. In the context of negotiating a 26(f) statement, Defendants' counsel submitted a proposed 26(f) statement to Plaintiffs' counsel which provided that the parties would negotiate a

1

confidentiality order for submission to the Court prior to the start of any discovery in this case. *See* Perkinson Declaration, ¶7 and Exhibit A.

4. Thereafter, the parties attempted to negotiate an agreement on a proposed confidentiality order to be submitted to the Court. *See* Perkinson Declaration at ¶¶3-22. After weeks of attempted negotiations, it was clear to Plaintiffs the parties would not be able to agree to a proposed confidentiality order because of Defendants' insistence on various provisions Plaintiffs objected to. While the parties' negotiations have been partially successful, Defendants continue to insist on certain provisions which would stultify Plaintiffs' discovery efforts, invade Plaintiffs' work product and inappropriately place the burden on a non-designating party to present disagreements on confidential designations to the Court. *See* ¶¶ 6-9, *infra*. Because the parties have been unable to reach an agreement on the appropriate terms of a confidentiality order in this case, Plaintiffs now make this motion.[1]

6. First, Defendants insist that they be provided with the identity of all Plaintiffs' expert witnesses by requiring that the parties be afforded "notice and opportunity" to object to the sharing of confidential information with any potential or actual experts. Not only do Defendants seek to know the identity of Plaintiffs' potential and actual testifying and non-testifying experts, but they also demand that they be provided with each proposed expert's full resume. Of course, such a requirement is directly contrary to federal practice which protects the identity of non-testifying experts from discovery. *Compare*, *e.g.*, 26(b)(4)(b) (permitting discovery of non-testifying experts only under "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by

---

1 Thus, on November 11, 2004, Plaintiffs informed Defendants that absent agreement among the parties Plaintiffs would move the Court for entry of a proposed confidentiality order on November 19, 2004. At 4:30 p.m. on November 18, 2004, Defendants faxed to Plaintiffs' counsel a letter listing five requirements they insisted on including in any stipulated confidentiality order (stating that Defendants "cannot stipulate to a protective order that does not contain" them) and two additional suggested modifications. Plaintiffs reviewed Defendants' letter and

2

other means") with Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(a) (requiring disclosure of experts who will actually testify). One reason the Rules prohibit the discovery Defendants seek to obtain under the auspices of a confidentiality order is that non-testifying experts often become "a collaborator in the development of pretrial strategy [and] a non-testifying expert may become a unique repository of insights into counsel's opinion work product." Wright Miller & Marcus, 8 Federal Practice and Procedure, §2032 (2d ed.). By seeking to become a gatekeeper to the potential experts Plaintiffs may show specified documents to, Defendants seek to invade counsel's work product and gain an unfair litigation advantage. *See, e.g., In re Cendant Corp. Securities Litigation,* 343 F.3d 658, 664-667 (3rd Cir., 2003) (work product privilege is broad and encompasses counsel's communications with experts). Defendants' demand that they be permitted to audit Plaintiffs' counsel's communications with potential experts is unwarranted and, in light of the protections provided by the confidentiality order proposed by Plaintiffs, wholly unnecessary.

7. Defendants also insist that, despite the protections against disclosure provided by Plaintiffs' proposed confidentiality order, Plaintiffs should only be able to show confidential documents to persons who appear on the face of the document to have knowledge of its contents (in Defendants' words: "e.g., the author, addressee, copyee [sic] on a document"). Such a requirement will necessarily hamstring Plaintiffs' discovery efforts by limiting the universe of potential witnesses Plaintiffs may explore discovery materials with. For example, in order to prove their case, Plaintiffs will obviously want to test the veracity of any documents which tend to support Defendants' story by exploring the representations of such documents with witnesses who were not included in the documents' creation or circulation specifically because their opinion or knowledge as to the accuracy (or inaccuracy) of such documents would present

---

included both suggested modifications as well as two of Defendants' five demands.

3

problems for Defendants or the authors of the documents. The confidentiality order proposed by Plaintiffs would prohibit the use of any confidential information for any purpose other than litigation of the claims in this litigation and requires any non-party to which confidential information is disclosed to agree to be bound by the terms of the order and submit to the jurisdiction of the Court for enforcement of the order. Defendants' demand that Plaintiffs should be forced to limit the evaluation of discovery materials to those who originally created or received them is unworkable, unnecessary and, would prejudice Plaintiffs' discovery efforts and should therefore be rejected.

8. Third, Defendants seek to require that the recipient of information designated as confidential have the burden of making a motion to the Court to "declassify documents that it wishes to challenge." This suggestion is contrary to the underlying principles of protective orders. *See, e.g.*, Fed.R.Civ.P. 26(c). If there is good cause for preserving the confidentiality of a document, the burden should be on the party seeking continued protection to move the Court for such relief. While the expected volume of discovery from both parties and non-parties in this litigation justifies the entry of a confidentiality order which relies on the good faith efforts of counsel to make appropriate designations (*see* ¶¶ 9-12 *infra*.), it does not justify shifting the ultimate burden of preserving such treatment when legitimate objections are made to such designations. The burden of preserving designations of confidentiality is on the party making such designation and fairness dictates that such party must bear the burden of seeking the Court's determination when that designation is challenged.[2]

---

[2]. Plaintiffs' proposed order provides a simple and workable procedure for the prompt resolution of disputes about the appropriateness of confidential designations. *See* Proposed Order at ¶ 9. The order provides that if any party objects to the designation of any material as confidential, the party may inform the designating entity by letter. Thereafter the parties will attempt to resolve all objections by agreement and if any objections cannot be resolved by agreement the party in favor of preserving the confidential designation may file a motion submitting the dispute to the Court within twenty (20) calendar days of when the objection is first raised. If the designating party does not file a motion with the Court to preserve the confidential designation within this time period, the

9.      Finally, Defendants propose that any document Defendants deem to be "extremely sensitive" can be viewed only by attorneys to this action. This demand is facially absurd and would render the production of such documents essentially useless as Plaintiffs' counsel would be unable to use them for any purpose in conducting discovery.

