UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------- X
IN RE: PRICELINE.COM, INC.  :  MASTER FILE NO.
SECURITIES LITIGATION      :  3:00CV01884 (DJS)
                            :
                            :
This document relates to:   :
                            :
ALL ACTIONS                 :
                            :
---------------------------------------------------- X

**DECLARATION OF JACOB B. PERKINSON IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

NOW COMES Jacob B. Perkinson and, pursuant to 28 U.S.C. §1746, hereby declares that the following is true and correct to the best of my knowledge, information and belief:

1. I am a partner in the law firm of Johnson & Perkinson which has been appointed one of Plaintiffs' Co-Lead Counsel in the consolidated actions captioned above.
2. During the week of October 11, 2004, Plaintiffs' Co-Lead Counsel and Defendants' Counsel began discussions contemplated to arrive at a stipulated statement for submission to the Court pursuant to Federal Rule of Civil Procedure 26(f).
3. On October 19, 2004, Defendants' counsel submitted a proposed Rule 26(f) statement which provided that the parties should submit a stipulated confidentiality order to the Court by December 20, 2004. *See* Exhibit A.
4. Counsel for the parties held a conference call on October 20, 2004 to discuss the parties' proposed Rule 26(f) submission.
5. During the October 20, 2004 conference call the parties discussed Defendants' proposal to enter into a stipulated confidentiality order. To accommodate Defendants, and with a view to avoiding any unnecessary delay in the production of documents, Plaintiffs drafted a proposed confidentiality agreement and forwarded the same to Defendants on October 22, 2004.
6. On October 25, 2004, the parties held another conference call to discuss outstanding issues associated with the parties' proposed Rule 26(f) statement, including the issue of the confidentiality order.

7. During the October 25, 2004 call, Defendants' counsel informed Plaintiffs' counsel that they would not negotiate a confidentiality order until Defendants were able to discern what documents would be requested by Plaintiffs in this litigation. Significantly, the Draft Rule 26(f) statement previously forwarded to Plaintiffs by Defendants provided that a confidentiality order should be negotiated by the parties by December 20, 2004 while discovery would not commence until January 3, 2005. *See* Exhibit A at ¶¶V.E.2. & 3.

8. In addition, Defendants forwarded an exemplar of an order they preferred to Plaintiffs' counsel on October 25, 2004. Defendants' counsel specifically emphasized the protections afforded to source code information in the exemplar forwarded to Plaintiffs. *See* Exhibit B.

9. Plaintiffs' Counsel questioned the need for Defendants to review Plaintiffs' document requests prior to negotiating a proposed confidentiality order both because Defendants' Rule 26(f) draft revealed Defendants' rationale to be bogus and because such a position is illogical in light of the fact that any order will cover all documents that might be produced. Thus, Defendants' methodology would require the renegotiation of a confidentiality stipulation every time a new document type is put at issue, a circumstance Defendants themselves apparently originally found untenable. Plaintiffs' nevertheless agreed to address Defendants' demand to know what documents Plaintiffs would request and agreed to undertake to provide Defendants with this information. The Rule 26(f) statement submitted by the parties on October 29, 2004 specifically memorialized this undertaking.

10. On October 27, 2004, Plaintiffs' Counsel forwarded a revised confidentiality order to Defendants which incorporated protections provided in Defendants' exemplar, including provisions for higher protections applicable to source code information.

11. Defendants' Counsel responded to Plaintiffs' October 27, 2004 draft on October 28 by providing two additional exemplars of confidentiality orders and stated that Defendants would need more protections than Plaintiffs proposed before they would stipulate to a confidentiality order. *See* Exhibit C.

12. The parties submitted their Rule 26(f) statement to the Court on October 29, 2004. In that document, Plaintiffs suggested that the parties submit either a stipulated or competing confidentiality order(s) by November 15, 2004. The Defendants suggested that the parties should be given until December 6, 2004 to reach agreement.

