**A**

Jake Perkinson

From:        Erin G. Comite [ecomite@scott-scott.com]
Sent:        Tuesday, October 19, 2004 4:39 PM
To:          David R. Scott; Geoff Johnson; Jake Perkinson; Dennis J. Johnson; James Conway
Subject:     FW: In re: Priceline Securities Litigation

Attachments:    Rule26(f).pdf

Rule26(f).pdf (16
KB)


-----Original Message-----
From: Christine Arena [mailto:CArena@cravath.com]
Sent: Tuesday, October 19, 2004 4:36 PM
To: Erin G. Comite
Cc: Daniel Slifkin; Natasha Guinan; John Zach; James Hein; MacGrath, Dana;
WKelleher@rc.com
Subject: In re: Priceline Securities Litigation


Erin,

To facilitate our discussion tomorrow, we've put together a draft 26(f) report that lays
out our proposed timeframe for discovery tasks. A few other items for discussion are noted
in brackets.  I trust you will forward this on to any other colleagues who will be
participating on the call.

(See attached file: Rule26(f).pdf)

Speak to you at 2pm,

Christine


_____

Christine L. Arena
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
(212) 474-1242 (direct dial)
(212) 474-3700 (facsimile)

   This e-mail is confidential and may be privileged. Use or disclosure of it by anyone
other
   than a designated addressee is unauthorized. If you are not an intended recipient,
please
   delete this e-mail from the computer on which you received it.

1

**FORM 26(f)**

**REPORT OF PARTIES' PLANNING MEETING**

In Re: Priceline.com Securities Litigation

Plaintiffs:        Iliana Ilieva, Leisinger Pension Fund, Mark Weiss and Marilyn D. Engel, Joseph Wilenkin

Defendants:        priceline.com, Inc., N.J. Nicholas, Daniel H. Schulman, Richard S. Braddock, Jay S. Walker

Date Consolidated Amended Complaint Filed:        October 29, 2001

Date Consolidated Amended Complaint Served:        October 29, 2001

Date of Defendants' Appearance:        October 31, 2000

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 20, 2004. The participants were:

Erin Comite of Scott + Scott, LLC for all plaintiffs. [ADDITIONAL PARTICIPANTS TO BE ADDED]

Daniel Slifkin and Christine Arena of Cravath Swaine & Moore LLP for defendants priceline.com, Nicholas, Schulman and Braddock.

Dana MacGrath of O'Melveny & Myers LLP for defendant Walker.

**I.        Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.    Subject matter Jurisdiction

This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the 1934 Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

[TO BE DISCUSSED]

## IV.    Statement of Undisputed Facts:

[TO BE DISCUSSED]

## V.    Case Management Plan:

### A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.    Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties participated in a voluntary mediation with the Hon. Nicholas H. Politan in August of 2004. Settlement may be enhanced by continuing settlement discussions with the assistance of Judge Politan.

2

2.    The parties do not request an early settlement conference.

3.    The parties prefer a settlement conference with Judge Politan.

4.    The parties do not request a referral for alternative dispute resolution
pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties and Amendment of Pleadings**

1.    The Court's Memorandum of Decision dated October 7, 2004 dismissed
certain allegations in the Consolidated Amended Complaint without prejudice. Plaintiffs
should be allowed until November 29, 2004 to file a Consolidated Second Amended
Complaint to attempt to cure the deficiencies noted in the Court's opinion.

2.    Should plaintiffs choose not to file a Consolidated Second Amended
Complaint, defendants should be allowed until December 24, 2004 to answer the
Consolidated Amended Complaint, pursuant to the previously filed consent motion for
extension of time. Should plaintiffs file a Consolidated Second Amended Complaint,
defendants should be allowed until January 31, 2005 to file a response thereto.

3.    The parties do not anticipate joinder of any additional parties.

**E.    Discovery**

1.    The parties anticipate that discovery will be needed on the following
subjects: [TO BE DISCUSSED]

2.    The parties should confer and agree on a stipulation of confidentiality and
proposed order, and submit it to the Court no later than December 20, 2004.

