IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re: Priceline.com
Securities Litigation

------------------------------------------------------------

This document relates to:

ALL PENDING ACTIONS

DECLARATION OF
MITCHELL L. TRUWIT

December 10, 2004

I, MITCHELL L. TRUWIT, declare as follows:

1. I make this declaration in opposition to Lead Plaintiffs' Motion for Entry of a Confidentiality Order and in support of Defendants' Cross-Motion for Entry of an Appropriate Protective Order. All information contained herein is made on the basis of my personal knowledge, unless otherwise stated.

2. I am Executive Vice President and Chief Operating Officer of priceline.com Incorporated ("priceline"). From my present position, as well as from my former position as Executive Vice President, Operations and Product Development, I am generally familiar with most aspects of priceline's business, including priceline's business model, competitive strategies, and business plans. I am also familiar with the discovery requests made by plaintiffs in the above-captioned case.

3. Plaintiffs have asked priceline for a substantial amount of confidential and competitively sensitive information relating to priceline's business. For example, in Document Request No. 55, plaintiffs have asked for all of priceline's agreements with suppliers or manufacturers (such as airlines, hotels and rental car companies). (See Exhibit 8 to the accompanying Declaration of Christine L. Arena ("Arena Decl.") at p.28.) That request also seeks documents "relating to" those agreements (id.), which I

understand may include records of the negotiations of those agreements and the like. Information contained in such documents—such as the identity of priceline's suppliers, the economic terms of those relationships, and the ways in which priceline negotiates its agreements—is of great competitive significance to priceline. Such information would also be of substantial interest to priceline's competitors and other suppliers who are not party to those agreements.

4. The same competitive sensitivities are raised by numerous of plaintiffs' other discovery requests, including Document Request No. 5(a) and (c) (seeking pricing and customer profile information), Document Request No. 34(a)) (seeking pricing lists), Document Request No. 36 (seeking documents regarding pricing models and customer bid acceptance), Document Request No. 47 (strategic and marketing plans and related documents), Document Request No. 48 (license agreements and related documents), and Interrogatory No. 5 (seeking a description of priceline's pricing formulas and methodologies). (See Arena Decl. Exhs. 8, 9.)

5. It is essential for priceline that the sensitive business information plaintiffs seek be kept confidential. The travel industry, and the online travel industry in particular, is highly competitive, and priceline's success depends in part on its ability to protect such business information from its competitors. For this reason, in the regular course of business, priceline keeps this sensitive business information confidential.

6. To assure that priceline's competitors do not acquire priceline's confidential business information, it is extremely important that the information that priceline is asked to provide to plaintiffs not be disclosed to inappropriate parties. One of priceline's particular concerns is that experts or consultants who work within the travel

2

industry generally, and the online travel industry in particular, may do work for priceline's competitors, creating a high risk of disclosure—whether inadvertent or not—of priceline's confidential business information to those competitors. In order to minimize that risk, priceline must be allowed to object to the disclosure of its confidential information to experts or consultants with respect to whom priceline has a well-founded belief disclosure would be inappropriate.

7. Accordingly, the protective order proposed by Defendants in this action provides that both parties may disclose confidential information to their independent experts or consultants but that, prior to doing so, the party seeking a disclosure is required to provide notice of the intended disclosure, including the identity of the individual to whom the disclosure is to be made and a list of that individual's professional affiliations. My understanding is that this procedure allows the producing party to object to the submission of its information to a particular expert or consultant, if it believes disclosure to that expert or consultant is inappropriate. This procedure addresses priceline's concerns about independent experts and consultants.

8. Another particular concern of priceline's is that some of the information plaintiffs seek is information of heightened competitive sensitivity. For example, certain of plaintiffs' requests, on their face, purport to require production of information that may relate to priceline's <u>current</u> strategic and marketing plans, license agreements, supplier agreements, and other current internal business materials. (See, e.g., Document Requests Nos. 47, 48, and 55, which seek documents "regardless of when created" (Arena Decl. Exh. 8 pp.25-26, 28-29).) Priceline's business interests could be damaged not only if that type of sensitive current information were disclosed to

competitors, but also if it were disclosed to the general public. If such information were used or disclosed inappropriately, there would be a substantial risk of damage to the company's ongoing business interests.

9. While I do not understand how current information could be relevant to the present dispute—which, as I understand it, concerns events that took place between January and October of 2000—I assume for purposes of this declaration that its production may ultimately be required. If that occurs, I understand that it may be necessary that this information be disclosed to the attorneys who represent the parties, the court, incidental support staff, independent experts and consultants, and certain witnesses. I am not aware of any compelling need for plaintiffs themselves to have access to sensitive current information, and am uncomfortable with such information being disclosed beyond a "need to know" basis.

10. Accordingly, the protective order proposed by Defendants in this action provides that Defendants may designate especially sensitive materials "Highly Confidential", and that materials so designated may not be disclosed to plaintiffs themselves.. This protection allays priceline's concerns about the disclosure of highly sensitive business information.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December __, 2004.

_____
Mitchell L. Truwit

## CERTIFICATION

I hereby certify that a copy of the foregoing Declaration of Mitchell L. Truwitt

was mailed this 10th day of December, 2004 via first class mail to the following counsel

of record:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| Attorneys for Defendant Deloitte & Touche LLP | Attorneys for Defendant Jay S. Walker |
|---|---|
| Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>McCarter & English<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel:  860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY  10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | Martin Glenn, Esq.<br>Dana C. MacGrath, Esq.<br>O'Melveny & Myers LLP<br>153 East 53rd Street<br>New York, NY  10022<br>Tel: 212-326-2000<br>Fax: 212-326-2061<br><br>Martin Glenn<br>Dana C. MacGrath<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2200<br>Fax:  (212) 326-2061 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  212-474-1000<br>Fax:  212-474-3700 | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT  06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

Melissa Sullivan