IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re: Priceline.com
Securities Litigation
------------------------------------------------------------

This document relates to:

ALL PENDING ACTIONS

DECLARATION OF
CHRISTINE L. ARENA

I, CHRISTINE L. ARENA, declare as follows:

1.  I make this declaration in opposition to Plaintiffs' Motion for Entry of a Confidentiality Order and in support of Defendants' Cross-Motion for Entry of an Appropriate Protective Order. All information contained herein is made on the basis of my own personal knowledge, unless otherwise stated.

2.  I am an associate with the law firm of Cravath, Swaine & Moore LLP, counsel to defendants priceline.com Incorporated ("priceline"), N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock ("Defendants") in the above-captioned action.

3.  Counsel to the parties in this action began discussing a proposed confidentiality order in connection with preparation of the Court's required Rule 26(f) report, during mid-October of 2004. On October 19, 2004, I provided a first draft of the Report to plaintiffs' counsel for discussion purposes. (See Declaration of Jacob B. Perkinson In Support of Plaintiffs' Motion for Entry of Confidentiality Order ("Perkinson Decl.") Exh. A.)

4. During the first telephonic meet and confer held on this topic on October 20, 2004, Defendants' counsel stated its desire to negotiate the scope of a protective order with the benefit of knowing the scope of the discovery requests. Although the parties' recollections differ, plaintiffs' counsel recalls that they told Defendants' counsel to "assume that everything might be subject to discovery". (See infra Exh. 12 at 2.)

5. Plaintiffs' counsel's statement had broad implications for the negotiation of a protective order, given the breadth of confidential business, technical and other competitively sensitive information that I understand to be in priceline's possession. For example, I understand that discovery of sensitive "source code information" was of particular concern to priceline in prior litigation. While such information did not seem relevant to the present dispute, it fell within plaintiffs' suggested scope of negotiation.

6. By e-mail dated October 22, 2004 (a true and correct copy of which is attached hereto as Exhibit 1), plaintiffs' counsel circulated a first draft of a confidentiality stipulation.

7. During the parties' second telephonic meet and confer on October 25, 2004, Defendants' counsel reiterated a desire to have at least plaintiffs' initial document requests in hand before stipulating to a protective order, so that the parties would have a concrete basis upon which to assess the scope of appropriate protections.

8. Later that day, I provided plaintiffs' counsel with a revised draft of the Rule 26(f) Report, which included our revised position that a confidentiality

2

stipulation should be submitted shortly <u>after</u> the commencement of discovery so that the parties could first exchange initial discovery requests.

9. I also provided plaintiffs' counsel with a template for a protective order discussed by the parties in <u>Priceline.com Incorporated v. Microsoft Corporation et al.</u>, Civil Action No. 3:99 CV 1991(AWT). (<u>See</u> Perkinson Decl. Exh. B; a true and correct copy of the attachment to this e-mail is attached as Exhibit 2 to this declaration). This document illustrated many of the standard provisions we believed were appropriate to include in the protective order, as well as a host of carefully crafted provisions we believed were necessary to deal with discovery of source code information in that matter.

10. In response to this proposal, plaintiffs' counsel provided a revised confidentiality stipulation on October 27, 2004 (a true and correct copy of which is attached hereto as Exhibit 3). This revision lacked many of the standard provisions we believed were appropriate to be included in the protective order in this case, as well as many of the substantial safeguards for source code included in the template we provided two days earlier. I informed plaintiffs' counsel of these deficiencies in my subsequent e-mail of October 28, 2004. (<u>See</u> Perkinson Decl. Exh. C).

11. On October 29, 2004, the parties submitted a final Rule 26(f) Report to the Court. By Order dated November 2, 2004, the Court stated:

> "The court does not require the filing of a proposed protective order and does not set a deadline for the filing of a proposed protective order. If no proposed order is submitted, the parties may request relief by motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of Connecticut at the appropriate time. The parties should also note that agreement on the scope of a protective order does not relieve the moving party, or parties, from demonstrating good cause for shielding documents from public view."

12. On November 5, 2004, plaintiffs wrote to Defendants' counsel, stating:

> "Attached is a <u>rough</u> draft list of the documents Plaintiffs expect to request in their initial Requests for Production from Defendants. Plaintiffs offer this document to Defendants based on the conditions and understandings set forth below. If the statement below does not comport with your understanding, or is not agreed to by Defendants, then Plaintiffs do not consent to share this list with Defendants and, in that event, I request that you immediately delete this message and its attachment from your system and confirm to me that you have done so.
>
> This list is being offered solely for Defendants' information at Defendants' request and solely for the purpose of facilitating the parties' attempts to negotiate a confidentiality order in this case. The document is to be used for no purpose other than negotiating a confidentiality order in this case. While Plaintiffs have made a good faith effort to recite the areas they intend to explore in discovery, Plaintiffs are not bound by anything contained in the attached draft in any respect and the draft has no force, effect or purpose beyond its use as an aid to facilitate the negotiation of a stipulated confidentiality order in this action. Plaintiffs reserve all claims of work product privilege and all other applicable privileges and the proffer of this draft shall not be deemed a waiver of any privilege in any way or for any purpose. By opening the attached document, Defendants agree to the above provisions."

(<u>See</u> Perkinson Decl. Exh. F at p.2.)

13. Defendants' counsel declined to accept the disclaimers and conditions detailed in this e-mail (none of which had been discussed in advance with Defendants' counsel or mentioned in plaintiffs' Rule 26(f) proposal) and did not open the attachment.[1] (<u>Id.</u> at pp.1-2.)

