76. Denies the allegations of paragraph 76, except states that ARB #51 speaks for itself and refers the Court to such bulletin for its actual content.

77. Denies the allegations of paragraph 77 except as specified below.

First unnumbered paragraph. Denies the allegations of this paragraph, except admits that he owned an interest in Priceline and in Walker Digital and that Walker Digital owned an interest in WebHouse.

    a. States that the allegations in paragraph 77(a) call for legal conclusions, which do not require a response (and these allegations are, therefore, denied), except admits that Walker Digital owned 34.1% of WebHouse.

    b. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 77(b) and, therefore, denies those allegations. With respect to the allegations of the second sentence of paragraph 77(b), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

    c. With respect to the allegations of paragraph 77(c), states that WebHouse's Bylaws speak for themselves and refers the Court to such Bylaws for their actual content.

    d. With respect to the allegations of paragraph 77(d), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

    e. Denies the allegations of paragraph 77(e), except states that he is without knowledge of information sufficient to form a belief as to the truth of the allegations concerning WebHouse's Audit Committee and, therefore, denies those allegations.

   f. With respect to the allegations of paragraph 77(f), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

   g. Denies the allegations of paragraph 77(g).

   h. Admits the allegations of paragraph 77(h).

   i. Denies the allegations of paragraph 77(i), except: (i) admits that he was a founder of WebHouse; and (ii) states that his public statements speak for themselves and refers the Court to such statements for their actual content.

   j. Denies the allegations of paragraph 77(j), except admits that he invested over $100 million in WebHouse and acquired stock in it.

   k. With respect to the allegations of paragraph 77(k), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

   l. With respect to the allegations of paragraph 77(*l*), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

   m. With respect to the allegations of paragraph 77(m), states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their actual content.

   n. Denies the allegations of paragraph 77(n), except states that the referenced *Wall Street Journal* article speaks for itself and refers the Court to such article for its actual content.

   o. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 77(o) and, therefore, denies those allegations.

   p. Denies the allegations of paragraph 77(p), except admits that Priceline issued a press release dated February 23, 2000, which reported that Paul E. Francis, who had served as Priceline's CFO, was being appointed CFO of WebHouse, and refers the Court to that press release for its actual content.

   q. Denies the allegations of paragraph 77(q).

   r. Denies the allegations of paragraph 77(r).

   s. Denies the allegations of paragraph 77(s).

 78. Denies the allegations of paragraph 78.

 79. Denies the allegations of paragraph 79, except states that ARB #51 speaks for itself and refers the Court to that bulletin for its actual content.

 80. Denies the allegations of paragraph 80, except states that the referenced FASB statement speaks for itself and refers the Court to that statement for its actual content.

 81. Denies the allegations of paragraph 81, except states that the referenced FASB statement speaks for itself and refers the Court to that statement for its actual content.

 82. Denies the allegations of paragraph 82, except states that SOP94-6 speaks for itself and refers the Court to that statement for its actual content, and admits that the "Summary of Significant Accounting Policies" section of Priceline's Form 10-K filed with the SEC on March 20, 2000 stated that Priceline "recognized income for the warrants to purchase common stock of Priceline WebHouse Club, Inc. at estimated fair market value, as determined by an independent valuation firm," and refer the Court to that form for its actual content.

83. Denies the allegations of paragraph 83, except states that the referenced FASB statement speaks for itself and refers the Court to that statement for its actual content.

84. Denies the allegations of paragraph 84, except states that the referenced FASB statement speaks for itself and refers the Court to that statement for its actual content.

85. Denies the allegations of paragraph 85 except as specified below.

    a. Denies the allegations of paragraph 85(a), and refers the Court to Priceline's Form 8-K filed with the SEC on January 31, 2000 for priceline's fourth quarter 1999 financial results.

    b. Denies the allegations of paragraph 85(b).

    c. Denies the allegations of paragraph 85(c) except as specified below.

        (i) Denies the allegations of paragraph 85(c)(i).

        (ii) Denies the allegations of the first sentence of paragraph 85(c)(ii). States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of the second and third sentences of paragraph 85(c)(ii) and, therefore, denies those allegations.

        (iii) Denies the allegations of paragraph 85(c)(iii).

        (iv) Denies the allegations of paragraph 85(c)(iv).

        (v) States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 85(c)(v) and, therefore, denies those allegations.

        (vi) States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 85(c)(vi) and, therefore, denies those allegations.

    (vii) Denies the allegations of paragraph 85(c)(vii), except states that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 85(c)(vii) and, therefore, denies those allegations.

