188.   With respect to the allegations of paragraph 188, states that the referenced interview speaks for itself and refers the Court to that interview for its actual content.

189.   Denies the allegations of paragraph 189, except states that the referenced company announcement speaks for itself and refers the Court to that announcement for its actual content.

190.   With respect to the allegations of paragraph 190, states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

191.   Denies the allegations of paragraph 191, except: (i) states that the referenced news report speaks for itself and refers the Court to that report for its actual content; and (ii) admits that Priceline announced his resignation from the Board of Directors on December 28, 2000 and that in connection with this announcement he stated that he was leaving the Board in order to focus on business challenges facing Walker Digital.

192.   With respect to the allegations of paragraph 192, states that the referenced company announcement and news report speak for themselves and refers the Court to those items for their actual content.

193.   With respect to the allegations of paragraph 193, states that the referenced news report and company announcement speak for themselves and refers the Court to those items for their actual content.

194.   States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 194 and, therefore, denies those allegations.

195.   With respect to the allegations of paragraph 195, states that the referenced analyst's recommendation speaks for itself and refers the Court to that recommendation for its actual content.

196. Denies the allegations of paragraph 196, except states that the referenced news report speaks for itself and refers the Court to that report for its actual content.

197. With respect to the allegations of paragraph 197, states that the referenced quarterly report speaks for itself and refers the Court to that report for its actual content.

198. Denies the allegations of paragraph 198.

199. Denies the allegations of paragraph 199, except as specified below.

    a. Denies the allegations of paragraph 199(a), except admits that Priceline common stock met the requirements for listing and was listed and traded on the NASDAQ.

    b. Admits the allegations of paragraph 199(b).

    c. Denies the allegations of the first sentence of paragraph 199(c), except admits that Priceline stock was followed by certain analysts who periodically wrote reports about Priceline. States that he is without knowledge of information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 199(c) and, therefore, denies those allegations.

    d. Denies the allegations of paragraph 199(d), except admits that from time to time Priceline issued press releases that were publicly available.

200. Denies the allegations of paragraph 200.

201. Repeats and realleges his responses set forth above as though fully set forth herein.

202. Denies the allegations of paragraph 202.

203. Denies the allegations of paragraph 203.

204. States that the allegations of paragraph 204 call for legal conclusions, which do not require a response, and these allegations are, therefore, denied.

205. Denies the allegations of paragraph 205.

206. Denies the allegations of paragraph 206.

207. Denies the allegations of paragraph 207.

208. Denies the allegations of paragraph 208.

209. Denies the allegations of paragraph 209.

210. Denies the allegations of paragraph 210.

211. Denies the allegations of paragraph 211.

212. Repeats and realleges his responses set forth above as though fully set forth herein.

213. Denies the allegations of paragraph 213.

214. Denies the allegations of paragraph 214.

215. Denies the allegations of paragraph 215.

216. Repeats and realleges his responses set forth above as though fully set forth herein.

217. States that the allegations of paragraph 217 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

218. States that the allegations of paragraph 218 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

219. States that the allegations of paragraph 219 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

220. States that the allegations of paragraph 220 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

221. States that the allegations of paragraph 221 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

222. States that the allegations of paragraph 222 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

223. States that the allegations of paragraph 223 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

224. States that the allegations of paragraph 224 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

225. States that the allegations of paragraph 225 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

226. States that the allegations of paragraph 226 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

227. States that the allegations of paragraph 227 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

228. States that the allegations of paragraph 228 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

229. States that the allegations of paragraph 229 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

230. States that the allegations of paragraph 230 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

231. States that the allegations of paragraph 231 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

232. States that the allegations of paragraph 232 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

233. States that the allegations of paragraph 233 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

234. States that the allegations of paragraph 234 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

235. States that the allegations of paragraph 235 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

236. States that the allegations of paragraph 236 are not asserted against him but denies any allegations of wrongdoing by him that may be set forth therein.

237. Denies the allegations of paragraph 237, except states that he is without knowledge of information sufficient to form a belief as to the truth of the allegations concerning the investigation made by plaintiffs' counsel and the items on which plaintiffs purportedly have based the allegations of the complaint and, therefore, denies these allegations.

