IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>-------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS)<br><br><br><br><br><br>January 11, 2005 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
CROSS-MOTION FOR ENTRY OF AN APPROPRIATE PROTECTIVE ORDER**

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@stam.rc.com

*Attorneys for Defendants
priceline.com Inc., N.J. Nicholas, Daniel
Schulman and Richard S. Braddock*

STAM1-771544-1

-i-

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel: (203) 961-7400
Fax: (203) 359-3031
douglasconroy@paulhastings.com
pauldehmel@paulhastings.com


J. Allen Maines (phv0013)
Albert M. Myers III (phv0012)
Michael B. Arnold (phv0011)
Robert D. Zebro (phv0010)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street NE, Suite 2400
Atlanta, GA 30308
Tel: (404) 815-2400
Fax: (404) 815-2424
allenmaines@paulhastings.com
almyers@paulhastings.com
michaelarnold@paulhastings.com
robertzebro@paulhastings.com

*Attorneys for Defendant*
*Jay S. Walker*

OF COUNSEL:
Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Fax:  (212) 474-3700

*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*

**Citation Conventions**

The following conventions will be used throughout this Reply Memorandum:

- "Opening Brief" or "Def. Br." for references to Defendants' Memorandum of Law in Opposition to Lead Plaintiffs' Motion for Entry of a Confidentiality Order and in Support of Defendants' Cross-Motion for Entry of an Appropriate Protective Order, dated December 10, 2004.

- "Brief" or "Pltf. Br." for references to Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Entry of a Confidentiality Order, dated December 27, 2004.

- "Truwit Decl." for references to the Declaration of Mitchell L. Truwit, dated December 10, 2004.

- "Arena Decl." for references to the Declaration of Christine L. Arena, dated December 9, 2004.

- "DPPO" for references to Defendants Proposed Protective Order, attached as Exhibit B to the "Opening Brief".

Defendants priceline.com Inc. ("priceline"), Jay S. Walker, N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, the "Defendants") submit this Reply Memorandum of Law in support of their Cross-Motion for Entry of an Appropriate Protective Order.

### Argument

In their Opening Brief, Defendants explained that the protective order proposed to this Court by plaintiffs is missing certain provisions that are necessary to ensure that priceline's confidential and competitively sensitive business information is protected, and that are routinely included in protective orders entered by courts in this district and elsewhere. Accordingly, Defendants cross-moved for entry of Defendants' own proposed protective order (Def. Br. at Exh. B), which incorporates those additional provisions into the framework of plaintiffs' proposed order. The additional provisions are necessary because many of plaintiffs' discovery demands call for the production by priceline of commercially-sensitive material, including priceline's competitive strategies, business plans and practices, and confidential dealings with third parties. (See Truwit Decl. ¶¶ 3-4.) That material is kept confidential by priceline in the regular course of business because its disclosure presents a serious risk of damage to priceline's ongoing business. (Truwit Decl. ¶ 5.) In particular, such material would be of substantial competitive advantage to priceline's competitors. (Truwit Decl. ¶ 5.)

In their latest Brief, plaintiffs have not offered any substantive arguments in opposition to Defendants' Cross-Motion. Instead, plaintiffs repeatedly mischaracterize Defendants' positions with respect to the disputed provisions in an apparent attempt to

obscure the issues before this Court. Each of those mischaracterizations is addressed below.

I. **DEFENDANTS' PROPOSED PARAGRAPH 9 IS CONSISTENT WITH THE FEDERAL RULES AND WOULD NOT INTERFERE WITH PLAINTIFFS' TRIAL PREPARATION OR WORK-PRODUCT**

In their Opening Brief, Defendants explained their concern that plaintiffs' non-testifying experts or consultants may work for priceline's competitors, creating a risk of disclosure of priceline's confidential and competitively sensitive business information to those competitors. (See Def. Br. at 5; Truwit Decl. ¶¶ 5-6.) Defendants further explained that their proposed paragraph 9 minimizes that risk by requiring the party seeking to disclose confidential material to an expert or consultant to provide notice of the identity of that expert or consultant and certain biographical information to Defendants prior to disclosure. (See Def. Br. at 5-6.) Defendants' proposed paragraph 9 further enables the noticed party to object to such disclosure if it has a well-founded belief that the particular expert or consultant presents a competitive threat, a procedure that is consistent with Fed. R. Civ. P. 26(b)(4)(B) and with the practice of courts in this district. (See Def. Br. at 5-9.)

