UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JAN 19 P 2: 56
US DISTRICT COURT
HARTFORD, CT.

---------------------------------------- X
IN RE: PRICELINE.COM, INC.           :   MASTER FILE NO.
SECURITIES LITIGATION                :   3:00CV01884 (DJS)
                                     :
                                     :
This document relates to:            :
                                     :
  ALL ACTIONS                        :
---------------------------------------- X



### PROTECTIVE ORDER

IT IS ORDERED pursuant to this Court's equitable powers and Rule 26(c) of the Federal Rules of Civil Procedure that this Order shall govern the handling of documents produced by the parties, any subpoenaed third parties, and any deposition testimony, deposition exhibits, interrogatory responses and admissions relating to the documents produced in this action (the "Action").

    1.    Except with the prior written consent of the producing party or other person originally designating documents or materials as "Confidential Discovery Material" or "Highly Confidential Discovery Material" under the terms of this Order (the "Order"), no document or material that is stamped as confidential in a manner visible to a reasonable examiner, or the confidential information contained therein, may be given, shown, made available, disclosed or communicated to any person or used in any manner except as provided herein.

    2.    A party or other person shall designate as Confidential Discovery Material only documents or other materials that (a) are not generally available to the public by the designating person and (b) the designating person believes in good faith contain sensitive personal information, information constituting a trade secret, or confidential research, development, proprietary, financial or commercial information in accordance with Fed. R. Civ. P. 26 (c)(7), the

disclosure of which to third parties would result or reasonably could result in detriment to the designating person or another person who is the subject of or owner of the information so designated, including but not limited to employees or clients of the designating person.

3. A party or other person shall designate as "Highly Confidential Discovery Material" only documents or other materials that (a) would otherwise qualify for designation as Confidential Discovery Material pursuant to paragraph 2 of this Order and (b) would present a substantial risk of competitive, financial, or personal harm to the designating party or person if disclosed.

4. Confidential Discovery Material and Highly Confidential Discovery Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" or "Highly Confidential" on each page of such documents prior to production. To the extent that matter stored or recorded in the form of electronic or magnetic media is produced in such form, the producing party may designate such material as Confidential or Highly Confidential by affixing a label on the media or by cover letter generally referring to such matter.

(b) In the case of depositions, all testimony and exhibits shall be deemed Confidential until 14 calendar days after the receipt of the final transcript from the court reporter by the defending attorney or deponent. Designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within fourteen (14) calendar days after the receipt of the final transcript of the deposition. If a designation of confidentiality is made during the course of the deposition, the reporter attending such deposition shall thereafter either (i) place an appropriate confidentiality legend on the front cover of the deposition or (ii) in

the event that only a brief portion of the deposition has been designated Confidential or Highly Confidential, bind the transcript thereof in three separate portions containing the non-confidential material, the Confidential Discovery Material, and the Highly Confidential Discovery Material, with appropriate legends to permit identification of the designations of the relevant testimony. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

5. All portions of briefs, pleadings or other filings with the Court that contain or refer to Confidential Material or Highly Confidential Material shall be filed pursuant to Local Rule 5(d)(2) and kept under seal until further order of the Court. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents (e.g., Deposition of John Doe). The envelope shall also bear either or both of the two following legends, as appropriate:

**CONFIDENTIAL**

**This envelope contains confidential information and/or documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.**

**HIGHLY CONFIDENTIAL**

**This envelope contains highly confidential information and/or documents that are subject to an order governing discovery and the use of highly confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.**

6. Confidential Material may be used only to the extent necessary to the prosecution or defense of the claims related to this Action (including any appeals or separate actions for bad faith against any party or party's insurer), and may not be used for any other purpose whatsoever. Confidential Material shall not be given, shown, made available disclosed or communicated in any way to anyone except:

(i) counsel, including in-house counsel and counsel to a party's insurer, who are actively engaged in the conduct of this Action on behalf of named parties, and attorneys, paralegals and other support staff employed or retained by such counsel who are assisting in the conduct of this Action, including without limitation third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the Action;

(ii) the parties in this Action, including their officers, directors or employees;

(iii) witnesses at deposition or trial who: (a) are employed by the entity from which such Confidential Material or Highly Confidential Material originated, (b) were employed by such entity at the time such Confidential Material or Highly Confidential Material was created, or (c) are reasonably anticipated to have knowledge of the specific Confidential Material or Highly Confidential Material to be disclosed in the course of their regular employment;

(iv) the Court and court personnel in this Action (including any appellate court and its personnel);

(v) court reporters employed in connection with this Action (whether for depositions or during court proceedings);

(vi) experts or consultants (and employees of such experts or consultants) retained or consulted by the parties, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(vii) persons not covered above who are (a) reflected on the face of a document as having been recipients or authors of any such document that has been designated Confidential or Highly Confidential; or (b) reasonably anticipated to have knowledge of the Confidential Material or Highly Confidential Material to be disclosed due to exposure to such information as a result of employment or former employment at priceline, WebHouse, Deloitte

Touche Tohmatsu or the designating entity or due to other facts or circumstances that establish a substantial reason to believe that person has such knowledge;

  (viii) any mediator or arbitrator engaged by the parties; and

  (ix) any other person upon the written consent of the person who originally designated materials to be Confidential or Highly Confidential.

