UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br><br>This document relates to:<br><br>    ALL ACTIONS | :<br>:<br>:<br>:<br>:  MASTER FILE NO.<br>:  3:00CV01844(DJS)<br>:<br>:  March 14, 2005<br>:<br>:<br>: |

**DECLARATION OF ERIN GREEN COMITE IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

I, Erin Green Comite, declare the following based on personal knowledge:

1.  I am an associate at the law firm of Scott + Scott, LLC, one of the firms serving as co-lead counsel for Lead Plaintiffs in this action. I have personal knowledge of the facts and events set forth below. I make this declaration pursuant to Local Civil Rules 7 and 37 in support of Plaintiffs' Motion to Compel Discovery from Defendants.

2.  On October 8, 2004, this Court denied in part and granted in part Defendants' Motion to Dismiss. The Court left intact all of Plaintiffs' securities fraud claims against the remaining Defendants, including the claims under Section 10(b) and 20(a) of the Securities Exchange Act. In the Order, the Court directed the parties to submit a proposed discovery plan to the Court no later than October 29, 2004. The Court also stated that the stay on discovery shall remain in effect until further order of the Court. A copy of the Court's Order is attached as Exhibit A to this declaration.

    A.    **The Parties' Agreement and the Court's Scheduling Order.**

3.  Following the Court's ruling on the Motion to Dismiss, the parties held multiple telephone conferences in October 2004 to discuss a proposed discovery plan. One of the main

issues the parties discussed during these conference calls was whether class discovery and fact discovery would be staggered or whether they would proceed in tandem.

4. Defendants wanted to complete all class discovery before Plaintiffs took any fact discovery, and Plaintiffs wanted all fact discovery, including fact depositions, to proceed in tandem with class discovery. A copy of Defendants' initial proposal on the discovery issue is attached to this declaration as Exhibit B.

5. Plaintiffs would not agree to stagger discovery. After several discussions on this point, the parties were able to reach a compromise: fact discovery would proceed in tandem with class discovery, but Plaintiffs would wait to begin taking fact depositions until April 1, 2005.

6. The parties then submitted a proposed scheduling order to the Court that reflected the parties' agreement, providing that: "The parties agree that discovery, including class discovery, shall commence on November 15, 2004. Fact discovery may be conducted concurrently with class discovery." A copy of the Form 26(f) Report of Parties' Planning Meeting setting forth the parties' proposed scheduling order is attached to this declaration as Exhibit C.

7. After the parties submitted the proposed scheduling order, the Court entered a scheduling order that provided: "Discovery, including class discovery and fact discovery, shall commence on November 15, 2004." The Scheduling Order also provided that fact depositions were to begin on April 1, 2005. A copy of the Court's scheduling order is attached to this declaration as Exhibit D.

**B.    Defendants' Responses to Plaintiffs' Discovery Requests.**

8. During the October 2004 conference calls with Defendants, Plaintiffs questioned Defendants about their document production. In response, Christine Arena, one of the attorneys

representing Defendants, stated that, due to the labor-intensive nature of the document production, Defendants planned to produce documents on a rolling basis. Ms. Arena also stated that their production would take several months.

9. On November 15, 2004, Plaintiffs served Defendants with a copy of Plaintiffs' First Set of Document Requests and a copy of Plaintiffs' First Set of Interrogatories, which are attached to this declaration as Exhibit E and Exhibit F, respectively.

10. Plaintiffs had previously provided the Defendants with a draft version of their document requests on November 5, 2004. Plaintiffs sent Defendants the draft requests after Defendants claimed that they could not agree to the terms of a confidentiality order until they had an opportunity to review Plaintiffs' document requests.

11. Defendants served Plaintiffs with their responses to Plaintiffs' discovery requests in January 2005. Copies of the Priceline Defendants' responses and Defendant Walker's responses to Plaintiffs' First Set of Document Requests are attached to this declaration as Exhibits G and H, respectively. Copies of the Priceline Defendants' responses and Defendants Walker's responses to Plaintiffs' First Set of Interrogatories are attached to this declaration as Exhibits I and J, respectively.

12. Defendants did not produce any documents in response to Plaintiffs' First Set of Document Requests in November 2004, December 2004, January 2005 or February 2005. On February 17 and 18, 2005, Plaintiffs sent letters to Defendants raising several specific concerns with Defendants' responses to Plaintiffs' discovery requests. Plaintiffs also expressed concern that no documents had been produced. A copy of Plaintiffs' February 17 letter is attached to this declaration as Exhibit K. A copy of Plaintiffs' February 18 letter is attached to this declaration as Exhibit L.

13. Defendants Priceline, N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock responded to Plaintiffs' letter on February 18, 2005. A copy of Defendants' February 18 letter is attached to this declaration as Exhibit M.

14. Plaintiffs followed this up with another letter to Defendants on February 21, 2005. A copy of the February 21, 2005 letter is attached to this declaration as Exhibit N. Plaintiffs also discussed the document production and discovery request issues with Defendants during telephone conversations the week of February 21, 2005.

