# EXHIBIT B

[Draft—10/19/04]

## FORM 26(f)

## REPORT OF PARTIES' PLANNING MEETING

In Re: Priceline.com Securities Litigation

| | |
|---|---|
| Plaintiffs: | Iliana Ilieva, Leisinger Pension Fund, Mark Weiss and Marilyn D. Engel, Joseph Wilenkin |
| Defendants: | priceline.com, Inc., N.J. Nicholas, Daniel H. Schulman, Richard S. Braddock, Jay S. Walker |

Date Consolidated Amended Complaint Filed:      October 29, 2001

Date Consolidated Amended Complaint Served:      October 29, 2001

Date of Defendants' Appearance:      October 31, 2000

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was

held on October 20, 2004. The participants were:

Erin Comite of Scott + Scott, LLC for all plaintiffs. [ADDITIONAL PARTICIPANTS

TO BE ADDED]

Daniel Slifkin and Christine Arena of Cravath Swaine & Moore LLP for defendants

priceline.com, Nicholas, Schulman and Braddock.

Dana MacGrath of O'Melveny & Myers LLP for defendant Walker.

### I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel further certify that they have

forwarded a copy of this report to their clients.

[Draft—10/19/04]

## II.    Jurisdiction

### A.    Subject matter Jurisdiction

This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the 1934 Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

[TO BE DISCUSSED]

## IV.    Statement of Undisputed Facts:

[TO BE DISCUSSED]

## V.    Case Management Plan:

### A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.    Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties participated in a voluntary mediation with the Hon. Nicholas H. Politan in August of 2004. Settlement may be enhanced by continuing settlement discussions with the assistance of Judge Politan.

2

[Draft—10/19/04]

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference with Judge Politan.

4.      The parties do not request a referral for alternative dispute resolution

pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties and Amendment of Pleadings**

1.      The Court's Memorandum of Decision dated October 7, 2004 dismissed

certain allegations in the Consolidated Amended Complaint without prejudice. Plaintiffs

should be allowed until November 29, 2004 to file a Consolidated Second Amended

Complaint to attempt to cure the deficiencies noted in the Court's opinion.

2.      Should plaintiffs choose not to file a Consolidated Second Amended

Complaint, defendants should be allowed until December 24, 2004 to answer the

Consolidated Amended Complaint, pursuant to the previously filed consent motion for

extension of time. Should plaintiffs file a Consolidated Second Amended Complaint,

defendants should be allowed until January 31, 2005 to file a response thereto.

3.      The parties do not anticipate joinder of any additional parties.

**E.      Discovery**

1.      The parties anticipate that discovery will be needed on the following

subjects: [TO BE DISCUSSED]

2.      The parties should confer and agree on a stipulation of confidentiality and

proposed order, and submit it to the Court no later than December 20, 2004.

3.      All discovery will be commenced no earlier than January 3, 2005 and

completed (not propounded) by March 31, 2006.

3

[Draft—10/19/04]

4.      Discovery will be conducted in three phases, according to the following

schedule:

(a)      Discovery Regarding Class Certification.

(1)      Plaintiffs should file and serve their motion for class certification

on or before January 3, 2005.

(2)      Defendants should complete discovery related to plaintiffs' class

certification motion on or before April 1, 2005.  Defendants should file and serve any

opposition to plaintiffs' motion for class certification no later than May 2, 2005.

(3)      Plaintiffs should file and serve any reply to defendants' opposition

papers no later than May 30, 2005.

(b)      Fact Discovery on the Merits.

(1)      The parties should serve their initial disclosures pursuant to Fed. R.

Civ. P. 26(a) on or before December 20, 2004.

(2)      Fact discovery (other than discovery regarding class certification)

should otherwise commence no earlier than January 3, 2005.

(3)      The parties should complete their production of documents on or

before September 30, 2005.  No depositions should take place prior to the conclusion of

document production.

(4)      Fact depositions should commence no earlier than October 3, 2005

and should conclude no later than December 30, 2005.  The parties anticipate that

plaintiffs and defendants will require 15 depositions of fact witnesses, respectively.

(5)      The parties do not seek permission to serve more than 25

interrogatories relating to fact issues.

4

[Draft—10/19/04]

    (c)    <u>Expert Discovery.</u>

        (1)    Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts (including any damages analysis) pursuant to Fed. R. Civ. P. 26(a)(2) by January 2, 2006. Depositions of any such experts will be completed by January 27, 2006.

        (2)    Defendants will designate all trial experts and provide opposing counsel with reports from retained experts (including any damages analysis) pursuant to Fed. R. Civ. P. 26(a)(2) by February 27, 2006. Depositions of such experts will be completed by March 31, 2006.

        (3)    The parties agree that draft expert reports will not be discoverable.

**F.**    **Dispositive Motions:**

Dispositive motions (if any) will be filed on or before May 29, 2006.

**G.**    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the Court's ruling on the dispositive motions (if any). Absent dispositive motions, the joint trial memorandum will be due 60 days following the close of discovery.

**VI.**    **TRIAL READINESS**

The case will be ready for trial by within 60 days of the Court's ruling on the dispositive motions (if any). Absent dispositive motions, the case will be ready for trial 90 days following the close of discovery.

5

[Draft—10/19/04]


As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

[INSERT SIGNATURE BLOCKS]

6