**EXHIBIT D**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| IN RE: PRICELINE.COM INC.<br>SECURITIES LITIGATION | MASTER FILE NO.<br>3:00CV01884(DJS) |
| This document relates to:<br><br>ALL ACTIONS | |

## ORDER

The parties have submitted a report of their discovery planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Upon review of this submission, the court orders the following:

1.  Defendants shall respond to the Consolidated Amended Complaint on or before **December 24, 2004**. Although the court granted leave for plaintiffs to re-plead certain allegations that were dismissed without prejudice, on the condition that plaintiffs attempt to correct the deficiencies prompting dismissal of these allegations, the court did not mandate any amendments, nor did the court impose time restrictions on amendments. As such, the pleading stage of this lawsuit will progress as contemplated by the Federal Rules; should plaintiffs wish to amend the Consolidated Amended Complaint, they may seek permission to do so under Rule 15 of the Federal Rules of Civil Procedure.

2.  Discovery, including class certification discovery and

fact discovery, shall commence on **November 15, 2004.**

    3.    The parties shall serve initial disclosures on **November 15, 2004.**

    4.    Production of documents shall be completed by **December 30, 2005.**  The court expresses no opinion regarding the cost of discovery and does not prejudice either party's right to request relief regarding the same.

    5.    Each party may take thirty-five (35) depositions.  In order to avoid confusion, the parties are to count each deposition noticed against this limit regardless of the reason for the deposition.  Expert depositions shall not count against this limit.

    6.    Depositions shall not commence earlier than **April 1, 2005** with the following exceptions:

        a.    depositions noticed pursuant to Rule 30(b)(6) may proceed at any time after November 15, 2004;

        b.    depositions relating to class certification may commence at any time after November 15, 2004;

        c.    depositions of expert witnesses shall commence within the time period specified elsewhere herein.

    7.    The parties may serve more than 25 interrogatories.

    8.    Expert discovery shall commence as follows:

        a.    plaintiffs shall designate all experts and serve all expert reports, including damage analyses, on or before

**December 30, 2005;**

      b.   depositions of plaintiffs' experts shall be completed on or before **January 31, 2006;**

      c.   defendants shall designate all experts and serve all expert reports, including damage analyses, on or before **February 1, 2006;**

      d.   depositions of defendants' experts shall be completed on or before **March 1, 2006;** and

      e.   a party must obtain leave from the court to disclose an expert witness outside these time periods.

9.   Should plaintiffs wish to obtain class certification, they must file their motion requesting certification on or before **January 7, 2005.** Defendants may submit an opposition thereto on or before **April 8, 2005.** Plaintiffs may submit a reply on or before **May 9, 2005.**

10.   Discovery shall end on **March 31, 2006.**

11.   Dispositive motions shall be filed on or before **May 1, 2006.** Any opposition thereto shall be filed thirty (30) days from the date the motion was filed. Any reply thereto shall be filed twenty (20) days from the date the opposition was filed.

12.   A joint trial memorandum shall be filed on or before **June 1, 2006,** or within thirty (30) days from the court's decision on any dispositive motion.

13.   The court does not require the filing of a proposed

protective order and does not set a deadline for the filing of a proposed protective order. If no proposed order is submitted, the parties may request relief by motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of Connecticut at the appropriate time. The parties should also note that agreement on the scope of a protective order does not relieve the moving party, or parties, from demonstrating good cause for shielding documents from public view.

So ordered this 2nd day of November, 2004.

/s/DJS
--------------------------------
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**

-4-