# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: Priceline.com | : | Master File No. |
| Securities Litigation | : | 3:00cv1884 (DJS) |
| ----------------------------------------------------------- | : | |
| This document relates to: | : | |
| | : | |
| ALL PENDING ACTIONS | : | |
| | : | January 10, 2005 |
| | : | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants priceline.com Inc., N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, the "Defendants") submit the following responses and objections to Plaintiffs' First Request for Production of Documents to All Defendants, dated November 15, 2004 (the "Request").

### General Objections

1.      Defendants object generally to the Request to the extent that it does not describe with reasonable particularity the documents to be produced, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. The Request is thus improper under Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.      Defendants object generally to the Request, including its Definitions and Instructions, to the extent that it seeks to impose requirements with respect to the production of documents that are in addition to or different from those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules for the District of

Connecticut. For example, Defendants object to Instructions 1 and 7 to the extent that they misconstrue Rule 34(b) of the Federal Rules of Civil Procedure as requiring that produced documents be labeled to indicate the specific paragraphs of the Request to which they respond. Unless otherwise noted, Defendants will exercise their option under Rule 34(b) to produce documents as they are kept in the usual course of business.

3.      Defendants object to Plaintiffs' definition of the Relevant Time Period as overly broad and unduly burdensome, and further object to the Request to the extent that certain paragraphs call for documents from any time period. Unless otherwise noted, Defendants will produce documents relating to the putative class period alleged in the Consolidated Amended Complaint (the "Complaint") — January 27, 2000 to October 4, 2000.

4.      Defendants object to Plaintiffs' definition of the term "Document" as overly broad and unduly burdensome to the extent that it requires a search of all electronic data without regard for the undue expense and burden of such an undertaking in light of the marginal benefits to be obtained from such a search. Defendants further object to Plaintiffs' definition of the term "Document" to the extent that it requires the production of metadata. Metadata is not relevant to the claims or defenses of any party and its production would be unduly burdensome.

5.      Defendants object generally to the Request to the extent that it seeks the disclosure or production of documents that come within the scope of the attorney-client privilege, the work-product doctrine, the common defense or mutual interest privilege, any protective order or confidentiality agreement, or any applicable confidentiality restriction, privilege or immunity, or that are otherwise exempted from

2

discovery. Such documents will not knowingly be disclosed. Any disclosure of any such privileged or protected documents in response to any request is inadvertent and not intended to waive those privileges and protections. Defendants hereby claim such privileges and protections to the extent implicated by each request and exclude privileged or protected information from their responses to the Request. Defendants reserve the right to demand that Plaintiffs return any privileged or protected documents produced and all copies thereof.

6.    Defendants object generally to the Request to the extent that it calls for the disclosure of confidential information including, without limitation, confidential business information, trade secrets or information subject to any confidentiality agreement, order and/or obligation. Defendants will not produce any documents containing such information without an appropriate protective order, as more fully described in the pending Cross-Motion for Entry of an Appropriate Protective Order (the "Cross-Motion"). This objection is not a waiver of Defendants' other objections or an agreement to produce any documents if and when any protective order is entered.

7.    Defendants object generally to the Request to the extent that it seeks documents that are not in their possession, custody or control. In particular, Defendants object to each request that calls for the production of documents regarding Priceline Webhouse Club, Inc. ("WebHouse"). WebHouse was a separate, closely-held company and had a contractual relationship with priceline. Defendants also object to each request that calls for the production of documents regarding Jay S. Walker, Walker Digital, and Priceline Perfect Yard Sale, Inc. Notwithstanding this objection, Defendants have made a good faith attempt to gather documents responsive to such requests and to

3

produce documents regarding WebHouse, Jay S. Walker, Walker Digital, and Priceline Perfect Yard Sale, Inc. where available.

      8.     Defendants object to Definitions 10 (including each term defined therein), 11, 12, 13 and 14 as overly broad and unduly burdensome.

      9.     Defendants object to Instruction 2 as unduly burdensome and vague and ambiguous. Defendants further object to Instruction 2 to the extent that it seeks to impose requirements with respect to the production of documents that are in addition to or different from those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules for the District of Connecticut.

      10.     Defendants object generally to the Request to the extent that it seeks documents prepared in anticipation of or in the context of the present litigation. Defendants hereby claim such privileges and protections to the extent implicated by each request, exclude such privileged and protected documents from their Response and reserve the right not to log such documents.

      11.     Defendants object generally to the Request to the extent that it seeks documents that are cumulative or duplicative, or are obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive.

      12.     Defendants are providing this response to the Request (the "Response"), without waiver of or prejudice to their right at any later time to raise objections as to: (a) the competence, relevance, materiality, privilege, work product and admissibility as evidence, for any purpose, of (i) the Request or any part thereof; or (ii) statements made in this Response or any part thereof; or (b) the right to object to the use of any of the information or documents discussed hereunder in any subsequent

4

proceedings or the trial of this or any other action; or (c) the right to object on any ground at any time to a demand for further response to these or other document or discovery requests in this action. Any response or objection to an individual request is not an acknowledgment that such documents exist or are in Defendants' possession.

13.     Documents produced in response to this Request are based on a reasonable search for responsive documents. Defendants reserve the right at any time to revise, correct, add to, clarify, or supplement their responses and objections to the Request based on additional and/or different information that may become available in discovery.

## Specific Responses and Objections

### Request No. 1

All documents showing the internal organization, structure and personnel of Priceline, WebHouse and Walker Digital, including without limitation, documents identifying the departments, groups, or divisions at Priceline, WebHouse or Walker Digital and the relationship among such departments, groups, or divisions.

