**EXHIBIT H**

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.      :
SECURITIES LITIGATION      :
_____ :    MASTER FILE NO.
          :    3:00CV018S4(DJS)
This document relates to:      :
          :
    ALL ACTIONS      :

### RESPONSES AND OBJECTIONS OF
### DEFENDANT JAY S. WALKER TO PLAINTIFFS'
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Jay S.

Walker ("Walker") responds and objects to Lead Plaintiffs' First Request for Production of

Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

1.     Walker objects to the Requests, including the definitions and instructions set forth

therein, to the extent that they seek to impose requirements that are in addition to or different

from those set forth in the Federal Rules of Civil Procedure or the Local Civil Rules for the

District of Connecticut. Walker will comply with the Federal Rules and the Local Civil Rules.

2.     Walker objects to the Requests, including the definitions and instructions set forth

therein, to the extent that they seek the production of documents that come within the scope of

the attorney-client privilege, the work-product doctrine, the common defense or mutual interest

privilege, or any other applicable privilege or immunity, or are otherwise exempted from

discovery (collectively, "privileges"). Such documents will not knowingly be produced. Any

production of any such privileged or protected documents in response to any request is

inadvertent and not intended to waive those privileges and protections. Walker hereby claims

such privileges and protections to the extent implicated by each request and will exclude privileged or protected documents from his responses to the Requests. Walker reserves the right to demand that plaintiffs return any privileged or protected documents produced and all copies thereof.

3.      Walker objects to the Requests to the extent that they seek documents prepared in anticipation of or in the context of litigation, including without limitation the present litigation. Walker hereby claims such privileges and protections to the extent implicated by each request, will exclude such privileged and protected documents from his Responses, and reserves the right not to log such documents.

4.      Walker objects to the Requests, including the definitions and instructions set forth therein, to the extent that they call for the disclosure of confidential information including, without limitation, confidential business information, trade secrets or information subject to any third-party confidentiality agreement, order and/or obligation. Walker will not disclose such confidential information without the protection of an appropriate protective order, as more fully described in the pending Cross-Motion for Entry of an Appropriate Protective Order. This objection is not a waiver of Walker's other objections or an agreement to provide information if and when any protective order is entered.

5.      Walker objects to Definitions 6, 9, 10-14, 16, and 18 and Instructions 1, 2, 3, 5(e), 5(f), 6, and 7 of the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on Walker beyond those required by the Federal Rules and the Local Civil Rules.

6.      Walker objects to the Requests, including the definitions and instructions set forth therein, to the extent that they seek information that is not in his possession, custody, or control.

7.    Walker objects to the Requests, including the definitions and instructions set forth therein, to the extent that they seek documents relating to matters outside the scope of this action or documents that are not relevant to any claim or defense of any party to this action, and to the extent that they are not otherwise reasonably calculated to lead to the discovery of admissible evidence in this action. In particular, Walker objects to the definition of the "Relevant Time Period." Walker will produce documents for the putative class period alleged in the Consolidated Amended Complaint, viz., January 27, 2000 to October 4, 2000.

8.    Walker objects to the definition of the term "document" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to require a search of all electronic data without regard for the undue burden and expense of such an undertaking in light of the marginal benefits to be obtained therefrom. Walker further objects to the definition to the extent that it requires the production of metadata. Metadata is not relevant to the claims or defenses of any party, and its production would be unduly burdensome.

9.    Walker objects to the Requests, including the definitions and instructions set forth therein, on the grounds that they are overly broad, unduly burdensome, and harassing.

10.    Walker objects to the Requests, including the definitions and instructions set forth therein, to the extent that they are cumulative or duplicative, or seek documents that are already in the possession of plaintiffs or are obtainable publicly or from some other source that is more convenient, less burdensome, or less expensive, or seek documents that are not in his possession, custody, and control.

11.    Walker is responding to the Requests without waiver of or prejudice to his right at any later time to raise objections as to:  (a) the competence, relevance, materially, privilege,

work product and admissibility as evidence, for any purpose, of (i) the Requests or any part

thereof or (ii) statements made in this response to the Requests or any part thereof; (b) the right

to object to the use of any of the information or documents discussed hereunder in any

subsequent proceedings or the trial of this or any other action; or (c) the right to object on any

ground at any time to a demand for further response to these or other Requests or discovery

requests in this action.

12.     The responses to the Requests provided herein are based on a reasonable search

for responsive documents.  Walker reserves the right at any time to revise, correct, add to,

clarify, or supplement his responses and objections to the Requests at any time.

13.     Each and every General Objection is incorporated, by reference, into the

Response to each and every separately-numbered Request.  All responses are made without

waiver of any of the General Objections stated.

