**EXHIBIT J**

DRS/EC/GJ

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.            :
SECURITIES LITIGATION                 :
                                      :    MASTER FILE NO.
_____   :    3:00CV018S4(DJS)
                                      :
This document relates to:             :
                                      :
    ALL ACTIONS                       :

### RESPONSES AND OBJECTIONS OF DEFENDANT JAY S. WALKER TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Jay S. Walker ("Walker") responds and objects to Lead Plaintiffs' First Set of Interrogatories Directed at All Defendants (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

1.    Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent that they seek to impose requirements with respect to the answering of interrogatories that are in addition to or different from those set forth in Federal Rules of Civil Procedure or the Local Civil Rules for the District of Connecticut. Walker will comply with the Federal Rules and the Local Civil Rules.

2.    Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent that they seek the disclosure of information that comes within the scope of the attorney-client privilege, the work-product doctrine, the common defense or mutual interest privilege, or any other applicable privilege or immunity, or are otherwise exempted from discovery (collectively, "privileges"). Such information will not knowingly be disclosed. Any disclosure of any such privileged or protected information in response to any request is inadvertent and not intended to waive those privileges and protections. Walker hereby

7.    Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, on the grounds that they are overly broad, unduly burdensome, and harassing.

8.    Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent they seek information that is already in the possession of plaintiffs, or cumulative or duplicative, or is obtainable from public sources or from some other source that is more convenient, less burdensome or less expensive.

9.    Walker is providing this response without waiver of or prejudice to his right at any later time to raise objections as to:  (a) the competence, relevance, materially, privilege, work product and admissibility as evidence, for any purpose, of (i) the Interrogatories or any part thereof or (ii) statements made in this response to the Interrogatories or any part thereof; (b) the right to object to the use of any of the information or documents discussed hereunder in any subsequent proceedings or the trial of this or any other action; or (c) the right to object on any ground at any time to a demand for further response to these or other interrogatories or discovery requests in this action.

10.    The answers to the Interrogatories provided herein are based on a reasonable search for responsive information.  Walker reserves the right at any time to revise, correct, add to, clarify, or supplement their responses and objections to the Interrogatories at any time.

11.    Each and every General Objection is incorporated, by reference, into the Response to each and every separately-numbered Interrogatory.  All responses are made without waiver of any of the General Objections stated.

12.    Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent the answers sought may be derived or ascertained from

business records and other documents, or an examination, audit, or inspection of such business records and documents, that will be produced by one or more defendants in response to Plaintiffs' First Request for Production of Documents to All Defendants, and the burden of deriving or ascertaining those answers is substantially the same for plaintiffs as for Walker.

## SPECIFIC RESPONSES AND OBJECTIONS

1.    Identify all persons, including but not limited to Priceline's employees, officers, directors, and/or agents, who were involved in making, commenting on and/or reviewing, in advance of the publication or release, any public statements made by Priceline, WebHouse or Walker Digital.

## RESPONSE

Walker objects to Interrogatory 1 to the extent that it seeks information regarding the activities and conduct of third parties that is outside his possession, custody, or control. Walker further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, upon information and belief, Walker states that the following persons made, commented upon, and/or reviewed in advance of their public dissemination Priceline's press releases, public filings, and statements during analyst conferences during the alleged Class Period:[1]

  Richard S. Braddock[2]
  Thomas P. D'Angelo[3]

---

[1] Individuals whose names are underlined herein are represented by, and may only be contacted through, counsel for defendants Priceline.com Inc., N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock.

[2] Titles for individuals previously identified in Defendants' Initial Disclosures Pursuant to Rule 26(a)(1) ("Defendants' Initial Disclosures") are incorporated by reference from that document.

Brian Ek, Vice President, Communications[4]
Paul Francis
Heidi Miller
Robert Mylod
Dan Rubenstein
Daniel H. Schulman
Jay S. Walker[5]

In addition, Walker states that, upon information and belief, inside and/or outside counsel

for Priceline were similarly involved with respect to such statements.

