**EXHIBIT K**



February 17, 2005

<u>Via Facsimile and U.S. Mail</u>

Christine L. Arena
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

      Re:   <u>In re Priceline.com Securities Litig.</u>, Case No. 3:00cv1884 (DJS)

Dear Christine:

      We have received your February 14, 2005 letter in which you request a meet and confer to discuss certain concerns you have about the Plaintiffs' responses to your discovery requests. We agree that the parties need to hold a meet and confer, which we would like to schedule for the week of February 28th. We too have several concerns about your responses to our discovery requests. We list some of those concerns in detail below.

      We are also concerned by the fact that you have yet to produce a single document in response to Plaintiffs' first set of document requests. This is particularly troubling in light of the Court's Scheduling Order, which provides that depositions shall commence on April 1, 2005. We believe that documents responsive to the requests should be produced well in advance of April 1st – so that we have time to review the documents before we start taking depositions. We also need to receive a copy of your privilege log before April 1st. You have now had our document requests for over three months. Please let us know by the close of business on Friday, February 18th when you will start producing documents, when you plan to complete your document production and when you plan to send us your finalized privilege log.

Document Requests

    A.   <u>General Objections</u>

      In General Objection No. 3, you state that you will only be producing "documents relating to the putative class period alleged in the Consolidated Amended Complaint (the "Complaint") – January 27, 2000 to October 4, 2000." The limit you have placed on the "Relevant Time Period" conflicts with the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1) which provides that a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Certainly, there will

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
                                OHIO            33 RIVER STREET       440 247-8278 FAX
                                CALIFORNIA    CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
                                                                                                     WWW.SCOTT-SCOTT.COM

Christine L. Arena
February 17, 2005
Page 2

be documents that were created outside of the Class Period that are relevant to the claims or defenses asserted in this lawsuit.[1] Please confirm that you are not going to limit your production to documents created during or relating to the Class Period, but will produce responsive non-privileged documents that relate to the claims and defenses asserted in the lawsuit no matter when those documents were created.

In General Objection No. 4, you take issue with Plaintiffs' definition of the term "Document" as being overly broad and unduly burdensome. However, in our document requests, we stated that: "'Document' or 'documents' is to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)." *See also* D. Conn. L. Civ. R. 26(a)(2) ("The term 'document' is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term."). Please confirm that you will produce all "documents" that fall within the scope of Rule 34(a) and Local Rule 26(a)(2).

You also object to the definition of the term "Document" "to the extent that it requires a search of all electronic data." We do not believe that your blanket objection to the production of electronic data is appropriate – particularly in light of the case law on this topic. *See, e.g., Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002) ("Electronic documents are no less subject to disclosure than paper records."). Please confirm that you will produce any electronic documents and electronically-stored data that are responsive to our document requests.

In General Objection No. 5, you state: "Defendants object generally to the Request to the extent that it seeks the disclosure for production of documents that come within the scope of the . . . common defense or mutual interest privilege." You then go on to state that "[s]uch documents will not knowingly be disclosed." Please provide us with any authority you have to support the "common defense" or "mutual interest privilege" and its application in this instance Also, please let us know whether the Defendants have entered into a joint defense agreement in this case.

In General Objection No. 6, you state: "Defendants object generally to the Request to the extent that it calls for the disclosure of confidential information." You then go on to state: "Defendants will not produce any documents containing such information without an appropriate protective order." You make a similar objection when responding to several of the specific document requests. We assume that you included this objection in your response because it was

---

[1] Take, for instance, Request No. 46. There, Plaintiffs request: "All documents, regardless of when created, referring to, relating to or constituting any insurance policies or other agreements under which any Defendants may claim coverage to satisfy all or part of any possible liability for the claims asserted against them in this action." You object to this request to the extent that it seeks documents "regardless of when created," limiting production to those documents created during the Class Period (*i.e.*, January 27, 2000 to October 4, 2000). As it currently reads, your response excludes insurance policies created before the Class Period – even though the policies may cover claims asserted in this lawsuit. Certainly, such documents fall within the scope of Rule 26(b)(1).

