# EXHIBIT L



February 18, 2005

Via Facsimile and U.S. Mail

Albert M. Myers III
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, Georgia 30308

      Re:    In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)

Dear Albert:

      I am sending you a copy of the letter that we sent to Christine Arena yesterday. That letter addresses the concerns that we have with the discovery responses that have been prepared by Defendants Priceline, N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock. I write separately to let you know that we have many of the same concerns with the discovery responses that have been prepared by Defendant Jay Walker. To address these concerns, we would like to schedule a meet and confer for the week of February 28th.

      We are also concerned by Defendant Walker's failure to produce any documents in response to Plaintiffs' first set of document requests. As we note in our letter to Ms. Arena, this is particularly troubling in light of the Court's Scheduling Order, which provides that depositions shall commence on April 1, 2005. We believe that documents responsive to the requests should be produced well in advance of April 1st – so that we have time to review the documents before we start taking depositions. We also need to receive a copy of your privilege log before April 1st. You have now had our document requests for over three months. Please let us know by the close of business on Monday, February 21st when you will start producing documents, when you plan to complete your production and when you plan to send us your finalized privilege log.

Document Requests

    A.    General Objections

      In General Objection No. 2, you state: "Defendants object generally to the Request to the extent that it seeks the disclosure for production of documents that come within the scope of the ... common defense or mutual interest privilege." You then go on to state that "[s]uch documents will not knowingly be disclosed." Please provide us with any authority you have to support the "common defense" or "mutual interest privilege" and its application in this instance. Also, please let us know whether the Defendants have entered into a joint defense agreement in this case.

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
                          OHIO            33 RIVER STREET      440 247-8275 FAX
                          CALIFORNIA     CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
                                                                                                             WWW.SCOTT-SCOTT.COM

Albert M. Myers III
February 18, 2005
Page 2

In General Objection No. 4, you object to the requests on confidentiality grounds. You then go on to state: "Walker will not disclose such confidential information without the protection of an appropriate protective order." You make a similar objection when responding to several of the specific document requests. We assume that you included this objection in your response because it was drafted before the Court entered the Protective Order in this case. Please confirm that you will not withhold any documents responsive to the document requests on confidentiality grounds.

In General Objection No. 6, you state that "Walker objects to the Requests, including the definitions and instructions set forth therein, to the extent that they seek information that is not in his possession, custody, or control." You do not indicate, however, whether you will be producing documents within the possession, custody or control of Walker Digital. We believe that you have an affirmative obligation to produce these documents.[1] Please confirm that you will produce documents and provide information that is in the possession, custody or control of Walker Digital and any other parties that are controlled by or affiliated with Defendant Walker.

In General Objection No. 7, you state that Defendant Walker will only be producing "documents for the putative class period alleged in the Consolidated Amended Complaint, viz., January 27, 2000 to October 4, 2000." We believe that the limit you have placed on the "Relevant Time Period" conflicts with the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1). This is a point we discussed at length in our letter to Ms. Arena. You should refer to that letter for a more detailed discussion of our concerns with this approach. Please confirm that you are not going to limit your production to documents created during or relating to the Class Period, but will produce responsive non-privileged documents that relate to the claims and defenses asserted in the lawsuit no matter when those documents were created.

In General Objection No. 8, you take issue with Plaintiffs' definition of the term "Document" as being overly broad and unduly burdensome. However, in our document requests, we stated that: "'Document' or 'documents' is to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)." See also D. Conn. L. Civ. R. 26(a)(2) ("The term 'document' is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term."). Please confirm that you will produce all "documents" that fall within the scope of Rule 34(a) and Local Rule 26(a)(2).

You also object to the definition of the term "Document" "to the extent that it purports to require a search of all electronic data." Your blanket objection to the production of electronic data is inappropriate – particularly in light of the case law on this topic. See, e.g., Rowe Entertainment, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 428 (S.D.N.Y. 2002)

---

[1] See, e.g., SEC v. Credit Bancorp. Ltd., 194 F.R.D. 469, 471-72 (S.D.N.Y. 2000) (explaining that a party is required to produce discovery materials in its "control," which "has been construed broadly by courts as the legal right, authority, or practical ability to obtain the materials sought upon demand"); Afros S.P.A v. Drauss-Maffei Corp., 113 F.R.D. 127, 131 (D. Del. 1986) ("It is obvious that the particular form of the corporate relationship does not govern whether [a corporation] controls documents."); Gerling Int'l Ins. Co. v. Commissioner of IRS, 839 F.2d 131, 140-41 (3d Cir. 1988) (party controls documents if it has the ability to obtain documents held by another corporate entity in the ordinary course of business).

Albert M. Myers III
February 18, 2005
Page 3

("Electronic documents are no less subject to disclosure than paper records."). Please confirm that you will produce any electronic documents and electronically-stored data that are responsive to our document requests.

    B.    Specific Responses and Objections

In almost every one of your Specific Responses and Objections, you simply list several objections and then state: "Subject to the foregoing objections and the General Objections, Walker will perform a reasonable search for and produce those non-privileged documents in his possession and control, if any, that are found and that are responsive to this Request." Although you have told us what portions of the document requests you find objectionable, you have not identified the responsive documents that you will and/or will not be producing. Please amend your responses promptly so that they provide this information.

