**EXHIBIT Q**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com | Master File No. |
| Securities Litigation | 3:00cv1884 (DJS) |

------------------------------------------------

This document relates to:

ALL PENDING ACTIONS

November 15, 2004

## DEFENDANTS' COMBINED FIRST SETS OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Connecticut ("Local Rules"), defendants priceline.com Incorporated, Jay S. Walker, N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock submit their Combined First Sets of Requests for the Production of Documents and Interrogatories to Plaintiffs. Defendants request that Plaintiffs produce for inspection and copying the documents described herein within 30 days at the offices of Robinson & Cole, LLP, 695 Main Street, Stamford, CT 06904. Defendants further request that Plaintiffs separately and fully answer in writing and under oath each of the following interrogatories. A true copy of the answers and any objections Plaintiffs may have to these interrogatories must be served on the undersigned attorney at the aforementioned offices within 30 days. Each of the following document requests and interrogatories is to be read in accordance with the definitions and respective instructions that follow.

## Definitions

1.    The term "this Action" refers to the lawsuit docketed under the caption In re Priceline.com Securities Litigation, 3:00cv1884 (DJS).

2.    The terms "priceline.com" or "the Company" mean priceline.com, all current and former departments, business units, parents, subsidiaries and other affiliates of priceline.com, and all current and former officers and directors of priceline.com.

3.    The term "Consolidated Actions" means all actions consolidated under the docket number of this action including, but not limited to, actions consolidated by Order of the Court dated September 12, 2001.

4.    The terms "Plaintiffs", "you" or "your" mean Lead Plaintiffs Iliana Ilieva, Leisinger Pension Fund, Mark Weiss and Marilyn D. Engel, and Joseph Wilenkin and all other named plaintiffs in the Consolidated Actions, including any class representative proposed in any motion requesting class certification in this Action.

5.    The term "Amended Complaint" means the Consolidated Amended Complaint filed in this Action on October 29, 2001.

6.    The term "alleged Class Period", as proposed by Plaintiffs, means the time period between January 27, 2000, and October 4, 2000, as set forth in paragraph 46 of the Amended Complaint.

7.    The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings or otherwise), and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail ("e-mail"), all attachments and enclosures thereto, recordings in any medium of

2

draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

10.     The term "identify" means:

(a)     as applied to a natural person, to state the person's full name, title, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number;

(b)     as applied to a business entity, to state the entity's full name and present or last known business address and telephone number;

(c)     as applied to an oral communication, to state the time, date and place of such communication, whether it was in person or by some other means, the identity of each person who was present or who participated in such communication, and the substance of the communication; and

(d)     as applied to a document, to state the type of document, the date of the document, the names of the individuals who drafted, authored or signed the document, the names of the individuals to whom the document or a copy thereof was addressed or sent, the substance of the document, the present whereabouts of the document, and the name and address of the custodian of the document.

(e)     as applied to an action, lawsuit, arbitration, administrative proceeding or other adjudicatory proceeding, state the name of each party to the proceeding, the court or agency in which the proceeding was instituted, the identifying number of the proceeding, the date the proceeding was commenced, the date the proceeding was terminated, whether the proceeding was a civil lawsuit, criminal proceeding, arbitration, administrative proceeding or

4

other adjudicatory proceeding, the names and addresses of lead counsel for the lead plaintiff or petitioner and lead defendant or respondent, and, if terminated, the terms under which the proceeding was terminated.

11.    The term "including" means including but not limited to.

12.    The term "person" means any natural person or any business, legal, governmental, or non-governmental entity, association, or organization.

13.    The terms "all" and "each" shall be construed as all and each.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

15.    The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgement on the part of priceline.com that such definition is accurate, meaningful or appropriate for any other purpose in this Action.

## Instructions for Document Requests

1.    Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

2.    If you object to any document request, please state with specificity the grounds for each such objection.

3.    Whenever necessary to bring within the scope of any document request documents that might otherwise be construed to be outside the scope:  (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses, and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

4.    These document requests call for the production of responsive documents in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

5.    If a responsive document is no longer in your possession, custody or control, state:  its date, author(s), recipient(s), subject matter, when the document was most recently in your possession, custody or control, and the person, organization or entity presently in possession custody or control of such document.  If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed and the reason for its destruction.

6.    All document requests should be construed to include responsive documents from all sources whether located in the United States or abroad.

7.    Each requested document shall be produced in its entirety.  If an identical copy appears in more than one person's files, each of the copies shall be produced.  If a

6

document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

8.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each responsive document shall be produced as it is kept in the usual course of business, including but not limited to its original file folder with all markings intact, or organized and labeled to correspond to the categories identified in these requests.

9.    Responsive documents are to be clearly designated so as to reflect their owner and/or custodian and the location from where they were produced.

