# EXHIBIT R

# CRAVATH, SWAINE & MOORE LLP

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.

JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1242

JULIE A. NORTH
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DeMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

February 14, 2005

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Erin, David and Jake:

We have reviewed your responses and objections to Defendants' Document Requests and Interrogatories and believe that they are deficient in certain respects. We outline those deficiencies below and request a meet and confer to discuss them further.

I.  Document Requests

With respect to Request No. 1, you have objected to our use of the term "investigation" as vague and ambiguous. While we believe that the phrasing of this request is entirely clear, for the avoidance of doubt, you may assume that this request is aimed at the "investigation" that plaintiffs themselves describe in ¶ 237 of the Consolidated Amended Complaint (the "Complaint"). You have also asserted that plaintiffs have no documents responsive to this request that are not privileged or protected by the work product doctrine. Paragraph 237 of the Complaint, however, describes a variety of non-privileged documents responsive to this request, including filings with the SEC and certain analysts' reports. At a minimum, these documents must be produced. Please confirm that you will produce all non-privileged documents collected, obtained or otherwise received in connection with any investigation by plaintiffs or their counsel concerning any allegation in the Complaint.

With respect to Request No. 2, you have again objected to our use of the term "investigation" as vague and ambiguous. We refer you to the previous paragraph for our response to this objection. You have also stated that plaintiffs have no documents responsive to this request that are not protected by, among other things, the "investigative privilege". Please clarify what you mean by the "investigative privilege", as we are not aware of any "investigative privilege" that would entitle you to withhold documents in

the context of this litigation, and confirm whether you intend to withhold documents on this basis.

With respect to Request No. 5, you have objected to our request for documents concerning the investment policies or practices of plaintiffs as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. You have indicated that you will only produce responsive documents with respect to priceline stock, and we do not accept that limitation. Plaintiffs' overall investment policies and practices are relevant both to the merits of their securities fraud claim and to their pending motion for class certification. For example, this discovery is relevant to (1) whether plaintiffs actually relied on Defendants' alleged misrepresentations and omissions; (2) whether any potential application of a presumption of reliance is rebuttable on the facts and circumstances here; and (3) whether the proposed class representatives are adequate and typical. Please confirm that you will search for and produce documents in accordance with our request.

With respect to Request No. 8, you have objected to our request as overbroad, vague, not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome. You have indicated that you will only produce documents sufficient to show newspapers and other publications received by plaintiffs. We do not accept your limitation, which ignores our request for <u>copies</u> of the newspapers and other publications received by plaintiffs. These documents reflect the information regarding priceline available to plaintiffs during the alleged Class Period, and are thus directly relevant to plaintiffs' claims that they relied on Defendants' alleged misrepresentations and omissions. Production of any such documents in plaintiffs' possession, custody or control will not place any undue burden on your clients. Please confirm that you will search for and produce copies of such documents, not just documents sufficient to identify them.

With respect to Request No. 11, you have not agreed to produce documents concerning actions in which any plaintiff <u>purported</u> to represent a class of plaintiffs, and for actions in which plaintiffs represented a class, you have only agreed to produce documents sufficient to identify such actions. We do not accept your limitations, for which you have offered no justification. Plaintiffs' previous attempts to represent a class are relevant to their adequacy as class representatives here. And there is no basis for withholding documents <u>concerning</u> any of those actions that are in plaintiffs' possession, custody or control. Please confirm that you will search for and produce documents in accordance with our request.

With respect to Request No. 12, we do not accept your refusal to produce any documents. The production of transcripts or other recordings of each plaintiff's previous testimony that are in plaintiffs' possession, custody or control would not be unduly burdensome. Such testimony is an appropriate subject for discovery on the issue of plaintiffs' adequacy as class representatives. Please confirm that you will search for and produce documents in accordance with our request.

With respect to Request No. 14, you have objected to our request for documents relating to expert witnesses on the grounds that it seeks to circumvent the Court's scheduling order. We understand that you may not yet have any documents responsive to this request. Please be advised, however, that the request remains operative and that you must produce responsive documents once you have designated experts. You have also objected to our request on the grounds that it seeks draft expert reports. You are correct that we proposed, during negotiation of the Rule 26(f) scheduling order, that draft expert reports should not be discoverable. However, you did <u>not</u> accept our suggestion at that time, nor was it included in the order ultimately entered by the Court. Accordingly, you must produce draft expert reports. If you wish to revisit the issue of the discoverability of draft expert materials, please make that request in writing so that we can discuss an appropriate stipulation.

