**EXHIBIT T**

# CRAVATH, SWAINE & MOORE LLP

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.

JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1242

JULIE A. NORTH
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

February 25, 2005

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Erin, David and Jake:

We have received and reviewed your responses and objections to Defendants' Combined Second Sets of Requests for the Production of Documents and Interrogatories, which targeted documents and information relevant to your pending motion for class certification. Your responses and objections are fraught with deficiencies, and given the deposition schedule for the proposed class representatives, these deficiencies require prompt attention. We expect to discuss these deficiencies, along with the deficiencies in your responses and objections to our first set of discovery demands,[1] during the meet and confer scheduled for next week. We will confirm on Monday, February 28, our availability to participate in a call at 3:00 p.m. on March 2.

I.   Document Requests[2]

With respect to Request Nos. 1, 2, 3, 4 and 8, you have indicated that each proposed class representative "has no responsive documents which have not already been produced to Defendants". Kindly identify which documents you have already produced that are responsive to these requests, as we do not believe we have received any.

---

[1] We do not intend to amend our responses to your first sets of interrogatories and document requests (as demanded in your February 17 Letter) until after that meet and confer (if at all).

[2] With respect to your General Objection No. 5 and your reference to the "investigative privilege" in General Objection No. 11, we incorporate by reference our letter of February 14, which addresses the deficiencies in those objections.

With respect to Request No. 1, which seeks documents concerning the factual bases for the allegations in your motion for class certification, you have stated that your motion for class certification "speaks for itself", and you have referred to the Consolidated Amended Complaint. As you know, however, consistent with Rule 11 of the Federal Rules of Civil Procedure, you must have a factual basis for the allegations in your motion and in your complaint. Plaintiffs have the burden of establishing the prerequisites for certifying a class, and the law is clear that an adequate basis for each of those prerequisites must not only be pled but also be supported by the facts. Documents providing such a factual basis are plainly discoverable.

With respect to Request No. 4, which seeks documents concerning Amerindo's withdrawal as one of the lead plaintiffs, you have objected on the grounds that the request is irrelevant. As you know, the law is clear that the adequacy of lead counsel is relevant to plaintiffs' ability to satisfy Rule 23(a)(4). And the Court's approval of co-lead counsel was premised on Amerindo's involvement as a lead plaintiff. It is lead plaintiffs, after all, who choose lead counsel, and the Court noted that institutional investors such as Amerindo often have the expertise necessary to assess whether counsel is faithfully representing a class. Accordingly, the fact that Amerindo is no longer a lead plaintiff bears on the continued involvement of co-lead counsel and on the adequacy of lead counsel's representation of the class.

With respect to Request No. 6, which seeks documents relating to business and strategic plans of the proposed class representatives, including plans relating to litigation, you have objected that the phrase "business and strategic plans" is vague and incomprehensible. Although we believe that the phrasing of this request is clear, for purposes of further clarification, we add that this request is aimed at documents relating to plaintiffs' decision to become involved with this Action and plaintiffs' reasons for continuing to pursue this litigation, including any financial expectations or motivations associated with plaintiffs' involvement. You have also objected to this request on the grounds that it is irrelevant and unduly burdensome and would result in harassment and oppression. Plaintiffs' plans, motivations and expectations with respect to this litigation are clearly relevant to their ability to represent the alleged class, and there is nothing burdensome, harassing or oppressive in this request.

With respect to Request No. 7, which seeks documents sufficient to show the composition of the investment portfolios of each of the proposed class representatives throughout the alleged Class Period, you have objected on the grounds that the request is irrelevant, unduly burdensome and would result in harassment and oppression. The law is clear, though, that discovery concerning a securities plaintiff's investment history is permitted because it is relevant, among other things, to a defense of non-reliance. Moreover, we see nothing burdensome, harassing or oppressive in asking plaintiffs to produce, for example, their brokerage account statements, which several plaintiffs have already done to show their priceline investments (albeit in incomplete and improperly altered form).

II. <u>Interrogatories</u>

You have objected that Interrogatory Nos. 1, 2, and 4 are contention interrogatories calling for legal conclusions and are premature. Those interrogatories seek information relating to the factual bases for the contentions in your pending motion for class certification. Accordingly, they could hardly be any less "premature". Nor do they call for legal conclusions, but instead, call for facts bearing on plaintiffs' ability to satisfy the prerequisites of Federal Rule of Civil Procedure 23. As stated previously, plaintiffs bear the burden of demonstrating facts to support each of the Rule 23 prerequisites; they cannot simply parrot back to the Court the text of that Rule. Facts bearing on the prerequisites for certifying a class are solely in the control of plaintiffs themselves, and Defendants are entitled to discover those facts in order to oppose class certification.

With respect to Interrogatory No. 5, Leisinger Pension Fund has not objected but has failed to provide a complete response. Specifically, we ask that Leisinger identify its equity owners and their respective percentages of equity ownership.

With respect to Interrogatory No. 7, which asks plaintiffs to describe how they intend to provide notice of this Action to the other members of the proposed class, you have objected that the interrogatory is unduly burdensome and would result in harassment and oppression. Providing notice to members of the proposed class is a fundamental obligation of lead plaintiffs under the federal rules, and you have undoubtedly considered how you will implement such notice should the Court certify the proposed class. It is simply wrong to state that providing that information would be burdensome or result in harassment and oppression.

With respect to Interrogatory No. 8, which asks plaintiffs to identify the source of funds with which they purchased priceline stock, you have objected that the interrogatory is irrelevant and unduly burdensome and would result in harassment and oppression. The source of funds for the purchases is relevant to the reasons why the plaintiffs bought priceline stock, which is relevant to plaintiffs' ability to show reliance, an element of their claims. We do not understand how providing this information is burdensome, harassing or oppressing to plaintiffs.

With respect to Interrogatory No. 9, which asks plaintiffs to identify how they used the proceeds and/or other consideration received in connection with any sales or transfers of priceline stock, you have again objected that the interrogatory is irrelevant and unduly burdensome and would result in harassment and oppression. Plaintiffs' use of the proceeds is relevant to when and why they sold their priceline stock and thus goes to their state of mind with respect to their priceline investment. Accordingly, plaintiffs' use of the proceeds is relevant both to their alleged damages and to Defendants' statute of limitations defense.

As you know, we have been attempting in good faith to schedule the depositions of all proposed class representatives during the second and third weeks of March. We will not proceed on that schedule, however, if we do not receive both the

requested documents and meaningful interrogatory responses sufficiently in advance of the scheduled depositions.

                                  Sincerely,

                                  Christine L. Arena

Jacob B. Perkinson, Esq.
   Johnson & Perkinson
      1690 Williston Road
         P.O. Box 2305
            South Burlington, VT 05403

David R. Scott, Esq.
Erin Green Comite, Esq.
   Scott + Scott, LLC
      P.O. Box 192
         108 Norwich Avenue
            Colchester, CT 06415

BY FACSIMILE AND FIRST CLASS MAIL

Copies to:

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
   Robinson & Cole LLP
      695 East Main Street
         Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Albert M. Myers, III, Esq.
J. Allen Maines, Esq.
   Paul, Hastings, Janofsky & Walker LLP
      600 Peachtree Street, NE
      24th Floor
         Atlanta, GA 30308

BY FACSIMILE