# EXHIBIT U



February 25, 2005

<u>Via Facsimile and U.S. Mail</u>

Christine L. Arena
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

William J. Kelleher, III
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904

    Re:    <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Christine and Bill:

    I write to address the issues you raised in the separate letters that you sent to us on Wednesday, February 23, 2005. In this letter, we address: (1) the questions that Bill raised about the dates for the class certification depositions; and (2) the questions that you both raised about the status of Plaintiffs' document production. We also wanted to let you know that we are available for the meet and confer on Wednesday, March 2, 2005, at 3:00 p.m. Please let us know if this works for you.

1.    <u>Class Certification Deposition Dates</u>

    First, with respect to the class certification depositions, we have provided you with deposition dates for R. Warren Ross (March 7 in New York), John Anderson (March 14 in New York), and the Leisinger Pension Fund (March 16 in New York). As we discussed yesterday, Lance Orr is a Certified Public Accountant and is not available until after tax season. We plan to give you a date when Mr. Orr is available at next week's meet and confer. We anticipate making Mr. Orr available in New York during the week of April 18. Accordingly, we plan to take Christine up on her offer to "seek modification of the Court's scheduling order to accommodate [Mr. Orr's] schedule." We propose moving the due date for the Defendants' Opposition to Class Certification to May 9, 2005 and the Plaintiffs' Reply in Support of Class Certification to June 10, 2005. Please let us know if you will stipulate to this modification of the Scheduling Order.

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
    OHIO    33 RIVER STREET    440 247-8275 FAX
    CALIFORNIA    CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
    WWW.SCOTT-SCOTT.COM

Christine L. Arena
William J. Kelleher, III
Page 2

Second, I was advised yesterday that Andy Schatz, attorney for Joseph Wilenkin, has an unavoidable conflict now with March 16 for Mr. Wilenkin's deposition. Mr. Wilenkin now can be available for deposition in New York either Tuesday, March 15 or Tuesday, March 22. Please advise me which of these dates will work for you. Mark Weiss is available for deposition in Chicago on March 9 or 10. Marilyn Egel can also be available either of those days, however her availability is limited. As Weiss and Egel's investments were made in a joint account with Mark Weiss making the investment decisions, we believe that it is most appropriate for you to spend the majority of your time deposing him. We are still checking into the availability of Sharon Tsai. She has indicated that she is only available for deposition in Los Angeles. We plan to give you a definitive date for Ms. Tsai's deposition at the meet and confer.

Additionally, with regard to the location of the depositions, in a letter dated February 16, 2005, Christine stated that "[i]t is our view that all plaintiffs and proposed class representatives are required to appear for deposition in Connecticut, the forum in which they have chosen to bring this action." We are not aware of any case law suggesting that a *proposed class representative* in a securities class action must travel from the place where he or she resides to the forum where the action is pending for a deposition. There is, however, authority to support the position that a plaintiff's desire to be deposed in the place where he or she resides should be respected where, as here, the "plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event." Wright and Miller, 8A *Federal Practice & Procedure Civ.* 2d, § 2112 (2005) (citing cases).

The proposed class in this case consists of investors who live all over the country and the world – many of whom have little, if any, connection to the forum where the case is pending. Indeed, this case was brought in Connecticut because that is the location where the majority of the Defendants' misstatements and wrongful conduct occurred, not because any of the proposed class representatives had contacts with the forum. In fact, if this case had been filed elsewhere, it is likely that Defendants would have moved to transfer it to Connecticut. We hope you are also persuaded by the fact that we have agreed to make the majority of the class representatives available for deposition in your New York offices. In return, we ask only that you make a single trip to Chicago and a single trip to Los Angeles, a request that we hope you would accommodate as a matter of common courtesy. *See, e.g.,* Patrick Lynch, *Business & Commercial Litigation in Federal Courts*, § 19.6(a)(3) (Am. Bar. Assoc. 2004) ("On the whole, the customary practice of respecting the residence of the witness in all cases seems to work best. The requirement of producing witnesses in the forum is often invoked as an economic weapon, and adherence to a rule that requires witnesses to travel seems to promote litigation.").

2.      Documents Produced In Response To Defendants' Document Requests

Next, you have asked us to provide you with an update on the status of our document production. To date, we have produced numerous documents in response to Defendants' first and second set of discovery requests. First, in response to Defendants' first set of discovery requests, we produced an article referring to Priceline from one of the proposed class

Christine L. Arena
William J. Kelleher, III
Page 3

representatives and brokerage statements and/or a list of transactions in Priceline stock for all but one of the proposed class representatives. Additionally, several responsive documents were produced earlier this month in response to Defendants' second set of document requests. We are continuing to search for responsive documents and hope to complete our production of non-privileged documents that are not subject to an objection by March 4, 2005. We will let you know by letter when our production is complete. We will also make a good faith effort to provide you with a finalized privilege log by March 4.

    One final point about the document production is worth mentioning. In Christine's February 23 letter, she states that: "[Y]our indignation regarding the pace of our document production rings hollow in light of the fact that we have not yet received production of a single page of documents from plaintiffs in response to our document requests, many of which were also served roughly four months ago." You are mistaken when you state that we have not produced a single page of documents. To date, we have produced numerous documents responsive to your requests.

    More importantly, we have not asked the Defendants to do anything that we have not also done ourselves. We started producing documents in January 2005 and produced another set of documents earlier this month; you have yet to produce a single document. We gave you a date certain when we expect to finish our document production; you have refused to tell us when your production will be finished. We are prepared to complete our production by March 4, 2005; you have stated that your production will not be complete for several months. We gave you a date when you will receive our privilege log; you have not told us when you will produce your privilege log. Please inform us of an appropriate time frame for completing discovery – *i.e.*, one that does not prevent us from taking depositions in April 2005 – or we will be forced to raise these issues with the Court.

Sincerely yours,

Geoffrey M. Johnson

GMJ/aes

cc:    David R. Scott
       Jacob B. Perkinson