# EXHIBIT X

# CRAVATH, SWAINE & MOORE LLP

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.

JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GRENAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

JULIE A. NORTH
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

March 3, 2005

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Counsel:

We write in follow-up to our meet and confer conference call of yesterday afternoon and our call with Peter and Dennis this morning. We summarize below our understanding of the status of the discovery issues discussed during those calls.

I. Deposition Scheduling

As we noted at the outset of yesterday's call and reiterated during this morning's call, we stand by our position that all proposed class representatives should appear for deposition in the forum in which they have chosen to pursue this lawsuit (and respectfully disagree with the argument set forth in Mr. Johnson's February 25, 2005 letter). Our disagreement notwithstanding, and as a professional courtesy to plaintiffs' counsel, we have offered to make a single trip to Chicago to depose Mr. Weiss and Ms. Egel. However, we are not available to travel on the dates you previously proposed (March 9 or 10) and have asked you to provide alternate dates in late March or early April when these two proposed class representatives are available for deposition. In exchange for this accommodation, we sought your consent to an extension of the current class certification briefing schedule (which you yourselves had proposed before you decided to withdraw Mr. Orr as a proposed class representative). In light of our willingness to extend this courtesy and travel to Chicago, we were frankly surprised to learn during this morning's call that you may refuse to give us alternate dates to depose Mr. Weiss and Ms. Egel and that, in any event, you will not even consider alternate dates until we make a proposal in writing regarding an extension of the briefing schedule. We sent you a letter earlier today setting forth our proposal. To be clear, though, we have no intention of deposing Weiss and Egel in Chicago on March 9 or 10. If you do not propose alternate dates in late March or early April, we will move to compel their depositions in Connecticut as is our prerogative under the law. In light of this morning's

development, and the lack of progress made during our meet and confer, we will address these scheduling issues as part of the motion to compel that will be filed imminently.

We also noted during the call that we believe that the more time- and cost-efficient approach for all parties would be to postpone the depositions currently scheduled to take place during the next 1-2 weeks until <u>after</u> the Court resolves the outstanding discovery disputes between us (many of which relate directly to class certification issues). You indicated that plaintiffs' counsel's preference is to proceed with those depositions and represented that Mr. Ross, in particular, has already provided us with all of his responsive documents (and has not withheld any documents on the basis of the objections asserted[1]). We will defer to your preference and proceed with the currently-scheduled depositions, but (as we noted on the call) reserve all rights to (1) re-open any deposition in the event that documents or other information that we believe are pertinent to that deposition is produced as a result of our motion to compel, and (2) seek reimbursement for costs/expenses associated with the re-opening of any depositions occasioned by your prior refusals to produce discoverable information.

So that we are all clear, below is our understanding of the current schedule:

1. <u>Mr. Ross</u> will be deposed at Cravath's New York office on Monday, March 7, 2005. The deposition will commence at 9:30 a.m.

2. <u>Mr. Anderson</u> will be deposed at Cravath's New York office on Monday, March 14, 2005. The deposition will commence at 9:30 a.m.

3. <u>Mr. Leisinger</u> will be deposed at Cravath's New York office on Wednesday, March 16, 2005. The deposition will commence at 9:30 a.m.

As I believe Mr. Clasen discussed with Mr. Schatz yesterday, we are available to take Mr. Wilenkin's deposition on March 22, 2005. However, we have since learned that Mr. Mullis, counsel for Jay Walker, will be unable to attend that day. Would you kindly provide an alternate date.

---

[1] You reiterated this representation during our call this morning and stated, specifically, that Document Request Nos. 5 and 7 are irrelevant with respect to Mr. Ross. We trust that you are aware that your representation means that Mr. Ross did not hold any investments other than priceline stock during the alleged class period (<u>see</u> Document Request No. 7) and that he has no documents concerning investment policies or practices (<u>see</u> Document Request No. 5).

II.     **Defendants' First Set of Document Requests**

With respect to Request Nos. 1 and 2, we continue to disagree. We believe that the law is perfectly clear that documents are not protected under the work product doctrine simply because an attorney has reviewed or relied upon them. As we explained, we would not expect plaintiffs to produce documents that reveal the thought processes or mental impressions of counsel. Accordingly, we will address this issue in our motion to compel.

With respect to Request No. 5, you had indicated that you would take our position under consideration and get back to us with your decision. By way of a short recap, we believe that documents concerning the investment policies and practices of plaintiffs are relevant, inter alia, to plaintiffs' ability to prove their allegations of direct reliance (see Complaint ¶ 208) and to Defendants' ability to rebut any potential application of a presumption of reliance. We understand from our conversation of this morning that you will not withdraw your objection to this request. Accordingly, we will address this issue in our motion to compel.

With respect to Request No. 8, you stated that you will confirm by Friday, March 4, whether plaintiffs subscribed to or otherwise received any "newsletters, magazines, reports, services or databases during the alleged Class period providing investment, market or other information regarding priceline.com" and will identify any such publications.

