# EXHIBIT Y

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

ROBIN A. FREEMAN, JR.
ALSO ADMITTED TO OH*

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

March 4, 2005

<u>VIA FACSIMILE</u>
James G. Hein, Jr.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eight Avenue
New York, NY 10019

    RE: *In re: Priceline.com Securities Litigation*, 3:00CV1884 (DJS) (D.Conn.)

Dear James:

    This is in response to your letter of March 3, 2005. I do not find it productive to continue debating with Defendants regarding issues that we have clearly agreed to disagree on. The purpose of this letter is merely to correct the inaccuracies in your letter and answer the few questions posed therein.

    The first inaccuracy is that the call you reference in your letter was conducted by Peter McDougall and myself, Jacob Perkinson. Dennis Johnson did not participate. Your mistake as to the identity of the callers is indicative of the sloppiness with which you recount the issues discussed in your letter.

    We have not refused to provide alternative dates for Weiss and Egel. Your assertion to the contrary is false. Instead, we told you that we would provide alternative dates after we resolved the time frame for any extension for class certification proceedings the parties could agree to. I asked you to provide your proposal in writing. Your proposal was not faxed to my office until 3:30 yesterday afternoon, despite the fact that we spoke at 10:00 a.m. As you should be aware, I have responded to Defendants' proposal with Plaintiffs' position this morning by fax. Assuming we are able to resolve this issue, we will be providing potential deposition dates for Weiss and Egel within the agreed upon time frame.

**JOHNSON & PERKINSON**
ATTORNEYS AT LAW

Your statement that we represented that Mr. Ross has not withheld anything based on asserted objections is also false. We stand by all asserted objections, including those based on privilege, oppression, harassment, etc. Our discussion with respect to Mr. Ross focused on Defendants' Document Request No. 5 which seeks "documents" about investment strategies. What I told you was that although the Plaintiffs stand by their objection, Mr. Ross simply has no documents we believe would be responsive to Request No. 5. By the way, your footnote 1 is just silly and, as a general matter, you should assume that we disagree with any inference you care to draw unless we specifically state we are in agreement. With respect to footnote 1, we obviously disagree with your self-serving and illogical inference.

We will work on obtaining an alternative date for Mr. Wilenken. In order to ensure proper coordination, please make all future arrangements for the scheduling of depositions through me and I will contact the necessary people.

With respect to Mr. Weiss' involvement in other securities cases, we are in the process of obtaining additional information and will produce any responsive, non-objectionable and non-privileged documents to Defendants in advance of their deposition.

With respect to draft expert reports, as a courtesy to the Defendants, we will accept your request that draft expert reports will not be discoverable in this litigation.

Sincerely,

Jacob B. Perkinson

Geoff Johnson, Esq.
Erin Comite, Esq.
David R. Scott, Esq.
William Kelleher, Esq.
Carl Mullis, Esq.
Robert Carroll, Esq.
Andrew Schatz, Esq.