# EXHIBIT BB



March 3, 2005

<u>Via Facsimile and U.S. Mail</u>

Carl W. Mullis, III
Paul Hastings Janofsy & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

   Re: <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Carl:

  This letter is a response to the email you sent last night setting forth your recollection of the topics we discussed at yesterday's meet and confer. In your email, you state that: "I do not believe that you raised any questions, nor was there any discussion concerning Jay Walker's interrogatory responses and objections." You also state that: "I also do not believe you covered all of the points you raised in your March 18th [sic] letter concerning Mr. Walker's responses and objections to your document requests to him." Your description of the topics discussed at yesterday's meet and confer is not accurate.

  We raised several discovery related issues concerning Mr. Walker during the call. Most significantly, I asked you whether Mr. Walker would be producing documents within the custody and control of Walker Digital. Mr. Walker is the founder, chairman and controlling shareholder of Walker Digital. In response, you stated that you could not respond to the question because you did not know what we meant by Walker Digital. Plaintiffs spent several minutes trying in good faith to address your professed confusion and to explain to you what we meant by Walker Digital, pointing out that we defined this term in the discovery requests and discussed Walker Digital at length in the Complaint. You kept stating that you did not know what we meant by Walker Digital.

  We then asked you several questions about Mr. Walker's document production. We asked you when you would start producing documents. You said that you would try to get us the first set of responsive documents the week of March 18. We asked you when Mr. Walker's production would be finished. You refused to give us a proposed date. We asked you when you would produce a privilege log and whether the log would be produced on a rolling basis. You said that you would not be producing the log on a rolling basis and stated that you did not know when the privilege log would be forthcoming. We asked you about documents in Mr. Walker's possession, custody and control. You said that you were currently searching for documents that were located in Connecticut. As for the remaining points in my February 18 letter, we were fully

ATTORNEYS AT LAW   CONNECTICUT   SCOTT + SCOTT, LLC   440 247-8200 VOICE
        OHIO      33 RIVER STREET    440 247-8275 FAX
        CALIFORNIA    CHAGRIN FALLS, OH 44022   SCOTTLAW@SCOTT-SCOTT.COM
                         WWW.SCOTT-SCOTT.COM



Carl Mullis, III
March 3, 2005
Page 2


prepared to addresses these points. However, you indicated on several occasions that you were not prepared to provide us with a response.

I also want to clear up any confusion surrounding the events that have transpired over the past ten days. As you know, on Friday, February 18, I sent a letter to Albert M. Myers, the lead attorney at your firm on the papers, setting forth several detailed concerns we had with Jay Walker's responses to Plaintiffs' first set of discovery requests. Due to a problem with our fax machine, your firm apparently did not receive the letter until the morning of Monday, February 21. I tried to call Mr. Myers to discuss the letter on February 23 and was transferred to you. You told me that you would be the person we should deal with going forward. I asked you whether you planned to respond to the concerns we raised via letter or whether you planned to wait until the meet and confer. You told me that you would not be providing us with a letter but would address Plaintiffs' concerns at the meet and confer.

We then scheduled the meet and confer for Wednesday, March 2. I called you on Tuesday, March 1 – the day before the meet and confer – to confirm that Jay Walker would have an attorney on the call with full decision-making authority with respect to the issues that I had raised in my February 18 letter. You stated that you would be on the call, but you would not have full decision making authority. I told you that we expected someone to be prepared to address the issues raised in February 18 letter at the meet and confer. You responded that you would not be addressing the issues we had raised in the letter. At the beginning of the meet and confer, you again stated that you were not prepared to address the issues in the letter. You now state in your email that you want to hold another meet and confer, suggesting that we schedule it for late next week or some subsequent date.

We believe that we have satisfied our obligation to meet and confer in good faith in order to resolve the issues I raised in my February 18 letter. If you plan to accommodate any of the requests that I raised in the February 18 letter, please let us know as soon as possible. Of course, we are willing at any time, even after filing our motion to compel, to discuss any suggested compromises on the present disputes between the parties.

Sincerely yours,

Geoffrey M. Johnson/n.n.n.
Geoffrey M. Johnson


cc: David R. Scott
    Jacob Perkinson
    Christine Arena
    William J. Kelleher, III