UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : : MASTER FILE NO. : 3:00CV01844(DJS) |
| This document relates to: ALL ACTIONS | : : March 18, 2005 : : |

DECLARATION OF PETER J. MCDOUGALL IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY

I, Peter J. McDougall, declare that the following is true and correct based on my personal knowledge:

1. I am an associate at the law firm of Johnson & Perkinson one of the firms serving as Co-Lead Counsel for Lead Plaintiffs in this action. I have personal knowledge of the facts and events set forth below. I make this declaration pursuant to Local Civil Rules 7 and 37 in support of Plaintiffs' Motion to Compel Discovery from Deloitte & Touche, LLP.

2. On November 22, 2004, Plaintiffs served Deloitte Touche Thomatsu ("Deloitte") with a third-party Subpoena, requesting the production of certain documents. A copy of Plaintiffs' Subpoena is attached hereto as Exhibit A.

3. On December 3, 2004, Plaintiffs received a letter from Deloitte's counsel stating that the subpoena was left at Deloitte's office in Stamford, Connecticut and claiming the subpoena, addressed to Deloitte Touche Tohmatsu, was addressed to the wrong entity. A copy of this letter is attached hereto as Exhibit B.

4.  On December 7, 2004, Deloitte's counsel sent Plaintiffs' a letter setting forth certain nonspecific objections to Plaintiffs' subpoena. A copy of this letter is attached hereto as Exhibit C.

5.  On December 10, 2004, in response to Deloitte's concern that the subpoena served on December 3, 2004, was served on the wrong entity, Plaintiffs served a second subpoena on Deloitte at its New York City Office. A copy of this subpoena is attached hereto as Exhibit D.

6.  On December, 22, 2004, Deloitte sent Plaintiffs a letter, nearly identical to the one sent on December 7, 2004, once again setting forth certain nonspecific objections to Plaintiffs' subpoena. A copy of this letter is attached hereto as Exhibit E.

7.  On February 15, 2005, in an attempt to address the objections raised in Deloitte's letters, a meet and confer was held via the telephone with Attorneys William R. MaGuire and Kenneth M. Katz of Hughes Hubbard & Reed, LLP participating on behalf of Deloitte and Attorneys Jacob B. Perkinson and Peter J. McDougall on behalf of Plaintiffs.

8.  Thereafter on March 3, 2005, Deloitte and Plaintiffs held a second telephone meet and confer in an attempt to resolve the dispute regarding the subpoena. Attorney William R. MaGuire participated on behalf of Deloitte and Jacob B. Perkinson and Peter J. McDougall, on behalf of Plaintiffs. Deloitte and Plaintiffs were unable to reach an agreement during this conference call.

9.  On March 4, 2005, Deloitte sent Plaintiffs a letter setting forth their positions on certain areas of dispute. A copy of this letter is attached hereto as Exhibit F.

10. On March 9, 2005, William R. MaGuire and Kenneth M. Katz, on behalf of Deloitte and Jacob B. Perkinson and Peter J. McDougall, on behalf of Plaintiffs, conducted a

third telephone meet and confer in a final attempt to resolve the dispute regarding this subpoena. The parties were unable to reach an agreement thus necessitating the filing of this motion to compel.

11.  I hereby certify that the above-referenced letters and telephone conferences constitute the Plaintiffs' good faith efforts to resolve the parties' differences without the Court's intervention.

_____
Peter J. McDougall

Declared under penalty of perjury on
March 18, 2005 in Burlington, Vermont.