C

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

December 7, 2004

VIA TELECOPY AND MAIL

Peter J. McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403

Re: In re: Priceline.com, Inc. Securities Litigation
No. 3:00CV01884 (DJS)

Dear Peter:

      I write as a follow up to our letter dated December 3, 2004 regarding the subpoena in this matter addressed to Deloitte Touche Tohmatsu ("DTT"), which was delivered to the Stamford office of the U.S. accounting firm Deloitte & Touche LLP ("Deloitte") on November 23, 2004. As noted in the letter, we represent the U.S. firm Deloitte. We understand from your letter dated December 6, 2004, that you intend to serve a corrected subpoena later this week. We have tried to confirm that you do not expect any response to the prior subpoena but have been unable to do so and therefore provide you with this letter pursuant to Rule 45 of the Federal Rules of Civil Procedure.

      First, as noted in our letter to you dated December 3, 2004, the subpoena that was left at Deloitte's Stamford office was addressed to DTT, not Deloitte. DTT is a Swiss Verein, which is a separate and independent legal entity from Deloitte. Deloitte need not object to an invalid subpoena, or a subpoena that is not addressed to Deloitte, and reserves all rights, including the right to object, with respect to this or any future subpoenas.

      Second, Deloitte objects to any discovery that circumvents the discovery stay provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), which requires plaintiffs to state a legally cognizable claim before discovery. Plaintiffs have failed to state a claim against Deloitte and the Reform Act does not permit discovery to search for a claim.

      Third, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Deloitte's objections to the subpoena include, without limitation, the following:

NY 905662_3

| 47, Avenue Georges Mandel | 1775 I Street, N.W. | 350 South Grand Avenue | 201 South Biscayne Boulevard | Akasaka Tokyo Building 6F | 101 Hudson Street |
| 75116 Paris, France | Washington, D.C. | Los Angeles, California | Miami, Florida | 2-14-3 Nagata-cho, Chiyoda-ku | Jersey City, New Jersey |
| (33) (1) 44.05.80.00 | 20006-2401 | 90071-3442 | 33131-4332 | Tokyo 100-0014 Japan | 07302-3918 |
| | 202-721-4600 | 213-613-2800 | 305-358-1666 | (81) (3) 3539-1771 | 201-536-9220 |

1. We understand that the time for defendants to answer the complaint has not yet run and, of course, that without defendants' answers, it is difficult to determine the precise scope of discovery permitted under Rule 26. Nevertheless, by virtue of its overbroad nature the subpoena calls for the production of documents which are not relevant to any claim or any possible defense and Deloitte objects to the extent such irrelevant documents are sought;

2. The subpoena is unduly burdensome and oppressive;

3. Many of the documents and the information requested are available from the public record or from the parties, and Deloitte, a non-party, should not be put to the time and expense of producing such documents where the plaintiffs could obtain the information from the defendants or from their own files;

4. The subpoena is unduly vague, precluding Deloitte from determining with sufficient precision the identity of the documents for which plaintiffs seek production;

5. Deloitte, a nonparty to this action, objects to the subpoena to the extent that it calls for the production of documents which constitute proprietary information, trade secrets or other confidential, research, development or commercial information of Deloitte. Such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, no confidentiality stipulation provides adequate protection for their production;

6. Deloitte objects to the subpoena to the extent that it seeks the production of tax returns or tax return information which Deloitte is precluded from disclosing under Section 7216 of Title 26 of the United States Code or any other information which Deloitte is precluded from disclosing under other applicable statutes or regulations;

7. Deloitte objects to the subpoena to the extent that it purports to require the production of documents which are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein;

8. Deloitte objects to producing the material sought by the subpoena in the absence of plaintiffs' prior written commitment to pay in advance for all reasonable costs of production;

NY 905662_3

Page 3

9. Deloitte objects to the Definitions and Instructions to the extent that they purport to impose any obligations upon Deloitte beyond those required by the Federal Rules of Civil Procedure and to the extent that they seek documents that are not in Deloitte's possession, custody or control;

10. The subpoena requests confidential information of Deloitte's client and/or Deloitte. Therefore, Deloitte objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent such a confidentiality order.

In making the above objections, Deloitte is not suggesting or implying in any way that it has documents responsive to a particular Request. In view of the above objections, no documents will be made available on December 22, 2004.

If you have any questions, please do not hesitate to call me. Thank you for your courtesy and cooperation.

Very truly yours,

William R. Maguire

WRM

NY 905662_3