**E**

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

William R. Maguire
Direct Dial: 212-837-6179
Personal Fax: 212-299-6879
E-mail: maguire@hugheshubbard.com

December 22, 2004

VIA TELECOPY AND MAIL

Peter J. McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont  05403

>            Re:    In re: Priceline.com, Inc. Securities Litigation
>                   No. 3:00CV01884 (DJS) (D. Conn.)

Dear Peter:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, we provide you with the U.S. accounting firm Deloitte & Touche LLP's ("Deloitte") responses and objections to the subpoena addressed and delivered to Deloitte's office at 1633 Broadway on December 10, 2004.

I regret that you have declined our requests for an extension of time to prepare these responses in view of the holiday season and the extraordinarily broad nature of your subpoena. Accordingly, we provide you these responses without the benefit of the additional time we had requested.

First, Deloitte objects to any discovery that circumvents the discovery stay provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), which requires plaintiffs to state a legally cognizable claim before discovery. Plaintiffs have failed to state a claim against Deloitte and the Reform Act does not permit discovery to search for a claim.

Second, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Deloitte's objections to the subpoena include, without limitation, the following:

1.  We understand that the time for defendants to answer the complaint has not yet run and, of course, that without defendants' answers, it is difficult to determine the precise scope of discovery permitted under Rule 26. Nevertheless, by virtue of its overbroad nature the subpoena calls for the production of documents which

NY 908891_1

47. Avenue Georges Mandel
75116 Paris, France
(33) (1) 44.05.80.00

1775 I Street, N.W.
Washington, D.C.
20006-2401
202-721-4600

350 South Grand Avenue
Los Angeles, California
90071-3442
213-613-2800

101 South Biscayne Boulevard
Miami, Florida
33131-4332
305-358-1666

Shiroyama JT Trust Tower, 16F
4-3-1 Toranomon, Minato-ku
Tokyo 105-6016 Japan
(81)(3) 5403-4649

101 Hudson Street
Jersey City, New Jersey
07302-3918
201-536-9220

are not relevant to any claim or any possible defense and Deloitte objects to the extent such irrelevant documents are sought;

2. The subpoena is unduly burdensome and oppressive;

3. Many of the documents and the information requested are available from the public record or from the parties, and Deloitte, a non-party, should not be put to the time and expense of producing such documents where the plaintiffs could obtain the information from the defendants or from their own files;

4. The subpoena is unduly vague, precluding Deloitte from determining with sufficient precision the identity of the documents for which plaintiffs seek production;

5. Deloitte, a nonparty to this action, objects to the subpoena to the extent that it calls for the production of documents which constitute proprietary information, trade secrets or other confidential, research, development or commercial information of Deloitte. Such documents are neither relevant to any claim or possible defense, or to the subject matter of the pending action, and nor are such documents reasonably calculated to lead to the discovery of admissible evidence. Moreover, no confidentiality stipulation would provide adequate protection for their production;

6. Deloitte objects to the subpoena to the extent that it seeks the production of tax returns or tax return information which Deloitte is precluded from disclosing under Section 7216 of Title 26 of the United States Code or any other information which Deloitte is precluded from disclosing under other applicable statutes or regulations;

7. Deloitte objects to the subpoena to the extent that it purports to require the production of documents which are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein;

8. Deloitte objects to producing the material sought by the subpoena in the absence of plaintiffs' prior written commitment to pay in advance for all reasonable costs of production;

9. Deloitte objects to the Definitions and Instructions to the extent that they purport to impose any obligations upon Deloitte beyond those required by the Federal Rules of Civil Procedure and to the extent that they seek documents that are not in Deloitte's possession, custody or control;

NY 908891_1

10. The subpoena requests confidential information of Deloitte's client and/or Deloitte. Therefore, Deloitte objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent such a confidentiality order;

11. Deloitte objects to the subpoena to the extent that it seeks documents dated or created after October 6, 2000, the date that this action was commenced;

12. The subpoena is invalid to the extent it purports to seek a deposition in New York of any person who does not reside or work within the territorial limits of New York and who are not subject to the jurisdiction of the New York courts.

In making the above objections, Deloitte is not suggesting or implying in any way that it has documents responsive to a particular Request. In view of the above objections, no documents will be made available on January 3, 2005.

If you have any questions, please do not hesitate to call me. Thank you for your courtesy and cooperation.

Very truly yours,

Bill

WRM/evr