F

Case 3:00-cv-01884-AVC    Document 150-9    Filed 03/21/2005    Page 1 of 5

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

William R. Maguire
Direct Dial: 212-837-6879
Personal Fax: 212-299-6879
E-mail: maguire@hugheshubbard.com

March 4, 2005

VIA TELECOPY

Jacob Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403

Re: In re: Priceline.com, Inc. Securities Litigation
No. 3:00CV01884 (DJS)

Dear Jake:

While I appreciate your courtesy in agreeing to hold off on filing a motion to compel to Monday, it is unfortunate that our Thursday, March 3 "meet and confer" discussion did not result in anything more than notice of plaintiffs' intention to file a motion that you had already drafted!

The motion is wholly unnecessary. Deloitte is willing, notwithstanding its objections to your subpoena and reserving its rights under the Private Securities Litigation Reform Act, to provide you with the relevant audit documents and asks only that you tailor your subpoena requests to exclude documents that have nothing to do with the remaining claims and defenses.

To be clear, Deloitte's offer includes its 1999 audit documents concerning the subject matter of this action – WebHouse and the valuation of the WebHouse warrants held by Priceline and recorded on Priceline's 1999 audited financial statements, including –

- Communications between Deloitte and Priceline or any other remaining defendant or anyone else concerning WebHouse or the WebHouse warrants;

- All internal Deloitte notes and records of any meeting with Priceline or any of the remaining defendants or anyone else concerning WebHouse or the WebHouse warrants; and

47, Avenue Georges Mandel
75116 Paris, France
(33) (1) 44.05.80.00

1775 I Street, N.W.
Washington, D.C.
20006-2401
202-721-4600

350 South Grand Avenue
Los Angeles, California
90071-3442
213-613-2800

201 South Biscayne Boulevard
Miami, Florida
33131-4332
305-358-1666

Shiroyama JT Trust Tower, 16F
4-3-1 Toranomon, Minato-ku
Tokyo 105-6016 Japan
(81)(3) 5403-4647

101 Hudson Street
Jersey City, New Jersey
07302-3918
201-536-9220

# Hughes Hubbard & Reed LLP

Page 2

- Deloitte audit working papers, emails, consultations, notes and other Deloitte documents concerning WebHouse or the warrants.

Given the protections of the Reform Act prohibiting such discovery, Deloitte's offer is remarkable.

I regret that plaintiffs decline to agree to any limit on what we believe to be a tremendously overbroad subpoena – not even that Deloitte need not produce the *irrelevant* documents – that is, the documents that do not in any way concern WebHouse, the warrants or Priceline's accounting for the warrants. Of course, a proper meet and confer requires movement on *both* sides. Deloitte has certainly expressed a willingness to produce the relevant documents notwithstanding its objections. I therefore ask you again to reconsider plaintiffs' refusal to narrow in any way the scope of your requests.

As I explained over the phone, Deloitte's audit of the Priceline's 1999 financial statements involved the performance of procedures in various areas of the financial statements, most of which are not mentioned, let alone challenged, in plaintiffs' pleading or in defendants' answers. Documents wholly unrelated to WebHouse or the warrants include, by way of example, working papers in the following audit areas –

- Cash
- Receivables
- Prepaid Expenses
- Property
- Accrued Expenses
- Notes Payable, Long Term Debt and Interest
- Payables
- Sales
- Cost of Sales

There is no allegation that Priceline misstated its cash, receivables, real estate, or anything, for that matter, other than the WebHouse warrants. There is therefore no basis to seek from Deloitte documents that have nothing to do with WebHouse or the WebHouse warrants. Work on Priceline's cash or property, for example, could not possibly be relevant to whether Priceline properly valued WebHouse warrants or whether WebHouse was destined to fail.

The scope of discovery is limited to "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). The subpoena, however, has no such limitation and seeks all documents whether or not they have any relevance to WebHouse or the WebHouse warrants. *See, e.g.*, Request 1 (demanding "[a]ll documents referring or relating *to any audit, review, or accounting work* performed by, or contemplated to be performed by, Deloitte for Priceline (including WebHouse) including, but not limited to . . . (b) *all* workpapers

## Hughes Hubbard & Reed LLP

Page 3

created during *any work* performed by Deloitte for Priceline (including WebHouse); (c) *all* email, memoranda and/or correspondence," (emphasis added); and Request 5 demanding "[a]ll documents discussing, analyzing or otherwise referring or relating to (a) Priceline's (including WebHouse) compliance with Generally Accepted Accounting Principles."

Indeed, it is hard to find any limitation in plaintiffs' subpoena, which appears improperly to seek privileged documents and even to seek tax records that Deloitte is precluded from producing by Section 7216 of the Internal Revenue Code. *See* Request 1(l) (demanding "all communications with counsel pertaining to Priceline (including WebHouse) or this lawsuit."); and Deloitte's objection 6 (prohibition on producing tax returns or tax return information under Section 7216 of Title 16.)[1]

It is particularly overreaching to be requesting such documents from a non-party. Of course, it is not appropriate to use a non-party subpoena either to "fish" for a claim against a non-party or to punish the non-party for being dismissed from the action. This is especially true in securities cases.[2] For example, in *Podany v. Stephens*, Judge Lynch dismissed a complaint and plaintiffs moved to lift the discovery stay to uncover facts that might allow them to amend. 350 F. Supp. 2d 375 (S.D.N.Y. 2004). The court denied plaintiffs' motion and explained that "discovery is authorized solely for parties to develop the facts in a lawsuit in which the plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim." *Podany*, 350 F. Supp. 2d at 378.

The subpoena violates the Rule 26(b)(1) limitations on the scope of discovery, and ignores a requesting party's Rule 45(c)(1) obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." I regret plaintiffs' unwillingness to consider further Deloitte's offer and refusal to make any movement whatever, and to file an unnecessary motion, despite everything that Deloitte has already offered and my willingness to confer about any remaining concern plaintiffs may have.

---

1   Additional examples of Requests that bear no relevance to any claim or defense include Request 1(j) (demanding "all documents related to any invoices, fees, payments, retainers, or other such transfers or monies, to or from Priceline (including WebHouse) and/or Deloitte"); Request 2(c) (demanding "all documents reflecting the amounts of money received by Deloitte for such work"); and Request 4 ("[a]ll documents discussing, analyzing, or otherwise referring or relating Deloitte's compliance with Generally Accepted Auditing Standards during its work for Priceline (including WebHouse).")

2   In enacting the Reform Act, Congress was particularly mindful of protecting professionals such as accounting firms from the costs of unwarranted discovery. S. Rep. No. 104-98, at 9 ("Underwriters, lawyers, accountants, and other professionals are prime targets of abusive securities lawsuits"); H.R. Conf. Rep. 104-369, at 37.

# Hughes Hubbard & Reed LLP

Page 4

As we discussed Friday, I will be traveling but will nevertheless try to reach you late in the day Monday and ask in the meantime that you reconsider plaintiffs' position.

Very truly yours,