UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.  :
SECURITIES LITIGATION       :
_____ :   MASTER FILE NO.
                            :   3:00CV01844(DJS)
This document relates to:   :
                            :   April 5, 2005
    ALL ACTIONS             :

### DECLARATION OF MICHAEL FARLEY IN SUPPORT OF DEFENDANT JAY S. WALKER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

I, Michael Farley, do hereby swear and affirm as follows:

1. I am over 21 years of age and fully competent to make this Declaration. I make this Declaration of my own personal knowledge and for any uses allowed by law.

2. For the past 12 years I have been in the employ of Paul, Hastings, Janofsky & Walker, LLP. My current position is the East Coast Coordinator for the Practice Support Department.

3. I have received two boxes containing a total of 181 electronic tape media that I understand have been provided by Mr. Jay Walker. All of these tapes appear to be DLT type of varying data storage capacities, with a maximum capacity of 80 gigabytes ("Gb").

4. Paul, Hastings, Janofsky & Walker LLP does not have the equipment or software needed to restore these tapes from their current inaccessible format. It is necessary to hire an outside vendor to restore and process the tapes. Paul, Hastings, Janofsky & Walker LLP has hired Applied Discovery, an electronic discovery vendor owned by LexisNexis.

5.  The cost to convert the currently inaccessible data into a searchable format for determination of responsiveness and privilege will be about $200 to $800 per tape (depending on the type of data each tape contains) plus $0.09 to $0.19 per page depending on data volume.

6.  Once the data is searched for responsive and non-privileged documents, the image document data to be produced will need to be electronically stamped with a Bates number and a confidentiality designation on each page. This will cost $0.02 to $0.07 per page depending on volume.

7.  There also may be other costs associated with set-up, searching, de-duplicating, and hosting to manage the data if the volume is larger than what can be handled in-house.

8.  Based on their labels, sixteen of these 181 tapes were sent to Applied Discovery in an effort get some sort of handle on the number of pages potentially contained in the entire group of tapes. Applied Discovery was unable to restore two of these 16 tapes. Thus, it only was possible to restore 14 of the sixteen tapes. The total amount of data on these 14 tapes was determined by Applied Discovery to be approximately 126 Gb.

9.  Common electronic discovery estimates for the number of pages per Gb are 50,000 to 80,000 pages per Gb. Therefore, the total number of pages estimated to be on the 14 tapes is 6,000,000 to 10,000,000 pages.

10. If the remaining 167 DLT tapes have approximately the same number of pages as the sample of 14 tapes, then the 181 tapes would contain approximately 81,000,000 to 130,000,000 pages. Based on these estimates, the cost to produce all the data contained in all 181 tapes would be approximately $26,000,000 (taking into account anticipated discounts from the vendor based on the volume of pages).

11. If, however, the remaining 167 DLT tapes are filled to their potential capacity of 80 Gb, the total number of pages for all 181 tapes could be 670,000,000 to 1,070,000,000 pages. Thus, the cost to produce all the data contained on all 181 tapes could be as much as $200 million (taking into account anticipated discounts from the vendor based on the volume of pages).

12. None of the foregoing cost estimates include the expense associated with the substantial amount of attorney time required to review the documents for responsiveness and privilege.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __4__, 2005.

_/s/ Michael Farley_
Michael Farley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2005, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail and by facsimile.

*Paul R. Dehmel*

ATL/1100096 8                                              4

## SERVICE LIST

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Joseph L. Clasen
William Kelleher
Financial Centre
695 East Main Street
PO Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eighth Avenue
New York, NY 10019

David R. Scott
Geoffrey M. Johnson
Erin Green Comite
Scott & Scott, LLC
108 Norwich Avenue
PO Box 192
Colchester, CT 06415