IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>-------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS) |

### DECLARATION OF JAMES G. HEIN, JR.

I, James G. Hein, Jr., hereby declare as follows:

1. I am an associate at Cravath, Swaine & Moore LLP, counsel for defendants priceline.com Inc. ("priceline"), N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants") in the above-captioned action. I submit this declaration in support of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery from Defendants.

2. During the parties' meet and confer conference call on March 2, 2005, counsel for Defendants were willing to discuss any and all of plaintiffs' counsel's concerns with Defendants' responses and objections to plaintiffs' discovery demands. When it was plaintiffs' counsel's turn to raise their concerns, plaintiffs' counsel asked if Defendants' counsel were prepared to move from the positions stated in Defendants' March 1 letter. Defendants' counsel stated that they did not intend to move from their positions unless plaintiffs' counsel offered some reason to do so. Plaintiffs' counsel raised three of their concerns during the call, but declined to discuss any other concerns, stating that Defendants' other positions were clear from their March 1 letter.

3.  Counsel for Defendants understands from counsel for defendant Jay S. Walker that Mr. Walker has been able to gain access to certain Priceline WebHouse Club, Inc. documents and has produced or will be producing them to plaintiffs. Defendants do not have access to those documents.

4.  On March 31, 2005, I contacted Jacob B. Perkinson at Johnson & Perkinson, co-lead counsel for plaintiffs. During the call, I asked Mr. Perkinson about plaintiffs' position regarding the production of documents stored and preserved electronically on numerous computer tapes in priceline's possession. Mr. Perkinson indicated that he believes that the documents contained on those tapes are covered by plaintiffs' Motion to Compel Discovery from Plaintiffs. I stated that Defendants are willing to discuss with plaintiffs a reasonable compromise regarding the production of documents stored on the tapes, and Mr. Perkinson stated that plaintiffs are also willing to talk about a compromise until the Court makes a decision on plaintiffs' motion to compel.

5.  Attached hereto as Exhibit A is a true and complete copy of the letter from Christine L. Arena to plaintiffs' counsel, dated March 1, 2005.

6.  Attached hereto as Exhibit B is a true and complete copy of the letter from Geoffrey M. Johnson to Defendants' counsel, dated February 17, 2005.

7.  Attached hereto as Exhibit C is a true and complete copy of the Declaration of Christine L. Arena, dated December 9, 2004.

8.  Attached hereto as Exhibit D is a true and complete copy of the letter from Jacob B. Perkinson to Defendants' counsel, dated March 9, 2005.

I swear the foregoing is true and correct.

*James G. Hein, Jr.*
James G. Hein, Jr.

Dated: April 5, 2005

3