UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : | |
| _____ | : : | MASTER FILE NO. 3:00CV01844(DJS) |
| This document relates to: | : : | April 22, 2005 |
| ALL ACTIONS | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS**

**SCOTT + SCOTT, LLC**
David R. Scott
Geoffrey M. Johnson
Erin Green Comite
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017

**Co-Lead Counsel**

# INTRODUCTION

Plaintiffs, by and through their counsel, hereby reply to the opposition briefs of Defendants Priceline, Braddock, Nicholas and Schulman as well as Defendant Walker to Plaintiffs' motion to compel, filed March 14, 2005. The Court held a teleconference on April 6, 2005, and resolved most of the issues raised in Plaintiffs' motion to compel, but reserved the issue of the specific interrogatory responses to be decided after further briefing. Plaintiffs hereby withdraw the arguments raised in their motion to compel as to Interrogatories 17 and 20 with the intent of resolving the issues through depositions, if necessary. Defendants, however, have refused to respond in any meaningful way to Interrogatories 5, 10, 12, 13, 14, 16, 21 and 25 set forth in Plaintiffs' First Set of Interrogatories. Plaintiffs briefly reply to Defendants' arguments below and request that the Court require Defendants to respond to these interrogatories in full within twenty (20) days of its order on the matter.

## Interrogatory 5

Describe all formulas or methodologies used to set prices for products or services offered through WebHouse and/or Priceline, including without limitation: (a) how the price was established; (b) whether the price reflected the extent to which manufacturers or other sponsoring parties were subsidizing any discount; (c) how WebHouse determined the extent to which it would subsidize any discount; and (d) whether the formulas used to set prices were ever changed and, if so, when and for what reason.

Defendants object to Interrogatory 5 as overbroad and unduly burdensome and not relevant. With respect to the relevancy of this interrogatory, one of Plaintiffs' core allegations is that Defendants knew WebHouse, in embracing the Priceline business model, never would succeed based on the extent to which WebHouse was required to subsidize its customer discounts to cover the spread between retail prices for groceries and gasoline and the prices that WebHouse offered to its customers as a result of the lack of participation by grocery manufacturers and gasoline suppliers. Other central allegations, as pertain to this interrogatory,

1

include that the Priceline business model was not successfully scalable across markets beyond the Company's core online travel industry business and that Priceline was not trending toward profitability as publicly touted by Defendants. Crucial to these allegations is an ability to understand and analyze the manner in which Priceline and WebHouse set prices as well as discount and subsidy levels, thus, the interrogatory is seeking relevant information pursuant to Rule 26(b)(1).

Defendants, however, state in their Opposition to Plaintiffs' Motion to Compel that they "do not see the relevance of <u>much</u> of this information and the burden of burden of preparing a comprehensive response would be substantial." Def. Opp. at 16 (emphasis added). Instead of articulating how responding to this request would present an undue burden, Defendants merely assert the conclusion that the burden is substantial. As stated above the interrogatory seeks information clearly discoverable under the Rules. Defendants misconstrue the interrogatory and thus overestimate the burden that supplying this information involves. Plaintiffs request a *description* – by industry group, if necessary – of generally how prices, discounts and subsidies were set, thus, requiring a limited response by Defendants. This burden clearly is not overwhelming.

**Interrogatory 10**

Identify all analyses used to determine whether Priceline should have taken a charge and/or set up a reserve in connection with the value of the WebHouse warrants received by Priceline.

With respect to Interrogatory 10, Defendants responded regarding how they initially valued the WebHouse warrants at the time those warrants were issued. This answer, however, is non-responsive to the interrogatory. In accordance with GAAP principles, Defendants are required to assess on an ongoing basis the value of the assets listed on its balance sheet. Plaintiffs want to know the manner in which Defendants complied with this GAAP provision. In

2

other words, what periodic analyses would have been undertaken during the relevant time period to determine the then-current value of the WebHouse warrants received by Priceline. This request is fairly simple and is not ambiguous or otherwise burdensome. Contrary to Defendants' objections, the interrogatory requests information that is plainly relevant to Plaintiffs' allegations that the WebHouse warrants were overvalued and not properly written down. There is no assumption of disputed facts or legal conclusions made. Indeed, Plaintiffs merely are attempting to discern the manner in which Defendants complied with GAAP accounting principles with respect to the valuation of the WebHouse warrants.

