# EXHIBIT A

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

December 3, 2004

<u>VIA TELECOPY AND MAIL</u>

Peter J. McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403

        Re:    In re: Priceline.com, Inc. Securities Litigation
                No. 3:00CV01884 (DJS)

Dear Peter:

      I write regarding our conversation last week concerning your request to effect service of a subpoena on "Deloitte," which I understood you to mean our client, the U.S. accounting firm Deloitte & Touche LLP ("Deloitte"). As you may recall, I advised you that Deloitte would accept service of the subpoena at its offices at 1633 Broadway, New York, New York 10019.

      Since our conversation, I have learned that service of a subpoena was unsuccessfully attempted at Deloitte's office in Stamford, Connecticut. Please note, however, that the subpoena that was left at Deloitte's Stamford office was addressed to the wrong entity, Deloitte Touche Tohmatsu ("DTT"). DTT is a Swiss entity that does not perform any professional services. It was the U.S. firm that provided audit services to Priceline.com. DTT does not have any practice offices and does not have any office or employees in Stamford, Connecticut. I am informed that your process server left the subpoena at Deloitte's Stamford office despite being told that DTT did not have an office in Stamford and could not be served there.

      I assume that you intended to serve Deloitte and simply addressed your subpoena to the wrong entity. I will follow up by phone to confirm that this is indeed the case and to assist you with arrangements for proper service. If it would be more convenient for you to effect service of a subpoena on Deloitte at Deloitte's Stamford office, I can make arrangements for you to do so. Just let me know.

DEC - 6

NY 903354_1

47, Avenue Georges Mandel    1775 I Street, N.W.    350 South Grand Avenue    201 South Biscayne Boulevard    Akasaka Tokyu Building 6F    101 Hudson Street
75116 Paris, France    Washington, D.C.    Los Angeles, California    Miami, Florida    2-14-3 Nagata-cho, Chiyoda-ku    Jersey City, New Jersey
(33) (1) 44.05.80.00    20006-2401    90071-3442    33131-4332    Tokyo 100-0014 Japan    07302-3918
                        202-721-4600    213-613-2800    305-358-1666    (81) (3) 3539-2771    201-536-9220

Hughes Hubbard & Reed LLP

Page 2

Please do not hesitate to contact me at (212) 837-6559 with any questions.

Very truly yours,

Sarah Loomis Cave

SLC

903354_1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------- X
IN RE: PRICELINE.COM, INC.      :   MASTER FILE NO.
SECURITIES LITIGATION           :   3:00CV01884 (DJS)
                                :
_____:
                                :
This document relates to:       :
                                :
    ALL ACTIONS                 :
                                :   December 3, 2004
---------------------------------------------- X

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that plaintiffs, pursuant to Fed. R. Civ. P. 26, 34 and 45, will inspect and copy the documents of Deloitte & Touche, LLP identified in Schedule "A" attached to the subpoena _duces tecum_ and _ad testificandum_ served upon the deponent, that are in the possession, custody or control of the deponent. Said document production will take place on or before January 3, 2005, at the location identified in the subpoena, or at such other location(s) as may be mutually agreed upon by deponent and plaintiffs' counsel, respectively. Additionally, plaintiffs' subpoena provides that plaintiffs, by their counsel, will take the deposition upon oral examination of the representative(s) of Deloitte & Touche most knowledgeable of the subject matters referred to in Attachment A to the subpoena. The initial response to this Notice of Subpoena will be in the form of a document production, with any deposition testimony deferred until a later time. You will receive another Notice regarding the scheduling and location of the deposition.

| Dated: December 3, 2004. | Respectfully submitted, |
|---|---|
| | *[signature]* |
| | JOHNSON & PERKINSON<br>Dennis J. Johnson<br>Jacob B. Perkinson<br>Peter J. McDougall<br>1690 Williston Road<br>P.O. Box 2305<br>South Burlington, VT 05403<br>Telephone: (802) 862-0030<br>Facsimile: (802) 862-0060<br><br>SCOTT & SCOTT, LLC<br>David R. Scott<br>Erin Comite<br>Geoffrey M. Johnson<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Telephone: (860) 537-5537<br>Facsimile: (860) 537-4432 |
| | STULL, STULL & BRODY<br>Jules Brody<br>Aaron Brody<br>6 East 45th St.<br>New York, NY 10017<br>Telephone: (212) 687-7230<br>Facsimile: (212) 490-2022<br><br>Co-Lead Counsel<br><br>SCHATZ & NOBEL<br>Andrew M. Schatz<br>Jeffrey S. Nobel<br>330 Main Street<br>Hartford, CT 06106<br>Telephone: (860) 493-6292<br>Facsimile (860) 493-6290<br><br>Liaison Counsel |

Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE: PRICELINE.COM, INC.
SECURITIES LITIGATION

SUBPOENA IN A CIVIL CASE
Case Number[1]: 3:00CV01884 (DJS)
(pending in District of Connecticut)

To:   Deloitte & Touche, LLP
      1633 Broadway
      New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Deloitte & Touche, LLP<br>1633 Broadway<br>New York, NY 10019 | Date and time of deposition to be determined after production of documents |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (List documents or objects)

| PLACE | DATE AND TIME |
| --- | --- |
| Deloitte & Touche, LLP<br>1633 Broadway<br>New York, NY 10019 | January 3, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ (attorney for plaintiffs) | December 3, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
JOHNSON & PERKINSON
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403   (802) 862-0030

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
　　　　　　　　　　DATE                                                                          SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on December 3, 2004 *via* First Class Mail on the following:

Dana C. MacGrath, Esquire
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Christine Arena, Esquire
Cravath, Swaine & Moore
825 Eighth Avenue
New York, NY 10019

William Kelleher, III Esquire
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Date:  December 3, 2004

*[signature: Pat McDougall]*
Peter J. McDougall, Esq.
JOHNSON & PERKINSON
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Phone:      (802) 862-0030
Facsimile:  (802) 862-0060

## SCHEDULE A

## DEFINITIONS

1. The term "Priceline" means Priceline.com or Priceline.com, Inc. (irrespective of capitalization) and includes, but is not limited to, its contractors, subcontractors, licensees, affiliates (including, without limitation, WebHouse, MyPrice and Priceline Europe), subsidiaries, agents, and operating units, parent companies and their respective predecessors or successors in interest and their respective current and former owners, employees, agents, officers, directors, representatives, affiliates, attorneys, accountants and/or other persons (including consultants) acting on its behalf.

2. The term "Walker Digital" means Walker Digital Corporation, and includes, but is not limited to, its contractors, subcontractors, licensees, affiliates (including, but not limited to Walker Asset Management, LP, Walker Digital, LLC, and NewSub Service, Inc.), subsidiaries, agents, and operating units, parent companies and their respective predecessors or successors in interest and their respective current and former owners, employees, agents, officers, directors, representatives, affiliates, attorneys, accountants and/or other persons acting on its behalf.

3. The term "Deloitte" means Deloitte & Touche, LLP and includes, but is not limited to, its contractors, subcontractors, affiliates, subsidiaries, agents, and operating units, parent companies and their respective predecessors or successors in interest and their respective current and former owners, employees, agents, officers, directors, representatives, affiliates, attorneys, accountants and/or other persons acting on its behalf.

4. The term "Individual Defendants" refers to Defendants Jay S. Walker, N.J. Nicholas, Jr., Daniel H. Schulman and Richard S. Braddock, and anyone acting on their behalf individually or collectively.

5. The term "person" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other business, legal, or governmental entity.

6. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in the context.

7. The terms "you" or "your" refer to the non-party witness to which this subpoena is directed and the person or persons responsible for responding to this subpoena, and includes, but is not limited to, its contractors, subcontractors, affiliates, subsidiaries, agents, and operating units, parent companies and their respective predecessors or successors in interest and their respective current and former owners, employees, agents, officers, directors, representatives, affiliates, attorneys, accountants and/or other persons acting on its behalf.

8. The term "and" means and/or.

9. The term "or" means and/or.

10. The terms "all" and "each" shall be construed as all and each.

11. The terms "refer" or "relate" or "concern" or "referring" or "relating" or "concerning" means all documents which comprise, explicitly or implicitly refer to, or were reviewed in conjunction with, or were created, generated or maintained as the result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

12. "Including" means including without limitation.

