# EXHIBIT C

DEC 22 2004 14:35 FR HUGHES HUBBARD 17W    212 837 6228 TO 19980100580016028 P.02/04

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

William R. Maguire
Direct Dial: 212-837-6879
Personal Fax: 212-299-6879
E-mail: maguire@hugheshubbard.com

December 22, 2004

VIA TELECOPY AND MAIL

Peter J. McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont  05403

Re:    In re: Priceline.com, Inc. Securities Litigation
       No. 3:00CV01884 (DJS) (D. Conn.)

Dear Peter:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, we provide you with the U.S. accounting firm Deloitte & Touche LLP's ("Deloitte") responses and objections to the subpoena addressed and delivered to Deloitte's office at 1633 Broadway on December 10, 2004.

I regret that you have declined our requests for an extension of time to prepare these responses in view of the holiday season and the extraordinarily broad nature of your subpoena. Accordingly, we provide you these responses without the benefit of the additional time we had requested.

First, Deloitte objects to any discovery that circumvents the discovery stay provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), which requires plaintiffs to state a legally cognizable claim before discovery. Plaintiffs have failed to state a claim against Deloitte and the Reform Act does not permit discovery to search for a claim.

Second, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Deloitte's objections to the subpoena include, without limitation, the following:

1. We understand that the time for defendants to answer the complaint has not yet run and, of course, that without defendants' answers, it is difficult to determine the precise scope of discovery permitted under Rule 26. Nevertheless, by virtue of its overbroad nature the subpoena calls for the production of documents which

NY 908891_1

47 Avenue Georges Mandel
75116 Paris, France
(33) (1) 44.05.80.00

1775 I Street, N.W.
Washington, D.C.
20006-2401
202-721-4600

110 South Grand Avenue
Los Angeles, California
90071-3442
213-613-2800

101 South Biscayne Boulevard
Miami, Florida
33131-4332
305-102-1666

Shiroyama JT Trust Tower, 36F
4-3-1 Toranomon, Minato-ku
Tokyo 105-6036 Japan
(81)(3) 5403-4640

101 Hudson Street
Jersey City, New Jersey
07302-3918
201-536-5220

DEC 22 2004 14:35 FR HUGHES HUBBARD 17W    212 837 6220 TO 1990100500016028 P.03/04

# Hughes Hubbard & Reed LLP

Page 2

are not relevant to any claim or any possible defense and Deloitte objects to the extent such irrelevant documents are sought;

2.  The subpoena is unduly burdensome and oppressive;

3.  Many of the documents and the information requested are available from the public record or from the parties, and Deloitte, a non-party, should not be put to the time and expense of producing such documents where the plaintiffs could obtain the information from the defendants or from their own files;

4.  The subpoena is unduly vague, precluding Deloitte from determining with sufficient precision the identity of the documents for which plaintiffs seek production;

5.  Deloitte, a nonparty to this action, objects to the subpoena to the extent that it calls for the production of documents which constitute proprietary information, trade secrets or other confidential, research, development or commercial information of Deloitte. Such documents are neither relevant to any claim or possible defense, or to the subject matter of the pending action, and nor are such documents reasonably calculated to lead to the discovery of admissible evidence. Moreover, no confidentiality stipulation would provide adequate protection for their production;

6.  Deloitte objects to the subpoena to the extent that it seeks the production of tax returns or tax return information which Deloitte is precluded from disclosing under Section 7216 of Title 26 of the United States Code or any other information which Deloitte is precluded from disclosing under other applicable statutes or regulations;

7.  Deloitte objects to the subpoena to the extent that it purports to require the production of documents which are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein;

8.  Deloitte objects to producing the material sought by the subpoena in the absence of plaintiffs' prior written commitment to pay in advance for all reasonable costs of production;

9.  Deloitte objects to the Definitions and Instructions to the extent that they purport to impose any obligations upon Deloitte beyond those required by the Federal Rules of Civil Procedure and to the extent that they seek documents that are not in Deloitte's possession, custody or control;

NY 908891_1

# Hughes Hubbard & Reed LLP

Page 3

10. The subpoena requests confidential information of Deloitte's client and/or
Deloitte. Therefore, Deloitte objects to the subpoena absent entry of a
confidentiality order protecting the confidentiality of the documents. No
documents will be produced absent such a confidentiality order;

11. Deloitte objects to the subpoena to the extent that it seeks documents dated or
created after October 6, 2000, the date that this action was commenced;

12. The subpoena is invalid to the extent it purports to seek a deposition in New York
of any person who does not reside or work within the territorial limits of New
York and who are not subject to the jurisdiction of the New York courts.

