UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In Re: Priceline.com                                 Master File No.
Securities Litigation                                3:00cv1884 (DJS)

-------------------------------------------------------------

This document relates to:

ALL PENDING ACTIONS

May 13, 2005

## PARTIALLY CONSENTED TO MOTION FOR MODIFICATION OF THE CLASS CERTIFICATION BRIEFING SCHEDULE

Defendants priceline.com Incorporated, N.J. Nicholas, Daniel H.

Schulman, Richard S. Braddock and Jay S. Walker (collectively, "Defendants") hereby

move, partially on consent, and pursuant to Local Civil Rules 7 and 16, to modify the

class certification briefing schedule.[1]

The Court's Electronic Order of March 21, 2005 directs that Defendants

file their opposition to plaintiffs' Motion for Class Certification by May 20, 2005 and that

plaintiffs file any reply by June 20, 2005.

In light of recent developments, and given that the issues raised in

Defendants' Motion to Compel, dated March 9, 2005, are not yet resolved, Defendants

request that the Court extend the May 20 and June 20 briefing deadlines by sixty days—

to July 20 for Defendants' opposition and to August 19 for plaintiffs' reply.  Plaintiffs

have consented to a four-week extension—to June 17—for Defendants' opposition, but

they have refused to consent to the requested sixty-days.  For the reasons discussed

below, the longer extension is both necessary and appropriate under the circumstances.

---

[1] This is the second such request for additional time.  The first request, which the Court
granted with some modification, was on consent.

Plaintiffs' counsel represented on a number of occasions that plaintiffs' document production would be completed on or around March 4. More than two months since that date, plaintiffs still have not represented that their document production is complete. And now, on the eve of the depositions of the proposed class representatives, plaintiffs have begun to produce relevant, responsive documents. The timing and piece-meal nature of plaintiffs' production renders deposition preparation unnecessarily burdensome for Defendants' counsel and, frankly, appears orchestrated to have precisely that effect.

The parties agreed that the depositions of proposed class representatives Marilyn Egel and Mark Weiss would take place on May 10, 2005. On May 4, just four business days prior to those depositions, plaintiffs produced a CD containing over 2,600 pages of documents relevant to Mr. Weiss. Those documents were responsive to Request No. 11 in Defendants' Combined First Set of Requests for the Production of Documents and Interrogatories, dated November 15, 2004. That request had been outstanding for over five months.

Defendants had planned to take the deposition of another proposed class representative, the Leisinger Pension Fund, on May 12. On May 4, plaintiffs' counsel informed counsel for Defendants that Leisinger was no longer available for deposition until early June (which is after the current May 20 deadline for Defendants' opposition papers), and accordingly, that plaintiffs would agree to extend the deadline for Defendants' opposition papers by four weeks.[2] Plaintiffs' counsel also indicated at that

---

[2] Plaintiffs' counsel have indicated that they will propose a date in early June for Leisinger's deposition. But without a firm date for that deposition, plaintiffs' proposed

time that documents for Leisinger would be produced shortly. The next day—just five business days prior to the date on which Leisinger's deposition was to then take place—plaintiffs produced almost 400 pages of Leisinger documents, including numerous stock trading records. And all but 18 of those pages are at least partially (and sometimes entirely) written in German. As a result, at least portions of these documents will need to be translated by Defendants, or plaintiffs will have to provide Defendants with translations, before Leisinger Pension Fund can be deposed. That process will likely take substantial additional time.[3]

Defendants are entitled to receive relevant documents reasonably in advance of each deposition to which they are relevant. The timing of plaintiffs' recent productions is vexatious and patently unfair. As Defendants communicated to plaintiffs, Defendants reserve the right to reopen any deposition for which they have not been provided relevant documents reasonably in advance.

In addition to these problems regarding the timing of plaintiffs' recent productions, Defendants' refer the Court to their Motion to Compel, dated March 9, 2005, which seeks from plaintiffs complete responses to certain document requests and interrogatories. The unresolved issues presented by that motion are also relevant to the ongoing depositions of the proposed class representatives, and Defendants have

---

June 17 deadline for Defendants' opposition papers carries the risk that it will not leave sufficient time between the deposition and the briefing deadline.

[3] Plaintiffs recently purported to add a new proposed class representative, Thomas Linton. Defendants agreed to accommodate plaintiffs' May 4 request to substitute Linton for Leisinger as the deponent on May 12, provided that Defendants received Mr. Linton's responses to all of the interrogatories and document requests that had been served on all plaintiffs. Plaintiffs provided discovery responses for Mr. Linton on May 4 and May 9.

repeatedly stated that they may need to reopen depositions as a result of documents and information produced in response to the Court's order on that motion.

It seems highly unlikely that all of these outstanding discovery issues can be resolved sufficiently in advance of June 17 to allow Defendants to file their opposition papers by that date. Accordingly, Defendants submit that a sixty-day extension of the briefing schedule presents a more realistic timetable for completing the additional production, review, translation, and depositions that are likely to become necessary, and will make it much less likely that the briefing schedule will need to be revisited.

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone:  (203) 462-7500
Fax:  (203) 462-7599
jclasen@rc.com

DEFENDANT JAY S. WALKER

Douglas C. Conroy (ct11555)
Paul R. Dehmel (ct23063)
PAUL, HASTINGS, JANOFSKY & WALKER,
LLP
1055 Washington Boulevard
Stamford, CT 06901
Telephone:  (203) 961-7400
Fax:  (203) 359-3031
douglasconroy@paulhastings.com
pauldehmel@paulhastings.com

J. Allen Maines
Carl W. Mullis
Summer B. Joseph
Laura Berg
PAUL, HASTINGS, JANOFSKY & WALKER,
LLP
600 Peachtree Street, NE Suite 2400
Atlanta, GA 30308
Telephone:  (404) 815-2400
Fax: (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
lauraberg@paulhastings.co
summerjoseph@paulhastings.com

5

OF COUNSEL:
Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Fax:  (212) 474-3700
*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*

## CERTIFICATION

I hereby certify that a copy of the foregoing was served this 13th day of May, 2005

via first class mail to the following counsel of record:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103-3202<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

| **Attorneys for Deloitte & Touche LLP** | **Attorneys for Defendant Jay S. Walker** |
|---|---|
| Thomas J. Finn, Esq.<br>McCarter & English, LLP<br>CityPlace I<br>185 Asylum Street<br>Hartford, CT 06103<br>Tel: (860) 275-6700<br>Fax: (860) 724-3397 | J. Allen Maines, Esq.<br>Carl Mullis, III, Esq.<br>Summer B. Joseph, Esq.<br>Laura Berg, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424<br><br>Douglas C. Conroy (ct11555)<br>Paul R. Dehmel (ct23063)<br>PAUL, HASTINGS, JANOFSKY &<br>WALKER, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Telephone: 203-961-7400<br>Fax: 203-359-3031 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

William J. Kelleher, III