```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| IN RE: PRICELINE.COM INC. SECURITIES LITIGATION | MASTER FILE NO. 3:00CV01884(DJS) |
| This document relates to:<br><br>    ALL ACTIONS |  |

### MEMORANDUM OF DECISION AND ORDER

Now pending in the above-captioned matter is plaintiffs' motion to compel (dkt. # 144) discovery from defendants. For the reasons set forth herein, this motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Lead plaintiffs bring this action on behalf of members of a putative class of persons who purchased or otherwise acquired securities of priceline.com Inc. ("Priceline") between January 27, 2000 and October 2, 2000, pursuant to Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t, of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Priceline, Jay S. Walker, N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock. Plaintiffs allege that defendants' false and misleading statements inflated the value of Priceline's stock to the benefit

of the defendants and other company insiders and to the detriment of the plaintiffs.  Specifically, plaintiffs allege that during the period from mid-July 2000 to September 26, 2000, defendants sold, in the aggregate, millions of shares of Priceline stock, allowing them to profit substantially prior to disclosing various deficiencies in Priceline's short term economic outlook.

The gravamen of plaintiffs' allegations is that defendants grossly overstated the utility of Priceline's business model, and that defendants, outside the view of the investing public, spent exorbitant amounts of Priceline's cash to keep the doomed venture called WebHouse afloat primarily to bolster their statements about the utility of the business model.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery.  Specifically, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1).  As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)).  A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985).

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)). The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and

> pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.

Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction

afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

On November 15, 2004, plaintiffs served the First Sets of Requests for Production of Documents and Interrogatories upon defendants, and on January 10, 2005, defendants served responses thereto. Plaintiffs challenge the sufficiency of certain responses offered by defendants. Each specific challenge is discussed in turn.

1. Interrogatory 5

Interrogatory number 5 seeks a description of "all formulas or methodologies used to set prices for products or services offered through WebHouse and/or Priceline. . . ." Defendants object to this request and argue that compliance would be unduly burdensome. Defendants' objection is sustained. Priceline offered a substantial number of products and services and changed the prices of these products and services on almost a daily basis. The universe of responsive information is far too vast to reasonably expect a response, and plaintiffs should refine their requests accordingly.

2. Interrogatory 10

Interrogatory 10 seeks a description of "all analyses used

-4-

to determine whether Priceline should have taken a charge and/or set up a reserve in connection with the value of the WebHouse warrants received by Priceline." Defendants have responded to this interrogatory, but plaintiffs assert that defendants' response is incomplete because defendants' response is limited to the original valuation of the warrants to purchase WebHouse shares. This limitation, however, does not arise from the refusal to provide information but rather from the lack of information to provide. Plaintiffs' motion must therefore be denied with respect to this request.

3.  Interrogatories 12, 13, 16, & 21

Defendants have responded to these interrogatories, which request the identities of persons or entities involved in certain Priceline business, but plaintiffs argue that the information provided may not be exhaustive. Defendants admit as much, but state that a more complete response is not possible because they do not have certain records in their possession or control. Defendants shall file an affidavit stating that they have provided the most complete response possible and that they have attempted unsuccessfully in good faith to locate records that would allow a more complete response.

4.  Interrogatory 14

Interrogatory 14 requests the identity of "all people or entities, whether employed by Priceline, WebHouse, Walker Digital

or a third party, involved in soliciting members to participate in WebHouse." Defendants' vagueness objection is overruled; the meaning of this interrogatory is sufficiently clear to warrant a response.

5.   Interrogatory 25

Interrogatory 25 asks defendants to "[i]dentify all individuals or entities who received stock, stock options or warrants of Priceline, WebHouse or Walker Digital (other than trades on the open market) during the Relevant Time Period" and to supply certain information about these transactions. Defendants claim that this request is unduly burdensome and also claim that they have responded appropriately pursuant to Rule 33(d), which permits the responding party to refer to specified business records in response to an interrogatory. The papers filed addressing this motion do not indicate that defendants identified specific documents or a subset of documents that provide a complete answer to this interrogatory. Defendants' objections are overruled, and defendants must supplement their responses to more closely adhere to Rule 33(d) in that "a specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d).

### III. CONCLUSION

For the reasons set forth herein, plaintiffs' motion to compel (dkt. # 144) discovery from defendants is **GRANTED in part** and **DENIED in part.** Defendants shall supplement their responses as directed herein on or before **July 11, 2005.**

So ordered this 7th day of June, 2005.

/s/DJS
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**