IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>------------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS)<br><br><br><br><br><br>April 25, 2005 |

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' SECOND SET OF
## DOCUMENT REQUESTS AND INTERROGATORIES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

Defendants priceline.com Inc., N.J. Nicholas, Daniel H. Schulman and Richard S.

Braddock (collectively, the "Defendants") submit the following responses and objections

to Plaintiffs' Second Set of Document Requests and Interrogatories, dated March 1, 2005.

### Document Requests

### General Objections

1.      Defendants incorporate by reference the General Objections

contained in Defendants' Responses and Objections to Plaintiffs' First Request for

Production of Documents ("First Request"), dated January 10, 2005, as if fully set forth

herein, except that Defendants do not incorporate by reference General Objections No. 3

and No. 6.

2.      Defendants object to Plaintiffs' definition of the Relevant Time

Period as overly broad and unduly burdensome, and further object to the Request to the

extent that certain paragraphs call for documents from any time period. Defendants will

RECEIVED
APR 27 2005

produce documents for the period of March 1, 1999 through April 1, 2001, in accordance

with the Court's April 6, 2005 Order.

        3.      Defendants object to Definitions 6 and 7 on the grounds that they

are overly broad and unduly burdensome.

## Specific Responses and Objections

Request No. 1

        All documents relating to, sent to, received from, reviewed by, relied upon
by, or prepared for each person whom Defendants expect to call as an expert witness (or
whose testimony will be used) in a hearing or at trial in this Action. This includes, but is
not limited to, documents relating to the following:

        (a)      the subject matter on which such person will testify;

        (b)      such person's qualifications within the field or area in which such
              person is expected to testify;

        (c)      the substance of any facts and/or opinions as to which such person
              is expected to testify;

        (d)      any oral or written report prepared or rendered by such person
              (including any drafts or revisions of drafts thereof); and

        (e)      each document or other item examined, relied on, referred to or
              created by such persons in preparing any report or forming any
              opinion.

Response to Request No. 1

        Defendants incorporate their General Objections.  Defendants further

object to this request on the grounds that it is premature, as Defendants have not yet

determined which expert witnesses they intend to call in a hearing or at trial.  Defendants

also object to this request to the extent that it seeks draft expert materials, as the parties

have stipulated that such materials will not be discoverable in this litigation.  Subject to

and without waiving these objections, Defendants will produce documents responsive to

this request in accordance with the schedule set forth in the Court's November 2, 2004

scheduling Order.

### Request No. 2

All documents concerning any purchase, sale or other transfer of any
shares of Priceline or any other Priceline security by any Defendant including, but not
limited to, confirmations of such transactions, documents concerning the reasons for such
transactions and stock certificates or other documents evidencing current ownership of
priceline.com shares or securities.

### Response to Request No. 2

Defendants incorporate their General Objections. Defendants state that

this request is a duplicate of one of Defendants' document requests to plaintiffs and

object to the request because, although the types of documents it seeks are clearly

relevant both to plaintiffs' ability to prove the elements of their claims and to their ability

to satisfy the prerequisites for class certification, the types of documents it seeks are, for

the most part, not relevant with respect to Defendants. Defendants further object to this

request on the grounds that (1) it seeks documents regarding Jay S. Walker that are

outside of Defendants' possession, custody or control; (2) it seeks documents, such as

Form 3s, 4s and 144s that are obtainable from public sources; and (3) it is cumulative and

duplicative of First Request Nos. 25, 26 and 29. Subject to and without waiving these

objections, Defendants will perform a reasonable search for documents concerning any

purchases, sales or other transfers of priceline securities by Defendants that are the

subject of plaintiffs' allegations and will produce to plaintiffs non-privileged documents

that Defendants find.

### Request No. 3

All documents concerning the investment policies or practices of any
Defendant including, but not limited to, all statements of investment policy prepared by
or for any Defendant.

3

Response to Request No. 3

        Defendants incorporate their General Objections. Defendants state that this request is a duplicate of one of Defendants' document requests to plaintiffs and object to the request because, although the types of documents it seeks are clearly relevant both to plaintiffs' ability to prove the elements of their claims and to their ability to satisfy the prerequisites for class certification, the types of documents it seeks are not relevant with respect to Defendants. Defendants further object to this request on the grounds that it seeks documents regarding Jay S. Walker that are outside of Defendants' possession, custody or control.

Request No. 4

        All documents created, considered, collected, reviewed, obtained or otherwise received by any Defendant in connection with any analysis, assessment or consideration of the market value or selling price of priceline.com common stock during the Class Period.

Response to Request No. 4

        Defendants incorporate their General Objections. Defendants state that this request is a duplicate of one of Defendants' document requests to plaintiffs and object to the request because, although the types of documents it seeks are clearly relevant both to plaintiffs' ability to prove the elements of their claims and to their ability to satisfy the prerequisites for class certification, the types of documents it seeks are, for the most part, not relevant with respect to Defendants. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome because it requires Defendants to search for and produce a large volume of documents that are potentially responsive to this request but that are not relevant to the claims or defenses of any party to this action; (2) it is vague and ambiguous; and (3) it seeks documents regarding Jay S.

Walker that are outside of Defendants' possession, custody or control. Subject to and

without waiving these objections, Defendants will perform a reasonable search for

documents responsive to this request that are relevant to plaintiffs' allegations and will

produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 5

All documents relating to any statement that any Defendant made
concerning priceline.com stock during the Class Period.

### Response to Request No. 5

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it is overbroad and unduly burdensome

because it requires Defendants to search for and produce a large volume of documents

that are potentially responsive to this request but that are not relevant to the claims or

defenses of any party to this action; (2) it seeks documents that are obtainable from

public sources; and (3) it seeks documents regarding Jay S. Walker that are outside of

Defendants' possession, custody or control. Defendants also object to this request to the

extent that it is cumulative and duplicative of First Request No. 37. Subject to and

without waiving these objections, Defendants will perform a reasonable search for

documents responsive to this request that are relevant to plaintiffs' allegations and will

produce to plaintiffs non-privileged documents that Defendants find.

