UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : : : | |
| _____ | : : | **MASTER FILE NO. 3:00CV01844(DJS)** |
| This document relates to: | : : | **September 15, 2005** |
| ALL ACTIONS | : : | |

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**
**FROM DELOITTE & TOUCHE, LLP**


**SCOTT + SCOTT, LLC**
David R. Scott
Geoffrey M. Johnson
Erin Green Comite
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017

**Co-Lead Counsel**

On June 13, 2005, this Court granted, in part, Plaintiffs' Motion to Compel the

Production of Documents from Deloitte & Touche, LLP ("Deloitte").  Pursuant to that

Order, third-party Deloitte was ordered to produce documents requested by Plaintiffs on

or before July 18, 2005.[1]   The Court also found that Deloitte had not waived its right to

assert the attorney–client privilege or attorney work product objections, but stated that

"these objections must be sustained by a privilege log meeting the requirements of Rule

37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut."

Deloitte produced approximately six boxes of documents for Plaintiffs' inspection

on July 18, 2005 and Plaintiffs have agreed to allow a rolling production of additional

responsive documents.  Deloitte provided the Priceline Defendants an opportunity to

review Deloitte's production prior to Plaintiffs' review and Defendants removed

numerous documents from Deloitte's production, replacing the withheld documents with

a green sheet of paper indicating that a document had been removed.  As of the date of

the filing of this Motion, neither Deloitte, Defendant Walker nor the Priceline Defendants

have provided Plaintiffs with a privilege log for these withheld documents.  *See* Affidavit

of Peter J. McDougall in Support of Plaintiffs' Second Motion to Compel Discovery from

Deloitte & Touche, LLP, ("McDougall Declaration") attached hereto as Exhibit A.

Deloitte should be ordered to immediately produce the improperly withheld documents.

## I.     Background Facts

### A.     The Complaint

Plaintiffs' First Motion to Compel Discovery from Deloitte contains a detailed

discussion of the facts contained in the Consolidated Amended Complaint ("Complaint").

---

[1]  The Court limited the relevant time period in Plaintiffs' subpoena to the period of March 1, 1999 through
April 1, 2001.

The Court is already familiar with the facts in this matter.   In essence, the Complaint

alleges an egregious accounting fraud which touched on multiple aspects of Priceline's

reported financials and grossly inflated the price of Priceline stock.  This was

accomplished, at least in part, through the necessary participation of Deloitte. The

*Complaint* alleges that Defendants' accounting treatment represented a wholesale

departure from acceptable and expected accounting practices which resulted in the

artificial inflation of Priceline stock and consequent harm to Priceline investors.

Unbeknownst to the public, during the Class Period, material portions of Priceline's

financial statements were unsupported by any credible evidence while, at the same time,

Plaintiffs allege, all the available evidence contradicted the treatment publicly asserted

for the most material item in Priceline's financial statements: the WebHouse warrants

recognized as $189 million in income, and constituting forty-two percent (42%) of

Priceline's reported assets.

        B.      *Procedural History*

      The Complaint in this case named Deloitte as a Defendant, and Deloitte

successfully moved to dismiss the Complaint.   The Court granted Deloitte's motion to

dismiss based on a finding that Plaintiffs failed to adequately allege Deloitte's scienter.

While Defendants Priceline and its named officers and directors (Braddock, Schulman,

Walker and Nicholas) also moved to dismiss Plaintiffs' claims, the Court sustained the

claims brought against those Defendants under Sections 10(b) and 20(a) of the Securities

Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a).  With respect to the claims dismissed

(*i.e.,* the claims for relief against Deloitte), the Court dismissed these claims without

prejudice.

On November 2, 2004, the Court issued a scheduling order stating that factual discovery in this case could begin on November 15, 2004. Plaintiffs served their subpoena on Deloitte on November 23, 2004. Deloitte objected to the subpoena on numerous grounds and after multiple attempts to resolve the dispute, Plaintiffs were forced to file a Motion Compel the Production of Documents from Deloitte. On June 13, 2005, this Court issued an order granting in part Plaintiffs' Motion to Compel and required Deloitte to produce the requested documents on or before July 18, 2005.

On July 18, 2005, Deloitte produced approximately six boxes of documents to Plaintiffs for inspection at Deloitte's counsel's offices in New York. During Plaintiffs' review of these materials, Plaintiffs' counsel questioned Deloitte's counsel regarding the documents withheld from the production at the request of the Priceline Defendants. Deloitte's counsel stated that the Priceline Defendants' counsel had reviewed the documents and asked that certain documents be withheld. Plaintiffs voiced their position that such withholding is improper and informed counsel for Deloitte that the present Motion was likely necessary to resolve this matter. *See* McDougall Declaration at ¶ 5. Deloitte has never attempted to justify its failure to produce the documents at issue other than to claim that the Defendants in this action have requested that the documents not be produced.

