# Exhibit C

Case 3:00-cv-01884-AVC     Document 212-5     Filed 09/22/2005     Page 1 of 4



Not Reported in F.Supp.2d
2004 WL 2445243 (N.D.Cal.)
**(Cite as: 2004 WL 2445243 (N.D.Cal.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
In re VERISIGN, INC. SECURITIES LITIGATION
No. C 02-02270 JW.

March 10, 2004.

Alfred Glenn Yates, Jr., Law Office of Alfred G. Yates Jr, P.C, Pittsburgh, PA, Andrew M. Schatz, Schatz & Nobel, Hartford, CT, Bernard M. Gross, Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., Philadelphia, PA, Darren J. Robbins, William S. Lerach, Lerach Coughlin Stoia, Geller Rudman & Robbins LLP, San Diego, CA, Mark S. Willis, Steven J. Toll, Joshua Seth Devore, Adam T. Savett, Lisa M. Mezzetti, Cohen Milstein Hausfeld & Toll PLLC, Washington, DC, Nancy A. Kulesa, Schatz & Nobel, P.C., Hartford, CT, Randi D. Bandman, Shirley H. Huang, Jeffrey W. Lawrence, Lerach Coughlin Stoia & Robbins LLP, Christopher T. Heffelfinger, Berman Devalerio Pease & Tabacco, P.C., San Francisco, CA, Marc L. Godino, Braun Law Group, P.C., Los Angeles, CA, for Plaintiff.

David Malcolm Furbush, Meredith N. Landy, O'Melveny & Myers LLP, Menlo Park, CA, Dhaivat H. Shah, Ioana Petrou, Lori E. Romley, Jessica Anne Hoogs, Noah Daniel Boyens, O'Melveny & Myers LLP, San Francisco, CA, Amy Freeman, Mark Wayne Robertson, O'Melveny & Myers, Los Angeles, CA, for Defendant.

Simon Bahne Paris, Spector, Roseman & Kodroff, P.C., Philadelphia, PA, Dennis J. Herman, Patrick J. Coughlin, Shana Eve Scarlett, Lerach Coughlin Stoia & Robbins LLP, San Francisco, CA, for Movant.

ORDER DENYING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, RE: ELECTRONIC FORM PRODUCTION AND SUPPLEMENTAL INTERROGATORIES

WARE, J.

**\*1** This Document Relates to: ALL ACTIONS

I. INTRODUCTION AND BACKGROUND

This is a class action securities case against Defendants Verisign, Inc., and its officers (collectively "Defendants"). On February 3, 2004, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on two of Plaintiffs' motions: (1) to compel Defendants to timely produce responsive documents and supplement responses to Plaintiffs' First Set of Interrogatories and (2) to compel Defendants to produce all electronic evidence in electronic form. Judge Trumbull granted Plaintiffs' motions and ordered Defendants to produce certain documents in electronic form by March 15, 2004 and to supplement responses to Plaintiffs' interrogatories (Nos. 1 & 2). In particular, Judge Trumbull's February 5, 2004 Order directed Defendants to produce responsive documents in electronic form and directed the parties to meet and confer about how to proceed with the production process. The order further states that "[p]roduction of TIFF version alone is not sufficient," and that "[t]he electronic version must include metadata as well as be searchable."

On February 23, 2003, Defendants filed objections to the Court's discovery orders and a separate motion for clarification of the same orders. Defendants first object to the Court's electronic format order arguing that the Federal Rules of Civil Procedure do not require them to produce documents in electronic form. In addition, Defendants sought clarification of whether the order required them to produce the documents in their original ".pst" format or in a different format. Defendants argue that requiring them to produce hundreds of thousands of documents in their native .pst format is contrary to law and clearly erroneous. They contend that they have been preparing to produce documents in TIFF format and converting them back to .pst format would be too burdensome. Finally, Defendants argue that the Court's order requiring them to supplement their interrogatory responses is contrary to Fed.R.Civ.P. 26(c) because they would be required to produce wholly irrelevant material.

On March 4, 2003, the Court issued another order clarifying its electronic format order and declining to clarify its order compelling supplemental interrogatory responses. The order makes it clear that "Defendants shall produce to Plaintiffs a copy of the responsive electronic data in the original format, as it

was kept in the usual course of business." Based on this statement, it is the Court's understanding that Defendants are required to produce responsive electronic documents in their native .pst format if that is how they were stored in Defendants' usual course of business. The clarification order also declined to extend the March 15, 2004 production deadline. Presently before the Court is Defendants objections to the original discovery orders.

