# Exhibit H

Case 3:00-cv-01884-AVC    Document 212-18    Filed 09/22/2005    Page 1 of 5

# ROBINSON & COLE LLP

JOSEPH L. CLASEN

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
jclasen@rc.com
Direct (203) 462-7510

**Via Facsimile and First Class Mail**

July 19, 2005

Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

David S. Scott, Esq.
Erin G. Comite, Esq.
Scott + Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

   Re: In re Priceline.com Securities Litigation
      Master File No. 3:00cv1884 (DJS)

Dear David, Erin and Jake:

  We appreciate the courtesy of your accommodations with respect to the scheduling of the 30(b)(6) deposition that will take place tomorrow in our Hartford office at 10:00 a.m.

  In accordance with the Court's order that the parties confer about electronic material, we have prepared the following overview of what priceline did to preserve electronic material relevant to this litigation and what electronic material we believe is available.

  During a number of our discussions, we have mentioned the "snapshot" of electronic material that was taken for this litigation. The snapshot warrants some explanation and provides a good starting point for this overview.

  What we refer to as the "snapshot" is the equivalent of a full back-up of all the material that existed on priceline's corporate file servers in February 2002 (the time



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
WHITE PLAINS
NEW YORK CITY
SARASOTA

www.rc.com

STAM1-794754-1

# ROBINSON & COLE LLP

July 19, 2005
Page 2

the snapshot was taken), reaching back to the beginning of the Company. Promptly following the commencement of this litigation in October 2000, priceline sent an e-mail notice to all of its employees instructing them to secure, preserve and retain relevant documents.[1] Because of the concern that the preservation of relevant electronic material on priceline's corporate file servers might become too unwieldy over time as the case proceeded and out of an abundance of caution for the preservation of relevant electronic material, priceline and its outside counsel determined to make a copy, in a usable format, of all of the electronic information on priceline's corporate file servers. The snapshot is that copy.

Our understanding is that it was the general Company practice that all electronic documents should be created and saved on the corporate file server and that no documents on the corporate file server should be deleted. With respect to electronic documents, therefore, our understanding is that the Company's preservation instruction did not effect any change to the status quo. Assuming that everyone at priceline created and preserved electronic materials on the corporate file servers in accordance with Company practice (and in accordance with the litigation retention policy beginning in October 2000), we believe that the snapshot contains every piece of electronic material created on the corporate file servers from priceline's inception until the date of the snapshot in February 2002.

Because WebHouse and Perfect Yardsale each utilized some of priceline's servers for a period of time following their respective launches, we believe that the snapshot also contains some WebHouse and Perfect Yardsale material.

We understand that there are approximately 475 gigabytes of material on the snapshot. A very conservative estimate, we are told, is that one gigabyte translates to approximately 50,000 pages. A less conservative, and more realistic estimate, is that one gigabyte translates to approximately 100,000 pages.

As described above, the snapshot contains the electronic material from priceline's corporate file servers. The next portion of this overview describes our understanding of what types of information are stored on priceline's various servers and how those servers are backed-up.

---

[1] Between the time of that e-mail notice and the present, additional retention notices were periodically sent to all of priceline's employees as reminders.



ROBINSON & COLE LLP

July 19, 2005
Page 3

      Priceline's electronic material is created and stored on three different types of servers: production database servers, which contain the raw transactional information of customer bids and offers; development servers, which contain quality-control and other "test" data; and corporate file servers, which contain e-mails, memoranda, letters and all other office-type documents. We do not believe that priceline's production database servers or development servers contain any information that is relevant to this litigation.

      Until mid-2000, those servers were manually backed-up onto tapes at various intervals. There were daily, monthly, quarterly and yearly back-ups, though not every server was necessarily backed-up according to the same schedule. Until this litigation was commenced, some of those back-up tapes were reused (and thus overwritten) and discarded in the ordinary course.

      In mid-2000, the Company moved to an automated back-up tape system. Under that system, the various servers are robotically backed-up onto tapes according to regular schedules, and sets of back-up tapes are rotated, reused and discarded according to regular schedules.

      Following the commencement of this litigation, no quarterly or yearly corporate file server back-up tapes were overwritten or destroyed. The Company also collected several hundred tapes that had been used in connection with the manual back-ups. Priceline believes that any of those tapes that backed-up the corporate file servers duplicate information captured by the snapshot and by other, more comprehensive back-up tapes, such as the quarterly or yearly tapes. (This is because a later back-up of a given server contains all of the information from an earlier back-up of the same server unless information existing on the server at the time of the earlier back-up is deleted from the server before the later back-up.) With the exception of approximately 200-300 back-up tapes that were discarded by a priceline Unix administrator, priceline believes that it has secured all of the manual back-up tapes that existed as of October 2000. Priceline believes that the discarded tapes were all database production server back-ups, which do not contain any information relevant to this litigation. In addition, we believe that the information contained on those tapes is captured on other back-up tapes that the Company has collected.



# ROBINSON & COLE LLP

July 19, 2005
Page 4

Electronic material for terminated employees from 2000-2001 was moved off the corporate file servers and onto back-up tapes before the snapshot. The Company has identified and collected those back-up tapes. The Company is also in possession of some WebHouse and Perfect Yardsale back-up tapes.

Sincerely,

Joseph L. Clasen
JLC/ta

cc: Via Facsimile and First Class Mail

    Daniel Slifkin, Esq.
    James G. Hein, Jr., Esq.
    Cravath, Swaine & Moore LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019

    Carl W. Mullis, Esq.
    Summer Joseph, Esq.
    Paul, Hastings, Janofsky & Walker LLP
    600 Peachtree Street, NE, 24th Floor
    Atlanta, GA 30308

