# Exhibit J

**JOHNSON & PERKINSON**
ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

ROBIN A. FREEMAN, JR.
ALSO ADMITTED TO OH*

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

August 8, 2005

**VIA FACSIMILE AND U.S. MAIL**
William Kelleher, Esq.
Robinson & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

James G. Hein, Jr., Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eight Avenue
New York, NY 10019

Re: *Priceline.com Securities Litigation*

Bill and Jim:

I write as follow-up to the meet and confer conference call on Thursday, August 4, in which we discussed the production of information stored in electronic form that is responsive to Plaintiffs' First and Second Set of Document Requests (the "requests").

As I stated on the call, we will soon be providing you with a draft of our position for the joint motion regarding your production of electronic data that the Court required in its April 6, 2005 Order. In that submission, we will request that all electronic data be produced in native file format. We believe that this is the most cost effective and efficient format for this production and that we are legally entitled to the production in this format. *See, e.g., In re Verisign, Inc. Sec. Litig.,* No. C 02-02270, 2004 WL 2445243 (N.D. Cal., March 10, 2004). Additionally, we will ask the Court to set a deadline, in the not too distant future, for the completion of this production. My attempt to discuss the deadline on our conference call was unproductive as you were unable to provide me with a date on which you would begin producing documents, nor could you provide me with a date that you thought was reasonable for completing the production. As you have confirmed that the information on this snap-shot is "accessible" and that you will not be seeking the cost-shifting discussed in Defendants' April 5, 2005 Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery, we do not understand what the delay has been in producing the information contained on the snap-shot.

## JOHNSON & PERKINSON
ATTORNEYS AT LAW

William Kelleher, Esq.
James Hein, Esq.
August 8, 2005
Page 2

### Snap-shot Electronic Mail

You stated during the meet and confer that early this week you will provide us with a list of the employees whose email files you will search for responsive data in order to provide us with an opportunity to comment on the breadth of that search. Please provide us this list as soon as possible.

### Snap-shot Non-Email Electronic Data

With regard to non-e-mail information stored on the snap-shot, you proposed that we provide you with search terms to search this category of electronic data. At this point, we do not agree to such an approach because we have little understanding of the parameters of the snap-shot and believe that Defendants bear the burden of searching for information on the snap-shot that is responsive to our discovery requests just as respective parties bear the burden of searching for responsive materials in paper form. We do not foreclose the possibility that we might discuss with you the search, however we would need some sort of categorical description of the snap-shot (as we repeatedly have requested) to foster a productive discussion.

### Terminated Employees Back-up Tapes

Joe Classen's July 19 letter indicates that electronic material for employees terminated during the 2000-2001 timeframe was moved off the corporate file servers and onto back-up tapes before the snap-shot. Patrick Brown, Priceline.com's witness designated to testify regarding Priceline.com's computer system, testified to the contrary – that terminated employees' electronic data would likely be included in the snap-shot. Brown Tr. at p. 194-195. During the meet and confer you stated that materials from terminated employees might be on a type of back-up system, but that you thought such materials were in an accessible format that was similar to the snap-shot and would not require the restoration process that is often associated with back-up tapes. Please clarify whether electronic data of terminated employees exists on the snap-shot, in another accessible format or if they are on "inaccessible" back-up tapes. To the extent that this material resides on back-up tapes, please provide us with an inventory indicating which terminated employees' data was removed to these back-up tapes so that we can determine whose files should be searched.

## JOHNSON & PERKINSON
ATTORNEYS AT LAW

William Kelleher, Esq.
James Hein, Esq.
August 8, 2005
Page 3


### WebHouse/Perfect Yardsale Back-up Tapes

The July 19 letter also references that Priceline.com is in possession of certain WebHouse and Perfect Yardsale back-up tapes and you indicated during the conference call that these tapes are not accessible. To the extent that these tapes contain information responsive to our discovery requests, it is our position that these tapes need to be restored and that responsive material must be produced to us in their native file format. Please provide us with the number of tapes at issue and a copy of the labels on each of these tapes so that we can discuss with you which tapes are likely to contain responsive materials and thus would need to be restored.

Please provide the additional information, which was discussed on the conference call and is referenced in this letter. Additionally, I would like to arrange another conference call on or before Friday, August 12 to complete our discussions on these issues, to finalize the joint submission required by the Court's April 6, 2005 Order and/or to determine whether Plaintiffs will simply file a motion to compel documents that the Court has already ordered produced. Please call or e-mail me to inform me of times that you are available for this call and I will make arrangements to set up a call-in number.

Sincerely,

Peter J. McDougall


cc: Jacob B. Perkinson, Esq.
David Scott, Esq.
Geoff Johnson, Esq.
Erin Comite, Esq.