# Exhibit L

# JOHNSON & PERKINSON
### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

ROBIN A. FRUHMAN, JR.
ALSO ADMITTED TO OH*

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. McDOUGALL
ALSO ADMITTED TO MA

August 15, 2005

<u>Via Facsimile and U.S. Mail</u>
James G. Hein, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

  Re: <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Jim:

  We have received your August 11, 2005 letter setting forth the Priceline Defendants' position on the electronic document issues. Your letter was helpful and we now believe that the parties are close to resolving the issues relating to the "snapshot" of the Priceline corporate server and the backup tapes for departed employees. In response to your letter, we have set forth our position on the snapshot and the backup tapes for departed employees below. We have also included our position on the WebHouse and Perfect Yard Sale backup tapes – the third category of electronic documents we discussed during the call. It appears that we will have to agree to disagree on the WebHouse and Perfect Yard Sale backup tapes.

1. <u>The Snapshot of the Corporate Server</u>

  a. <u>Emails on Snapshot</u>

  In your letter, you offer to search individual email files contained on the snapshot and produce all non-privileged, responsive emails contained in those files. You have provided a list of 50 individuals you plan to search and have invited us to offer additional names. We will agree to this approach with the understanding that you will:

- Search the complete email files for the 50 individuals listed on your Attachment A and produce all non-privileged, responsive materials contained in those files;

JOHNSON & PERKINSON
ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 2

- Search the files of the additional individuals we have listed on the Supplemental Attachment, which we have included along with this letter and produce all non-privileged, responsive materials contained in those files;

- Agree that the parties can supplement the list with additional names at any time before the discovery cut-off in the event that any party has a good faith basis to believe that a search of the additional e-mail files will result in the production of responsive information;

- Agree that you will not seek cost-shifting in connection with this search, or any supplemental email search of the snapshot;

- Agree to preserve the materials in their native format so that they will be available in this format, if needed, in the future; and

- Provide a complete list of all e-mail accounts on the snapshot.

    b.  Remainder of Snapshot

Next, you address the remainder of the data contained on the snapshot. Here, you propose that Plaintiffs provide you with search terms, which you will then use to search the snapshot. Plaintiffs believe that the Defendants have a better understanding of the type of information that is on the snapshot, how the information was stored on the snapshot and how the search of this information will be conducted. Thus, consistent with Defendants' burden to search for and produce information responsive to Plaintiffs' discovery requests, Plaintiffs submit that it is Defendants who should compile the initial list of search terms. As is the case with the e-mails on the snapshot, Plaintiffs will review your list of search terms and will likely send you a revised or supplemental list. We will agree to this approach as a preliminary matter again with the understanding that you will:

- Search the complete snapshot using the search terms and produce any non-privileged, responsive materials;

- Agree that the parties can supplement the list with additional search terms at any time before the discovery cut-off in the event that any party has a good faith basis to believe that additional search terms will result in the production of responsive information;

JOHNSON & PERKINSON
ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 3

- Agree to preserve the materials in their native format so that they will be available in this format, if needed, in the future; and

- Agree that you will not seek cost-shifting in connection with this search, or any supplemental search.

Plaintiffs agree to this approach only as a means of attempting to reach a compromise. If it appears that this method is leaving out relevant materials, we reserve the right to revisit this process and request a different procedure.

In your letter, you also stated that you "are willing to provide [Plaintiffs] with a spreadsheet that shows, in technical terms, the contents of the snapshot and the quantity of electronic material contained on it." You go on to state that you "will only provide the spreadsheet . . . if [Plaintiffs] expressly agree in writing that such production will not constitute a waiver of any applicable privilege with respect to any other document or communication or with respect to the subject matter of the spreadsheet itself." We agree that, by producing the spreadsheet, you are not waiving any applicable privilege. We look forward to receiving this spreadsheet in the near future.

You also state in your letter that you will produce emails and other documents from the snapshot in TIFF format. That is fine provided Defendants also produce a corresponding text file of the material produced from the snapshot. Additionally, Plaintiffs may find the TIFF format unworkable if it results in a degradation of the information otherwise available in native format. Defendants must agree to preserve the documents in their native format so that they will be available in this format, if needed, in the future.

