FILED

2005 OCT -6  P 4: 33

US DISTRICT COURT
HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | : | |
| | : | |
| ———————————————— | : | MASTER FILE NO.<br>3:00CV01884(DJS) |
| This document relates to: | : | |
| | : | October 6, 2005 |
| ALL ACTIONS | : | |
| | : | |

## PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs respectfully move this Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure for an order extending certain dates in the Court's November 2, 2004 Scheduling Order by nine months. The extension is necessary because the parties are less than six months away from the fact discovery cutoff under the current schedule and Defendants have not produced any electronic documents – *even though many of these documents have been fully accessible and reviewable throughout the entire discovery period*. Defendants' extensive delay has kept Plaintiffs from taking the bulk of the necessary fact depositions, which, under the current Scheduling Order, were scheduled to begin April 1, 2005. Defendants' delay has also cut into the time Plaintiffs will have to review and organize the electronic documents which are expected to comprise the vast majority of documentary evidence in this case.[1]

---

[1] Defendants have stated that they do not oppose a six- to nine-month extension to the dates in the Scheduling Order, so long as they get additional time to produce the electronic documents. Exhibits B and C to Declaration of Erin Green Comite ("Comite Decl."). Plaintiffs submit that further delay in producing the electronic documents is not appropriate for the reasons set forth in Plaintiffs' Motion to Compel Production of Electronic Documents. Doc. 212.

Thus, Plaintiffs request that the Court modify the dates in the current schedule as follows:

| Date | | Description |
|---|---|---|
| December 30, 2005 | – | Deadline for producing all documents responsive to the parties' outstanding document requests.[2] |
| September 30, 2006 | – | Date when Plaintiffs shall designate all experts and serve all expert reports, including damage analyses. |
| October 31, 2006 | – | Deadline for completing depositions of Plaintiffs' experts. |
| November 1, 2006 | – | Date when Defendants shall designate all experts and serve all expert reports, including damage analyses. |
| December 1, 2006 | – | Deadline for completing depositions of Defendants' experts. |
| December 31, 2006 | – | Date when discovery shall end. |
| February 1, 2007 | – | Date when dispositive motions shall be filed. Any opposition thereto shall be filed thirty (30) days from the date the motion was filed. Any reply thereto shall be filed twenty (20) days from the date the opposition was filed. |
| March 1, 2007 | – | Date when joint trial memorandum is due (or within thirty (30) days of the Court's decision on any dispositive motions). |

## **BACKGROUND**

Plaintiffs have filed this motion because Defendants have refused to produce electronic documents in a timely fashion. As set forth in detail in Plaintiffs' Motion to Compel Electronic Discovery (Doc. 212-1), the dispute regarding the electronic documents dates back to October 2004, the date when the parties first started discussing the proposed schedule following the Court's decision on the motion to dismiss. Declaration of Peter J. McDougall in Support of

---

[2] This is the same deadline that the Court initially set in the November 2, 2004 Scheduling Order. Plaintiffs submit that this deadline should not be altered. Defendants' extensive delay in producing the electronic documents is the reason Plaintiffs are seeking an extension to the other deadlines in the first place, something Plaintiffs would have preferred not to do. Moreover, many of the electronic documents are readily accessible and those that are not currently accessible can easily be restored. Accordingly, as set forth more fully in Plaintiffs' Motion to Compel the Production of Electronic Documents, Defendants should be ordered to produce the electronic documents by October 15, 2005.

Plaintiffs' Motion to Compel, ¶ 2 ("McDougall Decl.") (Doc. 212-10). During this October 2004 meet and confer, Plaintiffs inquired about the documents that were stored in electronic form. *Id.* Plaintiffs asked about these documents early in the discovery process because of the importance that these documents will play in this case. Defendants Priceline.com, Inc. ("Priceline"), N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively the "Priceline Defendants") responded that they had vast amounts of electronic data and would need to devote substantial resources to reviewing and producing these materials. *Id.*

Plaintiffs served their document requests on Defendants in November 2004 and, after giving Defendants a one-month extension to respond, received Defendants' objections to the document requests in January 2005. The parties then spent February 2005 discussing Defendants' objections. *Id.* ¶ 4. In letters to Defendants dated February 17 and 18, 2005, Plaintiffs asked Defendants about the electronic documents. The Priceline Defendants responded on March 1, 2005 that: "***We are well aware that data stored electronically is discoverable and, as we stated during our very first meet and confer, will be searching vast amounts of electronically stored data in the course of discovery here.***" Exhibit C to McDougall Decl. (emphasis added). The Priceline Defendants also acknowledged that: "a snapshot of the data on priceline's corporate file and e-mail servers was made years before you served your document requests, and we are in the process of searching that repository for responsive documents." *Id.* These statements led Plaintiffs to believe that they soon would be receiving electronic documents.

