**To:**        **Honorable David F. Levi, Chair, Standing Committee on Rules of Practice and Procedure**

**From:**   **Honorable Lee H. Rosenthal, Chair, Advisory Committee on the Federal Rules of Civil Procedure**

**Date:**     **May 27, 2005 (Revised July 25, 2005)**

**Re:**       **Report of the Civil Rules Advisory Committee**

### Introduction

The Civil Rules Advisory Committee held three hearings in 2005 on proposed rules amendments published for comment in August 2004. The hearings were held on January 12 in San Francisco, January 28 in Dallas, and February 11 and 12 in Washington, D.C. The Committee met at the Administrative Office of the United States Courts on April 14-15, 2005. Draft minutes of the April 2005 meeting are attached. Summaries of the written comments and testimony presented at the hearings are also provided with the several recommendations of proposed rule amendments for adoption.

Parts I and II present action items. Part I recommends transmission for approval of amendments to several rules. Rules 5(e) and 50(b) come first. The next set of rule amendments is a comprehensive package addressing discovery of electronically stored information, including revisions of Rules 16, 26, 33, 34, 37, and 45, as well as Form 35. The last set of rule amendments recommended for approval is a new Supplemental Rule G governing civil forfeiture actions; this package includes conforming changes to other Supplemental Rules, including the title and Rules A, C, and E. Part I includes a conforming amendment to Rule 26(a)(1) that was published with Rule G and conforming amendments to Rules 9(h) and 14 and 26(a)(1)(E) that are recommended for adoption without publication. For each of the four categories of rule amendments recommended for approval, these materials set out a brief introductory discussion, followed by the text of the proposed rule amendment and Committee Note and a summary and explanation of the changes made since publication.

* * * * *

16          FEDERAL RULES OF CIVIL PROCEDURE

## C.  Rules 16, 26, 33, 34, 37, 45, and Form 35

### 1.    Introduction

Over five years ago, the Advisory Committee began examining whether the discovery rules could better accommodate discovery directed at information generated by, stored in, retrieved from, and exchanged through, computers. The proposed amendments published for comment in August 2004 resulted from an extensive and intensive study of such discovery. That study included several mini-conferences and one major conference, bringing together lawyers, academics, judges, and litigants with a variety of experiences and viewpoints. The Committee also sought out experts in information technology and heard from those involved in the rapidly expanding field of providing electronic discovery services to lawyers and litigants.

Through this study, the Committee reached consensus on two points. First, electronically stored information has important differences from information recorded on paper. The most salient of these differences are that electronically stored information is retained in exponentially greater volume than hard-copy documents; electronically stored information is dynamic, rather than static; and electronically stored information may be incomprehensible when separated from the system that created it. Second, these differences are causing problems in discovery that rule amendments can helpfully address.

In August 2004, the Committee published five categories of proposed amendments: amending Rules 16 and 26(f) to provide early attention to electronic discovery issues; amending Rule 26(b)(2) to provide better management of discovery into electronically stored information that is not reasonably accessible; amending Rule 26(b)(5) to add a new provision setting out a procedure for assertions of privilege after production; amending Rules 33 and 34 to clarify their application to electronically stored information; and amending Rule 37 to add a new section to clarify the application of the sanctions rules in a narrow set of circumstances distinctive to the discovery of electronically stored information. In addition, Rule 45 was to be amended to adapt it to the changes made in Rules 26-37.

At the three public hearings held in 2005, 74 witnesses testified, many of whom also submitted written comments. An additional 180 written comments were submitted. The Committee revised the proposed rules amendments and note language in light of the public comments. The Committee unanimously recommends that the Standing Committee approve the proposed amendments to Rules 16, 26(b)(5)(B), 26(f), 33, 34, 45, and Form 35, as well as a conforming amendment to Rule 26(a). All but two members of the Committee voted in favor of recommending that the Standing Committee approve the proposed amendments to Rules 26(b)(2) and 37(f). The Committee unanimously recommends that the Standing Committee approve the corresponding changes to Rule 45 except for the change that tracks proposed Rule 26(b)(2), and all but two

FEDERAL RULES OF CIVIL PROCEDURE          17

members of the Committee recommend that the Standing Committee approve this portion of proposed amendment Rule 45. This introduction sets out a brief background of the Committee's work and discusses each of the proposed amendments.

When the 2000 amendments were in their early stages of consideration, it was very helpful to step back and consider what brought the Committee to that point. In a 1997 conference held at Boston College Law School – a meeting very similar in purpose to the 2003 conference on electronic discovery held at the Fordham University School of Law – Professors Stephen Subrin and Richard Marcus presented papers on the historical background of the discovery rules. Some highlights of their papers usefully put the present issues into perspective and context.

Before the civil rules became law in 1938, discovery in both law and equity cases in the federal courts had been extremely limited. When the Committee deliberated on the liberal discovery rules that Professor Edson Sunderland drafted, they raised the concern that expanded discovery would force settlements for reasons and on terms that related more to the costs of discovery than to the merits of the case, a concern raised frequently in the context of electronic discovery.[1] But the debates did not focus on discovery. Instead, the focus was on issues of national uniformity and separation of powers.

In 1946 and 1970, amendments to the discovery rules continued to expand the discovery devices. The 1970 amendments were what Professor Marcus has called the high-water mark of "party-controlled discovery."[2] Those amendments included the elimination of the requirement for a motion to obtain document production and of the good cause standard for document production. Since the "high-water mark," the discovery rules have been amended in 1980, 1983, 1993, and 2000, to provide more effective means for controlling the discovery devices. In 1980, the Committee made the first change designed to increase judicial supervision over discovery, adding a provision that allowed counsel to seek a discovery conference with the court. The Committee considered, and rejected, a proposal to narrow the scope of discovery from "relevant to the subject matter" to "relevant to the issues raised by the claims or defenses," and to limit the number of interrogatories. The public comment that proposal generated was similar in tone and in approach to some of the comments on certain of the electronic discovery proposals published in August 2004. Many protested any narrowing of discovery as inimical to the basic premise of American litigation; others protested that the Committee had not gone far enough in restricting discovery and controlling the costs and delay it caused; yet others worried that

---

[1] Subrin, *Fishing Expeditions Allowed: The Historical Background of the 1938 Federal Discovery Rules*, 39 Boston Coll. L. Rev. 691, 730 (1998).

[2] Marcus, *Discovery Containment Redux*, 39 Boston Coll. L. Rev. 747, 749 (1998).

18                    FEDERAL RULES OF CIVIL PROCEDURE

the Committee would feel "pressure" to approve rules prematurely.[3]  In the face of the vigorous debate, the Committee withdrew these proposals and submitted what then-chair Judge Walter Mansfield characterized as "watered down" proposals.  The scope change rejected in 1980 did become law, but not until 2000, and then in a modification that emphasized the supervisory responsibility of the court.

Despite an institutional bias against frequent rule changes, the lack of meaningful amendments in 1980 resulted in significant amendments three years later.    The 1983 amendments marked a significant shift toward greater judicial involvement in all pretrial preparation, most particularly in the discovery process.  The amendments expanded Rule 16 case-management orders; deleted the final sentence of Rule 26(a), which had said that "[u]nless the court orders otherwise under subdivision (c) of this rule, the frequency and use of these methods is not limited"; and added the paragraph to Rule 26(b) directing the court to limit disproportionate discovery.  The newly-appointed reporter to the Advisory Committee, Professor Arthur Miller, described these changes as a "180 degree shift in orientation."  Yet, as Professor Miller pointed out in his written submission to the Committee endorsing the proposed electronic discovery amendments, the 1983 amendments turned out not to be effective by themselves to calibrate the amount of discovery to the needs of particular cases.[4]

In 1993, continued unhappiness about discovery costs and related litigation delays led to a package of proposals that included mandatory broad initial disclosures (with a local rule opt-out feature added in response to vigorous criticism) and presumptive limits on the number of interrogatories and depositions.  In part, these amendments were "designed to give teeth to the proportionality provisions added in 1983."[5]  In 2000, the initial disclosure obligations were cut back and made uniform, and Rule 26(b)(1) was changed to limit the scope of party-controlled discovery to matters "relevant to the claim or defense of any party," allowing discovery into "the subject matter involved in the action" only on court order for good cause.

During the study that led to the 2000 amendments, the Advisory Committee became aware of problems relating to electronic discovery.  The Committee was urged by lawyers, litigants, and a number of organized bar groups to examine these problems.  In 1999, when the 2000 proposals were recommended for adoption following the public comment period, the Committee fully understood that its work was incomplete.  In his 1999 report to the Standing Committee recommending adoption of the 2000 amendments, Judge Niemeyer observed that since the work on the proposals had begun in 1996, "the Committee . . . kept its focus on the long-range discovery issues that will confront it in the emerging information age.  The Committee recognized that it will be faced with the task of devising

---

[3]Marcus, 39 Boston Coll. L. Rev. at 770.

[4] Prof. Arthur Miller, 04-cv-221.

[5] Marcus, *Discovery Containment*, 39 Boston Coll. L. Rev. at 766.

FEDERAL RULES OF CIVIL PROCEDURE          19

mechanisms for providing full disclosure in a context where potential access to information is virtually unlimited and in which full discovery could involve burdens far beyond anything justified by the interests of the parties to the litigation. While the tasks of designing discovery rules for an information age are formidable and still face the Committee, the mechanisms adopted in the current proposals begin the establishment of a framework in which to work." The present electronic discovery proposals grow out of the Committee's work on the 2000 amendments and in many ways continue that work. As noted in the report to the Standing Committee in 1999, the Committee's efforts leading to the 2000 amendments focused on the "architecture of discovery rules" to determine whether changes can be effected to reduce the costs of discovery, to increase its efficiency, to increase uniformity of practice, and to encourage the judiciary to participate more actively in case management. The proposed amendments to make the rules apply better to electronic discovery problems have the same focus.

The historical perspective is a reminder that any proposal to add or strengthen rule provisions for what Professor Marcus calls "discovery containment" produces significant debate. The vigor, volume, and themes of the public comment on the August 2004 electronic discovery proposals are not new to proposed discovery rule amendments. The debates over the amendments that became effective in 1983, 1993, and 2000 were vigorous, with many favoring liberal party-controlled discovery and many advocating more effective tools for discovery management and limits. Such debate is not in itself a sign that the proposals are fundamentally flawed. It is right to be concerned if the proposals are only supported by a narrow segment of the bench or bar. But it is not surprising to find that proposals to increase judicial involvement in discovery or to encourage the application of the existing proportionality factors would be opposed more by one side of the bar than the other.

Without understating the nature or depth of the concerns raised in response to specific proposals, discussed at length below, it is useful to note some points of agreement. There was a high level of support for changes to the federal rules to recognize and accommodate electronic discovery. Although there was certainly disagreement as to the proposed amendments to Rules 26(b)(2) and 37(f), there was also support from broad-based organizations that do not represent a reflexive plaintiff or defense view, such as the American Bar Association Section of Litigation,[6] the Federal Bar Council,[7] and the New York State Bar Association Commercial and Federal Litigation Section.[8] Many of the comments criticized aspects of the published proposals that have now been revised. As noted, after the comment period, all but two members of the Advisory Committee approved these proposed amendments as revised in light of the comments. The proposals calling for early attention to electronic discovery and

---

[6]  04-cv-062.

[7]  04-cv-191.

[8]  04-cv-045.

20          FEDERAL RULES OF CIVIL PROCEDURE

addressing problems in the form of producing electronically stored information received broad support from the bar and the unanimous approval of the Advisory Committee.

The historical review also provides a useful context for considering the question of timing. The Advisory Committee has a history of carefully considering rule amendments and, when appropriate, withdrawing proposed amendments after public comment. The class action proposals of 1996 are a good example. The history of discovery amendments in particular shows great caution. The most prominent example is the 1978 decision to defer the "scope" proposal because there was vigorous opposition, as well as vigorous support. That decision to defer was criticized on the ground that it would significantly delay the proposal. A version of the scope limitation did become effective – twenty years later. It is always tempting to defer action because more time brings more information, particularly in an area of ongoing technological change. But deferring has costs. The calendar of the rules enabling process makes any delay a significant one. As long ago as the 1998-99 hearings on what became the discovery amendments of 2000, lawyers were urging the Committee to proceed with alacrity in rulemaking for e-discovery. The need for rulemaking now in this area is reflected in the local rules and state rules that have been enacted and the growing number of such rules that have been proposed. Many of these local rule efforts have been deferred because of the proposals to amend the national rules, but the perceived need for such rules means that they will not remain in check indefinitely. The 1993 amendments led in part to the 2000 amendments, teaching us much about the problems of local rulemaking in areas that the national discovery rules address, problems that we do not want to create in the area of electronic discovery. And the possibility of technological change will always exist; there is no reason to think that stability on that front will arrive any time soon.

The Committee has been studying electronic discovery for the last five years. We have learned a great deal, reflected in the rule proposals and the refinements made since publication. Those proposals and refinements are summarized below.

FEDERAL RULES OF CIVIL PROCEDURE            21

## 2.    The Specific Proposals

### i.  Early Attention to Electronic Discovery Issues:  Rules 16, 26(a), 26(f), and Form 35

### Introduction

The comments consistently applauded the directives in Rule 16(b) and Rule 26(f) for the parties to discuss electronically stored information in cases that involve such discovery and to include these topics in the report to the court, and for the court to include these topics in its scheduling orders.  The overall directive is broad, but specific provisions focus on three areas recognized as frequent sources of difficulty in electronic discovery: the form of producing electronically stored information in discovery; preserving information for the litigation; and the assertion of privilege and work-product protection claims.

The proposed amendments that direct early attention to electronic discovery issues, as published, did not include a revision to Rule 26(a)(1), although the amendments to Rule 26(f) referred to disclosures as well as discovery of electronically stored information.  The Committee approved a proposed conforming amendment to Rule 26(a), making the Rule 26(a)(1) description of information subject to disclosure requirements consistent with the addition of electronically stored information to the discovery rules.  Present Rule 26(a)(1) is redundant in requiring disclosure of both certain "documents" and "data compilations," because the present version of Rule 34 makes "data compilation" a subset of "documents."  Present Rule 26(a)(1) is potentially inconsistent with the proposed revision of Rule 34, which adds "electronically stored information" as a category separate from "documents."  Amending Rule 26(a)(1) to make it apply to "documents and electronically stored information," and deleting the words "data compilations," cures this inconsistency.  Because Rule 34(a) is revised to distinguish between "documents" and "electronically stored information," revising Rule 26(a)(1) to conform to this distinction removes the argument that there is a duty to provide in discovery, but not to disclose, electronically stored information.

One concern initially raised about adding electronically stored information to Rule 26(a)(1) was that it could require parties to locate and review such information too early in the case.  Such information, often voluminous and dispersed, can be burdensome to locate and review, and early in the case the parties may not be able to identify with precision the information that will be called for in discovery.  The Committee concluded that this concern was not an argument against this conforming amendment.  The disclosure obligation has been read as applying to electronically stored information and will continue to apply.  The obligation does not force a premature search, but only requires disclosure, either initially or by way of supplementation, of information that the disclosing party has decided it may use to support its case.

22          FEDERAL RULES OF CIVIL PROCEDURE

The Committee decided against revising Rule 26(a)(3) to include "electronically stored information." Rule 26(a)(3) applies "in addition to the disclosures required by Rule 26(a)(1)" and is directed to identifying exhibits for trial. Electronically stored information is included in "each document or other exhibit" that the current rule requires to be identified in pretrial disclosures.

