UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:   MASTER FILE NO.<br>:   3:00CV01884(DJS)<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT JAY S. WALKER'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

As Carl Mullis, attorney for Defendant Jay Walker, stated in his September 28, 2005 email to Plaintiffs' attorneys, Mr. Walker does not object to Plaintiffs' request for a nine month extension of the discovery period.

Mr. Mullis did object to, as unreasonable, a deadline of October 15, 2005 for Mr. Walker to produce the 181 back-up tapes in his possession to Plaintiffs in a native file format. As discussed in detail in Defendant Jay S. Walker's Response in Opposition to Plaintiffs' Motion to Compel Production of Electronic Discovery, at pp. 22-23 (Doc. 212), it will take four to six weeks to restore the 181 back-up tapes to a native file format and three to four months to convert the data into an accessible format in which the data can be reviewed electronically for responsiveness and privilege.

Mr. Walker has been diligent in producing documents to Plaintiffs for discovery. To date, he has produced 325,210 pages of documents to Plaintiffs. Mr. Walker has been forthcoming to Plaintiffs about the magnitude of data contained on the 181 back-up tapes and the difficulties involved in producing responsive, non-privileged data from these tapes.

LEGAL_US_E # 70154061.1

Mr. Walker should not be required to produce the 181 back-up tapes in a native file format because in that format the documents would not be organized or indexed, and it would be virtually impossible for Mr. Walker to review the data in such an inaccessible format to identify privileged and non-responsive documents without loading the data into a review tool. It would not be possible to redact any privileged or non-responsive data from a native file format production. Moreover, it would not be possible to Bates number the documents, and it would be difficult to guarantee the security of documents produced in a native file format. Finally, it would be virtually impossible for Mr. Walker to search the data in a native file format for other documents related to any document that Plaintiffs intend to introduce into evidence.

Although Plaintiffs have proposed a "claw-back" agreement, such an agreement would not prevent Plaintiffs from having unbridled access to the confidential, privileged information contained in the privileged documents. Plaintiffs simply should not be allowed to read and study every privileged document contained in the back-up tapes. Once Plaintiffs have learned such confidential, privileged information, there is no way to prevent them from having the benefit of that knowledge. Similarly, a "claw-back" order would not prevent Plaintiffs from having access to confidential information contained in non-responsive documents to which they are not entitled.

Plaintiffs incorrectly allege that Mr. Walker's "approach" to the back-up tapes "was designed to ratchet up the costs to an unreasonably high amount." Plaintiffs' Motion to Modify Scheduling Order, at p. 7 (Doc. 216).[1] Plaintiffs further argue that their electronic discovery

---

[1] Because most of the tapes have not been restored, no one knows for certain the exact amount of data contained on all 181 back-up tapes. Based on the 16 sample tapes that have been restored, we believe that there is a tremendous amount of data stored on these 181 tapes. We also know the approximate vendor cost per page for restoring the back-up tapes to a native file format, converting them into an image format, loading the data into a review tool, Bates

vendor could convert the back-up tapes to a native file format for $89,200 and filter and de-duplicate 25 to 40 tapes for $50,000 to $100,000.[2] *Id.* Declaration of Allison Griffin, at ¶ 6. (Doc. 212-7) These estimates are inadequate, however, because Plaintiffs have moved to compel production of all 181 tapes, not just 25 to 40 tapes. Furthermore, the filtering and de-duplication proposed by Plaintiffs' vendor is not sufficient to allow Mr. Walker to adequately and efficiently review the data to withhold privileged and non-responsive documents. The data needs to be loaded into a review tool to enable efficient electronic reviewing. Otherwise, Mr. Walker will be

---

numbering the documents and producing the documents. This information was provided to the Court in Mr. Walker's April 5, 2005 Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery, at pp. 7-8 (Doc. 158); in Mr. Walker's October 12, 2005 Response in Opposition to Plaintiffs' Motion to Compel Production of Electronic Discovery, at pp. 8-11 (Doc. 230); in Michael Farley's April 4, 2005 Declaration, at ¶¶ 5-7 (Doc. 158-5); and in Michael Farley's October 12, 2005 Declaration, at ¶¶ 6-8 (Doc. 203-2). In the April 5, 2005 Memo, at pp. 7-8 (Doc. 158), this per page vendor cost was applied to an estimate that the back-up tapes contained between 130 million pages of data (based on the amount of data on the 14 sample tapes that had been restored at that time) and, in the worst-case scenario, one billion seventy million pages of data (based on the possibility that each tape could be filled to its 80 Gb maximum capacity) to arrive at a potential vendor cost of between $26 million and $200 million. By our October 12, 2005 Response (Doc. 230), we had restored two additional back-up tapes. Based on the amount of data on all 16 sample tapes that had been restored, we estimated the number of Gbs of data on all 181 tapes, and we multiplied this by a common industry estimate for pages per Gb to estimate that there are 71,834,000 to 114,935,000 pages of data on the 181 back-up tapes. Applying the same per page vendor costs to this page estimate, we estimated the potential vendor costs to be between $14 million and $23 million. *Id.* at p. 9. Because no one knows for certain the actual amount of data that is contained on these tapes or the number of pages of data that will need to be loaded into a review tool, it is impossible to know the exact vendor costs at this time. It is clear, however, that the vendor costs will be substantial.

