IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>---<br>This document relates to:<br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS)<br><br><br><br><br>October 27, 2005 |

**MEMORANDUM OF LAW BY DEFENDANTS PRICELINE,
NICHOLAS, SCHULMAN AND BRADDOCK IN OPPOSITION TO
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

*Attorneys for Defendants
priceline.com Inc., N.J. Nicholas,
Daniel Schulman and Richard S. Braddock*

Defendants priceline.com Inc. ("priceline"), N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants") submit this Memorandum of Law in opposition to plaintiffs' motion to modify the scheduling Order.

## Introduction

In their motion, plaintiffs request that the Court extend by nine months certain deadlines in the November 2, 2004 scheduling Order. Much of plaintiffs' brief is nothing more than a rehashing of their Memorandum In Support of Motion to Compel Production of Electronic Discovery, dated September 22, 2005 ("Pltf. Elec. Br."). In our brief opposing that earlier motion, we addressed the case schedule and plaintiffs' proposed modification of the scheduling Order. (See Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Electronic Discovery, dated October 13, 2005 ("Def. Elec. Br."), and the accompanying Proposed Order.) For the reasons discussed in that brief and below, we agree that a modification of the scheduling Order is appropriate, but submit that it would be premature to extend the applicable deadlines by more than six months without additional (and currently unavailable) information regarding the work that needs to be done to produce certain electronic material.

## Argument

The extent of the modification of the case schedule that is appropriate at this stage is largely a function of the timetable for the production of electronic material. And the appropriate timetable for the production of electronic material is largely a function of the mechanics of the production—the volume of material that must be searched, the methods by which that material is searched, the format in which documents

are produced, and so forth. Plaintiffs have made both the timetable for that production and the mechanics of that production issues for the Court to resolve.[1] Without knowing whether the Court will order the production of electronic material to proceed as previously agreed by plaintiffs and Defendants during the meet and confer process,[2] or whether the Court will order the production to proceed in a substantially different way, addressing the appropriate extent of the modifications to the scheduling Order is a hypothetical exercise.

Because we anticipate that it will take several months to complete the production of electronic material, we offered to consent to a motion to extend by six months the applicable deadlines in the Court's scheduling Order.[3] (Kelleher Decl. at ¶ 11 and Exh. J.) That would put the end of discovery at September 30, 2006. Until additional determinations about the production of electronic material have been made, we submit that it is premature to extend the applicable deadlines any farther.

If the Court orders that the production of electronic material stored on the snapshot and the departed employee tapes (as those terms are defined at pages 3-4 of Def. Elec. Br.) proceed as previously agreed by plaintiffs and Defendants, then we believe that the production (on a rolling basis) of email documents from those sources will be

---

[1] As we explained in our previous opposition brief, we had reached substantial agreement with plaintiffs on how the production of electronic material was to proceed, but had not agreed on the timetable for production. (Def. Elec. Br. at 1-2, 4-6.)

[2] Those agreements are memorialized in the letters attached as Exhibits B-H to the Declaration of William J. Kelleher, III, dated October 13, 2004 ("Kelleher Decl.").

[3] We conditioned our offer on plaintiffs' withdrawal of their unreasonable request that all electronic material be produced by October 15, 2005. (Kelleher Decl. at ¶ 11 and Exh. J.)

-3-

completed no later than January 15, 2006. On October 13, we produced 12,941 pages of emails to plaintiffs, and on October 27, we produced another 16,770 pages of emails.

The massive amount of non-email material on the snapshot and the departed employee tapes needs to be searched. Before that search can take place, plaintiffs and Defendants need to agree on suitable search terms. Plaintiffs refused to propose the initial list of search terms and insisted that we generate that list. (Def. Elec. Br. at 5.) While we have continued to work with our vendor on the search process following plaintiffs' motion to compel, there is still no agreement between plaintiffs and Defendants on search terms. As a result, the volume of documents that will need to be reviewed and produced is not yet known. Accordingly, as set forth in the Proposed Order, we have proposed that the determination of the appropriate production deadline for the non-email material be made after there is information regarding the volume of material that would be generated using proposed search terms.

With respect to the 42 WebHouse and Perfect Yardsale back-up tapes (as those tapes are defined at page 12 of Def. Elec. Br.), it is impossible to know at this time (1) how many of those tapes can be restored, (2) how much data is contained on the tapes that can be restored, and (3) how expensive and difficult it will be to search and review the material on those tapes once they are restored. Accordingly, it would be premature to make any prediction regarding how long the production of material from those tapes could take. Plaintiffs have represented to the Court that their vendor, Navigant Consulting, Inc., can restore each of the 42 tapes for $400 per tape. (Pltf. Elec. Br. at 4, 14.) We have taken plaintiffs up on their offer, and have agreed to pay up to $16,800 for the restoration of the tapes. (Def. Elec. Br. at 12-13.) If the Court orders that approach to

restoration, then we submit that the Court and the parties will have to revisit the appropriate deadline for the completion of production from those tapes after Navigant Consulting reports back on the success of the restoration process, as set forth in the Proposed Order.

Once the respective production deadlines have been determined for (1) the non-email material on the snapshot and the departed employee tapes and (2) the material on the 42 back-up tapes, the Court and the parties will be in a position to reassess whether an extension longer than six months is necessary.

## Conclusion

For the reasons discussed above and in our October 13 brief, Defendants respectfully request that the Court deny plaintiffs' motion to modify the scheduling order and endorse Defendants' Proposed Order.

October 27, 2005

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK

*[signature]*

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com


Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

## CERTIFICATION

I hereby certify that the foregoing was filed with the Court and served on all counsel of record listed below via the ECF electronic court filing system on this 27th day of October, 2005:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin  S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 | Attorneys for Defendant Jay S. Walker<br><br>J. Allen Maines, Esq.<br>Carl Mullis, III, Esq.<br>Summer B. Joseph, Esq.<br>Laura Berg, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424<br><br>Douglas C. Conroy (ct11555)<br>Paul R. Dehmel (ct23063)<br>PAUL, HASTINGS, JANOFSKY & WALKER, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Telephone: 203-961-7400<br>Fax: 203-359-3031 |
|---|---|
| Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | |

*/s/ William J. Kelleher, III*
William J. Kelleher, III