IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>------------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS)<br><br><br><br><br>November 4, 2005 |

**SURREPLY MEMORANDUM OF LAW BY DEFENDANTS
PRICELINE, NICHOLAS, SCHULMAN AND BRADDOCK
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF ELECTRONIC DISCOVERY**

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

*Attorneys for Defendants
priceline.com Inc., N.J. Nicholas,
Daniel Schulman and Richard S. Braddock*

**Table of Contents**

Page(s)

Citation Conventions ........................................................................................................ ii

Introduction ........................................................................................................................ 1

Argument ........................................................................................................................... 2

I. THE AGREEMENTS REACHED DURING THE MEET AND CONFER PROCESS WERE NOT PREDICATED ON THE PRODUCTION OF ALL ELECTRONIC MATERIAL BY SEPTEMBER 16. ......................................... 2

II. DEFENDANTS HAVE CALLED PLAINTIFFS' BLUFF WITH RESPECT TO THE COSTS OF RESTORING THE 42 WEBHOUSE AND PERFECT YARDSALE BACK-UP TAPES ...................................................... 3

III. PLAINTIFFS' RELIANCE ON THE PROPOSED AMENDMENT TO FED. R. CIV. P. 26(b)(5) IS MISPLACED ............................................................ 5

Conclusion ......................................................................................................................... 6

## Citation Conventions

The following conventions will be used throughout this Surreply Memorandum:

- "Pltf. Br." for references to Plaintiffs' Memorandum in Support of Motion to Compel Production of Electronic Discovery, dated September 22, 2005.

- "Griffin Decl." for references to the Declaration of Allison Griffin in Support of Plaintiffs' Motion to Compel Production of Electronic Documents, dated September 22, 2005.

- "Def. Br." for references to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Electronic Discovery, dated October 13, 2005.

- "Kelleher Decl. 10/13" for references to the Declaration of William J. Kelleher, III, dated October 13, 2005.

- "Pltf. Reply Br." for references to the Reply in Support of Plaintiffs' Motion to Compel Production of Electronic Discovery, dated October 21, 2005.

Defendants priceline.com Inc. ("priceline"), N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants") submit this Surreply Memorandum of Law in opposition to plaintiffs' motion to compel production of electronic discovery and in response to plaintiffs' reply brief in support of that motion.

## **Introduction**

Plaintiffs' reply brief contains numerous assertions that are unsupported and, we believe, simply incorrect. Moreover, plaintiffs take certain positions in their reply brief that are inconsistent with their opening positions—which merely demonstrates the meritless nature of both sets of arguments. In this surreply, we want to point out the most egregious of those inaccuracies and inconsistencies, which we do below.

In analyzing plaintiffs' arguments, however, one should not lose sight of the fact that the remedy that plaintiffs seek is extreme. Plaintiffs are asking the Court to order Defendants to produce all of priceline's electronic material for a period of more than three years—irrespective of whether that material is relevant, responsive, or privileged. That is the electronic equivalent of asking the Court to order priceline to open its offices to plaintiffs' counsel and to allow them to take all of the company's paper records. The order that plaintiffs seek finds no support in either the Federal Rules or federal case law, nor is it supported by the proposed (but unadopted) amendment to Fed. R. Civ. P. 26(b)(5), on which plaintiffs now attempt to rely. Defendants have already agreed to provide plaintiffs with all responsive, non-privileged material in an appropriate, searchable format. Nothing more is required under the rules.

Plaintiffs want the Court to order a departure from the way that productions are normally handled because they believe it will save some time. But there

will be no prejudice to any of the parties and no additional burden on the Court from taking the time to treat the production in the regular manner. We submit that there is nothing wrong with taking a little extra time to do things the right way.

### Argument

### I. THE AGREEMENTS REACHED DURING THE MEET AND CONFER PROCESS WERE NOT PREDICATED ON THE PRODUCTION OF ALL ELECTRONIC MATERIAL BY SEPTEMBER 16.

