UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | :<br>:<br>: |
| | :    MASTER FILE NO.<br>:    3:00CV01884(DJS) |
| This document relates to: | : |
| ALL ACTIONS | :<br>:<br>:<br>: |

### DEFENDANT JAY S. WALKER'S FEBRUARY 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY

Since the filing of Mr. Walker's January 10, 2006 status report, counsel for Mr. Walker and counsel for Plaintiffs have conferred by telephone and corresponded in writing regarding the next steps to be taken toward determining whether and how the electronic data on the 181 back-up tapes in Mr. Walker's possession should be produced. To this end, the parties have agreed to split equally the cost to restore six (6) more of the tapes to native-file format. These six tapes are part of the set of eight tapes that counsel for Mr. Walker believes are most likely to contain email files, based on Mr. Walker's counsel's spot-checking of the 16 tapes that have been restored to date.[1] Based on that spot-check and all of the information currently available, Mr. Walker believes that none of the remaining tapes are likely to contain emails.

---

[1] The other two tapes in this group of eight already have been restored to native-file format, as they were part of the 16-tape sample set that Mr. Walker had restored prior to the Court's December 9, 2005 Order. (See Defendant Jay S. Walker's January 10, 2006 Status Report on the Production of Electronic Discovery, pp.1-2.)

LEGAL_US_E # 70509431.1

Once these six tapes are restored to native-file format, Mr. Walker will produce to Plaintiffs "catalogs" for these six tapes.[2] The catalogs show, for the files contained on each tape: the file names, the folders, the date last modified, the time last modified, and the size of the files in bytes. As noted in Mr. Walker's January 10, 2006 Status Report, Mr. Walker already has produced to Plaintiffs catalogs for the 16 tapes that already have been restored.

Plaintiffs have not yet narrowed their request based on the information contained in the catalogs that they already have received. Counsel for Mr. Walker has suggested that, when Plaintiffs receive the catalogs for the 6 additional tapes, Plaintiffs examine the catalogs for all 22 tapes and limit their request according to file type,[3] date range,[4] and custodian.[5] Counsel for Mr. Walker has explained to Plaintiffs' counsel that narrowing the request based on these preliminary criteria will reduce the amount of data that will be "staged," or filtered based on agreed-upon key words, if the parties should decide to take that step. Reducing the amount of data to be staged will reduce the costs associated with staging significantly.

Although the parties have not yet agreed to undertake staging of the data, Plaintiffs have agreed to propose some key words for this purpose. The parties also have agreed to discuss whether to split equally the cost 1) to have nine (9) more tapes restored to native-file format, and

---

[2] Mr. Walker has made it clear, however, that at this stage, his agreement to pay half the cost to restore these six tapes to native-file format and produce the catalogs for these six tapes does *not* constitute an agreement to *produce* these tapes to Plaintiffs in native-file format or in any other format.

[3] The parties have agreed that certain file types, such as Word files, Excel files, and .pst (email) files are the most likely to contain responsive information, and that system files and program files are unlikely to contain responsive information.

[4] The court already has ordered that Defendants are not required to produce any materials outside the relevant time period of March 1, 1999 to April 1, 2001. (Court's April 6, 2005 Order.)

[5] The catalogs of tapes containing .pst (email) files most likely will show the "custodian" of each email file – that is, a list of the names of individuals whose email boxes are contained on the tape.

2) to generate catalogs for the remaining 150 tapes; however, the parties have not agreed to undertake these steps or to share costs as of the date of this filing. The parties will conduct a conference call next week to discuss this further.

Therefore, as of the date of this filing, counsel for Mr. Walker has sent the six additional tapes referenced herein to its electronic discovery vendor, Applied Discovery, to be restored to native-file format. Applied Discovery also will generate catalogs for these six tapes, and Mr. Walker will produce copies of the catalogs to Plaintiffs promptly.

Dated: February 10, 2006

Respectfully submitted,

/s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com

*Attorneys for Defendant Jay S. Walker*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:   **MASTER FILE NO.**<br>:   **3:00CV01884(DJS)**<br>:<br>:<br>:<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

This is to certify that on this 10th day of February, 2006, I electronically filed DEFENDANT JAY S. WALKER'S FEBRUARY 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Jules Brody, Esq.
Aaron Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT  05403

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH  44022

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT  06460-0112 |

I hereby further certify that I have served a true and exact copy of the above-referenced DEFENDANT JAY S. WALKER'S FEBRUARY 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY on the following attorneys via U.S. First Class Mail addressed as follows:

| | |
|---|---|
| Daniel Slifkin, Esq.<br>James G. Hein, Esq.<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019 | Joseph L. Clasen, Esq.<br>William J. Kelleher, III, Esq.<br>Robinson & Cole, LLP<br>Financial Centre<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT  06904-2305 |
| Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull, Stull & Brody<br>6 East 45th Street<br>New York, NY  10017 | Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Peter McDougall, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403 |
| David R. Scott<br>Erin Green Comite<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415 | Geoffrey M. Johnson, Esq.<br>Scott & Scott, LLC<br>33 River Street<br>Chagrin Falls, OH  44022 |

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT  06460-0112 |

This 10th day of February, 2006.

By: /s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis, III (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308-2222
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com
*Attorneys for Defendant Jay S. Walker*