UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM, INC. | : | |
| SECURITIES LITIGATION | : | |
| _____ | : | MASTER FILE NO. |
| | : | 3:00CV01884(DJS) |
| This document relates to: | : | |
| | : | February 17, 2006 |
| ALL ACTIONS | : | |
| | : | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' THIRD
MOTION TO COMPEL DISCOVERY FROM DELOITTE & TOUCHE, LLP**

**SCOTT + SCOTT, LLC**
David R. Scott
Geoffrey M. Johnson
Erin Green Comite
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017

**Co-Lead Counsel**

## INTRODUCTION

This Motion to Compel concerns two e-mails the Priceline Defendants instructed Deloitte & Touche, LLP ("Deloitte") to withhold from Deloitte's production in response to Plaintiffs' third-party subpoena served on Deloitte. Deloitte cannot withhold these documents based on a purported attorney-client privilege asserted by the Priceline Defendants. Deloitte served as Priceline's auditor during the relevant time period and the disclosure of these documents to Deloitte resulted in the destruction of any potential claim of attorney-client privilege. Although Defendants' Opposition gives a fair description of the very limited exception to the general rule that voluntary disclosure to an outside party destroys a claim of attorney-client privilege, Defendants fail to carry their burden of demonstrating that the communication at issue falls within this exception.

Because any privilege to the withheld document was destroyed by disclosure to a third-party, Deloitte should be ordered to immediately produce the improperly withheld documents.

## ARGUMENT

**The Emails And Attachments That Priceline Sent To Or Received From Its Outside Auditors Or Accountants Can Not Be Protected By The Attorney-Client Privilege And Therefore Must Be Produced.**

The Priceline Defendants improperly instructed Deloitte to withhold highly relevant documents from Deloitte's response to Plaintiffs' third-party subpoena. But the withheld emails and attachments are not protected by the attorney-client privilege because they constitute voluntary communications between the Company and its third-party auditors. As such, the seal of confidentiality needed to assert the privilege is destroyed. *See,* Plaintiffs' Memorandum in Support of Plaintiffs' Third Motion to Compel Discovery from Deloitte & Touche, LLP, ("Plaintiffs' Mem.") at p. 6-7. The Priceline Defendants acknowledge the general rule that no

1

accountant-client privilege exists under federal law and that disclosure of a document to an accountant or auditor normally destroys any claim of attorney-client privilege for such documents. Defendants' Memorandum of Law in Opposition to Plaintiffs' Third Motion to Compel Discovery from Deloitte & Touche, LLP ("Def. Opp.") at p. 3; *See also, In re Honeywell Int'l Sec. Litig.*, 230 F.R.D. 293, 298 (S.D.N.Y. 2003) (the attorney-client privilege does not extend to communications between a company and its accountants or auditors and any attorney-client privilege was waived when the information was communicated to the company's auditors).

Defendants attempt to avoid this widely accepted rule and prevent Plaintiffs from accessing documents by claiming that Deloitte acted as an agent, akin to a translator, to aid Priceline's counsel in understanding alternative financial structures of a proposed transaction. Defendants claim this brings the communications within an exception to the general rule articulated in *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961). Def. Opp. at p. 6. As Defendants state, "under certain limited circumstances, the attorney-client privilege may extend to communications with a third-party, such as an accountant, when the third party is engaged to assist in the rendition of legal services." Def. Opp. at p. 4.

"The burden of establishing attorney-client privilege, in all its elements, always rests upon the person asserting it." *EDO Corp. v. Newark Ins. Co.*, 145 F.R.D. 18, 22 (D.Conn., 1992) (quoting *U.S. v. Schwimmer* 892 F.2d 237, 242 (2d Cir.1989)). The party claiming an attorney-client privilege must establish that privilege by providing "sufficient information from which it could reasonably be concluded that the communication: (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and, (4) is at the client's instance permanently protected." *In re Perrier*

2

*Bottled Water Litigation,* 138 F.R.D. 348, 352 (D.Conn., 1991). In order to invoke the exception to the general rule that disclosure to an accountant destroys any claim of privilege, Defendants must prove that Deloitte was: acting as an agent for Priceline's attorney; establish that Deloitte was engaged to provide legal advice and not accounting advice; and prove that the advice sought was the lawyers' and not the accountants'. *United States v. Koval*, 296 F.2d 918, 922 (2d Cir. 1961) (emphasis added). Defendants completely fail to carry this burden.

Directly on point is *United States v. Adlman*, 68 F.3d 1495 (2d Cir. 1995). In *Adlman*, the Second Circuit affirmed a district court's order that a memorandum created by Paul Sheahan, an accountant and partner at Arthur Anderson ("AA" or "Anderson"), requested by Sequa's in-house counsel to assist in considering the tax consequences of a proposed reorganization, was not protected under the attorney-client privilege. *Id.* Anderson was regularly employed by the company "to furnish auditing, accounting and advisory services." *Id.* at 1500. In support of the assertion of attorney-client privilege, affidavits were provided from numerous individuals, including a partner of AA. *Id.* at 1498. Similar to the affidavit supplied in this instance, an affidavit from Sequa's in-house counsel stated "[b]ecause I was not expert in the highly complex corporate reorganization provision [of the tax code], I need[ed] Mr. Sheahen to interpret them for me." *Id.*

