UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:   MASTER FILE NO.<br>:   3:00CV01884(DJS)<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT JAY S. WALKER'S MARCH 10, 2006 STATUS REPORT
ON THE PRODUCTION OF ELECTRONIC DISCOVERY**

Since the filing of Mr. Walker's February 10, 2006 status report, counsel for Mr. Walker and counsel for Plaintiffs have conferred by telephone and corresponded in writing regarding the next steps to be taken toward determining whether and how the electronic data on the 181 back-up tapes in Mr. Walker's possession should be produced. To this end, Mr. Walker's electronic discovery vendor has recently restored six (6) more of the tapes to native-file format,[1] and Mr. Walker is producing to Plaintiffs "catalogues" for these six tapes.[2]

---

[1] The parties agreed to split the cost of this recent restoration equally. Counsel for Mr. Walker has made it clear, however, that at this stage, Mr. Walker's agreement to pay half the cost to restore these six tapes to native-file format and produce the catalogues for these six tapes does *not* constitute an agreement to *produce* these tapes to Plaintiffs in native-file format or in any other format. These six tapes are part of the group of eight tapes that counsel for Mr. Walker believed were most likely to contain email files, based on Mr. Walker's counsel's spot-checking of the 16 sample tapes that Mr. Walker restored earlier at his expense. Based on that spot-check and all of the information currently available, Mr. Walker believes that none of the remaining tapes are likely to contain emails. (The remaining two tapes in this group of eight were restored to a native file by Mr. Walker as part of the 16 sample tapes. One of the six backup tapes recently restored by Mr. Walker did not contain any data.)

[2] The catalogues show, for the files contained on each tape: the file names, the folders, the date last modified, the time last modified, and the size of the files in bytes. As noted in Mr. Walker's

The parties also have recently agreed to split equally the cost for the following: 1) having nine (9) additional backup tapes restored to native-file format, and 2) generating catalogues for the remaining 150 backup tapes. All of these tapes are being sent to the electronic discovery vendor to be processed accordingly. The catalogues for these 159 backup tapes will be supplied to Plaintiffs once the processing is complete, but there is no agreement that any of the tapes, or any other data contained in the tapes, will be provided to Plaintiffs.

Since Mr. Walker's February 10, 2006 Status Report, Counsel for Plaintiffs and Mr. Walker have had discussions about attempting to limit the data that must be searched in the backup tapes. Plaintiffs have provided counsel for Mr. Walker with a list of the names of 121 individuals whose email files Plaintiffs would like to have searched. There will need to be additional discussions concerning this list. Counsel for Mr. Walker has suggested that Plaintiffs also limit their request according to file type, as certain file types, such as Word files, Excel files, and .pst (email) files are the most likely to contain responsive information, and system files and program files are unlikely to contain responsive information. There will be additional discussions concerning this. Plaintiffs have indicated that they are unwilling to limit the date range of their request any further than the Relevant Time Period (March 1, 1999 – April 1, 2001) already set by the Court in its April 6, 2005 Order.

Counsel for Plaintiffs and Mr. Walker will need to have additional discussions concerning such things as: (1) ways to reduce the amount of data that might be "staged" (i.e.,

---

January 10, 2006, and February 10, 2006 Status Reports, Mr. Walker already has produced to Plaintiffs catalogues for the other 16 sample tapes that initially were restored. Therefore, as of the date of this filing, Mr. Walker has produced to Plaintiffs catalogues for 22 of the backup tapes.

filtered) based on agreed-upon key words, (2) which tapes, if any, that will be staged, and (3) the allocation of such staging costs.

Dated: March 10, 2006                                  Respectfully submitted,

/s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY &
WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308-2222
Telephone:  (404) 815-2400
Facsimile:   (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com

*Attorneys for Defendant Jay S. Walker*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | MASTER FILE NO.<br>3:00CV01884(DJS) |

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of February, 2006, I electronically filed DEFENDANT JAY S. WALKER'S MARCH 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Jules Brody, Esq.
Aaron Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH 44022

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT  06460-0112 |

I hereby further certify that I have served a true and exact copy of the above-referenced DEFENDANT JAY S. WALKER'S MARCH 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY on the following attorneys via U.S. First Class Mail addressed as follows:

| | |
|---|---|
| Daniel Slifkin, Esq.<br>James G. Hein, Esq.<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019 | Joseph L. Clasen, Esq.<br>William J. Kelleher, III, Esq.<br>Robinson & Cole, LLP<br>Financial Centre<br>695 East Main Street<br>P.O. Box 10305<br>Stamford, CT  06904-2305 |
| Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull, Stull & Brody<br>6 East 45th Street<br>New York, NY  10017 | Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Peter McDougall, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403 |
| David R. Scott<br>Erin Green Comite<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415 | Geoffrey M. Johnson, Esq.<br>Scott & Scott, LLC<br>33 River Street<br>Chagrin Falls, OH  44022 |

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT  06460-0112 |

This 10th day of March, 2006.

By: /s/ Carl W. Mullis, III
   J. Allen Maines (phv0013)
   Carl W. Mullis, III (phv0158)
   Summer B. Joseph (phv0160)
   PAUL, HASTINGS, JANOFSKY &
   WALKER, LLP
   600 Peachtree Street, N.E., Suite 2400
   Atlanta, GA  30308-2222
   Telephone:  (404) 815-2400
   Facsimile:   (404) 815-2424
   allenmaines@paulhastings.com
   carlmullis@paulhastings.com
   summerjoseph@paulhastings.com
   *Attorneys for Defendant Jay S. Walker*