UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION : <br><br>This document relates to:<br><br>ALL ACTIONS | : <br>: <br>: MASTER FILE NO.<br>: 3:00CV01884(DJS)<br>: <br>: <br>: <br>: <br>: |

### DEFENDANT JAY S. WALKER'S APRIL 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY

Since the filing of Mr. Walker's March 10, 2006 status report, counsel for Mr. Walker and counsel for Plaintiffs have conferred by telephone and corresponded in writing regarding the next steps to be taken toward determining whether and how the electronic data on the 181 back-up tapes in Mr. Walker's possession should be produced. To this end, Mr. Walker has sent nine (9) more of the back-up tapes to its electronic discovery vendor to be restored to native-file format.[1] Once restoration is complete, Mr. Walker has agreed to produce "catalogs" for these nine tapes.[2] Mr. Walker's electronic discovery vendor also is working on generating catalogs for

---

[1] The parties agreed to split the cost of this recent restoration equally. Counsel for Mr. Walker has made it clear, however, that at this stage, Mr. Walker's agreement to pay half the cost to restore these nine tapes to native-file format and produce the catalogues for these nine tapes does *not* constitute an agreement to *produce* these tapes to Plaintiffs in native-file format or in any other format.

[2] The catalogues show, for the files contained on each tape: the file names, the folders, the date last modified, the time last modified, and the size of the files in bytes. As noted in Mr. Walker's January 10, 2006, February 10, 2006, and March 10, 2006 Status Reports, Mr. Walker already has produced to Plaintiffs catalogues for the other 16 sample tapes that initially were restored. Therefore, as of the date of this filing, Mr. Walker has produced to Plaintiffs catalogues for 22 of the backup tapes.

the remaining 150 back-up tapes without restoring these tapes.[3] Counsel has been advised by the vendor that these restorations and catalogs will be completed very soon. The catalogs for these 159 tapes will be produced to Plaintiffs very shortly after they are received by Mr. Walker's counsel, but the parties have not agreed that any of the tapes, or any other data contained in the tapes, will be provided to Plaintiffs.

Pursuant to Plaintiffs' request, on April 7, 2006, Mr. Walker produced to Plaintiffs a CD containing searchable, electronic versions of the catalogs produced in hard copy on March 10, 2006. These catalogs are for the six (6) tapes previously restored to native-file format.

Plaintiffs have provided counsel for Mr. Walker with a list of the names of 121 individuals whose email files Plaintiffs would like to have searched. There will need to be additional discussions concerning this list. Counsel for Mr. Walker has suggested that Plaintiffs also limit their request according to file type, as certain file types, such as Word files, Excel files, and .pst (email) files are the most likely to contain responsive information, and system files and program files are unlikely to contain responsive information. There will be additional discussions concerning this. Plaintiffs have indicated that they are unwilling to limit the date range of their request any further than the Relevant Time Period (March 1, 1999 – April 1, 2001) already set by the Court in its April 6, 2005 Order.

Counsel for Plaintiffs and Mr. Walker also will need to have additional discussions concerning such things as: (1) ways to reduce the amount of data that might be "staged" (i.e., filtered) based on agreed-upon key words, (2) which tapes, if any, that will be staged, and (3) the

---

[3] The parties agreed to split the cost to generate these catalogs equally. Counsel for Mr. Walker has made it clear, however, that at this stage, Mr. Walker's agreement to pay half the cost to generate and produce catalogs for these 150 tapes does *not* constitute an agreement to *produce* these tapes to Plaintiffs in native-file format or in any other format.

allocation of such staging costs. The parties have scheduled their next conference call for Tuesday, April 11, 2006.

Dated:  April 10, 2006                               Respectfully submitted,


/s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY &
WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308-2222
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com

*Attorneys for Defendant Jay S. Walker*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:   MASTER FILE NO.<br>:   3:00CV01884(DJS)<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of February, 2006, I electronically filed DEFENDANT JAY S. WALKER'S APRIL 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Jules Brody, Esq.
Aaron Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT  05403

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH  44022

Andrew W. Schatz, Esq.
Joel S. Nobel, Esq.
Schatz & Nobel
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

J. Daniel Sagarin, Esq.
Hurwitz Sagarin & Slossberg
147 North Broad Street
P.O. Box 112
Milford, CT  06460-0112

I hereby further certify that I have served a true and exact copy of the above-referenced DEFENDANT JAY S. WALKER'S APRIL 10, 2006 STATUS REPORT ON THE PRODUCTION OF ELECTRONIC DISCOVERY on the following attorneys via U.S. First Class Mail addressed as follows:

Daniel Slifkin, Esq.
James G. Hein, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904-2305

Jules Brody, Esq.
Aaron Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT  05403

David R. Scott
Erin Green Comite
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH  44022

| | |
|---|---|
| Andrew W. Schatz, Esq.<br>Joel S. Nobel, Esq.<br>Schatz & Nobel<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103 | J. Daniel Sagarin, Esq.<br>Hurwitz Sagarin & Slossberg<br>147 North Broad Street<br>P.O. Box 112<br>Milford, CT  06460-0112 |

This 10th day of April, 2006.

By: /s/ Carl W. Mullis, III
J. Allen Maines (phv0013)
Carl W. Mullis, III (phv0158)
Summer B. Joseph (phv0160)
PAUL, HASTINGS, JANOFSKY &
WALKER, LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308-2222
Telephone:  (404) 815-2400
Facsimile:   (404) 815-2424
allenmaines@paulhastings.com
carlmullis@paulhastings.com
summerjoseph@paulhastings.com
*Attorneys for Defendant Jay S. Walker*