STEVEN B. ROSENFELD
DAWN BARKER
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:    (212) 373-3000
Facsimile:    (212) 373-3990

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Priceline.com, Inc.<br>Securities Litigation | Case Number: 3:00CV01884 (DJS)<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto, through their undersigned counsel, that the following terms and conditions (the "Stipulated Protective Order") shall govern the review, production, use, disclosure and dissemination of information, documents, materials, information derived therefrom, and all copies, excerpts or summaries thereof, made available for review by third-party General Atlantic, LLC ("General Atlantic") in response to the subpoena dated March 6, 2006 (the "Subpoena") served upon General Atlantic by plaintiffs:

WHEREAS, General Atlantic has served objections to the Subpoena on the grounds, *inter alia*, that it is overbroad, vague, unduly burdensome, oppressive, and not reasonably likely to lead to the discovery of admissible evidence, and

WHEREAS, notwithstanding the aforesaid objections, General Atlantic has performed a search of its records, including an electronic search of its computer files, in response to the terms of the Subpoena, and

WHEREAS, that search has resulted in the accumulation of several thousand electronic documents and files, a review of which for responsiveness and applicable privileges General Atlantic believes would impose undue burden and expense on General Atlantic, and which would also unduly delay production of responsive documents to plaintiffs, and

WHEREAS, the attorneys for plaintiffs and General Atlantic have reasonably conferred in an effort to reduce the burden and expense upon General Atlantic of complying with the Subpoena,

IT IS HEREBY STIPULATED AND AGREED, AS FOLLOWS:

1. This Stipulated Protective Order shall govern all electronic or computer files, data and information, including information contained in documents and electronic data storage media (such as compact discs ("CDs") and computer hard drives), all copies, excerpts, or summaries thereof, and other products of discovery (collectively "Electronic Files"), made available for review in this litigation by General Atlantic pursuant to the Subpoena.

2. In lieu of reviewing General Atlantic's Electronic Files in order to remove therefrom files and documents that are either not responsive to the Subpoena, or protected by applicable privileges, General Atlantic will make the Electronic Files available in their entirety for review by plaintiffs' counsel, beginning on April 13th, 2006 at 10:00 a.m., or as soon thereafter as counsel can make the necessary arrangements, at

the offices of General Atlantic's counsel, Paul, Weiss, Rifkind, Wharton & Garrison, located at 1285 Avenue of the Americas, New York, New York 10019-6064.

3. In so doing, General Atlantic does not waive, and in fact expressly reserves the right to object to the production of the Electronic Files made available for review on any grounds, including but not limited to responsiveness, confidentiality, attorney-client privilege, attorney work-product immunity doctrine, or any other privilege.

4. Plaintiffs' counsel shall review the Electronic Files and shall designate those documents or electronic data that they select as responsive to the Subpoena (the "Selected Documents").

5. Within three (3) business days following General Atlantic's receipt of plaintiffs' designation of Selected Documents, General Atlantic and plaintiffs' counsel will meet and confer in good faith, to set a schedule for General Atlantic and its counsel to:

(a) review the Selected Documents for responsiveness, confidentiality, attorney-client privilege, attorney work-product immunity doctrine, or any other privilege;

(b) Bates-stamp and number any responsive, non-privileged, non-protected documents, and produce those selected documents to plaintiffs; and

(c) Produce a privilege log listing any of the Selected Documents for which General Atlantic asserts attorney-client privilege, attorney work-product immunity doctrine, or any other privilege.

6. Any of the Selected Documents which contain confidential material, as defined by the January 19, 2005 Protective Order in this action (the "2005 Protective Order"), may be designated by General Atlantic as "Highly Confidential" or "Confidential," pursuant to the 2005 Protective Order, and their production and use will thereafter be subject to the terms of the 2005 Protective Order.

7. Plaintiffs' counsel and/or consultants who review the Electronic Files shall take appropriate steps to ensure that the documents, material and information contained therein are not revealed, discussed or disclosed to any person or entity pending the production of those documents, material or information according to the terms of paragraph 5(b) of this Stipulated Protective Order.

8. All persons reviewing the Electronic Files (which shall include the individual attorneys as well as their respective law firms) shall be bound by the provisions of this Stipulated Protective Order, shall make reasonable efforts to ensure that non-lawyer assistants (including but not limited to legal assistants and consultants) comply with its terms, and shall be responsible for the compliance of such non-lawyer assistants.

9. This Stipulated Protective Order is without prejudice to the right of any party hereto to bring before the U.S. District Court for the District of Connecticut (the "Court"), at any time and upon notice to all parties hereto, the question of whether any particular document, material or information is, in fact, relevant, confidential or privileged, and whether its disclosure should be subject to the provisions of this Stipulated Protective Order. Until such time as the Court rules otherwise, any document,

material or information shall be treated according to General Atlantic's determination pursuant to paragraph 5 above.

10. Within thirty (30) days after the conclusion of this litigation by final nonappealable judgment or settlement, and unless counsel for General Atlantic agrees in writing otherwise, any originals or reproductions of any documents, material or information designated "Highly Confidential" or "Confidential" shall be returned to counsel for General Atlantic or certified by plaintiffs' counsel to have been destroyed.

11. (a) In the event that General Atlantic inadvertently produces to plaintiffs any document which General Atlantic considers privileged in whole or in part pursuant to the attorney-client privilege or work product doctrine, the privileged document may be retrieved by General Atlantic as follows:

(i) General Atlantic must give written notice to plaintiffs' counsel, within 60 days of discovery, that General Atlantic claims said document, in whole or in part, to be privileged.

(ii) Upon receipt of such notice, plaintiffs and all parties or other persons who have received a copy of the produced document shall promptly return such document to General Atlantic and destroy any other copies thereof, unless plaintiffs have already used the document in papers filed with the Court. In the event that only part of the document is claimed to be privileged, General Atlantic shall provide redacted copies of such document, removing only the part(s) thereof claimed to be privileged, to plaintiffs' counsel within fifteen (15) days.

(iii) The terms of this paragraph shall not be deemed a waiver of plaintiffs' right to contest General Atlantic's designation of the document(s) as privileged.

(b) Production of a document that is subsequently retrieved pursuant to this paragraph shall not be deemed, and will not be alleged by plaintiffs, to be a waiver of the claim of privilege asserted.

(c) General Atlantic will use its best efforts to limit the number of documents retrieved under this paragraph.

(d) The intentional production of any document, or of any information, which is privileged or which could be claimed to be privileged shall not be a waiver of the privilege except as to the document or information actually produced (i.e., the production of a document which is or may be claimed to be privileged shall not be a waiver of the privilege as to other documents or information concerning the same subject matter as the document produced).

12. Plaintiffs' selection of documents under this agreement constitutes work-product and General Atlantic shall not share with or disclose to any other entity in any manner, whether by identification or production of the subset of documents, the information, documents or electronic data selected for production by plaintiffs.

Dated: April 10, 2006

JOHNSON & PERKINSON

By: *Peter McDougall*
Peter J. McDougall, Esq.
Attorneys for Plaintiffs

Dated: April 6, 2006

PAUL, WEISS, RIFKIND, WHARTON & GARRISON

By: *Steven B. Rosenfeld*
Steven B. Rosenfeld
Dawn Barker
Attorneys for Third-Party
General Atlantic, LLC

Dated: April __, 2006

SO ORDERED:

_____
U.S.D.J. Dominic J. Squatrito