IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: Priceline.com<br>Securities Litigation | : | Master File No.<br>3:00cv1884 (DJS) |
| ------------------------------------------------------- | : | |
| This document relates to: | : | |
| | : | |
| ALL PENDING ACTIONS | : | |
| | : | April 27, 2006 |
| | : | |

## DECLARATION OF WILLIAM J. KELLEHER III

WILLIAM J. KELLEHER III declares and says:

1.      I am an attorney at the law firm of Robinson & Cole, LLP, counsel to

defendants priceline.com Incorporated, N.J. Nicholas, Daniel H. Schulman and Richard

S. Braddock (collectively herein, the "Defendants"), in this action.  I submit this

Declaration in connection with the Defendants' Opposition to Plaintiffs' Fourth Motion

to Compel Discovery and Memorandum in Support of Their Cross-Motion for Protective

Order, and to place before the Court certain relevant information and documents

including the extensive efforts of Defendants' counsel to work with plaintiffs' counsel

and avoid the circumstances of, or at least narrow the issues in dispute on this motion.

2.      To date, Defendants have produced a total of over 750,000 pages of

documents in response to plaintiffs' 76 document requests.  Those 750,000-plus pages

were produced after review and analysis of millions of pages of documents by a large

group of attorneys under the supervision of Defendants' counsel, Robinson & Cole LLP.

The 1633 documents appearing on Defendants' privilege log volumes 1-9 represent less

than 1% of the entire production.  Plaintiffs now challenge over 60% of that mere 1%.  In

fact, plaintiffs challenge every single document on privilege log volume 6.

3.    This is the second time that plaintiffs have asked the Court to compel hundreds of documents from Defendants' privilege log based upon the same generic and unspecified arguments. See Plaintiffs' Third Motion to Compel, dated August 11, 2005, hereafter, "Third Motion".) Docket Entry No. 201. In ruling upon the Third Motion, the Court held that Defendants' privilege log was proper under the Local Rules, but that Defendants should supplement their log to provide plaintiffs with additional information related to each claim of privilege. Memorandum of Decision and Order, dated December 8, 2005. On February 17, 2006, in accordance with the December 8th Order, Defendants provided plaintiffs with revised supplemental privilege log volumes 1 and 2. Annexed hereto as Exhibit A is a true and correct copy of the letter from William Kelleher to David Scott and E. Comite, dated February 17, 2006.

4.    Between July 11 and November 9, 2005, Defendants provided plaintiffs with privilege log volumes 3, 4 and 5, corresponding to Defendants' June, July and October document productions. For each document withheld from production, the volumes indicated the type of document, its general subject matter, its date, its author, each recipient and the basis for withholding the document. Annexed hereto as Exhibits B, C and D respectively, are true and correct copies of the letters from William Kelleher to David Scott and Erin Comite dated July 11, 2005, August 10, 2005 and November 9, 2005.

5.    By letter dated December 1, 2005, plaintiffs informed Defendants of their belief that certain of the documents listed on those volumes were inappropriately logged as privileged and should be immediately produced. Plaintiffs provided Defendants with a list of the documents it felt were "inappropriately logged", which included some

2

explanation as to the basis for each objection.  Accordingly, on December 9, 2005,

Defendants informed plaintiffs that they would reevaluate their privilege claim as to each

document on plaintiffs' list and, where appropriate, would produce documents or provide

a more detailed explanation of the basis for their objections to producing those

documents.  Annexed hereto as Exhibit E is a true and correct copy of the letter from

William J. Kelleher to Peter McDougall dated December 9, 2005.

6.     On January 25, 2006, Defendants sent plaintiffs a document-by-document

response to plaintiffs' December 1, 2005, letter.  Where possible, Defendants further

explained the basis for their objection to producing some of the documents.  Moreover,

upon consideration of plaintiffs' stated concerns, Defendants produced several of the

documents that had been listed on privilege log volumes 3, 4 and 5.  Defendants also

informed plaintiffs that if they continued to believe that certain documents were

inappropriately logged, Defendants would be happy to discuss those concerns.  Plaintiffs

did not take Defendants up on that offer and we heard nothing more from the plaintiffs as

to any of these documents.  Defendants were therefore under the impression that the meet

and confer process had operated successfully and plaintiffs were satisfied with the

resolution.  Annexed hereto as Exhibit F is a true and correct copy of the letter from

William Kelleher to Peter McDougall dated January 25, 2006.