10.     The entry of a confidentiality order at this juncture is important to ensure the efficacious management of this case for several reasons. First, the entry of an order providing protection for legitimately confidential information will facilitate discovery from non-parties. In the absence of assurances that confidential documents in the possession of subpoenaed parties will be protected from disclosure, many, indeed most, third parties will likely be reluctant to produce documents or may refuse altogether. Absent the entry of an order in this case providing reasonable protections for the confidentiality of non-party documents legitimately entitled to such protection, Plaintiffs anticipate they will need to enter into a number of different (and potentially conflicting) agreements with third parties or move for the entry of orders compelling production in several jurisdictions in order to obtain documents from non-parties. Such a process would be time consuming, delay Plaintiffs' discovery efforts and result in substantial inefficiencies, especially in light of the large number of non-parties which potentially possess information relevant to Plaintiffs' claims. For example, over thirty analysts covered Priceline's stock, Plaintiffs have identified nearly forty manufacturing and retail outlets which may have information concerning the underlying facts at issue in this case, and there are at least thirty-eight airlines which may also have relevant information concerning this action.

11.     Second, since it was Defendants who originally suggested the parties negotiate a confidentiality order, there is no question Defendants will insist on a confidentiality order prior

---

confidential designation is deemed waived. The confidentiality of the documents is preserved until the dispute is resolved.

to producing documents.  In some instances, parties will object to producing relevant documents they believe are entitled to confidential treatment until an order guarding the confidentiality of such documents is in place.  Defendants have indicated every intention to follow such a plan of action here, despite Plaintiffs' counsel's offer to hold any documents produced for "attorneys' eyes only" until the resolution of any proposed confidentiality order by the Court.

12.     The Court is empowered to enter all orders necessary and appropriate to facilitate the management of its docket.  *See, e.g., Greco v. United Technologies*, 2003 WL 22133877, *4 (Conn. Super., 2003) ("The practical response is that this case is assigned to the complex litigation docket and the court may therefore 'enter any appropriate order which facilitates the management of the complex litigation cases.' Practice Book § 23-14."); *See also, In re Rezulin Products Liability Litigation*, 2002 WL 102601, *1 (S.D.N.Y.,2002) (entering confidentiality order "to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c).").  The absence of any dispute on specific documents does not weigh against entry of Plaintiffs' proposed order at this time.  As Defendants' demonstrated by their initial Rule 26(f) proposal, suggesting that the parties enter into a confidentiality order as soon as possible, it is inevitable in litigation of this type, involving the inner workings of the corporate defendant and sensitive financial information, that the parties will seek protections from disclosure consistent with Rule 26(c).  *See In re Alexander Grant & Co.*, 820 F.2d 352, 356-57 (11th Cir. 1987) (explaining that umbrella protective orders are designed to encourage and simplify the exchange of large numbers of documents); *In re NASDAQ Market-Makers Antitrust*

*Litigation*, 164 F.R.D. 346, 357 (S.D.N.Y. 1996) (noting entry of protective order even where no specific documents were at issue at time of entry).

13.     Plaintiffs respectfully submit that their proposed confidentiality order provides necessary and adequate protections for information that may be produced in discovery in this litigation by the instant parties or third parties and that good cause exists for the entry of Plaintiffs' proposed Order insofar as it will facilitate the efficacious production of documents among the parties and third parties.  Plaintiffs believe that absent entry of a controlling order both Defendants and third parties will delay or refuse to produce relevant documents.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter the proposed order attached hereto as Exhibit A.

| Dated: November 19, 2004. | Respectfully submitted, |
|---|---|
| | _____<br>SCOTT & SCOTT, LLC<br>David R. Scott    CT 16080<br>Erin Comite        CT 24886<br>Geoffrey M. Johnson<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Telephone: (860) 537-5537<br>Facsimile: (860) 537-4432<br><br>_____<br>JOHNSON & PERKINSON<br>Dennis J. Johnson<br>Jacob B. Perkinson<br>Peter J. McDougall<br>1690 Williston Road<br>P.O. Box 2305<br>South Burlington, VT 05403<br>Telephone: (802) 862-0030 |
| | |

|  | Facsimile: (802) 537-4432<br>STULL, STULL & BRODY<br>Jules Brody<br>Aaron Brody<br>6 East 45th St.<br>New York, NY 10017<br>Telephone: (212) 687-7230<br>Facsimile: (212) 490-2022<br><br>**Co-Lead Counsel**<br><br>SCHATZ & NOBEL<br>Andrew M. Schatz<br>Jeffrey S. Nobel<br>330 Main Street<br>Hartford, CT 06106<br>Telephone: (860) 493-6292<br>Facsimile (860) 493-6290<br><br>**Liaison Counsel** |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to counsel of record on the attached service list on November 19, 2004 by First Class mail.

_____
**David R. Scott**

**SERVICE LIST**

Dana C. MacGrath
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Joseph L. Clasen
William Kelleher
Robinson & Cole LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
Christine Arena
Cravath, Swaine & Moore LLP
825 Eight Avenue
New York, NY 10019

**SERVICE LIST**

Dana C. MacGrath
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Joseph L. Clasen
William Kelleher
Robinson & Cole LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
Christine Arena
Cravath, Swaine & Moore LLP
825 Eight Avenue
New York, NY 10019