13. On November 2, 2004, the Court entered its Order on the parties' Rule 26(f) submission, specifically declining to require any timeline for submission of a confidentiality order and advising the parties that they could file for such relief when appropriate. Docket Entry No.107.

14. On November 4, 2004, the parties discussed engaging in further negotiations to come to an agreement on a stipulated confidentiality order and a conference call was scheduled for November 10, 2004. Defendants continued to insist that they needed to see what documents Plaintiffs would be requesting in order to negotiate any agreement.

15. Due to Defendants' insistence, Plaintiffs decided to provide a draft of the document requests they were working on so that Defendants could have the framework they claimed they required to engage in negotiations on a confidentiality agreement. Plaintiffs' Counsel provided a draft version of Plaintiffs' First Set of Document Requests *via* e-mail on November 5, 2004. In doing so, Plaintiffs were clear in informing Defendants that while Plaintiffs' Counsel used their best efforts to include all documents they may request in this litigation, the document was a draft and Plaintiffs did not intend to be bound by the submission in any way. Thus, Plaintiffs conditioned Defendants' use of the document on their agreement not to use the document for any purpose other than the negotiation of a confidentiality agreement. *See* Exhibit D.

16. Defendants responded to Plaintiffs November 5, 2004 submission on November 8, 2004 by indicating that the terms proposed by Plaintiffs for use of the draft were unacceptable and Defendants would not review Plaintiffs' draft and were content to wait until Plaintiffs served their document requests before engaging in any further negotiations. *See* Exhibit E.

17. Despite this response, Plaintiffs requested that Defendants participate in the conference call the parties had scheduled for November 10, 2004, because absent such a call Plaintiffs would be left with no alternative but to seek the Court's assistance unilaterally. *See* Exhibit F.

18. In response, Defendants sent a seventy-four page facsimile to Plaintiffs' Counsel's office. The document indicated that Defendants believed negotiations on a confidentiality order were premature (apparently based on Defendants' refusal to review Plaintiffs' draft document requests).

19. Nevertheless, at Plaintiffs' Counsel's request, a telephonic conference was held on November 10, 2004, among counsel to the parties. During this call, Defendants reiterated certain objections to Plaintiffs' proposed confidentiality order and articulated some additional concerns. Defendants also indicated a willingness to consider Plaintiffs' proposed confidentiality order and work towards making progress in resolving the parties' differences.

20. Plaintiffs gave serious consideration and re-consideration to Defendants' concerns voiced during the November 10, 2004 conference call, but determined that Defendants' proposed amendments were not appropriate or necessary and informed Defendants of their determination on November 11, 2004.

21. Nevertheless, based on representations by Defendants' Counsel during the November 10, 2004 conference regarding their willingness to work with Plaintiffs to resolve outstanding issues, Plaintiffs agreed to defer making a unilateral motion for another week, until November 19, 2005, to allow Defendants to offer suggestions and supporting rationale for changes to Plaintiffs' draft.
22. On November 12, 2004, Defendants responded to Plaintiffs' offer by accusing Plaintiffs' counsel of refusing to compromise and proposed another conference to take place two weeks later to once again discuss a proposed confidentiality order.
23. On November 18, 2004, Defendants delivered a letter to Plaintiffs' Lead Counsel outlining certain provisions which Defendants insisted must be included in any stipulated discovery order. While certain of these demands have been accommodated in the proposed order submitted to the Court, Defendants insist on other provisions which are unacceptable to Plaintiffs.

DATED: November 18, 2004.

_____
Jacob B. Perkinson

_____
SCOTT & SCOTT, LLC
David R. Scott    CT 16080
Erin Comite      CT 24886
Geoffrey M. Johnson
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to counsel of record on the attached service list on November 19, 2004 by First Class mail.

_____
**David R. Scott**

**SERVICE LIST**

Dana C. MacGrath
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Joseph L. Clasen
William Kelleher
Robinson & Cole LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
Christine Arena
Cravath, Swaine & Moore LLP
825 Eight Avenue
New York, NY 10019