3.    All discovery will be commenced no earlier than January 3, 2005 and
completed (not propounded) by March 31, 2006.

3

4.    Discovery will be conducted in three phases, according to the following
schedule:

(a)    Discovery Regarding Class Certification.

(1)    Plaintiffs should file and serve their motion for class certification
on or before January 3, 2005.

(2)    Defendants should complete discovery related to plaintiffs' class
certification motion on or before April 1, 2005. Defendants should file and serve any
opposition to plaintiffs' motion for class certification no later than May 2, 2005.

(3)    Plaintiffs should file and serve any reply to defendants' opposition
papers no later than May 30, 2005.

(b)    Fact Discovery on the Merits.

(1)    The parties should serve their initial disclosures pursuant to Fed. R.
Civ. P. 26(a) on or before December 20, 2004.

(2)    Fact discovery (other than discovery regarding class certification)
should otherwise commence no earlier than January 3, 2005.

(3)    The parties should complete their production of documents on or
before September 30, 2005. No depositions should take place prior to the conclusion of
document production.

(4)    Fact depositions should commence no earlier than October 3, 2005
and should conclude no later than December 30, 2005. The parties anticipate that
plaintiffs and defendants will require 15 depositions of fact witnesses, respectively.

(5)    The parties do not seek permission to serve more than 25
interrogatories relating to fact issues.

4

(c)    Expert Discovery.

(1)    Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts (including any damages analysis) pursuant to Fed. R. Civ. P. 26(a)(2) by January 2, 2006. Depositions of any such experts will be completed by January 27, 2006.

(2)    Defendants will designate all trial experts and provide opposing counsel with reports from retained experts (including any damages analysis) pursuant to Fed. R. Civ. P. 26(a)(2) by February 27, 2006. Depositions of such experts will be completed by March 31, 2006.

(3)    The parties agree that draft expert reports will not be discoverable.

**F.    Dispositive Motions:**

Dispositive motions (if any) will be filed on or before May 29, 2006.

**G.    Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the Court's ruling on the dispositive motions (if any). Absent dispositive motions, the joint trial memorandum will be due 60 days following the close of discovery.

**VI.    TRIAL READINESS**

The case will be ready for trial by within 60 days of the Court's ruling on the dispositive motions (if any). Absent dispositive motions, the case will be ready for trial 90 days following the close of discovery.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

[INSERT SIGNATURE BLOCKS]

6

**B**

From:           Erin G. Comite [ecomite@scott-scott.com]
Sent:           Monday, October 25, 2004 4:29 PM
To:             Jake Perkinson; Geoff Johnson
Subject:        FW: Protective Order

Attachments:    PROTECTIVE ORDER.pdf



PROTECTIVE
ORDER.pdf (961 KB)

-----Original Message-----
From: Christine Arena [mailto:CArena@cravath.com]
Sent: Monday, October 25, 2004 4:09 PM
To: David R. Scott
Cc: Daniel Slifkin; James Hein; wkelleher@rc.com; dmacgrath@omm.com
Subject: Protective Order

David,

As discussed, I am attaching a copy of the protective order we used in the Priceline v.
Microsoft matter.  You will note there are specific protections for source code; can we
take from the comments on this morning's call that you will ask for such information here?
Again, it would be helpful for us to negotiate this document with at least your opening
requests in hand so that we can attempt to craft an appropriate order.

Thanks,

Christine

_____

Christine L. Arena
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
(212) 474-1242 (direct dial)
(212) 474-3700 (facsimile)
----- Forwarded by Christine Arena/NY/Cravath on 10/25/2004 03:57 PM -----

            Document Scanner

            10/25/2004 03:47                                          To
            PM                      carena

                                                                      cc

                                                              Subject
                            attachment from J. Hein

                                    1

(See attached file: PROTECTIVE ORDER.pdf)

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other
than a designated addressee is unauthorized. If you are not an intended recipient, please
delete this e-mail from the computer on which you received it.