14. On November 8, 2004, Plaintiffs' replied that:

> "I am sorry that there appears to be a misunderstanding as to what Plaintiffs agreed to submit to Defendants. As the Proposed Order

---

[1] Paragraph 16 of the Perkinson Declaration states incorrectly that this response was made on November 8, 2004. As is indicated on the timestamp of the e-mails in Exhibit F to that declaration, plaintiffs sent their "rough draft list" at 4:55 p.m. on November 5, 2004, and we responded at 6:00 p.m. on the same day.

4

submitted to the Court provides, Plaintiffs promised only to "undertake" to provide Defendants with a Request for Production. We have fulfilled this undertaking in good faith."

(Id. at p.1)

15. By letter dated November 9, 2004 (a true and correct copy of which is attached hereto as Exhibit 4), I wrote to plaintiffs' counsel summarizing the negotiation history to that date and Defendants' position with respect to a proposed protective order, in the hope of avoiding further "misunderstanding[s]". I also agreed to participate in a conference call that week at plaintiffs' counsel's request.

16. During the parties' November 10, 2004 conference call, I outlined several modifications to plaintiffs' proposed confidentiality order. With respect to the scope of protections for confidential documents, I again reiterated that the precise protections Defendants would seek would depend upon the scope of documents actually requested by plaintiffs.

17. By e-mail dated November 11, 2004 (a true and correct copy of which is attached hereto as Exhibit 5), plaintiffs informed us that "after due consideration and discussion ... we do not believe, at this time, that any changes Defendants have suggested are warranted or appropriate" and stated their intention to file a motion with this Court by November 19, 2004.

18. By letter dated November 12, 2004 (a true and correct copy of which is attached hereto as Exhibit 6), I urged plaintiffs' counsel to defer any unilateral submissions to the Court until after the service of initial discovery demands and a final meet and confer among the parties (which I suggested take place one week following the commencement of discovery, during the week of November 22nd).

5

19. By e-mail dated November 15, 2004 (a true and correct copy of which is attached hereto as Exhibit 7), plaintiffs responded that their document requests would be served the same day and reiterated that they intended to move for a protective order by the end of that week if agreement could not be reached.

20. Later that day, plaintiffs served Plaintiffs' First Request for Production of Documents to All Defendants and Lead Plaintiffs' First Set of Interrogatories Directed to All Defendants (the "First Requests") (true and correct copies of which are attached hereto as Exhibits 8 and 9). Plaintiffs also served their Rule 26(a)(1) Disclosures (a true and correct copy of which is attached hereto as Exhibit 10). Notably, the First Requests do not (on their face) appear to seek production of source code information. They do, however, seek production of various other items of information that I understand priceline considers to be confidential and competitively sensitive. (See accompanying Declaration of Mitchell L. Truwit at ¶¶ 3-4).

21. By letter dated November 18, 2004 (a true and correct copy of which is attached hereto as Exhibit 11), I outlined for plaintiffs' counsel the specific modifications to their proposed confidentiality order we believed were appropriate, as informed by our review of the First Requests.

22. By letter dated November 19, 2004 (a true and correct copy of which is attached hereto as Exhibit 12), plaintiffs' counsel informed us that they had filed a Motion for Entry of Plaintiffs' Confidentiality Order ("Plaintiffs' Motion"), as they had accepted some of our proposed revisions but not others.

23. Defendants' counsel received the service copy of Plaintiffs' Motion by mail on November 22, 2004.

6

24. By letter dated November 24, 2004 (a true and correct copy of which is attached hereto as Exhibit 13), I provided further clarification of Defendants' positions to plaintiffs' counsel.

25. By letter dated November 29, 2004 (a true and correct copy of which is attached hereto as Exhibit 14), plaintiffs' counsel responded that they "fully comprehend[ed]" Defendants' position. With respect to the disputed scope of disclosure to fact witnesses, however, plaintiffs' counsel indicated that they were willing to consider Defendants' position with a clarification.

26. Thereafter, the parties continued their negotiations in a series of correspondence (true and correct copies of which are attached hereto as Exhibits 15, 16 and 17.

27. As of the date of this declaration, I have received no response from plaintiffs' counsel to my letter of December 8, 2004. Thus, several disputes appear to remain between the parties regarding the scope of a proposed protective order. Because Connecticut Local Rule 7(a) requires that Defendants' opposition to Plaintiffs' Motion be filed on December 10, 2004, however, each of these disputes (including those still subject to discussion with plaintiffs' counsel) is addressed in Defendants' opposition papers.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2004.

_____
Christine L. Arena

# CERTIFICATION

I hereby certify that a copy of the foregoing Declaration of Christine L. Arena was mailed this 10th day of December, 2004 via first class mail to the following counsel of record:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103-3202<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

| Attorneys for Defendant Deloitte & Touche LLP | Attorneys for Defendant Jay S. Walker |
|---|---|
| Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>McCarter & English<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel: 860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | Martin Glenn, Esq.<br>Dana C. MacGrath, Esq.<br>O'Melveny & Myers LLP<br>153 East 53rd Street<br>New York, NY 10022<br>Tel: 212-326-2000<br>Fax: 212-326-2061<br><br>Martin Glenn<br>Dana C. MacGrath<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2200<br>Fax: (212) 326-2061 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

_____
Melissa Sullivan