    (viii) Denies the allegations of paragraph 85(c)(viii).

   d. Denies the allegations of paragraph 85(d), except admits that, by definition, WebHouse had no operating history when it was formed.

   e. Denies the allegations of paragraph 85(e), except states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their precise terms and conditions, and states that he is without knowledge of information sufficient to form a belief as to the beliefs of "former WebHouse and Priceline personnel" and, therefore, denies those allegations.

   f. Denies the allegations of paragraph 85(f), except states that the WebHouse Agreements speak for themselves and refers the Court to such agreements for their precise terms and conditions.

86. Denies the allegations of paragraph 86, except states that Priceline's balance sheets as of December 31, 1999, March 31, 2000, and June 30, 2000 speak for themselves and refers the Court to those balance sheets for their actual content.

87. Denies the allegations of paragraph 87.

88. Denies the allegations of paragraph 88, except states that FASB #115 speaks for itself and refers the Court to that bulletin for its actual content.

89. States that the allegations of paragraph 89 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

90. States that the allegations of paragraph 90 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

91. States that the allegations of paragraph 91 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

92. Denies the allegations of paragraph 92.

93. With respect to the allegations of paragraph 93, states that AU Section 316 speaks for itself and refers the Court to that item for its actual content.

94. With respect to the allegations of paragraph 94, states that AU Section 327 speaks for itself and refers the Court to that item for its actual content.

95. States that the allegations of paragraph 95 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

96. States that the allegations of paragraph 96 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

97. Denies the allegations of paragraph 97.

98. Denies the allegations of paragraph 98, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

99. Denies the allegations of paragraph 99, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

100. Denies the allegations of paragraph 100, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

101. Denies the allegations of paragraph 101, except states that the referenced news reports speak for themselves and refer the Court to those reports for their actual content.

102. Denies the allegations of paragraph 102, except states that the referenced press releases speak for themselves and refer the Court to those reports for their actual content.

103. Denies the allegations of paragraph 103, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

104. Denies the allegations of paragraph 104, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

105. Denies the allegations of paragraph 105, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

106. Denies the allegations of paragraph 106, except states that recorded remarks of Schulman and Braddock speak for themselves and refers the Court to those remarks for their actual content.

107. Denies the allegations of paragraph 107, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

108. Denies the allegations of paragraph 108, except states that the referenced Form 10-K speaks for itself and refers the Court to that form for its actual content.

109. Denies the allegations of paragraph 109, except states that the referenced Form 10-K speaks for itself and refers the Court to that form for its actual content.

110. Denies the allegations of paragraph 110, except states that the referenced Form 10-K speaks for itself and refers the Court to that form for its actual content.

111. Denies the allegations of paragraph 111, except states that the referenced Form 10-K speaks for itself and refers the Court to that form for its actual content.

112. Denies the allegations of paragraph 112, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

113. Denies the allegations of paragraph 113, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

114. Denies the allegations of paragraph 114, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

115. Denies the allegations of paragraph 115, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

116. Denies the allegations of paragraph 116, except states that the referenced analysts' reports and recommendations speak for themselves and refers the Court to such reports and recommendations for their actual content.

117. Denies the allegations of paragraph 117.

118. With respect to the allegations of paragraph 118, states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

119. Denies the allegations of paragraph 119, except states that the referenced announcement speaks for itself and refers the Court to that announcement for its actual content.

120. Denies the allegations of paragraph 120, except states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

121. Denies the allegations of paragraph 121, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

122. Denies the allegations of paragraph 122, except states that the referenced news reports speak for themselves and refer the Court to those reports for their actual content.

123. Denies the allegations of paragraph 123, except states that the referenced news reports speak for themselves and refer the Court to those reports for their actual content.

124.   Denies the allegations of paragraph 124, except states that the referenced news reports speak for themselves and refer the Court to those reports for their actual content.

125.   States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 125 (and, therefore, denies those allegations), except states that the referenced analysts' reports and recommendations speak for themselves and refers the Court to those reports and recommendations for their actual content.

126.   States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 126 (and, therefore, denies these allegations), except states that the referenced announcements and statements of airlines and Hotwire speak for themselves and refers the Court to those items for their actual content.

127.   States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 127 (and, therefore, denies these allegations), except states that the referenced broadcast interview speaks for itself and refers the Court to that interview for its actual content.

128.   Denies the allegations of paragraph 128, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

129.   States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 129 and, therefore, denies these allegations.

130.   Denies the allegations of paragraph 130, except admits that Priceline kept records of certain statistics concerning customer bids, and refers the Court to those records for their actual content; admits that he had the expectation that WebHouse would continue operations in the future; and admits that Walker Digital Corporation filed a Form 144 "Notice of Proposed

Sale of Securities" with the SEC on May 18, 2000, and refers the Court to that form for its actual content.