238. Denies the allegations of paragraph 238 except as specified below.

    a. Denies the allegations of paragraph 238(a), except admits that Priceline conducted conference calls with analysts and others from time to time; that Priceline disseminated information about such conference calls, including the date and time of the calls; and that analysts participating in such conference calls often issued reports thereafter.

    b. Denies the allegations of paragraph 238(b), except admits that Priceline's website, www.priceline.com, currently contains a list of analysts who follow Priceline; that Priceline's website during the alleged Class Period also contained certain information about

analysts who followed Priceline; and that recordings of certain Priceline conference calls were available at certain times through Priceline's website.

  c. Denies the allegations of paragraph 238(c), except admits that Priceline executives met with analysts from time to time.

## PRAYER FOR RELIEF AND JURY TRIAL DEMAND

Denies the allegations contained in the prayer for relief and jury trial demand, and denies that plaintiffs are entitled to a jury trial or any trial at all.

## GENERAL DENIALS

Except as otherwise expressly admitted in paragraphs 1 through 238, above, Walker denies each and every allegation contained in paragraphs 1 through 238 of the Complaint, including, without limitation, the headings and subheadings contained in the Complaint, and specifically denies liability to plaintiffs, or that plaintiffs have suffered any legally cognizable damages for which he is responsible. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required are denied. Walker expressly reserve the right to amend and/or supplement his answer, and to raise any additional defenses not asserted herein of which he becomes aware through discovery or otherwise.

## ADDITIONAL DEFENSES

Walker asserts additional defenses as follows:

## SECOND DEFENSE

Denies each and every allegation contained in the Complaint that is not expressly admitted herein.

## THIRD DEFENSE

The Complaint, and each individual claim for relief therein, fail to state a claim against Walker upon which relief can be granted.

## FOURTH DEFENSE

The action, in part or in whole, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Walker did not know, and in the exercise of reasonable care, could not have known, of any untruth or omission alleged by plaintiffs.

## SIXTH DEFENSE

Plaintiffs did not rely, or could not reasonably or justifiably have relied, upon the alleged misstatements or omissions alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because there is no causal link between the alleged misrepresentations and the harm incurred when plaintiffs and the putative class purchased and/or sold Priceline stock.

## EIGHTH DEFENSE

The claims of some or all of the putative class are barred based on the doctrine of contributory negligence and/or the doctrine of comparative negligence.

## NINTH DEFENSE

The claims of some or all of the putative class are barred based on the doctrine of assumption of risk.

### TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because any alleged actions by Walker were not the direct or proximate cause of plaintiffs' alleged damages, and the requisite "loss causation" is lacking.

### ELEVENTH DEFENSE

Walker at all times acted in good faith and did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

### TWELFTH DEFENSE

Walker did not act with the requisite degree of scienter or knowledge required by Fed. R. Civ. P. 9(b), by the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), and by Rule 10b-5. Walker had no knowledge of, or reasonable grounds to believe in, the existence of any facts by which his liability is alleged to exist.

### THIRTEENTH DEFENSE

The claims or some or all of the putative class are barred because they have unclean hands.

### FOURTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Walker acted within his reasonable business judgment.

### FIFTEENTH DEFENSE

The claims of some or all of the putative class are barred by the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations.

## SIXTEENTH DEFENSE

Any recovery by plaintiffs against Walker would constitute unjust enrichment.

## SEVENTEENTH DEFENSE

Plaintiffs lack standing to prosecute this action.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they cannot meet the burden of proving that there was an efficient market with respect to Priceline stock.

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that they have failed to plead fraud with particularity.

## TWENTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that they have failed to plead the required strong inference of scienter or actual knowledge under the Reform Act.

## TWENTY-FIRST DEFENSE

To the extent that Walker was in possession of any information plaintiffs claim he failed to disclose, which Walker contends he was not, Walker did not assimilate and comprehend the significance of that information.