In their latest Brief, plaintiffs assert that "Defendants argue they are entitled to know the identity of all Plaintiffs' non-testifying experts as well as what documents they review". (Pltf. Br. at 1.) That is plainly incorrect, in two respects. First, as emphasized during the parties' negotiations and in Defendants' Opening Brief, nothing in Defendants' Proposed Protective Order seeks the identities of all of plaintiffs' non-testifying experts or consultants. (See Def. Br. at 6.) Defendants seek only the identities (and certain biographical information) of non-testifying experts or consultants to whom

-2-

plaintiffs intend to disclose Defendants' confidential materials. (See Def. Br. at 6; Arena Decl. at Exh. 13.)

Second, Defendants' proposed paragraph 9 does not require that plaintiffs identify any particular confidential documents that plaintiffs' non-testifying experts or consultants review. It requires only that plaintiffs provide sufficient information about each such expert or consultant to allow Defendants to assess whether the disclosure of confidential material generally to that individual presents a threat of competitive harm. (See Def. Br. at 5-6.) That requirement is narrowly tailored to address the serious concern underlying Defendants' proposed paragraph 9 — namely, that plaintiffs' experts or consultants may do work for priceline's competitors — without "infringing on Plaintiffs' work product" (Pltf. Br. at 2). And consistent with that underlying concern, once Defendants have determined that disclosure of confidential information to an expert or consultant poses no competitive risk,[1] then plaintiffs may disclose to that individual whatever confidential

---

[1] Plaintiffs take the fallback position that the notice requirement should only apply to travel industry experts (implicitly conceding the appropriateness of this requirement), and thus that they should be able to show any priceline material to any "non-travel industry expert". Plaintiffs take that position on the basis of two assumptions: (a) that priceline's only confidential materials are those involving the travel industry, and (b) that "non-travel industry experts" will not be able to make use of priceline's confidential material for competitive purposes in any way.

Of course, if plaintiffs' assumptions were correct, then it would be difficult to conceive why plaintiffs would need to show priceline's confidential material to such experts. There is no basis for thinking that a non-travel industry expert would need to see confidential travel-related documents. In any event, plaintiffs' assumptions are not true, and they are completely unsupported in plaintiffs' briefs. Plaintiffs make them despite the fact that they have not yet seen any of priceline's documents. Defendants, by contrast, have set forth a proper basis for these protections, which Defendants believe are entirely appropriate. (See generally Truwit Decl.)

-3-

materials they wish without any obligation to inform Defendants about which materials are disclosed.[2]

Plaintiffs also mischaracterize the state of the law regarding Fed. R. Civ. P. 26(b)(4)(B) in two respects.  <u>First</u>, plaintiffs ignore the split of authority as to whether Rule 26(b)(4)(B) restricts discovery of the identity of non-testifying experts or consultants.  (<u>See</u> Def. Br. at 7 n.7.)  Defendants are not aware of any decision by the Second Circuit holding that Rule 26(b)(4)(B) prevents discovery of a non-testifying individual's identity or employment history for purposes of evaluating confidentiality concerns, and plaintiffs have not pointed to any.

<u>Second</u>, plaintiffs cite a series of cases discussing Rule 26(b)(4)(B), but ignore the significant distinction between those cases and the situation here — namely, that the application of the "exceptional circumstances" exception in those cases did not involve a protective order or competitive concerns about the disclosure of confidential materials.[3]

---

[2] Plaintiffs also suggest that Defendants' proposed paragraph 9 is unnecessary because both parties' proposed protective orders prohibit persons who view confidential information from using that information inappropriately and subject such persons to the jurisdiction of this Court for purposes of enforcing that prohibition.  (<u>See</u> Pltf. Br. at 2-3.)  Plaintiffs ignore the fact that the most effective way to protect information is to limit its disclosure.  <u>See, e.g.</u>, Fed. R. Civ. P. 26(c)(5) (providing that the court may order "that discovery be conducted with no one present except persons designated by the court").  Once confidential information is disclosed inappropriately, any sanction that could be imposed — if a violation is even discovered — cannot undo the disclosure itself.  Accordingly, the protective order should include all reasonable measures to minimize the risk of such disclosure in the first place.