  7. Highly Confidential Material may be used only to the extent necessary to the prosecution or defense of the claims related to this Action (including any appeals or separate actions for bad faith against any party or party's insurer), and may not be used for any other purpose whatsoever. Highly Confidential Material shall not be given, shown, made available disclosed or communicated in any way to anyone except:

  (i) counsel, including in-house counsel and counsel to a party's insurer, who are actively engaged in the conduct of this Action on behalf of named parties, and attorneys, paralegals and other support staff employed or retained by such counsel who are assisting in the conduct of this Action, including without limitation third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the Action;

  (ii) witnesses at deposition or trial who: (a) are employed by the entity from which such Confidential Material or Highly Confidential Material originated, (b) were employed by such entity at the time such Confidential Material or Highly Confidential Material was created, or (c) are reasonably anticipated to have knowledge of the specific Confidential Material or Highly Confidential Material to be disclosed in the course of their regular employment;

  (iii) the Court and court personnel in this Action (including any appellate court and its personnel);

  (iv) court reporters employed in connection with this Action (whether for depositions or during court proceedings);

(v) experts or consultants (and employees of such experts or consultants) retained or consulted by the parties, ~~[redacted]~~

(vi) persons not covered above who are (a) reflected on the face of a document as having been recipients or authors of any such document that has been designated Confidential or Highly Confidential; or (b) reasonably anticipated to have knowledge of the Confidential Material or Highly Confidential Material to be disclosed due to exposure to such information as a result of employment or former employment at priceline, WebHouse, Deloitte Touche Tohmatsu or the designating entity or due to other facts or circumstances that establish a substantial reason to believe that person has such knowledge;

(vii) any mediator or arbitrator engaged by the parties; and

(viii) any other person upon the written consent of the person who originally designated materials to be Confidential or Highly Confidential.

8. Each person identified in paragraphs 6(iii), (vi), (vii), and (ix) and paragraphs 7(ii), (v), (vi), and (viii) above, prior to being given access to Confidential Material or Highly Confidential Material, shall be advised that (i) the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of the Order (by use or disclosure of the Confidential Material or Highly Confidential Material other than as permitted hereunder) may constitute contempt of Court. Each such person must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agrees to be bound by its terms prior to being granted access to Confidential Material or Highly Confidential Material by signing the acknowledgment attached hereto as Exhibit A. The signed undertakings so obtained shall be retained in a confidential manner by the party who obtains them during the course of this Action; provided, however, that such undertakings shall be subject to production in

any action or proceeding to enforce the terms of this Order or to punish any violation of this Order. In the event that any person refuses to sign such an undertaking, counsel seeking to disclose the Confidential Material or Highly Confidential Material may seek written permission from the designating party to disclose such material and, if such efforts are unsuccessful, may move for appropriate relief from the Court.

9. 

10. If any party objects to the designation of any material as Confidential Discovery Material or Highly Confidential Discovery Material, such party shall state the nature of the objection in a letter to counsel for the designating party. The parties shall thereafter attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by

7

[[NYLIT:2303993v2:4015A:12/09/04--05:52 p]]

agreement within fifteen (15) calendar days from the designating party's receipt of the objection letter, the party objecting to the confidentiality designation may file a motion submitting the dispute to the Court within twenty (20) calendar days of the designating party's receipt of the objection letter. If the objecting party does not file a motion with the Court to remove the confidentiality designation within this time period, the objection shall be deemed waived and the confidentiality designation shall remain. The designating party shall have the burden of proof concerning the entitlement to confidential treatment as to any challenged materials. All designated materials shall be treated in accordance with their designation and used only in accordance with the limitations set forth in this Order until an objection has been resolved by agreement of counsel or by order of the Court.

11.     Inadvertent failure to designate documents or other materials as Confidential Discovery Material or Highly Confidential Discovery Material at the time of production shall not waive a party's right to later make such a designation, provided, however, that such corrective designation is made within fifteen (15) days of the discovery of the inadvertent failure to make the appropriate confidentiality designation. However, no party shall be deemed to have violated this Order if, prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential or Highly Confidential in accordance with this Order.