15. Defendants responded to Plaintiffs' letters with letters of their own on February 23 and March 1, 2005. A copy of Defendants' February 23 letter is attached as Exhibit O and a copy of Defendants' March 1 letter is attached as Exhibit P.

**C.    Plaintiffs' Responses to Defendants' Discovery Requests.**

16. On November 15, 2004, Defendants served Plaintiffs with a copy of Defendants' Combined First Sets of Requests for the Production of Documents and Interrogatories, a copy of which is attached to this declaration as Exhibit Q.

17. Plaintiffs responded to Defendants' first set of discovery requests in January 2005. Plaintiffs also provided Defendants with several responsive documents in January 2005, including brokerage statements, lists of transactions in Priceline stock, an article about Priceline that one of the class representatives maintained in his files, and other materials in the class representatives' files that were responsive to Defendants' discovery requests.

18. Defendants then raised several concerns they had with Plaintiffs' responses to Defendants' discovery requests in letters dated February 14, February 23 and February 25, 2005. Copies of the February 14, February 23 and February 25 letters are attached to this declaration as Exhibits R, S and T, respectively.

4

19. Plaintiffs addressed Defendants' concerns in letters dated February 25 and March 1, 2005. In the March 1 letter, Plaintiffs provided Defendants with a date when the document production would be completed and a date when Plaintiffs would produce their finalized privilege log. Plaintiffs also agreed to supplement several of their interrogatory responses. Copies of the February 25 and March 1 letters are attached to this declaration as Exhibits U and V, respectively.

### D. The March 2, 2005 Meet and Confer.

20. In an attempt to resolve the outstanding discovery issues, the parties scheduled a "meet and confer" for March 2, 2005, to address the discovery disputes. The day before the March 2 meet and confer, Plaintiffs called Defendants to confirm that all Defendants would have an attorney on the conference call who had full decision-making authority with respect to the disputed discovery issues raised in Plaintiffs' letters. Plaintiffs followed this up with a letter dated March 2. A copy of Plaintiffs' March 2 letter is attached to this declaration as Exhibit W.

21. The parties held their "meet and confer" on March 2, 2005. The following counsel participated for Plaintiffs: David R. Scott; Geoffrey M. Johnson; Erin Green Comite; Jacob Perkinson; Peter McDougall; and Jeffrey Nobel; and for Defendants: Christine Arena; James Hein; William Kelleher; and Carl Mullis. The vast majority of the meet and confer was spent discussing the issues that Defendants had raised in their February 14 and February 25 letters. After discussing these issues, Plaintiffs then began to address the issues raised in their February 17 and 18 letters. Defendants stated repeatedly that they were sticking to their original objections, thereby foreclosing any further discussion on these issues.

22. Following the meet and confer, Defendants sent a letter to Plaintiffs purporting to "memorialize the substance" of the meet and confer. A copy of Defendants March 3, 2005 letter

5

purporting to memorialize the meet and confer is attached as Exhibit X. Plaintiffs responded to the Defendants' March 3 letter on March 4, 2005. A copy of Plaintiffs' March 4 letter is attached as Exhibit Y.

23.     Following the meet and confer, Carl Mullis, counsel for Defendant Walker, took the position that he had not been given a full opportunity to address the issues in the February 18, 2005 letter at the meet and confer. Copies of his emails to Plaintiffs are attached to this declaration as Exhibits Z and AA.

24.     Plaintiffs' letters responding to Mr. Mullis' points are attached to this declaration as Exhibits BB and CC.

25.     As the founder, chairman, and controlling shareholder of Walker Digital, Defendant Walker clearly has access to documents within Walker Digital's custody and control. Plaintiffs asked Defendant Walker's counsel about this issue at the March 2 meet and confer. In response, Walker's counsel stated that he did not know what Plaintiffs meant by Walker Digital. In a conversation on March 10, 2005, counsel for Defendant Walker stated that he had searched some of the files within the custody and control of Walker Digital and some of the files within the custody and control of the Priceline WebHouse Club. However, Walker's counsel could not confirm that all responsive documents had been obtained or that documents belonging to Walker Digital and/or the Priceline WebHouse Club had been appropriately preserved.

26.     As of the filing of this motion, Defendants had not produced any documents responsive to Plaintiffs' discovery requests until March 14, 2005 – the date this motion was filed. Defendants also have refused to provide Plaintiffs with a date when their document production will be finished and have not provided Plaintiffs with a date when Plaintiffs can expect to receive a privilege log. Defendants have also refused to produce their privilege log on a rolling basis.

27.     I hereby certify that the above-referenced letters and telephone conferences constitute the Plaintiffs' good faith efforts to resolve the parties' differences without the Court's intervention.

_____
Erin Green Comite

Declared under penalty of perjury on
March 14, 2005 in Colchester, Connecticut.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 14, 2005, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail.

_____

Erin Green Comite

**SERVICE LIST**

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Albert M. Myers
Carl Mullis
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E. 24th Floor
Atlanta, GA 30308

Martin Glenn
O'Melveny & Myers
Times Square Tower
7 Times Square
New York, NY 10036

Joseph L. Clasen
William Kelleher
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eight Avenue
New York, NY 10019

Douglas C. Conroy
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Floor
Stamford, CT 06901