### Response to Request No. 1

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome. Subject to and without waiving these objections, Defendants will produce documents sufficient to show priceline's organization, structure and personnel during the Alleged Class Period. In addition, Defendants will produce organizational documents for WebHouse and Walker Digital where available.

5

Request No. 2

All documents referring or relating to any audit or review of, or other engagement in connection with, Priceline and/or WebHouse performed by any internal or external auditor, accountant, attorney or other consultant including without limitation:

(a)    accounting workpapers, internal control and management review documents, including management letters, evaluation forms, memoranda, and reports from any accountant or auditor (independent or otherwise) which performed services for Priceline and/or WebHouse; and

(b)    documents referring or relating to any communications between Priceline and/or WebHouse and any auditors, accountants, attorneys or other consultants and/or sent to or received from such auditors, accountants, attorneys or other consultants.

Response to Request No. 2

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (5) it seeks documents that are subject to the attorney-client or work product privileges; and (6) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

6

Request No. 3

All documents concerning the financial relationship between Priceline, WebHouse, and Walker Digital, including without limitation, documents concerning whether Priceline's and WebHouse's financial statements should or should not be combined or consolidated.

Response to Request No. 3

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous (including, specifically, the term "financial relationship"); and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 4

All documents concerning any other relationship between Priceline, WebHouse, and Walker Digital, including without limitation, the exchange or sharing of administrative support services among Priceline, WebHouse and Walker Digital, common officers and directors, and other management, or infrastructure ties and any employees shared by Priceline, WebHouse, and Walker Digital.

Response to Request No. 4

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous (including,

specifically, the term "relationship"); (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it assumes disputed facts about priceline, WebHouse and Walker Digital. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

<u>Request No. 5</u>

All documents referring or relating to the actual or contemplated business operations of Priceline and/or WebHouse, including but not limited to:

(a)    all documents reflecting or referring to the proposed or actual prices solicited, charged or received for products offered through Priceline and/or WebHouse;

(b)    all documents reflecting the number of orders processed by Priceline and/or WebHouse during a given period, the amount of revenue derived from such orders and the profit margin or lack thereof for such transactions or losses on such transactions;

(c)    all documents reflecting or referring to the characteristics and/or demographics of Priceline and/or WebHouse customers, including but not limited to the number of new users, how much customers purchased, amount of savings realized by customers, how often customers purchased or whether and how often such customers were repeat customers of Priceline and/or WebHouse;

(d)    all documents from, to or generated by Priceline's and/or WebHouse's network operations center including but not limited to information regarding the number of customers who used Priceline and/or WebHouse during any time period and the number of transactions completed during such time periods;

(e)    all documents regarding the actual or expected impact, financial or otherwise, of promotions run by Priceline and/or WebHouse;

(f)    all documents relating to the amount of subsidies being provided by Priceline and/or WebHouse as to any products being offered, sold or rented through Priceline and/or WebHouse;

(g)    documents referring or relating to membership in WebHouse and revenues associated with membership;

8

(h)    all documents referring or relating to any actual or contemplated layoffs, reductions in workforce, and/or hiring freezes at Priceline and/or WebHouse; and/or

(i)    all documents identifying individuals with access to any operational reports of Priceline and/or WebHouse.

Response to Request No. 5

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overly broad and unduly burdensome; (3) it is vague and ambiguous (including, specifically, the term "business operations"); (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (5) it is cumulative and duplicative of the previous four individual requests and is so overly broad as to render cumulative and duplicative virtually every individual request that follows; (6) it seeks documents that are obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive; and (7) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 6

All documents referring or relating to the actual, historical, contemplated or projected financial results of Priceline and/or WebHouse, including without limitation,

(a)    all documents that calculate on a historical basis the sales, revenues, royalties, pretax income, net income, profit margins, operating results, expenses, sales backlog, inventory, costs of sales

9

and/or expenses at Priceline and/or WebHouse and any Omnibus Plan(s) for 1999, 2000, or 2001;

(b)     all documents constituting any Priceline or WebHouse budget, projection, forecast or estimate of Priceline's and/or WebHouse's revenue, orders or sales, profits, royalties, costs or royalty payments pursuant to any agreement, pretax income, net income, profit margins, operating results, expenses, inventory, costs of sales and/or expenses utilized or relied on in creating, or referring to, any budgets, forecasts or estimates of the projected or actual number or volume of Priceline and/or WebHouse orders or sales, profits, expenses, costs, and/or products and/or services to be supplied or provided by Priceline and/or WebHouse; and/or referring or relating to any changes in such budgets, forecasts or estimates including the reasons for such changes and the amount;

(c)     all documents which refer or relate to any comparisons of actual financial or business results to any financial or business plans, forecasts, or projections for Priceline and/or WebHouse; and

(d)     all documents referring or relating to any actual or contemplated restatement of results for Priceline and/or WebHouse for any period.

Response to Request No. 6

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks documents that are obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

10

Request No. 7

All documents which refer or relate to periodic reports (including, but not limited to annual reports, quarterly reports, weekly reports, biweekly reports, daily reports and the like) proxy materials, press releases, or brokerage reports and promotional material which were received by any Defendant and/or prepared or disseminated by or on behalf of any Defendant to the security holders of Priceline and/or WebHouse, to the public or to one or more members of the investment community, including financial institutions and brokerage houses.

Response to Request No. 7

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion; and (6) it seeks documents that are obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 8

All documents, including, without limitation, financial statements and/or progress reports, referring or relating to any tracking of fees, expenses, and/or costs involved in the service, use, license, and/or installation of any Priceline and/or WebHouse product, service, business model, license and/or system.

11

Response to Request No. 8

    Defendants incorporate their General Objections.  Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion.  Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

    Request No. 9

    Regardless of the time period, all documents referring or relating to the formation and/or termination of WebHouse, priceline.com, LLC and Priceline Travel Inc., as legal entities or otherwise, including but not limited to any communications regarding the timing of the formation or termination of each and documents referring any actual or contemplated mergers or other combinations or consolidations involving these entities.

Response to Request No. 9

    Defendants incorporate their General Objections.  Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "[r]egardless of the time period"); (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action

12

and is not reasonably calculated to lead to the discovery of admissible evidence. Subject
to and without waiving these objections, Defendants will perform a reasonable search for
documents responsive to this request and will produce to plaintiffs non-privileged
documents that Defendants find.

### Request No. 10

All documents regarding the financing and/or capitalization of any aspect
of WebHouse.

### Response to Request No. 10

Defendants incorporate their General Objections. Defendants further
object to this request on the grounds that it seeks information regarding WebHouse that is
outside of Defendants' possession, custody or control. Subject to and without waiving
these objections, Defendants will perform a reasonable search for documents responsive
to this request and will produce to plaintiffs non-privileged documents that Defendants
find.

### Request No. 11

All documents, regardless of when created, that refer or relate to the by-
laws, articles of incorporation or other governing documents for Priceline, WebHouse
and/or Walker Digital.

### Response to Request No. 11

Defendants incorporate their General Objections. Defendants further
object to this request on the grounds that (1) it seeks documents regarding WebHouse and
Walker Digital that are outside of Defendants' possession, custody or control; (2) it is
overbroad and unduly burdensome (including, specifically, the request for documents
"regardless of when created"); (3) it is vague and ambiguous; (4) it seeks documents that
are not relevant to the claims or defenses of any party to this action and is not reasonably

13

calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential

and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving

these objections, Defendants will perform a reasonable search for documents responsive

to this request and will produce to plaintiffs non-privileged documents that Defendants

find.

### Request No. 12

All documents concerning any meetings of Priceline or the Board of
Directors at Priceline, WebHouse or Walker Digital and the committees and
subcommittees thereunder, including without limitation:

      (a)    all documents presented at, prepared for, disseminated at, or
             prepared after, any Board meetings, committee meetings or
             subcommittee meetings;

      (b)    all documents including agendas, emails, reports, notes taken at,
             minutes, and all correspondence in connection with any Board
             meetings, committee meetings, or subcommittee meetings; and

      (c)    all documents concerning the actual or contemplated appointment
             of directors to the Priceline, WebHouse or Walker Digital Board of
             Directors.

### Response to Request No. 12

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse and

Walker Digital that are outside of Defendants' possession, custody or control; (2) it is

overbroad and unduly burdensome; (3) it seeks documents that are not relevant to the

claims or defenses of any party to this action and is not reasonably calculated to lead to

the discovery of admissible evidence; and (4) it seeks confidential and competitively

sensitive documents that require additional protections prior to disclosure, as more fully

discussed in the Cross-Motion. Subject to and without waiving these objections,

14

Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 13

All documents that refer or relate to any compensation and/or other benefits, remuneration or emoluments received or to be received by any of the answering Defendants or members of their family or in-laws (extending to the second degree of consanguinity) including, without limitation, employment contracts or agreements by, for and/or among the Individual Defendants.

Response to Request No. 13

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome (including, specifically, the request for documents regarding "any compensation" regardless of its source and the request for documents regarding members of Defendants' families or in-laws); (2) it is vague and ambiguous; (3) it seeks documents that are not relevant to the claims or defenses of any party to this action (including, specifically, the request for documents regarding members of Defendants' families or in-laws) and is not reasonably calculated to lead to the discovery of admissible evidence; and (4) it seeks confidential, personal information about the compensation of individuals that requires additional protections prior to disclosure, as more fully addressed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 14

All documents that refer or relate to any contemplated or actual work performed by any executive recruiter(s) for or on behalf of Priceline and/or WebHouse.

15

Response to Request No. 14

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 15

All documents, including but not limited to correspondence, memoranda, email and handwritten notes, concerning management changes at Priceline or WebHouse, including without limitation, all documents that refer or relate to the hiring of and departure or resignation of Heidi Miller and Maryann Keller from executive positions at Priceline.

Response to Request No. 15

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents

16

responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 16

All documents relating to Priceline's and/or WebHouse's annual or special shareholders' meetings, including but not limited to:

      (a)    agenda, minutes and/or transcripts/tapes thereof;

      (b)    copies of speeches or presentations by Priceline and/or WebHouse representatives or agents and drafts thereof;

      (c)    scripts or drafts of actual or anticipated shareholders' questions and answers thereto; and

      (d)    memoranda, notes and/or agendas for or relating to such meetings.

### Response to Request No. 16

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 17

All documents referring or relating to any agreements, loans, financings, sales, purchases, rental agreements or other such transaction(s) between or among Priceline and/or WebHouse, on the one hand, and any of the Individual Defendants and/or Walker Digital, on the other.

17

Response to Request No. 17

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 18

All documents referring or relating to any loan agreements obtained by or applied for by Priceline and/or WebHouse including, without limitation, any secured or unsecured credit facilities and for each produce the following:

(a)     all documents referring or relating to any communications including, without limitation, negotiations, relating to any such agreement or application;

(b)     all drafts or preliminary versions of such agreements;

(c)     all compliance or default notices referring or relating to such agreements;

(d)     all documents or reports created by any federal or state agency referring or relating to such loan agreements;

(e)     all documents provided to any bank or other financial institution as part of Priceline's and/or WebHouse's application for or obtaining of any such agreement;

(f)     all documents referring or relating to any borrowings made on any such loan agreement or any repayments thereof;

(g)     all documents referring or relating to any actual or proposed waiver, extension or modification of any such agreement; and

18

    (h)    all documents referring or relating to any borrowing restrictions imposed by such agreement and Priceline's and/or WebHouse's compliance with such borrowing restrictions including, without limitation, any restrictions relating to Priceline's and/or WebHouse's income, stock price, bond rating, net worth and/or total indebtedness.

<u>Response to Request No. 18</u>

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

<u>Request No. 19</u>

All documents referring or relating to:

    (a)    the market for or marketability of Priceline and/or WebHouse securities;

    (b)    the price of Priceline and/or WebHouse securities;

    (c)    movements in the price of Priceline and/or WebHouse securities;

    (d)    planned, proposed or actual efforts to support or stabilize the price of Priceline and/or WebHouse securities;

    (e)    the possibility of declines or increases in the price of Priceline and/or WebHouse securities;

    (f)    the strike price of any Priceline and/or WebHouse securities;

    (g)    the desirability of maintaining or increasing the price of Priceline and/or WebHouse securities; and/or

19

(h)    efforts to maintain, increase or avoid a decline in the price of Priceline and/or WebHouse securities.

Response to Request No. 19

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 20

All documents referring or relating to any proposed or actual offering of Priceline's and/or WebHouse's securities, whether public or private.

Response to Request No. 20

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

20

### Request No. 21

To the extent not produced in response to any other Request, all documents relating or referring to any warrants or other securities of, or relating to, WebHouse held by any Defendant (regardless of the time period), all valuation reports and any actual or contemplated updates pertaining to or referencing valuations of such warrants or other securities, certificates or other evidence of interest in such warrants or other securities, contemplated or actual charges taken related to such warrants, the timing of actual charges taken, and proposed, draft or filed registration statements, fairness opinions, and/or other documents referring or relating to such warrants or securities.

Response to Request No. 21

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome; (2) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (3) it seeks documents that are not within Defendants' possession, custody or control; and (4) it seeks documents that are obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 22

All documents discussing, reflecting, referring, relating to or analyzing the accounting treatment of any securities owned, directly or indirectly, by the Individual Defendants, Priceline, WebHouse and/or Walker Digital.

Response to Request No. 22

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital, as well as documents regarding the activities of third parties, that are

21

outside of Defendants' possession, custody or control; (2) it is overbroad and unduly

burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not

relevant to the claims or defenses of any party to this action and is not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 23

All documents referring or relating to any contemplated or actual work
performed or to be performed by any valuation firm or entity (including but not limited to
Murray Devine & Co., Inc.) on behalf of or requested by Priceline, WebHouse and/or any
Individual Defendant.

### Response to Request No. 23

Defendants incorporate their General Objections.  Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse, as

well as documents regarding the activities and conduct of third parties, that are outside of

Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome;

(3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the

claims or defenses of any party to this action and is not reasonably calculated to lead to

the discovery of admissible evidence.  Subject to and without waiving these objections,

Defendants will perform a reasonable search for documents responsive to this request and

will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 24

All documents referring or relating to negotiations between

(a)      Priceline and/or WebHouse, and

(b)    any selling or purchasing stock holders and any underwriters or other parties facilitating such transactions relating to the offering price or valuation of Priceline's and/or WebHouse's securities in any public or private offering including, without limitation, documents referring or relating to the prevailing market conditions for such securities.

Response to Request No. 24

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 25

All documents referring or relating to any Defendant's purchase or sale of Priceline stock, including, but not limited to, Defendant Walker's purchase of Priceline.com stock from Delta Airlines or any other entity.

Response to Request No. 25

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding Jay S. Walker that are outside of Defendants' possession, custody or control; (2) it is overbroad and

23

unduly burdensome; and (3) it seeks documents that are not relevant to the claims or

defenses of any party to this action and is not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving these objections,

Defendants will perform a reasonable search for documents responsive to this request and

will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 26

All documents referring or relating to any actual or proposed direct and/or
indirect investments in Priceline, WebHouse and/or any other Priceline licensee by:

> (a)     any Defendant;
>
> (b)     Prince Alwaleed bin Talal;
>
> (c)     Walker Digital;
>
> (d)     Perfect Yard Sale, Inc.;
>
> (e)     MYPrice Pty LTD ACN;
>
> (f)     Hutchison Whampoa Limited;
>
> (g)     Vulcan Ventures;
>
> (h)     Liberty Media; and/or
>
> (i)     any other entity.

### Response to Request No. 26

Defendants incorporate their General Objections.  Defendants further

object to this request on the grounds that (1) it is overbroad and unduly burdensome; (2)

it is vague and ambiguous; (3) it seeks documents that are not relevant to the claims or

defenses of any party to this action and is not reasonably calculated to lead to the

discovery of admissible evidence; and (4) it seeks documents that are not within

Defendants' possession, custody or control.  Subject to and without waiving these

24

objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 27

All documents which analyze, comment upon, or otherwise refer to any policy of Priceline and/or WebHouse regarding the purchase or sale of Priceline and/or WebHouse securities by officers and directors generally, or by the Individual Defendants in particular.

### Response to Request No. 27

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 28

All stock transfer records and shareholder lists or any other documents identifying purchasers or holders of Priceline and/or WebHouse securities during the Class Period.

### Response to Request No. 28

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of

25

admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 29

All documents which refer or relate to the amount of monies and/or profit realized on the purchase, acquisition, transfer or sale of any Priceline or WebHouse security by any Individual Defendant and/or Priceline and/or WebHouse in any stock offering and/or other financial transaction, whether public or private, regardless of the time period, including all documents which analyze, evidence, comment upon, or otherwise refer to purchases and/or sales of Priceline and/or WebHouse securities by any of the Individual Defendants, by any officer or director of Priceline and/or WebHouse or any member of their families or persons acting on their behalf, including, without limitation, the confirmation slips for each such transaction and any Forms 3, 4 and 144 filed with the SEC.

### Response to Request No. 29

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "regardless of the time period"); (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (4) it seeks documents, including Form 3s, 4s and 144s, that are obtainable from public sources. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

26

Request No. 30

All documents relating or referring to any warrants or other securities of Priceline and/or WebHouse that were offered to and/or received by any airline company including but not limited to Participation Warrant Agreements.

Response to Request No. 30

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 31

All documents relating or referring to any communications provided by or on behalf of Priceline and/or WebHouse to or received from any media outlet, reporter, securities analyst, brokerage firm, money manager, investment banker or stock exchange relating in any way to Priceline and/or WebHouse, including, but not limited to, past financial or business results or to future projections of financial or business results or expectations for Priceline and/or WebHouse, and, each document memorializing any oral communications.

Response to Request No. 31

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is

27

not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving these objections, Defendants will perform a reasonable search for

documents responsive to this request and will produce to plaintiffs non-privileged

documents that Defendants find.

### Request No. 32

All documents referring or relating to Priceline's and/or WebHouse's
actual or proposed plans (or consideration of such plans) to charge WebHouse's
customers a monthly fee, including any documents referring or relating to any decision to
adopt or abandon charging this fee.

### Response to Request No. 32

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that it seeks documents regarding WebHouse or

those acting on its behalf that are outside of Defendants' possession, custody or control.

Subject to and without waiving these objections, Defendants will perform a reasonable

search for documents responsive to this request and will produce to plaintiffs non-

privileged documents that Defendants find.

### Request No. 33

All documents relating or referring to any sales presentation, strategy or
plan utilized or considered by Priceline and/or WebHouse or any Priceline and/or
WebHouse officer, director, contractor, agent, or employee, directed at any actual or
potential Priceline and/or WebHouse supplier, including all manuals relating to sales or
customer relations, pricing lists, handbooks, directives, memos, incentive deals, and the
like.

### Response to Request No. 33

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse or

those acting on its behalf, as well as documents regarding the activities and conduct of

third parties, that are outside of Defendants' possession, custody or control; (2) it is

**28**

overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents

that are not relevant to the claims or defenses of any party to this action and is not

reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks

confidential and competitively sensitive documents that require additional protections

prior to disclosure, as more fully discussed in the Cross-Motion.  Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

<u>Request No. 34</u>

All documents relating or referring to any advertising, marketing, sales
presentation, strategy or plan utilized or considered by Priceline and/or WebHouse or any
Priceline and/or WebHouse officer, director, contractor, agent, or employee, directed at
any actual or potential Priceline and/or WebHouse customer, including without
limitation:

(a)    all manuals relating to sales or customer relations, pricing lists,
handbooks, directives, memos, incentive deals, discounts and the
like, and all documents referring or relating to communications
with William Shatner; and

(b)    all documents referring or relating to any agreements, plans,
attempts or discussions regarding Adaptive Marketing Programs
(including adaptive promotions and adaptive cross selling), co-
branding, co-positioning and/or co-marketing either Priceline's or
WebHouse's brands, services or products.

<u>Response to Request No. 34</u>

Defendants incorporate their General Objections.  Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse or

those acting on its behalf, as well as documents regarding the activities and conduct of

third parties, that are outside of Defendants' possession, custody or control; (2) it is

overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents

29

that are not relevant to the claims or defenses of any party to this action and is not

reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks

confidential and competitively sensitive documents that require additional protections

prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 35

All documents referring or relating to the posting on Priceline's website a
list of the analysts following the Company and/or recordings of the Company's
conference calls, and information regarding the frequency of use of or access to this
information by visitors to the website.

### Response to Request No. 35

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it is overbroad and unduly burdensome; and

(2) it seeks documents that are not relevant to the claims or defenses of any party to this

action and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants will perform a reasonable

search for documents responsive to this request and will produce to plaintiffs non-

privileged documents that Defendants find.

### Request No. 36

All documents concerning the pricing of products and/or acceptances of
bids for products offered through Priceline, WebHouse and/or any Priceline and/or
WebHouse licensee, including all documents regarding different pricing models for
different customers based on frequency of use and/or geographical location.

<u>Response to Request No. 36</u>

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

<u>Request No. 37</u>

All documents relating or referring to any public statements of any Defendant concerning Priceline, Walker Digital or WebHouse.

<u>Response to Request No. 37</u>

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome; (2) it is vague and ambiguous; (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks documents that are obtainable from public sources; and (5) it seeks documents regarding Jay S. Walker that are outside of Defendants' possession, custody or control. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

31

### Request No. 38

Any and all documents relating or referring to or evidencing private statements of any Defendant concerning Priceline or WebHouse's services, operations, projects, the planned expansion of either, whether by market or products, customers or the market for their securities or products during the relevant time period, documents referring or relating to interviews or other statements made by any Defendant, discussing Priceline's and/or WebHouse's prospects, any of its products, services, suppliers, sponsors and/or the financial performance or condition of Priceline and/or WebHouse or the value of Priceline and/or WebHouse securities, including without limitation, internal discussions regarding private sales of any Priceline or WebHouse security.

### Response to Request No. 38

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome; (2) it is vague and ambiguous; (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (4) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion; and (5) it seeks documents regarding Jay S. Walker that are outside of Defendants' possession, custody or control. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 39

All documents referring or relating to the posting on Priceline's website of a list of the analysts following the Company and/or recordings of the Company's conference calls, and information regarding the frequency of use of or access to this information by visitors to the website.

### Response to Request No. 39

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome; and

32

(2) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 40

All documents sent to, received from, filed with, or referring or relating to any communications or filings with the Securities and Exchange Commission ("SEC") or any other state or federal regulatory agency or authority of any national, regional, or local stock exchange or securities association (including but not limited to the National Association of Securities Dealers ("NASD") and any subsidiary of NASD, such as NASD Regulation, Inc.) with regard to Priceline, WebHouse or Walker Digital including all exhibits to and drafts of such material, proposed filings and other inquiries or comments to or from any such regulatory authority, and any notes or memoranda of any communications or other meetings regarding or relating to such filings or communications.

Response to Request No. 40

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (4) it seeks documents, including SEC filings, that are obtainable from public sources. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 41

Irrespective of when created, all documents which refer or relate to any investigation or inquiry, whether formal or informal, made of Priceline or of any of its

operating units (including but not limited to WebHouse), officers, directors or employees, including the Individual Defendants, by any attorney, accountant, analyst or the like retained by WebHouse or Priceline to conduct such investigation, by a grand jury, the Better Business Bureau, or any federal, state or non-governmental regulatory agency or body including, without limitation, all documents produced by or on behalf of Priceline and/or WebHouse or any of the Defendants to any such entity and any transcripts of testimony or statements given in connection with such an investigation or inquiry by or on behalf of Priceline and/or WebHouse or relating thereto.

Response to Request No. 41

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "[i]rrespective of when created"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion; and (6) it seeks documents that are subject to the attorney-client or work product privileges or other privileges. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 42

All documents referring or relating to Priceline's, WebHouse's and/or any Individual Defendant's need for capital, including, without limitation, all documents which refer to any cash flow and/or liquidity problems, issues or concerns at Priceline or WebHouse and all documents discussing the amount of capital anticipated to be needed to develop, manufacture or expand Priceline's or WebHouse's business.

34

Response to Request No. 42

        Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Jay S. Walker that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 43

        All files maintained by or on behalf of the Individual Defendants which refer or relate to Priceline and/or WebHouse or Priceline's and/or WebHouse's products and/or services, including, but not limited to, all diaries, calendars, or other systems maintained by or for Defendants concerning or for the purpose of their appointment scheduling.

Response to Request No. 43

        Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Jay S. Walker that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections

prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 44

All documents concerning policies or practice of Priceline and WebHouse regarding the retention or destruction of documents, including any changes or modifications in such policies or practices during the relevant time period.

### Response to Request No. 44

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse that

are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly

burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of

any party to this action and is not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving these objections, Defendants will

produce documents, to the extent such documents exist, sufficient to show priceline's

policies regarding the retention and destruction of documents during the Alleged Class

Period.

### Request No. 45

Irrespective of when created, all documents discussing this lawsuit or any allegations therein.

### Response to Request No. 45

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that it seeks documents prepared in anticipation of or

in the context of the present litigation. Defendants hereby claim such privileges and

protections to the extent implicated by this request, exclude such privileged and protected

documents from their Response and reserve the right not to log such documents. Subject

to and without waiving these objections, Defendants will perform a reasonable search for

documents responsive to this request and will produce to plaintiffs non-privileged

documents that Defendants find.

### Request No. 46

All documents, regardless of when created, referring to, relating to or
constituting any insurance policies or other agreements under which any Defendant may
claim coverage to satisfy all or part of any possible liability for the claims asserted
against any of them in this action.

### Response to Request No. 46

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it is overbroad and unduly burdensome

(including, specifically, the request for documents "regardless of when created"); and (2)

it seeks documents that are not relevant to the claims or defenses of any party to this

action and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants refer plaintiffs to the

documents numbered PCLN 00000001−00000173, which Defendants produced to

plaintiffs on November 18, 2004.

### Request No. 47

All documents, regardless of when created, that refer and/or relate to any
potential, planned or actual expansion of Priceline's and/or WebHouse's operations,
strategic plans, marketing plans or strategies and/or services, including but not limited to
the potential, planned or actual expansion of Priceline's and/or WebHouse's product and
service offerings into other geographical areas and/or product areas including but not
limited to the following:

        (a)    airline tickets and/or travel insurance;

        (b)    hotel rooms;

(c)     vacation packages and/or cruises;

(d)     rental cars (including Insiders Rates (sm) and Name Your Own Price (sm));

(e)     automobiles and automobile parts;

(f)     consumer financial services, including but not limited to insurance, credit cards, home mortgage services, home equity loans and refinancing services;

(g)     telecommunications, including but not limited to long distance telephone calling;

(h)     insurance;

(i)     groceries; and

(j)     gasoline.

Response to Request No. 47

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "regardless of when created"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 48

To the extent not produced in response to any other Request, irrespective of when created, all documents referring or relating to the acquisition, purchase and/or

38

license of products and/or services of Priceline and/or WebHouse, including, but not limited to, documents discussing the timing of and estimated implementation of any Priceline and/or WebHouse license.

Response to Request No. 48

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "irrespective of when created"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 49

All documents that relate or refer to any actual, expected, perceived, potential or anticipated competition and/or competitor of Priceline and/or WebHouse and any comparison of the operations and/or risk posed by any competition and/or competitor including but not limited to:

(a)    Expedia.com, Travelocity.com, Hotwire.com;

(b)    traditional travel agencies;

(c)    consolidators and wholesalers of airline tickets and/or other travel products, including but not limited to consolidators such as Cheaptickets.com and Hotel Reservation Network;

(d)    individual or groups of airlines, hotels, rental car companies, cruise operators and other travel service providers;

(e)    operators of travel industry reservation databases such as Worldspan and Sabre;

      (f)     retailers of gasoline; and

      (g)    grocery retailers.

Response to Request No. 49

      Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 50

      All documents referring or relating to any agreements between or among WebHouse, Priceline and/or Walker Digital or any of them including but not limited to all documents referring or relating to "the WebHouse Agreements," any agreements related to the sharing of patents, and/or any Purchase and Intercompany Services Agreement(s).

Response to Request No. 50

      Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

40

without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 51

All documents referring or relating to any interactions, meetings or communications between personnel associated with WebHouse, Priceline, Perfect Yard Sale, Inc. and/or Walker Digital.

Response to Request No. 51

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse, Walker Digital and Perfect Yard Sale, Inc. or those acting on their behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents regarding "any interactions, meetings or communications"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 52

All documents referring or relating to any promissory note(s) from Walker Digital, Priceline or WebHouse to or from Walker Digital, WebHouse, Priceline or any other entity.

Response to Request No. 52

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse and Walker Digital that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; and (3) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 53

All documents that relate or refer to the need for and/or potential need for Priceline and/or WebHouse to subsidize any discounts applicable to products sold by Priceline, WebHouse and/or any Priceline and/or WebHouse licensee.

Response to Request No. 53

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; and (4) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 54

All documents that relate or refer to complaints by customers or employees concerning shortcomings or defects in the performance, quality, or reliability

42

of any of Priceline's and/or WebHouse's products or services and/or any database or collection of the same.

Response to Request No. 54

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse or those acting on its behalf that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 55

Irrespective of when created, all documents relating to any actual, contemplated or potential contracts, solicitations, agreements, accords, understandings, arrangements, commitments, or the like, and or communications between either any Defendant and/or WebHouse on one hand and any supplier or manufacturer (including suppliers or manufacturers of goods and/or services available for purchase or rent through Priceline and/or WebHouse) on the other hand, including but not limited to:

      (a)     airlines;

      (b)     hotels;

      (c)     rental car companies;

      (d)     automobile dealers and/or manufacturers;

      (e)     banks, insurance companies and/or other businesses and entities in the financial services industry;

(f)    telecommunication companies, including but not limited to long distance telephone carriers;

(g)    grocery manufacturers, advertisers, discounters, wholesalers, distributors and/or retailers; and

(h)    gasoline suppliers, oil companies, advertisers, discounters, wholesalers, retailers and/or dealers.

<u>Response to Request No. 55</u>

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "[i]rrespective of when created"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

<u>Request No. 56</u>

All documents referring or relating to any fees, payments, bills, or invoices between Priceline and/or WebHouse on the one hand and any retail outlet (including but not limited to grocery stores and gasoline stations) through which goods or services offered by Priceline and/or WebHouse were available for pick-up, purchase or rent on the other hand, including but not limited to, contracts, invoices, royalty payments, payments for consulting or technology services.

<u>Response to Request No. 56</u>

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that

are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly

burdensome; (3) it seeks documents that are not relevant to the claims or defenses of any

party to this action and is not reasonably calculated to lead to the discovery of admissible

evidence; and (4) it seeks confidential and competitively sensitive documents that require

additional protections prior to disclosure, as more fully discussed in the Cross-Motion.

Subject to and without waiving these objections, Defendants will perform a reasonable

search for documents responsive to this request and will produce to plaintiffs non-

privileged documents that Defendants find.

### Request No. 57

All documents relating or referring to:

(a)     any payments made to or received from Priceline to WebHouse
        and/or made to or received from WebHouse to Priceline;

(b)     any payments made to or received from Priceline and/or
        WebHouse to Walker Digital and any payments made to and/or
        received from Walker Digital to Priceline and/or WebHouse; and

(c)     any payments made to or received from any third party sponsor,
        retailer, manufacturer, wholesaler or other third party vendor to
        Priceline, WebHouse and/or Walker Digital and/or any payments
        made to or received from Priceline, WebHouse and/or Walker
        Digital to any third party sponsor, retailer, manufacturer,
        wholesaler or other third party vendor.

### Response to Request No. 57

Defendants incorporate their General Objections.  Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse and

Walker Digital that are outside of Defendants' possession, custody or control; (2) it is

overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents

that are not relevant to the claims or defenses of any party to this action and is not

reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks

45

confidential and competitively sensitive documents that require additional protections

prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 58

All documents referring or relating to the use or potential use of any
Priceline and/or WebHouse service, system, network and/or business model by Priceline
and/or WebHouse or any Priceline and/or WebHouse customer, licensee or potential
licensee, including, but not limited to:

      (a)     documents reflecting the beginning and completion date of
            licensee contracts;

      (b)     documents reflecting or relating or referring to customers', retail
            outlets', vendors', and/or licensees' experiences with technology
            associated with Priceline and/or WebHouse;

      (c)     documents reflecting, relating or analyzing any revenues, benefits
            and/or services received by Priceline and/or WebHouse directly or
            indirectly resulting from any licensing agreements;

      (d)     documents reflecting or relating or referring to installations at
            licensee sites, retail outlets and/or vendor sites, including, but not
            limited to any problems experienced by any licensee, retail outlet
            or vendor with technology used to implement the Priceline and/or
            WebHouse business model or service model; and/or

      (e)     documents reflecting or relating or referring to Systems platform(s)
            used to support Priceline's business including but not limited to
            problems with scalability, performance and reliability.

### Response to Request No. 58

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse, as

well as documents regarding the activities and conduct of third parties, that are outside of

Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome;

(3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 59

All documents referring or relating to the installation, maintenance, capacity, functionality, performance, actual or potential market for and/or deficiencies of Priceline's and/or WebHouse's Name Your Own Price demand collection system business model, technology system(s) and/or network(s) or any component of this technology, including but not limited to any documents referring or relating to any perceived, expected, potential or actual deficiencies in the technological capabilities of the apparatus (including but not limited to computers, networks and servers) used to effectuate, develop and/or maintain Priceline's and/or WebHouse's systems, used by Priceline and/or WebHouse and/or any licensee of Priceline and/or WebHouse, including but not limited to:

     (a)    any documents referring or relating to computer problems or system interruptions related to the use of the Name Your Own Price demand collection system;

     (b)    all documents relating to any contracts or communications with Exodus Communications, Inc.;

     (c)    any documents referring or relating to computer problems or systems interruptions related to, or attributable to hardware systems;

     (d)    any documents referring or relating to any database problems experienced by Priceline, WebHouse, any licensee of Priceline and/or WebHouse, and/or any retail outlet selling products through Priceline and/or WebHouse, including but not limited to grocery stores and gasoline stations;

     (e)    any documents referring or relating to any maintenance schedules for computers and computer systems used by Priceline, WebHouse, and/or any licensee of Priceline and/or WebHouse;

(f)    any documents referring or relating to any payments and/or invoices for any work by consultants, programmers, technicians, specialists, contractors, and/or subcontractors used by Priceline, WebHouse and/or any licensee of Priceline and/or WebHouse to install, upgrade, maintain, fix, and/or remove, computers and/or computer systems;

(g)    any documents referring or relating to any estimates, receipts, payments and/or invoices for the purchase, lease, rent or use of any computers, servers, software, network or other technology for use by or on behalf of Priceline, WebHouse and/or any Priceline and/or WebHouse licensee; and

(h)    any documents referring or relating to the use or attempted use of or connection to Priceline's and/or WebHouse's computer system and/or network by retail outlets including but not limited to grocery stores and/or gasoline stations.

Response to Request No. 59

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome; (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 60

Regardless of when created, all research reports, studies, or analyses (irrespective of the identity of the preparer) with respect to:

(a)    Priceline and/or WebHouse;

48

(b)     the development of either WebHouse or Priceline including but not limited to the actual or proposed timetable for the development and/or implementation of Priceline's and/or WebHouse's business model, including without limitation, documents referring or relating to any delays or problems experienced by Priceline and/or WebHouse or any Priceline and/or WebHouse licensee, in the licensing, marketing, service or use of Priceline's Name Your Own Price demand collection system or other business model or system such as the offer processing system and transaction processing system;

(c)     licensing and/or manufacturing practices and/or abilities of Priceline and/or WebHouse with respect to its services or products;

(d)     the actual or potential market or demand for Name Your Own Price airline tickets, groceries, gasoline, or other products and/or services offered by or through Priceline, WebHouse and/or any Priceline and/or WebHouse licensee; and/or

(e)     the demand for Priceline and/or WebHouse securities.

Response to Request No. 60

Defendants incorporate their General Objections.  Defendants further object to this request on the grounds that (1) it seeks documents regarding WebHouse, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly burdensome (including, specifically, the request for documents "[r]egardless of when created" and "irrespective of the identity of the preparer"); (3) it is vague and ambiguous; (4) it seeks documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence; and (5) it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in the Cross-Motion.  Subject to and without waiving these objections, Defendants will perform a reasonable search for documents

49

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 61

All documents referring or relating to any potential, proposed or actual marketing alliances and/or partnerships between Priceline and/or WebHouse on one hand and any other entity(ies) on the other, including but not limited to any marketing alliance and/or partnership with American Express Small Business Service, Alliance Partners, L.P., LendingTree, and/or General Atlantic Partners, LLC. LendingTree, and/or General Atlantic Partners, LLC.

### Response to Request No. 61

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents regarding WebHouse that

are outside of Defendants' possession, custody or control; (2) it is overbroad and unduly

burdensome; (3) it seeks documents that are not relevant to the claims or defenses of any

party to this action; and (4) it seeks confidential and competitively sensitive documents

that require additional protections prior to disclosure, as more fully discussed in the

Cross-Motion. Subject to and without waiving these objections, Defendants will perform

a reasonable search for documents responsive to this request and will produce to

plaintiffs non-privileged documents that Defendants find.

January 10, 2005

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@stam.rc.com

OF COUNSEL:
Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*

51

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of January,

2005 via first class U.S. mail delivery to the following counsel of record:

| Co-Lead Counsel | Liaison Counsel |
| --- | --- |
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

52

| **Attorneys for Defendant Deloitte & Touche LLP** | **Attorneys for Defendant Jay S. Walker** |
|---|---|
| Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>McCarter & English<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel: 860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | Martin Glenn, Esq.<br>Dana C. MacGrath, Esq.<br>O'Melveny & Myers LLP<br>153 East 53rd Street<br>New York, NY 10022<br>Tel: 212-326-2000<br>Fax: 212-326-2061<br><br>Martin Glenn<br>Dana C. MacGrath<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2200<br>Fax: (212) 326-2061<br><br>Albert M. Myers, III, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.** | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols** |
| Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

William J. Kelleher III

53