## SPECIFIC RESPONSES AND OBJECTIONS

1.     All documents showing the internal organization, structure and personnel of
Priceline, WebHouse and Walker Digital, including without limitation, documents identifying
the departments, groups, or divisions at Priceline, WebHouse or Walker Digital and the
relationship among such departments, groups, or divisions.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as vague, overly broad, and

not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects

to this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources.  Subject to the foregoing objections and

the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are sufficient to show Priceline's

or WebHouse's organization, structure, and personnel during the alleged Class Period.

     2.     All documents referring or relating to any audit or review of, or other engagement in connection with, Priceline and/or WebHouse performed by any internal or external auditor, accountant, attorney or other consultant including without limitation:

     (a)     accounting workpapers, internal control and management review documents, including management letters, evaluation forms, memoranda, and reports from any accountant or auditor (independent or otherwise) which performed services for Priceline and/or WebHouse; and

     (b)     documents referring or relating to any communications between Priceline and/or WebHouse and any auditors, accountants, attorneys or other consultants and/or sent to or received from such auditors, accountants, attorneys or other consultants.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Cross-Motion for an Appropriate Protective Order (the "Motion"). Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

     3.     All documents concerning the financial relationship between Priceline, WebHouse, and Walker Digital, including without limitation, documents concerning whether Priceline's and WebHouse's financial statements should or should not be combined or consolidated.

     **RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as vague, ambiguous and

overly broad. Walker further objects to this Request on the grounds that it is unduly burdensome

and to the extent that it seeks documents more easily obtainable from other sources. Subject to

the foregoing objections and the General Objections, Walker will perform a reasonable search

for and produce those non-privileged documents in his possession and control, if any, that are

found and that are responsive to this Request.

4.    All documents concerning any other relationship between Priceline, WebHouse, and Walker Digital, including without limitation, the exchange or sharing of administrative support services among Priceline, WebHouse and Walker Digital, common officers and directors, and other management, or infrastructure ties and any employees shared by Priceline, WebHouse, and Walker Digital.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, and

overly broad. Walker further objects to this Request on the grounds that it is unduly burdensome

and assumes disputed facts about Priceline, WebHouse and Walker Digital, and to the extent that

it seeks documents more easily obtainable from other sources. Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

5.    All documents referring or relating to the actual or contemplated business operations of Priceline and/or WebHouse, including but not limited to:
(a)    all documents reflecting or referring to the proposed or actual prices solicited, charged or received for products offered through Priceline and/or WebHouse;
(b)    all documents reflecting the number of orders processed by Priceline and/or WebHouse during a given period, the amount of revenue derived from such orders and the profit margin or lack thereof for such transactions or losses on such transactions;
(c)    all documents reflecting or referring to the characteristics and/or demographics of Priceline and/or WebHouse customers, including but not limited to the number of new

users, how much customers purchased, amount of savings realized by customers, how often customers purchased or whether and how often such customers were repeat customers or Priceline and/or WebHouse;

(d)      all documents from, to or generated by Priceline's and/or WebHouse's network operations center including but not limited to information regarding the number of customers who used Priceline and/or WebHouse during any time period and the number of transactions completed during such time periods;

(e)      all documents regarding the actual or expected impact, financial or otherwise, of promotions run by Priceline and/or WebHouse;

(f)      all documents relating to the amount of subsidies being provided by Priceline and/or WebHouse as to any products being offered, sold or rented through Priceline and/or WebHouse;

(g)      documents referring or relating to membership in WebHouse and revenues associated with membership;

(h)      all documents referring or relating to any actual or contemplated layoffs, reductions in workforce, and/or hiring freezes at Priceline and/or WebHouse; and/or

(i)      all documents identifying individuals with access to any operational reports of Priceline and/or WebHouse.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Cross-Motion for an Appropriate Protective

Order (the "Motion"). Walker further objects to this Request as vague, ambiguous, overly broad,

and not reasonably calculated to lead to the discovery of admissible evidence. Walker further

objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources. Walker further objects to this Request on

the grounds that it is cumulative and duplicative of previous requests and is so overly broad as to

render cumulative and duplicative virtually every individual request that follows. Subject to the

foregoing objections and the General Objections, Walker will perform a reasonable search for

and produce those non-privileged documents in his possession and control, if any, that are found

and that are responsive to this Request.

6.    All documents referring or relating to the actual, historical, contemplated or projected financial results of Priceline and/or WebHouse, including without limitation,

(a)    all documents that calculate on a historical basis the sales, revenues, royalties, pretax income, net income, profit margins, operating results, expenses, sales backlog, inventory, costs of sales and/or expenses at Priceline and/or WebHouse and any Omnibus Plan(s) for 1999, 2000, or 2001;

(b)    all documents constituting any Priceline or WebHouse budget, projection, forecast or estimate of Priceline's and/or WebHouse's revenue, orders or sales, profits, royalties, costs or royalty payments pursuant to any agreement, pretax income, net income, profit margins, operating results, expenses, inventory, costs of sales and/or expenses utilized or relied on in creating, or referring to, any budgets, forecasts or estimates of the projected or actual number or volume of Priceline and/or WebHouse orders or sales, profits, expenses, costs, and/or products and/or services to be supplied or provided by Priceline and/or WebHouse; and/or referring or relating to any changes in such budgets, forecasts or estimates including the reasons for such changes and the amount;

(c)    all documents which refer or relate to any comparisons of actual financial or business results to any financial or business plans, forecasts, or projections for Priceline and/or WebHouse; and

(d)    all documents referring or relating to any actual or contemplated restatement of results for Priceline and/or WebHouse for any period.

**RESPONSE:**   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as vague, ambiguous and

overly broad.  Walker further objects to this Request on the grounds that it is unduly burdensome

and to the extent that it seeks documents more easily obtainable from other sources.  Subject to

the foregoing objections and the General Objections, Walker will perform a reasonable search

for and produce those non-privileged documents in his possession and control, if any, that are

found and that are responsive to this Request.

7.    All documents which refer or relate to periodic reports (including, but not limited to annual reports, quarterly reports, weekly reports, biweekly reports, daily reports and the like) proxy materials, press releases, or brokerage reports and promotional material which were received by any Defendant and/or prepared or disseminated by or on behalf of any

Defendant to the security holders of Priceline and/or WebHouse, to the public or to one or more members of the investment community, including financial institutions and brokerage houses.

**RESPONSE:** Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

8.    All documents, including, without limitation, financial statements and/or progress reports, referring or relating to any tracking of fees, expenses, and/or costs involved in the service, use, license, and/or installation of any Priceline and/or WebHouse product, service, business model, license and/or system.

**RESPONSE:** Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

9.      Regardless of the time period, all documents referring or relating to the
formation and/or termination of WebHouse, priceline.com, LLC and Priceline Travel Inc., as
legal entities or otherwise, including but not limited to any communications regarding the timing
of the formation or termination of each and documents referring any actual or contemplated
mergers or other combinations or consolidations involving these entities.

**RESPONSE:**   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker

further objects to this Request on the grounds that it is unduly burdensome and to the extent that

it seeks documents more easily obtainable from other sources. Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

10.     All documents regarding the financing and/or capitalization of any aspect of
WebHouse.

**RESPONSE:**   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, and

overly broad. Walker further objects to this Request on the grounds that it is unduly burdensome

and to the extent that it seeks documents more easily obtainable from other sources. Subject to

the foregoing objections and the General Objections, Walker will perform a reasonable search

for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

11.    All documents, regardless of when created, that refer or relate to the by-laws, articles of incorporation or other governing documents for Priceline, WebHouse and/or Walker Digital.

RESPONSE:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

12.    All documents concerning any meetings of Priceline or the Board of Directors at Priceline, WebHouse or Walker Digital and the committees and subcommittees thereunder, including without limitation:

    (a)    all documents presented at, prepared for, disseminated at, or prepared after, any Board meetings, committee meetings or subcommittee meetings;

    (b)    all documents including agendas, emails, reports, notes, taken at, minutes, and all correspondence in connection with any Board meetings, committee meetings, or subcommittee meetings; and

    (c)    all documents concerning the actual or contemplated appointment of directors to the Priceline, WebHouse or Walker Digital Board of Directors.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

13.    All documents that refer or relate to any compensation and/or other benefits, remuneration or emoluments received or to be received by any of the answering Defendants or members of their family or in-laws (extending to the second degree of consanguinity) including, without limitation, employment contracts or agreements by, for and/or among the Individual Defendants.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential, personal information about the compensation of individuals that requires additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will

perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

14.    All documents that refer or relate to any contemplated or actual work performed by any executive recruiter(s) for or on behalf of Priceline and/or WebHouse.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

15.    All documents, including but not limited to correspondence, memoranda, email and handwritten notes, concerning management changes at Priceline or WebHouse, including without limitation, all documents that refer or relate to the hiring of and departure or resignation of Heidi Miller and Maryann Keller from executive positions at Priceline.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

16.     All documents relating to Priceline's and/or WebHouse's annual or special
shareholders' meetings, including but not limited to:

(a)     agenda, minutes and/or transcripts/tapes thereof;

(b)     copies of speeches or presentations by Priceline and/or WebHouse representatives
or agents and drafts thereof;

(c)     scripts or drafts of actual or anticipated shareholders' questions and answers
thereto; and

(d)     memoranda, notes and/or agendas for or relating to such meetings.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources. Subject to the foregoing objections and

the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

17.     All documents referring or relating to any agreements, loans, financings, sales,
purchases, rental agreements or other such transaction(s) between or among Priceline and/or
WebHouse, on the one hand, and any of the Individual Defendants and/or Walker Digital, on the
other.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker

further objects to this Request on the grounds that it is unduly burdensome and to the extent that

it seeks documents more easily obtainable from other sources. Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

18.    All documents referring or relating to any loan agreements obtained by or
applied for by Priceline and/or WebHouse including, without limitation, any secured or
unsecured credit facilities and for each produce the following:

(a)    all documents referring or relating to any communications including, without
limitation, negotiations, relating to any such agreement or application;

(b)    all drafts or preliminary versions of such agreements;

(c)    all compliance or default notices referring or relating to such agreements;

(d)    all documents or reports created by any federal or state agency referring or
relating to such loan agreements;

(e)    all documents provided to any bank or other financial institution as part of
Priceline's and/or WebHouse's application for or obtaining of any such agreement;

(f)    all documents referring or relating to any borrowings made on any such loan
agreement or any repayments thereof;

(g)    all documents referring or relating to any actual or proposed waiver, extension or
modification of any such agreement; and

(h)    all documents referring or relating to any borrowing restrictions imposed by such
agreement and Priceline's and/or WebHouse's compliance with such borrowing
restrictions including, without limitation, any restrictions relating to Priceline's and/or
WebHouse's income, stock price, bond rating, net worth and/or total indebtedness.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

19.    All documents referring or relating to:
(a)    the market for or marketability of Priceline and/or WebHouse securities;
(b)    the price of Priceline and/or WebHouse securities;
(c)    movements in the price of Priceline and/or WebHouse securities;
(d)    planned, proposed or actual efforts to support or stabilize the price of Priceline and/or WebHouse securities;
(e)    the possibility of declines or increases in the price of Priceline and/or WebHouse securities;
(f)    the strike price of any Priceline and/or WebHouse securities;
(g)    the desirability of maintaining or increasing the price of Priceline and/or WebHouse securities; and/or
(h)    efforts to maintain, increase or avoid a decline in the price of Priceline and/or WebHouse securities.

**RESPONSE:**    Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

20.    All documents referring or relating to any proposed or actual offering of Priceline's and/or WebHouse's securities, whether public or private.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker

further objects to this Request on the grounds that it is unduly burdensome and to the extent that

it seeks documents more easily obtainable from other sources.  Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

21.    To the extent not produced in response to any other Request, all documents relating or referring to any warrants or other securities of, or relating to, WebHouse held by any Defendant (regardless of the time period), all valuation reports and any actual or contemplated updates pertaining to or referencing valuations of such warrants or other securities, certificates or other evidence of interest in such warrants or other securities, contemplated or actual charges taken related to such warrants, the timing of actual charges taken, and proposed, draft or filed registration statements, fairness opinions, and/or other documents referring or relating to such warrants or securities.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from public sources or other sources that are more convenient,

less burdensome, or less expensive.  Subject to the foregoing objections and the General

Objections, Walker will perform a reasonable search for and produce those non-privileged

documents in his possession and control, if any, that are found and that are responsive to this Request.

22.     All documents discussing, reflecting, referring, relating to or analyzing the accounting treatment of any securities owned, directly or indirectly, by the Individual Defendants, Priceline, WebHouse and/or Walker Digital.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

23.     All documents referring or relating to any contemplated or actual work performed or to be performed by any valuation firm or entity (including but not limited to Murray Devine & Co., Inc.) on behalf of or requested by Priceline, WebHouse and/or any Individual Defendant.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as vague, overly broad, and, in part, not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

24.    All documents referring or relating to negotiations between

(a)    Priceline and/or WebHouse, and

(b)    any selling or purchasing stock holders and any underwriters or other parties facilitating such transactions relating to the offering price or valuation of Priceline's and/or WebHouse's securities in any public or private offering including, without limitation, documents referring or relating to the prevailing market conditions for such securities.

RESPONSE:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

25.    All documents referring or relating to any Defendant's purchase or sale of Priceline stock, including, but not limited to, Defendant Walker's purchase of Priceline.com stock from Delta Airlines or any other entity.

RESPONSE:    Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as overly broad and not reasonably calculated to lead to the discovery of admissible

evidence. Walker further objects to this Request on the grounds that it is unduly burdensome

and to the extent that it seeks documents more easily obtainable from other sources. Subject to

the foregoing objections and the General Objections, Walker will perform a reasonable search

for and produce those non-privileged documents in his possession and control, if any, that are

found and that are responsive to this Request.

    26.      All documents referring or relating to any actual or proposed direct and/or
indirect investments in Priceline, WebHouse and/or any other Priceline licensee by:

        (a)     any Defendant;
        (b)     Prince Alwaleed bin Talal;
        (c)     Walker Digital;
        (d)     Perfect Yard Sale, Inc.;
        (e)     MYPrice Pty LTD ACN;
        (f)     Hutchison Whampoa Limited;
        (g)     Vulcan Ventures;
        (h)     Liberty Media; and/or
        (i)     any other entity.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

27.     All documents which analyze, comment upon, or otherwise refer to any policy of Priceline and/or WebHouse regarding the purchase or sale of Priceline and/or WebHouse securities by officers and directors generally, or by the Individual Defendants in particular.

**RESPONSE**:     Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources. Subject to the foregoing objections and

the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

28.     All stock transfer records and shareholder lists or any other documents identifying purchasers or holders of Priceline and/or WebHouse securities during the Class Period.

**RESPONSE**:     Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources. Subject to the foregoing objections and

the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

29.    All documents which refer or relate to the amount of monies and/or profit realized on the purchase, acquisition, transfer or sale of any Priceline or WebHouse security by any Individual Defendant and/or Priceline and/or WebHouse in any stock offering and/or other financial transaction, whether public or private, regardless of the time period, including all documents which analyze, evidence, comment upon, or otherwise refer to purchases and/or sales of Priceline and/or WebHouse securities by any of the Individual Defendants, by any officer or director of Priceline and/or WebHouse or any member of their families or persons acting on their behalf, including, without limitation, the confirmation slips for each such transaction and any Forms 3, 4 and 144 filed with the SEC.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents, including Forms 3, 4, and 144 that are publicly available.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

30.    All documents relating or referring to any warrants or other securities of Priceline and/or WebHouse that were offered to and/or received by any airline company including but not limited to Participation Warrant Agreements.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

31.    All documents relating or referring to any communications provided by or on behalf of Priceline and/or WebHouse to or received from any media outlet, reporter, securities analyst, brokerage firm, money manager, investment banker or stock exchange relating in any way to Priceline and/or WebHouse, including, but not limited to, past financial or business results or to future projections of financial or business results or expectations for Priceline and/or WebHouse, and, each document memorializing any oral communications.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker

further objects to this Request on the grounds that it is unduly burdensome and to the extent that

it seeks documents more easily obtainable from other sources.  Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

32.    All documents referring or relating to Priceline's and/or WebHouse's actual or proposed plans (or consideration of such plans) to charge WebHouse's customers a monthly fee, including any documents referring or relating to any decision to adopt or abandon charging this fee.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as vague, ambiguous, overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker

further objects to this Request on the grounds that it is unduly burdensome and to the extent that

it seeks documents more easily obtainable from other sources.  Subject to the foregoing

objections and the General Objections, Walker will perform a reasonable search for and produce

those non-privileged documents in his possession and control, if any, that are found and that are

responsive to this Request.

33.   All documents relating or referring to any sales presentation, strategy or plan
utilized or considered by Priceline and/or WebHouse or any Priceline and/or WebHouse officer,
director, contractor, agent, or employee, directed at any actual or potential Priceline and/or
WebHouse supplier, including all manuals relating to sales or customer relations, pricing lists,
handbooks, directives, memos, incentive deals, and the like.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

34.   All documents relating or referring to any advertising, marketing, sales
presentation, strategy or plan utilized or considered by Priceline and/or WebHouse or any
Priceline and/or WebHouse officer, director, contractor, agent, or employee, directed at any
actual or potential Priceline and/or WebHouse customer, including without limitation:

   (a)   all manuals relating to sales or customer relations, pricing lists, handbooks,
   directives, memos, incentive deals, discounts and the like, and all documents referring or
   relating to communications with William Shatner; and

   (b)   all documents referring or relating to any agreements, plans, attempts or
   discussions regarding Adaptive Marketing Programs (including adaptive promotions and

adaptive cross selling), co-branding, co-positioning and/or co-marketing either Priceline's or WebHouse's brands, services or products.

**RESPONSE:** Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

35.     All documents referring or relating to the posting on Priceline's website a list of the analysts following the Company and/or recordings of the Company's conference calls, and information regarding the frequency of use of or access to this information by visitors to the website.

**RESPONSE:** Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

36.     All documents concerning the pricing of products and/or acceptances of bids for products offered through Priceline, WebHouse and/or any Priceline and/or WebHouse licensee, including all documents regarding different pricing models for different customers based on frequency of use and/or geographical location.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

37.     All documents relating or referring to any public statements of any Defendant concerning Priceline, Walker Digital or WebHouse.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents obtainable from public sources, and to the extent that it seeks documents more easily

obtainable from other sources.  Subject to the foregoing objections and the General Objections,

Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

38.    Any and all documents relating or referring to or evidencing private statements of any Defendant concerning Priceline or WebHouse's services, operations, projects, the planned expansion of either, whether by market or products, customers or the market for their securities or products during the relevant time period, documents referring or relating to interviews or other statements made by any Defendant, discussing Priceline's and/or WebHouse's prospects, any of its products, services, suppliers, sponsors and/or the financial performance or condition of Priceline and/or WebHouse or the value of Priceline and/or WebHouse securities, including without limitation, internal discussions regarding private sales of any Priceline or WebHouse security.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

39.    All documents referring or relating to the posting on Priceline's website of a list of the analysts following the Company and/or recordings of the Company's conference calls, and information regarding the frequency of use of or access to this information by visitors to the website.

**RESPONSE**:   Walker objects to this Request as duplicative of Request No. 35, and incorporates his Response to Request No. 35 as if stated fully herein.

40.     All documents sent to, received from, filed with, or referring or relating to any communications or filings with the Securities and Exchange Commission ("SEC") or any other state or federal regulatory agency or authority of any national, regional, or local stock exchange or securities association (including but not limited to the National Association of Securities Dealers ("NASD") and any subsidiary of NASD, such as NASD Regulation, Inc.) with regard to Priceline, WebHouse or Walker Digital including all exhibits to and drafts of such material, proposed filings and other inquiries or comments to or from any such regulatory authority, and any notes or memoranda of any communications or other meetings regarding or relating to such filings or communications.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents obtainable from public sources, and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

41.     Irrespective of when created, all documents which refer or relate to any investigation or inquiry, whether formal or informal, made of Priceline or of any of its operating units (including but not limited to WebHouse), officers, directors or employees, including the Individual Defendants, by any attorney, accountant, analyst or the like retained by WebHouse or Priceline to conduct such investigation, by a grand jury, the Better Business Bureau, or any federal, state or non-governmental regulatory agency or body including, without limitation, all documents produced by or on behalf of Priceline and/or WebHouse or any of the Defendants to any such entity and any transcripts of testimony or statements given in connection with such an investigation or inquiry by or on behalf of Priceline and/or WebHouse or relating thereto.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

42.     All documents referring or relating to Priceline's, WebHouse's and/or any
Individual Defendant's need for capital, including, without limitation, all documents which refer
to any cash flow and/or liquidity problems, issues or concerns at Priceline or WebHouse and all
documents discussing the amount of capital anticipated to be needed to develop, manufacture or
expand Priceline's or WebHouse's business.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

43.     All files maintained by or on behalf of the Individual Defendants which refer or
relate to Priceline and/or WebHouse or Priceline's and/or WebHouse's products and/or services,
including, but not limited to, all diaries, calendars, or other systems maintained by or for
Defendants concerning or for the purpose of their appointment scheduling.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

44.     All documents concerning policies or practice of Priceline and WebHouse
regarding the retention or destruction of documents, including any changes or modifications in
such policies or practices during the relevant time period.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request as overly broad and not

reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to

this Request on the grounds that it is unduly burdensome and to the extent that it seeks

documents more easily obtainable from other sources.  Subject to the foregoing objections and

the General Objections, Walker will perform a reasonable search for and produce those non-

privileged documents in his possession and control, if any, that are found and that are responsive

to this Request.

45.     Irrespective of when created, all documents discussing this lawsuit or any
allegations therein.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Walker further objects to this request on the grounds that it seeks documents prepared in anticipation of or in the context of the present litigation.  Walker hereby claims such privileges and protections to the extent implicated by this request, excludes such privileged and protected documents from his Response, and reserves the right not to log such documents.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

46.    All documents, regardless of when created, referring to, relating to or constituting any insurance policies or other agreements under which any Defendant may claim coverage to satisfy all or part of any possible liability for the claims asserted against any of them in this action.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

47.    All documents, regardless of when created, that refer and/or relate to any potential, planned or actual expansion of Priceline's and/or WebHouse's operations, strategic plans, marketing plans or strategies and/or services, including but not limited to the potential, planned or actual expansion of Priceline's and/or WebHouse's product and service offerings into other geographical areas and/or product areas including but not limited to the following:

      (a)     airline tickets and/or travel insurance;

      (b)     hotel rooms;

      (c)     vacation packages and/or cruises;

      (d)     rental cars (including Insiders Rates (sm) and Name Your Own Price (sm));

      (e)     automobiles and automobile parts;

      (f)     consumer financial services, including but not limited to insurance, credit cards, home mortgage services, home equity loans and refinancing services;

      (g)     telecommunications, including but not limited to long distance telephone calling;

      (h)     insurance;

      (i)     groceries; and

      (j)     gasoline.

**RESPONSE**:    Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

48.    To the extent not produced in response to any other Request, irrespective of when created, all documents referring or relating to the acquisition, purchase and/or license of products and/or services of Priceline and/or WebHouse, including, but not limited to, documents discussing the timing of and estimated implementation of any Priceline and/or WebHouse license.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

49.     All documents that relate or refer to any actual, expected, perceived, potential or anticipated competition and/or competitor of Priceline and/or WebHouse and any comparison of the operations and/or risk posed by any competition and/or competitor including but not limited to:
- (a)     Expedia.com, Travelocity.com, Hotwire.com;
- (b)     traditional travel agencies;
- (c)     consolidators and wholesalers of airline tickets and/or other travel products, including but not limited to consolidators such as Cheaptickets.com and Hotel Reservation Network;
- (d)     individual or groups of airlines, hotels, rental car companies, cruise operators and other travel service providers;
- (e)     operators of travel industry reservation databases such as Worldspan and Sabre;
- (f)     retailers of gasoline; and
- (g)     grocery retailers.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

50.    All documents referring or relating to any agreements between or among WebHouse, Priceline and/or Walker Digital or any of them including but not limited to all documents referring or relating to "the WebHouse Agreements," any agreements related to the sharing of patents, and/or any Purchase and Intercompany Services Agreement(s).

**RESPONSE:**    Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

51.    All documents referring or relating to any interactions, meetings or communications between personnel associated with WebHouse, Priceline, Perfect Yard Sale, Inc. and/or Walker Digital.

**RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

     52.     All documents referring or relating to any promissory note(s) from Walker Digital, Priceline or WebHouse to or from Walker Digital, WebHouse, Priceline or any other entity.

     **RESPONSE**: Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

53.    All documents that relate or refer to the need for and/or potential need for Priceline and/or WebHouse to subsidize any discounts applicable to products sold by Priceline, WebHouse and/or any Priceline and/or WebHouse licensee.

**RESPONSE**:    Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

54.    All documents that relate or refer to complaints by customers or employees concerning shortcomings or defects in the performance, quality, or reliability of any of Priceline's and/or WebHouse's products or services and/or any database or collection of the same.

**RESPONSE**:    Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

55.    Irrespective of when created, all documents relating to any actual, contemplated
or potential contracts, solicitations, agreements, accords, understandings, arrangements,
commitments, or the like, and or communications between either any Defendant and/or
WebHouse on one hand and any supplier or manufacturer (including suppliers or manufacturers
of goods and/or services available for purchase or rent through Priceline and/or WebHouse) on
the other hand, including but not limited to:
  (a)    airlines;
  (b)    hotels;
  (c)    rental car companies;
  (d)    automobile dealers and/or manufacturers;
  (e)    banks, insurance companies and/or other businesses and entities in the financial
  (f)    services industry;
  (g)    telecommunication companies, including but not limited to long distance
  (h)    telephone carriers;
  (i)    grocery manufacturers, advertisers, discounters, wholesalers, distributors and/or
  (j)    retailers; and
  (k)    gasoline suppliers, oil companies, advertisers, discounters, wholesalers, retailers
  (l)    and/or dealers.

**RESPONSE:**  Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence. Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

56.     All documents referring or relating to any fees, payments, bills, or invoices between Priceline and/or WebHouse on the one hand and any retail outlet (including but not limited to grocery stores and gasoline stations) through which goods or services offered by Priceline and/or WebHouse were available for pick-up, purchase or rent on the other hand, including but not limited to, contracts, invoices, royalty payments, payments for consulting or technology services.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

57.     All documents relating or referring to:
(a)     any payments made to or received from Priceline to WebHouse and/or made to or
(b)     received from WebHouse to Priceline;
(c)     any payments made to or received from Priceline and/or WebHouse to Walker
Digitial and any payments made to and/or received from Walker Digitial to Priceline
and/or WebHouse; and
(d)     any payments made to or received from any third party sponsor, retailer,
manufacturer, wholesaler or other third party vendor to Priceline, WebHouse and/or
Walker Digital and/or any payments made to or received from Priceline, WebHouse
and/or Walker Digital to any third party sponsor, retailer, manufacturer, wholesaler or
other third party vendor.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

58.     All documents referring or relating to the use or potential use of any Priceline
and/or WebHouse service, system, network and/or business model by Priceline and/or
WebHouse or any Priceline and/or WebHouse customer, licensee or potential licensee, including,
but not limited to:
(a)     documents reflecting the beginning and completion date of licensee contracts;
(b)     documents reflecting or relating or referring to customers', retail outlets',
vendors', and/or licensees' experiences with technology associated with Priceline and/or
WebHouse;
(c)     documents reflecting, relating or analyzing any revenues, benefits and/or services
received by Priceline and/or WebHouse directly or indirectly resulting from any licensing
agreements;
(d)     documents reflecting or relating or referring to installations at licensee sites, retail
outlets and/or vendor sites, including, but not limited to any problems experienced by any
licensee, retail outlet or vendor with technology used to implement the Priceline and/or
WebHouse business model or service model; and/or
(e)     documents reflecting or relating or referring to Systems platform(s) used to
support Priceline's business including but not limited to problems with scalability,
performance and reliability.

**RESPONSE**:   Walker objects to this Request to the extent that it seeks documents

protected by the attorney-client privilege, work product doctrine, or other privileges, as defined

in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks

confidential and competitively sensitive documents that require additional protections prior to

disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this

Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the

discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is

unduly burdensome and to the extent that it seeks documents more easily obtainable from other

sources.  Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

        59.    All documents referring or relating to the installation, maintenance, capacity,
functionality, performance, actual or potential market for and/or deficiencies of Priceline's
and/or WebHouse's Name Your Own Price demand collection system business model,
technology system(s) and/or network(s) or any component of this technology, including but not
limited to any documents referring or relating to any perceived, expected, potential or actual
deficiencies in the technological capabilities of the apparatus (including but not limited to
computers, networks and servers) used to effectuate, develop and/or maintain Priceline's and/or
WebHouse's systems, used by Priceline and/or WebHouse and/or any licensee of Priceline
and/or WebHouse, including but not limited to:
        (a)    any documents referring or relating to computer problems or system interruptions
        elated to the use of the Name Your Own Price demand collection system;
        (b)    all documents relating to any contracts or communications with Exodus
        Communications, Inc.;
        (c)    any documents referring or relating to computer problems or systems
        interruptions related to, or attributable to hardware systems;
        (d)    any documents referring or relating to any database problems experienced by
        Priceline, WebHouse, any licensee of Priceline and/or WebHouse, and/or any retail outlet
        selling products through Priceline and/or WebHouse, including but not limited to grocery
        stores and gasoline stations;
        (e)    any documents referring or relating to any maintenance schedules for computers
        and computer systems used by Priceline, WebHouse, and/or any licensee of Priceline
        and/or WebHouse;
        (f)    any documents referring or relating to any payments and/or invoices for any work
        by consultants, programmers, technicians, specialists, contractors, and/or subcontractors
        used by Priceline, WebHouse and/or any licensee of Priceline and/or WebHouse to
        install, upgrade, maintain, fix, and/or remove, computers and/or computer systems;
        (g)    any documents referring or relating to any estimates, receipts, payments and/or
        invoices for the purchase, lease, rent or use of any computers, servers, software, network
        or other technology for use by or on behalf of Priceline, WebHouse and/or any Priceline
        and/or WebHouse licensee; and

(h)    any documents referring or relating to the use or attempted use of or connection to Priceline's and/or WebHouse's computer system and/or network by retail outlets including but not limited to grocery stores and/or gasoline stations.

**RESPONSE**:  Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2.  Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion.  Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources.  Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

60.    Regardless of when created, all research reports, studies, or analyses (irrespective of the identity of the preparer) with respect to:
(a)    Priceline and/or WebHouse;
(b)    the development of either WebHouse or Priceline including but not limited to the actual or proposed timetable for the development and/or implementation of Priceline's and/or WebHouse's business model, including without limitation, documents referring or relating to any delays or problems experienced by Priceline and/or WebHouse or any Priceline and/or WebHouse licensee, in the licensing, marketing, service or use of Priceline's Name Your Own Price demand collection system or other business model or system such as the offer processing system and transaction processing system;
(c)    licensing and/or manufacturing practices and/or abilities of Priceline and/or WebHouse with respect to its services or products;
(d)    the actual or potential market or demand for Name Your Own Price airline tickets, groceries, gasoline, or other products and/or services offered by or through Priceline, WebHouse and/or any Priceline and/or WebHouse licensee; and/or
(e)    the demand for Priceline and/or WebHouse securities.

**RESPONSE:**   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request.

61.     All documents referring or relating to any potential, proposed or actual marketing alliances and/or partnerships between Priceline and/or WebHouse on one hand and any other entity(ies) on the other, including but not limited to any marketing alliance and/or partnership with American Express Small Business Service, Alliance Partners, L.P., LendingTree, and/or General Atlantic Partners, LLC. LendingTree, and/or General Atlantic Partners, LLC.

**RESPONSE:**   Walker objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or other privileges, as defined in General Objection No. 2. Walker further objects to this Request on the grounds that it seeks confidential and competitively sensitive documents that require additional protections prior to disclosure, as more fully discussed in Defendants' Motion. Walker further objects to this Request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Walker further objects to this Request on the grounds that it is unduly burdensome and to the extent that it seeks documents more easily obtainable from other sources. Subject to the foregoing objections and the General Objections, Walker will perform a

reasonable search for and produce those non-privileged documents in his possession and control,

if any, that are found and that are responsive to this Request.

Dated: January 10, 2005.

DEFENDANT JAY S. WALKER

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel: (203) 961-7400
Fax: (203) 359-3031
douglasconroy@paulhastings.com
pauldehmel@paulhastings.com

J. Allen Maines (phv0013)
Albert M. Myers III (phv0012)
Michael B. Arnold (phv0011)
Robert D. Zebro (phv0010)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street NE, Suite 2400
Atlanta, GA 30308
Tel: (404) 815-2400
Fax: (404) 815-2424
allenmaines@paulhastings.com
almyers@paulhastings.com
michaelarnold@paulhastings.com
robertzebro@paulhastings.com