Walker further states that the following persons were similarly involved with respect to

WebHouse's press releases, public filings, and verbal statements:

Paul Francis
Kevin Goldman, Senior Vice President, Communications
Jay S. Walker, Founder

2.    To the extent not already identified, specifically identify the individual(s) at
Priceline and/or WebHouse, or those acting on behalf of Priceline and/or WebHouse, who
provided the factual basis for any of the statements contained in the following paragraphs of
Plaintiffs' Consolidated Amended Complaint:

a.    115(b);
b.    116 (a), (b), (c), (g), (h), (r);
c.    122(b), (e), (h), (k), (p), (s);
d.    123(a), (c)
e.    124 (a), (f);
f.    125(a), (b), (c), (e), (f), (g), (h), (k), (1), (m), (n), (p), (q);
g.    136;
h.    139;
i.    147(a), (c), (e),(f); and
j.    148 (d), (e), (f), (g);

and for each, identify all communications made by such person to the entity publishing such
statement.

---

(...continued)

[3] Last known addresses for individuals previously identified in Defendants' Initial Disclosures
may be found in that document and are incorporated by reference.

[4] For individuals not previously identified in Defendants' Initial Disclosures, last known
addresses, where known, may be found in an alphabetical index contained within Appendix A
hereto.

[5] Mr. Walker may be contacted only through undersigned counsel.

further objects to this interrogatory on the grounds that it seeks confidential and competitively

sensitive information that requires additional protections prior to disclosure, as more fully

addressed in defendants' pending Cross-Motion for an Appropriate Protective Order.

6.      Identify all persons and/or entities involved on behalf of Priceline, WebHouse
and/or Walker Digital in the negotiation of the agreements referred to in Plaintiffs' Consolidated
Amended Complaint at paragraphs 28 and 41(f), between Priceline, WebHouse and/or Walker
Digital and, for each, set forth their involvement.

## RESPONSE

Walker objects to Interrogatory 6 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks

information that can be obtained through other, less burdensome means of discovery. Subject to

all objections and without waiving any objections, Walker states that he lacks knowledge of

information sufficient to answer this interrogatory.

7.      Identify all persons involved in making the decision to form WebHouse as a
private, closely held, off-the-books affiliate and licensee of Priceline, and/or the decision to
exclude WebHouse's financial performance from Priceline's financial reports, and for each such
person, identify the nature of their involvement.

## RESPONSE

Walker objects to Interrogatory 7 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence; that it seeks

information that can be obtained through other, less burdensome means of discovery; that it

assumes disputed facts and/or legal conclusions; and that it mischaracterizes the relationship

between Priceline and WebHouse and Priceline's accounting and financial statements. Subject

to all objections and without waiving any objections, Walker states that the principal participants

in the formation of WebHouse were:

Paul Francis
Jonathan Otto, CEO and Chairman
Anne Maffei, Vice President, Corporate Finance
Jose Suarez, Senior Executive Vice President, New Products
Jay S. Walker

8.     Identify all persons, firms and/or entities that Priceline and/or WebHouse
solicited, consulted or utilized in any actual or contemplated valuation or fairness opinion
regarding the WebHouse warrants received by Priceline in or about October 1999, and, as to
each firm and/or entity, identify the individuals involved as well as those involved at either
Priceline and/or WebHouse; describe the extent of the involvement of each; and set forth the
dates on which Priceline and/or WebHouse solicited, consulted or utilized such person, firm or
entity.

**RESPONSE**

Walker objects to Interrogatory 8 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks

information that can be obtained through other, less burdensome means of discovery.  Subject to

all objections and without waiving any objections, Walker states that he lacks knowledge of

information sufficient to answer this interrogatory.

9.     Identify all efforts or attempts to update or confirm the October 1999 valuation of
WebHouse warrants received by Priceline, and/or to ascertain the value at which those warrants
were carried on Priceline's financial statements issued or published during the Class Period
defined in Plaintiffs' Consolidated Amended Complaint.

**RESPONSE**

Walker objects to Interrogatory 9 on the grounds that it is vague and ambiguous.  Subject

to all objections and without waiving any objections, Walker refers to the preceding response to

Interrogatory 8.

10.     Identify all analyses used to determine whether Priceline should have taken a
charge and/or setup a reserve in connection with the value of the WebHouse warrants received
by Priceline.

## RESPONSE

Walker objects to Interrogatory 10 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; that it seeks information that can be obtained through other, less burdensome means of discovery; and that it assumes disputed facts and/or legal conclusions. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

11.    Describe all efforts by Deloitte to determine: a) the value of the WebHouse warrants received by Priceline; b) the allocation of expenses between Priceline and WebHouse; and/or c) whether or not Priceline's and WebHouse's financials should be combined or consolidated.

## RESPONSE

Walker objects to Interrogatory 11 on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

12.    Identify all persons or entities who were responsible for or otherwise involved in the launch of WebHouse and the WebHouse website and, for each such person, identify the extent of their involvement.

## RESPONSE

Walker objects to Interrogatory 12 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public

information and information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states, upon information and belief, that the following persons may have been primarily responsible for the launch of WebHouse and its website:

> Paul Brietenbach, Chief Marketing Officer
> T. Scott Case, President, Gasoline Services
> Jonathan Otto
> Jose Suarez
> <u>Jay S. Walker</u>

13.    Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third-party, involved in soliciting participations in WebHouse by manufacturers, wholesalers, retailers or distributors.

**<u>RESPONSE</u>**

Walker objects to Interrogatory 13 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states, upon information and belief, that the following persons may have solicited businesses to provide products or services to WebHouse during the alleged Class Period:

> Adam DaCosta, Vice President, Business Development & Chief Food Merchant
> <u>Paul Francis</u>
> Jonathan Otto
> Robert Voss, Executive Vice President, Manufacturer Relations & Merchandising
> <u>Jay S. Walker</u>

14.    Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third-party, involved in soliciting members to participate in WebHouse.

**RESPONSE**

Walker objects to Interrogatory 14 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks information that can be obtained through other, less burdensome means of discovery.

15.    Identify all manufacturers, wholesalers, retailers or distributors or any other entities that were solicited by WebHouse or Priceline to participate in WebHouse for the sale of their products through WebHouse but refused to do so; the dates of such solicitations or negotiations; the identities of all persons involved; and, to the extent known, the reason or reasons for such refusal(s).

**RESPONSE**

Walker objects to Interrogatory 15 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of discovery, including business records.  Subject to all objections and without waiving any objections, Walker states that he is unaware of any specific instances in which Priceline solicited any party to offer products or services through WebHouse.  Walker further states Pepsi and Procter & Gamble declined to participate in WebHouse.

16.    Identify all manufacturers, wholesalers, retailers, distributors or any other sponsoring parties who participated in the sale of products or services on WebHouse's or Priceline's websites; the dates such entities began to participate; all persons involved for such entities; all documents provided to such entities in connection with their participation; and each type of document which recorded the extent of their participation.

**RESPONSE**

Walker objects to Interrogatory 16 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public

information and information that can be obtained through other, less burdensome means of discovery, including business records.

17.    Describe the types of documents and/or reports created by WebHouse or Priceline that tracked: a) discounts given by WebHouse to customers; b) prices for products or services offered or sold by WebHouse; c) profit margins or subsidies for products or services offered or sold through WebHouse; and/or d) subsidies provided by WebHouse for products or services offered or sold through WebHouse.

**RESPONSE**

Walker objects to Interrogatory 17 on the grounds that it is vague, ambiguous, redundant, duplicative, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of discovery, including business records.  Subject to all objections and without waiving any objections, Walker states that he is not aware of any documents created by Priceline that tracked information regarding WebHouse's discounts, prices, profit margins, or subsidies during the alleged Class Period.  In addition, Walker states that he recalls that there were many different internal reports generated at WebHouse, including sales and M.I.S. reports but that he does not recall the nature of specific reports.

18.    Identify all persons, including but not limited to Priceline's employees, officers, directors, or agents, who were involved in Priceline's issuance of warrants to any airline before or during the Relevant Time Period and identify the extent of each person's involvement.

**RESPONSE**

Walker objects to Interrogatory 18 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of

discovery. Subject to all objections and without waiving any objections, Walker states that all issuances of warrants to airlines occurred in 1998 or 1999, prior to the alleged Class Period.

19.   Identify all procedures or policies proposed, considered, used or implemented at Priceline and/or WebHouse to receive, analyze and/or process complaints by customers. Identify the types of documents and/or databases that tracked, analyzed or responded to such complaints.

**RESPONSE**

Walker objects to Interrogatory 19 on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

20.   Identify all analyses, budgets, reports, projections or studies of WebHouse's profitability and/or financial performance and identify all persons involved in creating these documents.

**RESPONSE**

Walker objects to Interrogatory 20 on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public information and information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states that, upon information and belief, WebHouse's financial executives (as identified in response to Interrogatory 27) and their staff may have created documents concerning WebHouse's profitability and financial performance but that he otherwise lacks knowledge of information sufficient to answer this interrogatory.

21.    Identify all persons and/or entities that serviced, sought to improve or upgrade, maintained, installed, expanded, programmed, integrated, implemented and/or developed Priceline's, Walker Digital's and/or WebHouse's computer systems and websites during the Relevant Time Period, and, for each such person and/or entity, describe their involvement.

## RESPONSE

Walker objects to Interrogatory 21 on the grounds that it is overly broad, unduly

burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably

calculated to lead to the discovery of admissible evidence; and that it seeks public information

and information that can be obtained through other, less burdensome means of discovery.

Subject to all objections and without waiving any objections, Walker states that he lacks

knowledge of information sufficient to answer this interrogatory.

22.    Identify all persons responsible for or otherwise involved in analyzing or monitoring any actual or potential competitors or competition faced by Priceline and/or WebHouse, and for each such person describe the extent of their activity and the types of documents used or created to monitor such competitors or competition.

## RESPONSE

Walker objects to Interrogatory 22 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks public

information and information that can be obtained through other, less burdensome means of

discovery, including business records.  Subject to all objections and without waiving any

objections, Walker states that he is not aware of any distinct individual or group of individuals at

Priceline responsible for analyzing Priceline's competitors or competition (actual or potential)

during the alleged Class Period, nor is he aware of any particularized documents for that

purpose.  Rather, he believes that monitoring, analyzing, and responding to competitors and

competition were done on a company-wide basis throughout Priceline's product groups, and may

be reflected in business records.  Walker further states that he is aware that numerous industry

analysts monitored and analyzed Priceline's actual and potential competition or competitors, many of whom are cited in the Consolidated Amended Complaint and/or noted in Plaintiffs' Rule 26(a)(1) Disclosures. Walker states that he otherwise lacks knowledge of information sufficient to answer this interrogatory.

23.     Identify any investigation or inquiry, whether formal or informal, made of Priceline or of any of its operating units (including but not limited to WebHouse), officers directors or employees, including the Defendants, by any attorney, accountant, analyst or the like retained by WebHouse or Priceline to conduct such investigation, by a grand jury, the Better Business Bureau, or any federal, state or non-governmental regulatory agency or body. For each such investigation or inquiry, identify the date it began, who conducted the investigation, any resolution, including the date of any resolution and any sanctions, reprimands, fines and/or penalties paid, and identify all documents received by or produced by or on behalf of Priceline and/or WebHouse or any of the Defendants related to or in connection with any such investigation or inquiry.

## RESPONSE

Walker objects to Interrogatory 23 on the grounds that it mischaracterizes the relationship between Priceline and WebHouse; that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence; and that it seeks information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states that there were three primary governmental investigations into Priceline's business operations during the alleged Class Period.

First, in early 2000, the Connecticut Better Business Bureau ("BBB") commenced an inquiry into certain customer complaints regarding Priceline's products and services. On March 24, 2000, the BBB suspending Priceline's membership pending resolution of BBB's concerns regarding several issues. Thereafter, Priceline cooperated fully with the BBB to address its concerns, resolve outstanding customer complaints, and make improvements to the Priceline service. On September 14, 2000, the BBB informed Priceline that it had revoked its

membership, which decision was appealed by Priceline on October 13, 2000. On December 19,

2000, the BBB granted Priceline's appeal and restored Priceline to all privileges of BBB

membership.

     24.    Identify all efforts to expand WebHouse beyond the sale of groceries and gasoline
in the United States, whether by geographic area or product and, for each, identify:
- a.    what additional products or services were involved;
- b.    what countries such expansion was contemplated to occur or did occur;
- c.    what partners, joint ventures or other participants were involved;
- d.    what personnel from WebHouse, Priceline or Walker Digital were involved;
- e.    what manufacturer, wholesaler, retailer or sponsoring parties were involved;
- f.    the types of documents created related to actual or contemplated expansion; and
- g.    the results of such actual or contemplated expansion.

**RESPONSE**

     Walker objects to Interrogatory 24 on the grounds that it is overly broad, unduly

burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably

calculated to lead to the discovery of admissible evidence, and that it seeks information that can

be obtained through other, less burdensome means of discovery. Subject to all objections and

without waiving any objections, Walker states that he is not aware of any efforts during the

alleged Class Period to expand WebHouse beyond the sale of groceries and gasoline in the

United States.

     25.    Identify all individuals or entities who received stock, stock options or warrants of
Priceline, WebHouse or Walker Digital (other than securities acquired through trades on the
open market) during the Relevant Time Period, and for each such person identify the number of
shares, options or warrants acquired, the date acquired, the consideration paid, the value when
acquired, the date of maturity or exercise, and identify all documents evidencing such
transactions.

**RESPONSE**

     Walker objects to Interrogatory 25 on the grounds that it is overly broad, unduly

burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably

calculated to lead to the discovery of admissible evidence, and that it seeks information that can

be obtained through other, less burdensome means of discovery, including without limitation Form 4 disclosures filed with the Securities and Exchange Commission. Walker further objects to Interrogatory 25 on the grounds that it seeks confidential, personal information about the compensation and trading activity of employees that requires additional protections prior to disclosure, as more fully addressed in Defendants' pending Cross-Motion for an Appropriate Protective Order. See also Conn. Gen. Stat. § 31-128f.

26.    Identify the location of all customer service and call center operations and the people in charge of such service center or call center operations.

**RESPONSE**

Walker objects to Interrogatory 26 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

27.    Identify every senior employee of WebHouse, their position, scope of responsibilities, dates of employment and state whether they were or are employees or contractors of Priceline and their last known address and telephone number. If such persons were or are employed by Priceline, please state their position, scope of responsibilities and dates of employment with Priceline.

**RESPONSE**

Walker objects to Interrogatory 27 on the grounds that it is overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence, and that it seeks information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker identifies, based on information and belief, the

following individuals, noting positions at WebHouse during the alleged Class Period (unless previously provided):

    Paul Brietenbach
    Peter Burgess, Executive Vice President, Partner Programs
    Brad Burmaster, Senior Vice President of Business Development, Gasoline Services
    T. Scott Case
    Marisa Dore, Senior Vice President, Marketing
    Paul Francis
    B.J. Greenspan, Senior Vice President, IT Business Group
    Kevin Goldman
    Raymond Hamilton, Senior Vice President, Retail Technology
    Marc McEnroe, General Counsel
    James McGill, Chief Information Officer and Executive Vice President
    Steve Mott, President, Groceries
    Robert Mylod, Chief Financial Officer
    Jonathan Otto
    Thomas Ronan, Senior Vice President, Operations
    Ernest Scheideman, Controller
    Jose Suarez
    Robert Voss
    Jay S. Walker

Of the foregoing, the following persons previously were employed by Priceline:

    T. Scott Case, Chief Technology Officer
    Paul Brietenbach, Chief Marketing Officer
    Paul Francis, Chief Financial Officer
    Robert Mylod, Senior Vice President, Finance

and the following person is currently employed by Priceline:

    Robert Mylod, Chief Financial Officer

    28.    Identify the "key managerial, marketing, planning, financial, technical and operations personnel" referred to at page 18 of Priceline's Form 10-K 405 filed on March 30, 2000.

**RESPONSE**

    Subject to all objections and without waiving any objections, Walker states that the personnel referred to in the quoted passage may have included Priceline's senior management at time of that disclosure, including the following persons (positions in March 2000 noted):

Richard S. Braddock
Tim Brier, President, Travel
Jeffrey Boyd, Executive Vice President, General Counsel
Thomas P. D'Angelo
Brett Keller, Vice President, Marketing
Maryann Keller, President, Auto Services
William M. McCadden, Chief Marketing Officer
Heidi Miller
Ron Rose
Daniel H. Schulman
Mitchell Truwit, Senior Vice President, Corporate Development
Theodore Vagelos, Vice President, Business Development B2B
Jean Wisniewski, Executive Vice President, Human Resources

29.    Identify all law firms, consultants, accountants, valuation firms or business analysts employed, retained or used by WebHouse, Walker Digital or Priceline and state the nature and scope of their services.

**RESPONSE**

Walker objects to Interrogatory 29 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject to all

objections and without waiving any objections, Walker refers to his Response to Interrogatory 10

and to Items 13 and 14 of Defendants' Initial Disclosures.

30.    Describe each computer network in operation in Priceline and/or WebHouse. Your response to this Interrogatory should include the brand and version number of the network operating system in use; the quantity and configuration of all network servers and workstations; the identity of the person(s) responsible for the ongoing operating, maintenance, expansion and upkeep of the network; and the brand name and version number of all applications and other software (including electronic mail applications) residing on the network.

**RESPONSE**

Walker objects to Interrogatory 30 on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and

not reasonably calculated to lead to the discovery of admissible evidence, and that it seeks

information that can be obtained through other, less burdensome means of discovery.  Subject to

all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

31.    Describe each mini- and mainframe computer system used by Priceline and/or WebHouse, including the band and version of the operating system in use; the identity of the person(s) responsible for the ongoing operation, maintenance, expansion and upkeep of the mini- and/or mainframe system; and the name and description of function of all applications and other software (including electronic mail applications) residing on the network.

**RESPONSE**

Walker objects to Interrogatory 31 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence, and that it seeks information that can be obtained through other, less burdensome means of discovery. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

32.    Describe your procedures for making and maintaining data backups on all computer systems used by Priceline and/or WebHouse. Your response to this Interrogatory should include a description of any and all procedures and/or devices used to backup the software and/or data, including, but not limited to: name(s) of backup software used; tape rotation schedule; type of tape backup drives (including name and version number); a statement whether multiple generations of backups are maintained (and if so, how many, and whether the back-ups are full or incremental); a statement whether backup storage media is kept off site (and if so, where such media is kept); a description of the process for archiving and retrieving off site media; the identity of the persons or group who conduct the backup; the identity of the information which was backed up; and a detailed list of all backup sets (regardless of the magnetic media on which they reside) showing current location, custodian, date of backup and a description of backup content.

**RESPONSE**

Walker objects to Interrogatory 32 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to all

objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

33.     Describe with particularity the computer systems Priceline and/or WebHouse use to store, compose, distribute or route electronic mail. This description should include: the number and types of computers; the number and types of storage devices; the name and version of all operating systems; and the name and version of all electronic mail software programs used.

**RESPONSE**

Walker objects to Interrogatory 33 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

34.     Describe with particularity the voice mail system used by employees of Priceline and/or WebHouse. This description should include the manner of accessing messages; a statement whether voice mail messages could be stored and for how long; and, if voice mail messages were automatically purged, a description of the destruction schedule.

**RESPONSE**

Walker objects to Interrogatory 34 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to the claims or defenses of any party to this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to all objections and without waiving any objections, Walker states that he lacks knowledge of information sufficient to answer this interrogatory.

35.     Identify all persons involved in preparing your responses to these Interrogatories and the responses to Plaintiffs' Document Requests.

**RESPONSE**

Walker objects to Interrogatory 35 on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for information subject to privileges.

36.    Identify the location of the documents requested in each of Plaintiffs' Document
Requests and the custodian of each.

**RESPONSE**

Walker objects to Interrogatory 36 on the grounds that it is overly broad, unduly

burdensome, and premature.  Subject to all objections and without waiving all objections,

Walker states that he will provide in due course where available a log indicating the custodian or

source of the general categories of documents produced in response to plaintiffs' document

requests.

Dated:  January 10, 2005.

DEFENDANT JAY S. WALKER

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel:  (203) 961-7400
Fax:  (203) 359-3031
douglasconroy@paulhastings.com
pauldehmel@paulhastings.com

J. Allen Maines (phv0013)
Albert M. Myers III (phv0012)
Michael B. Arnold (phv0011)
Robert D. Zebro (phv0010)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street NE, Suite 2400
Atlanta, GA  30308
Tel:  (404) 815-2400
Fax:  (404) 815-2424
allenmaines@paulhastings.com
almyers@paulhastings.com
michaelarnold@paulhastings.com
robertzebro@paulhastings.com

## Appendix A

**Last known addresses, where known, of individuals identified in Responses to the Interrogatories and not previously identified in Defendants' Initial Disclosures.**

Jeffrey Boyd
34 Brookridge Drive
Greenwich, CT 06830
Tel.: (203) 618-0656

Tim Brier
202 Dan's Highway
New Canaan, CT 06840

Paul Brietenbach
33 Hillbrook Road
Wilton, CT 06897

Peter Burgess
39 Lisa Lane
Stamford, CT 06903

T. Scott Case
2 Maplewood Lane
Wilton, CT 06897

Adam DaCosta
8 Manitou Road
Westport, CT 06880
Tel: (203) 227-9820

Marisa Dore
825 Hope Street #2
Stamford, CT 06907

Brian Ek[1]
4 Lyndenwood Drive
Brookfield, CT 06804
Tel.: (203) 775-8078

Kevin Goldman

---

[1] Individuals whose names are underlined may only be contacted through Cravath, Swaine & Moore LLP.

7 Harcourt Road
Scarsdale, NY 10583
Tel: (914) 472-0784

B. J. Greenspan
718 Palmer Avenue
Teaneck, NJ 07666

Raymond Hamilton
1724 Lower Church Street
Virginia Beach, VA 23455
Tel: (909) 927-9048

Brett Keller
62 Longview Drive
Ridgefield, CT
Tel.: (203) 438-2281

Maryann Keller
15 Bayberry Lane
Greenwich, CT 06831
Tel.: (203) 625-5552

Anne Maffei
233 W. 77th St.
New York, NY 10024

William M. McCadden
1 Chapel Hill Road
Westport, CT 06880

Marc McEnroe
1890 Palmer Avenue
Larchmont, NY 10538
Tel.: (914) 627-2080

Steve Mott
1386 Long Ridge Drive
Stamford, CT 06903
Tel: (203) 322-6656

Thomas Ronan
125 Armand Road
Ridgefield, CT 06877
Tel: (203) 894-4688

Jose Suarez
c/o Walker Digital, LLC
5 High Ridge Park
Stamford, CT 06905

<u>Mitchell Truwit</u>
64 Rowayton Avenue
Rowayton, CT 06853
Tel: (203) 838-5459

Theodore Vagelos
1 Stratford Court
Warren, NJ 07059

Robert Voss
19 Northfield Avenue
Weston, CT 06833
Tel: (203) 341-0867

Jean Wisniewski
6 Harding Lane
Westport, CT 06880

## VERIFICATION

I am a defendant in this action. I have read the foregoing Responses and Objections of Defendant Jay S. Walker to Plaintiffs' First Set of Interrogatories to All Defendants ("Responses"). The Responses are true and correct to the best of my knowledge, information and belief. All objections were made by my attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7th, 2005.

_____

JAY S. WALKER