Christine L. Arena
February 17, 2005
Page 3

drafted before the Court entered the Protective Order in this case. Please confirm that you will not withhold any documents responsive to the document requests on confidentiality grounds.

In General Objection No. 7, you claim that documents regarding Priceline Webhouse Club, Inc. and Priceline Perfect Yard Sale, Inc. are not in the Defendants' "possession, custody or control." Despite your assertions to the contrary, we believe that you have an affirmative obligation under Rule 34 to provide documents and information in the possession and control of these affiliated parties. *See, e.g., SEC v. Credit Bancorp. Ltd.*, 194 F.R.D. 469, 471-72 (S.D.N.Y. 2000) (explaining that a party is required to produce discovery materials in its "control," which "has been construed broadly by courts as the legal right, authority, or practical ability to obtain the materials sought upon demand"); *Afros S.P.A v. Drauss-Maffei Corp.*, 113 F.R.D. 127, 131 (D. Del. 1986) ("It is obvious that the particular form of the corporate relationship does not govern whether [a corporation] controls documents."); *Gerling Int'l Ins. Co. v. Commissioner of IRS*, 839 F.2d 131, 140-41 (3d Cir. 1988) (party controls documents if it has the ability to obtain documents held by another corporate entity in the ordinary course of business). Please confirm that you will produce documents and provide information that is in the possession, custody or control of Priceline Webhouse Club, Inc. and Priceline Perfect Yard Sale, Inc.

    B.    <u>Specific Responses and Objections</u>

In almost every one of your Specific Responses and Objections, you simply list several objections and then state: "Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find." Although you have told us what portions of the document requests you find objectionable, you have not identified the responsive documents that you will and/or will not be producing. Please amend your responses promptly so that they provide this information.

You also repeat the same blanket objections over and over again throughout the Specific Responses to the Document Requests. First, you object to virtually every one of our requests "on the grounds that [the Request] seeks documents regarding WebHouse or those acting on its behalf, as well as documents regarding the activities and conduct of third parties, that are outside of Defendants' possession, custody or control." As we explain above, Defendants have an affirmative obligation to produce these documents. Please confirm that you will produce documents and provide information that is in the possession, custody and control of Priceline Webhouse Club, Inc. and Priceline Perfect Yard Sale, Inc.

Second, you object to virtually every one of our requests on the grounds that the request is "overbroad and unduly burdensome." Rarely do you explain or identify what about the request is overbroad or unduly burdensome. Moreover, when you have provided an explanation, you state that you are objecting because the request seeks documents "regardless of time period" or "regardless of when created." *See* Response to Req. Nos. 9, 11, 29, 41, 46, 47, 48, 55, 60. As

Christine L. Arena
February 17, 2005
Page 4

explained above, Rule 26(b)(1) does not limit discovery to a particular time period; rather, it allows a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Please confirm that you will not withhold any responsive documents on the grounds that these documents were created outside of the Class Period.

Next, you object to several of the requests on the grounds that they are "vague and ambiguous" and "seek documents that are not relevant to the claims or defenses of any party to this action." In most instances, however, you have not explained or identified what about the request is "vague and ambiguous." *See* Response to Req. Nos. 6-9, 11-20, 22-24, 26, 31, 33-35, 36-38, 41-43, 47-51, 53-55, 57-60. Nor have you provided any explanation for why you believe the request falls outside the scope of Rule 26(b)(1). *Id.* at 2-9, 11-31, 33-44, 46-61. Without any explanation to support the objection, we have no way to test the validity of your objection. Please confirm that you will not withhold any documents on the grounds that a particular document request is "vague and ambiguous." Also, please confirm that you will not withhold any documents that are responsive to document requests because you believe the request falls outside the scope of Rule 26(b)(1).

You also object to several of the requests on grounds that the requests seek "documents, including SEC filings, that are obtainable from public sources." Please confirm that you will not withhold documents responsive to the document requests on the grounds that the documents are obtainable from public sources.

## Interrogatories

A.  General Objections

In General Objection No. 2, you state: "Defendants object generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent that they seek the disclosure of information that comes within the scope of the ... common defense or mutual interest privilege." You then go on to state that "[s]uch information will not knowingly be disclosed." Please provide us with any authority you have to support the "common defense" or "mutual interest privilege" and its application in this instance Also, please let us know whether the Defendants have entered into a joint defense agreement in this case.

In General Objection No. 3, you object to the interrogatories on the grounds that they seek "confidential business information, trade secrets or information subject to any third-party confidentiality agreement, order and/or obligation." Once again, we assume that you included this objection in your responses because no Protective Order was in place at the time you prepared the responses. Now that the Court has entered a Protective Order, we assume that you will be amending your interrogatory responses so that they include confidential information that was previously withheld. Please confirm that this is the case and inform Plaintiffs' counsel when Defendants will be providing this information.

Christine L. Arena
February 17, 2005
Page 5

In General Objection 5, you once again state: "Defendants object to each Interrogatory that requests information regarding Priceline WebHouse Club, Inc." For the reasons stated above, this is not a valid objection. Please confirm that you plan to provide information that is in the possession, custody or control of Priceline Webhouse Club, Inc. and Priceline Perfect Yard Sale, Inc.

In General Objection No. 6, you redefine the "Relevant Time Period" so that it encompasses only the Class Period, stating that "Defendants will provide responses for the putative class period alleged in the Consolidated Amended Complaint – January 27, 2000 to October 4, 2000 (the "Alleged Class Period") – unless otherwise noted." As explained above, this limitation conflicts with the plain language of Rule 26(b)(1). Please confirm that you have not withheld relevant information on these grounds.

In General Objection No. 8, you object to the interrogatories "generally" "to the extent the answers sought may be derived or ascertained from documents that Defendants will be producing in response to Plaintiffs' First Request for Production of Documents to All Defendants." This is not an appropriate way to respond to interrogatories. Rule 33(d) allows a party responding to an interrogatory to rely on business records where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served" and where the party *specifies* "the record from which the answer may be derived or ascertained." Please confirm that you have not withheld information needed to answer an interrogatory on the grounds that the answers may be derived from the documents. Alternatively, please identify the specific documents from which the requested information may be obtained and explain why the burden of collecting such information from the documents would be equal as between Defendants and Plaintiffs.

B.   Specific Responses

Interrogatory No. 5 asks Defendants to "Describe all formulas or methodologies used to set prices for products or services offered through WebHouse and/or Priceline . . .." In response to this Interrogatory, you object "to the extent it seeks confidential and competitively sensitive information that requires additional protections prior to disclosure." You also include the blanket objections that the request is "overly broad and unduly burdensome and seeks information that can be obtained through other, less burdensome means of discovery." Now that the Court has entered a Protective Order in this case, please confirm that you will amend your interrogatory responses to include the information requested in Interrogatory No. 5 and please inform Plaintiffs' counsel when such information will be provided.

In response to Interrogatory No. 10, which asks Defendants to "Identify all analyses used to determine whether Priceline should have taken a charge and/or set up a reserve in connection with the value of the WebHouse warrants received by Priceline," Defendants fail to identify any such analyses and fail to confirm whether any such analyses actually exist. Please amend your

Christine L. Arena
February 17, 2005
Page 6

responses so that they either identify the responsive analyses, or, alternatively, confirm that no such analyses exist.

Interrogatory No. 12 asks Defendants to "Identify all persons or entities who were responsible for or otherwise involved in the launch of WebHouse and the WebHouse website and, for each such person, identify the extent of their involvement." In response to this request, you have submitted a short list of persons stating that "primarily responsible for the launch of WebHouse and its website may have included (but may not have been limited to)" these individuals. .This is not responsive to the Interrogatory. Please amend your responses so that they identify **all** persons or entities who were responsible for or otherwise involved in the launch of WebHouse and the WebHouse website and for each such person, identify the extent their involvement.

Interrogatory No. 13 asks Defendants to "Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third-party, involved in soliciting participations in WebHouse by manufacturers, wholesales, retailers or distributors." In response to this request you have submitted a list of "persons who *may* have solicited business to provide products or services to WebHouse" and state that those involved may not be limited to this list. A list of persons who may have solicited business is not responsive. Please amend your responses so they identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third-part, involved in soliciting participations in WebHouse by manufacturers, wholesalers, retailers or distributors.

Interrogatory No. 14 asks Defendants to "Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third party, involved in soliciting members to participate in WebHouse." You object to this interrogatory on the grounds that the phrase "involved in soliciting members to participate in WebHouse" is vague and ambiguous, but have not responded to the interrogatory. We do not believe that the interrogatory is vague or ambiguous. Please amend your responses so that they include a response to this interrogatory.

In response to Interrogatories No. 16, you attached as Exhibits A, B, C and D, lists of manufacturers, grocery retailers, gas stations and partners. You state that the lists in those Exhibits includes (but may not be limited to) entries that may have had relationships with WebHouse. A list of entities that may have had relationships with WebHouse is not response to Plaintiffs' Request. Please amend your response to identify all manufacturers, wholesalers, retailers, distributors or any other sponsoring parties who participated in the sale of products or services on WebHouse's or Priceline's websites; the dates such entities began to participate; all persons involved for such entities; all documents provided to such entities in connection with their participation; and each type of document which recorded the extent of their participation.

In response to Interrogatories Nos. 17 and 20, you state that "Defendants object to this interrogatory on the grounds that the answers sought may be derived or ascertained from documents that Defendants may produce in response to Plaintiffs' First Document Requests."

Christine L. Arena
February 17, 2005
Page 7

Your response to these two interrogatories does not comply with Rule 33(d). Please amend your responses so that they specify the specific documents that you reference in your response and explain why it is no more burdensome for Plaintiffs than Defendants to compile responsive information.

In response to Interrogatory No. 21 you include as Exhibits E, F, and G, lists of employees and contractors who *may* have worked on Priceline's and WebHouse's computer systems and/or websites during the Alleged Class Period. The is not responsive to Plaintiffs' request. Please amend your response to identify all persons and/or entities that serviced, sought to improve or upgrade, maintained, installed, expanded, programmed, integrated, implemented and/or developed Priceline's, Walker Digital's and/or WebHouse's computer systems and websites during the Relevant Time Period, and, for each such person and/or entity, describe their involvement.

Interrogatory No. 25 asks Defendants to "Identify all individuals or entities who received stock, stock options or warrants of Priceline, Webhouse or Walker Digital (other than securities acquired through trades on the open market) during the Relevant Time Period, and for each such person identify the number of shares, options or warrants acquired, the date acquired, the consideration paid, the value when acquired, the date of maturity or exercise, and identify all documents evidencing such transactions." You have not responded to this interrogatory. Please amend your responses so that they include a response to this interrogatory.

To narrow the issues at the meet and confer, we expect that you will amend your interrogatory responses and provide us with the additional information we ask for in this letter by the close of business on **Friday, February 25th** (with the exception of the dates relating to your document production, which we anticipate receiving no later than the close of business on **Friday, February 18th**). We look forward to discussing any remaining issues with you during a meet and confer. As we stated above, we are available for the meet and confer anytime during the week of February 28th. We believe that we should have our meet and confer no later than Thursday, March 3rd. If we do not receive sufficient assurances that you will appropriately comply with our discovery requests, we will be forced to move the Court to compel compliance.

Sincerely yours,

*[signature]*

Geoffrey M. Johnson

cc:   David R. Scott
      Jacob B. Perkinson