You also repeat the same blanket objections over and over again throughout the Specific Responses to the Document Requests. First, you object to virtually every one of our requests on the grounds that the request is "overly broad" or "unduly burdensome." However, you have failed to explain or identify what about the particular request is overbroad or unduly burdensome. This leaves us with no way to test the validity of your objection. Please confirm that you will not withhold any responsive documents on the grounds that a particular response is "overbroad or unduly burdensome."

Next, you object to several of the requests on the grounds that they are "vague" or "ambiguous" and seek documents that are "not reasonably calculated to lead to the discovery of admissible evidence." Once again, you have not explained or identified what about the request is "vague and ambiguous." Nor have you provided any explanation for why you believe the request falls outside the scope of Rule 26(b)(1). Without any explanation to support the objection, we have no way to test the validity of your objection. Please confirm that you will not withhold any documents on the grounds that a particular document request is "vague and ambiguous." Also, please confirm that you will not withhold any documents that are responsive to document requests because you believe the request falls outside the scope of Rule 26(b)(1).

You also object to several of the requests on grounds that the requests seek "documents more easily obtainable from other sources." Please confirm that you will not withhold documents responsive to the document requests on these grounds.

Albert M. Myers III
February 18, 2005
Page 4

## Interrogatories

### A. General Objections

In General Objection No. 3, you object to the interrogatories on the grounds that they seek "to the extent that they call for the disclosure of confidential information." Once again, we assume that you included this objection in your responses because no Protective Order was in place at the time you prepared the responses. Now that the Court has entered a Protective Order, we assume that you will be amending your interrogatory responses so that they include confidential information that was previously withheld. Please confirm that this is the case.

In General Objection 5, you once again state: "Walker objects generally to the Interrogatories, including the definitions and instructions set forth therein, to the extent they seek information that is not in his possession, custody, or control." Please confirm that you plan to provide information that is in the possession, custody or control of Walker Digital and any other entities over which Defendant Walker exercises control.

In General Objection No. 6, you redefine the "Relevant Time Period" so that it encompasses only the Class Period. As we explained above, this limitation conflicts with the plain language of Rule 26(b)(1). Please confirm that you have not withheld relevant information on these grounds.

In General Objection No. 8, you object to the interrogatories "to the extent they seek information that is already in the possession of plaintiffs, or cumulative or duplicative, or is obtainable from public sources or form some other source that is more convenient, less burdensome or less expensive." Please confirm that you have not withheld responsive information on these grounds.

### B. Specific Responses

Interrogatory No. 5 asks Defendant Walker to "Describe all formulas or methodologies used to set prices for products or services offered through WebHouse and/or Priceline . . . ." In response to this Interrogatory, you object "on the grounds that it seeks confidential and competitively sensitive information." Now that the Court has entered a Protective Order in this case, please confirm that you will amend your interrogatory responses to include the information requested in Interrogatory No. 5.

In response to Interrogatory No. 10, which asks Defendant Walker to "Identify all analyses used to determine whether Priceline should have taken a charge and/or set up a reserve in connection with the value of the WebHouse warrants received by Priceline," Defendant Walker fails to identify any such analyses and fails to confirm whether any such analyses actually exist. Please amend your responses so that they either identify the responsive analyses, or, alternatively, confirm that no such analyses exist.

Interrogatory No. 12 asks Defendant Walker to "Identify all persons or entities who were responsible for or otherwise involved in the launch of WebHouse and the WebHouse website

Albert M. Myers III
February 18, 2005
Page 5

and, for each such person, identify the extent of their involvement." In response to this request, you have listed those individuals who were involved in the WebHouse launch, but you have not identified the extent of the person's involvement. Please amend your responses so that they identify the extent of each person's involvement in the WebHouse launch.

Interrogatory No. 14 asks Defendant Walker to "Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third party, involved in soliciting members to participate in WebHouse." You have not responded to this interrogatory. Please amend your responses so that they include a response to this interrogatory.

Interrogatory No. 16 asks Defendant Walker to "Identify all manufacturers, wholesalers, retailers, distributors or any other sponsoring parties who participated in the sale of products or services on WebHouse's or Priceline's websites; the dates such entities began to participate; all persons involved for such entities; all documents provided to such entities in connection with their participation; and each type of document which recorded the extent of their participation." You have not responded to this interrogatory. Please amend your responses so that they include a response to this interrogatory.

Interrogatory No. 25 asks Defendant Walker to "Identify all individuals or entities who received stock, stock options or warrants of Priceline, Webhouse or Walker Digital (other than securities acquired through trades on the open market) during the Relevant Time Period, and for each such person identify the number of shares, options or warrants acquired, the date acquired, the consideration paid, the value when acquired, the date of maturity or exercise, and identify all documents evidencing such transactions." You have not responded to this interrogatory. Please amend your responses so that they include a response to this interrogatory.

To narrow the issues at the meet and confer, we expect that you will amend your interrogatory responses and provide us with the additional information we ask for in this letter by the close of business on **Friday, February 25th** (with the exception of the dates relating to your document production, which we anticipate receiving no later than the close of business on **Monday, February 21st**). We look forward to discussing any remaining issues with you during a meet and confer. As we stated above, we are available for the meet and confer anytime during the week of February 28th. We believe that we should have our meet and confer no later than Thursday, March 3rd. If we do not receive sufficient assurances that you will appropriately comply with our discovery requests, we will be forced to move the Court to compel compliance.

Sincerely yours,

Geoffrey M. Johnson

GMJ:aes
Enclosure