10.    The instructions relating to assertion of claims of privilege set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules are hereby incorporated by reference. With respect to each responsive document called for by these document requests and withheld under a claim of privilege or otherwise, state separately for each document withheld:

(a)    the nature of the privilege or immunity that is being claimed;

(b)    the type of document;

(c)    the general subject matter of the document;

(d)    the date of the document;

(e)    the custodian from whose possession to document is being produced;

(f)    the author(s) of the document;

(g)    the addressee(s) and/or recipient(s) of the document; and

(h)    where not apparent, the relationship of the author(s) and addressee(s) to each other.

11.     If there are no documents responsive to any of the following document requests, please provide a written response so stating.

12.     All document requests herein shall be construed to include any supplemental documents responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## Instructions for Interrogatories

1.     Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation or exclusion.

2.     If you object to any interrogatory, please state with specificity the grounds for each such objection.

3.     If an interrogatory cannot be answered in full, answer to the extent possible, specifying the reason why the remainder cannot be answered and the efforts made to supply a complete answer.

4.     Separate and complete responses (or, as the case may be, separate objections) are required for each interrogatory or subpart thereof.

5.     These interrogatories extend to any information in your possession, custody or control, including but not limited to any of your respective employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

6.     If you assert a claim of privilege or immunity with respect to any part of these interrogatories, state the nature and basis of the privilege or other ground asserted as justification for withholding such information.

7.     These interrogatories shall be deemed continuing so as to require prompt supplemental responses if you learn additional information responsive to these interrogatories

8

between the time of the initial response to these interrogatories and the time of final judgment in this Action.

       \*       \*       \*       \*

    These document requests and interrogatories are provided without prejudice to, or waiver of priceline's right to conduct further discovery at a later date.

### Documents Requested

    1.     All documents collected, obtained or otherwise received in connection with any investigation by Plaintiffs or counsel for Plaintiffs concerning any allegation in the Amended Complaint or any other complaint in this Action or the Consolidated Actions.

    2.     All documents concerning or reflecting communications with any person in connection with any investigation by Plaintiffs or counsel for Plaintiffs concerning any allegation in the Amended Complaint or any other complaint in this Action or the Consolidated Actions.

    3.     All documents concerning or reflecting communications between Plaintiffs and priceline.com.

    4.     All documents concerning any purchase, sale or other transfer of the common shares of priceline.com by any Plaintiff including, but not limited to, confirmations of such transactions, documents concerning the reasons for such transactions and stock certificates evidencing current ownership of priceline.com shares.

    5.     All documents concerning the investment policies or practices of any Plaintiff including, but not limited to, all statements of investment policy prepared by or for any Plaintiff.

6.    All documents created, considered, collected, reviewed, obtained or otherwise received by Plaintiffs in connection with any analysis, assessment or consideration of the market value or selling price of priceline.com common stock during the alleged Class Period.

7.    All documents concerning Plaintiffs' alleged damages claimed in this Action including, but not limited to, documents concerning the causation of damages and the amount of damages suffered.

8.    Documents sufficient to identify the newsletters, magazines, reports, services or databases subscribed to or otherwise received by Plaintiffs during the alleged Class Period providing investment, market or other information regarding priceline.com, and copies thereof in full.

9.    All research reports and/or analyses (whether prepared by any Plaintiff or others) concerning priceline.com.

10.    All documents relating to each statement upon which Plaintiffs relied in purchasing, selling or acquiring each of the securities identified in Interrogatory No. 3 set forth below.

11.    All documents concerning any action in which any Plaintiff represented or purported to represent a class of plaintiffs including, but not limited to, the pleadings filed in such actions.

12.    All transcripts or other recordings (including audio or video tape-recordings) of any testimony given by any Plaintiff in any civil, criminal, administrative or other proceeding, whether or not given under oath.

13.    All documents concerning any agreement or understanding relating to this Action or any of the Consolidated Actions between any Plaintiff and any attorney.

10

14.   All documents relating to, sent to, received from, reviewed by, relied upon by, or prepared for each person whom Plaintiffs expect to call as an expert witness (or whose testimony will be used) in any hearing or trial in this Action. This includes, but is not limited to, documents relating to the following:

(a)   the subject matter on which such person will testify;

(b)   such person's qualifications within the field or area in which such person is expected to testify;

(c)   the substance of any facts and/or opinions as to which such person is expected to testify;

(d)   any oral or written report prepared or rendered by such person (including any drafts or revisions of drafts thereof); and

(e)   each document or other item examined, relied on, referred to or created by such person in preparing any report of forming any opinion.

15.   All documents supporting, refuting, relating to or otherwise concerning any allegation in the Amended Complaint or any other complaint in this Action or the Consolidated Actions.

16.   All documents upon which Plaintiffs relied in answering the interrogatories set forth below.

## Interrogatories

1.   Describe each Plaintiff by setting forth: (a) its name (including any name under which it has done business in the last 3 years); (b) its address and/or the address of each of its locations; (c) if a person other than a natural person, the date and location of its organization,

11

incorporation and/or commencement of business; (e) the line of business in which it is engaged; and (d) the identity of each of its subsidiaries or affiliates.

2.     Describe in full the circumstances leading to each Plaintiff's involvement in this Action including the reasons therefor and the identity of all persons knowledgeable on the subject.

3.     Identify all priceline.com common stock purchased, sold or acquired by or on behalf of each Plaintiff during the alleged Class Period and, with respect to each such security, state: (a) the date on which is was purchased, sold or acquired; (b) the price at which it was purchased, sold or acquired; (c) the reason(s) for which it was purchased, sold or acquired; (d) whether, if purchased or acquired, it has been sold and (e) if so, the date on which it was sold, the price at which it was sold and the reason(s) for which it was sold.

4.     For each security identified in response to Interrogatory No. 3, (a) state whether it was purchased upon the advice of another person; and (b) state the method by which it was purchased or sold (including whether it was purchased or sold subject to a short sale or a program trade).

5.     Describe each statement upon which each Plaintiff relied in purchasing or selling each of the securities identified in response to Interrogatory No. 3, stating whether the Plaintiff relied directly on any such statement or relied instead solely on the efficiency of the market.

6.     Identify all actions, lawsuits, arbitrations or other adjudicative proceedings or regulatory enforcement actions or investigations, relating to federal or state securities laws, to which each Plaintiff has been a party, or for which it has provided financial support either directly or indirectly, during the last 3 years.

12

7.     Identify each person with whom Plaintiffs or counsel for Plaintiffs communicated in connection with any investigation concerning any allegation in the Amended Complaint or any other complaint in this Action or the Consolidated Actions and for each individual identified, including those that Plaintiffs purport to have interviewed in connection with this Action or any of the Consolidated Actions (see paragraph 237 of the Amended Complaint), provide the following information:

(a)     Name;

(b)     Current Address;

(c)     Employer during the alleged Class Period;

(d)     Current Employer;

(e)     Date(s) of the interview with Plaintiffs or counsel for Plaintiffs;

(f)     Name(s) and address(es) for person(s) in attendance at the interview.

8.     Identify each individual(s) referred to in the following paragraphs from the Amended Complaint:

(a)     the "Webhouse employee" referred to in paragraph 31;

(b)     the "senior managers at Webhouse" and "senior Webhouse executives" referred to in paragraph 41(b);

(c)     the "Webhouse information technology personnel" referred to in paragraph 41(i);

(d)     the "senior level executives at Priceline" referred to in paragraph 81;

(e)     the "Webhouse officials" referred to in paragraph 85(c)(ii); and

(f)     the "former Webhouse and Priceline personnel" referred to in paragraph 85(e).

13

9.    Identify and describe (and produce to Defendants pursuant to Document Request No. 15 above) each and every document reviewed by Plaintiffs relating to the allegations in the Amended Complaint and any of the complaints in the Consolidated Actions including, but not limited to, the following:

(a)    the "internal Company memoranda, correspondence and other internal Company documents" referred in paragraph 237 of the Amended Complaint;

(b)    the "internal Priceline documents" referred to in paragraph 37 (fn. 3) of the Amended Complaint; and

(c)    the "internal Priceline documents" referred to in paragraph 130(l) of the Amended Complaint.

10.    Identify each individual who supplied information for and/or participated in the preparation of Plaintiffs' answers to these interrogatories.

14

November 15, 2004

DEFENDANTS PRICELINE.COM INC.,
JAY S. WALKER, N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK

Joseph L. Clasen (ct04090)
ROBINSON & COLE LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@stam.rc.com

OF COUNSEL:
Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*


Martin Glenn
Dana C. MacGrath
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2200
Fax: (212) 326-2061
*Attorneys for Defendant Jay S. Walker*

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Combined First Sets of Requests

for the Production of Documents and Interrogatories was mailed this 15th day of November,

2004 via first class mail to the following counsel of record:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Patrick A. Klingman, Esq.<br>Schatz & Nobel, PC<br>330 Main Street, 2nd Floor<br>Hartford, CT 06106-1851<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

| Attorneys for Defendant Deloitte & Touche LLP | Attorneys for Defendant Jay S. Walker |
|---|---|
| Eric W. Wiechmann, Esq.<br>Peter W. Hull, Esq.<br>McCarter & English<br>185 Asylum Street<br>36th Floor<br>Hartford, CT 06103<br>Tel: 860-275-6700<br><br>William R. Maguire, Esq.<br>Carla A. Kerr, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel: 212-837-6000<br>Fax: 212-422-4726 | Martin Glenn, Esq.<br>Dana C. MacGrath, Esq.<br>O'Melveny & Myers LLP<br>153 East 53rd Street<br>New York, NY 10022<br>Tel: 212-326-2000<br>Fax: 212-326-2061 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.** | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols** |
| Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

William J. Kelleher III

TOTAL P.29