II.  <u>Interrogatories</u>

With respect to General Objection No. 5, which is asserted by each of the responding plaintiffs, please advise us whether you intend to withhold any documents on a timeframe basis. We believe that the interrogatories do contain clear time periods, and we note that most of the interrogatories seek information relating to stock purchases or sales during the alleged Class Period or information concerning plaintiffs' allegations.

With respect to Interrogatory No. 5, each of the responding plaintiffs has objected that the interrogatory is redundant of Interrogatory No. 4. Interrogatory No. 4 asks for, among other things, information regarding whether the plaintiffs' stock purchases and sales were executed upon the advice of another person. Quite differently, Interrogatory No. 5 asks for a description of each statement upon which plaintiffs relied in making such purchases and sales. And none of the plaintiffs has provided information in response to Interrogatory No. 4 that would be responsive to Interrogatory No. 5. Each of the responding plaintiffs has also objected to this interrogatory on the grounds that it calls for a legal conclusion. That is incorrect. Reliance is a factual question. Please confirm that you will provide information in accordance with our interrogatory.

With respect to Interrogatory Nos. 7, 8 and 9, each of the responding plaintiffs[1] has asserted that he/she has no responsive information that is not protected by the work-product doctrine. The law is perfectly clear, however, that the identities of individuals referred to in a complaint are not protected by the work-product doctrine, nor is work-product protection afforded to information concerning the existence, whereabouts, author, and date of creation of documents (as opposed to information concerning the contents of documents) referred to in a complaint. Accordingly, plaintiffs must identify the individuals to whom they refer in certain paragraphs of the Complaint specified in Interrogatory Nos. 7, 8 and 9. Plaintiffs must also identify and describe the

---

[1] Although each plaintiff submitted separate responses to Defendants' Interrogatories, each and every plaintiff responded to Interrogatory Nos. 7, 8 and 9 in the same way.

documents to which they refer in certain paragraphs of the Complaint specified in Interrogatory Nos. 7, 8 and 9. Please confirm that you will withdraw this objection and provide complete answers to each of these interrogatories so that we may avoid a motion to compel this information.

With respect to Leisinger Pension Fund's response to Interrogatory No. 1(e), please clarify that "Not applicable" means that Leisinger does not have any subsidiaries or affiliates. With respect to its response to Interrogatory No. 3(e), please advise us as to the status of Leisinger's investigation.

With respect to Mark Weiss and Marilyn Egel's response to Interrogatory No. 2, plaintiffs have described their basis for standing, but have not "describe[d] in full the circumstances leading to [their] involvement in this Action", their "reasons therefore", or the "identity of all persons knowledgeable on the subject". Please confirm that plaintiffs Weiss and Engel will provide a supplemental answer that is responsive to Interrogatory No. 2. With respect to their response to Interrogatory No. 3, plaintiffs refer to an "Attachment A", but have not furnished us with that attachment. Please provide the attachment to us.

With respect to Sharon Tsai's and John Anderson's respective responses to Interrogatory No. 3, plaintiffs have failed to provide information regarding whether their stock was sold, and if so, at what price. The attachments to plaintiffs' respective responses only show their purchases of priceline stock. Please indicate whether plaintiffs Tsai and Anderson sold their stock and, if so, provide the additional information called for by this interrogatory.

If we do not receive sufficient assurances that plaintiffs intend to comply with our discovery requests, we intend to move the Court to compel their compliance.

In addition, we are still waiting to hear back from all but one of the proposed class representatives regarding the dates of their availability for depositions. If we do not hear from you shortly, we will be forced to bring this matter to the Court's attention.

Very truly yours,

Christine L. Arena

Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

David R. Scott, Esq.
Erin Green Comite, Esq.
   Scott + Scott, LLC
      P.O. Box 192
         108 Norwich Avenue
            Colchester, CT 06415

BY FACSIMILE AND FIRST CLASS MAIL

Copies to:

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
   Robinson & Cole LLP
      695 East Main Street
         Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Albert M. Myers, III, Esq.
   Paul, Hastings, Janofsky & Walker LLP
      600 Peachtree Street, NE
      24th Floor
         Atlanta, GA 30308


BY FACSIMILE