With respect to Request No. 11, we sought clarification that you had searched for documents concerning any action in which any plaintiff was put forth as a class representative, whether or not that plaintiff was actually made a class representative. You confirmed that you had interpreted our request as requiring such a search. However, with respect to the securities action in which Mr. Weiss and Ms. Egel were parties (identified in your response to Interrogatory No. 6), we noted that your production in response to Request No. 11 is still deficient. Legal files in an attorney's possession are the client's property and must be surrendered upon request. Your suggestion that Mr. Weiss was only an absent class member in that action is incorrect. We have briefly researched the case, and it appears to us that Mr. Weiss was indeed put forward as a class representative. Accordingly, we will address this issue as part of our motion to compel.

With respect to Request No. 14, we understand that you are considering our suggestion that the parties stipulate that draft expert reports be non-discoverable.

III.    **Defendants' First Set of Interrogatories**

With respect to Interrogatory Nos. 7, 8 and 9, we continue to disagree. We will address the issue raised by these interrogatories as part of our motion to compel.

With respect to Leisinger Pension Fund's responses to Interrogatory No. 3(e), Mr. Weiss and Ms. Egel's responses to Interrogatory Nos. 2 and 3, and Ms. Tsai and Mr. Anderson's respective responses to Interrogatory No. 3, you stated that you would

make a good faith effort to supplement those responses by Friday, March 4. We understand that some of your supplemental responses may spill over past March 4, but we expect, consistent with your representation during the call, that we will have complete interrogatory responses (except as objected) for each of the plaintiffs sufficiently in advance of their respective depositions.

IV.     Defendants' Second Set of Document Requests

You acknowledged that the lack of Bates stamping on the documents you have provided thus far was an oversight. We appreciate your offer to Bates stamp those documents. We remind you, though, that many of those documents are incomplete and improperly altered.

With respect to Request No. 4, you stated that although Amerindo is no longer a party to this action and may no longer be represented by any of co-lead counsel, you nevertheless believe that the attorney-client privilege would shield post-attorney-client-relationship communications with Amerindo. We respectfully disagree and request that you produce, in particular, any communications relating to Amerindo's withdrawal that took place after the cessation of an attorney-client relationship.

With respect to Request No. 7, which is closely related to Request No. 5 of our first set of document requests, you had stated that you would consider our position and follow up with us as to your final position. As with Request No. 5, we now understand that your position has not changed, so we will raise the issue with the court.

V.      Defendants' Second Set of Interrogatories

With respect to Interrogatory No. 5, we understand that you will make a good faith effort to provide us with a supplemental response by Friday, March 4.

With respect to Interrogatory No. 7, we clarified that we intended the interrogatory to ask for a description of how Plaintiffs' <u>counsel</u> intends to provide notice of this Action. We understand that you will respond to our interrogatory in accordance with that clarification.

With respect to Interrogatory Nos. 8 and 9, we continue to disagree.

VI.     Plaintiffs' First Set of Document Requests

We confirmed that we will begin our rolling production of responsive documents during the week of March 7. We explained that given the volume of production required of Defendants, we cannot commit to a time frame for completion. We also stated that periodically producing privilege logs would be unwieldy and so we do not intend to produce a rolling privilege log.

We explained that we were willing to give you the opportunity to convince us to change our position as to any of our objections, but you opted to raise only three of them on the call and stated that our other positions were clear from our March 1 letter.[2]

You expressed your disagreement with our General Objection No. 7, and we restated the position set forth in our letter. We agreed to disagree on this issue.

You inquired as to the time frame covered by our document production. We explained that our production will cover the alleged class period and three or four months on either side of that period.

You asked whether we have entered into any joint defense or common interest arrangement. As we explained, we included those bases for asserting privilege in General Objection No. 5 in order to preserve our ability to object on those grounds. We are neither required nor inclined to discuss hypothetical situations that might trigger the application of our general objections.

Sincerely,

James G. Hein, Jr.

Jacob B. Perkinson, Esq.
Peter McDougall, Esq.
Dennis J. Johnson, Esq.
   Johnson & Perkinson
      1690 Williston Road
      P.O. Box 2305
         South Burlington, VT 05403

---

[2] In light of your pre-call demands that Defendants' counsel on the call have "full decision-making authority" as to all discovery issues, we found it odd that you apparently did not expect to go through each of the issues on the call. In addition, given your need to get back to us on four of plaintiffs' positions—Document Request No. 5 (see p. 2, supra), Document Request No. 14 (see p. 3, supra), and Document Request No. 7 (see p. 4, supra)—you apparently did not intend to come to the call with reciprocal authority.

David R. Scott, Esq.
Erin Green Comite, Esq.
   Scott + Scott, LLC
      P.O. Box 192
         108 Norwich Avenue
            Colchester, CT 06415

Geoffrey M. Johnson, Esq.
   Scott + Scott, LLC
      33 River Street
         Chagrin Falls, OH 44022

Jeffrey S. Nobel, Esq.
Andrew M. Schatz, Esq.
   Schatz & Nobel, P.C.
      One Corporate Center
         20 Church Street
            Hartford, CT 06103

BY FACSIMILE AND FIRST CLASS MAIL


Copies to:

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
   Robinson & Cole LLP
      695 East Main Street
         Stamford, CT 06904-2305


Carl W. Mullis, Esq.
J. Allen Maines, Esq.
   Paul, Hastings, Janofsky & Walker LLP
      600 Peachtree Street, NE
         24th Floor
            Atlanta, GA 30308


BY FACSIMILE