**Interrogatories 12, 13, 16 and 21**

Interrogatories 12, 13, 16 and 21 ask Defendants to identify all persons and/or entities that were involved in certain activities of Priceline, WebHouse and/or Walker Digital. In response, Defendants provided Plaintiffs with a list of persons and/or entities that includes ***but "may not be limited to"*** names of persons and/or entities that *may* have been involved the activities described in the respective interrogatory. These answers are not responsive to these interrogatories as the interrogatories ask Defendants to identify *all* persons or entities involved and the extent of their involvement.[1]

In their Opposition to Plaintiffs' Motion to Compel, the Priceline Defendants state that "the non-exhaustive nature of Defendants' responses was necessitated by the focus of plaintiffs' requests—each of which seeks information regarding the conduct and/or operations of WebHouse." However, as discussed during the hearing before the Court on April 6, 2005,

---

[1] Indicative of the evasiveness of Defendants' responses, with regard to interrogatories 12 and 13, in his Opposition to Plaintiffs' Motion to Compel, Defendant Walker states that he does not know what is meant by "all persons or entities." Plaintiffs submit that any ambiguity is the result only of the failure of Defendant Walker to exercise reason and common sense to attribute ordinary definitions to the terms and phrases contained in such requests. *See Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 671(D. Kan. 2005) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.")

Plaintiffs believe that Defendants have "control," as contemplated by Fed. R. Civ. P. 34, over information and documents responsive to Plaintiffs' discovery requests regarding WebHouse. Plaintiffs submit that Defendants should provide definitive and complete answers the interrogatories.[2]

**Interrogatory 14**

Identify all people or entities, whether employed by Priceline, WebHouse, Walker Digital or a third party, involved in soliciting members to participate in WebHouse.

Defendants provided no response to this interrogatory, objecting as to the vagueness of the term "soliciting members." It is clear on the face of this interrogatory that Plaintiffs are requesting the names of the people tasked with contacting the public to join WebHouse to enjoy its membership privileges – namely purchasing discount groceries and gasoline online. The information requested in this interrogatory is relevant to Plaintiffs' allegation that WebHouse was not successful in soliciting membership and repeat business.

**Interrogatory 25**

Identify all individuals or entities who received stock, stock options or warrants of Priceline, WebHouse or Walker Digital (other than securities acquired though trades on the open market) during the Relevant Time Period, and for each such person identify the number of shares, options or warrants acquired, the date acquired, the consideration paid, the value when acquired, the date of maturity or exercise, and identify all documents evidencing such transaction.

Defendants object to this interrogatory as overly broad and unduly burdensome, not relevant and otherwise available from Form 4s filed with the Securities and Exchange Commission ("SEC"). First, the information sought from this interrogatory is pertinent to the valuation of the WebHouse warrants, which Plaintiffs allege were overvalued, and thus is

---

[2] In response to the similar discussion during the April 6, 2005 hearing regarding Defendants' production of documents, this Court ordered Defendants to submit affidavits from counsel stating that, with respect to materials pertaining to WebHouse and Perfect Yard Sale, all documents in the party's possession or control have been produced or withheld on the basis of privilege, that counsel has made good faith efforts to locate and obtain other documents and materials and a brief description of these good faith efforts.

4

relevant pursuant to Rule 26(b)(1). Second, Defendants' argument that the information sought is otherwise available from publicly available Form 4s is a red herring. A Form 3, which is titled "Initial statement of beneficial ownership of securities," or Form 4, which is titled "Statement of changes in beneficial ownership of securities," only is required to be filed by an officer, director or beneficial owner, which is a person who directly or indirectly owns more than 10% of any equity security in a ***publicly registered company***. *See* 15 U.S.C. § 78p(a)(1). Accordingly, any person, not an officer or director, who owns less than 10% of a public company, such as Priceline, is not required to file with the SEC, and ownership in a ***privately held company***, like WebHouse or Walker Digital, is not required to be publicly disclosed. Thus, the information Plaintiffs seek is not publicly available and is solely within the custody or control of Defendants. This request for information is straightforward and not unduly burdensome.

Defendants also have objected to this, and many other interrogatories, on the basis that Plaintiffs will be able to find the answer in the hundreds of thousands of pages of documents that they have or will produce, pursuant to Rule 33(d). Rule 33(d), however, does not contemplate this type of cavalier response. Rule 33(d) allows a party responding to an interrogatory to rely on business records where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served" and where the party specifies "the record from which the answer may be derived or ascertained." Fed. R. Civ. P. 33(d). If a party chooses to rely on Rule 33 and produce documents containing the information sought, "it shall specifically identify the documents that correlate to a particular interrogatory." *Mills v. Energy Transp. Corp.*, 1997 WL 795793, at *1 (S.D.N.Y. 1997). The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. *In re G-I Holdings*

5

*Inc.*, 218 F.R.D. 428, 438 (D. N.J. 2003) (citing *R.W. Thomas Const. Management Co., Inc. v. Corrugated Services, Inc.*, 1995 WL 592539, at *1 (E.D. Pa.1995)).

> Rule 33 does not sanction a response that the requesting party has in its possession all necessary information to answer the request, as Fed. R. Civ. P. 26 requires a response in the absence of a sustained objection to the particular request. It is for this Court, not the individual parties, to decide when a request falls outside the bounds of permissible discovery.

*New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, 2003 WL 22327167, at *2 (D. Conn. 2003).

A party relying on a Rule 33(d) business record production to answer interrogatories must (1) affirm that the information sought by the interrogatory in fact is available in the specified records, (2) be able to demonstrate that answering the interrogatory in the traditional manner would impose a burden on it, (3) establish that the burden of compiling information is substantially the same for the inquiring and responding parties, and (4) specify which records contain the information sought by the interrogatory.  8A C. Wright, A. Miller & R. Marcus, Fed. Prac. & Proc. Civ. 2d. § 2178 (2d ed. 1994).

> The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them.  Rather, the responding party has a 'duty to specify, by category and location' the records from which he knows the answers to the interrogatories can be found.

*Id.  See also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680 (D. Kan. 2004) (where defendant answered interrogatories simply by referring plaintiffs to documents, the court found such practice generally unacceptable); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 22682361, at *3 (N.D. Ill. 2003) (where party's answers to interrogatories did not identify or describe the responsive documents, the party failed to demonstrate under Rule 33(d) that the burden of ascertaining the answer is substantially the same for both sides, thus the court ordered

6

the party to provide complete and thorough responses to the interrogatories); *Interstate Indem. Co. v. Black*, 2003 WL 23269342, at *1 (M.D.N.C. 2003) ("Plaintiff's invocation of Rule 33(d) was unjustified for the reasons fully stated in open court, including the lack of sufficient specification to allow Defendant to locate and identify Plaintiff's 'answer.' A party must do more in response to interrogatories than simply turn over a volume of documents and declare, in effect, 'you find my case.'"); *Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23864972, at *4 (D. Minn. 2003) (where party's answer stated that it was relying on Rule 33(d) and that "the answer to this interrogatory may be found in development documents for Jewel AF 7250 and Gem III AT 7276 devices, including 'meeting minutes,'" the court found that that identifying "development documents" and "meeting minutes" insufficient where the party had produced almost 300,000 documents).

The Priceline Defendants objections to interrogatories on this basis are unacceptable and Plaintiffs request the Court to order the Priceline Defendants to respond to the current interrogatories to provide specific and direct answers without reference to any documents.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel should be granted in its entirety. Plaintiffs respectfully request that this Court enter an order pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37(a):

(1) Compelling Defendants to provide full and complete answers to Plaintiffs' Interrogatories 5, 10, 14 and 25 without reference to the document production within twenty days of the entry of the Court's order on this issue; and

(2) Award any additional relief that the Court believes is just and proper.

| | |
|---|---|
| Dated: April 22, 2005 | Respectfully submitted,<br><br>SCOTT + SCOTT, LLC<br><br>_____<br>David R. Scott (ct16080)<br>Geoffrey M. Johnson<br>Erin Comite (ct24886)<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Telephone: (860) 537-5537<br>Facsimile: (860) 537-4432<br><br>JOHNSON & PERKINSON<br>Dennis J. Johnson<br>Jacob B. Perkinson<br>Peter J. McDougall<br>1690 Williston Road<br>P.O. Box 2305<br>South Burlington, VT 05403<br>Telephone: (802) 862-0030<br>Facsimile: (802) 862-0060<br><br>STULL, STULL & BRODY<br>Jules Brody<br>Aaron Brody<br>6 East 45th St.<br>New York, NY 10017<br>Telephone: (212) 687-7230<br>Facsimile:  (212) 490-2022<br><br>**Co-Lead Counsel**<br><br>SCHATZ & NOBEL<br>Andrew M. Schatz<br>Jeffrey S. Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06106<br>Telephone:  (860) 493-6292<br>Facsimile (860) 493-6290<br><br>**Liaison Counsel** |

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 22, 2005, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail.

_____

Erin Green Comite

**SERVICE LIST**

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Albert M. Myers
Carl Mullis
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E. 24th Floor
Atlanta, GA 30308

Martin Glenn
O'Melveny & Myers
Times Square Tower
7 Times Square
New York, NY 10036

Joseph L. Clasen
William Kelleher
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eight Avenue
New York, NY 10019

Douglas C. Conroy
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Floor
Stamford, CT 06901