13. "Meeting" means the contemporaneous presence, whether in person or through means of any form of telecommunication, of any natural persons, whether or not such presence

was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. The term "document" or "documents" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and means, in its broadest possible sense, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to, the following: booklets, brochures, bulletins, signs, pamphlets, circulars, notices, posters, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, e-mail, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, charts, projections, plans, models, information or programs stored on a computer hard drive, floppy disc, compact disc, magnetic tape or laser disc (whether or not ever printed or displayed), all graphic or manual records or representations of any kind including, but not limited to, the following: phonographs, photographs, microfiche, microfilm, videotapes, recordings, and motion pictures; and all electronic, mechanical or electric records or representations of any kind including, but not limited to, the following: tapes, cassettes, compact discs, laser discs, computer discs, magnetic cards and recordings; and all drafts, alterations, modifications, changes or amendments of any of the foregoing.

15. The term "product" means any item, good, or service which was received, sold, purchased, or performed, and provided for payment or other compensation, or was provided for the benefit of a person or entity.

INSTRUCTIONS

1. Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in the requests.

2. Documents produced pursuant to this subpoena shall be labeled to indicate the specific paragraph(s) of the request to which they respond as specifically provided by Rule 34(b) of the Federal Rules of Civil Procedure. If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced. Moreover, the fact that a document has been or shall be produced by one defendant or entity does not relieve any other defendant or entity from the obligation to produce his or its copy of the same document, even if the two documents are identical in all respects.

3. This subpoena is continuing so as to require supplemental production pursuant to Rule 26 of the Federal Rules of Civil Procedure. If you or any person acting on your behalf obtains varying or additional documents called for by the request between the time of the original response and the time set for trial, notice of the availability of supplemental documents shall be served on plaintiff's counsel no later than thirty days after the discovery of any such documents, but in no event later than one week before the first day of trial.

4. Documents must be produced in full; documents redacted on the grounds of relevance will not constitute compliance with this subpoena.

5. You are required to produce the original of each document responsive to this subpoena together with all non-identical copies and drafts of that document in your possession.

6. If any document is withheld, in whole or in part, for any reason including, but not limited to, any claim of work-product or other privilege, set forth separately for each such document: (a) the nature of the privilege; (b) the type of document; (c) the author(s) of the document; (d) the addressees of the document; (e) all persons who received copies of the document; (f) the date of the document; and (g) a brief description of the general subject matter of the document.

7. If any document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.

8. You are required to produce all the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present and former directors, officers, partners, employees, accountants, attorneys or other agents, as well as your present and former independent contractors over which you have control, and any other person acting on your behalf.

9. If any document responsive to this subpoena is no longer in your possession, set forth separately for each such document: (a) the type of document; (b) the authors of the document; (c) the addressees of the document; (d) all persons who received copies of the document; (e) the date of the document; (f) a brief description of the document; (g) identify its current or last known custodian; (h) the location/address of such document; and (i) describe in full the circumstances surrounding its disposition from your possession or control.

10. In your response to each request, identify by Bates Number or otherwise the identity of the person, department or division from whose files the document(s) are being produced. For copies of documents you have produced electronically, you must produce a

document image information (DII) file.

11.  Any documents which must be removed from their original folders, binders, covers or containers to be produced shall be identified in a manner so as to clearly specify where such documents originated.

## RELEVANT TIME PERIOD

The relevant time period of these document requests, unless otherwise indicated, shall be from January 1, 1999 through December 31, 2001, inclusive and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to or after that period.

## DOCUMENT REQUESTS

1.  All documents referring or relating to any audit, review, or accounting work performed by, or contemplated to be performed by, Deloitte for Priceline (including WebHouse) including, but not limited to:

    (a) all financial statements utilized or contemplated for utilization in Priceline's filings with the SEC and/or public statements or press releases;

    (b) all workpapers created during any work performed by Deloitte for Priceline (including WebHouse);

    (c) all email, memoranda and/or correspondence;

    (d) all documents provided to Deloitte by Priceline (including WebHouse) or given by Deloitte to Priceline (including WebHouse);

    (e) all documents concerning any communications between Deloitte and Priceline (including WebHouse) or any other person or entity pertaining to

Priceline's (including WebHouse) products, operations, financial results, financial statements, or its public reports, filings or public statements;

(f) all documents concerning any communications among Deloitte's personnel relating to Priceline (including WebHouse);

(g) all documents sent to, received from, filed with, or referring or relating to any communications or filings with the Securities and Exchange Commission ("SEC") or any other state or federal regulatory agency or authority of any national, regional, or local stock exchange or securities association relating to Priceline (including WebHouse);

(h) all documents concerning any communications among Deloitte and Murray, Devine & Company regarding Priceline (including WebHouse);

(i) all engagement or retention letters related to Priceline (including WebHouse), Walker Digital or any of the Individual Defendants;

(j) all documents related to any invoices, fees, payments, retainers, or other such transfers of monies, to or from Priceline (including WebHouse) and/or Deloitte;

(k) all documents related to any prior or subsequent auditors or accountants used or consulted by Priceline (including WebHouse); and

(l) all communications with counsel pertaining to Priceline (including WebHouse) or this lawsuit.

2. All documents referring or relating to any contemplated or attempted expansion of the Priceline (including WebHouse) business model by Priceline (including WebHouse) including, but not limited to: (a) all documents regarding any actual or contemplated work

relating to the expansion of the Priceline business model; (b) all communications with Priceline (including WebHouse) customers, suppliers or sponsors (or their representatives) pertaining to Priceline (including WebHouse) or its products or services; (c) all documents reflecting the amounts of money received by Deloitte for such work; (d) all documents referring or relating to any contracts with Deloitte for the provisions of such work; (e) all documents referring or relating to Deloitte's performance under such contracts; and (f) all documents referring or relating to the amount of and nature of, any services and/or training provided by Deloitte to such customers.

3. All documents referring or relating to any contracts or transactions between Walker Digital and Priceline (including WebHouse), including without limitation: (a) any documents discussing or analyzing revenues and/or income related to such contracts or transactions; (b) all documents referring or relating to the performance by any parties to such relationships; and (c) all communications with any person or entity (including without limitation Walker Digital, Walker Digital's auditing or accounting firm(s) or Priceline (including WebHouse)) referring or relating to such contracts or transactions or Priceline's (including WebHouse) accounting of revenues and/or income from such contracts or transactions.

4. All documents discussing, analyzing, or otherwise referring or relating Deloitte's compliance with Generally Accepted Auditing Standards during its work for Priceline (including WebHouse).

5. All documents discussing, analyzing or otherwise referring or relating to (a) Priceline's (including WebHouse) compliance with Generally Accepted Accounting Principles; (b) the method of revenue recognition used by Priceline (including WebHouse); or (c) the valuation of any securities received, held or issued by Priceline (including WebHouse) or Walker

Digital.

6.  All documents describing or comprising Deloitte's document retention or destruction policies in effect during the relevant period, and any modifications thereto, and the application of those document retention or destruction policies to any documents relating to Priceline (including WebHouse).

7.  All documents referring or relating to Priceline (including WebHouse) securities and/or any actual or contemplated public or private offerings or sales of securities by Priceline (including WebHouse).

8.  All minutes, transcripts or notes of any meeting, contact or discussion between Deloitte and Priceline (including WebHouse).

9.  All documents referring or relating to any actual or proposed merger, acquisition, or combination of any company, partnership or entity by or with Priceline (including WebHouse).

10. All documents referring or relating to any contemplated merger or other combination, affiliation or partnership of Priceline (including WebHouse) with any other company or entity.

11. All documents referring or relating to any investigation by any government or regulatory body or entity pertaining to Priceline (including WebHouse) or Walker Digital including, without limitation: (a) all communications referring or relating to any such investigation; (b) all documents provided by Deloitte to or received by Deloitte from such entity; (c) all memoranda discussing or pertaining to such investigation; (d) all communications with counsel pertaining to such investigation.

12. All documents referring or relating to any communication between Deloitte,

Priceline (including WebHouse), Walker Digital, Walker Digital's accountants, or any Individual Defendant concerning the subject matters specified in the requests above or this lawsuit.

13. All documents referring or relating to any relationship any entity had or contemplated with Walker Digital or Priceline (including WebHouse) including, without limitation, the following:

(a) Kingdom Holding Company;

(b) Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud;

(c) Allen & Company, Inc.;

(d) Arista Capital Partners;

(e) BDS Business Center, Inc.;

(f) Vulcan Ventures;

(g) General Atlantic Partners;

(h) Gore Creek Trust;

(i) Liberty, PL;

(j) Murray, Devine & Co.;

(k) Quantum Industrial Partners, LDC;

(l) Soros Fund Management, LP;

(m) Stone Street Fund 1999; and

(n) W.R. Berkley.