In making the above objections, Deloitte is not suggesting or implying in any way
that it has documents responsive to a particular Request. In view of the above objections, no
documents will be made available on January 3, 2005.

If you have any questions, please do not hesitate to call me. Thank you for your
courtesy and cooperation.

Very truly yours,

Bill

WRM/evr

NY 908891_1

# EXHIBIT D

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

William R. Maguire
Direct Dial: 212-837-6879
Personal Fax: 212-299-6879
E-mail: maguire@hugheshubbard.com

April 14, 2005

VIA FACSIMILE

Jacob Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont  05403

> Re:   In re: Priceline.com, Inc. Securities Litigation
>       No. 3:00CV01884 (DJS)

Dear Jake:

This will confirm our agreement concerning plaintiffs' pending motion to compel against non-party Deloitte & Touche LLP.

We have agreed that the motion shall be deemed to have been made based on the subpoena dated January 3, 2005, which is addressed to Deloitte & Touche LLP.  This will resolve the procedural problem that plaintiffs' motion appears to be based on the subpoena dated November 22, 2004, addressed to another entity, Deloitte Touche Tohmatsu.

Sincerely,

Bill

940355

| | | | | | |
|---|---|---|---|---|---|
| 47, Avenue Georges Mandel | 1775 I Street, N.W. | 350 South Grand Avenue | 201 South Biscayne Boulevard | Akasaka Tokyu Building 6F | 101 Hudson Street |
| 75116 Paris, France | Washington, D.C. | Los Angeles, California | Miami, Florida | 2-14-3 Nagata-cho, Chiyoda-ku | Jersey City, New Jersey |
| (33) (1) 44.05.80.00 | 20006-2401 | 90071-3442 | 33131-4332 | Tokyo 100-0014 Japan | 07302-3918 |
| | 202-721-4600 | 213-613-2800 | 305-358-1666 | (81) (3) 3539-2771 | 201-536-9220 |

# EXHIBIT E

Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

William R. Maguire
Direct Dial: 212-837-6879
Personal Fax: 212-299-6879
E-mail: maguire@hugheshubbard.com

March 4, 2005

VIA TELECOPY

Jacob Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403

Re:    In re: Priceline.com, Inc. Securities Litigation
       No. 3:00CV01884 (DJS)

Dear Jake:

While I appreciate your courtesy in agreeing to hold off on filing a motion to compel to Monday, it is unfortunate that our Thursday, March 3 "meet and confer" discussion did not result in anything more than notice of plaintiffs' intention to file a motion that you had already drafted!

The motion is wholly unnecessary. Deloitte is willing, notwithstanding its objections to your subpoena and reserving its rights under the Private Securities Litigation Reform Act, to provide you with the relevant audit documents and asks only that you tailor your subpoena requests to exclude documents that have nothing to do with the remaining claims and defenses.

To be clear, Deloitte's offer includes its 1999 audit documents concerning the subject matter of this action – WebHouse and the valuation of the WebHouse warrants held by Priceline and recorded on Priceline's 1999 audited financial statements, including –

- Communications between Deloitte and Priceline or any other remaining defendant or anyone else concerning WebHouse or the WebHouse warrants;

- All internal Deloitte notes and records of any meeting with Priceline or any of the remaining defendants or anyone else concerning WebHouse or the WebHouse warrants; and

42, Avenue Georges Mandel      1775 I Street, N.W.      350 South Grand Avenue      201 South Biscayne Boulevard      Shiroyama JT Trust Tower, 16F      101 Hudson Street
75116 Paris, France            Washington, D.C.         Los Angeles, California      Miami, Florida                4-3-1 Toranomon, Minato-ku       Jersey City, New Jersey
(33) (1) 44.05.80.00           20006-2401               90071-3442                   33131-4332                    Tokyo 105-6016 Japan             07302-3918
                               202-721-4600             213-613-2800                 305-358-1666                  (81)(3) 5403-4647                201-536-9220

MAR 04 2005 16:31 FR HUGHES HUBBARD 17E                TO 19501005000018020 P.03/05

# Hughes Hubbard & Reed LLP

Page 2

- Deloitte audit working papers, emails, consultations, notes and other Deloitte documents concerning WebHouse or the warrants.

Given the protections of the Reform Act prohibiting such discovery, Deloitte's offer is remarkable.

I regret that plaintiffs decline to agree to any limit on what we believe to be a tremendously overbroad subpoena – not even that Deloitte need not produce the *irrelevant* documents – that is, the documents that do not in any way concern WebHouse, the warrants or Priceline's accounting for the warrants. Of course, a proper meet and confer requires movement on *both* sides. Deloitte has certainly expressed a willingness to produce the relevant documents notwithstanding its objections. I therefore ask you again to reconsider plaintiffs' refusal to narrow in any way the scope of your requests.

As I explained over the phone, Deloitte's audit of the Priceline's 1999 financial statements involved the performance of procedures in various areas of the financial statements, most of which are not mentioned, let alone challenged, in plaintiffs' pleading or in defendants' answers. Documents wholly unrelated to WebHouse or the warrants include, by way of example, working papers in the following audit areas —

- Cash
- Receivables
- Prepaid Expenses
- Property
- Accrued Expenses
- Notes Payable, Long Term Debt and Interest
- Payables
- Sales
- Cost of Sales

There is no allegation that Priceline misstated its cash, receivables, real estate, or anything, for that matter, other than the WebHouse warrants. There is therefore no basis to seek from Deloitte documents that have nothing to do with WebHouse or the WebHouse warrants. Work on Priceline's cash or property, for example, could not possibly be relevant to whether Priceline properly valued WebHouse warrants or whether WebHouse was destined to fail.

The scope of discovery is limited to "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). The subpoena, however, has no such limitation and seeks all documents whether or not they have any relevance to WebHouse or the WebHouse warrants. *See, e.g.*, Request 1 (demanding "[a]ll documents referring or relating *to any audit, review, or accounting work* performed by, or contemplated to be performed by, Deloitte for Priceline (including WebHouse) including, but not limited to . . . (b) *all* workpapers

Hughes Hubbard & Reed LLP

Page 3

created during *any work* performed by Deloitte for Priceline (including WebHouse); (c) *all* email, memoranda and/or correspondence," (emphasis added); and Request 5 demanding "[a]ll documents discussing, analyzing or otherwise referring or relating to (a) Priceline's (including WebHouse) compliance with Generally Accepted Accounting Principles."

Indeed, it is hard to find any limitation in plaintiffs' subpoena, which appears improperly to seek privileged documents and even to seek tax records that Deloitte is precluded from producing by Section 7216 of the Internal Revenue Code. *See* Request 1(l) (demanding "all communications with counsel pertaining to Priceline (including WebHouse) or this lawsuit."); and Deloitte's objection 6 (prohibition on producing tax returns or tax return information under Section 7216 of Title 16.)[1]

It is particularly overreaching to be requesting such documents from a non-party. Of course, it is not appropriate to use a non-party subpoena either to "fish" for a claim against a non-party or to punish the non-party for being dismissed from the action. This is especially true in securities cases.[2] For example, in *Podany v. Stephens*, Judge Lynch dismissed a complaint and plaintiffs moved to lift the discovery stay to uncover facts that might allow them to amend. 350 F. Supp. 2d 375 (S.D.N.Y. 2004). The court denied plaintiffs' motion and explained that "discovery is authorized solely for parties to develop the facts in a lawsuit in which the plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim." *Podany*, 350 F. Supp. 2d at 378.

The subpoena violates the Rule 26(b)(1) limitations on the scope of discovery, and ignores a requesting party's Rule 45(c)(1) obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." I regret plaintiffs' unwillingness to consider further Deloitte's offer and refusal to make any movement whatever, and to file an unnecessary motion, despite everything that Deloitte has already offered and my willingness to confer about any remaining concern plaintiffs may have.

---

1    Additional examples of Requests that bear no relevance to any claim or defense include Request 1(j) (demanding "all documents related to any invoices, fees, payments, retainers, or other such transfers or monies, to or from Priceline (including WebHouse) and/or Deloitte"); Request 2(c) (demanding "all documents reflecting the amounts of money received by Deloitte for such work"); and Request 4 ("[a]ll documents discussing, analyzing, or otherwise referring or relating Deloitte's compliance with Generally Accepted Auditing Standards during its work for Priceline (including WebHouse).")

2    In enacting the Reform Act, Congress was particularly mindful of protecting professionals such as accounting firms from the costs of unwarranted discovery. S. Rep. No. 104-98, at 9 ("Underwriters, lawyers, accountants, and other professionals are prime targets of abusive securities lawsuits"); H.R. Conf. Rep. 104-369, at 37.

MAR 04 2005 16:31 FR HUGHES HUBBARD 17E            TO 15901005000180028 P.05/05

# Hughes Hubbard & Reed LLP

Page 4

As we discussed Friday, I will be traveling but will nevertheless try to reach you late in the day Monday and ask in the meantime that you reconsider plaintiffs' position.

Very truly yours,