### Request No. 6

All documents concerning any action or investigation in which any
Defendant has been charged with violating or alleged to have violated federal and/or state
securities laws including, but not limited to, the pleadings and/or other materials filed in
or prepared for such actions.

Response to Request No. 6

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome because it seeks "[a]ll documents concerning any action or investigation" and so requires Defendants to search for and produce a large volume of documents that are potentially responsive to this request but that are not relevant to the claims or defenses of any party to this action; (2) it seeks documents regarding Jay S. Walker that are outside of Defendants' possession, custody or control; and (3) it seeks documents that are subject to the attorney-client or work product privileges or other privileges. Subject to and without waiving these objections, Defendants will perform a reasonable search for documents responsive to this request and will produce to plaintiffs non-privileged documents that Defendants find.

Request No. 7

All documents concerning any action or investigation in which any Defendant has been charged with violating or alleged to have violated the rules and/or regulations of the National Association of Securities Dealers ("NASD"), or any other private, public or quasi-governmental entity and/or self regulatory organization that regulates or purports to regulate the securities of publicly traded entities, including, but not limited to, the pleadings and/or other materials filed in or prepared for such actions.

Response to Request No. 7

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that (1) it is overbroad and unduly burdensome because it seeks "[a]ll documents concerning any action or investigation" and so requires Defendants to search for and produce a large volume of documents that are potentially responsive to this request but that are not relevant to the claims or defenses of any party to this action; (2) it seeks documents regarding Jay S. Walker that are outside of

Defendants' possession, custody or control; and (3) it seeks documents that are subject to

the attorney-client or work product privileges or other privileges. Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

responsive to this request and will produce to plaintiffs non-privileged documents that

Defendants find.

### Request No. 8

All transcripts or other recordings (including audio or video tape-
recordings) of any testimony given by any Defendant in any civil, criminal,
administrative or other proceeding, whether or not given under oath.

### Response to Request No. 8

Defendants state that this request is a duplicate of one of Defendants'

document requests to plaintiffs and that plaintiffs have refused to produce any documents

in response to that request. Accordingly, Defendants will only produce documents in

response to this request to the extent that plaintiffs produce documents in response to

Defendants' request.

### Request No. 9

All documents relating to or concerning any communications between or
among any Defendant and/or any employee or any agent of any Defendant and any
insurer whose policies provide or potentially provide coverage for the claims asserted in
this Action.

### Response to Request No. 9

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents that are not relevant to

the claims or defenses of any party to this action and is not reasonably calculated to lead

to the discovery of admissible evidence and (2) it seeks documents that are subject to the

attorney-client or work product privileges or other privileges. Subject to and without

waiving these objections, Defendants refer plaintiffs to the documents Bates numbered

PCLN 00000001–00000173, which Defendants produced to plaintiffs on November 18,

2004.

### Request No. 10

All documents relating to or concerning any documents sent between or
circulated among any Defendant and/or any employee or any agent of any Defendant and
any insurer whose policies provide or potentially provide coverage for the claims asserted
in this Action.

Response to Request No. 10

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents that are not relevant to

the claims or defenses of any party to this action and is not reasonably calculated to lead

to the discovery of admissible evidence (2) it seeks documents that are subject to the

attorney-client or work product privileges or other privileges; and (3) it is cumulative and

duplicative of Request No. 9. Subject to and without waiving these objections,

Defendants refer plaintiffs to the documents Bates numbered

PCLN 00000001–00000173, which Defendants produced to plaintiffs on November 18,

2004.

### Request No. 11

All documents concerning any agreement or understanding relating to this
Action between or among any of the Defendants, including, without limitation, any joint
defense agreement or indemnification agreement.

Response to Request No. 11

Defendants incorporate their General Objections. Defendants further

object to this request on the grounds that (1) it seeks documents that are not relevant to

the claims or defenses of any party to this action and is not reasonably calculated to lead

to the discovery of admissible evidence and (2) it seeks documents that are subject to the

attorney-client or work product privileges or other privileges. Subject to and without

waiving these objections, Defendants will perform a reasonable search for documents

concerning any indemnification agreement between or among any of the Defendants and

will produce to plaintiffs non-privileged documents that Defendants find.

<u>Request No. 12</u>

All documents concerning (including, but not limited to, any documents
that you claim refute) any statement made in the Motion for Class Certification,
including, without limitation:

        (a)     that "[t]he factual and legal issues which will be pursued by the
named representatives are common to all members of the proposed
class";

        (b)     that "the Proposed Class Representatives satisfy the typicality
requirement" of Rule 23(a)(3);

        (c)     that "[the Proposed Class Representatives'] interests are not
antagonistic to those of the Class";

        (d)     that "[the Proposed Class Representatives'] claims and interests are
identical to those of the Class";

        (e)     that "common questions plainly predominate in this action"; and

        (f)     that "individual members do not have an overriding interest in
controlling the action."

<u>Response to Request No. 12</u>

Defendants incorporate their General Objections. Defendants state that

this request is a duplicate of one of Defendants' document requests to plaintiffs and

object to the request because plaintiffs, not Defendants, have the burden of satisfying the

prerequisites for class certification, and Defendants are not required to produce

documents concerning plaintiffs' class-related allegations.

Request No. 13

All documents relating to any method or formula by which Defendants propose to disprove and/or calculate common or class-wide injury and/or damages in this Action.

Response to Request No. 13

Defendants incorporate their General Objections. Defendants state that this request is a duplicate of one of Defendants' document requests to plaintiffs and object to the request because plaintiffs, not Defendants, have the burden of satisfying the prerequisites for class certification, and Defendants are not required to produce documents concerning plaintiffs' class-related allegations. Defendants further object to this request on the grounds that the documents it seeks may be prepared by experts, and so it is premature. In addition, Defendants object to the request on the grounds that it seeks documents that are subject to the attorney-client or work product privileges or other privileges.

Request No. 14

All documents on which Defendants intend to rely to support any of the affirmative defenses that are set forth in the Answer and/or the Walker Answer filed in this Action.

Response to Request No. 14

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that it is premature, as Defendants have not yet determined which documents they intend to use to support the affirmative defenses that are set forth in the Answer. Subject to and without waiving these objections, to the extent that Defendants have decided which documents they will use to support their affirmative defenses, Defendants will produce those documents.

### Request No. 15

All documents Defendants relied upon when answering any of the interrogatories that Plaintiffs have served on Defendants in this Action.

Response to Request No. 15

Defendants incorporate their General Objections. Defendants further object to this request on the grounds that it seeks documents that are subject to the attorney-client or work product privileges or other privileges. Subject to and without waiving these objections, Defendants state that their production will include the non-privileged documents on which they relied when answering plaintiffs' interrogatories.

### **Interrogatories**

### **General Objections**

1.      Defendants incorporate by reference the General Objections contained in Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories, dated January 10, 2005, as if fully set forth herein, except that Defendants do not incorporate by reference General Objections No. 3, No. 6 and No. 8.

2.      Defendants object to Definitions 6 and 7 on the grounds that they are overly broad and unduly burdensome.

3.      Defendants object generally to the Interrogatories, including the Definitions and Instructions set forth therein or incorporated by reference, to the extent they seek information relating to matters outside the scope of this action or information that is not relevant to any claim or defense of any party to this action, or to the extent they are not otherwise reasonably calculated to lead to the discovery of admissible evidence in this action. In particular, Defendants object to the "Relevant Time Period" on this basis.

11

Defendants will provide responses for the period of March 1, 1999 through April 1, 2001, in accordance with the Court's April 6, 2005 Order.

        4.      Defendants object generally to the Interrogatories, including the definitions and instructions set forth therein or incorporated by reference, to the extent the answers sought may be derived or ascertained from documents that Defendants will be producing in response to Plaintiffs' First Request for Production of Documents and Plaintiffs' Second Set of Document Requests.

### Specific Responses and Objections

#### Interrogatory No. 1

        Identify all issues of law and/or fact raised by the claims asserted in this Action that you claim are not common to all members of the class for which Plaintiffs seek certification.

#### Response to Interrogatory No. 1

        Defendants object to this interrogatory on the grounds that it calls for a legal conclusion. Defendants state that this interrogatory is a duplicate of one of Defendants' interrogatories to plaintiffs and further object on the grounds that plaintiffs, not Defendants, have the burden of satisfying the prerequisites for class certification, and Defendants are not required to respond in any way to plaintiffs' class-related allegations. Subject to and without waiving these objections or the General Objections, Defendants will provide information responsive to this interrogatory in their memorandum of law in opposition to plaintiffs' motion for class certification, in accordance with the schedule set forth in the Court's Order of March 22, 2005.

#### Interrogatory No. 2

        Identify the method or formula by which Defendants propose to disprove and/or calculate class-wide injury and/or damages in this Action and each individual upon whose knowledge, expertise or information that method or formula is based.

Response to Interrogatory No. 2

Defendants object to this interrogatory to the extent that it calls for a legal conclusion. Defendants state that this interrogatory is a duplicate of one of Defendants' interrogatories to plaintiffs and further object on the grounds that plaintiffs, not Defendants, have the burden of satisfying the prerequisites for class certification, and Defendants are not required to respond in any way to plaintiffs' class-related allegations. Defendants also object to this interrogatory on the grounds that it is premature, as Defendants have not yet determined which expert witnesses they intend to call in a hearing or at trial. Subject to and without waiving these objections or the General Objections, Defendants state that they will identify expert witnesses pursuant to Fed..R. Civ. P. 26 in accordance with the schedule set forth in the Court's November 2, 2004 scheduling Order.

Interrogatory No. 3

Set forth all facts upon which Defendants intend to rely to disprove any statement in the Motion for Class Certification, including but not limited to:

(a)    that "[t]he factual and legal issues which will be pursued by the named representatives are common to all members of the proposed class";

(b)    that "the Proposed Class Representatives satisfy the typicality requirement" of Rule 23(a)(3);

(c)    that "[the Proposed Class Representatives'] interests are not antagonistic to those of the Class";

(d)    that "[the Proposed Class Representatives'] claims and interests are identical to those of the Class";

(e)    that "common questions plainly predominate in this action"; and

(f)    that "individual members do not have an overriding interest in controlling the action."

13

Response to Interrogatory No. 3

Defendants object to this interrogatory on the grounds that it is premature, as class-related discovery is not complete. Plaintiffs still have not completed their class-related document production, and Defendants have not yet deposed all of the proposed class representatives. Accordingly, Defendants have not determined the facts on which they intend to rely to disprove statements in the Motion for Class Certification. Defendants also state that this interrogatory is a duplicate of one of Defendants' interrogatories to plaintiffs and object on the grounds that plaintiffs, not Defendants, have the burden of satisfying the prerequisites for class certification, and Defendants are not required to respond in any way to plaintiffs class-related allegations. Subject to and without waiving these objections or the General Objections, Defendants will provide information responsive to this interrogatory in their memorandum of law in opposition to plaintiffs' motion for class certification, in accordance with the schedule set forth in the Court's Order of March 22, 2005.

Interrogatory No. 4

Identify all persons with knowledge concerning the expansion of Priceline's business model to any new markets during the Class Period, including markets such as groceries or gas.

Response to Interrogatory No. 4

Defendants object to Interrogatory No. 4 to the extent that it seeks information regarding the use of priceline's business model that is not within Defendants' knowledge or belief. Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome because it calls for the identities of "all persons with knowledge" and so requires Defendants to search for and provide a large volume of information that is potentially responsive to this interrogatory but that is not relevant to

14

any claim or defense of any party in this action. Defendants also object to this interrogatory's use of the terms "expansion" and "markets" as vague and ambiguous. Subject to and without waiving these objections or the General Objections, Defendants state that the following individuals were primarily responsible for considering for priceline the actual and/or potential application of priceline's business model to new products and services:

1. Richard S. Braddock[1]

2. Paul Francis[2]

3. Heidi Miller

4. Robert J. Mylod

5. Daniel H. Schulman

6. Mitchell Truwit

7. Jay S. Walker

Defendants also state, on information and belief, that the persons primarily responsible for considering for WebHouse the actual and/or potential application of priceline's business model to new products and services may have included (but may not have been limited to):

1. T. Scott Case

2. Paul Francis

---

[1] Individuals whose names are underlined herein are represented by, and may only be contacted through, undersigned counsel. Defendant Jay S. Walker is represented by Carl W. Mullis, Esq., Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, NE, 24th Floor, Atlanta, GA 30308.

[2] Contact information for individuals previously identified in Defendants' Initial Disclosures Pursuant to Rule 26(a)(1) ("Defendants' Initial Disclosures") or in Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories are incorporated by reference.

        3.     Robert J. Mylod

        4.     Jonathan Otto

Defendants further state, on information and belief, that the persons primarily responsible for considering for Perfect Yard Sale the actual and/or potential application of priceline's business model to new products and services may have included (but may not have been limited to):

        1.     Jeffrey D. Hoffman

### Interrogatory No. 5

Identify all persons with knowledge concerning the truth or accuracy of any public statement made by Defendants during the Class Period.

### Response to Interrogatory No. 5

Defendants object to Interrogatory No. 5 to the extent that it seeks information regarding Jay S. Walker that is not within Defendants' knowledge or belief. Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome because it calls for the identities of "all persons with knowledge" and so requires Defendants to search for and provide a large volume of information that is potentially responsive to this interrogatory but that is not relevant to any claim or defense of any party in this action. Defendants also object to this interrogatory's use of the term "public statement" as vague and ambiguous. Subject to and without waiving these objections or the General Objections, Defendants state that they believe that numerous individuals in priceline's investor relations, public relations, finance and legal departments, and other departments, as well as members of priceline's senior management, may have had information concerning the truth or accuracy of some or all of priceline's press releases, presentations to analysts, public filings and/or statements

16

during analyst teleconferences, among other things, during the Alleged Class Period. Defendants further state that the following individuals were primarily familiar with the truth or accuracy of some of the statements just described during the Alleged Class Period:

1. Jeffrey Boyd

2. Richard S. Braddock

3. Thomas P. D'Angelo

4. Brian Ek

5. Paul Francis

6. Heidi Miller

7. Robert J. Mylod

8. N.J. Nicholas

9. William Pike

10. Dan Rubenstein

11. Daniel H. Schulman

12. Jay S. Walker

In addition, Defendants believe that Deloitte & Touche LLP and outside counsel Skadden, Arps, Slate, Meagher & Flom LLP may have had information concerning the truth or accuracy of some of these statements (as described above) during the Alleged Class Period.

Defendants further state, on information and belief, that Kevin Goldman may have had information concerning the truth or accuracy of certain statements by Jay S. Walker during the Alleged Class Period.

Interrogatory No. 6

Identify all persons with knowledge concerning any work performed by Murray Devine for Priceline regardless of the time period including but not limited to all persons with knowledge concerning any memorandum, analysis, report, opinion or other document issued by Murray Devine concerning the value of the warrants that WebHouse issued to Priceline in late 1999 (the "WebHouse Warrants").

Response to Interrogatory No. 6

Defendants object to Interrogatory No. 6 to the extent that it seeks information regarding Murray Devine that is not within Defendants' knowledge or belief. Defendants further object to this interrogatory on the grounds that it is overly broad and unduly burdensome (including, specifically, the request for information "regardless of the time period" and the request for the identities of "all persons with knowledge"), and to the extent it seeks information that is not relevant to any claim or defense of any party in this action and is not otherwise reasonably calculated to lead to the discovery of admissible evidence in this action. Subject to and without waiving these objections or the General Objections, Defendants state that the following individuals were primarily familiar with work performed for priceline by Murray Devine concerning the value of the warrants that WebHouse issued to priceline in late 1999:

1.    Thomas P. D'Angelo

2.    Paul Francis

3.    Christopher Hanssens

4.    Dennis Murray

5.    Robert J. Mylod

In addition, Deloitte & Touche LLP was familiar with some of the work performed for priceline by Murray Devine concerning the value of the warrants that WebHouse issued to priceline in late 1999.

18

Interrogatory No. 7

Identify all persons with knowledge concerning the decision to recognize the value of the WebHouse warrants at $188.8 million as income in the 4th Quarter of 1999.

Response to Interrogatory No. 7

Defendants object to this interrogatory as vague and ambiguous because it is unclear whether it is directed at the valuation, the recognition as income, and/or the timing of the warrants. Defendants read the request as directed at the recognition of the warrants as income. Defendants further object to this interrogatory as overly broad and unduly burdensome because it seeks the identities of "all persons with knowledge" regarding a decision that was public information. Subject to and without waiving these objections or the General Objections, Defendants state that the following individuals were primarily familiar with the decision to recognize the value of the WebHouse warrants as income:

          1.    Richard S. Braddock

          2.    Thomas P. D'Angelo

          3.    Paul Francis

          4.    Robert J. Mylod

          5.    Daniel H. Schulman

          6.    Jay S. Walker

In addition, Deloitte & Touche LLP was familiar with the decision to recognize the value of the WebHouse warrants as income.

Interrogatory No. 8

Identify all persons with knowledge concerning the decision to write off the WebHouse Warrants and take a one-time charge of $188.8 million in the 3rd Quarter of 2000.

<u>Response to Interrogatory No. 8</u>

Defendants object to this interrogatory as overly broad and unduly burdensome because it seeks the identities of "all persons with knowledge" regarding a decision that was public information. Subject to and without waiving this objection or the General Objections, Defendants state that the following individuals were primarily familiar with the decision to write off the WebHouse warrants and take a one-time charge of $188.8 million in the 3rd Quarter of 2000:

1.    <u>Jeffrey Boyd</u>

2.    <u>Richard S. Braddock</u>

3.    <u>Thomas P. D'Angelo</u>

4.    Heidi Miller

5.    <u>Robert J. Mylod</u>

6.    <u>Dan Rubenstein</u>

7.    <u>Daniel H. Schulman</u>

8.    Jay S. Walker

In addition, Deloitte & Touche LLP was familiar with the decisions to write off the WebHouse warrants and take a one-time charge of $188.8 million in the 3rd Quarter of 2000.

<u>Interrogatory No. 9</u>

If you contend that the decision to recognize $188.8 million in income in the 4th Quarter of 1999 from the issuance of the WebHouse Warrants was made in accordance with Generally Accepted Accounting Principles ("GAAP"), please state all facts and reasons that support your contention, including without limitation, any and all accounting authority to support your contention.

Response to Interrogatory No. 9

        Defendants incorporate their General Objections. Defendants further object to Interrogatory No. 9 on the grounds that the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing their contentions. Defendants also object to this interrogatory on the grounds that the information it seeks may be the subject of expert testimony, and so it is premature.

        Interrogatory No. 10

        If you contend that the decision to carry the WebHouse Warrants as an asset valued at $188.8 million on the December 31, 1999, March 31, 2000 and June 30, 2000 balance sheets was made in accordance with Generally Accepted Accounting Principles ("GAAP"), please state all reasons to support your contention, including without limitation, any and all accounting authority to support your contention.

Response to Interrogatory No. 10

        Defendants incorporate their General Objections. Defendants further object to Interrogatory No. 10 on the grounds that the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing their contentions. Defendants also object to this interrogatory on the grounds that the information it seeks may be the subject of expert testimony, and so it is premature.

        Interrogatory No. 11

        If you contend that the decision to take a one-time charge for the WebHouse Warrants of $188.8 million in the 3rd Quarter of 2000 was made in accordance with Generally Accepted Accounting Principles ("GAAP"), please state all facts and reasons that support your contention, including without limitation, any and all accounting authority to support your contention.

Response to Interrogatory No. 11

        Defendants incorporate their General Objections. Defendants further object to Interrogatory No. 11 on the grounds that the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing their contentions.

Defendants also object to this interrogatory on the grounds that the information it seeks

may be the subject of expert testimony, and so it is premature.

### Interrogatory No. 12

Identify the individual or individuals who made: (a) the decision to
recognize $188.8 million in income in the 4th Quarter of 1999 from the issuance of the
WebHouse warrants, (b) the decision to carry the full $188.8 million purported value of
the WebHouse Warrants as an asset on the balance sheets as of December 31, 1999,
March 31, 2000 and June 30, 2000, (c) and/or the decision to take a one-time charge for
the WebHouse Warrants of $188.8 million in the 3rd Quarter of 2000.

### Response to Interrogatory No. 12

Subject to and without waiving the General Objections, Defendants state

that numerous individuals were involved in the decision-making process for each of the

decisions described in (a), (b) and (c), and that the following individuals were primarily

involved in those decisions:

1. Jeffrey Boyd

2. Richard S. Braddock

3. Thomas P. D'Angelo

4. Heidi Miller

5. Robert J. Mylod

6. Dan Rubenstein

7. Daniel H. Schulman

8. Jay S. Walker

### Interrogatory No. 13

Identify all persons with knowledge about the decision to exclude
WebHouse's financial performance from Priceline's financial reports and state which
person(s) were responsible for making the decision.

22

Response to Interrogatory No. 13

Defendants object to Interrogatory No. 13 to the extent that it mischaracterizes the content of priceline's financial reports and the relationship between priceline and WebHouse. Subject to and without waiving this objection or the General Objections, Defendants state that the following persons were primarily familiar with the decision not to combine WebHouse's financial statements with priceline's financial statements:

1. Jeffrey Boyd

2. Richard S. Braddock

3. Thomas P. D'Angelo

4. Heidi Miller

5. Robert J. Mylod

6. Dan Rubenstein

7. Daniel H. Schulman

8. Jay S. Walker

In addition, Deloitte & Touche LLP and outside counsel Skadden, Arps, Slate, Meagher & Flom LLP were familiar with the decision not to combine WebHouse's financial statements with priceline's financial statements.

Interrogatory No. 14

Identify all persons with knowledge about the launch of WebHouse and the WebHouse website.

Response to Interrogatory No. 14

Defendants object to Interrogatory No. 14 on the grounds that it calls for information regarding WebHouse that is not within Defendants' knowledge or belief.

Defendants further object to this interrogatory on the grounds that it is overly broad and

unduly burdensome because it seeks the identities of "all persons with knowledge"

regarding an event that was public information. Subject to and without waving these

objections or the General Objections, Defendants state, on information and belief, that the

persons primarily responsible for the launch of WebHouse and its website may have

included (but may not have been limited to):

      1.     Jonathan Otto

      2.     <u>Ron Rose</u>

      3.     Jose Suarez

      4.     Jay S. Walker

<u>Interrogatory No. 15</u>

Identify all persons with knowledge about attempts to market the
WebHouse business model and/or service to retailers, wholesalers, manufacturers or any
other sponsoring parties and state which person(s) were responsible for making such
decisions.

<u>Response to Interrogatory No. 15</u>

Defendants object to Interrogatory No. 15 to the extent that it seeks

information regarding WebHouse that is not within Defendants' knowledge or belief.

Defendants further object to this interrogatory on the grounds that it is overly broad and

unduly burdensome because it calls for the identities of "all persons with knowledge" and

so requires Defendants to search for and provide a large volume of information that is

potentially responsive to this interrogatory but that is not relevant to any claim or defense

of any party in this action. Defendants also object to the interrogatory's use of the term

"such decisions" as vague and ambiguous. Subject to and without waiving these

objections or the General Objections, Defendants state, on information and belief, that the

persons primarily responsible for marketing WebHouse to retailers, wholesalers,

manufacturers or any other sponsoring parties may have included (but may not have been

limited to):

1.    Peter Burgess

2.    T. Scott Case

3.    <u>Paul Francis</u>

4.    Steve Mott

5.    Jonathan Otto

6.    Jose Suarez

7.    Robert Voss

8.    Jay S. Walker

9.    <u>Robert J. Mylod</u>

<u>Interrogatory No. 16</u>

Identify all documents that address whether and to what extent retailers, wholesalers, manufacturers and/or any other sponsoring parties were willing to and were actually subsidizing the difference between the retail price and the discount price for products offered or sold on the WebHouse website.

<u>Response to Interrogatory No. 16</u>

Defendants incorporate their General Objections. Defendants further

object to Interrogatory No. 16 on the grounds that it seeks information that is not within

Defendants' knowledge or belief. Defendants also object to this interrogatory on the

grounds that it is overly broad and unduly burdensome, as the information sought may be

derived or ascertained from documents that Defendants have produced or will produce in

response to plaintiffs' various document requests. Defendants are not required to itemize

the broad categories of documents that plaintiffs have requested.

25

### Interrogatory No. 17

Describe on a daily, monthly, and quarterly basis the extent to which retailers, wholesalers, manufacturers and/or any other sponsoring parties were subsidizing the discount prices for products offered and/or sold on the WebHouse website and the extent to which WebHouse was subsidizing the discount prices for products offered and sold on its website.

### Response to Interrogatory No. 17

Defendants incorporate their General Objections. Defendants further

object to Interrogatory No. 17 on the grounds that it seeks information regarding

WebHouse that is not within Defendants' knowledge or belief. Defendants also object to

this interrogatory on the grounds that it is overly broad and unduly burdensome, as the

information sought is not reasonably available to Defendants, though it may be derived or

ascertained from documents that Defendants have produced or will produce in response

to plaintiffs' various document requests.

### Interrogatory No. 18

Identify all persons with knowledge concerning whether WebHouse could or would ever reach a point where retailers, manufacturers or any other sponsoring parties would be subsidizing the full extent of the discount price offered to customers on the WebHouse website.

### Response to Interrogatory No. 18

Defendants object to Interrogatory No. 18 on the grounds that it seeks

information regarding WebHouse that is not within Defendants' knowledge or belief.

Subject to and without waiving this objection or the General Objections, Defendants

state, on information and belief, that individuals familiar with the extent to which

retailers, manufacturers or other sponsoring parties were subsidizing, and might in the

future subsidize, the discounts offered to consumers on the WebHouse website may have

included (but may not be limited to):

26

1.  Peter Burgess

2.  T. Scott Case

3.  Charles Castaneda

4.  <u>Paul Francis</u>

5.  Steve Mott

6.  <u>Robert J. Mylod</u>

7.  Jonathan Otto

8.  Jose Suarez

9.  Robert Voss

10. Jay S. Walker

<u>Interrogatory No. 19</u>

Identity all manufacturers, wholesalers, retailers or any other sponsoring parties who participated in the WebHouse website and, as to each entity, identify all persons with knowledge concerning such participation.

<u>Response to Interrogatory No. 19</u>

Defendants object to Interrogatory No. 19 on the grounds that it calls for information regarding WebHouse and other entities that is not within Defendants' knowledge or belief. Defendants further object to this interrogatory as overly broad and unduly burdensome because it calls for the identities of "all manufacturers" and other entities and "all persons with knowledge" and so requires Defendants to search for and provide a large volume of information that is potentially responsive to this interrogatory but that is not relevant to any claim or defense of any party in this action. Defendants also object to this interrogatory's use of the term "participated" as vague and ambiguous.

Subject to and without waiving these objections or the General Objections, Defendants state, on information and belief, that:

27

1.      WebHouse established relationships with numerous manufacturers for the provision of groceries through the WebHouse service, which may have included (but may not have been limited to) those listed in Exhibit A to Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories;

2.      WebHouse established relationships with numerous grocery retailers for the fulfillment of grocery purchases made through WebHouse, which may have included (but may not have been limited to) those listed in Exhibit B to Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories;

3.      WebHouse established relationships with numerous gas stations for the provision of gasoline purchases made through the WebHouse service, which may have included (but may not have been limited to) stations affiliated with the companies listed in Exhibit C to Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories; and

4.      WebHouse established relationships with numerous partners for the marketing and promotion of the WebHouse service, which may have included (but may not have been limited to) those listed in Exhibit D to Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories.

5.      Individuals who were primarily familiar with the relationships described in 1-4 above may have included (but may not have been limited to):

    1.      Peter Burgess

    2.      T. Scott Case

    3.      Charles Castaneda

    4.      Paul Francis

28

5.    Steve Mott

6.    <u>Robert J. Mylod</u>

7.    Jonathan Otto

8.    Jose Suarez

9.    Robert Voss

10.   Jay S. Walker

<u>Interrogatory No. 20</u>

Describe in detail any and all problems experienced with the Priceline and WebHouse computer systems and websites during the Class Period and identify all persons with knowledge concerning such problems.

<u>Response to Interrogatory No. 20</u>

Defendants object to Interrogatory No. 20 to the extent that it seeks

information regarding WebHouse that is not within Defendants' knowledge or belief.

Defendants further object to this interrogatory as overly broad and unduly burdensome

because it calls for information regarding "any and all problems" and for the identities of

"all persons with knowledge" and so requires Defendants to search for and provide a

large volume of information that is potentially responsive to this interrogatory but that is

not relevant to any claim or defense of any party in this action. Defendants also object to

this interrogatory on the grounds that it seeks information that can be obtained through

other, less burdensome means of discovery. In addition, Defendants object to this

interrogatory's use of the term "problems" as vague and ambiguous. Subject to and

without waiving these objections or the General Objections, Defendants refer plaintiffs to

Exhibits E, F and G to Defendants' Responses and Objections to Plaintiffs' First Set of

Interrogatories, which list employees and/or contractors who may have worked on

priceline's and/or WebHouse's computer systems and/or websites during the Alleged

Class Period.

### Interrogatory No. 21

Identify all persons with knowledge about the launch of hotwire.com in June of 2000, including, without limitation, the financial or business impact that hotwire.com could or would have on Priceline's financial or business results.

### Response to Interrogatory No. 21

Defendants object to Interrogatory No. 21 to the extent that it seeks

information that is not within Defendants' knowledge or belief. Defendants further

object to this interrogatory as overly broad and unduly burdensome because it seeks the

identities of "all persons with knowledge" regarding the publicly-known launch of an

independent company and so requires Defendants to search for and provide a large

volume of information that is potentially responsive to this interrogatory but that is not

relevant to any claim or defense of any party to this action.

### Interrogatory No. 22

Identify any insurer or other third party that has reviewed and/or investigated the claims asserted in this Action.

### Response to Interrogatory No. 22

Defendants object to Interrogatory No. 22 as overly broad and unduly

burdensome because it seeks the identities of any third party that has reviewed and/or

investigated plaintiffs' claims, which could include any person or entity in the world.

Defendants further object to this interrogatory on the grounds that it seeks information

that is not within Defendants' knowledge or belief and information that is not relevant to

the claims or defenses of any part to this action, and so appears to have been interposed

solely for purposes of harassment. Subject to and without waiving these objections or the

General Objections, Defendants state that priceline has insurers and has apprised those insurers of the claims in this action. Defendants have already provided plaintiffs with the relevant insurance policies. Defendants have neither knowledge nor information regarding any action that has been taken by any insurer beyond communications with Defendants' counsel.

### Interrogatory No. 23

If any insurer or other third party has reviewed and/or investigated the claims asserted in this Action, identify all persons knowledgeable concerning any such review and/or investigation.

### Response to Interrogatory No. 23

Defendants object to Interrogatory No. 23 as overly broad and unduly burdensome because it seeks the identities of "all persons knowledgeable" concerning any review or investigation by any third party, which could include any person or entity in the world. Defendants further object to this interrogatory on the grounds that it seeks information that is not within Defendants' knowledge or belief and information that is not relevant to the claims or defenses of any party to this action, and so appears to have been interposed solely for purposes of harassment. Subject to and without waiving these objections or the General Objections, Defendants state that priceline has insurers and has apprised those insurers of the claims in this action. Defendants have already provided plaintiffs with the relevant insurance policies. Defendants have neither knowledge nor information regarding any action that has been taken by any insurer beyond communications with Defendants' counsel.

### Interrogatory No. 24

If any insurer or other third party has reviewed and/or investigated the claims asserted in this Action, identify the persons with whom the insurer or other third party has communicated and/or interviewed as part of the review or investigation.

31

Response to Interrogatory No. 24

Defendants object to Interrogatory No. 24 as overly broad and unduly burdensome because it seeks the identities of any persons with whom any third party has communicated regarding the allegations. Defendants further object to this interrogatory on the grounds that it seeks information that is not within Defendants' knowledge or belief and information that is not relevant to the claims or defenses of any party to this action, and so appears to have been interposed solely for purposes of harassment. Subject to and without waiving these objections or the General Objections, Defendants state that priceline has insurers and has apprised those insurers of the claims in this action. Defendants have already provided plaintiffs with the relevant insurance policies. Defendants have neither knowledge nor information regarding any action that has been taken by any insurer beyond communications with Defendants' counsel.

### Interrogatory No. 25

Set forth all facts upon which Defendants intend to rely to support their contention that "Plaintiffs did not rely, or could not have reasonably or justifiably relied, upon the alleged misstatements or omissions alleged in the Complaint." Answer (Fifth Defense); Walker Answer (Sixth Defense).

Response to Interrogatory No. 25

Defendants object to Interrogatory No. 25 on the grounds that it is premature, as the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing the facts upon which they intend to rely to support their contentions. Subject to and without waiving this objection or the General Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated February 28, 2002, and incorporate by reference the facts set forth therein. Defendants

further state that additional information responsive to this interrogatory may develop as

discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

### Interrogatory No. 26

Set forth all facts upon which Defendants intend to rely to support their
contention that "Defendants are not liable because they did not make a false or
misleading statement of material fact or omission of material fact on which plaintiffs
relied and they are not responsible (in law or in fact) for any alleged false or misleading
statements or omissions of material fact by others on which plaintiffs are alleged to have
relied." Answer (Seventh Defense).

Response to Interrogatory No. 26

Defendants object to Interrogatory No. 26 on the grounds that it is

premature, as the parties are still at the beginning of the discovery process, and

accordingly, Defendants are still developing the facts upon which they intend to rely to

support their contentions. Subject to and without waiving this objection or the General

Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support

of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated

February 28, 2002, and incorporate by reference the facts set forth therein. Defendants

further state that additional information responsive to this interrogatory may develop as

discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

### Interrogatory No. 27

Set forth the facts upon which Defendants intend to rely to support their
contention that: "Defendants are not liable because certain alleged misstatements by them
were forward-looking and contained sufficient cautionary language and risk disclosure to
be nonactionable under the Private Securities Litigation Reform Act of 1995 .... and the
bespeaks caution doctrine." Answer (Tenth Defense).

Response to Interrogatory No. 27

Defendants object to Interrogatory No. 27 on the grounds that it is

premature, as the parties are still at the beginning of the discovery process, and

accordingly, Defendants are still developing the facts upon which they intend to rely to

support their contentions. Subject to and without waiving this objection or the General

Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support

of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated

February 28, 2002, and incorporate by reference the facts set forth therein. Defendants

further state that additional information responsive to this interrogatory may develop as

discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

<u>Interrogatory No. 28</u>

Describe in detail the "cautionary language and risk disclosure" you intend
to rely on in this Action.

<u>Response to Interrogatory No. 28</u>

Defendants object to Interrogatory No. 28 on the grounds that it is

premature, as the parties are still at the beginning of the discovery process, and

accordingly, Defendants are still developing the facts upon which they intend to rely to

support their contentions. Subject to and without waiving this objection or the General

Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support

of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated

February 28, 2002, and incorporate by reference the facts set forth therein. Defendants

further state that additional information responsive to this interrogatory may develop as

discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

<u>Interrogatory No. 29</u>

Set forth all facts upon which Defendants intend to rely to support their
contention that: "Defendants are not liable because plaintiffs knew, or in the exercise of
reasonable care should have known, the information that they allege Defendants
misstated or omitted." Answer (Eleventh Defense).

Response to Interrogatory No. 29

Defendants object to Interrogatory No. 29 on the grounds that it is premature, as the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing the facts upon which they intend to rely to support their contentions. Subject to and without waiving this objection or the General Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated February 28, 2002, and incorporate by reference the facts set forth therein. Defendants further state that additional information responsive to this interrogatory may develop as discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

Interrogatory No. 30

Set forth all facts upon which Defendants intend to rely to support their contention that "Defendants are not liable because the alleged misrepresentations or omissions by Defendants were based on good faith, and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely." Answer (Twelfth Defense).

Response to Interrogatory No. 30

Defendants object to Interrogatory No. 30 on the grounds that it is premature, as the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing the facts upon which they intend to rely to support their contentions. Subject to and without waiving this objection or the General Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated February 28, 2002, and incorporate by reference the facts set forth therein. Defendants further state that additional information responsive to this interrogatory may develop as discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

Interrogatory No. 31

Set forth all facts upon which Defendants intend to rely to support their contention that: "Defendants are not liable because the alleged misrepresentations and omissions alleged in the Complaint did not affect the market price of Priceline's securities and/or did not cause the damage alleged by plaintiffs." Answer (Thirteenth Defense).

Response to Interrogatory No. 31

Defendants object to Interrogatory No. 31 on the grounds that it seeks information that may be the subject of expert testimony, and so it is premature. Subject to and without waiving this objection or the General Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated February 28, 2002, and incorporate by reference the facts set forth therein. Defendants further state that additional information responsive to this interrogatory may develop as discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

Interrogatory No. 32

Set forth all facts upon which Defendants intend to rely to support their contention that: "Plaintiffs' claims are barred, by the applicable statute of limitations." Answer (Fourteenth Defense).

Response to Interrogatory No. 32

Defendants object to Interrogatory No. 32 on the grounds that it is premature, as the parties are still at the beginning of the discovery process, and accordingly, Defendants are still developing the facts upon which they intend to rely to support their contentions. Subject to and without waiving this objection or the General Objections, Defendants state that plaintiffs' claims are barred because plaintiffs and/or the market were aware of and/or on notice of facts underlying the asserted claims more than one year before the commencement of this Action. In addition, Defendants refer

36

plaintiffs to Defendants' Memorandum of Law In Support of Defendants' Motion to

Dismiss the Consolidated Amended Complaint, dated February 28, 2002, and incorporate

by reference the facts set forth therein. Defendants further state that additional

information responsive to this interrogatory may develop as discovery progresses and as

Defendants continue their investigation of plaintiffs' claims.

### Interrogatory No. 33

Set forth all facts upon which Defendants intend to rely to support their
contention that: "Plaintiffs' claims are barred, in whole or in part, by the truth on the
market doctrine." Answer (Fifteenth Defense).

### Response to Interrogatory No. 33

Defendants object to Interrogatory No. 33 on the grounds that it is

premature, as the parties are still at the beginning of the discovery process, and

accordingly, Defendants are still developing the facts upon which they intend to rely to

support their contentions. Subject to and without waiving this objection or the General

Objections, Defendants refer plaintiffs to Defendants' Memorandum of Law In Support

of Defendants' Motion to Dismiss the Consolidated Amended Complaint, dated

February 28, 2002, and incorporate by reference the facts set forth therein. Defendants

further state that additional information responsive to this interrogatory may develop as

discovery progresses and as Defendants continue their investigation of plaintiffs' claims.

### Interrogatory No. 34

Set forth all facts upon which Defendants intend to rely to support their
contention that: "This action may not properly be maintained as a class action." Answer
(Sixteenth Defense).

### Response to Interrogatory No. 34

Defendants object to Interrogatory No. 34 on the grounds that it is

premature, as class-related discovery is not complete. Plaintiffs still have not completed

their class-related document production, and Defendants have not yet deposed all of the proposed class representatives.  Accordingly, Defendants are still developing the facts on which they intend to rely in support of their contention that class certification is not proper.  Defendants also object to this interrogatory on the grounds that plaintiffs, not Defendants, have the burden of satisfying the prerequisites for class certification, and Defendants are not required to respond in any way to plaintiffs' class-related allegations.  Subject to and without waiving these objections or the General Objections, Defendants will provide information responsive to this interrogatory in their memorandum of law in opposition to plaintiffs' motion for class certification, in accordance with the schedule set forth in the Court's Order of March 22, 2005.

<u>Interrogatory No. 35</u>

        Identify all persons involved in preparing your responses to these Interrogatories and the responses to Plaintiffs' Document Requests.

<u>Response to Interrogatory No. 35</u>

Defendants object to Interrogatory No. 35 as overly broad and unduly burdensome, and also object to the interrogatory to the extent it calls for information subject to the attorney-client or work product privileges or other applicable privileges.

April 25, 2005

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was served this 25th day of April, 2005 via e-mail to Scott + Scott, LLC and Johnson & Perkinson and via first class mail to the following counsel of record:

| **Co-Lead Counsel** | **Liaison Counsel** |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Erin G. Comite, Esq.<br>Scott + Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Peter J. McDougall, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103-3202<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

|  | **Attorneys for Defendant Jay S. Walker**<br><br>J. Allen Maines, Esq.<br>Carl Mullis, III, Esq.<br>Summer B. Joseph, Esq.<br>Laura Berg, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA  30308<br>Tel:  404-815-2400<br>Fax:  404-815-2424<br><br>Douglas C. Conroy (ct11555)<br>Paul R. Dehmel (ct23063)<br>PAUL, HASTINGS, JANOFSKY &<br>WALKER, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Telephone:  203-961-7400<br>Fax:  203-359-3031 |
| **Attorneys for priceline.com, Inc.,<br>Richard S. Braddock, Daniel H.<br>Schulman and N.J. Nicholas, Jr.**<br><br>Joseph L. Clasen, Esq.<br>William J. Kelleher, III, Esq.<br>Robinson & Cole, LLP<br>Financial Centre<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT 06904-2305<br>Tel:  203-462-7500<br>Fax:  203-462-7599 | **Attorneys for Plaintiffs Twardy,<br>Weingarten, Berdakina, Mayer, Mazzo,<br>Fialkov, Licht, Bazag, Breirer, Farzam,<br>Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT  06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

James G. Hein, Jr.