## II.    Documents Have Been Improperly Withheld From Deloitte's Production

Numerous documents have been improperly withheld from Deloitte's production in response to Plaintiffs' third-party subpoena. Plaintiffs' believe that the withholding of these documents is improper for two main reasons. First, any claim of privilege or work-product protection must be deemed waived as the privilege or work-product protection

has not been asserted properly, or even at all.  Second, even if the protections had been

properly asserted, the withheld documents are not entitled to any protections as no

privilege or work-product protections exist with respect to documents Defendants have

shared with third parties and Defendants lack standing to assert any such privileges with

respect to documents in the possession of Deloitte.

A.  **No Privilege has Been Properly Asserted for the Withheld Documents**

It is well established law that a failure to comply with the Federal and Local Rules

and sufficiently object to production of documents called for in a subpoena by producing

a privilege log results in the waiver of any otherwise applicable privileges.  The First

Circuit, in *In re Grand Jury Subpoena*, 274 F.3d 563 (1st Cir. 2001), discussed the

language of Fed. R. Civ. P. 45(d)(2), stating:

> The operative language is mandatory and, although the rule
> does not spell out the sufficiency requirement in detail,
> courts consistently have held that the rule requires a party
> resisting disclosure to produce a privilege log.

*Grand Jury Subpoena*, 274 F.3d at 575; *see also Bregman v. Dist. of Columbia,* 182

F.R.D. 352, 363 (D.D.C. 1998); *First American Corp. v. Al-Nahyan,* 2 F. Supp. 2d 58, 63

n. 5 (D.D.C. 1988); *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 1 (D.D.C. 1999)

(describing privilege logs as "the universally accepted means" of asserting privilege

claims in the federal courts).  Neither Deloitte nor Priceline has provided Plaintiffs with

any basis for the assertion of any privilege with respect to these documents and no

privilege log has been produced to identify which documents have been withheld or any

justification(s) for such removal.  The consequence of Deloitte's failure to produce a

privilege log is clear:  "[a] party that fails to submit a privilege log is deemed to waive the

underlying privilege claim." *Grand Jury Subpoena,* 274 F.3d at 576.  This waiver applies

to documents which otherwise would have been privileged under both the attorney-client

and work-product privileges and any privileges Deloitte or Defendants may have claimed

must now be deemed waived for failure to adequately support such claims.

Furthermore, in ruling on Plaintiffs' First Motion to Compel Discovery from

Deloitte, this Court specifically found that "Deloitte had not waived its right to assert the

attorney-client privilege or attorney work product objection" but stated that "these

objections must be substantiated by a privilege log meeting the requirements of Rule

37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut."  June 13,

2005 Order at p. 3.  Deloitte has failed to comply with this requirement and must now be

deemed to have waived the ability to assert any privilege or work-product protection as to

the withheld documents.

The situation now presented to the Court is significantly different than the

arguments asserting that Deloitte had waived its ability to assert a privilege and/or work

product protection raised in Plaintiffs' First Motion to Compel.  In Plaintiffs' First

Motion to Compel, Plaintiffs' argued that because the letter Plaintiffs received from

Deloitte in response to Plaintiffs' subpoena did not sufficiently articulate or identify any

specific assertions of privilege or work-product protection, Deloitte had waived the

ability to assert any privileges.  Doc. #150 at p.10-12.  At that time, Deloitte objected to

the production of any documents in response to Plaintiffs subpoena, arguing, among other

things, that the stay of discovery during the pendency of a motion to dismiss imposed by

the Private Securities Litigation Reform Act of 1995 was applicable, thus preventing

Plaintiffs from seeking any discovery from Deloitte.  Here, Deloitte has already made a

production of documents and has withheld specific documents from that production

without providing a privilege log.  Thus, Deloitte has violated Fed.R.Civ. P. 37,

Connecticut Local Rule 37(a)1 and this Court's June 13, 2005 Order compelling

production in response to Plaintiffs' subpoena.  Deloitte's failure to comply with the

Federal and Local Rules and this Court's specific instructions to provide a privilege log

must be deemed a waiver of their ability to assert any privileges.

B.  **Defendants Do Not Have Standing To Assert a Privilege or Work-Product Protection for Documents Produced by Deloitte.**

Deloitte's counsel indicated during discussions regarding the withheld documents

that the Priceline Defendants had requested that these documents be withheld.  However,

the Defendants do not have standing to assert privileges or work product-protection as to

documents held by Deloitte.  Parties are only able to assert their own privilege, not those

belonging to others.  *See In re Grand Jury Proceedings* (FMC), 604 F.2d 798, 801 (3rd

Cir. 1979) (the attorney-client privilege belongs solely to the client, though the client may

direct its attorney to assert its privilege.)  As the Third Circuit noted:

> Natural persons may appear in court, either by themselves or by
> their attorney.  But no man has a right to appear as the attorney of
> another, without the authority of that other.

*Simbraw, Inc. v. U.S.,* 367 F.2d 373, 374 (3rd Cir. 1966).

The courts have consistently held in instances such as this that the objecting party

has no standing to object to, or halt, the production of the documents requested from

and/or produced by another.  *See, e.g., Kessel v. Cook County,* 2002 WL 398506 (N.D.

Ill. May 14, 2002) (plaintiffs do not have standing to withhold documents subpoenaed by

defendants from a non-party based on claims of relevancy) (citing Wright & Miller,

Federal Practice and Procedure:  Civil 2nd § 2459 (1995) ("Ordinarily a party has no

standing to seek to quash a subpoena issued to someone who is not a party to the action

unless the party has some personal right or privilege with regard to the documents

sought."); *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 459-60 (S.D. Iowa 1996)

(defendants' objections to subpoena overruled because it had asserted no personal right or

privilege with respect to the documents subpoenaed).  Furthermore, even if Defendants

could assert a privilege or work-product protection for documents produced by Deloitte,

as discussed above, the failure to produce a log substantiating such an assertion is fatal to

their attempt to assert it.  *See Grand Jury Subpoena*, 274 F.3d at 575.

Additionally, it is clear that any attempt to assert protection for any documents

produced by Deloitte would be an improper assertion of such protections.  Although

Plaintiffs can only speculate as to the privileges or work-product protections Deloitte or

the Defendants base the withholding of documents on, it is a fair assumption that Deloitte

and/or the Defendants are seeking protection for the withheld documents under the

attorney-client privilege or the work-product doctrine.  The fact that these documents are

in the possession of a third-party dictates that the protections sought are necessarily

waived.

Disclosure of attorney-client documents to someone other than the attorney and

her client destroys the attorney-client privilege and precludes it from applying to such

documents.  *ECDC Environmental, L.C. v. New York Marine and General,* No. 96 CIV.

6033, 1998 WL 614478 (S.D.N.Y. June 4, 1998) ("Voluntary disclosure to a party

outside the privilege destroys the attorney-client privilege because it destroys the

confidentiality of the communication.") (citing *In re von Bulow,* 828 F.2d 94, 102-03 (2d

Cir.1987)); *U.S. v. Ackert*  169 F.3d 136, 140 (2d. Cir. 1999) (unless third party is present

as translator, privilege is destroyed).  Furthermore, the attorney-client privilege "does not extend to communications between a company and its accountants or auditors."  *In re Honeywell International, Inc. Securities Litigation*, No. M8-85 WHP, 2003 WL 22722961 at * 3 (S.D.N.Y., Nov. 18, 2003).

Similarly, any attempt by Defendants to invoke work-product protection must also fail as such a protection must be deemed waived due to the disclosure of these documents to Deloitte, which greatly increases the likelihood of disclosure to an adversary.  *See In re Steinhardt Partners, L.P.,* 9 F.3d 230, 234-35 (2d Cir.1993) ("Disclosure of material protected by the work-product doctrine, however, results in a waiver of the protection afforded by that doctrine only when the disclosure is to an adversary or materially increases the likelihood of disclosure to an adversary.") (internal citation omitted); *In re Crazy Eddie Sec. Litig.,* 131 F.R.D. 374, 379 (E.D.N.Y.1990) ("[T]he [work-product] privilege protects information 'against opposing parties, rather than against all others outside a particular confidential relationship.' ... Counsel may therefore share work product ... with those having similar interests in fully preparing litigation against a common adversary.").

Moreover, it is difficult to conceive how any documents received by Deloitte from Priceline could reasonably be deemed to be in preparation of litigation.  *See U.S. v. United Technologies Corp.*,  979 F.Supp. 108, 115 (D.Conn.1997) (no work product privilege where "[t]he primary purpose of these documents was not to prepare for litigation; the primary purpose was to decide whether or not to go through with a multimillion dollar transaction.").  Given Deloitte's position as Priceline's auditor, any documents given to Deloitte by Priceline must necessarily be deemed to be for the

purpose of Deloitte's auditing function.  Thus, even if Priceline had standing to assert a

privilege for documents produced by Deloitte, and even if such assertion of privilege was

accompanied by a privilege log in compliance with the Federal and Local Rules, such

documents should not be afforded the protections as any possible privilege or work-

product protection must be deemed to be waived.[2]

## III.    CONCLUSION

Plaintiffs respectfully request that this honorable Court enter an order requiring

Deloitte to produce all documents responsive to the Plaintiff's Subpoena served on

Deloitte in this action, including documents improperly withheld based on an unasserted

privilege or work-product protection.

Dated: September 15, 2005

<br>

Respectfully submitted,

___/s/ Erin Green Comite_____
SCOTT + SCOTT, LLC
David R. Scott (ct16080)
Erin Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

SCOTT + SCOTT, LLC
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone:  (440) 247-8200
Facsimile:  (440) 247-8275

---

[2] Plaintiffs reserve the right to submit further challenges to Deloitte's efforts to withhold documents based
on any asserted privilege, but, in light of Deloitte's failure to provide any description or detail with respect
to the documents withheld, Plaintiffs are precluded as a practical matter from making further arguments for
the Court's consideration at this time.

11

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 537-4432

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**Co-Lead Counsel**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2005, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail.

   /s/ Erin Green Comite_____

Erin Green Comite

## SERVICE LIST

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Albert M. Myers
Carl Mullis
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E. 24th Floor
Atlanta, GA 30308

Joseph L. Clasen
William Kelleher
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eight Avenue
New York, NY 10019

Douglas C. Conroy
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Floor
Stamford, CT 06901