## II. STANDARDS

A party may object to any non-dispositive discovery order of a United States Magistrate Judge within 10 days of service of the order. Fed.R.Civ.P. 72(a). The district judge will uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal.1999). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *Id.; Joiner v. Hercules, Inc.,* 169 F.R.D. 695, 697 (S.D.Ga.1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Computer Economics, Inc.,* 50 F.Supp.2d at 983 (*quoting Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997)). The "contrary to law" standard, however, permits independent review of purely legal determinations by the magistrate judge. *Id.; Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992) ("The phrase 'contrary to law' indicates plenary review as to matters of law.").

## III. DISCUSSION

*2 The Court will first address Defendants' objection to the Court's order compelling them to supplement their interrogatory responses. The interrogatories in question, Plaintiffs' First Set of Interrogatories Nos. 1 & 2, seek information regarding VeriSign's reciprocal, barter and investment transactions between 1999 and 2002. Defendants claim that supplementing their initial interrogatory responses will improperly expand the scope of discovery beyond the relevant class time period. They further claim that "[r]eciprocal or investee transactions that occurred in 1999, long before the beginning of the alleged scheme, *could* have nothing to do with the subject matter of this action." *See* Defendants' Objections, p. 10 (emphasis added). Defendants argue that the Court's order is contrary to Rule 26(b) because, without good cause, it may not order the disclosure of information that is relevant only to the subject matter of the action. *Id.* Rule 26(a) states that "[f]or good cause, the court may order discovery relevant to the subject matter involved in the action."

The Court does not find that its order compelling supplemental interrogatory responses is contrary to law. Rule 26(a) permits the discovery of all information that is relevant to any claim or defense, and the Court did not clearly err in determining that the requested information is relevant to one or more of Plaintiffs' claims. The information requested in the interrogatories, at a minimum, relates to VeriSign's March 19, 2002 Form 10-K disclosures that are relevant to Plaintiffs' claim that Defendants misled investors during the relevant class period between January 25, 2001 and April 25, 2002. As such, Defendants' objection to the Court's order compelling supplemental interrogatory responses is denied.

Defendants also object to the Court's order directing them to produce responsive electronic documents in their native format. Defendants claim that such an order is contrary to law and clearly erroneous. First, the Court finds that such a request is not contrary to law. Fed.R.Civ.P. 34 clearly anticipates that a defendant may be directed to produce electronic documents in electronic format:

> Any party may serve on any other party a request (1) to produce and permit the party making the request ... to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonerecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form) ..."
> ...
> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Fed.R.Civ.P. 34(a) & (c) (emphasis added). In addition, the Rule 34 committee notes state that the rule "applies to electronic data compilations from which information can be obtained only with the use of detection devices," and "if the discovering party needs to check the electronic source itself, the court may protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs." Fed.R.Civ.P. 34(a) (Advisory Committee Notes, 1970 Amendment). Given these excerpts, the Court is convinced that requiring the production of documents in electronic format is not contrary to law. In contrast, the Court's order is well

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 2445243 (N.D.Cal.)  
**(Cite as: 2004 WL 2445243 (N.D.Cal.))**

Page 3

supported by the Federal Rules.

***3** Defendants also argue that it is clearly erroneous to require the production of documents in their original .pst format because producing them in that format, with corresponding bates numbers and privilege redactions, will be overly burdensome and prejudicial. Defendants contend that they have been preparing to produce the responsive documents in TIFF format, and converting them back to .pst format will be extremely time consuming and expensive.

The level of burden associated with producing documents is a question of fact, and a magistrate judge's determination of that burden is reviewed by this Court under the clearly erroneous standard. Under that standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Computer Economics, Inc., 50 F.Supp.2d at 983 (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997)). At this time, the Court is not left with the definite and firm conviction that a mistake has been made. The Magistrate Judge apparently believed that Defendants could produce all the responsive documents by the March 15 deadline. This expectation is reasonable given that the documents need only be produced in their native format, i.e., in the format that they were stored during Defendants' usual course of business. The Court understands that it may be difficult for Defendants to incorporate their redactions and bates numbers into the .pst format, but it is not convinced that the responsive documents are so replete with privilege redactions that such as task would transcend all reasonableness. Defendants have been on notice of the document requests since August 4, 2003, and they cannot now argue that a series of recent Court orders, prompted by their own noncompliance, are solely at fault for their now inconvenient predicament.

IV. CONCLUSION

For the reasons stated above, Defendants' objections to the Magistrate Judge's discovery orders are DENIED.

2004 WL 2445243 (N.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

• 5:02CV02270 (Docket) (May. 09, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.