Finally, we think it makes sense to agree on a time-table for producing electronic documents. We propose that you produce all non-privileged, responsive emails for the 50 individuals listed on your Attachment A and the additional individuals listed on the Supplemental Attachment by September 16, 2005. With respect to the search terms, we propose that you provide us with your list of proposed search terms on or before August 19, 2005. We will provide you with our revisions and/or additions by August 26, 2005. We propose that you produce all non-privileged, responsive materials that are picked up by the search terms on or before September 23, 2005. If additional names and/or search terms are provided, materials found to be responsive after a search of the additional names and/or search terms should be produced within 30 days of the date when the names and/or search terms are provided.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 4

2.  **The Backup Tapes for Departed Employees**

Your proposal on the backup tapes for departed employees is identical to your proposal for the snapshot. You offer to search individual email files for those individuals who are specifically identified and you propose that Plaintiffs provide you with a list of search terms for the remainder of the electronic data of the departed employee backup tapes. We will agree to this approach so long as you agree to the same conditions that we set forth above on the snapshot. With respect to emails, you must agree to search the files of the 50 individuals on Attachment A (to the extent that these individuals have files on the ex-employee backup tapes), the individuals listed on the Supplemental Attachment, and you must agree that the parties can supplement the list at any time before the discovery cut-off. Additionally, you must provide us with a list of all e-mail accounts contained on these backup tapes.

With respect to the remainder of the departed employee backup tapes, you must agree to provide Plaintiffs with a list of proposed search terms which Plaintiffs will revise and/or supplement. Defendants will search the entire backup tape using the above mentioned search terms and must agree to do additional searches, if any, before the discovery cut-off. Again, the documents must also be preserved in their native format. Finally, we propose the same time-table for producing electronic documents from the departed employee backup tapes that we propose for the snapshot.

3.  **The WebHouse and Perfect Yard Sale Backup Tapes**

It appears that we will have to seek guidance from the Court on the WebHouse and Perfect Yard Sale backup tapes – tapes that are likely to contain responsive information and documents. We believe that the quickest and most cost efficient way to handle these tapes is for you to restore these tapes to their native format and then for you to produce the restored tapes in their entirety. To protect any privileged information on the tapes, we would agree to allow you to designate any information contained on the tapes as attorney-client privilege after the fact. This is commonly referred to as a "claw-back" agreement and it has been used in several recent cases when backup tapes are difficulty and costly to restore to a searchable format. *See, e.g., Zubulake v. UBS Warburg, LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003) ("Zubulake III") ("Indeed, many parties to documents-intensive litigation enter into so-called 'claw-back' agreements that allow parties to forgo privilege review altogether in favor of an agreement to return inadvertently produced privileged documents."). Please let us know if you agree to this approach at your earliest convenience. If we cannot come to terms on the WebHouse and Perfect Yard Sale backup tapes, we need to get our joint memorandum on file with the Court as soon as possible.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 5

      In an attempt to reach agreement on these issues, I would like to schedule a meet and confer for Wednesday, August 17 or Thursday, August 18. Please let me know of your availability on these dates.

Sincerely yours,

*Peter McDougall*

Peter J. McDougall

cc: William J. Kelleher, III Esq.
    Jacob B. Perkinson, Esq.
    David R. Scott, Esq.
    Geoffrey M. Johnson, Esq.
    Erin G. Comite, Esq.

## SUPPLEMENTAL LIST FOR E-MAIL SEARCH

| | | | |
|---|---|---|---|
| Amit | Aggarwal | Alex | Iglesias |
| Angela | Alves-Lagarino | Doborah | Iorio |
| Hossein | Aminian | Jean | Japinga |
| Frances | Antolino | John | Kaufman |
| Kelli | Beougher | Kevin | Kells |
| Susan | Brett | Jean | Kim |
| Jacqueline | Brini | Kristin | Knous |
| Lynn | Brown | Julianna | Kopa |
| Brad | Burmaster | Jonathan | LaNasa |
| Carol | Caruso | David | Larimer |
| Charles | Castaneda | Stella | Lin |
| Peggy | Cheyne | Mark | McEnroe |
| Michael | Coleman | Eric | Meisner |
| Michael | D'Antonio | Gideon | Menczel |
| Hasan | Dewan | Bill | Murphy |
| Ryan | Donohew | Patrick | Nee |
| Marissa | Dore | Ben | Ness |
| Lisa | Edwards | Robert | Padgett |
| Roberta | Farrell | John | Redcay |
| Christine | Fitzpatrick | Chris | Rising |
| Tony | Free | Art | Schulman |
| Tom | Gerard | Mark | Scozzafava |
| Craig | Gibson | Chris | Soder |
| Gary | Goldberg | Michael | Speaker |
| BJ | Greenspan | Andrew | Van Luchene |
| Martin | Grossfeld | Corey | Vezina |
| Keith | Guibault | Rob | Voss |
| Ray | Hamilton | Bridge | Whalen |
| Shirley | Harris | Robert | Wisse |
| Francis | Hata | John | Work |
| Michael | Herskovitz | Jonathan | Yee |
| Alan | Hibbell | | |