When it became clear, after several attempts to prod Defendants to participate in discovery, that no documents were forthcoming, Plaintiffs moved to compel Defendants to produce paper and electronic documents. Plaintiffs filed their motion in early March 2005. In

3

response, Defendants pointed to certain "computer tapes" that they had in their possession. Doc. 161, at 14. According to Defendants, these tapes needed to be restored before they could be searched and reviewed for responsive materials. *Id.* In their papers, the Priceline Defendants said nothing about the "snapshot" they had taken of the Priceline email and file servers – even though the snapshot was fully searchable and accessible and contained every piece of electronic data stored on the servers from February 2002 dating back to the inception of the company. Defendants' representations about these "computer tapes" led the Court to order the parties to meet and confer on the documents stored in electronic form. The Court also ordered the parties to file a joint motion setting forth the areas of agreement and disagreement regarding the electronic documents.

Six months have now passed since the Court ordered the parties to meet and confer on the electronic documents and almost no progress has been made on the electronic document front. Moreover, the parties are less than six months away from the fact discovery cutoff under the current schedule and not a single electronic document has been produced – even though many of these documents have been fully available and searchable throughout the entire fact discovery period. Accordingly, Plaintiffs seek additional time to review these documents so that they may adequately prepare to take the bulk of the fact depositions necessary to prove their case.

Before filing this motion, Plaintiffs asked the Defendants whether they would consent to a nine-month extension on certain dates in the Scheduling Order. Exhibit A to Declaration of Erin Green Comite In Support of Motion to Modify Scheduling Order ("Comite Decl."). Defendants responded that they would not oppose a six- to nine-month extension, but they wanted additional time to produce electronic documents. Exhibits B and C to Comite Decl. Plaintiffs submit that Defendants' request is not appropriate given that Defendants' delay in

4

producing the electronic documents is the reason Plaintiffs need to seek additional time under the Scheduling Order in the first place. Defendants have had Plaintiffs' document requests since November 2004 and many of the electronic documents have been fully accessible and searchable this entire time. As for the remainder of the electronic data, it too can easily be produced. *See* Declaration of Allison Griffin ("Griffin Decl."), ¶¶ 6-8. (Doc. 212-7).

## ARGUMENT

**A.    Courts Routinely Extend Dates In A Scheduling Order When There Is Good Cause.**

Federal Rule of Civil Procedure 16(b) authorizes courts to grant a motion to extend dates in a scheduling order upon a showing of "good cause." Although the Rules themselves do not define good cause, courts routinely have found good cause where, as is the case here, ***the moving party has been diligent in seeking the discovery and the need for the extension was not foreseeable and was not the moving party's fault***. *See, e.g., Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (explaining that, under Rule 16(b), "[a] finding of good cause depends on the diligence of the moving party"); 3 Moore's Federal Practice § 16.14[b] (2003) ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to the party.").[3]

---

[3] *See also Olgyay v. Society for Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot be met despite the diligence of the party seeking the extension.'") (quotation omitted); 6A Wright, Miller & Kane, Federal Practice & Procedure § 1522.1 at 231 (2d ed. 1990) ("Good cause require[s] the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.").

**B.     Plaintiffs Have Shown Good Cause For Extending Dates In The Scheduling Order.**

In this case, there is no question that Plaintiffs have been extremely diligent in seeking the electronic documents. Plaintiffs first raised the electronic document issue in October 2004, the date of the parties' very first meet and confer. McDougall Decl., ¶ 2. They raised the issue again in February 2005 after Defendants provided their responses to Plaintiffs' discovery requests and moved to compel production of the electronic documents in March 2005. *Id.* ¶ 4. Plaintiffs then spent the spring and summer of 2005 trying to obtain information about the electronic documents from Defendants. *Id.* ¶ 10-23. Plaintiffs met and conferred with Defendant Walker four separate times, met and conferred with the Priceline Defendants on one occasion and corresponded with the Defendants multiple times addressing the electronic document issue. *Id.* Plaintiffs also took the 30(b)(6) deposition of the person at Priceline who was most knowledgeable about the electronic documents. *Id.* ¶ 14. Plaintiffs were forced to use one of their thirty-five allotted depositions on the electronic discovery issues because the Priceline Defendants were refusing to cooperate in the meet and confer process. Eventually, due to Defendants' extensive delay on the issue, Plaintiffs were forced to file a motion to compel the production of the electronically stored materials. That motion is currently pending before the Court.

Moreover, the need for the extension was unforeseeable and was not the Plaintiffs' fault. As set forth more fully in Plaintiffs' Motion to Compel, Plaintiffs were initially led to believe that the Priceline Defendants would be producing documents from the fully accessible and searchable "snapshot" that they took of their file and email servers. Indeed, as far back as March 1, 2005, the Priceline Defendants admitted that "We are well aware that data stored electronically is discoverable," stating that "a snapshot of the data on priceline's corporate file

6

and e-mail servers was made years before you served your document requests, and *we are in the process of searching that repository for responsive documents.*" Exhibit C to McDougall Decl. The Priceline Defendants failed to mention the fully accessible and searchable "snapshot" when Plaintiffs moved to compel production of Defendants' paper and electronic documents – again, leading Plaintiffs to believe that the documents from the snapshot would be forthcoming. Doc. 161, at 14. It was not until July 19, 2005 – the day before Plaintiffs were scheduled to take the 30(b)(6) deposition on the electronic documents – that the Priceline Defendants admitted that they had not been and were not planning to produce documents from the snapshot in a timely fashion. McDougall Decl., ¶ 14.

Defendants' delay in producing the backup tapes also was not foreseeable and was not the Plaintiffs' fault. Defendants have in their possession 223 backup tapes, which, in addition to materials from Priceline, are believed to contain information from the WebHouse and Perfect Yardsale servers. The backup tapes are the electronic materials that Defendants referenced in their opposition to Plaintiffs' first motion to compel. Defendant Walker claimed that it would cost between *$26 million and $200 million* to restore and produce the information on the 181 tapes in his possession. The Priceline Defendants have not provided an estimate of the costs related to the 42 backup tapes in their possession. Plaintiffs, however, have consulted a computer forensics specialist who can restore *all 223 tapes into their native format for $89,200*. Griffin Decl. ¶ 6.[4] It appears that Defendants' approach was designed to ratchet up the costs to an unreasonably high amount so that Defendants could argue in favor of cost shifting – all in hopes of keeping the highly relevant information on the WebHouse and Perfect Yardsale backup tapes from the Plaintiffs altogether.

---

[4] Once the tapes are restored to their native format, Plaintiffs' computer consultant estimates that it will cost between $50,000 and $100,000 to cull down and search the tapes. *Id.*

7

Finally, there is no question that there is a substantial risk of unfairness if the dates in the November 2, 2004 Scheduling Order are not modified. Because of Defendants' extensive delay in producing the electronic documents, Plaintiffs have been forced to hold off on taking the bulk of the fact depositions in this case, which, under the Scheduling Order, were scheduled to begin on April 1, 2005. Defendants' delay has also cut into the time that Plaintiffs will have to review and organize these documents and the delay has kept Plaintiffs' experts from reviewing and incorporating the documents into their expert reports. This is especially problematic given that most of Defendants' financial documents were kept in electronic form. In sum, Defendants' extensive delay in producing the electronic documents has made the extension to the schedule necessary and Plaintiffs are seeking the extension through no fault of their own. Thus, good cause exists for the motion and it should be granted in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court modify the November 2, 2004 Scheduling Order and extend certain dates in the Scheduling Order by nine months. Attached to this motion is a proposed Amended Scheduling Order.

Dated: October 6, 2005

Respectfully submitted,

SCOTT + SCOTT, LLC

*Erin Green Comite*

David R. Scott (ct16080)
Erin Green Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
drscott@scott-scott.com
ecomite@scott-scott.com

8

SCOTT + SCOTT, LLC
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone: (440) 247-8200
Facsimile: (440) 247-8275

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 862-0060

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**Co-Lead Counsel**

## SERVICE LIST

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Carl Mullis
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E. 24th Floor
Atlanta, GA 30308

Joseph L. Clasen
William Kelleher
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eighth Avenue
New York, NY 10019

Douglas C. Conroy
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Floor
Stamford, CT 06901

1