Proposed amended Rule 26(f) states that the parties are to discuss "any issues relating to preserving discoverable information." Some comments urged that this directive should be downgraded to the Note, in part out of concern that calling for discussion of the question will promote early applications for preservation orders. Most comments supported the inclusion of preservation as a topic to be discussed early in the case. The dynamic nature of electronically stored information, and the fact that routine operation of computer systems changes and deletes information, make it important to address preservation issues early in cases involving discovery of such information. The Committee decided not to change the published rule language, which includes not only electronically stored information but all forms of information. In response to the concerns raised in the comment period about preservation orders, the Note has been revised to state that preservation orders entered over objections should be narrowly tailored and that preservation orders should rarely be issued on ex parte applications.

Proposed new Rule 26(f)(3) directs parties to discuss "any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." Form 35 is amended to provide that in the report to the court of their proposed discovery plan, the parties include their proposals for disclosure or discovery of electronically stored information. Rule 16(b)(5) provides that the scheduling order the court enters may include "provisions for disclosure or discovery of electronically stored information." The comments emphasized the importance of discussing these topics early in the case, to identify disputes before costly and time-consuming searches and production occur. Only one change is proposed to this part of the published proposals. Many comments noted that more than one form of production might be appropriate in a case, because a party may store different information in different forms. Accordingly, this proposed amendment is revised to state that the parties should discuss "any issues relating to . . . electronically stored information, including the form or forms in which it should be produced." Consistent changes are made in other proposed amendments addressing the form of production as well.

Proposed new Rule 26(f)(4) adds issues relating to the assertion of privilege and work-product protection to the list of topics to be addressed in the parties' initial conference. For years, the Committee has wrestled with how to address the problem of privilege waivers within the rules. The Committee began this work in response to concerns over the expense and delay attendant to reviewing hard-copy documents for privilege and generating a privilege log. During the study of electronic discovery, the Committee learned that reviewing electronically stored information for privilege and work product protection adds to the expense and delay, and risk of waiver, because of the added volume, the dynamic nature of the information, and the complexities of locating potentially privileged

FEDERAL RULES OF CIVIL PROCEDURE          23

information.  Metadata and embedded data are examples of such complexities; they may contain privileged communications, yet are not visible when the information is displayed on a computer monitor in ordinary use or printed on paper.  Parties can ameliorate some of the costs and delays created by the steps necessary to avoid waiving privilege or work-product protection during discovery through agreements that allow the assertion of privilege or work production protection after documents or electronically stored information are produced.  Including this topic among those to be discussed encourages early attention to the problem and facilitates efforts to reach such agreements.  Form 35 is amended to provide that if the parties have agreed to an order regarding claims of privilege or protection as trial-preparation material asserted after production, they are to include a description of the proposed order provisions in their report to the court.  Rule 16(b)(6) is amended to state that if the parties have reached an agreement for "asserting claims of privilege or protection as trial-preparation material after production," the court may include those agreements in the scheduling order.

The proposed rule as published described the topic that the parties should discuss as whether, if the parties agreed, the court should enter an order protecting the right to assert privilege after production.  During the comment period, some expressed uneasiness about the language that the court enter an order "protecting" against waiver of privilege because it is not clear that this protection is effective against third parties.  The Committee has revised the proposed rule and note language to meet these concerns, without changing the substance of what this aspect of the parties' discovery planning conference is to include.

Many comments urged the Committee to include work-product protection as well as privilege within this rule, as well as proposed Rule 26(b)(5)(B).  Although the consequences of waiver are less acute for work product protection than for attorney-client privilege, many documents and electronically stored information involve both and issues of waiver frequently involve both.  The Committee decided to amend the published proposed rule to include both privilege and work-product protection, using the label for such protection that appears elsewhere in the discovery rules, "trial-preparation materials."

### The Proposed Rules and Committee Notes

The Advisory Committee recommends approval for adoption of amended Rules 16(b), 26(a), 26(f),  and Form 35.

### Rule 16(b)

The Committee recommends approval of the following amendment:

24            FEDERAL RULES OF CIVIL PROCEDURE

**Rule 16.  Pretrial Conferences; Scheduling; Management**

1                           * * * * *

2    **(b) Scheduling and Planning.**  Except in categories of actions

3    exempted by district court rule as inappropriate, the district

4    judge, or a magistrate judge when authorized by district court

5    rule, shall, after receiving the report from the parties under Rule

6    26(f) or after consulting with the attorneys for the parties and

7    any  unrepresented  parties  by  a  scheduling  conference,

8    telephone,  mail,  or  other  suitable  means,  enter  a  scheduling

9    order that limits the time

10        **(1)**  to join other parties and to amend the pleadings;

11        **(2)**  to file motions; and

12        **(3)**  to complete discovery.

13    The scheduling order also may include

14        **(4)**  modifications of the times for disclosures under Rules

15            26(a)  and  26(e)(1)  and  of  the  extent  of  discovery  to  be

16            permitted;

17        **(5)**  provisions for disclosure or discovery of electronically

18            stored information;

FEDERAL RULES OF CIVIL PROCEDURE                 25

19  **(6)** any agreements the parties reach for asserting claims of

20  privilege or of protection as trial-preparation material after

21  production;

22  **(75)** the date or dates for conferences before trial, a final

23  pretrial conference, and trial; and

24  **(86)** any other matters appropriate in the circumstances of

25  the case.

26  The order shall issue as soon as practicable but in any event

27  within 90 days after the appearance of a defendant and within

28  120 days after the complaint has been served on a defendant.

29  A schedule shall not be modified except upon a showing of

30  good cause and by leave of the district judge or, when

31  authorized by local rule, by a magistrate judge.

32                              * * * * *

## Committee Note

The amendment to Rule 16(b) is designed to alert the court to the possible need to address the handling of discovery of electronically stored information early in the litigation if such discovery is expected to occur. Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information if such discovery is contemplated in the action. Form 35 is amended to call for a report to the court about the results of this discussion. In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise.

26          FEDERAL RULES OF CIVIL PROCEDURE

Rule 16(b) is also amended to include among the topics that may be addressed in the scheduling order any agreements that the parties reach to facilitate discovery by minimizing the risk of waiver of privilege or work-product protection. Rule 26(f) is amended to add to the discovery plan the parties' proposal for the court to enter a case-management or other order adopting such an agreement. The parties may agree to various arrangements. For example, they may agree to initial provision of requested materials without waiver of privilege or protection to enable the party seeking production to designate the materials desired or protection for actual production, with the privilege review of only those materials to follow. Alternatively, they may agree that if privileged or protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the materials without waiver. Other arrangements are possible. In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

An order that includes the parties' agreement may be helpful in avoiding delay and excessive cost in discovery. *See Manual for Complex Litigation* (4th) § 11.446. Rule 16(b)(6) recognizes the propriety of including such agreements in the court's order. The rule does not provide the court with authority to enter such a case-management or other order without party agreement, or limit the court's authority to act on motion.

---

### Changes Made After Publication and Comment

This recommendation is of a modified version of the proposal as published. Subdivision (b)(6) was modified to eliminate the references to "adopting" agreements for "protection against waiving" privilege. It was feared that these words might seem to promise greater protection than can be assured. In keeping with changes to Rule 26(b)(5)(B), subdivision (b)(6) was expanded to include agreements for asserting claims of protection as trial-preparation materials. The Committee Note was revised to reflect the changes in the rule text.

FEDERAL RULES OF CIVIL PROCEDURE          27

The proposed changes from the published rule are set out below.

**Rule 16.  Pretrial Conferences; Scheduling; Management***

1                         \* \* \* \* \*

2    **(b)  Scheduling and Planning.**

3                         \* \* \* \* \*

4    The scheduling order may also include

5                         \* \* \* \* \*

6    **(6)** ~~adoption of the parties'~~ <u>any</u> agreements <u>the parties</u>

7    <u>reach for</u> ~~protection against waiving~~ <u>asserting claims of</u>

8    privilege <u>or of protection as trial-preparation material after</u>

9    <u>production</u>;

10                        \* \* \* \* \*

**Rule 26(a)**

The Committee recommends approval of the following amendment:

**Rule 26.  General Provisions Governing Discovery; Duty of Disclosure**

1    **(a)  Required Disclosures; Methods to Discover Additional**

2    **Matter.**

3       **(1)**    ***Initial Disclosures.***    Except in categories of

4       proceedings specified in Rule 26(a)(1)(E), or to   the

5       extent   otherwise

28          FEDERAL RULES OF CIVIL PROCEDURE

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

5          stipulated or directed by order, a party must, without

6          awaiting a discovery request, provide to other parties:

7          **(A)** the name and, if known, the address and telephone

8          number of each individual likely to have discoverable

9          information that the disclosing party may use to support

10         its claims or defenses, unless solely for impeachment,

11         identifying the subjects of the information;

12         **(B)** a copy of, or a description by category and location

13         of, all documents, <u>electronically stored information,</u>

14         ~~data compilations,~~ and tangible things that are in the

15         possession, custody, or control of the party and that the

16         disclosing party may use to support its claims or

17         defenses, unless solely for impeachment;

18                    * * * * *

### Committee Note

**Subdivision (a).** Rule 26(a)(1)(B) is amended to parallel Rule 34(a) by recognizing that a party must disclose electronically stored information as well as documents that it may use to support its claims or defenses. The term "electronically stored information" has the same broad meaning in Rule 26(a)(1) as in Rule 34(a). This amendment is consistent with the 1993 addition of Rule 26(a)(1)(B). The term "data

compilations" is deleted as unnecessary because it is a subset of both documents and electronically stored information.

---

### Changes Made After Publication and Comment

As noted in the introduction, this provision was not included in the published rule. It is included as a conforming amendment, to make Rule 26(a)(1) consistent with the changes that were included in the published proposals.

### Rule 26(f)

The Committee recommends approval of the following amendments to Rule 26(f).

### Rule 26.  General Provisions Governing Discovery; Duty of Disclosure

1              * * * * *

2          **(f)  Conference of Parties; Planning for Discovery.**  Except

3      in categories of proceedings exempted from initial disclosure

4      under Rule 26(a)(1)(E) or when otherwise ordered, the parties

5      must, as soon as practicable and in any event at least 21 days

6      before a scheduling conference is held or a scheduling order is

7      due under Rule 16(b), confer to consider the nature and basis of

8      their claims and defenses and the possibilities for a prompt

9      settlement or resolution of the case, to make or arrange for the

10     disclosures required by Rule 26(a)(1), <u>to discuss any issues</u>

11     <u>relating to preserving discoverable information,</u> and to develop

30              FEDERAL RULES OF CIVIL PROCEDURE

12    a proposed discovery plan that indicates the parties' views and

13    proposals concerning:

14         **(1)** what changes should be made in the timing, form, or

15         requirement for disclosures under Rule 26(a), including a

16         statement as to when disclosures under Rule 26(a)(1) were

17         made or will be made;

18         **(2)** the subjects on which discovery may be needed, when

19         discovery should be completed, and whether discovery

20         should be conducted in phases or be limited to or focused

21         upon particular issues;

22         **(3)** any issues relating to disclosure or discovery of

23         electronically stored information, including the form or

24         forms in which it should be produced;

25         **(4)** any issues relating to claims of privilege or of

26         protection as trial-preparation material, including — if the

27         parties agree on a procedure to assert such claims after

28         production — whether to ask the court to include their

29         agreement in an order;

30          (**5**<u>**3**</u>)  what changes should be made in the limitations on

31          discovery imposed under these rules or by local rule, and

32          what other limitations should be imposed; and

33          (**6**<u>**4**</u>)  any other orders that should be entered by the court

34          under Rule 26(c) or under Rule 16(b) and (c).

35                              * * * * *

### Committee Note

**Subdivision (f).**  Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information during their discovery-planning conference.  The rule focuses on "issues relating to disclosure or discovery of electronically stored information"; the discussion is not required in cases not involving electronic discovery, and the amendment imposes no additional requirements in those cases. When the parties do anticipate disclosure or discovery of electronically stored information, discussion at the outset may avoid later difficulties or ease their resolution.

When a case involves discovery of electronically stored information, the issues to be addressed during the Rule 26(f) conference depend on the nature and extent of the contemplated discovery and of the parties' information systems.  It may be important for the parties to discuss those systems, and accordingly important for counsel to become familiar with those systems before the conference.   With that information, the parties can develop a discovery plan that takes into account the capabilities of their computer systems. In appropriate cases identification of, and early discovery from, individuals with special knowledge of a party's computer systems may be helpful.

The particular issues regarding electronically stored information that deserve attention during the discovery planning stage depend on the specifics of the given case.  *See Manual for Complex Litigation* (4th) § 40.25(2) (listing topics for discussion in a proposed order regarding meet-and-confer sessions).  For example, the parties may specify the

32    FEDERAL RULES OF CIVIL PROCEDURE

topics for such discovery and the time period for which discovery will be sought. They may identify the various sources of such information within a party's control that should be searched for electronically stored information. They may discuss whether the information is reasonably accessible to the party that has it, including the burden or cost of retrieving and reviewing the information. *See* Rule 26(b)(2)(B). Rule 26(f)(3) explicitly directs the parties to discuss the form or forms in which electronically stored information might be produced. The parties may be able to reach agreement on the forms of production, making discovery more efficient. Rule 34(b) is amended to permit a requesting party to specify the form or forms in which it wants electronically stored information produced. If the requesting party does not specify a form, Rule 34(b) directs the responding party to state the forms it intends to use in the production. Early discussion of the forms of production may facilitate the application of Rule 34(b) by allowing the parties to determine what forms of production will meet both parties' needs. Early identification of disputes over the forms of production may help avoid the expense and delay of searches or productions using inappropriate forms.

Rule 26(f) is also amended to direct the parties to discuss any issues regarding preservation of discoverable information during their conference as they develop a discovery plan. This provision applies to all sorts of discoverable information, but can be particularly important with regard to electronically stored information. The volume and dynamic nature of electronically stored information may complicate preservation obligations. The ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information. Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes.

The parties' discussion should pay particular attention to the balance between the competing needs to preserve relevant evidence and to continue routine operations critical to ongoing activities. Complete or broad cessation of a party's routine computer operations could paralyze the party's activities. *Cf. Manual for Complex Litigation* (4th) § 11.422 ("A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations.") The parties should take account of these

considerations in their discussions, with the goal of agreeing on reasonable preservation steps.

The requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders. A preservation order entered over objections should be narrowly tailored. Ex parte preservation orders should issue only in exceptional circumstances.

Rule 26(f) is also amended to provide that the parties should discuss any issues relating to assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures for asserting claims of privilege or protection after production and whether to ask the court to enter an order that includes any agreement the parties reach. The Committee has repeatedly been advised about the discovery difficulties that can result from efforts to guard against waiver of privilege and work-product protection. Frequently parties find it necessary to spend large amounts of time reviewing materials requested through discovery to avoid waiving privilege. These efforts are necessary because materials subject to a claim of privilege or protection are often difficult to identify. A failure to withhold even one such item may result in an argument that there has been a waiver of privilege as to all other privileged materials on that subject matter. Efforts to avoid the risk of waiver can impose substantial costs on the party producing the material and the time required for the privilege review can substantially delay access for the party seeking discovery.

These problems often become more acute when discovery of electronically stored information is sought. The volume of such data, and the informality that attends use of e-mail and some other types of electronically stored information, may make privilege determinations more difficult, and privilege review correspondingly more expensive and time consuming. Other aspects of electronically stored information pose particular difficulties for privilege review. For example, production may be sought of information automatically included in electronic files but not apparent to the creator or to readers. Computer programs may retain draft language, editorial comments, and other deleted matter (sometimes referred to as "embedded data" or "embedded edits") in an electronic file but not make them apparent to

34          FEDERAL RULES OF CIVIL PROCEDURE

the reader. Information describing the history, tracking, or management of an electronic file (sometimes called "metadata") is usually not apparent to the reader viewing a hard copy or a screen image. Whether this information should be produced may be among the topics discussed in the Rule 26(f) conference. If it is, it may need to be reviewed to ensure that no privileged information is included, further complicating the task of privilege review.

          Parties may attempt to minimize these costs and delays by agreeing to protocols that minimize the risk of waiver. They may agree that the responding party will provide certain requested materials for initial examination without waiving any privilege or protection — sometimes known as a "quick peek." The requesting party then designates the documents it wishes to have actually produced. This designation is the Rule 34 request. The responding party then responds in the usual course, screening only those documents actually requested for formal production and asserting privilege claims as provided in Rule 26(b)(5)(A). On other occasions, parties enter agreements — sometimes called "clawback agreements"— that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under those circumstances. Other voluntary arrangements may be appropriate depending on the circumstances of each litigation. In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

          Although these agreements may not be appropriate for all cases, in certain cases they can facilitate prompt and economical discovery by reducing delay before the discovering party obtains access to documents, and by reducing the cost and burden of review by the producing party. A case-management or other order including such agreements may further facilitate the discovery process. Form 35 is amended to include a report to the court about any agreement regarding protections against inadvertent forfeiture or waiver of privilege or protection that the parties have reached, and Rule 16(b) is amended to recognize that the court may include such an agreement in a case-management or other order. If the parties agree to entry of such an order, their proposal should be included in the report to the court.

Rule 26(b)(5)(B) is added to establish a parallel procedure to assert privilege or protection as trial-preparation material after production, leaving the question of waiver to later determination by the court.

---

## Changes Made After Publication and Comment

The Committee recommends a modified version of what was published. Rule 26(f)(3) was expanded to refer to the form "or forms" of production, in parallel with the like change in Rule 34. Different forms may be suitable for different sources of electronically stored information.

The published Rule 26(f)(4) proposal described the parties' views and proposals concerning whether, on their agreement, the court should enter an order protecting the right to assert privilege after production. This has been revised to refer to the parties' views and proposals concerning any issues relating to claims of privilege, including — if the parties agree on a procedure to assert such claims after production — whether to ask the court to include their agreement in an order. As with Rule 16(b)(6), this change was made to avoid any implications as to the scope of the protection that may be afforded by court adoption of the parties' agreement.

Rule 26(f)(4) also was expanded to include trial-preparation materials.

The Committee Note was revised to reflect the changes in the rule text.

The changes from the published rule are shown below.

36          FEDERAL RULES OF CIVIL PROCEDURE

**Rule 26.  General Provisions Governing Discovery; Duty of Disclosure***

1                              * * * * *

2     **(f) Conference of Parties; Planning for Discovery.**  Except

3      in categories of proceedings exempted from initial disclosure

4      under Rule 26(a)(1)(E) or when otherwise ordered, the parties

5      must, as soon as practicable and in any event at least 21 days

6      before a scheduling conference is held or a scheduling order is

7      due under Rule 16(b), confer to consider the nature and basis of

8      their claims and defenses and the possibilities for a prompt

9      settlement or resolution of the case, to make or arrange for the

10     disclosures required by Rule 26(a)(1), to discuss any issues

11     relating to preserving discoverable information, and to develop

12     a proposed discovery plan that indicates the parties' views and

13     proposals concerning:

14                             * * * * *

---

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

FEDERAL RULES OF CIVIL PROCEDURE                37

15        **(3)** any issues relating to disclosure or discovery of

16        electronically stored information, including the form <u>or</u>

17        <u>forms</u> in which it should be produced;

18        **(4)** <u>any issues relating to claims of privilege or protection</u>

19        <u>as trial-preparation material, including – if the parties agree</u>

20        <u>on a procedure to assert such claims after production –</u>

21        <u>whether to ask the court to include their agreement in an</u>

22        <u>order;</u> ~~whether, on agreement of the parties, the court should~~

23        ~~enter an order protecting the right to assert privilege after~~

24        ~~production of privileged information;~~

25                          * * * * *

**Form 35**

The Committee recommends conforming changes in

Form 35, the parties' report to the court of their discovery plan.


**Form 35. Report of Parties' Planning Meeting**

1                          * * * * *

2        **3. Discovery Plan**.  The parties jointly propose to the court the

3        following discovery plan:    [Use separate paragraphs or

4        subparagraphs as necessary if parties disagree.]

38    FEDERAL RULES OF CIVIL PROCEDURE

5        Discovery will be needed on the following subjects:

6        _____ (brief description of subjects on which

7        discovery will be needed)_____

8        Disclosure or discovery of electronically stored

9        information should be handled as follows:

10        _____ (brief description of parties' proposals) _____

11        The parties have agreed to an order regarding claims of

12        privilege or of protection as trial-preparation material

13        asserted after production, as follows: (brief description

14        of provisions of proposed order)

15        All discovery commenced in time to be completed by

16        _____(date)_____. [Discovery on _____(issue for

17        early    discovery)_____to    be    completed    by

18        _____(date)_____.]

---

## Changes Made After Publication and Comment

The Committee recommends approval of Form 35 with modifications made from the published version, consistent with changes made to Rule 26(f). The changes are shown below.

FEDERAL RULES OF CIVIL PROCEDURE                39

**Form 35. Report of Parties' Planning Meeting***

1                                 * * * * *

2      **3. Discovery Plan**.  The parties jointly propose to the court the

3      following discovery plan: * * *

4               Disclosure or discovery of electronically stored

5               information should be handled as follows:

6               _____ (brief description of parties' proposals) _____

7               The parties have agreed to ~~a privilege protection~~ an

8               order regarding claims of privilege or of protection as

9               trial-preparation material asserted after production, as

10              follows:  (brief description of provisions of proposed

11              order). * * *

12                                * * * * *

---

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

40          FEDERAL RULES OF CIVIL PROCEDURE

### ii.  Discovery Into Electronically Stored Information that is Not Reasonably Accessible:  Rule 26(b)(2)

### Introduction

The Rule 26(b)(2)(B) proposal authorizes a party to respond to a discovery request by identifying sources of electronically stored information that are not reasonably accessible because of undue burden or cost.  If the requesting party seeks discovery from such sources, the responding party has the burden to show that the sources are not reasonably accessible.  Even if that showing is made, the court may order discovery if — after considering the limitations established by present Rule 26(b)(2) — the requesting party shows good cause.  The court may specify conditions for the discovery.

Several changes have been made in the rule text to express more clearly the procedure established by the published proposal.  The Committee Note is revised to describe more clearly the problems that the rule addresses.  The changes both in rule text and Note draw from a large body of public testimony and comments that suggested better ways to implement the proposed procedure without changing the procedure established by the published language.

The proposed rule has frequently been referred to as a "two-tier" system.  It responds to distinctive problems encountered in discovery of electronically stored information that have no close analogue in the more familiar discovery of paper documents.  Although computer storage often facilitates discovery, some forms of computer storage can be searched only with considerable effort. The responding party may be able to identify difficult-to-access sources that may contain responsive information, but is not able to retrieve the information — or even to determine whether any responsive information in fact is on the sources — without incurring substantial burden or cost.  The difficulties in accessing the information may arise from a number of different reasons primarily related to the technology of information storage, reasons that are likely to change over time.  Examples from current technology include back-up tapes intended for disaster recovery purposes that are often not indexed, organized, or susceptible to electronic searching; legacy data that remains from obsolete systems and is unintelligible on the successor systems; data that was "deleted" but remains in fragmented form, requiring a modern version of forensics to restore and retrieve; and databases that were designed to create certain information in certain ways and that cannot readily create very different kinds or forms of information.  Such difficulties present particular problems for discovery.  A party may have a large amount of information on sources or in forms that may be responsive to discovery requests, but would require recovery, restoration, or translation before it could be located, retrieved, reviewed, or produced. At the same time, more easily accessed sources — whether computer-based, paper, or human — may yield all the information that is reasonably useful for the action.  Lawyers sophisticated in these problems are developing a  two-tier practice in which they first sort through the information that can be provided from easily accessed sources and then determine whether it is necessary to search the difficult-to-access sources.

FEDERAL RULES OF CIVIL PROCEDURE          41

In many circumstances, the two-tier approach will be worked out by negotiation. The Rule 26(b)(2)(B) amendment expressly incorporates the better practice as the method for judicial control when the parties cannot resolve the problem on their own. The amendment builds on the two-tier structure of scope of discovery defined in Rule 26(b)(1) and applies this structure to discovery of electronically stored information. The proposed rule recognizes a distinctive, recurring problem that electronically stored information presents for discovery and builds on the existing rules to facilitate judicial supervision when it is necessary to calibrate discovery to a particular case.

Much of the criticism during the public comment period focused on specific drafting problems in the published rule, including a lack of clarity in the term "not reasonably accessible," how that term and the "good cause" showing related to the existing Rule 26(b)(2) proportionality limits, and how a party designation or a court finding that information is not reasonably accessible related to preservation obligations. The proposed rule and Note have been revised to respond to the concerns identified.

The published rule required a party to identify potentially responsive "information" that is not reasonably accessible. The problem, however, is that a responding party cannot identify information without actually searching and retrieving it. The revised rule directs the party to identify the sources of information that may be responsive but is not reasonably accessible.

The published rule did not provide any guide to the considerations that bear on determining whether electronically stored information is not reasonably accessible. Many comments suggested that the test should be based on the burden and cost of locating, restoring, and retrieving potentially responsive information from the sources in which it is stored. The revised rule incorporates this test, which reflects the common understanding of the published proposal. The responding party may identify sources containing potentially responsive information that is not reasonably accessible "because of undue burden or cost."

Once the responding party has identified a source of information that is not reasonably accessible, the published rule provided for a motion to compel discovery. The revision recognizes that the responding party may wish to resolve the issue by moving for a protective order. Among the reasons that may lead a responding party to raise the issue is to resolve whether, or the extent to which, it must preserve the information stored on the difficult-to-access sources until discoverability is resolved.

A finding that the responding party has shown that a source of information is not reasonably accessible does not preclude discovery; the court may order discovery for good cause. Many comments suggested that the "good cause" standard seemed to contemplate the limitations identified by parts (i), (ii), and (iii) of present Rule 26(b)(2). The revised text clarifies the "good cause" showing by expressly referring to consideration of these limitations.

42          FEDERAL RULES OF CIVIL PROCEDURE

The Committee Note is revised extensively to provide a clearer description of the two-tier procedure.  It recognizes that in some cases a single proceeding may suffice both to find that a source is not reasonably accessible and also to determine whether good cause nonetheless justifies discovery and to set any conditions that should be imposed.  But it also recognizes that proceedings may need to be staged if focused discovery is necessary to determine the costs and burdens in obtaining the information from the sources identified as not reasonably accessible, the likelihood of finding responsive information on such sources, and the value of the information to the litigation.  In such circumstances, a finding that a source is not reasonably accessible may lead to further proceedings to determine whether there is good cause to order limited or extensive searches and the production of information stored on such sources.

The proposed amendment is modest.  The public comments and testimony confirmed that parties conducting discovery, particularly when it involves large volumes of information, first look in the places that are likely to produce responsive information.  Parties sophisticated in electronic discovery first look in the reasonably accessible places that are likely to produce responsive information.  On that level, stating in the rule that initial production of information that is not reasonably accessible is not required simply recognizes reality.  Under proposed Rule 26(b)(2), this existing practice would continue; parties would search sources that are reasonably accessible and likely to contain responsive, relevant information, with no need for a court order.  But in an improvement over the present practice, in which parties simply do not produce inaccessible electronically stored information, the amendment requires the responding party to identify the sources of information that were not searched, clarifying and focusing the issue for the requesting party.  In many cases, discovery obtained from accessible sources will be sufficient to meet the needs of the case.  If information from such sources does not satisfy the requesting party, the proposed rule allows that party to obtain additional discovery from sources identified as not reasonably accessible, subject to judicial supervision.

One criticism leveled against the proposal is that it allows the responding party to "self-designate" information not produced because it is not reasonably accessible.  All party-managed discovery and privilege invocation rests on "self-designation" to some extent.  That is happening now, without the insights for the requesting party that the identification requirement provides.  The responding party must disclose categories and types of sources of potentially responsive information that are not searched, enabling the requesting party to decide whether to challenge that designation.

Two other areas of concern were expressed during the comment period.  One is the relationship to preservation.  A second, related concern is that this proposal would lead corporations to make information inaccessible in order to frustrate discovery.  As to the first concern, the Note is revised to clarify that the rule does not undermine or reduce common-law or statutory preservation obligations.  The Committee Note includes a reminder that a party may be obliged to preserve information stored on sources it has identified as not reasonably accessible, but in keeping with the approach taken in proposed Rule 37(f) does not attempt to state or define a preservation obligation. As to the second concern, many witnesses and comments rejected the argument that the rule would encourage entities

FEDERAL RULES OF CIVIL PROCEDURE          43

or individuals to "bury" information that is necessary or useful for business purposes or that regulations or statutes require them to retain. Moreover, the rule requires that the information identified as not reasonably accessible must be difficult to access by the producing party for all purposes, not for a particular litigation. A party that makes information "inaccessible" because it is likely to be discoverable in litigation is subject to sanctions now and would still be subject to sanctions under the proposed rule changes.

**The Proposed Rule and Committee Note**

**Rule 26(b)(2)**

The Committee recommends approval of the following amendment:

**Rule 26.  General Provisions Governing Discovery; Duty of Disclosure**

1               * * * * *

2       **(b) Discovery Scope and Limits.**  Unless otherwise limited by

3       order of the court in accordance with these rules, the scope of

4       discovery is as follows:

5               * * * * *

6           **(2)  Limitations.**

7               (**A**) By order, the court may alter the limits in these

8               rules on the number of depositions and interrogatories

9               or the length of depositions under Rule 30.  By order or

10              local rule, the court may also limit the number of

11              requests under Rule 36.

44        FEDERAL RULES OF CIVIL PROCEDURE

12    **(B)** A party need not provide discovery of electronically

13    stored information from sources that the party identifies

14    as not reasonably accessible because of undue burden or

15    cost. On motion to compel discovery or for a protective

16    order, the party from whom discovery is sought must

17    show that the information is not reasonably accessible

18    because of undue burden or cost. If that showing is

19    made, the court may nonetheless order discovery from

20    such sources if the requesting party shows good cause,

21    considering the limitations of Rule 26(b)(2)(C). The

22    court may specify conditions for the discovery.

23    **(C)** The frequency or extent of use of the discovery

24    methods otherwise permitted under these rules and by

25    any local rule shall be limited by the court if it

26    determines that: (i) the discovery sought is

27    unreasonably cumulative or duplicative, or is obtainable

28    from some other source that is more convenient, less

29    burdensome, or less expensive; (ii) the party seeking

30    discovery has had ample opportunity by discovery in

31    the action to obtain the information sought; or (iii) the

| | |
|---|---|
| 32 | burden or expense of the proposed discovery outweighs |
| 33 | its likely benefit, taking into account the needs of the |
| 34 | case, the amount in controversy, the parties' resources, |
| 35 | the importance of the issues at stake in the litigation, |
| 36 | and the importance of the proposed discovery in |
| 37 | resolving the issues. The court may act upon its own |
| 38 | initiative after reasonable notice or pursuant to a motion |
| 39 | under Rule 26(c). |
| 40 | * * * * * |

## Committee Note

**Subdivision (b)(2).**  The amendment to Rule 26(b)(2) is designed to address issues raised by difficulties in locating, retrieving, and providing discovery of some electronically stored information. Electronic storage systems often make it easier to locate and retrieve information.  These advantages are properly taken into account in determining the reasonable scope of discovery in a particular case.  But some sources of electronically stored information can be accessed only with substantial burden and cost. In a particular case, these burdens and costs may make the information on such sources not reasonably accessible.

It is not possible to define in a rule the different types of technological features that may affect the burdens and costs of accessing electronically stored information.  Information systems are designed to provide ready access to information used in regular ongoing activities. They also may be designed so as to provide ready access to information that is not regularly used.  But a system may retain information on sources that are accessible only by incurring substantial burdens or costs.  Subparagraph (B) is added to regulate discovery from such sources.

46          FEDERAL RULES OF CIVIL PROCEDURE

Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery. The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

A party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence. Whether a responding party is required to preserve unsearched sources of potentially responsive information that it believes are not reasonably accessible depends on the circumstances of each case. It is often useful for the parties to discuss this issue early in discovery.

The volume of — and the ability to search — much electronically stored information means that in many cases the responding party will be able to produce information from reasonably accessible sources that will fully satisfy the parties' discovery needs. In many circumstances the requesting party should obtain and evaluate the information from such sources before insisting that the responding party search and produce information contained on sources that are not reasonably accessible. If the requesting party continues to seek discovery of information from sources identified as not reasonably accessible, the parties should discuss the burdens and costs of accessing and retrieving the information, the needs that may establish good cause for requiring all or part of the requested discovery even if the information sought is not reasonably accessible, and conditions on obtaining and producing the information that may be appropriate.

If the parties cannot agree  whether, or on what terms, sources identified as not reasonably accessible should be searched and discoverable information produced, the issue may be raised either by a motion to compel discovery or by a motion for a protective order. The parties must confer before bringing either motion. If the parties do not resolve the issue and the court must decide, the responding party must

FEDERAL RULES OF CIVIL PROCEDURE                47

show that the identified sources of information are not reasonably accessible because of undue burden or cost.  The requesting party may need discovery to test this assertion.  Such discovery might take the form of requiring the responding party to conduct a sampling of information contained on the sources identified as not reasonably accessible; allowing some form of inspection of such sources; or taking depositions of witnesses knowledgeable about the responding party's information systems.

Once it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery.  The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case.  Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

The responding party has the burden as to one aspect of the inquiry — whether the identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found.  The requesting party has the burden of showing that its need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information.  In some cases, the court will be able to determine whether the identified sources are not reasonably accessible and whether the requesting party has shown good cause for some or all of the discovery, consistent with the limitations of Rule 26(b)(2)(C), through a single proceeding or presentation.  The good-cause determination, however, may be complicated because the court and parties may know little about what information the sources identified as

48          FEDERAL RULES OF CIVIL PROCEDURE

not reasonably accessible might contain, whether it is relevant, or how valuable it may be to the litigation. In such cases, the parties may need some focused discovery, which may include sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light of information that can be obtained by exhausting other opportunities for discovery.

The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery. The conditions may take the form of limits on the amount, type, or sources of information required to be accessed and produced. The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible. A requesting party's willingness to share or bear the access costs may be weighed by the court in determining whether there is good cause. But the producing party's burdens in reviewing the information for relevance and privilege may weigh against permitting the requested discovery.

The limitations of Rule 26(b)(2)(C) continue to apply to all discovery of electronically stored information, including that stored on reasonably accessible electronic sources.

---

### Changes Made after Publication and Comment

This recommendation modifies the version of the proposed rule amendment as published. Responding to comments that the published proposal seemed to require identification of information that cannot be identified because it is not reasonably accessible, the rule text was clarified by requiring identification of sources that are not reasonably accessible. The test of reasonable accessibility was clarified by adding "because of undue burden or cost."

The published proposal referred only to a motion by the requesting party to compel discovery. The rule text has been changed

FEDERAL RULES OF CIVIL PROCEDURE          49

to recognize that the responding party may wish to determine its search and potential preservation obligations by moving for a protective order.

The provision that the court may for good cause order discovery from sources that are not reasonably accessible is expanded in two ways. It now states specifically that the requesting party is the one who must show good cause, and it refers to consideration of the limitations on discovery set out in present Rule 26(b)(2)(i), (ii), and (iii).

The published proposal was added at the end of present Rule 26(b)(2). It has been relocated to become a new subparagraph (B), allocating present Rule 26(b)(2) to new subparagraphs (A) and (C). The Committee Note was changed to reflect the rule text revisions. It also was shortened. The shortening was accomplished in part by deleting references to problems that are likely to become antique as technology continues to evolve, and in part by deleting passages that were at a level of detail better suited for a practice manual than a Committee Note.

The changes from the published proposed amendment to Rule 26(b)(2) are set out below.

### Rule 26.  General Provisions Governing Discovery; Duty of Disclosure*

1    **(b) Discovery Scope and Limits.**  Unless otherwise limited by

2    order of the court in accordance with these rules, the scope of

3    discovery is as follows:

4                                    * * * * *

5        **(2)  Limitations.**

6  _____          * * * * *

50          FEDERAL RULES OF CIVIL PROCEDURE

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

7          **(B)** A party need not provide discovery of

8          electronically stored information from sources that

9          the party identifies as not reasonably accessible

10         because of undue burden or cost. On motion ~~by the~~

11         ~~requesting party~~ to compel discovery or for a

12         protective order, the ~~responding~~ party from whom

13         discovery is sought must show that the information

14         is not reasonably accessible because of undue

15         burden or cost. If that showing is made, the court

16         may nonetheless order discovery ~~of the information~~

17         from such sources ~~for~~ if the requesting party shows

18         good cause, considering the limitations of Rule

19         26(b)(2)(C).~~and~~ The court may specify ~~terms and~~

20         conditions for the discovery.

21         **(C)** . . . . ~~A party need not provide discovery of~~

22         ~~electronically stored information that the party~~

23         ~~identifies as not reasonably accessible. On motion~~

24         ~~by the requesting party, the responding party must~~

FEDERAL RULES OF CIVIL PROCEDURE          51

25          show that the information is not reasonably

26          accessible. If that showing is made, the court may

27          order discovery of the information for good cause

28          and may specify terms and conditions for such

29          discovery.

52          FEDERAL RULES OF CIVIL PROCEDURE

### iii.  Procedure For Asserting Claims of Privilege and Work
### Product Protection After Production:  Rule 26(b)(5)

### Introduction

Ever since the Committee began its intensive examination of discovery in 1996, a frequent complaint has been the expense and delay that accompany privilege review.  The Committee has long studied whether it could offer a rule that would helpfully address this problem, within the limitations of the Rules Enabling Act and 28 U.S.C. § 2074(b).  The Committee's more recent focus on electronic discovery revealed that the problems of privilege review are often more acute in that setting than with conventional discovery.  The volume of electronically stored information responsive to discovery and the varying ways such information is stored and displayed make it more difficult to review for privilege than paper.  The production of privileged material is a substantial risk and the costs and delay caused by privilege review are increasingly problematic.  The proposed amendment to Rule 26(b)(5) addresses these problems by setting up a procedure to assert privilege and work-product protection claims after production.

Under the proposed rule, if a party has produced information in discovery that it claims is privileged or protected as trial-preparation material, that party may notify the receiving party of the claim, stating the basis for it.  After receiving notification, the receiving party must return, sequester, or destroy the information, and may not use or disclose it to third parties until the claim is resolved.  The receiving party has the option of submitting the information directly to the court to decide whether the information is privileged or protected as claimed and, if so, whether a waiver has occurred.  A receiving party that has disclosed or provided the information to a nonparty before getting notice must take reasonable steps to obtain the return of the information.  The producing party must preserve the information pending the court's ruling on whether the information is privileged or protected and whether any privilege or work product protection has been waived or forfeited by production.

The proposed amendment does not address the substantive questions whether privilege or work product protection has been waived or forfeited.  Instead, the amendment sets up a procedure to allow the responding party to assert a claim of privilege or of work-product protection after production.  This supplements the existing procedure in Rule 26(b)(5) for a party that has withheld information on the ground of privilege or of protection to assert the claim, the requesting party to contest the claim, and the court to resolve the dispute.  It is a nod to the pressures of litigating with the amount and nature of electronically stored information available in the present age, a procedural device for addressing the increasingly costly and time-consuming efforts to reduce the number of inevitable blunders.

FEDERAL RULES OF CIVIL PROCEDURE          53

The published rule addressed claims of privilege, but did not specifically include claims of protection as trial-preparation material. During the comment period, many suggested adding work-product protection to the rule. Doing so is consistent with present Rule 26(b)(5)(A) and reflects the reality that privilege and work- product protection often overlap; review is conducted simultaneously; and both have waiver consequences, although the extent may differ. The Committee decided to include both privilege and protection as trial-preparation material in the rule.

The published rule required the producing party to assert the claim of privilege within a "reasonable time." Several concerns were raised about the "reasonable time" provision that convinced the Committee to delete it from the proposed rule. Under the law of many jurisdictions, whether a party asserted a privilege claim within a reasonable time is important to determining whether there is a waiver; focusing on a reasonable time might carry implications inconsistent with the Committee's intent to avoid the substantive law of privilege and privilege waiver. In addition, the "reasonable time" formulation was not tied to any particular triggering event, such as the date of production or the date when the responding party learned or should have learned that it had produced information subject to a privilege or protection claim. A "reasonable time" requirement unmoored to a particular triggering event proved confusing. It is deleted from the revised proposal. The deletion does not mean that parties are free to assert a privilege or protection claim at any point in the litigation. Courts will continue to examine whether such a claim was made at a reasonable time, but as part of determining whether a waiver has occurred under the substantive law governing that issue.

The proposed rule is also revised to include what many comments recommended: a provision authorizing the receiving party to submit the information asserted to be privileged or protected under seal to the court. As a related change, the rule language is revised to require the party asserting the claim to set out the basis for it when giving notice; the Committee Note states that the receiving party should submit that statement to the court, along with the information itself, if the receiving party chooses to contest the claim. The notice informs the court of the basis for the claim and allows the receiving party to use the submission to seek a ruling as to waiver, privilege or protection, or both. Additional rule and Note language are provided to clarify this point.

As published, the Note stated that after receiving notice that information is claimed to be privileged, the party that received the information may not disseminate or use the information until the claim is resolved. Many comments urged that this directive be elevated to the rule. The Committee decided to add the directive to the rule text itself, adding clarity and emphasizing the purpose of providing a consistent and predictable procedure and preserving the status quo pending resolution of claims asserted after production.

The published rule did not specifically address an obligation by the receiving party to retrieve information it disclosed to third parties before the responding party asserted a privilege claim. Although the Committee Note stated that a receiving party should attempt to obtain return of the information if

54          FEDERAL RULES OF CIVIL PROCEDURE

it had been disclosed to a nonparty, the absence of such language emerged as a concern during the comment period.  The Committee decided to address this issue in the rule text, but to limit any such obligation to "reasonable steps" to retrieve such information.  Such a formulation provides appropriate protection for the party asserting the claim pending its resolution, but also limits the burden on the receiving party.

The Committee specifically sought reaction during the comment period on whether to require the party that received the notice to certify compliance with the rule.  There was little support for this addition during the comment period.  One concern was that by requiring the creation of a new, separate document, such a provision would go beyond the certification that Rule 26(g) reads into the signature on a discovery document.  Imposing an added requirement on a party that did not make the mistake precipitating the problem in the first place also raised concerns.  The Committee decided not to include a certification requirement in the rule.

### The Proposed Rule and Committee Note

### Rule 26(b)(5)(B)

The Committee recommends approval of the following proposed amendment.

### Rule 26.  General Provisions Governing Discovery; Duty of Disclosure

1                              * * * * *

2          **(b) Discovery Scope and Limits.**  Unless otherwise limited by

3          order of the court in accordance with these rules, the scope of

4          discovery is as follows:

5                              * * * * *

6          **(5)      Claims of Privilege or Protection of Trial**

7          **Preparation Materials.**

8                    **(A)  Information Withheld.**  When a party withholds

9                    information otherwise discoverable under these rules by

FEDERAL RULES OF CIVIL PROCEDURE          55

10          claiming that it is privileged or subject to protection as

11          trial-preparation material, the party shall make the claim

12          expressly    and    shall    describe    the    nature    of    the

13          documents, communications, or things not produced or

14          disclosed    in    a    manner    that,    without    revealing

15          information itself privileged or protected, will enable

16          other parties to assess the applicability of the privilege

17          or protection.

18          **(B)**    **Information Produced.**    If information is

19          produced in discovery that is subject to a claim of

20          privilege or of protection as trial-preparation material,

21          the party making the claim may notify any party that

22          received the information of the claim and the basis for

23          it.  After being notified, a party must promptly return,

24          sequester, or destroy the specified information and any

25          copies    it    has    and    may    not    use    or    disclose    the

26          information until the claim is resolved.  A receiving

27          party may promptly present the information to the court

28          under seal for a determination of the claim.  If the

29          receiving party disclosed the information before being

56          FEDERAL RULES OF CIVIL PROCEDURE

30          <u>notified, it must take reasonable steps to retrieve it.  The</u>

31          <u>producing party must preserve the information until the</u>

32          <u>claim is resolved.</u>

33                              * * * * *

### Committee Note

**Subdivision (b)(5).**  The Committee has repeatedly been advised that the risk of privilege waiver, and the  work necessary to avoid it, add to the costs and delay of discovery.  When the review is of electronically stored information, the risk of waiver, and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed. Rule 26(b)(5)(A) provides a procedure for a party that has withheld information on the basis of privilege or protection as trial-preparation material to make the claim so that the requesting party can decide whether to contest the claim and the court can resolve the dispute.  Rule 26(b)(5)(B) is added to provide a procedure for a party to assert a claim of privilege or trial-preparation material protection after information is produced in discovery in the action and, if the claim is contested, permit any party that received the information to present the matter to the court for resolution.

Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production. The courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information.  Rule 26(b)(5)(B) provides a procedure for presenting and addressing these issues.  Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan, and which, with amended Rule 16(b), allows the parties to ask the court to include in an order any agreements the parties reach regarding issues of privilege or trial-preparation material protection.  Agreements reached under Rule 26(f)(4) and orders including such agreements entered under Rule 16(b)(6) may be considered when a court determines

FEDERAL RULES OF CIVIL PROCEDURE                57

whether a waiver has occurred.  Such agreements and orders ordinarily control if they adopt procedures different from those in Rule 26(b)(5)(B).

A party asserting a claim of privilege or protection after production must give notice to the receiving party.  That notice should be in writing unless the circumstances preclude it.  Such circumstances could include the assertion of the claim during a deposition.  The notice should be as specific as possible in identifying the information and stating the basis for the claim.  Because the receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived, the notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred.  Courts will continue to examine whether a claim of privilege or protection was made at a reasonable time when delay is part of the waiver determination under the governing law.

After receiving notice, each party that received the information must promptly return, sequester, or destroy the information and any copies it has.  The option of sequestering or destroying the information is included in part because the receiving party may have incorporated the information in protected trial-preparation materials.  No receiving party may use or disclose the information pending resolution of the privilege claim.  The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived.  If it does so, it must provide the court with the grounds for the privilege or protection specified in the producing party's notice, and serve all parties.  In presenting the question, the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

If a party disclosed the information to nonparties before receiving notice of a claim of privilege or protection as trial-preparation material, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

58          FEDERAL RULES OF CIVIL PROCEDURE

Whether the information is returned or not, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or of protection is properly asserted and whether it was waived.  As with claims made under Rule 26(b)(5)(A), there may be no ruling if the other parties do not contest the claim.

---

### Changes Made After Publication and Comment

The rule recommended for approval is modified from the published proposal.  The rule is expanded to include trial-preparation protection claims in addition to privilege claims.

The published proposal referred to production "without intending to waive a claim of privilege."  This reference to intent was deleted because many courts include intent in the factors that determine whether production waives privilege.

The published proposal required that the producing party give notice "within a reasonable time."  The time requirement was deleted because it seemed to implicate the question whether production effected a waiver, a question not addressed by the rule, and also because a receiving party cannot practicably ignore a notice that it believes was unreasonably delayed.  The notice procedure was further changed to require that the producing party state the basis for the claim.

Two statements in the published Note have been brought into the rule text. The first provides that the receiving party may not use or disclose the information until the claim is resolved.  The second provides that if the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.*

The rule text was expanded by adding a provision that the receiving party may promptly present the information to the court under seal for a determination of the claim.

---

*In response to concerns about the proposal raised at the June 15-16, 2005, Standing Committee meeting, the Committee Note was revised to emphasize that the courts will

FEDERAL RULES OF CIVIL PROCEDURE                59

continue to examine whether a privilege claim was made at a reasonable time, as part of substantive law.

The published proposal provided that the producing party must comply with Rule 26(b)(5)(A) after making the claim. This provision was deleted as unnecessary.

Changes are made in the Committee Note to reflect the changes in the rule text.

The changes from the published rule are shown below.

* * * * *

**Rule 26.  General Provisions Governing Discovery; Duty of Disclosure***

1                            * * * * *

2        **(5)    Claims of Privilege or Protection of Trial**

3        **Preparation Materials.**

4                **(A)** ~~*Privileged i*~~**Information Withheld.** When a party

5                withholds information otherwise discoverable under

6                these rules by claiming that it is privileged or subject to

7                protection as trial preparation material, the party shall

8                make the claim expressly and shall describe the nature

9                of the documents, communications, or things not

10               produced

60          FEDERAL RULES OF CIVIL PROCEDURE

12          or disclosed in a manner that, without revealing

13          information itself privileged or protected, will enable

------

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

14          other parties to assess the applicability of the privilege

15          or protection.

16          **(B)** ~~*Privileged i*~~*Information Produced.*  <u>If</u> ~~When a~~

17          ~~party produces~~ information <u>is produced</u> <u>in discovery</u>

18          <u>that is subject to a claim of privilege or of protection as</u>

19          <u>trial-preparation material,</u> ~~without intending to waive a~~

20          ~~claim of privilege,~~ <u>the</u>  <u>party making the claim</u> ~~it~~ may~~,~~

21          ~~within a reasonable time,~~ notify any party that received

22          the information of <u>the claim and the basis for it</u>~~s~~ ~~claim~~

23          ~~of privilege~~.   After being notified, a party must

24          promptly return, sequester, or destroy the specified

25          information and any copies <u>it has and may not use or</u>

26          <u>disclose the information until the claim is resolved.</u>  <u>A</u>

27          <u>receiving party may promptly present the information to</u>

28          <u>the court under seal for a determination of the claim</u>.  <u>If</u>

29          <u>the receiving party disclosed the information before</u>

FEDERAL RULES OF CIVIL PROCEDURE          61

30          being notified, it must take reasonable steps to retrieve

31          it.  The

32          producing party must comply with Rule 26(b)(5)(A)

33          with regard to the information and preserve it the

34          information until the privilege claim is resolved pending

35          a ruling by the court.

62       FEDERAL RULES OF CIVIL PROCEDURE

**iv.  Interrogatories and Requests for Production Involving
Electronically Stored Information:  Rules 33 and 34(a) and (b)**

**Introduction**

**(a).    Rule 33**

The proposed amendment to Rule 33 clarifies how the option to produce business records to respond to an interrogatory operates in the information age.  The rule is amended to make clear that the option to produce business records or make them available for examination, audit, or inspection, includes electronically stored information.  The Note language clarifies how the limitation in Rule 33(d), permitting the production of records to respond to an interrogatory when "the burden of deriving or ascertaining the answer" is substantially the same for either party, applies to electronically stored information.  The Note explains that depending on the circumstances, "the responding party may be required to provide some combination of technical support, information on application software, or other assistance" to enable the interrogating party to derive or ascertain the answer from the electronically stored information as readily as the responding party.  In response to comments, the Note has been revised from the published version to clarify when such support might include direct access to a party's electronic information system.  Because such access may raise sensitive problems of confidentiality or privacy, the Note states that the responding party may choose to derive or ascertain the answer itself.

**(b).    Rule 34**

The proposed amendment to Rule 34(a) adds "electronically stored information" as a category subject to production, in addition to "documents."  Rule 34(b) is amended to add procedures for requesting and objecting to the form for producing such information and to provide "default" forms of production.  Such requests and objections did not arise with paper discovery, because paper can generally be produced in only one form.  By contrast, electronically stored information may exist in a number of different forms, some of which may be inappropriate for the litigation or costly or burdensome for the requesting or responding party.

*Rule 34(a)*

Adding "electronically stored information" to Rule 34(a)'s list of what is subject to production is an obvious change.  In 1970, this list was revised to add "data or data compilations."  This discovery rule revision was made to accommodate changes in technology; it is safe to say that the technological developments that prompted the 1970 amendment have been dwarfed by the revolution in information technology in the intervening decades, which we are grappling with today.  The gap between the rule's present terminology and existing technology is exacerbated by the inclusion of "phonorecords" in the items subject to discovery and the reference to having to use "detection devices" to translate data or

FEDERAL RULES OF CIVIL PROCEDURE          63

compilations into a usable form.  Proposed revisions made since publication delete the archaic and redundant words "through detection devices," from the rule text.   The term "electronically stored information" was further focused by addition of the word "stored" to Rule 34(a)(1), so that it speaks of information "stored" in any medium.

The public comments focused on whether "electronically stored information" should be included within the term "documents," or whether it should be a third category with "documents" and "things." The Committee heard that good arguments support both choices and that few negative consequences flow from either choice.   The Committee decided to recommend making "electronically stored information" separate from "documents."  Although courts and litigants have included such information in the word "documents" to make it discoverable under the present rule language, there are significant and growing differences that the distinction acknowledges.   During the hearings, many technically sophisticated witnesses confirmed that significant types of electronically stored information — most notably dynamic databases — are extremely difficult to characterize as "documents."  When the Advisory Committee decided in 1970 to include "data or data compilations" as a subset of "documents," the Committee expected that the rule would require a producing party to provide a "print-out of computer data."   By contrast, while electronically stored information often can be produced in the form of a document, it also exists, and will more often be produced, in forms other than a document.  Rather than continue to try to stretch the word "document" to make it fit this new category of stored information, the published proposed amendment to Rule 34 explicitly recognized electronically stored information as a separate category.

Some comments expressed concern that  parties seeking production of "documents" under Rule 34 might not receive electronically stored information and would have to ask for it specifically.  Note language responds to this concern.  Even if a request refers only to documents — or to electronically stored information — the responding party must produce responsive information no matter what the storage form may be.  In addition, the rules provide other steps that should alert a party to request electronically stored information if it is involved in a case.  The parties are directed by Rule 26(f) to discuss discovery of electronically stored information if such discovery will occur in the case, and Rule 34(b) permits the requesting party to specify the form or forms for production of electronically stored information.

One other drafting matter with respect to Rule 34(a) deserves mention:  the significance of the listed items in the parenthetical following the word "documents" in the current rule and the published draft.  During the public comment period, some asked whether the listed items in that parenthetical refer only to "documents," and not "electronically stored information.  The items listed  refer, as applicable, to either or both electronically stored information and documents.   For example, "data compilations" could be produced as paper, in a print-out of electronically stored information, or in electronic form; an "image" could be in a document or in an electronic form.  The items listed reflect the breadth of both the terms "documents" and "electronically stored information."  To clarify this point, redrafting after the

64          FEDERAL RULES OF CIVIL PROCEDURE

public comment period reversed the order of "documents" and "electronically stored information" and changed the punctuation to replace the parentheses with a dash.

*Rule 34(b)*

Proposed amended Rule 34(b) provides a procedure for an issue that generally does not arise with paper discovery — electronically stored information exists and can be produced in a number of forms. The form or forms in which it is kept may not be a form that the requesting party can use or use efficiently or that the responding party wants to use for production. The form of producing electronically stored information is increasingly a source of dispute in discovery. The proposed amendment provides a structure and procedure for the parties to identify the form or forms of production that are most useful or appropriate for the litigation; provides guidance to the responding party if no request, order, or agreement specifies the form or forms of production; and provides guidance to the court if there is a dispute.

Proposed amended Rule 34(b) allows, but does not require, a requesting party to specify a form or forms for producing electronically stored information, clarifies that a responding party's objection to a request may include an objection to the specified form, requires a responding party to state the form or forms it intends to use for production in the written response it must file to the production request, and provides "default" forms of production to apply if the requesting party did not specify a form and there is no agreement or order requiring a particular form.

During the public comment period, concern was expressed as to the published language that described the so-called default forms of production. Rule 34(b), as published, stated that if the parties did not agree on forms of producing electronically stored information, and the court did not order specific forms of production, the responding party could produce in a "form in which it is ordinarily maintained, or in an electronically searchable form." These alternatives were intended to provide functional analogues to the existing rule language that provides choices for producing hard-copy documents: the form in which they are kept in the usual course of business or organized and labeled to correspond to the categories in the request. A number of commentators expressed concern that "a form ordinarily maintained" required "native format" production, which can have disadvantages ranging from an inability to redact, leading to privilege problems; an inability to bates-stamp the "document" for purposes of litigation management and control, which is not an insignificant consideration, particularly in complex multi-party cases; and the receiving party's ability to create "documents" from the produced native format data and present them back to the producing party as deposition or proposed trial exhibits that, while based on the native format data produced, are totally unfamiliar to the producing party. The commentators expressed concern that the alternative provided, an "electronically searchable form," might exert pressure for "native format" production due to the difficulties that attend providing an electronically searchable form. Other comments challenged this alternative default as a standard that should not be applied for all cases. A form that is readily searchable on one party's system may not be

FEDERAL RULES OF CIVIL PROCEDURE              65

easily searched, or searched at all, on another party's system.  And there is a converse concern that the requesting party might insist on production in a form searchable in its own unique system, imposing undue conversion costs on the producing party.  Other information may exist in an electronic form that is not searchable in any meaningful sense.  Requiring electronic searchability, moreover, may be unnecessary or even unwanted in some cases.  Many parties continue to seek and provide information in paper form by printing out electronic files.  On the other hand, commentators noted that it is important to frame the rule to provide the same kind of protection against discovery abuse that is provided for paper discovery by the present choice between producing  documents as they are kept in the usual course of business  or  organized  and  labelled  to  correspond  with  the  categories  in  the  request.      Producing electronically stored information with the ability to search by electronic means removed or degraded is the electronic discovery version of the "document dump," the production of large amounts of paper with no organization or order.

In response to these and other concerns, rule and Note language have been revised.  The existing language of Rule 34(a) provided the starting point, by requiring a responding party to "translate" electronic information, if necessary, "into reasonably usable form."  The Committee was concerned in its discussion that the Rule 34(b) "default" forms of production should be consistent with this Rule 34(a) requirement.  After discussion, the Committee decided to retain the published rule language that one default form of production be the form or forms in which the responding party ordinarily maintains the information, but to make the alternative "a form or forms  that are reasonably usable."  Under Rule 34(a) and (b), the form or forms in which the responding party ordinarily maintains its information can be the default choice of the responding party, but if necessary that party might have to translate the information to make it "reasonably usable."   Or the responding party can choose a form that it does not ordinarily use, as long as it is reasonably usable.  This is consistent with Rule 34(a) as it has stood since 1970.

If the information is maintained in a way that is not usable by anyone –  for example, it may be stored on obsolete sources or require equipment that is unavailable – the problem is properly addressed under Rule 26(b)(2), which covers electronically stored information that is not reasonably accessible. If the requesting party has esoteric or idiosyncratic features on its information system that would be unduly burdensome or costly for the responding party to accommodate, producing the information in a form that can be used with software that is in general commercial use should be "reasonably usable."

During the comment period, as noted, concerns were raised about whether the "default forms" of production would permit responding parties to produce electronically stored information in ways that remove or degrade functions that are useful to the requesting party, such as features that make it electronically searchable. Committee Note language responds to this concern, stating that the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.  If the responding party ordinarily maintains the information it is producing in a way that

66          FEDERAL RULES OF CIVIL PROCEDURE

makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Rule 34(b) was changed from the published version to permit the parties to specify the form "or forms" for production of electronically stored information. This change recognizes the fact that different types of information may best be produced in different forms. In addition, the provision stating that a producing party need produce the same electronically stored information in only one form was relocated to make it clear that this limitation applies when the requesting party specifies the desired form or forms in the request.

<b>The Proposed Rules and Committee Notes</b>

<b>Rule 33</b>

The Committee recommends approval of the following amendment:

<b>Rule 33.  Interrogatories to Parties</b>

1               * * * * *

2         **(d)  Option to Produce Business Records.**  Where the answer

3         to an interrogatory may be derived or ascertained from the

4         business records, including electronically stored information, of

5         the party upon whom the interrogatory has been served or from

6         an examination, audit or inspection of such business records,

7         including a compilation, abstract or summary thereof, and the

8         burden of deriving or ascertaining the answer is substantially

9         the same for the party serving the interrogatory as for the party

10        served, it is a sufficient answer to such interrogatory to specify

11        the records from which the answer may be derived or

FEDERAL RULES OF CIVIL PROCEDURE                    67

12      ascertained and to afford to the party serving the interrogatory

13      reasonable opportunity to examine, audit or inspect such records

14      and to make copies, compilations, abstracts, or summaries.  A

15      specification shall be in sufficient detail to permit the

16      interrogating party to locate and to identify, as readily as can the

17      party served, the records from which the answer may be

18      ascertained.

19                              * * * * *

### Committee Note

Rule 33(d) is amended to parallel Rule 34(a) by recognizing the importance of electronically stored information.  The term "electronically stored information" has the same broad meaning in Rule 33(d) as in Rule 34(a).  Much business information is stored only in electronic form; the Rule 33(d) option should be available with respect to such records as well.

Special difficulties may arise in using electronically stored information, either due to its form or because it is dependent on a particular computer system.  Rule 33(d) allows a responding party to substitute access to documents or electronically stored information for an answer only if the burden of deriving the answer will be substantially the same for either party.  Rule 33(d) states that a party electing to respond to an interrogatory by providing electronically stored information must ensure that the interrogating party can locate and identify it "as readily as can the party served," and that the responding party must give the interrogating party a "reasonable opportunity to examine, audit, or inspect" the information.  Depending on the circumstances, satisfying these provisions with regard to electronically stored information may require the responding party to provide some combination of technical support, information on application software, or other assistance.  The key question is whether such support enables

the interrogating party to derive or ascertain the answer from the electronically stored information as readily as the responding party. A party that wishes to invoke Rule 33(d) by specifying electronically stored information may be required to provide direct access to its electronic information system, but only if that is necessary to afford the requesting party an adequate opportunity to derive or ascertain the answer to the interrogatory. In that situation, the responding party's need to protect sensitive interests of confidentiality or privacy may mean that it must derive or ascertain and provide the answer itself rather than invoke Rule 33(d).

---

### Changes Made after Publication and Comment

No changes are made to the rule text. The Committee Note is changed to reflect the sensitivities that limit direct access by a requesting party to a responding party's information system. If direct access to the responding party's system is the only way to enable a requesting party to locate and identify the records from which the answer may be ascertained, the responding party may choose to derive or ascertain the answer itself.

### Rule 34

The Committee recommends the following rule amendment and accompanying Committee Note:

### Rule 34.  Production of Documents, Electronically Stored Information, and Things and Entry Upon Land for Inspection and Other Purposes

1    **(a) Scope.**  Any party may serve on any other party a request

2    (1) to produce and permit the party making the request, or

3    someone acting on the requestor's behalf, to inspect, and copy,

4    test, or sample any designated documents or electronically

5    stored information — (including writings, drawings, graphs,

FEDERAL RULES OF CIVIL PROCEDURE          69

6    charts, photographs, <u>sound recordings, images</u> ~~phonorecords~~,

7    and other <u>data or</u> data compilations <u>stored in any medium</u> from

8    which information can be obtained~~;~~ — translated, if necessary,

9    by the respondent ~~through detection devices~~ into reasonably

10   usable form~~)~~, or to inspect<u>,</u> ~~and~~ copy, test, or sample any

11   <u>designated</u> tangible things which constitute or contain matters

12   within the scope of Rule 26(b) and which are in the possession,

13   custody or control of the party upon whom the request is served;

14   or (2) to permit entry upon designated land or other property in

15   the possession or control of the party upon whom the request is

16   served for the purpose of inspection and measuring, surveying,

17   photographing, testing, or sampling the property or any

18   designated object or operation thereon, within the scope of Rule

19   26(b).

20   **(b) Procedure.** The request shall set forth, either by individual

21   item or by category, the items to be inspected, and describe each

22   with reasonable particularity. The request shall specify a

23   reasonable time, place, and manner of making the inspection

24   and performing the related acts. <u>The request may specify the</u>

25   <u>form or forms in which electronically stored information is to</u>

70          FEDERAL RULES OF CIVIL PROCEDURE

26    be produced.  Without leave of court or written stipulation, a

27    request may not be served before the time specified in Rule

28    26(d).

29         The party upon whom the request is served shall serve a

30    written response within 30 days after the service of the request.

31    A shorter or longer time may be directed by the court or, in the

32    absence of such an order, agreed to in writing by the parties,

33    subject to Rule 29.  The response shall state, with respect to

34    each item or category, that inspection and related activities will

35    be permitted as requested, unless the request is objected to,

36    including an objection to the requested form or forms for

37    producing electronically stored information, in which event

38    stating the reasons for the objection shall be stated.  If objection

39    is made to part of an item or category, the part shall be specified

40    and inspection permitted of the remaining parts. If objection is

41    made to the requested form or forms for producing

42    electronically stored information – or if no form was specified

43    in the request – the responding party must state the form or

44    forms it intends to use.  The party submitting the request may

45    move for an order under Rule 37(a) with respect to any

46    objection to or other failure to respond to the request or any part

47    thereof, or any failure to permit inspection as requested.

48         Unless the parties otherwise agree, or the court otherwise

49    orders:

50         **(i)** A~a party who produces documents for inspection shall

51         produce them as they are kept in the usual course of

52         business or shall organize and label them to correspond with

53         the categories in the request~.~;

54         **(ii)** if a request does not specify the form or forms for

55         producing electronically stored information, a responding

56         party must produce the information in a form or forms in

57         which it is ordinarily maintained or in a form or forms that

58         are reasonably usable; and

59         **(iii)** a party need not produce the same electronically stored

60         information in more than one form.

* * * * *

## Committee Note

**Subdivision (a)**.  As originally adopted, Rule 34 focused on
discovery of "documents" and "things."  In 1970, Rule 34(a) was
amended to include discovery of data compilations, anticipating that the
use of computerized information would increase.  Since then, the
growth in electronically stored information and in the variety of systems
for creating and storing such information has been dramatic.  Lawyers

72          FEDERAL RULES OF CIVIL PROCEDURE

and judges interpreted the term "documents" to include electronically stored information because it was obviously improper to allow a party to evade discovery obligations on the basis that the label had not kept pace with changes in information technology. But it has become increasingly difficult to say that all forms of electronically stored information, many dynamic in nature, fit within the traditional concept of a "document." Electronically stored information may exist in dynamic databases and other forms far different from fixed expression on paper. Rule 34(a) is amended to confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents. The change clarifies that Rule 34 applies to information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined. At the same time, a Rule 34 request for production of "documents" should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and "documents."

Discoverable information often exists in both paper and electronic form, and the same or similar information might exist in both. The items listed in Rule 34(a) show different ways in which information may be recorded or stored. Images, for example, might be hard-copy documents or electronically stored information. The wide variety of computer systems currently in use, and the rapidity of technological change, counsel against a limiting or precise definition of electronically stored information. Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail. The rule covers — either as documents or as electronically stored information — information "stored in any medium," to encompass future develop-ments in computer technology. Rule 34(a)(1) is intended to be broad enough to cover all current types of computer-based information, and flexible enough to encompass future changes and developments.

References elsewhere in the rules to "electronically stored information" should be understood to invoke this expansive approach. A companion change is made to Rule 33(d), making it explicit that parties choosing to respond to an interrogatory by permitting access to

FEDERAL RULES OF CIVIL PROCEDURE          73

responsive records may do so by providing access to electronically stored information.  More generally, the term used in Rule 34(a)(1) appears in a number of other amendments, such as  those to Rules 26(a)(1), 26(b)(2), 26(b)(5)(B), 26(f), 34(b), 37(f), and 45.  In each of these rules, electronically stored information has the same broad meaning it has under Rule 34(a)(1).  References to "documents" appear in discovery rules that are not amended, including Rules 30(f), 36(a), and 37(c)(2).  These references should be interpreted to include electronically stored information as circumstances warrant.

The term "electronically stored information" is broad, but whether material that falls within this term should be produced, and in what form, are separate questions that must be addressed under Rules 26(b),  26(c), and 34(b).

The Rule 34(a) requirement that, if necessary, a party producing electronically stored information translate it into reasonably usable form does not address the issue of translating from one human language to another.  *See In re Puerto Rico Elect. Power Auth.*, 687 F.2d 501, 504-510 (1st Cir. 1989).

Rule 34(a)(1) is also amended to make clear that parties may request an opportunity to test or sample materials sought under the rule in addition to inspecting and copying them.  That opportunity may be important for both electronically stored information and hard-copy materials.  The current rule is not clear that such testing or sampling is authorized; the amendment expressly permits it.  As with any other form of discovery, issues of burden and intrusiveness raised by requests to test or sample can be addressed under Rules 26(b)(2) and 26(c).  Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy.  The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances.  Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

74          FEDERAL RULES OF CIVIL PROCEDURE

Rule 34(a)(1) is further amended to make clear that tangible things must — like documents and land sought to be examined — be designated in the request.

**Subdivision (b).** Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party. Rule 34(b) is amended to ensure similar protection for electronically stored information.

The amendment to Rule 34(b) permits the requesting party to designate the form or forms in which it wants electronically stored information produced. The form of production is more important to the exchange of electronically stored information than of hard-copy materials, although a party might specify hard copy as the requested form. Specification of the desired form or forms may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information. The rule recognizes that different forms of production may be appropriate for different types of electronically stored information. Using current technology, for example, a party might be called upon to produce word processing documents, e-mail messages, electronic spreadsheets, different image or sound files, and material from databases. Requiring that such diverse types of electronically stored information all be produced in the same form could prove impossible, and even if possible could increase the cost and burdens of producing and using the information. The rule therefore provides that the requesting party may ask for different forms of production for different types of electronically stored information.

The rule does not require that the requesting party choose a form or forms of production. The requesting party may not have a preference. In some cases, the requesting party may not know what form the producing party uses to maintain its electronically stored information, although Rule 26(f)(3) is amended to call for discussion of the form of production in the parties' prediscovery conference.

FEDERAL RULES OF CIVIL PROCEDURE          75

The responding party also is involved in determining the form of production.  In the written response to the production request that Rule 34 requires, the responding party must state the form it intends to use for producing electronically stored information if the requesting party does not specify a form or if the responding party objects to a form that the requesting party specifies.  Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before the expense and work of the production occurs.  A party that responds to a discovery request by simply producing electronically stored information in a form of its choice, without identifying that form in advance of the production in the response required by Rule 34(b), runs a risk that the requesting party can show that the produced form is not reasonably usable and that it is entitled to production of some or all of the information in an additional form.  Additional time might be required to permit a responding party to assess the appropriate form or forms of production.

If the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer under Rule 37(a)(2)(B) in an effort to resolve the matter before the requesting party can file a motion to compel.  If they cannot agree and the court  resolves the dispute, the court is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in this rule for situations in which there is no court order or party agreement.

If the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable.  Rule 34(a) requires that, if necessary, a responding party "translate" information it produces into a "reasonably usable" form.  Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information.  The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form.  But the option to produce in a reasonably usable form does not mean that a responding

76          FEDERAL RULES OF CIVIL PROCEDURE

party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Some electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party. One example is "legacy" data that can be used only by superseded systems. The questions whether a producing party should be required to convert such information to a more usable form, or should be required to produce it at all, should be addressed under Rule 26(b)(2)(B).

Whether or not the requesting party specified the form of production, Rule 34(b) provides that the same electronically stored information ordinarily need be produced in only one form.

---

## Changes Made after Publication and Comment

The proposed amendment recommended for approval has been modified from the published version. The sequence of "documents or electronically stored information" is changed to emphasize that the parenthetical exemplifications apply equally to illustrate "documents" and "electronically stored information." The reference to "detection devices" is deleted as redundant with "translated" and as archaic.

The references to the form of production are changed in the rule and Committee Note to refer also to "forms." Different forms may be appropriate or necessary for different sources of information.

The published proposal allowed the requesting party to specify a form for production and recognized that the responding party could object to the requested form. This procedure is now amplified by directing that the responding party state the form or forms it intends to use for production if the request does not specify a form or if the responding party objects to the requested form.

FEDERAL RULES OF CIVIL PROCEDURE          77

The default forms of production to be used when the parties do not agree on a form and there is no court order are changed in part. As in the published proposal, one default form is "a form or forms in which [electronically stored information] is ordinarily maintained." The alternative default form, however, is changed from "an electronically searchable form" to "a form or forms that are reasonably usable." "[A]n electronically searchable form" proved to have several defects. Some electronically stored information cannot be searched electronically. In addition, there often are many different levels of electronic searchability — the published default would authorize production in a minimally searchable form even though more easily searched forms might be available at equal or less cost to the responding party.

The provision that absent court order a party need not produce the same electronically stored information in more than one form was moved to become a separate item for the sake of emphasis.

The Committee Note was changed to reflect these changes in rule text, and also to clarify many aspects of the published Note. In addition, the Note was expanded to add a caveat to the published amendment that establishes the rule that documents — and now electronically stored information — may be tested and sampled as well as inspected and copied. Fears were expressed that testing and sampling might imply routine direct access to a party's information system. The Note states that direct access is not a routine right, "although such access might be justified in some circumstances."

The changes in the rule text since publication are set out below.

78            FEDERAL RULES OF CIVIL PROCEDURE

**Rule 34.  Production of Documents, Electronically Stored Information, and Things and Entry Upon Land for Inspection and Other Purposes**\*

1      **(a) Scope.**  Any party may serve on any other party a request

2      (1)

2      to produce and permit the party making the request, or someone

3      acting on the requestor's behalf, to inspect, copy, test, or sample

4      any designated <u>documents or</u> electronically stored information

5      ~~or any designated documents~~ ( – including writings, drawings,

6      graphs, charts, photographs, sound recordings, images, and

7      other data or data compilations <u>stored</u> in any medium – from

8      which information can be obtained, translated, if necessary, by

9      the respondent ~~through detection devices~~ into reasonably usable

10     form), . . .

11                              * * * * *

12     **(b) Procedure.**  The request shall set forth, either by individual

13     item or by category, the items to be inspected, and describe each

14     with  reasonable  particularity.   The  request  shall  specify  a

15     reasonable time, place, and manner of making the inspection

16     and

FEDERAL RULES OF CIVIL PROCEDURE                79

*Changes from the proposal published for public comment shown by double-
underlining new material and striking through omitted matter.

16      performing the related acts.  The request may specify the form

17      or

18      forms in which electronically stored information is to be

19      produced.

20                          * * * * *

21      The response shall state, with respect to each item or category,

22      that inspection and related activities will be permitted as

23      requested, unless the request is objected to, including an

24      objection to the requested form or forms for producing

25      electronically stored information, stating the reasons for the

26      objection.  If objection is made to part of an item or category,

27      the part shall be specified and inspection permitted of the

28      remaining parts.  If objection is made to the requested form or

29      forms for producing electronically stored information — or if

30      no form was specified in the request — the responding party

31      must state the form or forms it intends to use.  The party

32      submitting the request may move for an order under Rule 37(a)

33      with respect to any objection to or other failure to respond to the

80          FEDERAL RULES OF CIVIL PROCEDURE

34    request or any part thereof, or any failure to permit inspection

35    as requested.

36          Unless the parties otherwise agree, or the court

37          otherwise orders,

38                          * * * * *

39          **(ii)** if a request for electronically stored information

40          does not specify the form <u>or forms</u> of production, a

41          responding party must produce the information in a

42          form <u>or forms</u> in which it is ordinarily maintained or in

43          ~~an electronically searchable form~~ <u>a form or forms that</u>

44          <u>are reasonably usable;</u> ~~The party need only produce~~

45          ~~such information in one form.~~ <u>and</u>

46          **(iii)** <u>a party need not produce the same electronically</u>

47          <u>stored information in more than one form.</u>

FEDERAL RULES OF CIVIL PROCEDURE          81

**v.  Sanctions for a Certain Type of Loss of Electronically
Stored Information:  Rule 37(f)**

**Introduction**

Proposed Rule 37(f) responds to a distinctive feature of electronic information systems, the routine modification, overwriting, and deletion of information that attends normal use.  The proposed rule provides limited protection against sanctions for a party's inability to provide electronically stored information in discovery when that information has been lost as a result of the routine operation of an electronic information system, as long as that operation is in good faith.

Examples of this feature in present systems include programs that recycle storage media kept for brief periods against the possibility of a disaster that broadly affects computer operations; automatic overwriting of information that has been "deleted"; programs that change metadata (automatically created identifying information about the history or management of an electronic file) to reflect the latest access to particular electronically stored information; and programs that automatically discard information that has not been accessed within a defined period or that exists beyond a defined period without an affirmative effort to store it for a longer period.  Similarly, many database programs automatically create, discard, or update information without specific direction from, or awareness of, users.  By protecting against sanctions for loss of information as a result of the routine operation of a computer system, the proposed rule recognizes that such automatic features are essential to the operation of electronic information systems.  The proposed rule also recognizes that suspending or interrupting these features can be prohibitively expensive and burdensome, again in ways that have no counterpart to managing hard-copy information.  One reason is that hard-copy document retention and destruction programs are not intertwined with, nor an inextricable part of, ongoing business processes.  A data producer can warehouse large volumes of papers without affecting ongoing activities and can maintain and manage  hard-copy records separately from the creation of products or services.  By contrast, electronic information is usually part of the data producer's activities, whether it be the manufacture of products or the provision of services.  It can be difficult to interrupt the routine operation of computer systems to isolate and preserve discrete parts of the information they overwrite, delete, or update on an ongoing basis, without creating problems for the larger system.  It is unrealistic to expect parties to stop such routine operation of their computer systems as soon as they anticipate litigation.  It is also undesirable; the result would be even greater accumulation of duplicative and irrelevant data that must be reviewed, making discovery more expensive and time-consuming.  There is considerable uncertainty as to whether a party — particularly a party that produces large amounts of information — nonetheless has to interrupt the operation of the electronic information systems it is using to avoid any loss of information because of the possibility that it might be sought in discovery, or risk severe sanctions.

82                 FEDERAL RULES OF CIVIL PROCEDURE

Proposed Rule 37(f) is not intended to provide a shield for parties that intentionally destroy information because of its relationship to litigation by, for example, exploiting the routine operation of an information system to target specific electronically stored information for destruction in order to avoid producing that information in discovery.  Defining the culpability standard that would make a party ineligible for protection under Rule 37(f) presented a challenge.  Rule 37(f) was therefore published in two versions and the Committee particularly invited commentary on the appropriate culpability standard.  The text version adopted essentially a negligence test, requiring that the party seeking protection under the proposed rule have taken reasonable steps to preserve information after it knew the information was discoverable in the action.  A footnote offered an alternative version setting a higher culpability threshold — that sanctions could not be imposed unless the party intentionally or recklessly failed to preserve the information.  Both versions of the published Rule 37(f) draft also precluded protection when the loss of the information violated a court order.

Much public commentary focused on Rule 37(f).  A number of comments urged that the text version — precluding any protection under the rule even for negligent loss of information — provided no meaningful protection, but rather protected against conduct unlikely to be sanctioned in the first place.  Any mistake in interrupting the routine operation of a computer system might be found not reasonable, defeating application of the rule.  Others urged that the footnote version was too restrictive.  Proving that a litigant acted intentionally or recklessly in permitting the regular operation of an information system to continue might prove quite difficult and require discovery and fact-finding that could involve inquiry into difficult subjective issues.  Adopting the footnote version could insulate conduct that should be subject to sanctions.

Public commentary also focused on the court-order provision included in both published drafts.  Many argued that this provision would promote applications for preservation orders as a way to defeat application of the proposed rule.  Others urged that the court-order provision be narrowed to orders that "specifically" called for preservation of certain electronically stored information, for fear that broad preservation orders would nullify the Rule 37(f) protection altogether.

Public commentary also emphasized the possible relationship between Rule 37(f) and the proposed amendment to Rule 26(b)(2) that — unless the court orders discovery — excuses a responding party from providing discovery of electronically stored information that is not reasonably accessible.  Many commentators expressed a concern or expectation that the interaction of Rules 26(b)(2) and 37(f) meant that absent a preservation order, there would be no obligation to preserve information a party contended was not reasonably accessible because such information was not "discoverable" under Rule 26(b)(2).

The Advisory Committee carefully considered the comments and made adjustments in the rule and the Note to respond to them.  It retained the fundamental focus on the routine operation of an electronic information system.  But it revised Rule 37(f) to adopt a culpability standard intermediate

FEDERAL RULES OF CIVIL PROCEDURE              83

between the two published versions.  The proposed rule provides protection from sanctions only for the "good faith" routine operation of an electronic information system.

As the Note explains, good faith may require that a party intervene to suspend certain features of the routine operation of an information system to prevent loss of information subject to preservation obligations.  Such intervention  is often called a "litigation hold."  The rule itself does not purport to create or affect such preservation obligations, but recognizes that they may arise from many sources, including common law, statutes, and regulations.  The steps taken to implement an effective litigation hold bear on good faith, as does compliance with any agreements the parties have reached regarding preservation and with any court orders directing preservation.  Such party agreements may emerge from the early discovery-planning conference, which the proposed amendments to Rule 26(f) provide should include discussion of preserving discoverable information.

The revised rule also includes a provision that permits sanctions in "exceptional circumstances" even when information is lost because of a party's good-faith routine operation of a computer system.  The exceptional circumstances provision adds flexibility not included in the published drafts.

The Advisory Committee also decided that the court-order provision should be removed from the rule.  Many comments noted that the provision would create an incentive to obtain a preservation order to make the rule's protection unavailable.  As stated in the Note to Rule 26(f) (regarding the discussion of preservation during the discovery-planning conference), preservation orders should not be routinely entered.  The existence of a court order remains important, however; as the Rule 37(f) Note recognizes, steps taken to comply with orders calling for preservation of information bear on the good faith of a party that has lost information due to the routine operation of a computer system.

To respond to concerns that the proposed rule would insulate routine destruction of information on sources a party identifies as not reasonably accessible, the Notes to both Rules 37(f) and 26(b)(2) have been revised to make clear that there is no necessary linkage between these rules.  Thus, the Rule 37(f) Note says that good faith may require preservation of information on sources a party believes are not reasonably accessible under Rule 26(b)(2).

In addition, the Advisory Committee changed the reference to routine operation from "a party's" information system to "an" information system.  This change recognizes that in many cases, a party's electronically stored information is actually stored on a system owned by another, such as a vendor in a contractual relationship with the party.  Absent this change, the rule could result in holding a party subject to sanctions for the loss of  information  resulting from the routine, good-faith operation of a computer system because the information was on a system operated by a vendor or other entity.  The rule continues to focus on the party's good faith in the operation of a system containing the party's information.  For example, if a party stored certain electronically stored information on a vendor's

84          FEDERAL RULES OF CIVIL PROCEDURE

computer system and that information became subject to a preservation obligation, the party's good faith would be measured by its efforts to arrange for the preservation of the information on that system.

### The Proposed Rule and Committee Note

### Rule 37(f)

The Committee recommends approval of the following proposed amendment:

**Rule 37.   Failure to Make Disclosures or Cooperate in Discovery; Sanctions**

\* \* \* \* \*

1    **(f)  Electronically stored information.**   Absent exceptional

2    circumstances, a court may not impose sanctions under these

3    rules on a party for failing to provide electronically stored

4    information lost as a result of the routine, good-faith operation

5    of an electronic information system.

### Committee Note

**Subdivision (f).**   Subdivision (f) is new.   It focuses on a distinctive feature of computer operations, the routine alteration and deletion of information that attends ordinary use.   Many steps essential to computer operation may alter or destroy information, for reasons that have nothing to do with how that information might relate to litigation. As a result, the ordinary operation of computer systems creates a risk that a party may lose potentially discoverable information without culpable conduct on its part.   Under Rule 37(f), absent exceptional circumstances, sanctions cannot be imposed for loss of electronically stored information resulting from the routine, good-faith operation of an electronic information system.

FEDERAL RULES OF CIVIL PROCEDURE              85

Rule 37(f) applies only to information lost due to the "routine operation of an electronic information system" — the ways in which such systems are generally designed, programmed, and implemented to meet the party's technical and business needs. The "routine operation" of computer systems includes the alteration and overwriting of information, often without the operator's specific direction or awareness, a feature with no direct counterpart in hard-copy documents. Such features are essential to the operation of electronic information systems.

Rule 37(f) applies to information lost due to the routine operation of an information system only if the operation was in good faith. Good faith in the routine operation of an information system may involve a party's intervention to modify or suspend certain features of that routine operation to prevent the loss of information, if that information is subject to a preservation obligation. A preservation obligation may arise from many sources, including common law, statutes, regulations, or a court order in the case. The good faith requirement of Rule 37(f) means that a party is not permitted to exploit the routine operation of an information system to thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information that it is required to preserve. When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a "litigation hold." Among the factors that bear on a party's good faith in the routine operation of an information system are the steps the party took to comply with a court order in the case or party agreement requiring preservation of specific electronically stored information.

Whether good faith would call for steps to prevent the loss of information on sources that the party believes are not reasonably accessible under Rule 26(b)(2) depends on the circumstances of each case. One factor is whether the party reasonably believes that the information on such sources is likely to be discoverable and not available from reasonably accessible sources.

The protection provided by Rule 37(f) applies only to sanctions "under these rules." It does not affect other sources of authority to impose sanctions or rules of professional responsibility.

86          FEDERAL RULES OF CIVIL PROCEDURE

This rule restricts the imposition of "sanctions." It does not prevent a court from making the kinds of adjustments frequently used in managing discovery if a party is unable to provide relevant responsive information. For example, a court could order the responding party to produce an additional witness for deposition, respond to additional interrogatories, or make similar attempts to provide substitutes or alternatives for some or all of the lost information.

---

## Changes Made after Publication and Comment

The published rule barred sanctions only if the party who lost electronically stored information took reasonable steps to preserve the information after it knew or should have known the information was discoverable in the action. A footnote invited comment on an alternative standard that barred sanctions unless the party recklessly or intentionally failed to preserve the information. The present proposal establishes an intermediate standard, protecting against sanctions if the information was lost in the "good faith" operation of an electronic information system. The present proposal carries forward a related element that was a central part of the published proposal — the information must have been lost in the system's "routine operation." The change to a good-faith test made it possible to eliminate the reference to information "discoverable in the action," removing a potential source of confusion as to the duty to preserve information on sources that are identified as not reasonably accessible under Rule 26(b)(2)(B).

The change to a good-faith standard is accompanied by addition of a provision that permits sanctions for loss of information in good-faith routine operation in "exceptional circumstances." This provision recognizes that in some circumstances a court should provide remedies to protect an entirely innocent party requesting discovery against serious prejudice arising from the loss of potentially important information.

As published, the rule included an express exception that denied protection if a party "violated an order in the action requiring it to preserve electronically stored information." This exception was deleted for fear that it would invite routine applications for preservation orders, and often for overbroad orders. The revised Committee Note observes

FEDERAL RULES OF CIVIL PROCEDURE                87

that violation of an order is an element in determining whether a party acted in good faith.

The revised proposal broadens the rule's protection by applying to operation of "an" electronic information system, rather than "the party's" system.  The change protects a party who has contracted with an outside firm to provide electronic information storage, avoiding potential arguments whether the system can be characterized as "the party's."  The party remains obliged to act in good faith to avoid loss of information in routine operations conducted by the outside firm.

The Committee Note is changed to reflect the changes in the rule text.

The changes from the published  version of the proposed rule text are set out below.

**Rule 37.   Failure to Make Disclosures or Cooperate in Discovery; Sanctions**\*

1                                                          \* \* \* \* \*

2          **(f)  Electronically Stored Information.**  <u>Absent exceptional</u>

3          <u>circumstances,</u> ~~Unless a party violated an order in the action~~

4          ~~requiring it to preserve electronically stored information,~~ <u>a court</u>

5          <u>may not impose sanctions under these rules on a</u> ~~the~~ <u>party for</u>

6          <u>failing to provide</u> ~~such~~ <u>electronically stored information lost as</u>

---

\*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

88          FEDERAL RULES OF CIVIL PROCEDURE

7      <u>a result of the routine, good-faith operation of an electronic</u>

8      <u>information system.</u> ~~if:~~

9          ~~**(1)**   the party took reasonable steps to preserve the~~

10         ~~information after it knew or should have known the~~

11         ~~information was discoverable in the action; and~~

12         ~~**(2)** the failure resulted from loss of the information because~~

13         ~~of the routine operation of the party's electronic information~~

14         ~~system.~~

15                          * * * * *

FEDERAL RULES OF CIVIL PROCEDURE          89

### vi.    Rule 45

### Introduction

Rule 45 provisions for subpoenas to produce documents apply to electronically stored information as well as traditional paper documents. The published amendments proposed revisions designed to keep Rule 45 in line with the other amendments addressing electronically stored information. Virtually all of the public comment and testimony focused on the other amendments. It was assumed that Rule 45 would conform, where appropriate, to any changes proposed for the other rules. A description of the changes made since publication serves also to describe the Rule 45 amendments in general.

A simple change was to expand the Rule 45(a)(1) provision that a subpoena may specify the form for producing electronically stored information to include the "forms." This change parallels changes made in Rules 26(f) and 34. The same change is made in the Rule 45(c)(2)(B) provision for objecting to the form or forms requested in the subpoena and in the Rule 45(d)(1)(B) provision for the default form or forms of production.

Similarly, the default form of the production provision was changed to accord with revised Rule 34(b), dropping the alternative for "an electronically searchable form" and substituting a form or forms that are "reasonably usable."

The Rule 45(d)(1)(E) provision protecting against production of electronically stored information that is not reasonably accessible was revised to mirror the changes made in Rule 26(b)(2)(B). The producing person must identify the sources, not the information; "undue burden or cost" is added to provide a test of reasonable accessibility; motions both to compel discovery and to quash are expressly recognized; discovery of information not reasonably accessible is allowed on court order after finding good cause, considering the limitations of Rule 26(b)(2)(C); and the court's authority to specify conditions for discovery is expressly stated.

Several changes were made in the Rule 45(d)(2)(B) provision that tracks the Rule 26(b)(5)(B) provision for asserting a claim of privilege after information is produced. Trial-preparation material is added to this procedure. The person making the claim must state the basis for the claim. The party receiving the information may not use or disclose it until the claim is resolved, but may present it to the court under seal for a determination of the claim. The receiving party also must take reasonable steps to retrieve the information if it was disclosed to others.

90          FEDERAL RULES OF CIVIL PROCEDURE

**The Proposed Rule and Committee Note**

**Rule 45**

The Committee recommends approval of amendments to Rule 45 that incorporate the corresponding changes made to the discovery rules.

1    **Rule 45.  Subpoena**

2    **(a)**      **Form; Issuance.**

3          **(1)** Every subpoena shall

4                **(A)** state the name of the court from which it is issued;

5                and

6                **(B)** state the title of the action, the name of the court in

7                which it is pending, and its civil action number; and

8                **(C)** command each person to whom it is directed to

9                attend and give testimony or to produce and permit

10               inspection~~,~~ ~~and~~ copying, <u>testing, or sampling</u> of

11               designated books, documents, <u>electronically stored</u>

12               <u>information,</u> or tangible things in the possession,

13               custody or control of that person, or to permit inspection

14               of premises, at a time and place therein specified; and

15               **(D)** set forth the text of subdivisions (c) and (d) of this

16               rule.

FEDERAL RULES OF CIVIL PROCEDURE          91

17      A command to produce evidence or to permit inspection,

18      copying, testing, or sampling may be joined with a command to

19      appear at trial or hearing or at deposition, or may be issued

20      separately.  A subpoena may specify the form or forms in which

21      electronically stored information is to be produced.

22          **(2)**\*  A subpoena must issue as follows:

23                              * * * * *

24              **(C)** for production, ~~and~~ inspection, copying, testing, or

25                  sampling, if separate from a subpoena commanding a

26                  person's attendance, from the court for the district

27                  where the production or inspection is to be made.

28          **(3)**  The clerk shall issue a subpoena, signed but otherwise

29      in blank, to a party requesting it, who shall complete it

30      before service.  An attorney as officer of the court may also

31      issue and sign a subpoena on behalf of

32              **(A)** a court in which the attorney is authorized to

33                  practice; or

---

\*Amendments to subdivision (a)(2) are due to take effect on December 1, 2005.

92          FEDERAL RULES OF CIVIL PROCEDURE

34          **(B)** a court for a district in which a deposition or

35          production is compelled by the subpoena, if the

36          deposition or production pertains to an action pending

37          in a court in which the attorney is authorized to practice.

38     **(b) Service.**

39          **(1)** A subpoena may be served by any person who is not a

40          party and is not less than 18 years of age. Service of a

41          subpoena upon a person named therein shall be made by

42          delivering a copy thereof to such person and, if the person's

43          attendance is commanded, by tendering to that person the

44          fees for one day's attendance and the mileage allowed by

45          law. When the subpoena is issued on behalf of the United

46          States or an officer or agency thereof, fees and mileage need

47          not be tendered. Prior notice of any commanded production

48          of documents and things or inspection of premises before

49          trial shall be served on each party in the manner prescribed

50          by Rule 5(b).

51          **(2)** Subject to the provisions of clause (ii) of subparagraph

52          (c)(3)(A) of this rule, a subpoena may be served at any

53          place within the district of the court by which it is issued, or

FEDERAL RULES OF CIVIL PROCEDURE          93

54    at any place without the district that is within 100 miles of

55    the place of the deposition, hearing, trial, production, ~~or~~

56    inspection, copying, testing, or sampling specified in the

57    subpoena or at any place within the state where a state

58    statute or rule of court permits service of a subpoena issued

59    by a state court of general jurisdiction sitting in the place of

60    the deposition, hearing, trial, production, ~~or~~ inspection,

61    copying, testing, or sampling specified in the subpoena.

62    When a statute of the United States provides therefor, the

63    court upon proper application and cause shown may

64    authorize the service of a subpoena at any other place.  A

65    subpoena directed to a witness in a foreign country who is

66    a national or resident of the United States shall issue under

67    the circumstances and in the manner and be served as

68    provided in Title 28, U.S.C.

69        § 1783.

70    **(3)** Proof of service when necessary shall be made by filing

71    with the clerk of the court by which the subpoena is issued

72    a statement of the date and manner of service and of the

94          FEDERAL RULES OF CIVIL PROCEDURE

73      names of the persons served, certified by the person who

74      made the service.

75  **(c) Protection of Persons Subject to Subpoenas.**

76      **(1)** A party or an attorney responsible for the issuance and

77      service of a subpoena shall take reasonable steps to avoid

78      imposing undue burden or expense on a person subject to

79      that subpoena. The court on behalf of which the subpoena

80      was issued shall enforce this duty and impose upon the

81      party or attorney in breach of this duty an appropriate

82      sanction, which may include, but is not limited to, lost

83      earnings and a reasonable attorney's fee.

84      **(2) (A)** A person commanded to produce and permit

85          inspection, ~~and~~ copying, testing, or sampling of

86          designated electronically stored information, books,

87          papers, documents or tangible things, or inspection of

88          premises need not appear in person at the place of

89          production or inspection unless commanded to appear

90          for deposition, hearing or trial.

91      **(B)** Subject to paragraph (d)(2) of this rule, a person

92          commanded to produce and permit inspection, ~~and~~

FEDERAL RULES OF CIVIL PROCEDURE          95

93     copying, testing, or sampling may, within 14 days after

94     service of the subpoena or before the time specified for

95     compliance if such time is less than 14 days after

96     service, serve upon the party or attorney designated in

97     the subpoena written objection to producing inspection

98     or copying of any or all of the designated materials or

99     inspection of the premises—or to producing

100    electronically stored information in the form or forms

101    requested. If objection is made, the party serving the

102    subpoena shall not be entitled to inspect, and copy, test,

103    or sample the materials or inspect the premises except

104    pursuant to an order of the court by which the subpoena

105    was issued. If objection has been made, the party

106    serving the subpoena may, upon notice to the person

107    commanded to produce, move at any time for an order

108    to compel the production, inspection, copying, testing,

109    or sampling. Such an order to compel production shall

110    protect any person who is not a party or an officer of a

111    party from significant expense resulting from the

96          FEDERAL RULES OF CIVIL PROCEDURE

112          inspection ~~and~~, copying, <u>testing, or sampling</u>

113          commanded.

114     **(3) (A)** On timely motion, the court by which a subpoena

115          was issued shall quash or modify the subpoena if it

116               **(i)** fails to allow reasonable time for compliance;

117               **(ii)** requires a person who is not a party or an officer

118               of a party to travel to a place more than 100 miles

119               from the place where that person resides, is

120               employed or regularly transacts business in person,

121               except that, subject to the provisions of clause

122               (c)(3)(B)(iii) of this rule, such a person may in order

123               to attend trial be commanded to travel from any

124               such place within the state in which the trial is held<u>;</u>

125               ~~;or~~

126               **(iii)** requires disclosure of privileged or other

127               protected matter and no exception or waiver

128               applies<u>;</u>~~;~~ or

129               **(iv)** subjects a person to undue burden.

130          **(B)** If a subpoena

FEDERAL RULES OF CIVIL PROCEDURE          97

131     **(i)**  requires disclosure of a trade secret or other

132     confidential research, development, or commercial

133     information, or

134     **(ii)** requires disclosure of an unretained expert's

135     opinion or information not describing specific

136     events or occurrences in dispute and resulting from

137     the expert's study made not at the request of any

138     party, or

139     **(iii)** requires a person who is not a party or an

140     officer of a party to incur substantial expense to

141     travel more than 100 miles to attend trial, the court

142     may, to protect a person subject to or affected by

143     the subpoena, quash or modify the subpoena or, if

144     the party in whose behalf the subpoena is issued

145     shows a substantial need for the testimony or

146     material that cannot be otherwise met without

147     undue hardship and assures that the person to whom

148     the subpoena is addressed will be reasonably

149     compensated, the court may order appearance or

150     production only upon specified conditions.

98          FEDERAL RULES OF CIVIL PROCEDURE

151     **(d)  Duties in Responding to Subpoena.**

152         **(1)  (A)**   A person responding to a subpoena to produce

153              documents shall produce them as they are kept in the

154              usual course of business or shall organize and label

155              them to correspond with the categories in the demand.

156              **(B)**  If a subpoena does not specify the form or forms

157              for producing electronically stored information, a

158              person responding to a subpoena must produce the

159              information in a form or forms in which the person

160              ordinarily maintains it or in a form or forms that are

161              reasonably usable.

162              **(C)** A person responding to a subpoena need not

163              produce the same electronically stored information in

164              more than one form.

165              **(D)**   A person responding to a subpoena need not

166              provide discovery of electronically stored information

167              from sources that the person identifies as not reasonably

168              accessible because of undue burden or cost.  On motion

169              to compel discovery or to quash, the person from whom

170              discovery is sought must show that the information

FEDERAL RULES OF CIVIL PROCEDURE          99

171   sought is not reasonably accessible because of undue
172   burden or cost.  If that showing is made, the court may
173   nonetheless order discovery from such sources if the
174   requesting party shows good cause, considering the
175   limitations of Rule 26(b)(2)(C).  The court may specify
176   conditions for the discovery.

177   **(2)** **(A)** When information subject to a subpoena is
178   withheld on a claim that it is privileged or subject to
179   protection as trial-preparation materials, the claim
180   shall be made expressly and shall be supported by
181   a description of the nature of the documents,
182   communications, or things not produced that is
183   sufficient to enable the demanding party to contest
184   the claim.

185   **(B)** If information is produced in response to a
186   subpoena that is subject to a claim of privilege or of
187   protection as trial-preparation material, the person
188   making the claim may notify any party that received
189   the information of the  claim and the basis for it.
190   After being notified, a party must promptly return,

100         FEDERAL RULES OF CIVIL PROCEDURE

191                      sequester, or destroy the specified information and

192                      any copies it has and may not use or disclose the

193                      information until the claim is resolved. A receiving

194                      party may promptly present the information to the

195                      court under seal for a determination of the claim.  If

196                      the receiving party disclosed the information before

197                      being notified, it must take reasonable steps to

198                      retrieve it.  The person who produced the

199                      information must preserve the information until the

200                      claim is resolved.

201         **(e)   Contempt.**  Failure ~~by~~ of any person without adequate

202         excuse to obey a subpoena served upon that person may be

203         deemed a contempt of the court from which the subpoena

204         issued.  An adequate cause for failure to obey exists when a

205         subpoena purports to require a ~~non-party~~ nonparty to attend or

206         produce at a place not within the limits provided by clause (ii)

207         of subparagraph (c)(3)(A).

208                                * * * * *

## Committee Note

Rule 45 is amended to conform the provisions for subpoenas to changes in other discovery rules, largely related to discovery of

FEDERAL RULES OF CIVIL PROCEDURE                    101

electronically stored information.  Rule 34 is amended to provide in greater detail for the production of electronically stored information. Rule 45(a)(1)(C) is amended to recognize that electronically stored information, as defined in Rule 34(a), can also be sought by subpoena. Like Rule 34(b), Rule 45(a)(1) is amended to provide that the subpoena can designate a form or forms for production of electronic data.  Rule 45(c)(2) is amended, like Rule 34(b), to authorize the person served with a subpoena to object to the requested form or forms.  In addition, as under Rule 34(b), Rule 45(d)(1)(B) is amended to provide that if the subpoena does not specify the form or forms for electronically stored information, the person served with the subpoena must produce electronically stored information in a form  or forms in which it is usually maintained or in a form or forms that are reasonably usable. Rule  45(d)(1)(C) is added to provide that the person producing electronically stored information should not have to produce the same information in more than one form unless so ordered by the court for good cause.

As with discovery of electronically stored information from parties, complying with a subpoena for such information may impose burdens on the responding person.  Rule 45(c) provides protection against undue impositions on nonparties.  For example, Rule 45(c)(1) directs that a party serving a subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and Rule 45(c)(2)(B) permits the person served with the subpoena to object to it and directs that an order requiring compliance "shall protect a person who is neither a party nor a party's officer from significant expense resulting from" compliance.  Rule 45(d)(1)(D) is added to provide that the responding person need not provide discovery of electronically stored information from sources the party identifies as not reasonably accessible, unless the court orders such discovery for good cause, considering the limitations of Rule 26(b)(2)(C), on terms that protect a nonparty against significant expense.  A parallel provision is added to Rule 26(b)(2).

Rule 45(a)(1)(B) is also amended, as is Rule 34(a), to provide that a subpoena is available to permit testing and sampling as well as inspection and copying.  As in Rule 34, this change recognizes that on occasion the opportunity to perform testing or sampling may be important, both for documents and for electronically stored information.

102          FEDERAL RULES OF CIVIL PROCEDURE

Because testing or sampling may present particular issues of burden or intrusion for the person served with the subpoena, however, the protective provisions of Rule 45(c) should be enforced with vigilance when such demands are made. Inspection or testing of certain types of electronically stored information or of a person's electronic information system may raise issues of confidentiality or privacy. The addition of sampling and testing to Rule 45(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a person's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Rule 45(d)(2) is amended, as is Rule 26(b)(5), to add a procedure for assertion of privilege or of protection as trial-preparation materials after production. The receiving party may submit the information to the court for resolution of the privilege claim, as under Rule 26(b)(5)(B).

Other minor amendments are made to conform the rule to the changes described above.

---

### Changes Made After Publication and Comment

The Committee recommends a modified version of the proposal as published. The changes were made to maintain the parallels between Rule 45 and the other rules that address discovery of electronically stored information. These changes are fully described in the introduction to Rule 45 and in the discussions of the other rules.

The changes from the published proposed amendment are shown below.

FEDERAL RULES OF CIVIL PROCEDURE                103

**Rule 45.  Subpoena***

1    **(a)  Form; Issuance.**

2                                  * * * * *

3         A command to produce evidence or to permit inspection,

4    copying, testing, or sampling may be joined with a command to

5    appear at trial or hearing or at deposition, or may be issued

6    separately.  A subpoena may specify the form <u>or forms</u> in which

7    electronically stored information is to be produced.

8                                  * * * * *

9    **(c)  Protection of Persons Subject to Subpoenas.**

10                                 * * * * *

11        **(2) (B)**  Subject to paragraph (d)(2) of this rule, a person

12               commanded to produce and permit inspection, copying,

13               testing, or sampling may, within 14 days after service of

14               the   subpoena   or   before   the   time   specified   for

15               compliance if such time is less than 14 days after

16               service, serve upon

---

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

104          FEDERAL RULES OF CIVIL PROCEDURE

16     the party or attorney designated in the subpoena written

17     objection to providing any or all of the designated materials or

18     <u>inspection</u> of the premises—or to providing <u>electronically</u>

19     <u>stored information</u> in the form <u>or forms</u> requested. . . .

20                              * * * * *

21     **(d) Duties in Responding to Subpoena.**

22                              * * * * *

23          **(B)** If a subpoena does not specify the form <u>or forms</u>

24          for producing electronically stored information, a

25          person responding to a subpoena must produce the

26          information in a form <u>or forms</u> in which the person

27          ordinarily maintains it or in <u>a form or forms that are</u>

28          <u>reasonably usable</u> ~~an electronically searchable form~~.

29          **(<u>C</u>)** The person producing electronically stored

30          information need only produce <u>the same information</u> ~~it~~

31          in one form.

32          **(<u>D</u>~~C~~)** A person responding to a subpoena need not

33          provide discovery of electronically stored information

34          <u>from sources</u> that the person identifies as not reasonably

FEDERAL RULES OF CIVIL PROCEDURE          105

35      accessible because of undue burden or cost. On motion

36      to compel discovery or to quash ~~by the requesting party~~,

37      the ~~responding party~~ person from whom discovery is

38      sought must show that the information sought is not

39      reasonably accessible because of undue burden or cost.

40      If that showing is made, the court may nonetheless

41      order discovery from such sources ~~of the information~~

42      ~~for~~ if the requesting party shows good cause,

43      considering the limitations of Rule 26(b)(2)(C).  The

44      court may specify conditions for such discovery.

45      **(2) (A)** When information subject to a subpoena is

46              withheld on a claim that it is privileged or subject to

47              protection as trial-preparation materials, the claim

48              shall be made expressly and shall be supported by

49              a description of the nature of the documents,

50              communications, or things not produced that is

51              sufficient to enable the demanding party to contest

52              the claim.

53      **(B)** If ~~When~~ a person ~~produces~~ information is

54              produced in response to a subpoena that is subject

106          FEDERAL RULES OF CIVIL PROCEDURE

55         ~~without intending~~ to ~~waive~~ a claim of privilege <u>or of</u>

56         <u>protection as trial-preparation material,</u> <u>the person</u>

57         <u>making the claim</u> ~~it~~ may ~~within a reasonable time~~

58         notify any party that received the information of ~~its~~

59         <u>the claim</u> ~~of privilege~~ <u>and the basis for it.</u>  After

60         being notified, <u>a</u> ~~any~~ party must promptly return,

61         sequester, or destroy the specified information and

62         ~~all~~ <u>any</u> copies <u>it has</u> ~~and may not disclose the~~

63         <u>information until the claim is resolved. A receiving</u>

64         <u>party may promptly present the information to the</u>

65         <u>court under seal for a determination of the claim.  If</u>

66         <u>the receiving party disclosed the information before</u>

67         <u>being notified, it must take reasonable steps to</u>

68         <u>retrieve it.</u>    The person who produced the

69         information must ~~comply with Rule 45(d)(2)(A)~~

70         ~~with regard to the information and~~ preserve <u>the</u>

71         <u>information until the claim is resolved</u> ~~pending a~~

72         ~~ruling by the court~~.

73                     * * * * *

FEDERAL RULES OF CIVIL PROCEDURE          107

### c.    Conclusion

When the electronic discovery proposals were published in August 2004, the Committee hoped for vigorous and broad comment from a variety of experiences and perspectives. The hearings and written comment provided many thoughtful and helpful criticisms, for which the Committee is grateful. The process has worked precisely as it should, aided by the very electronic communication capability that inspired the work in the first place.

The proposed rule amendments reflect and accommodate changes in discovery practice that have been in the making for years, brought about by profound changes in information technology. The proposed amendments work in tandem. Early attention to the issues is required. The requesting party is authorized to specify the forms in which electronically stored information should be produced and a framework is established to resolve disputes over the forms of producing such information. A party need not review or provide discovery of electronically stored information that is not reasonably accessible unless the court orders such discovery, for good cause. A procedure for asserting claims of privilege or of work-product protection after production is established. Absent exceptional circumstances, a party that is unable to provide discovery of electronically stored information lost as a result of the routine operation of an electronic information system cannot be sanctioned, if that operation was in good faith.

Electronically stored information has the potential to make discovery more efficient, less time-consuming, and less costly, if it is properly managed and effectively supervised. The volume, the dynamic character, and the numerous forms of electronically stored information, among other qualities, also have the potential to increase discovery costs and delays, further burdening the litigation process and exacerbating problems the Advisory and Standing Committees have been grappling with for years. The proposed rules provide support for early party management and, where necessary, effective judicial supervision. Keeping discovery manageable, affordable, and fair is a problem that litigants and judges in all courts share. The Committee looks forward to continuing to work to solve it fairly and well.