[2] If all 181 back-up tapes in Mr. Walker's possession are filtered and de-duplicated, then using Plaintiffs' cost estimate for 25 to 40 tapes, this could cost between $350,000 and $700,000. If this is added to an estimate of $66,000 for initially converting the tapes to a native file format, then Plaintiffs' actual estimate for restoring, filtering and de-duplicating 181 tapes is between $416,000 and $766,000. Clearly, it would be overburdensome to require Mr. Walker to pay nearly *half a million dollars*, or more, to a vendor in order to produce data from these back-up tapes. In addition, this half a million dollars would not include the substantial attorney fees associated with reviewing the documents prior to production. See Defendant Jay S. Walker's Response in Opposition to Plaintiffs' Motion to Compel Production of Electronic Discovery, at pp. 9-10 (Doc. 230).

LEGAL_US_E # 70154061.1                               3

forced to incur the unreasonable expense of having to review millions, or tens of millions, of pages of documents manually, one page at a time.

Finally, even if Plaintiffs' argument that it would cost only several hundred thousand dollars, or half a million dollars, to restore and filter the data is correct, this is still a significant cost that Mr. Walker should not be required to bear. If Plaintiffs believe that these vendor costs are not significant, then they should offer to pay them. Contrary to Plaintiffs' allegations in their Motion to Modify Scheduling Order, at p. 7 (Doc. 216), Mr. Walker is more than happy to produce to Plaintiffs any responsive, non-privileged documents contained in the 181 back-up tapes – as long as Plaintiffs bear the substantial costs of restoring, searching, reviewing and producing these documents.

Dated: October 27, 2005                                  Respectfully submitted,

                                                         DEFENDANT JAY S. WALKER

                                                         By: /s/ Carl W. Mullis, III
                                                             J. Allen Maines (phv0013)
                                                             Carl W. Mullis, III (phv0158)
                                                             Summer B. Joseph (phv0160)
                                                             PAUL, HASTINGS, JANOFSKY &
                                                             WALKER, LLP
                                                             600 Peachtree Street, N.E., Suite 2400
                                                             Atlanta, GA 30308-2222
                                                             Telephone: (404) 815-2400
                                                             Facsimile: (404) 815-2424
                                                             allenmaines@paulhastings.com
                                                             carlmullis@paulhastings.com
                                                             summerjoseph@paulhastings.com
                                                             *Attorneys for Defendant Jay S. Walker*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : : MASTER FILE NO. : 3:00CV01884(DJS) |
| This document relates to: ALL ACTIONS | : : : : : : |

**CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of October 2005, I electronically filed DEFENDANT JAY S. WALKER'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY  10019

Jules Brody, Esq.
Aaron Brody, Esq.
CT05851
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017

David R. Scott
Erin Green Comite
CT24886
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Joseph L. Clasen, Esq.
William Séller, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT  05403

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH  44022

LEGAL_US_E # 70154061 1

Andrew W. Schatz, Esq.
Joel S. Nobel, Esq.
CT000603
Schatz & Nobel
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

J. Daniel Sagarin, Esq.
Hurwitz Sagarin & Slossberg
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

Martin Glenn, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

I hereby further certify that I have served a true and exact copy of the above-referenced DEFENDANT JAY S. WALKER'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER on the following attorneys via U.S. First Class Mail addressed as follows:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Jules Brody, Esq.
Aaron Brody, Esq.
CT05851
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

David R. Scott
Erin Green Comite
CT24886
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Joseph L. Clasen, Esq.
William Séller, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH 44022

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>CT000603<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103<br><br>J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT 06460-0112 | Martin Glenn, Esq.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036 |

This 27th day of October, 2005.

DEFENDANT JAY S. WALKER

By: /s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis, III (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY &
WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com
*Attorneys for Defendant Jay S. Walker*