In their opening brief, plaintiffs repeatedly stated that plaintiffs and Defendants had not reached any agreement on electronic discovery issues. (See Def. Br. at 1.) In our response, we pointed out that plaintiffs and Defendants had actually reached substantial agreement on how the production of electronic material was to proceed. (Id. at 1-2, 4-6.) Now, in their reply brief, plaintiffs back away from the representations that they made in their opening brief and essentially concede that there was indeed substantial agreement. (Pltf. Reply Br. at 4.) But plaintiffs now claim, for the first time, that the agreed-upon approach "was predicated on the Priceline Defendants getting Plaintiffs the electronic documents on the snapshot and ex-employee tapes by September 16, 2005". (Id.. at 4 (emphasis removed).) That is simply not true.

In support of their newfound understanding of the agreement reached, plaintiffs cite only their August 15 letter to Defendants. (Kelleher Decl. 10/13, Exh. D.) That letter, however, does not provide any support at all for plaintiffs' understanding. In the letter, plaintiffs agree to certain proposals by Defendants and also make certain proposals of their own. Near the end of the letter, plaintiffs state: "Finally, we think it makes sense to agree on a time-table for producing electronic documents. We propose that you produce all non-privileged, responsive emails for the 50 individuals listed on

your Attachment A and the additional individuals listed on the Supplemental Attachment by September 16, 2005." (Id. (emphasis added).)

Plaintiffs' August 15 letter plainly does not say that plaintiffs' agreements with Defendants were predicated on Defendants' production of all electronic material by September 16. Nor do any of the other letters that plaintiffs sent Defendants regarding the production of electronic material say that. (Kelleher Decl. 10/13, Exhs. B, F, G, H, I.)

## II. DEFENDANTS HAVE CALLED PLAINTIFFS' BLUFF WITH RESPECT TO THE COSTS OF RESTORING THE 42 WEBHOUSE AND PERFECT YARDSALE BACK-UP TAPES.

During the meet and confer telephone conference on August 4, we told plaintiffs that our vendor's preliminary efforts to restore the 42 WebHouse and Perfect Yardsale back-up tapes had been unsuccessful and that we had been informed by our vendor that restoration of the tapes would be very costly and difficult, if even possible at all. We repeated that information in our August 11 and August 17 letters to plaintiffs:

- "As we told you during the conference call, our vendor's preliminary efforts to restore those back-up tapes failed, and we have been told that restoration of the tapes will be very costly and difficult, if even possible at all." (Kelleher Decl. 10/13, Exh. C.)

- "In addition, as we have told you, our vendor's preliminary efforts to restore those back-up tapes failed, and we have been told that the restoration of the tapes will be very costly and difficult, if even possible at all." (Id., Exh. E.)

In their opening brief, plaintiffs told the Court—without any qualification—that their electronic vendor, Navigant Consulting, Inc., could restore each of the 42 back-up tapes for $400 per tape. (Pltf. Br. at 4, 14.) Allison Griffin, a managing consultant at Navigant Consulting, submitted a declaration in which she makes the same representation. (Griffin Decl. at ¶ 6.) Based on that declaration, plaintiffs even

-3-

suggested to the Court that Defendants were intentionally exaggerating the potential costs and difficulties associated with restoring the tapes. (Pltf. Br. at 4.)

It is now perfectly plain that plaintiffs were bluffing. In response to plaintiffs' representations to the Court, we told the Court that we would agree (under certain conditions) to pay up to $16,800 to Navigant Consulting to restore the 42 tapes. (Def. Br. at 12-13.) In their reply brief, plaintiffs now say that they "are concerned with the Priceline Defendants' statement that 'should it prove more expensive to restore the tapes than anticipated, [Defendants] will not be obligated to pay a penny more'". (Pltf. Reply Br. at 6 n.2.) They further state:

> "Allison Griffin[] based her figures for restoring the backup tapes on the information that Defendants themselves provided during the meet and confers. If the Priceline Defendants have reason to believe that it will 'prove more expensive to restore the tapes than anticipated,' then they should share this specific information with Plaintiffs and the Court rather than holding it back and trying to lock Plaintiffs into the $16,800 costs". (Id.)[1]

As described above, we told plaintiffs no less than three times that our vendor's preliminary efforts to restore the tapes had been unsuccessful and that our vendor had informed us that it would likely be very costly and difficult to restore the tapes. We made the same representation to the Court. (Def. Br. at 12.) In an attempt to make us look unreasonable, plaintiffs made reckless representations to the Court regarding the costs of restoring the tapes. Plaintiffs should be required to abide by those representations or, if they wish to withdraw them, their motion should be denied.

---

[1] There was only one meet and confer, on August 4. All of the information provided to plaintiffs regarding the back-up tapes is contained in the letters that we sent them. (Kelleher Decl. 10/13, Exhs. A, C, E.)

### III. PLAINTIFFS' RELIANCE ON THE PROPOSED AMENDMENT TO FED. R. CIV. P. 26(b)(5) IS MISPLACED.

Plaintiffs' position is that a "claw-back order" would solve the serious privilege issues associated with their proposed approach to the production of electronic material. (Pltf. Reply Br. at 8.) In support of their position, plaintiffs point to the 2005 Report of the Civil Rules Advisory Committee, and specifically to the proposed amendment to Fed. R. Civ. P. 26(b)(5). (Id. at 8-9.) Their reliance on that proposed amendment is problematic. First, the proposed amendment has not been adopted, and so cannot provide the basis for the order that plaintiffs seek. Second, neither the proposed amendment itself nor the Committee's discussion of it supports plaintiffs' position that the Court should order Defendants to produce all of their electronic material without first reviewing it for privilege.

The proposed amendment to Rule 26(b)(5) sets forth a procedure for asserting a claim of privilege as to a document after that document has already been produced. The current version of the Federal Rules does not contain any such procedure. Accordingly, it is common for litigants to enter into an agreement that provides a procedure for recalling inadvertently produced privileged documents. The Protective Order governing this litigation includes such a procedure.

Contrary to plaintiffs' suggestion, there is nothing in the language of the proposed amendment or in the Committee's comments from which to infer that there are any circumstances in which a party is meant to produce all of its documents without first undertaking to review them for privilege. Rather, the proposed amendment reflects a recognition that there are "inevitable blunders" associated with privilege reviews, especially privilege reviews of large amounts of electronically stored information. (Pltf.

-5-

Br., Exh. A at 52.) It is designed to reduce the costs and delays caused by efforts to avoid such inevitable blunders by reducing the risks associated with those blunders. (Id.)

Notably, the proposed amendment does not make any distinction between paper documents and electronic documents. It does not purport to replace the general rule that a party is entitled to review its documents for responsiveness and privilege before producing them. Rather, the proposed amendment deals with the particular circumstance of inadvertent production of privileged material after such review has taken place. That particular circumstance is already covered in this litigation by the Protective Order. If plaintiffs' mistaken interpretation of the proposed amendment were followed, the process for dealing with that limited circumstance would swallow the general procedure.

## Conclusion

For the reasons discussed above and in our October 13 brief, Defendants respectfully request that the Court deny plaintiffs' motion to compel production of electronic discovery, order the production of electronic material to proceed as set forth in our October 13 brief and accompanying Proposed Order, and require plaintiffs' counsel to pay Defendants the reasonable costs incurred in responding to the unnecessary aspects of the motion, including attorneys' fees.

November 4, 2005

          DEFENDANTS PRICELINE.COM INC.,
          N.J. NICHOLAS,
          DANIEL SCHULMAN AND
          RICHARD S. BRADDOCK

*/s/ Joseph L. Clasen*

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com


Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

## CERTIFICATION

I hereby certify that the foregoing was filed with the Court and served on all counsel of record listed below via the ECF electronic court filing system and by first class mail on this 4th day of November, 2005:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103-3202<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

| | |
|---|---|
| **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 | **Attorneys for Defendant Jay S. Walker**<br><br>J. Allen Maines, Esq.<br>Carl Mullis, III, Esq.<br>Summer B. Joseph, Esq.<br>Laura Berg, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424<br><br>Douglas C. Conroy (ct11555)<br>Paul R. Dehmel (ct23063)<br>PAUL, HASTINGS, JANOFSKY & WALKER, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Telephone: 203-961-7400<br>Fax: 203-359-3031 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | |

_____
William J. Kelleher, III