In *Aldman*, the Second Circuit held that the affidavits from four individuals, including supporting affidavits from in-house counsel and from a partner at AA, failed to carry the company's burden of establishing attorney-client privilege. *U.S. v. Adlman*, 68 F.3d at 1498-1500. The Second Circuit stated that the company's assertion of privilege "was suggested primarily by litigation affidavits prepared by interested persons four years after the fact and lacking any support in contemporaneous documentation" and "[t]here is virtually no

3

contemporaneous documentation supporting the view that AA, in this task alone, was working under a different arrangement from that which governed the rest of its work for Sequa." *Id*. at 1500.  The Second Circuit affirmed the lower court's conclusion that "Sequa had failed to sustain its burden of showing that the facts come within the principle of *Kovel*." *Id.*

In this instance, Defendants' sole attempt to carry their burden of establishing attorney-client privilege is an affidavit from the in-house counsel who sent the e-mail in question to Deloitte.  The affidavit fails to establish that Deloitte was engaged by Priceline for anything other than providing accounting or auditing services and simply states that Pricelines's in-house counsel "solicited the assistance of D&T to aid him in understanding alternative financial structures that were proposed by priceline's outside counsel." Def. Opp. at p. 6.  Additionally, as in *Aldman,* Defendants here have failed to provide any contemporaneous documentation supporting the theory that Deloitte was acting in any capacity other than as Priceline's auditor or accountant.

Importantly, Defendants did not engage Deloitte to assist in rendering legal advice.  The engagement letter from Deloitte to Priceline, dated August 4, 2004, states "[Deloitte] is pleased to serve as independent accountants and auditors for priceline.com." *See*, Exhibit A, August 4, 2000 engagement letter from Deloitte & Touche, LLP to Priceline.com; *See also,* Memorandum of Law in Support of the Motion of Deloitte & Touche LLP to Dismiss the Consolidated Amended Complaint, filed on February 28, 2002, Docket # 68, at p. 4 (stating "Deloitte served as Priceline's outside auditor").  This engagement letter, dated just 32 days prior to the withheld e-mail at issue in this motion, states nothing about Deloitte acting as an agent or consultant for Priceline or providing assistance to Priceline's in-house counsel in rendering legal advice. *Id.*

4

Unlike in *Aldman*, where an affidavit was provided from Anderson to support Sequa's assertion of privilege, Defendants in this instance have failed to provide an affidavit from Deloitte and, in fact, Deloitte "takes no position concerning whether or not the document withheld at the request of Priceline's counsel is protected by privilege." Deloitte & Touche LLP's Memorandum in Response to Plaintiffs' Motion to Compel ("Deloitte Mem.") at p. 1. As the Second Circuit determined that the support offered in *Adlman* did not satisfy Defendants' burden of establishing attorney-client privilege, the Pricleine Defendants failure to provide even the inadequate support offered in *Adlman* soundly demonstrates their failure to carry their burden to establish attorney-client privilege.[1]

Thus, despite Defendants' *ex post facto* attempt to manufacture such a relationship, Deloitte's engagement with Priceline was to render audit and accounting services, not to provide legal advice or assistance and Defendants have provided no evidence to suggest otherwise. See, *Koval*, 296 F.2d at 922 ("If what is sought is not legal advice but only accounting service, [ ] or if the advice sought is the accountant's rather than the lawyer's, no privilege exists"). As a result, the *Koval* exception does not apply in this instance and no claim of attorney-client privilege can be asserted. Deloitte should be ordered to immediately produce the improperly withheld documents.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an order requiring Deloitte to produce all documents responsive to the Plaintiffs' subpoena served on Deloitte in this action, including

---

[1] This is not the first time Defendants have failed to carry the burden to properly assert a privilege in this case as Plaintiffs' moved to compel the production of hundreds of documents from Defendants' privilege logs due in part to the failure of Defendants to properly support the assertions of privilege. On December 8, 2005, this Court held that Defendants' privilege logs were not sufficient to support the privileges asserted and Ordered Defendants to revise the privilege logs on or before February 17, 2006. *See*, Memorandum of Decision and Order, dated December 8, 2005, dkt. #244. Thus, Defendants are fully informed of the requirements for carrying a privilege established by this Court and cannot be excused for failing to meet this Court's requirements.

5

documents improperly withheld based on attorney-client privilege or work-product protection. Plaintiffs further request that the Court award Plaintiffs' counsel their fees and expenses incurred in making this Motion.

Dated: February 17, 2006

Respectfully submitted,

_____/S/_____
SCOTT + SCOTT, LLC
David R. Scott (CT16080)
drscott@scott-scott.com
Erin Green Comite (CT24886)
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

SCOTT + SCOTT, LLC
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone:  (440) 247-8200
Facsimile:  (440) 247-8275

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 537-4432

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**Co-Lead Counsel**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 17, 2006, a true copy of the foregoing was served on all counsel of record on the attached service list by first-class, postage prepaid U.S. mail.

_____/S/_____

Erin Green Comite

**SERVICE LIST**

Dennis J. Johnson
Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
Hurwitz Sagarin & Slossberg
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Eric W. Wiechmann
Thomas J. Finn
McCarter & English
CityPlace I
185 Asylum
Hartford, CT 06103

Carl Mullis
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E. 24th Floor
Atlanta, GA 30308

Joseph L. Clasen
William Kelleher
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Daniel Slifkin
James Hein
Cravath, Swaine & Moore
825 Eighth Avenue
New York, NY 10019

Douglas C. Conroy
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Floor
Stamford, CT 06901

William R. Maguire
Sarah Loomis Cave
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004