7.     Between December 12, 2005, and February 10, 2006, Defendants

provided plaintiffs with three additional privilege volumes -- volumes 6, 7 and 8 --

corresponding to Defendants' November, December and January document productions.

Again, all three of those logs indicated, for each document withheld from production, the

type of document, its general subject matter, its date, its author, each recipient and the

basis for withholding the document. Annexed hereto as Exhibits G, H and I respectively are true and correct copies of the letters from William Kelleher to David Scott and Erin Comite enclosing privilege logs 6, 7 and 8, dated December 12, 2005, January 10, 2006 and February 10, 2006.

8.      On February 22, 2006, plaintiffs requested that the parties set up a conference call to discuss Defendants' privilege logs. True to form, plaintiffs did not identify any specific document or privilege log with which they allegedly had concern. Plaintiffs later indicated their intent to discuss "all of the privilege logs" (i.e., not just volumes 6, 7 and 8). That call took place on March 8, 2006. During the call, plaintiffs raised a number of generic complaints about the privilege logs, but refused to identify specific documents that they had a good-faith basis for believing are not privileged. Although Defendants offered to revisit their privilege objections over specific documents that plaintiffs might identify -- as Defendants previously had done with plaintiffs' earlier complaints about log volumes 3, 4 and 5 -- plaintiffs would not identify purportedly non-privileged documents. Nor did plaintiffs respond to Defendants' offer to discuss further the documents that plaintiffs believed to be non-privileged.

9.      On March 10, 2006, Defendants provided plaintiffs with privilege log volume 9, which again includes a detailed description of the documents withheld and the basis for Defendants' objections. Plaintiffs were silent with respect to this log. Annexed hereto as Exhibit J is a true and correct copy of the letter from William Kelleher to David Scott and Erin Comite dated March 10, 2006 providing plaintiffs with volume 9 of the privilege log.

10.     Subsequently, Defendants informed plaintiffs by letter dated March 14, 2006, that "[i]f you make a motion regarding our privilege log on the current record, then we will demonstrate to the Court that you have once again failed to meet and confer in good faith". Defendants' letter on March 14, 2006 again requested identification of documents that plaintiffs believed were not privileged. Explicitly, Defendants stated: "if you identify specific documents on our log that you have a good-faith basis for believing are not privileged, then we remain willing to take another look at those documents and discuss them with you further". Plaintiffs again refused our offer and filed the current motion. Annexed hereto as Exhibit K is a true and correct copy of the letter from James Hein to Erin Comite et. al. dated March 14, 2006.

11.     Notwithstanding that letter, plaintiffs filed the current Motion to Compel on March 30, 2006 without previously identifying the specific documents with which they had issue. In fact, the motion was filed without even attempting to meet and confer with respect to (i) any work product concern or (ii) any document entered on privilege log volume 9 (see Pls. Mem. at 2 n.1 ("Defendants served privilege log volume 9 on or about March 11, 2006. Although this privilege log was served after the March 8, 2006 conference call, plaintiffs' concerns regarding Defendants' first eight privilege logs are equally applicable to volume 9").) Furthermore, the motion seeks compelled production hundreds of documents that were previously moved against in the Third Motion for the same alleged reasons -- documents that had entries on the log that were already supplemented in compliance with the December 8th Order.

12.     The document review and production in this case has, by necessity, been performed by numerous attorneys over a significant period of time. It has been, and

continues to be, an extensive exercise that involves a review of millions of pages and has thus far resulted in the production of over 750,000. In a document production of this size, many different attorneys are called upon to make close calls on privilege. Defendants have always been, and remain, willing to review privilege calls with plaintiffs.

13.     Defendants' production contains a substantial number of documents which relate to WebHouse, Perfect YardSale and Walker Digital.

/s/  William J. Kelleher III
William J. Kelleher III

## CERTIFICATION

I hereby certify that the foregoing was filed with the Court and served on all

counsel of record listed below via the ECF electronic court filing system on this 27th day

of April, 2005:

| **Co-Lead Counsel** | **Liaison Counsel** |
|---|---|
| David R. Scott, Esq.<br>James E. Miller, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin  S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |
| Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022 | |
| Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Law Offices of Dennis J. Johnson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | |

| | |
|---|---|
| | **Attorneys for Defendant Jay S. Walker**<br><br>J. Allen Maines, Esq.<br>Carl Mullis, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>600 Peachtree Street, N.E.<br>Suite 2400<br>Atlanta, GA 30308<br>Tel: 404-815-2400<br>Fax: 404-815-2424<br><br>Douglas C. Conroy (ct11555)<br>Paul R. Dehmel (ct23063)<br>PAUL, HASTINGS, JANOFSKY &<br>WALKER, LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Telephone: 203-961-7400<br>Fax: 203-359-3031 |
| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Christine Arena, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | **Attorneys for Plaintiffs Twardy, Weingarten, Berdakina, Mayer, Mazzo, Fialkov, Licht, Bazag, Breirer, Farzam, Karas and Michols**<br><br>David A. Slossberg, Esq.<br>Margaret E. Haering, Esq.<br>Hurwitz & Sagarin, LLC<br>147 N. Broad Street<br>Milford, CT 06460<br>Tel: 203-877-8000<br>Fax: 203-878-9800 |

/s/ William J. Kelleher III
William J. Kelleher III

**<u>EXHIBIT A</u>**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

February 17, 2006

**_Via First Class Mail_**

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:    **In Re: Priceline.com Securities Litigation
3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed are the revised supplemented privilege logs (Volumes 1 and 2) on behalf of defendants priceline.com Inc., N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock in accordance with the Court's December 8, 2005 Memorandum of Decision and Order.

You will see that for ease of reference we have kept the revised supplemented logs in the same form as our original privilege logs and the supplemented logs that were attachments to our opposition to plaintiffs' third motion to compel.  The revised or additional information is provided in italics.

Very truly yours,

William J. Kelleher, III

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

Enclosures

STAM1-807147-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
February 17, 2006
Page 2

cc:  (w/o enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

**EXHIBIT B**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

July 11, 2005

***Via First Class Mail***

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:  **In Re: Priceline.com Securities Litigation**
        **3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed is the privilege log on behalf of defendants priceline.com Inc.,
N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our
document production in June, 2005 and the documents withheld from the production.

Very truly yours,

William J. Kelleher, III

Enclosures

Law Offices

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
WHITE PLAINS
NEW YORK CITY
SARASOTA
www.rc.com

STAM1-794039-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
July 11, 2005
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**<u>EXHIBIT C</u>**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

August 10, 2005

*Via First Class Mail*

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:   **In Re: Priceline.com Securities Litigation
        3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed is the privilege log on behalf of defendants priceline.com Inc.,
N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our
document production in July, 2005 and the documents withheld from the production.

Very truly yours,

William J. Kelleher, III

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*     STAM1-796185-1

Enclosures

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
August 10, 2005
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**EXHIBIT D**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

November 9, 2005

*__Via First Class Mail__*

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

> Re:     **In Re: Priceline.com Securities Litigation**
>          **3:00CV01884 (DJS)**

Dear David and Erin:

     Enclosed is the privilege log on behalf of defendants priceline.com Inc., N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our document production in October, 2005.

Very truly yours,

William J. Kelleher, III

Enclosures
WJK/ta

**RC**

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*     STAM1-801396-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
November 9, 2005
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**<u>EXHIBIT E</u>**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

*Via Fax and U.S. Mail*

December 9, 2005

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Re:   In Re: Priceline.com Securities Litigation
      3:00CV01884 (DJS)

Dear Peter:

We received your letter of December 1 concerning the documents in Privilege Log Volumes 3, 4 and 5 that plaintiffs believe are inappropriately logged. We assume that you received the Court's ruling of yesterday on plaintiffs' third motion to compel.

As we have done before when plaintiffs have identified specific documents on the logs, we are going back to the documents listed in your letter and will re-evaluate the privileges as to each document based on your stated concerns. Where appropriate, we will provide a more detailed explanation of the basis for our objections to producing documents, consistent with the Court's December 8 Order.

If, after receiving our responses, plaintiffs still believe that certain documents are inappropriately logged, then we will be happy to arrange a telephone conference to discuss your remaining concerns.

Very truly yours,

*[signature]*

William J. Kelleher, III

---

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*    STAM1-803094-1

# ROBINSON & COLE LLP

Peter McDougall, Esq.
December 9, 2005
Page 2

cc:

Joseph L. Clasen, Esq.

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

David Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

**EXHIBIT F**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

*Via Mail and Fax*

January 25, 2006

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Re:  **In Re: Priceline.com Securities Litigation**
     **3:00CV01884 (DJS)**

Dear Peter:

We are responding to your letter concerning the documents in Privilege Log Volumes 3, 4 and 5 that plaintiffs believe are inappropriately logged. Based on your stated concerns, we have gone back to the documents listed in your letter and re-evaluated the privileges as to each document. Our responses to your objections as to specific documents are set forth in the chart below, which corresponds to the chart in your letter.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

We continue to believe that the documents are properly logged for many of the same reasons stated in our opposition to plaintiffs' Third Motion to Compel. For instance, a document does not have to be authored by an attorney to be privileged. Many, if not most, of the documents included in your letter are plainly communications between priceline.com employees and its counsel, or between in-house priceline.com counsel and outside counsel about legal matters such as contracts and contract negotiations, agreements or transactions. And the fact that a particular document concerns or refers to a third party does not mean that it was sent to a third party or that there was any waiver of a privilege.

Nonetheless, in an effort to resolve these matters expeditiously, we have reconsidered the listed documents with your stated concerns in mind and, upon reconsideration, we will produce certain documents, as indicated below. Where possible without revealing the privileged nature or substance of the documents, we have provided

STAM1-803608-5

# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 2

further explanations in response to your objections.  With respect to Document No. 60 on Volume 4, we do not agree with your speculation that the attachments are directly relevant to plaintiffs' claims, but we will produce the attachments in an effort to resolve these matters without further dispute.  By producing these documents, Defendants do not waive any applicable privileges as to any related documents or matters.

As stated before, if after reviewing our responses, plaintiffs still claim that certain documents are inappropriately logged, then we will be happy to arrange a telephone conference with you to discuss whatever remaining matters you are concerned about.

| Volume | Document Number(s) | Response |
|--------|--------------------|----------|
| 3 | 3 | Communication between employees and in-house counsel re: contractual documents and legal terms of contract. |
| 3 | 4 | Defendants will produce. |
| 3 | 11 | Employee's communication with in-house counsel re: request for legal advice on cost allocation and priceline's obligation under an artist contract. |
| 3 | 12 | Communication from outside counsel to in-house counsel re: legal update and strategy on issues arising in a joint venture. |
| 3 | 15 | Defendants will produce. |
| 3 | 16 | Defendants will produce. |
| 3 | 17 | Defendants will produce. |
| 3 | 18 | Defendants will produce. |
| 3 | 19 | Defendants will produce. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 3

| 3 | 20 | Defendants will produce. |
|---|----|--------------------------|
| 3 | 21 | Defendants will produce. |
| 3 | 22 | Communication between in-house counsel and outside counsel re: legal advice on various stock agreement documentation. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 4

| Volume | Document Number(s) | Response |
|--------|--------------------|----------|
| 4 | 1 | Communication from in-house counsel to employees re: legal advice on regulatory requirements for the directed share program. |
| 4 | 5 | Defendants will produce. |
| 4 | 6 | Defendants will produce. |
| 4 | 7 | Defendants will produce. |
| 4 | 8 | Communication between employee and in-house counsel re: legal advice on settlement of outstanding Kana invoices. |
| 4 | 9 | Defendants will produce. |
| 4 | 10 | Legal advice and comments on Confidentiality Agreement. |
| 4 | 11 | Communication between employee and in-house counsel re: legal advice on New Department of Transportation regulations concerning the sale of travel on nonjet aircraft. |
| 4 | 12 | In-house counsel's legal advice and comments on draft 10Q sent to priceline employee, Maria Gotch. |
| 4 | 13 | Defendants will produce. |
| 4 | 14 | Defendants will produce. |
| 4 | 15 | Defendants will produce. |
| 4 | 16 | Defendants will produce. |
| 4 | 17 | Communication between in-house counsel and outside counsel re: legal advice on draft license agreement. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 5

| 4 | 18 | Communications between in-house counsel and outside counsel re: legal advice on draft license agreement. |
|---|----|----------------------------------------------------------------|
| 4 | 19 | Communication between in-house counsel and outside counsel re: legal advice on draft license agreement |
| 4 | 20 | Communication between in-house counsel and outside counsel re: legal advice on Patent License. |
| 4 | 21 | Legal research on adaptive marketing patent applications. |
| 4 | 22 | Communication between outside counsel and in-house counsel re: legal advice on pending adaptive marketing patents as of 5/99. |
| 4 | 23 | Communication between outside counsel and in-house counsel re: legal advice on draft corporate charter documents. |
| 4 | 24 | Defendants will produce. |
| 4 | 25 | Defendants will produce. |
| 4 | 26 | Defendants will produce. |
| 4 | 27 | Defendants will produce. |
| 4 | 28 | Communication from outside counsel to employees re: legal advice on operating agreement. |
| 4 | 29 | Communication between in-house counsel and outside counsel re: legal advice on draft employment agreement of Dan Schulman. |
| 4 | 30 | Communication between in-house counsel and outside counsel re: legal advice on draft promissory note for Dan Schulman. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 6

| 4 | 31 | Communication between in-house counsel and outside counsel re: legal advice on draft promissory note for Dan Schulman. |
|---|----|----------------------------------------------------------------------|
| 4 | 32 | Communication between in-house counsel and outside counsel re: legal advice on draft promissory note for Dan Schulman. |
| 4 | 33 | Communication between in-house counsel and outside counsel re: legal advice on draft promissory note for Richard Braddock. |
| 4 | 34 | Captioned Attorney/Client Privilege. Internal document concerning in-house counsel's analysis of various software agreements. |
| 4 | 35 | Defendants will produce. |
| 4 | 36 | Captioned Attorney/Client. Internal document concerning in-house counsel's analysis of various software agreements. |
| 4 | 37 | In-house counsel's legal advice on draft agreement re: AT&T Internet Web Site Services. |
| 4 | 38 | Internal document concerning in-house counsel's analysis of various software agreements. |
| 4 | 39 | Defendants will produce. |
| 4 | 41 | Notes from meeting with in-house counsel re: license agreement between Priceline Europe and Priceline US. |
| 4 | 42 | Communication between employee and in-house counsel re: legal advice on language to be added to letter for airline ticket refund. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 7

| 4 | 43 | Communication from outside counsel to in-house counsel re: subpoena for records in credit card case. |
|---|----|------------------------------------------------------------------------------------------------------|
| 4 | 44 | Communication between employee and in-house counsel re: legal research in response to subpoena in credit card case. |
| 4 | 45 | In-house counsel's legal advice to employees on draft letter re: the "Best Efforts" program. |
| 4 | 46 | In-house counsel's legal advice to employees on draft letter re: "Best Efforts" program. |
| 4 | 47 | In-house counsel's legal advice on draft letter in response to consumer complaint. |
| 4 | 48 | Defendants will produce. |
| 4 | 49 | Defendants will produce. |
| 4 | 50 | Communication between in-house counsel and employees re: request for legal advice on investments in strategic supplier firms. |
| 4 | 51 | In-house counsel's schedule to employees re: responsibilities/timing for meeting deadline to file the 10Q with the SEC. |
| 4 | 58 | Communication between employees and in-house counsel re: Perfect Yard Sale term sheet and letter agreement. |
| 4 | 61 | Captioned Attorney/Client Privilege. Employee communication with in-house counsel re: legal advice on terms of the Net2Phone Agreement. |
| 4 | 62 | Employee communication with in-house counsel re: request for legal advice on charging a "use" fee for the Kana Licenses. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 8

| 4 | 63 | Employee communication with in-house counsel re: request for legal advice on invoicing European licensee for the use of Kana licenses. |
|---|---|---|
| 4 | 64 | Defendants will produce. |
| 4 | 66 | Employee communication with in-house counsel re: request for legal advice on the renegotiation of Kana licenses and outstanding invoices. |
| 4 | 67 | Employee communication with in-house counsel re: legal advice on the renegotiation of the Kana licenses and outstanding invoices. |
| 4 | 68 | Employee communication with in-house counsel re: request for legal advice on the outstanding Kana licenses. |
| 4 | 69 | Employee communication with in-house counsel re: request for legal advice on the outstanding Kana licenses. |
| 4 | 70 | Employee communication with in-house counsel re: request for legal advice on the renegotiation of the Kana licenses. |
| 4 | 71 | Employee communication with in-house counsel re: request for legal advice on the renegotiation of the Kana licenses. |
| 4 | 72 | Employee communication with in-house counsel re: request for legal advice on the renegotiation of the Kana licenses. |
| 4 | 73 | Employee communication with in-house counsel re: request for legal advice on the renegotiation of the Kana licenses. |
| 4 | 74 | Employee communication with in-house counsel re: request for legal advice on the Kana Licenses. |
| 4 | 75 | Employee communication with in-house counsel re: request for legal advice on the outstanding Primacy Relocation invoices. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 9

| 4 | 76 | Employee communication with in-house counsel re: request for legal advice on the AT&T/Lightpath Agreement. |
|---|---|---|
| 4 | 79 | Defendants will produce. |
| 4 | 82 | Defendants will produce. |
| 4 | 83 | Defendants will produce. |
| 4 | 84 | Defendants will produce. |
| 4 | 85 | Employee communication with in-house counsel re: request for legal advice on the WebHouse and Perfect YardSale disconnect of telecommunication service. |
| 4 | 86 | Employee communication with in-house counsel re: legal advice on the contingent liabilities with the Web House Telco Circuits Accounts. |
| 4 | 88 | Defendants will produce. |
| 4 | 89 | Defendants will produce. |
| 4 | 90 | Defendants will produce. |
| 4 | 91 | Defendants will produce. |
| 4 | 92 | Defendants will produce. |
| 4 | 93 | Employee communication with in-house counsel re: request for legal advice on vendor recovering computer hardware. |
| 4 | 94 | Employee communication with in-house counsel re: request for legal advice on vendor's request to recover computer hardware in settlement of claim. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 10

| 4 | 95 | In-house counsel communication with employee re: counsel's advice on vendor's request to recover computer hardware in settlement of claim. |
|---|-----|---|
| 4 | 96 | In-house counsel's advice re: vendor's recovery of computer hardware in settlement of claim. |
| 4 | 97 | Communication between employees and in-house counsel re: contractual documents and legal terms of contract. |
| 4 | 106 | Defendants will produce. |
| 4 | 107 | Defendants will produce. |
| 4 | 108 | Employee communication with in-house counsel re: legal advice on negotiating the purchase of computer equipment from WebHouse. |
| 4 | 109 | Employee communication with in-house counsel re: legal advice on the purchase of computer equipment from WebHouse. |
| 4 | 110 | Employee communication with in-house counsel re: legal advice on the purchase of computer equipment from WebHouse. |
| 4 | 111 | Defendants will produce. |
| 4 | 112 | Defendants will produce. |
| 4 | 113 | Employee communication with in-house counsel re: request for legal advice on the purchase of Exodus Servers. |
| 4 | 114 | In-house counsel communication with employees re: legal advice on purchase of hardware equipment. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 11

| 4 | 115 | Employee discussing in-house counsel's advice and communicating with in-house counsel re: legal advice on addressing the discrepancies in the amount of hardware equipment purchased from WebHouse. |
|---|-----|---|
| 4 | 116 | Employee communication with in-house counsel re: request for legal advice on negotiating the purchase of hardware. |
| 4 | 117 | Employee communication with in-house counsel re: legal strategy to negotiate the pricing for Cisco gear. |
| 4 | 118 | Defendants will produce. |
| 4 | 119 | Defendants will produce. |
| 4 | 120 | Defendants will produce. |
| 4 | 121 | Employee communication with in-house counsel re: request for legal advice on the Preferred Supplier Program. |
| 4 | 122 | Employee communication with in-house counsel re: legal advice on whether a licensee is in compliance with priceline's privacy policy. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 12

| Volume | Document Number(s) | Response |
|---|---|---|
| 5 | 1 | Communication between in-house counsel and employees re: request for legal advice on the negotiation of product licensing agreement, letter of intent and next steps. |
| 5 | 3 | Communication between in-house counsel and employees re: legal advice on issues concerning customer privacy policy. |
| 5 | 4 | Communication between in-house counsel and employees re: legal strategy for responding to Better Business Bureau. |
| 5 | 5 | Communication between in-house counsel and employees re: legal strategy for Better Business Bureau meeting. |
| 5 | 6 | Communication between in-house counsel and employees re: legal advice on services agreement terms with WebHouse. |
| 5 | 7 | Communication between in-house counsel and employee re: meeting with counsel to discuss legal strategy on WebHouse wind down issues. |
| 5 | 9 | Communication between in-house counsel and employee re: legal strategy and terms for Sabre contract negotiations. |
| 5 | 10 | Communication between in-house counsel and employee re: legal strategy and terms on outstanding issues with Japan deal. |
| 5 | 11 | Communication between in-house counsel and employees re: legal review and advice on Quest case study. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 13

| 5 | 12 | Communication between in-house counsel and employees re: legal advice on interpreting the terms of Oracle license provisions. |
|---|----|---|
| 5 | 13 | Communication between in-house counsel and employees re: legal strategy and payment issues involving Kana invoice agreement. |
| 5 | 14 | Communication between in-house counsel and employees re: legal strategy and payment issues involving Kana invoice agreement. |
| 5 | 20 | Defendants will produce. |
| 5 | 21 | Defendants will produce. |
| 5 | 22 | Communication between in-house counsel and employees re: legal strategy for negotiations with WebHouse on time spent on selling and preparing equipment. |
| 5 | 23 | Communication between in-house counsel and employees re: legal strategy for settlement with Priceline Perfect Yard Sale. |
| 5 | 24 | Communication between in-house counsel and employee re: Australian joint venture draft term sheet and terms thereof. |
| 5 | 25 | Communication between in-house counsel and employees re: legal advice on the settlement of MCI statement of accounts and charges. |
| 5 | 26 | Communication between in-house counsel and employees re: Priceline's legal consent for transfer of software on Project Taipan. |
| 5 | 27 | Communication with in-house counsel and employees re: legal strategy for negotiations over WebHouse Sun maintenance agreement and related legal issues. |



# ROBINSON & COLE LLP

Peter McDougall, Esq.
Johnson & Perkinson
January 25, 2006
Page 14


Very truly yours,

William J. Kelleher, III
WJK/ta

Enclosure

cc:     Daniel Slifkin, Esq.
        James G. Hein, Jr., Esq.
        Cravath, Swaine & Moore LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019

        David R. Scott, Esq.
        Erin Green Comite, Esq.
        Scott & Scott, LLC
        108 Norwich Avenue
        P.O. Box 192
        Colchester, CT  06415



**EXHIBIT G**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

December 12, 2005

***Via First Class Mail***

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:   **In Re: Priceline.com Securities Litigation
      3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed is the privilege log on behalf of defendants priceline.com Inc.,
N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our
document production in November, 2005.

Very truly yours,

*Bill Kelleher*

William J. Kelleher, III

Enclosures
WJK/ta

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

STAM1-803207-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
December 12, 2005
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**EXHIBIT H**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

January 10, 2006

***Via First Class Mail***

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:    **In Re: Priceline.com Securities Litigation**
       **3:00CV01884 (DJS)**

Dear David and Erin:

    Enclosed is the privilege log on behalf of defendants priceline.com Inc., N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our document production in December, 2005.

Very truly yours,

William J. Kelleher, III

Law Offices

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

www.rc.com

Enclosures
WJK/ta

STAM1-804602-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
December 12, 2005
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**EXHIBIT I**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

February 10, 2006

***Via First Class Mail***

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:    **In Re: Priceline.com Securities Litigation**
        **3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed is the privilege log on behalf of defendants priceline.com Inc.,
N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our
document production in January, 2006.

Very truly yours,

William J. Kelleher, III

Enclosures
WJK/ta

Law Offices
BOSTON
HARTFORD
NEW LONDON
STAMFORD
WHITE PLAINS
NEW YORK CITY
SARASOTA
www.rc.com

STAM1-806571-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
February 10, 2006
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**<u>EXHIBIT J</u>**

# ROBINSON & COLE LLP

WILLIAM J. KELLEHER, III

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
wkelleher@rc.com
Direct (203) 462-7514

Also admitted in New York

March 10, 2006

### *Via First Class Mail*

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

Re:     **In Re: Priceline.com Securities Litigation
3:00CV01884 (DJS)**

Dear David and Erin:

Enclosed is the privilege log on behalf of defendants priceline.com Inc., N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock with respect to our document production in February, 2006.

Very truly yours,

William J. Kelleher, III

Enclosures
WJK/ta

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*        STAM1-808420-1

# ROBINSON & COLE LLP

David R. Scott, Esq.
Erin Green Comite, Esq.
March 10, 2006
Page 2


cc:  (w/ enclosures)

Daniel Slifkin, Esq.
James G. Hein, Jr., Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

Andrew M. Schatz, Esq.
Jeffrey Nobel, Esq.
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103

Peter McDougall, Esq.
Dennis Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Jules Brody, Esq.
Aaron Brody, Esq.
Stull Stull & Brody
6 East 45th Street
New York, NY  10017



**<u>EXHIBIT K</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

March 14, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Erin, Peter and Geoff:

   I write in follow-up to the telephone conference that was held on March 8. During that call, Peter raised a number of generic concerns with our privilege log. As Bill Kelleher and I explained during the call, we believe that the information provided on our privilege log more than carries our burden of demonstrating the privileged nature of each logged document. Nevertheless, we told you that if you identify specific documents on our log that you have a good faith basis for believing are not privileged, then we remain willing to take another look at those documents and discuss them with you further. That is how the meet and confer process is supposed to work. By contrast, you want <u>us</u> to go back through all of our logs guessing as to which entries <u>you</u> believe implicate one of the generic concerns on your list—without doing that exercise yourself. We absolutely will not do that.

   As you know, on the revised versions of Volumes 1 and 2 of our privilege log, we provided additional information for every document as to which we continue to assert a privilege. Similarly, we provided additional information for every document on Volumes 3, 4 and 5 of our privilege log that you listed in your December 1 letter and as to which we continue to assert a privilege. In response to all of that new information, your complaints remain non-specific and disconnected from the logs themselves. Indeed, as I told you during the call, your repetition of a now-familiar list of generic concerns gives us no reason to believe that you have even reviewed the new information on our logs.

   Bill and I made all of this perfectly clear during the call on March 8, but I want to make sure that there is no room for any misunderstanding. If you make a motion regarding our privilege log on the current record, then we will demonstrate to the Court that you have once again failed to meet and confer in good faith.

I also want to re-address specifically one of the more exasperating generic concerns that Peter raised during the call last week. Peter complained that for many entries on our log, we have stated that a document reflects communications between counsel for priceline and a priceline employee, but have not provided any support for our representation that the person communicating with priceline's counsel was, in fact, an employee of priceline. As Bill and I said during the call, we simply do not know what more you expect us to do.

By way of example, document #3 on Revised Volume 2 of our log is an email from Nisha Kumar to Jeffery Boyd, Esq., and is cc'd to Mitch Truwit. We stated that the document is a "[c]ommunication between in-house counsel and employee re: request for legal advice on draft America Online Interactive Marketing Agreement". If you think that we are lying when we represent to you that Nisha Kumar and Mitch Truwit were priceline employees and Jeffery Boyd was priceline's in-house counsel, then you are not without easy recourse. You have told us that you have reviewed the vast majority of the almost 700,000 pages of documents that we have produced, and we know that the names of those employees appear with some frequency throughout our production. The names of many priceline employees also appear in our responses to your interrogatories. If, after consulting those sources of information, you have a good faith basis for believing that we have mistakenly characterized an individual as a priceline employee, then we will, of course, be happy to verify the accuracy of the information provided.

On a related note, I want to reiterate our disappointment that none of you had the courtesy to let us know that you would not be willing to discuss during the March 8 call plaintiffs' objections to the document requests and interrogatories that we served on each of the named plaintiffs. As you know, in my February 28 letter to Geoff, I stated that we intended to discuss those objections during the call regarding our privilege logs. We have received Geoff's letter of March 13, and we are available for another meet and confer on that topic on Thursday, March 16 or Friday, March 17, as you proposed.

In anticipation of that meet and confer, you should be aware that Plaintiffs' Responses to Defendants' Combined Requests for the Production of Documents and Interrogatories to the Howard Gunty Profit Sharing Plan are deficient not only because they object to any discovery from a named plaintiff, but also because they fail to respond to the specific document requests and interrogatories that were served on the Howard Gunty Profit Sharing Plan, some of which were different from the discovery requests served on the other named plaintiffs. Please provide responses to the correct discovery requests as soon as possible.

Sincerely,

James G. Hein, Jr.

Erin Green Comite, Esq.
Scott + Scott, LLC
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Geoffrey Johnson, Esq.
Scott + Scott, LLC
33 River Street
Chagrin Falls, OH 44022

BY FAX AND FIRST CLASS MAIL

Copies to:

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE, 24th Floor
Atlanta, GA 30308

BY FAX