**C**

**Jake Perkinson**

| | |
|---|---|
| **From:** | Christine Arena [CArena@cravath.com] |
| **Sent:** | Thursday, October 28, 2004 12:07 PM |
| **To:** | Rachel Johnson |
| **Cc:** | drscott@scott-scott.com; ecomite@scott-scott.com; Jake Perkinson; DMacGrath@OMM.com; WKelleher@rc.com; James Hein |
| **Subject:** | Protective Order |
| **Attachments:** | temp.pdf; 00000038.PDF |

 

temp.pdf (560 KB) 00000038.PDF (723 KB)

                    Dennis,

I have your note to Daniel and your revised protective order (you can send future
correspondence on this issue directly to me). The Priceline v.
Microsoft example that we forwarded to you contains quite a number of carefully crafted
protections in addition to those regarding source code, many of which we will need to see
reflected in your working draft before we can agree to a stipulation.  I am attaching two
additional precedents from securities cases we worked on (Lucent and Vivendi) which are
more along the lines of what we are envisioning.  That being said, we are happy to try to
work with the document you have prepared and will undertake to revise it.
We'll send you a new document and a blackline sometime early next week.

(See attached file: temp.pdf)


(See attached file: 00000038.PDF)

---

Christine L. Arena
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
(212) 474-1242 (direct dial)
(212) 474-3700 (facsimile)

   This e-mail is confidential and may be privileged. Use or disclosure of it by anyone
other
   than a designated addressee is unauthorized. If you are not an intended recipient,
please
   delete this e-mail from the computer on which you received it.

**D**

**Jake Perkinson**

| | |
|---|---|
| From: | Jake Perkinson |
| Sent: | Friday, November 05, 2004 4:56 PM |
| To: | Christine Arena |
| Cc: | Dennis J. Johnson; David R. Scott; Peter McDougall; Erin G. Comite; Geoff Johnson |
| Subject: | PRICELINE - DRAFT DOCUMENT REQUEST |
| Attachments: | DRAFT.doc.request.to.defendants.pdf |

Dear Christine,

     Attached is a <u>rough</u> draft of a list of the documents Plaintiffs expect to request in their initial Requests for Production from Defendants. Plaintiffs offer this document to Defendants based on the conditions and understandings set forth below. If the statement below does not comport with your understanding, or is not agreed to by Defendants, then Plaintiffs do not consent to share this list with Defendants and, in that event, I request that you immediately delete this message and its attachment from your system and confirm to me that you have done so.

     This list is being offered solely for Defendants' information at Defendants' request and solely for the purpose of facilitating the parties' attempts to negotiate a confidentiality order in this case. The document is to be used for no purpose other than negotiating a confidentiality order in this case. While Plaintiffs have made a good faith effort to recite the areas they intend to explore in discovery, Plaintiffs are not bound by anything contained in the attached draft in any respect and the draft has no force, effect or purpose beyond its use as an aid to facilitate the negotiation of a stipulated confidentiality order in this action. Plaintiffs reserve all claims of work product privilege and all other applicable privileges and the proffer of this draft shall not be deemed a waiver of any privilege in any way or for any purpose. By opening the attached document, Defendants agree to the above provisions.

Sincerely,

    Jake

Jacob B. Perkinson
Johnson & Perkinson
P.O. Box 2305
1690 Williston Road
South Burlington, VT 05401
(802) 862-0030 (Tel.)
(802) 862-0060 (Fax)

This message may contain privileged and/or confidential information. All claims of privilege are hereby preserved. If you are not the intended recipient of this message, please delete it from your system and notify the sender by reply e-mail. Thank you for your cooperation.

11/17/2004

**E**

## Jake Perkinson

| | |
|---|---|
| **From:** | Christine Arena [CArena@cravath.com] |
| **Sent:** | Friday, November 05, 2004 6:00 PM |
| **To:** | Jake Perkinson |
| **Cc:** | Christine Arena; Dennis J. Johnson; David R. Scott; Peter McDougall; Erin G. Comite; Geoff Johnson; dslifkin@cravath.com; jhein@cravath.com |

**Subject:** Re: PRICELINE - DRAFT DOCUMENT REQUEST

Jake,

Contrary to your suggestion below, we did not request a draft version of your document requests laden with disclaimers. Daniel indicated during our meet and confer that we did not want to stipulate to a protective order without first seeing your document requests, and you volunteered to give them to us on October 29, and then November 5. In any event, in light of the court's scheduling order, we are content to wait until you serve the final version of these requests when discovery commences on November 15 (or whenever you choose to serve them thereafter) and resume our discussions regarding a protective order at that point in time. We have not and will not open or use the attachment to your message.

Christine

---

Christine L. Arena
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
(212) 474-1242 (direct dial)
(212) 474-3700 (facsimile)

-----"Jake Perkinson" <jperkinson@jpclasslaw.com> wrote: -----

To: "Christine Arena" <CArena@cravath.com>
From: "Jake Perkinson" <jperkinson@jpclasslaw.com>
Date: 11/05/2004 04:55PM
cc: "Dennis J. Johnson" <djohnson@jpclasslaw.com>, "David R. Scott" <drscott@scott-scott.com>, "Peter McDougall" <pmcdougall@jpclasslaw.com>, "Erin G. Comite" <ecomite@scott-scott.com>, "Geoff Johnson" <gjohnson@scott-scott.com>
Subject: PRICELINE - DRAFT DOCUMENT REQUEST

Dear Christine,

Attached is a rough draft of a list of the documents Plaintiffs expect to request in their initial Requests for Production from Defendants. Plaintiffs offer this document to Defendants based on the conditions and understandings set forth below. If the statement below does not comport with your understanding, or is not agreed to by Defendants, then Plaintiffs do not consent to share this list with Defendants and, in that event, I request that you immediately delete this message and its attachment from your system and confirm to me that you have done so.

This list is being offered solely for Defendants? information at Defendants? request and solely for the purpose of facilitating the parties? attempts to negotiate a confidentiality order in this case. The document is to be used for no purpose other than negotiating a confidentiality order in this case. While Plaintiffs have made a good faith effort to recite the areas they intend to explore in discovery, Plaintiffs are not bound by anything contained in the attached draft in any respect and the draft has no force, effect or purpose beyond its use as an aid to facilitate the negotiation of a stipulated confidentiality order in this action. Plaintiffs reserve all claims of work product privilege and all other applicable privileges and the proffer of this draft shall not be deemed a waiver of any privilege in any way or for any purpose. By opening the attached document, Defendants agree to the above provisions.

Sincerely,

Jake

Jacob B. Perkinson

Johnson & Perkinson

P.O. Box 2305

1690 Williston Road

South Burlington , VT 05401

(802) 862-0030 (Tel.)

(802) 862-0060 (Fax)

This message may contain privileged and/or confidential information. All claims of privilege are hereby preserved. If you are not the intended recipient of this message, please delete it from your system and notify the sender by reply e-mail. Thank you for your cooperation.

11/17/2004

[attachment "DRAFT.doc.request.to.defendants.pdf" removed by Christine Arena/NY/Cravath]

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

**F**

**Jake Perkinson**

| | |
|---|---|
| **From:** | Jake Perkinson |
| **Sent:** | Monday, November 08, 2004 8:45 AM |
| **To:** | Christine Arena |
| **Cc:** | Dennis J. Johnson; David R. Scott; Peter McDougall; Erin G. Comite; Geoff Johnson; dslifkin@cravath.com; jhein@cravath.com |
| **Subject:** | RE: PRICELINE - DRAFT DOCUMENT REQUEST |

Christine,

     I am sorry there appears to be a misunderstanding as to what Plaintiffs agreed to submit to Defendants. As the Proposed Order submitted to the Court provides, Plaintiffs promised only to "undertake" to provide Defendants with a Request for Production. We have fulfilled this undertaking in good faith. It appears from your response that Defendants sought to somehow prematurely lock Plaintiffs into a First Request that was not subject to change using the ruse of a proposed negotiation on the confidentiality order. However, Plaintiffs, out of courtesy, merely agreed to try to meet Defendants' request for a focal point in negotiations over a proposed confidentiality order, despite Plaintiffs' belief that Defendants' insistence on perusing Plaintiffs' document requests prior to negotiating a confidentiality order serves no necessary or useful purpose.

     In any event, we would like to go forward with the conference call the parties scheduled to discuss a proposed protective order so the parties can determine if there is any room for agreement before Plaintiffs submit their proposed order to the Court. As you know, Plaintiffs have already modified their proposed order in response to the formats Defendants previously forwarded to Plaintiffs' counsel. If there is room for additional agreement, I believe it is incumbent on the parties to strive to reach the same and spare the Court from unnecessarily expending its resources. Please let me know if Defendants plan to participate in the scheduled call. Thank you.

Sincerely,

Jake Perkinson
Johnson & Perkinson
P.O. Box 2305
1690 Williston Road
South Burlington, Vermont 05407
(802) 862-0030

> **From:** Christine Arena [mailto:CArena@cravath.com]
> **Sent:** Friday, November 05, 2004 6:00 PM
> **To:** Jake Perkinson
> **Cc:** Christine Arena; Dennis J. Johnson; David R. Scott; Peter McDougall; Erin G. Comite; Geoff Johnson; dslifkin@cravath.com; jhein@cravath.com
> **Subject:** Re: PRICELINE - DRAFT DOCUMENT REQUEST
>
> Jake,
>
> Contrary to your suggestion below, we did not request a draft version of your document requests laden with disclaimers. Daniel indicated during our meet and confer that we did not want to stipulate to a protective order without first seeing your document requests, and you volunteered to give them to us on October 29, and then

11/17/2004

November 5. In any event, in light of the court's scheduling order, we are content to wait until you serve the final version of these requests when discovery commences on November 15 (or whenever you choose to serve them thereafter) and resume our discussions regarding a protective order at that point in time. We have not and will not open or use the attachment to your message.

Christine

_____

Christine L. Arena
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
(212) 474-1242 (direct dial)
(212) 474-3700 (facsimile)

------"Jake Perkinson" <jperkinson@jpclasslaw.com> wrote: -----

To: "Christine Arena" <CArena@cravath.com>
From: "Jake Perkinson" <jperkinson@jpclasslaw.com>
Date: 11/05/2004 04:55PM
cc: "Dennis J. Johnson" <djohnson@jpclasslaw.com>, "David R. Scott" <drscott@scott-scott.com>, "Peter McDougall" <pmcdougall@jpclasslaw.com>, "Erin G. Comite" <ecomite@scott-scott.com>, "Geoff Johnson" <gjohnson@scott-scott.com>
Subject: PRICELINE - DRAFT DOCUMENT REQUEST

Dear Christine,

        Attached is a rough draft of a list of the documents Plaintiffs expect to request in their initial Requests for Production from Defendants. Plaintiffs offer this document to Defendants based on the conditions and understandings set forth below. If the statement below does not comport with your understanding, or is not agreed to by Defendants, then Plaintiffs do not consent to share this list with Defendants and, in that event, I request that you immediately delete this message and its attachment from your system and confirm to me that you have done so.

        This list is being offered solely for Defendants? information at Defendants? request and solely for the purpose of facilitating the parties? attempts to negotiate a confidentiality order in this case. The document is to be used for no purpose other than negotiating a confidentiality order in this case. While Plaintiffs have made a good faith effort to recite the areas they intend to explore in discovery, Plaintiffs are not bound by anything contained in the attached draft in any respect and the draft has no force, effect or purpose beyond its use as an aid to facilitate the negotiation of a stipulated confidentiality order in this action. Plaintiffs reserve all claims of work product privilege and all other applicable privileges and the proffer of this draft shall not be deemed a waiver of any privilege in any way or for any purpose. By opening the attached document, Defendants agree to the above provisions.

Sincerely,

        Jake

Jacob B. Perkinson

11/17/2004

Johnson & Perkinson
P.O. Box 2305
1690 Williston Road
South Burlington , VT 05401
(802) 862-0030 (Tel.)
(802) 862-0060 (Fax)

This message may contain privileged and/or confidential information.  All claims of privilege are hereby preserved.  If you are not the intended recipient of this message, please delete it from your system and notify the sender by reply e-mail. Thank you for your cooperation.

[attachment "DRAFT.doc.request.to.defendants.pdf" removed by Christine Arena/NY/Cravath]

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.