131.    Denies the allegations of paragraph 131, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

132.    Denies the allegations of paragraph 132, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

133.    Denies the allegations of paragraph 133, except states that the referenced conference call speaks for itself and refers the Court to that call for its actual content.

134.    Denies the allegations of paragraph 134, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

135.    Denies the allegations of paragraph 135, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

136.    Denies the allegations of paragraph 136, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

137.    Denies the allegations of paragraph 137, except states that the referenced stories and reports speak for themselves and refers the Court to those items for their actual content.

138.    Denies the allegations of paragraph 138 except: (i) states that any public statement made by him speaks for itself and refers the Court to that statement for its actual content; and (ii) admits that, as of August 1, 2000, he entered into a forward contract for the sale of 8,000,000 shares of Priceline common stock to Vulcan Ventures and Liberty Media at $23.75 per share for proceeds of $190 million before taxes, and that $125 million of the proceeds, after taxes, were to be invested in WebHouse.

139. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 139 (and, therefore, denies these allegations), except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

140. With respect to the allegations of paragraph 140, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

141. Denies the allegations of paragraph 141.

142. Denies the allegations of paragraph 142, except states that he is without knowledge of information sufficient to form a belief as to the truth of the allegations concerning dispositions of stock by Braddock and Nicholas and, therefore, denies these allegations.

143. With respect to the allegations of paragraph 143, states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

144. Denies the allegations of paragraph 144, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

145. Denies the allegations of paragraph 145, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

146. Denies the allegations of paragraph 146, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

147. Denies the allegations of paragraph 147, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

148. Denies the allegations of paragraph 148, except states that the referenced analysts' reports and recommendations speak for themselves and refers the Court to those reports and recommendations for their actual content.

149. Denies the allegations of paragraph 149, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

150. Denies the allegations of paragraph 150, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

151. Denies the allegations of paragraph 151, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

152. Denies the allegations of paragraph 152, except admits that on September 22, 2000, Priceline's common stock closed at $21.56 per share, and states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

153. Denies the allegations of paragraph 153, except states that the referenced company announcement and news report speaks for themselves and refers the Court to those items for their actual content.

154. Denies the allegations of paragraph 154, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

155. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 155 (and, therefore, denies these allegations), except states that the referenced analysts' report speaks for itself and refers the Court to that report for its actual content.

156. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 156 (and, therefore, denies these allegations), except states that the referenced analysts' call and news reports speak for themselves and refers the Court to those items for their actual content.

157.    With respect to the allegations in paragraph 157, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

158.    With respect to the allegations in paragraph 158, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

159.    Denies the allegations of paragraph 159, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

160.    Denies the allegations of paragraph 160, except states that the referenced press release speaks for itself and refers the Court to that press release for its actual content.

161.    Denies the allegations of paragraph 161, except states that Priceline's historic stock prices constitute publicly available information which speaks for itself.

162.    States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 162 (and, therefore, denies these allegations), except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

163.    Denies the allegations of paragraph 163, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

164.    Denies the allegations of paragraph 164, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

165.    Denies the allegations of paragraph 165, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

166.    With respect to the allegations of paragraph 166, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

167. Denies the allegations of paragraph 167, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

168. With respect to the allegations of paragraph 168, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

169. With respect to the allegations of paragraph 169, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

170. With respect to the allegations of paragraph 170, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

171. Denies the allegations of paragraph 171, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

172. Denies the allegations of paragraph 172, except states that the referenced analysts' reports and recommendations speak for themselves and refers the Court to those reports and recommendations for their actual content.

173. Denies the allegations of paragraph 173, except states that the referenced news reports speak for themselves and refers the Court to those reports for their actual content.

174. With respect to the allegations of paragraph 174, states that the referenced news report and press release speak for themselves and refers the Court to the report and press release for their actual content.

175. With respect to the allegations of paragraph 175, states that the referenced analyst's report speaks for itself and refers the Court to that report for its actual content.

176. With respect to the allegations of paragraph 176, states that the referenced analyst's report speaks for itself and refers the Court to that report for its actual content.

177. With respect to the allegations of paragraph 177, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

178. With respect to the allegations of paragraph 178, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

179. With respect to the allegations of paragraph 179, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

180. Denies the allegations of paragraph 180, except states that the referenced magazine article speaks for itself and refers the Court to that article for its actual content.

181. Denies the allegations of paragraph 181, except states that the referenced magazine article speaks for itself and refers the Court to that article for its actual content.

182. Denies the allegations of paragraph 182, except states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

183. Denies the allegations of paragraph 183, except states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

184. With respect to the allegations of paragraph 184, states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

185. Denies the allegations of paragraph 185, except states that the referenced Form 10-Q speaks for itself and refers the Court to that form for its actual content.

186. With respect to the allegations of paragraph 186, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

187. Denies the allegations of paragraph 187, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.