## TWENTY-SECOND DEFENSE

To the extent that Walker failed to disclose material information, which Walker contends he did not, the information was made adequately available to the market by other sources.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because the damages allegedly suffered (which Walker contends there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Walker had no control and for whom he is not liable.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim against Walker based upon "fraud on the market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Priceline stock.

### TWENTY-FIFTH DEFENSE

The Complaint fails to state a claim against Walker based upon "fraud on the market" principles for any class members who did not trade shares between the time the alleged misrepresentations were made and the time the purported "truth" was revealed.

### TWENTY-SIXTH DEFENSE

To the extent plaintiffs' claims involve allegations of corporate mismanagement, they are nonactionable under the Santa Fe doctrine.

### TWENTY-SEVENTH DEFENSE

To the extent plaintiffs' claims are based upon or relate to forward-looking statements, those claims are barred by the "bespeaks caution" doctrine and the "Safe Harbor Provision" of the Reform Act.

### TWENTY-EIGHTH DEFENSE

The claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred because Walker had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred because the alleged misrepresentations and omissions (which Walker denied) were not material.

## THIRTY-FIRST DEFENSE

Walker is not liable under § 10(b) or Rule 10b-5 because he did not act with the requisite mental state or scienter.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims and those of the purported class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims and those of the purported class are barred because they cannot show transaction causation or loss causation.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims and those of the purported class are barred as and to the extent that they are founded on an aiding and abetting theory.

## THIRTY-FIFTH DEFENSE

As to the purported class as a whole and/or individual class members, the Complaint is barred to the extent any alleged damages are not attributable to the alleged violations of law.

## THIRTY-SIXTH DEFENSE

The alleged misstatements and omissions about which plaintiffs complain concern nonactionable matters of opinion, or constitute puffery or "soft" information, rather than matters of material fact.

## THIRTY-SEVENTH DEFENSE

Walker did not breach any duties owed to plaintiffs.

## THIRTY-EIGHTH DEFENSE

Walker is not liable because the alleged misrepresentations or omissions were based on good faith, and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Walker was entitled to rely.

## THIRTY-NINTH DEFENSE

Walker is not liable because the alleged misrepresentations or omissions did not affect the market price of Priceline's securities and/or did not cause the damage alleged by plaintiffs.

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

* * * *

WHEREFORE, Walker respectfully requests that the Court dismiss the Complaint against him, that he recover all costs and fees expended, including attorneys' fees and other expenses, and that he be afforded such other and further relief as this Court deems just and proper.

Respectfully submitted, this 24th day of December, 2004.

DEFENDANT JAY S. WALKER

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel: (203) 961-7400
Fax: (203) 359-3031
douglasconroy@paulhastings.com
pauldehmel@paulhastings.com

Of Counsel:
PAUL, HASTINGS, JANOFSKY & WALKER LLP
J. Allen Maines
Albert M. Myers III
Michael B. Arnold
Robert D. Zebro
600 Peachtree Street NE, Suite 2400
Atlanta, GA 30308
Tel: (404) 815-2400
Fax: (404) 815-2424
allenmaines@paulhastings.com
almyers@paulhastings.com
michaelarnold@paulhastings.com
robertzebro@paulhastings.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendant Jay S. Walker was sent via first class U.S. Mail, postage prepaid on this 24th day of December, 2004 to the following counsel of record:

| *Co-Lead Counsel* | *Liaison Counsel* |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>SCOTT & SCOTT, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>STULL STULL & BRODY<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>JOHNSON & PERKINSON<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>SCHATZ & NOBEL, PC<br>330 Main Street, 2nd Floor<br>Hartford, CT  06106-1851<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| | |
|---|---|
| **Attorneys for Defendant Deloitte & Touche LLP**<br><br>Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>MCCARTER & ENGLISH<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel: 860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>CRAVATH, SWAINE & MOORE<br>825 Eight Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 |
| **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>HURWITZ & SAGARIN, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 | Joseph L. Clasen, Esq.<br>William J. Kelleher, Esq.<br>ROBINSON & COLE LLP<br>Financial Centre<br>695 East Main Street<br>Stamford, CT 06904 |

_____
Albert M. Myers III