[3] <u>Ager v. Jane C. Stormont Hospital and Training School for Nurses</u>, 622 F.2d 496 (10th Cir. 1980) (involving whether party could obtain disclosure of the identities of non-testifying experts in response to interrogatories); <u>Arco Pipeline Co. v. S/S Trade Star</u>, 81 F.R.D. 416 (E.D. Pa. 1978) (same); <u>Weiner v. Bache Halsey Stuart, Inc.</u>, 76 F.R.D. 624 (S.D. Fla. 1977) (same); <u>Baki v. B.F. Diamond Const. Co.</u>, 71 F.R.D. 179 (D. Md. 1976) (same); <u>Nemetz v. Aye</u>, 63 F.R.D. 66 (W.D. Pa. 1974) (same); <u>Long Term Capital Holdings v. United States</u>, No. 01-CV-1290 JBA, 2003 WL 21269586 (D. Conn. May 6, 2003) (involving whether party could take the depositions of the other party's non-testifying experts); <u>FMC Corp. v. Vendo Co.</u>, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002) (same).

-4-

(Pltf. Br. at 3-4). In their Opening Brief, Defendants discussed two cases that do apply the "exceptional circumstances" exception of Rule 26(b)(4)(B) to adjudicate a request to discover the identities of non-testifying experts pursuant the terms of a protective order and on the basis of competitive concerns. (See Def. Br. at 8-9, discussing <u>Bank of New York v. Meridien Biao Bank Tanzania Ltd.</u>, 171 F.R.D. 135 (S.D.N.Y. 1997) and <u>Rywkin v. New York Blood Ctr.</u>, No. 95Civ.10008 BSJ JCF., 1998 WL 556158 (S.D.N.Y. Aug. 31, 1998).) Those cases support Defendants' contention that if exceptional circumstances are required to discover the identities of non-testifying experts or consultants, then Defendants have clearly made a sufficient showing to satisfy the exception on the facts here. (See Def. Br. at 7-9.)

Further, despite plaintiffs' contention that the arrangement provided by Defendants' proposed paragraph 9 is unfair, that proposed paragraph imposes the same conditions on both parties. If Defendants wish to show their non-testifying experts or consultants plaintiffs' confidential documents, then they too must disclose the identities of those experts or consultants and afford plaintiffs the opportunity to object. Plaintiffs' suggest that there is "unfairness" in this proposal because "Defendants' documents . . . will form the overwhelming bulk of evidence" (Pltf. Br. at 5). While it is undoubtedly true that the volume of discovery will be much more burdensome for priceline than for plaintiffs, that is not a justification for <u>further</u> burdening priceline by putting its commercially-sensitive information at risk.[4]

---

[4] Plaintiffs complain that the "timetable for objecting to disclosures to experts is unnecessarily long" in Defendants' Proposed Protective Order and contend that "the parties should be required to object and attempt to resolve any disputes within five business days after which resort to the Court should be available". (Pltf. Br. at 5-6 n.4.) While this particular concern was not voiced by plaintiffs during prior negotiations, Defendants are willing to compromise to the five business day timeframe.

## II. DEFENDANTS' PROPOSED PARAGRAPH 10 PROPERLY ALLOCATES TO THE OBJECTING PARTY THE BURDEN OF MOVING TO REMOVE A CONFIDENTIALITY DESIGNATION

Paragraph 10 of Defendants' Proposed Protective Order provides that if either party objects to a confidentiality designation made by the other party, the objecting party has the burden of moving the Court to remove that designation. In their Opening Brief, Defendants noted that the very same allocation of burden has been adopted by numerous other courts (including courts in this district) and is fundamentally more efficient than plaintiffs' suggested course (requiring a party to move to "preserve" its confidentiality designation or else be deemed to have waived it). (See Def. Br. at 10-11.)

In their recent Brief, plaintiffs assert that it is "only fair to require the designating party to undertake the burden of making an initial motion" because there is a risk that the parties may over-designate documents under the protective order. (Pltf. Br. at 6.) Plaintiffs ignore the fact that Defendants have already made an "initial motion" before this Court and shown good cause for designating documents confidential. (See generally Truwit Decl.) Given the volume of plaintiffs' initial discovery requests, Defendants have not reviewed priceline's documents page-by-page in connection with that showing. Indeed, it will take months to comply with plaintiffs' requests — but it is plaintiffs who chose to bring these issues to the Court now. Defendants have carefully reviewed plaintiffs' discovery requests and have made a good faith determination that a responsive production will certainly generate confidential and commercially-sensitive materials. Both parties' proposed protective orders ask the Court to rely on the good faith and reasonableness of their respective counsel's confidentiality designations in the first instance.

-6-

Nonetheless, plaintiffs want the Court to transfer <u>to them</u> the Court's authority to void its protective order whenever they disagree with a particular confidentiality designation by Defendants. Plaintiffs' proposal would allow them <u>sua sponte</u> to lift the Court's order without making a motion, and then to force Defendants to start this process all over again. That process would defeat the very purpose of these motions. If plaintiffs want to challenge any protective order and have it lifted, they should be required to make an application to the Court.[5]

### III. DEFENDANTS' PROPOSED "HIGHLY CONFIDENTIAL" TIER OF PROTECTION IS NECESSARY IN LIGHT OF PLAINTIFFS' DISCOVERY DEMANDS

Paragraphs 3 and 7 of Defendants' Proposed Protective Order provide for a second-tier of protection for certain "Highly Confidential" material and prohibit disclosure of such material to plaintiffs themselves. In their Opening Brief, Defendants explained that this additional protection is necessary because several of plaintiffs' discovery requests call for Defendants to produce information of heightened sensitivity — for example, documents containing or relating to priceline's <u>current</u> strategic and marketing plans, license agreements, supplier agreements, and other internal business

---

[5] Plaintiffs also complain about the alleged briefing structure that would flow from Defendants' proposal. Although plaintiffs' comments regarding the briefing schedule are not entirely clear, plaintiffs seem to suggest that Defendants' proposal would not afford Defendants an adequate opportunity to present their arguments before the Court. (<u>See</u> Pltf. Br. at 6.) Defendants, however, are satisfied that they will have a "fair briefing opportunity" under their own proposal. In addition, contrary to plaintiffs' unsupported assertion, Defendants have no intention of filing "an additional 'sur-reply' in every instance" (Pltf. Br. at 6), and propose that neither party be allowed a reply brief with respect to challenges to confidentiality designations. Defendants propose that the party challenging a confidentiality designation be allowed only one brief in support of that challenge and that the designating party be allowed only one brief in defense of the designation.

materials — the disclosure of which would be particularly damaging to priceline's business interests. (See Def. Br. at 12.)

In their Brief, plaintiffs mistakenly maintain that Defendants' standard for designating documents "Highly Confidential" is the same as Defendants' standard for designating documents "Confidential". (Pltf. Br. at 7.) While it is true that both designations must otherwise satisfy the standard of Fed. R. Civ. P. 26(c), Defendants have made it clear that the sensitivity of certain documents requested by plaintiffs not only satisfies the threshold presented by Rule 26(c), but also presents <u>heightened</u> competitive concerns that give rise to the need for greater restrictions on their dissemination than the restrictions in place for "Confidential" documents. (See Def. Br. at 11-12; Truwit Decl. ¶ 8.)

Plaintiffs characterize the additional restrictions on who may view "Highly Confidential" documents as "unwarranted and arbitrary". (Pltf. Br. at 8.) But the only additional restriction on materials designated "Highly Confidential" (as opposed to "Confidential") is that they cannot be disclosed to plaintiffs themselves. Plaintiffs have not even attempted to argue that they personally need to access such materials. Indeed, this additional limitation on the dissemination of such materials is entirely reasonable and justified under the circumstances. (See Def. Br. at 12.) Rule 26(c) does not prohibit the use of multiple tiers of protection, and protective orders containing multiple tiers are familiar to courts in this district.[6] (See Def. Br. at 12.)

---

[6] Plaintiffs argue that the Court should address the appropriate scope of protections for source code information ("SCI"), despite the fact that plaintiffs' initial discovery requests do not call for the production of SCI and plaintiffs have made no showing of how SCI would be "necessary and relevant to Plaintiffs' trial preparation". (Pltf. Br. at 8 n.5.) The parties did not negotiate specific SCI provisions during negotiations, and Defendants have made it clear in correspondence and in their Opening Brief that they

-8-

### IV. LIMITING DISCLOSURE OF CONFIDENTIAL INFORMATION TO INDIVIDUALS REASONABLY BELIEVED TO HAVE KNOWLEDGE THEREOF WILL NOT PREJUDICE PLAINTIFFS

Once material has been designated confidential, there is still a question as to the persons to whom such material may be disclosed. Defendants take the position that confidential material may be disclosed to a person whenever there is a reasonable basis to conclude that the person has prior knowledge of that material. (See DPPO ¶¶ 6(vii), 7(vi).) If there is not a reasonable basis for concluding that a person has any prior knowledge of confidential material, then it is much more difficult to conceive what legitimate purpose could be served by the disclosure of confidential material to that person. Accordingly, in that situation, Defendants' view is that (1) plaintiffs should at least be required to show that the person is employed by the entity from which such confidential material originated or was employed by such entity at the time it was created, and (2) the disclosure should take place in a context in which Defendants' counsel is present and thus able to object and seek necessary protections from the Court (namely, depositions or trial). (See DPPO ¶¶ 6(iii), 7(ii).)

Plaintiffs, by contrast, propose that anyone they characterize as a "witness" may be shown <u>any</u> confidential material at <u>any</u> time in <u>any</u> context, even if there is no reasonable basis to conclude that such person has any prior knowledge of that material.[7]

---

would seek detailed protections for such material should plaintiffs decide to request it. Defendants draw the Court's attention to the example attached as Exhibit 2 to the Arena Declaration, which contains restrictions on the locations where SCI may be maintained, the manner in which access to SCI may be granted, the number of copies of SCI that may be made, the persons to whom SCI may be disclosed, and the conditions under which SCI may be disclosed. (See ¶ 3(a)-(g).)

[7] In their Brief, plaintiffs mischaracterize Defendants' proposed provisions and assert that Defendants' Proposed Protective Order prohibits plaintiffs "from examining witnesses on confidential documents outside the context of depositions at which Defendants' counsel are also present". (Pltf. Br. at 9.) To clarify again, Defendants

They contend that they should be allowed to show confidential material to any person simply for the purpose of proving that the person did <u>not</u> have any knowledge of such material. (Pltf. Br. at 9-10.) Nothing in Defendants' Proposed Protective Order prevents plaintiffs from eliciting that information in the context of depositions or trial. But to give plaintiffs the power to do so outside the presence of Defendants' counsel would permit the uncontrolled exposure of priceline's confidential information to a virtually unlimited number of persons. As Defendants pointed out in their Opening Brief, plaintiffs identified over 200 individuals and entities as potential witnesses in their initial disclosures. In the absence of a requirement that there be a reasonable basis for concluding that a witness has some prior knowledge of confidential material, plaintiffs could show priceline's confidential documents to each of those individuals and entities, as well as to any witness working for priceline's competitors. Plaintiffs' suggestion would thus eviscerate entirely the protections of the proposed order.

### Conclusion

Defendants respectfully request that their motion be granted and that their proposed protective order be entered by this Court.

January 11, 2005

---

proposed order only prevents plaintiffs' from examining a witness on confidential documents outside of deposition or trial <u>if</u> there is no reasonable basis for concluding that the witness has any prior knowledge of the confidential information. (<u>See</u> Def. Br. at 13.)

          DEFENDANTS PRICELINE.COM INC.,
          JAY S. WALKER, N.J. NICHOLAS,
          DANIEL SCHULMAN AND
          RICHARD S. BRADDOCK


_____

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
   695 East Main Street
      P.O. Box 10305
         Stamford, CT 06904-2305
           Telephone:  (203) 462-7500
             Fax:  (203) 462-7599
               jclasen@stam.rc.com


DEFENDANT JAY S. WALKER

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
   1055 Washington Boulevard
      Stamford, CT 06901
         Telephone:  (203) 961-7400
           Fax:  (203) 359-3031
             douglasconroy@paulhastings.com
             pauldehmel@paulhastings.com


_____

J. Allen Maines (phv0013)
Albert M. Myers III (phv0012)
Michael B. Arnold (phv0011)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
   600 Peachtree Street, NE Suite 2400
      Atlanta, GA 30308
         Telephone:  (404) 815-2400
           Fax: (404) 815-2424
             allenmaines@paulhastings.com
             almyers@paulhastings.com
             michaelarnold@paulhastings.co
             robertzebro@paulhastings.com

OF COUNSEL:
Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
   Telephone:  (212) 474-1000
   Fax:  (212) 474-3700

*Attorneys for Defendants
priceline.com Inc., N.J. Nicholas,
Daniel Schulman and Richard S.
Braddock*

-12-

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 11th day of January, 2005 via first class U.S. mail delivery to the following counsel of record:

| **Co-Lead Counsel** | **Liaison Counsel** |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| **Attorneys for Defendant Deloitte & Touche LLP**<br><br>Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>McCarter & English<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel: 860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | **Attorneys for Defendant Jay S. Walker**<br><br>Martin Glenn, Esq.<br>Dana C. MacGrath, Esq.<br>O'Melveny & Myers LLP<br>153 East 53rd Street<br>New York, NY 10022<br>Tel: 212-326-2000<br>Fax: 212-326-2061<br><br>Martin Glenn<br>Dana C. MacGrath<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2200<br>Fax: (212) 326-2061<br><br>Albert M. Myers, III, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424 |
|---|---|
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

                                                                _____
                                                                    William J. Kelleher III