12.     If at any time any Confidential Material or Highly Confidential Material is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give immediate written notice to counsel for the designating person by facsimile that such a request has been received which notice shall include the date of any proposed disclosure of such Confidential Material or Highly Confidential Material and such other information as shall be reasonably necessary to permit the designating party to intervene

and oppose the disclosure of such material in response to that request. It shall be the obligation of the designating party to obtain a court order to preclude or restrict production of any Confidential Material or Highly Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the designating party intends to seek such an order, it shall advise the Receiving Party immediately and the Receiving Party shall bear no liability or responsibility to the extent that such notice is not delivered prior to the time such production is required by law. If a motion to preclude production is filed, the Receiving Party shall not produce or divulge the contents of any Confidential Material or Highly Confidential Material until such motion has been resolved, and only to the extent the Receiving Party is permitted to refuse to do so under applicable law.

13. The provisions of this stipulation shall not, absent agreement of the parties, apply to the use of documents, information or transcripts at trial. At the appropriate time, counsel shall confer on such procedures as may be necessary or appropriate for use at trial to protect the confidentiality of any documents, information and transcripts used in the course of a trial in this action.

14. In the context of this litigation, the inadvertent production of privileged information will not be deemed to waive applicable privileges and the party receiving such information shall not be entitled to argue that the mere receipt of the document from the party claiming the privilege waives such privilege. To the extent privileged information is inadvertently produced, such documents shall be returned to the producing party promptly upon that party's request. Prior to identification of information as privileged a party is entitled to use such information consistent with the Rules of Civil Procedure, the Rules of Evidence, and this Order.

15. When a party to this litigation becomes aware that a non-party has produced information which the party believes is confidential information of that party, such party may

designate the materials as Confidential or Highly Confidential if they have not already been so designated and the terms of this Order shall thereafter apply to such designations.

16. The provisions of this Order shall continue to be binding after final termination of this Action. Within ninety (90) calendar days after final conclusion of all aspects of this Action including any appeals, any party or person who received documents or materials designated as Confidential or Highly Confidential must, at the Receiving Party's option, either (a) return such documents and materials and any copies made by that party or person to the person or persons who produced them, or (b) destroy all materials so designated (other than counsel's copies of exhibits and counsel's file copies of papers prepared in connection with this action, e.g., pleadings, court papers and other papers served in the Action), to the extent permitted by applicable law. Certification of compliance with this provision may be requested by any party or other entity which has produced the confidential materials.

17. Nothing in this Order shall operate to restrict any designating party in the use or disclosure in the context of the ordinary course of business of their own Confidential Material or Highly Confidential Material.

18. No party to this Action concedes that any documents designated as Confidential or Highly Confidential actually are confidential or highly confidential or are entitled to confidential treatment as such.

19. Any party to this action may move the Court for an order modifying this Order, and nothing in this Order shall be deemed to prevent such application. This Order may also be modified by the Court on its own motion, and nothing in this Order shall be deemed to prevent such modification.

20. Any person or entity not a party to this action that produces information, materials or documents during the course of this litigation may designate material as Confidential or Highly Confidential in the same manner as the parties to this Action and the material shall

thereby be treated as Confidential or Highly Confidential pursuant to the terms of this Order. In the event an additional party joins or is joined in this action, that party and its counsel shall be bound by this Order.

21.     If at any time plaintiffs request source code information ("SCI"), which shall mean the source language instructions from which machine executable code is compiled, translated or otherwise derived, Defendants shall be entitled to seek detailed protections for that material beyond the protections afforded by this Order.

Dated: __1/19/05__

SO ORDERED:

_____
U.S.D.J. Dominic J. Squatrito

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------- X
IN RE: PRICELINE.COM, INC.   :   MASTER FILE NO.
SECURITIES LITIGATION        :   3:00CV01884 (DJS)
                             :
                             :
This document relates to:    :
                             :
ALL ACTIONS                  :
---------------------------------------------- X

### ACKNOWLEDGMENT AND UNDERTAKING

I certify that I have read the Protective Order (the "Order") entered by the United States District Court for the District of Connecticut in the above-captioned action and that I understand that "Confidential Discovery Material" and/or "Highly Confidential Discovery Material" (as these terms are used in the Order) is being provided to me subject to the terms and restrictions of the Order. I understand the terms of the Order, I agree to be bound by all provisions of the Order and I hereby submit to the jurisdiction of the United States District Court for the District of Connecticut for purposes of enforcement of the Order. I understand that disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by me in violation of the Order is prohibited and may be found to be a contempt of Court.

Dated:_____    By: _____
                                         Name:
                                         Title: