**<u>EXHIBIT F</u>**

JOHNSON & PERKINSON

ATTORNEYS AT LAW

1690 WILLISTON ROAD

P.O. BOX 2305

SOUTH BURLINGTON, VERMONT 05403

www.jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

ROBIN A. FREEMAN, JR.
ALSO ADMITTED TO OH*

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. McDOUGALL
ALSO ADMITTED TO MA

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

August 15, 2005

<u>Via Facsimile and U.S. Mail</u>
James G. Hein, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:     <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Jim:

We have received your August 11, 2005 letter setting forth the Priceline Defendants' position on the electronic document issues. Your letter was helpful and we now believe that the parties are close to resolving the issues relating to the "snapshot" of the Priceline corporate server and the backup tapes for departed employees. In response to your letter, we have set forth our position on the snapshot and the backup tapes for departed employees below. We have also included our position on the WebHouse and Perfect Yard Sale backup tapes – the third category of electronic documents we discussed during the call. It appears that we will have to agree to disagree on the WebHouse and Perfect Yard Sale backup tapes.

1.     <u>The Snapshot of the Corporate Server</u>

a.     <u>Emails on Snapshot</u>

In your letter, you offer to search individual email files contained on the snapshot and produce all non-privileged, responsive emails contained in those files. You have provided a list of 50 individuals you plan to search and have invited us to offer additional names. We will agree to this approach with the understanding that you will:

• Search the complete email files for the 50 individuals listed on your Attachment A and produce all non-privileged, responsive materials contained in those files;

JOHNSON & PERKINSON
ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 2

- Search the files of the additional individuals we have listed on the Supplemental Attachment, which we have included along with this letter and produce all non-privileged, responsive materials contained in those files;

- Agree that the parties can supplement the list with additional names at any time before the discovery cut-off in the event that any party has a good faith basis to believe that a search of the additional e-mail files will result in the production of responsive information;

- Agree that you will not seek cost-shifting in connection with this search, or any supplemental email search of the snapshot;

- Agree to preserve the materials in their native format so that they will be available in this format, if needed, in the future; and

- Provide a complete list of all e-mail accounts on the snapshot.

    b.    <u>Remainder of Snapshot</u>

Next, you address the remainder of the data contained on the snapshot. Here, you propose that Plaintiffs provide you with search terms, which you will then use to search the snapshot. Plaintiffs believe that the Defendants have a better understanding of the type of information that is on the snapshot, how the information was stored on the snapshot and how the search of this information will be conducted. Thus, consistent with Defendants' burden to search for and produce information responsive to Plaintiffs' discovery requests, Plaintiffs submit that it is Defendants who should compile the initial list of search terms. As is the case with the e-mails on the snapshot, Plaintiffs will review your list of search terms and will likely send you a revised or supplemental list. We will agree to this approach as a preliminary matter again with the understanding that you will:

- Search the complete snapshot using the search terms and produce any non-privileged, responsive materials;

- Agree that the parties can supplement the list with additional search terms at any time before the discovery cut-off in the event that any party has a good faith basis to believe that additional search terms will result in the production of responsive information;

JOHNSON & PERKINSON
ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 3

- Agree to preserve the materials in their native format so that they will be available in this format, if needed, in the future; and

- Agree that you will not seek cost-shifting in connection with this search, or any supplemental search.

Plaintiffs agree to this approach only as a means of attempting to reach a compromise. If it appears that this method is leaving out relevant materials, we reserve the right to revisit this process and request a different procedure.

In your letter, you also stated that you "are willing to provide [Plaintiffs] with a spreadsheet that shows, in technical terms, the contents of the snapshot and the quantity of electronic material contained on it." You go on to state that you "will only provide the spreadsheet . . . if [Plaintiffs] expressly agree in writing that such production will not constitute a waiver of any applicable privilege with respect to any other document or communication or with respect to the subject matter of the spreadsheet itself." We agree that, by producing the spreadsheet, you are not waiving any applicable privilege. We look forward to receiving this spreadsheet in the near future.

You also state in your letter that you will produce emails and other documents from the snapshot in TIFF format. That is fine provided Defendants also produce a corresponding text file of the material produced from the snapshot. Additionally, Plaintiffs may find the TIFF format unworkable if it results in a degradation of the information otherwise available in native format. Defendants must agree to preserve the documents in their native format so that they will be available in this format, if needed, in the future.

Finally, we think it makes sense to agree on a time-table for producing electronic documents. We propose that you produce all non-privileged, responsive emails for the 50 individuals listed on your Attachment A and the additional individuals listed on the Supplemental Attachment by September 16, 2005. With respect to the search terms, we propose that you provide us with your list of proposed search terms on or before August 19, 2005. We will provide you with our revisions and/or additions by August 26, 2005. We propose that you produce all non-privileged, responsive materials that are picked up by the search terms on or before September 23, 2005. If additional names and/or search terms are provided, materials found to be responsive after a search of the additional names and/or search terms should be produced within 30 days of the date when the names and/or search terms are provided.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 4

2.      The Backup Tapes for Departed Employees

Your proposal on the backup tapes for departed employees is identical to your proposal for the snapshot. You offer to search individual email files for those individuals who are specifically identified and you propose that Plaintiffs provide you with a list of search terms for the remainder of the electronic data of the departed employee backup tapes. We will agree to this approach so long as you agree to the same conditions that we set forth above on the snapshot. With respect to emails, you must agree to search the files of the 50 individuals on Attachment A (to the extent that these individuals have files on the ex-employee backup tapes), the individuals listed on the Supplemental Attachment, and you must agree that the parties can supplement the list at any time before the discovery cut-off. Additionally, you must provide us with a list of all e-mail accounts contained on these backup tapes.

With respect to the remainder of the departed employee backup tapes, you must agree to provide Plaintiffs with a list of proposed search terms which Plaintiffs will revise and/or supplement. Defendants will search the entire backup tape using the above mentioned search terms and must agree to do additional searches, if any, before the discovery cut-off. Again, the documents must also be preserved in their native format. Finally, we propose the same time-table for producing electronic documents from the departed employee backup tapes that we propose for the snapshot.

3.      The WebHouse and Perfect Yard Sale Backup Tapes

It appears that we will have to seek guidance from the Court on the WebHouse and Perfect Yard Sale backup tapes – tapes that are likely to contain responsive information and documents. We believe that the quickest and most cost efficient way to handle these tapes is for you to restore these tapes to their native format and then for you to produce the restored tapes in their entirety. To protect any privileged information on the tapes, we would agree to allow you to designate any information contained on the tapes as attorney-client privilege after the fact. This is commonly referred to as a "claw-back" agreement and it has been used in several recent cases when backup tapes are difficulty and costly to restore to a searchable format. *See, e.g., Zubulake v. UBS Warburg, LLC,* 216 F.R.D. 280, 290 (S.D.N.Y. 2003) ("Zubulake III") ("Indeed, many parties to documents-intensive litigation enter into so-called 'claw-back' agreements that allow parties to forgo privilege review altogether in favor of an agreement to return inadvertently produced privileged documents."). Please let us know if you agree to this approach at your earliest convenience. If we cannot come to terms on the WebHouse and Perfect Yard Sale backup tapes, we need to get our joint memorandum on file with the Court as soon as possible.

# JOHNSON & PERKINSON
## ATTORNEYS AT LAW

James G. Hein, Jr.
August 15, 2005
Page 5


In an attempt to reach agreement on these issues, I would like to schedule a meet and confer for Wednesday, August 17 or Thursday, August 18. Please let me know of your availability on these dates.

Sincerely yours,

Peter J. McDougall

cc:    William J. Kelleher, III Esq.
       Jacob B. Perkinson, Esq.
       David R. Scott, Esq.
       Geoffrey M. Johnson, Esq.
       Erin G. Comite, Esq.

## SUPPLEMENTAL LIST FOR E-MAIL SEARCH

| | | | |
|---|---|---|---|
| Amit | Aggarwai | Alex | Iglesias |
| Angela | Alves-Lagarino | Doborah | Iorio |
| Hossein | Aminian | Jean | Japinga |
| Frances | Antollno | John | Kaufman |
| Kelli | Beougher | Kevin | Kells |
| Susan | Brett | Jean | Kim |
| Jacqueline | Brini | Kristin | Knous |
| Lynn | Brown | Julianna | Kopa |
| Brad | Burmaster | Jonathan | LaNasa |
| Carol | Caruso | David | Larimer |
| Charles | Castaneda | Stella | Lin |
| Peggy | Cheyne | Mark | McEnroe |
| Michael | Coleman | Eric | Meisner |
| Michael | D'Antonio | Gideon | Menczel |
| Hasan | Dewan | Bill | Murphy |
| Ryan | Donohew | Patrick | Nee |
| Marissa | Dore | Ben | Ness |
| Lisa | Edwards | Robert | Padgett |
| Roberta | Farrell | John | Redcay |
| Christine | Fitzpatrick | Chris | Rising |
| Tony | Free | Art | Schulman |
| Tom | Gerard | Mark | Scozzafava |
| Craig | Gibson | Chris | Soder |
| Gary | Goldberg | Michael | Speaker |
| BJ | Greenspan | Andrew | Van Luchene |
| Martin | Grossfeld | Corey | Vezina |
| Keith | Guibault | Rob | Voss |
| Ray | Hamilton | Bridge | Whalen |
| Shirley | Harris | Robert | Wisse |
| Francis | Hata | John | Work |
| Michael | Herskovitz | Jonathan | Yee |
| Alan | Hibbell | | |

**<u>EXHIBIT G</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

August 17, 2005

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Peter:

We received your letter of August 15.

Your proposal with respect to the production of material from the snapshot and the departed employee back-up tapes adds certain conditions to the proposal that we made in our letter of August 11. We address those conditions in the numbered paragraphs below.

1. To our list of 50 names, you have added the names of 63 individuals whose email files you would like us to review. We think the addition of that many files at this stage is unreasonable. Nevertheless, we are willing to accommodate your request and will search the email files of individuals on your supplemental list for whom an email file is located. You must understand, however, that reviewing the email files of 113 individuals will be labor-intensive and time-consuming. We expect that you will abandon your unreasonable timetable for the completion of the production of electronic material.

2. Although we are willing to consider reasonable additions to the list of email files and to the list of search terms, we reserve our right to oppose any such request, to seek the protection of the Court, and to seek cost-shifting.

3. We will preserve materials in their native format.

4. We will provide you with a list of all the email files on the snapshot and on the departed employee back-up tapes.

5.     In accordance with your request, we will compile the initial list of search terms.

6.     You request that we produce "all non-privileged, responsive material". This issue has been dealt with in the past. Subject to the objections that we have already made to your first and second requests for the production of documents, we will produce all non-privileged, responsive material.

7.     You ask that, in addition to producing documents in TIFF format, we "also produce a corresponding text file of the material produced from the snapshot". We will discuss this request with our vendor and get back to you.

8.     Your proposed timetable for the production of electronic material is completely unrealistic, as you are no doubt aware. We will make a good faith effort to produce the electronic material in a timely manner. In return, we expect that you will be reasonable about the production schedule, especially given the breadth of your requests and the resulting burden on Defendants. Rest assured, the process is already underway, as we have started reviewing the email files.

As you know, with respect to the 42 back-up tapes that we believe may contain the final archives of WebHouse and Perfect Yardsale, we do not agree to your proposal. You want us "to restore these tapes to their native format and then . . . produce the restored tapes in their entirety". As we explained in our August 11 letter, that request is unreasonable because native format documents cannot be redacted for privilege, cannot be Bates numbered, and are incredibly difficult and expensive to review. In addition, as we have told you, our vendor's preliminary efforts to restore those back-up tapes failed, and we have been told that the restoration of the tapes will be very costly and difficult, if even possible at all.

We will send you separately a spreadsheet that shows, in technical terms, the contents of the snapshot and the quantity of electronic material contained on it.

AUG-17-2006 3:00  case 3:00-cv-01884-AVC CRAVATH SWAINE MOORE LLP Document 301-4 Filed 05/10/2006 Page 11 of 37 212 765 0657 P.05/05

3

You stated that you would like to schedule a meet and confer. Before we do that, please let us know if there is anything else at issue.

Sincerely,

James G. Hein, Jr.

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

BY FACSIMILE AND FIRST CLASS MAIL

Copies to:

Erin Green Comite, Esq.
Scott + Scott, LLC
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FACSIMILE

**EXHIBIT H**

# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474·1000
FACSIMILE: (212) 474·3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

February 24, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Geoff:

      I write in response to your two letters of February 20.

      Attached is a list of the 33 people identified by plaintiffs who do not have an email account on the snapshot or the departed employee tapes. As you may have already noticed, our production does include emails that were sent and received by some (and perhaps all) of those 33 people because those emails were contained in the email accounts of other people.

      Your understanding with respect to the production of emails is correct, with one qualification. The privilege log that is due on March 10, 2006 will reflect emails withheld from our production during February 2006. We have already produced privilege logs for the emails withheld from our productions during prior months.

FEB-24-2006 16:32 CARLATH SUTHIE MOORE 4LP
Case 3:00-cv-01884-AVC Document 361-4 LP Filed 05/10/2006 Page 14 of 37 P.04/05

2

We expect that we will be able to provide you with the source log at the end of next week.

Sincerely,

James G. Hein, Jr.

Geoffrey Johnson, Esq.
Scott + Scott, LLC
33 River Street
Chagrin Falls, OH 44022

BY FACSIMILE AND FIRST CLASS MAIL

Copies to:

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FACSIMILE

## The 33 People Identified by Plaintiffs Who Do Not Have an Email Account on the Snapshot or the Departed Employee Tapes:

Hossein Aminian
Kelli Beougher
Lynn Brown
Brad Burmaster
Charles Castaneda
Michael Coleman
Hasan Dewan
Ryan Donohew
Marissa Dore
Tony Free
Tom Gerard
Craig Gibson
BJ Greenspan
Martin Grossfeld
Keith Guibault
Ray Hamilton

Shirley Harris
Francis Hata
Michael Herskovitz
Alan Hibbell
Jonathan LaNasa
David Larimer
Mark McEnroe
Eric Meisner
Gideon Menczel
Bill Murphy
Robert Padgett
Chris Rising
Art Schulman
Mark Scozzafava
Michael Speaker
Andrew Van Luchene
Robert Voss

**EXHIBIT I**

### JOHNSON & PERKINSON

ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

ROBIN A. FREEMAN, JR.
ALSO ADMITTED TO OH*

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

August 8, 2005

**VIA FACSIMILE AND U.S. MAIL**
William Kelleher, Esq.
Robinson & Cole, LLP
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

James G. Hein, Jr., Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eight Avenue
New York, NY 10019

Re: *Priceline.com Securities Litigation*

Bill and Jim:

I write as follow-up to the meet and confer conference call on Thursday, August 4, in which we discussed the production of information stored in electronic form that is responsive to Plaintiffs' First and Second Set of Document Requests (the "requests").

As I stated on the call, we will soon be providing you with a draft of our position for the joint motion regarding your production of electronic data that the Court required in its April 6, 2005 Order. In that submission, we will request that all electronic data be produced in native file format. We believe that this is the most cost effective and efficient format for this production and that we are legally entitled to the production in this format. *See, e.g., In re Verisign, Inc. Sec. Litig.,* No. C 02-02270, 2004 WL 2445243 (N.D. Cal., March 10, 2004). Additionally, we will ask the Court to set a deadline, in the not too distant future, for the completion of this production. My attempt to discuss the deadline on our conference call was unproductive as you were unable to provide me with a date on which you would begin producing documents, nor could you provide me with a date that you thought was reasonable for completing the production. As you have confirmed that the information on this snap-shot is "accessible" and that you will not be seeking the cost-shifting discussed in Defendants' April 5, 2005 Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery, we do not understand what the delay has been in producing the information contained on the snap-shot.

JOHNSON & PERKINSON
ATTORNEYS AT LAW

William Kelleher, Esq.
James Hein, Esq.
August 8, 2005
Page 2

## Snap-shot Electronic Mail

You stated during the meet and confer that early this week you will provide us with a list of the employees whose email files you will search for responsive data in order to provide us with an opportunity to comment on the breadth of that search. Please provide us this list as soon as possible.

## Snap-shot Non-Email Electronic Data

With regard to non-e-mail information stored on the snap-shot, you proposed that we provide you with search terms to search this category of electronic data. At this point, we do not agree to such an approach because we have little understanding of the parameters of the snap-shot and believe that Defendants bear the burden of searching for information on the snap-shot that is responsive to our discovery requests just as respective parties bear the burden of searching for responsive materials in paper form. We do not foreclose the possibility that we might discuss with you the search, however we would need some sort of categorical description of the snap-shot (as we repeatedly have requested) to foster a productive discussion.

## Terminated Employees Back-up Tapes

Joe Classen's July 19 letter indicates that electronic material for employees terminated during the 2000-2001 timeframe was moved off the corporate file servers and onto back-up tapes before the snap-shot. Patrick Brown, Priceline.com's witness designated to testify regarding Priceline.com's computer system, testified to the contrary -- that terminated employees' electronic data would likely be included in the snap-shot. Brown Tr. at p. 194-195. During the meet and confer you stated that materials from terminated employees might be on a type of back-up system, but that you thought such materials were in an accessible format that was similar to the snap-shot and would not require the restoration process that is often associated with back-up tapes. Please clarify whether electronic data of terminated employees exists on the snap-shot, in another accessible format or if they are on "inaccessible" back-up tapes. To the extent that this material resides on back-up tapes, please provide us with an inventory indicating which terminated employees' data was removed to these back-up tapes so that we can determine whose files should be searched.

# JOHNSON & PERKINSON
## ATTORNEYS AT LAW

William Kelleher, Esq.
James Hein, Esq.
August 8, 2005
Page 3


**WebHouse/Perfect Yardsale Back-up Tapes**

The July 19 letter also references that Priceline.com is in possession of certain WebHouse and Perfect Yardsale back-up tapes and you indicated during the conference call that these tapes are not accessible. To the extent that these tapes contain information responsive to our discovery requests, it is our position that these tapes need to be restored and that responsive material must be produced to us in their native file format. Please provide us with the number of tapes at issue and a copy of the labels on each of these tapes so that we can discuss with you which tapes are likely to contain responsive materials and thus would need to be restored.

Please provide the additional information, which was discussed on the conference call and is referenced in this letter. Additionally, I would like to arrange another conference call on or before Friday, August 12 to complete our discussions on these issues, to finalize the joint submission required by the Court's April 6, 2005 Order and/or to determine whether Plaintiffs will simply file a motion to compel documents that the Court has already ordered produced. Please call or e-mail me to inform me of times that you are available for this call and I will make arrangements to set up a call-in number.

Sincerely,

Peter J. McDougall


cc:     Jacob B. Perkinson, Esq.
        David Scott, Esq.
        Geoff Johnson, Esq.
        Erin Comite, Esq.

**<u>EXHIBIT J</u>**

# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON

DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1814

KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

————

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

————

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

May 4, 2006

In re Priceline.com Securities Litigation<br>
Master File No. 3:00cv1884 (DJS)

Dear Peter:

I write in response to your letter of yesterday.

To the extent your letter takes issue with Defendants' summary of the disputed discovery issues in my letter to Geoff, dated May 2, 2006, you are mistaken.

For example, in support of your claim that plaintiffs never "negotiated and agreed" that only non-email electronic information would be searched with a search term list, you refer to your August 15, 2005 letter and cite the passage: "you will: . . . search the complete snapshot using the search terms and produce any non-privileged, responsive materials". Not only do you ignore the other instructive correspondence and filings on the issue, but you also ignore the clear context of that particular statement -- it has nothing to do with emails. That statement was made in the second subsection of "1. The Snapshot of the Corporate Server", titled "b. Remainder of Snapshot". This "remainder" was created after the preceding subsection, titled "a. Emails on Snapshot", explicitly carved out the agreed-upon treatment of emails on the snapshot -- only the email files of particular individuals would be searched.

Defendants' positions are clear. They are also supported by agreements between the parties that are memorialized in correspondence and filings with the Court. I refer you back to my letter of May 2nd and suggest you review the documents that I cited.

Sincerely,

Robert K. Simonds

Peter McDougall, Esq.
 Johnson & Perkinson
  1690 Williston Road
   P.O. Box 2305
    South Burlington, VT 05403

BY EMAIL AND FIRST CLASS MAIL

Copies to:

Geoffrey M. Johnson, Esq.
 Scott + Scott LLC
  33 River Street
   Chagrin Falls, OH  44022

William J. Kelleher, III, Esq.
 Robinson & Cole LLP
  695 East Main Street
   Stamford, CT 06904-2305

Jeanne E. Irving, Esq.
 Hennigan, Bennett & Dorman LLP
  865 S. Figueroa Street
   Suite 2900
    Los Angeles, CA  90017

BY EMAIL AND FIRST CLASS MAIL

**EXHIBIT K**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.

JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER

JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

November 8, 2005

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Erin:

Our view is that the process of searching and producing non-email material from the snapshot and the departed employee tapes should continue while plaintiffs' motion regarding electronic discovery is pending. However, it does not make sense for us to proceed without your agreement on general search parameters and specific search terms. Accordingly, we suggest that negotiations regarding search terms resume and make several proposals below.

We propose two general search parameters:

1. We will search documents "last modified" during the period beginning March 1, 1999 and ending April 1, 2001.

2. We will search text files—word processing files, spreadsheets, databases, presentations and PDF files. We will not search program and program support files, such as ".ini", ".dll" and ".exe" files.

Applying those two search parameters, our vendor searched the bulk of the non-email material on the snapshot for the terms "Webhouse" or "Web House" or "WHC",[1] That search yielded approximately 30,000 files. Our vendor estimates that those 30,000 files translate to approximately 400,000 pages of documents.

---

[1] The search did not include "Jay Walker Mac Data 1", "Jay Walker Mac Data 2" or "Jay Walker Mac Data 3". (See enclosed spreadsheet.) It also did not include the departed employee tapes.

Case 3:00-cv-01884-AVC    Document 301-4    Filed 05/10/2006    Page 25 of 37
NOV-08-2005  12:17        CRAVATH SWAINE MOORE LLP                    212 765 0657        P.04/05

2

We propose that our production of non-email material from the snapshot and the departed employee tapes begin with non-privileged, responsive documents from that set of 30,000 files.

We think it makes sense for you to suggest the next set of search terms.

Enclosed please find a spreadsheet that shows, in technical terms, the contents of the snapshot and the quantity of electronic material contained on it. The spreadsheet is being provided subject to the agreement memorialized by our August 11 letter and your August 15 letter.

Sincerely,

James G. Hein, Jr.

Erin Comite, Esq.
   Scott + Scott, LLC
      P.O. Box 192
         108 Norwich Avenue
            Colchester, CT 06415

Encl.

BY FACSIMILE AND FIRST CLASS MAIL

Copies w/encl. to:

Peter McDougall, Esq.
   Johnson & Perkinson
      1690 Williston Road
         P.O. Box 2305
            South Burlington, VT 05403

William J. Kelleher, III, Esq.
   Robinson & Cole LLP
      695 East Main Street
         Stamford, CT 06904-2305

Carl W. Mullis, Esq.
   Paul, Hastings, Janofsky & Walker LLP
      600 Peachtree Street, NE
         24th Floor
            Atlanta, GA 30308

BY FACSIMILE

Evidence Exchange
Priceline Class Action Media Received
A/O 3/14/2002

| # | Date Rcvd | Tracking # | Disk Type | S/N | Physical Label | Volume | P/BU | Contents | Earliest FileDate | Latest FileDate |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/11/2002 | Fedex: 403615945157 | Maxtor 4G120J6 | G6I0IH1VE | Disk1: Priceline | Disk 1B | BU | CORP-FS-04, CORP-FS-05 | 11/18/1987 | 1/7/2002 |
| 2 | 2/11/2002 | Fedex: 403615945168 | Maxtor 4G120J6 | G6I03I149E | Disk1: Priceline | Disk 1A | P | CORP-FS-04, CORP-FS-05 | 11/18/1987 | 1/7/2002 |
| 3 | 2/11/2002 | Fedex: 403615946948 | Maxtor 4G120J6 | G6I05BFWE | Disk2: Priceline | Disk 2B | BU | CORP-FS-06 | 1/11/1998 | 1/25/2002 |
| 4 | 2/11/2002 | Fedex: 403615945937 | Maxtor 4G120J6 | G6I05BH4E | Disk2: Priceline | Disk 2A | P | CORP-FS-06 | 1/11/1998 | 1/25/2002 |
| 5 | 3/4/2002 | Fedex: 403515947377 | Maxtor 4G120J6 | G6I05BH8E | Disk4: Priceline | Disk 4A | P | Users$, Nortel_MAT | 5/19/1988 | 1/25/2002 |
| 6 | 3/4/2002 | Fedex: 403615947366 | Maxtor 4G120J6 | G6I03NVTE | Disk4: Priceline | Disk 4B | BU | Users$, Nortel_MAT | 5/19/1988 | 2/20/2002 |
| 7 | 3/7/2002 | Fedex: 403615947723 | Maxtor 4G120J6 | G6I03I149E | Disk3: Priceline | Disk 3A | P | PST Files | 5/19/1988 | 2/20/2002 |
| 8 | 3/7/2002 | Fedex: 403615947745 | Maxtor 4G120J6 | G6I03NWGE | Disk3: Priceline | Disk 3B | BU | PST Files | 10/6/2000 | 2/1/2002 |
| 9 | 3/8/2002 | Fedex: 403615947837 | CD | N/A | Rock Braddock PST | N/A | N/A | Disk 3A/3B Replacement File | N/A | N/A |

Previously Received:

| # | Date Rcvd | Tracking # | Disk Type | S/N | Physical Label | Volume | P/BU | Contents | Earliest FileDate | Latest FileDate |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7/14/2000 | N/A | Jaz 2GB | N/A | Walker Digital | | P | PST: Abbarucci, Brandt, Kessman, Tedesco | 7/10/2000 | 7/10/2000 |
| 2 | 7/28/2000 | N/A | Jaz 2GB (Mac) | N/A | Jay Walker Mac Data | | P | Jay Walker Data (Macintosh OS) 1/3 | 6/14/1985 | 6/11/2000 |
| 3 | 7/28/2000 | N/A | Jaz 2GB (Mac) | N/A | Jay Walker Mac Data | | P | Jay Walker Data (Macintosh OS) 2/3 | 12/31/1985 | 6/11/2000 |
| 4 | 7/28/2000 | N/A | Jaz 2GB (Mac) | N/A | Jay Walker Mac Data | | P | Jay Walker Data (Macintosh OS) 3/3 | 6/16/1985 | 6/22/2000 |

| # | Date Rcvd | Contents | S/N | # Files | # Bytes |
|---|---|---|---|---|---|
| 1 | 2/11/2002 | CORP-FS-04 | N/A | 4,431 | 6,740,523,715 |
| 2 | 2/11/2002 | CORP-FS-05 | N/A | 181,984 | 108,274,743,608 |
| 3 | 2/11/2002 | CORP-FS-06 | N/A | 1,127,369 | 213,194,717,420 |
| 4 | 3/3/2002 | Users$ | | 414,273 | 90,283,507,206 |
| 5 | 3/3/2002 | Nortel_MAT | | 834 | 374,834,548 |
| 6 | 3/7/2002 | PST Files | | 1,035 | 51,895,869,946 |
| 7 | 7/14/2000 | Walker Digital_PST Files | | 4 | 675,463,188 |
| 8 | 7/28/2000 | Jay Walker Mac Data 1 | | 13,688 | 1,336,973,265 |
| 9 | 7/28/2000 | Jay Walker Mac Data 2 | | 5,641 | 1,197,804,578 |
| 10 | 7/28/2000 | Jay Walker Mac Data 3 | | 2,460 | 1,657,746,966 |
| | | TOTALS: | | 1,751,319 | 475,744,184,423 |

Note: DISK 3A/3B also contains the following folders:
\Departed Q1 2001
\Departed Q2 2001
\Departed Q3 2001
\Departed Q4 2001
\Departed Q1 2002
\Europe Mailboxes

**EXHIBIT L**

JOHNSON & PERKINSON

ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

December 19, 2005

**_VIA_ FACSIMILE AND U.S. MAIL**
James G. Hein, Jr.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eight Avenue
New York, NY 10019

RE:    *In re: Priceline.com Securities Litigation*, 3:00CV1884 (DJS) (D.Conn.)

Dear Jim:

In anticipation of our meet and confer scheduled for Tuesday, December 20, 2005 at 11 a.m., I write regarding the production of materials from the snapshot, departed employee tapes and the 42 back-up tapes in the Priceline Defendants possession.

In your November 8, 2005 letter regarding the snapshot and departed employee tapes you proposed two general search parameters:

1.   that you will search documents "last modified" during the period beginning March 1, 1999 and ending April 1, 2001; and

2.   that you will search text files-word processing files, spreadsheets, databases, presentations and PDF files and that you will not search program and program support files, such as ".ini", ".dll" and ".exe" files.

We agree to your proposal to search materials "last modified" during the relevant time period as established by the Court's April 8, 2005, Order. Plaintiffs reserve their right to expand the time period to be searched if it appears this period does not capture all responsive materials. With regard to the types of files that are to be searched, we agree that program and program support files need not be searched at this time. However, instead of choosing certain types of files to be searched, we propose certain types of

JOHNSON & PERKINSON
ATTORNEYS AT LAW

files (*i.e.* program files) be eliminated from the search. It is our understanding that vendors typically have software that allows the vendor to eliminate program files from the files searched. This allows for a more complete search of files that are likely to contain responsive information. Please confirm your vendor is able to eliminate program files from the files to be searched on the snapshot and please provide a list of the file types and/or extensions that your vendor will eliminate.

Additionally, Plaintiffs agree to provide search terms for your search of the snapshot and departed employee back-up tapes. In doing so, Plaintiffs reserve the right to revise any previously submitted search terms and add additional search terms. To assist Plaintiffs in developing a search term list, please advise us as to how you intend to search the materials and what search program is being used. For example, it is necessary to know whether you are conducting a Boolean search, a keyword search and/or a proximity search.

Furthermore, in light of the Court's December 8, 2005 Order, we would like to discuss how to proceed in determining which of the 42 back-up tapes in the Priceline Defendants' possession should be restored and searched for responsive information. In order to begin that process, additional information is required. Please inform us what types of tapes Defendants have in their possession, the size of those tapes, what software program was used to create the back-up tapes and please provide us with photocopies of any labels that are on the tapes. Additionally, we are interested in whether Priceline is capable of determining what is on any of the back-up tapes, particularly any back-up tapes that were created after the mid-2000 change from a manual back-up system to an automated back-up system. Finally, please provide any information that you obtained in attempting to restore any of the back-up tapes in your possession.

Sincerely,

Peter J. McDougall

cc:    William J. Kelleher, III, Esq.
David Scott, Esq.
Geoffrey Johnston, Esq.
Jacob B. Perkinson, Esq.
Erin Comite, Esq.

**EXHIBIT M**

# JOHNSON & PERKINSON

### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. McDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

February 15, 2006

<u>Via Facsimile and U.S. Mail</u>
James G. Hein, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:    <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Jim:

I hope all is well. Attached as Exhibit A are search terms Plaintiffs have agreed to provide Defendants to assist in your review of materials stored electronically. We will be supplementing this list with additional search terms next week and reserve the right to revise and/or amend the list at anytime. It is our understanding that all derivations of the search terms provided will be searched.

Additionally, with regard to the back-up tapes in your possession, please let us know if your vendor was able to access any data on the back-up tapes in your possession using the software located by Priceline.

Please feel free to call should you have any questions.

Sincerely,

Peter McDougall

cc:    William Kelleher, Esq.
Joseph Clasen, Esq.
David Scott, Esq.
Geoffrey Johnson, Esq.
Erin Comite, Esq.

**EXHIBIT A**

125
144
188.8
189
$1.1 billion
$40 million
% of customer revenue to POS
% of sponsor revenue to POS
10-K
10-Q
8-K
A&P
Acceleration
accounting
Accounting Research Bulletin (or AARB@)
("number" "no." or "#")  51
acquisition
actual money paid
Adam DaCosta
adjustment
Adverse
Advertiser
advertising revenue
affiliate
AFX
Aggressive
Agreement
Ahold
airlines
Alan Hibbell
Albertson's
Alex Iglesias
Alpha (platform)
Alpha/oracle
alter (ego)
Alwaleed bin Talal
American
American Express
American West
Amit Aggarwai
Amoco
AMR
Analyst
analyst day
Andrew Van Luchene
Angela Alves-Lagarino
Anne Maffei
Annual Report
Antonietta D'Angelo
Aquila Advisors
Art Schulman
Ass

AU
Audit
auditor
Australian JV
Auto Insurance
Banc of America Securities
Barrons
Baruch Ness
Baskets
BBB
Bell Markets
Ben Ness
better business bureau
bids
Bi-Lo
Bill Murphy
billion
BJ Greenspan
Blumenthal
Bob
Bob Mylod
Bound
BP
Brad Burmaster
Brad Freeman
brand
Breakeven
Brett Keller
Brian Eck
Bridge Whalen
Bunk
business model
business plan
Buy rating/recommendation
Bylaws insolvency
Cala Foods
Cannibaliz(e) (ation)
Capital
capitalize or capitalized
Carol Caruso
Caroline [Mendoza]
cash burn rate
CEO
CFO
charge
Charles Castaneda
Chevron
Chris Rising
Chris Soder
Christine Fitzpatrick
CIO
Citgo

Co-brand
Collapse
combine or combined
common logo
compensation
competitive or competition
competitor
complaints
computer system/s
consensus
consolidate(d)
consolidation
consumer
Continental
Contract
control
controlling
COO
Co-position
core
Corey Vezina
cost paid to retailers
Coupons
Craig Gibson
crash or crashing
Credit Cards
Critical mass
Crossover
Cross-selling
Cruise Packages
CSFB
Cumulative
customer base
customer metrics
customer revenue
D&T
D'Agostino
daily report
Damn
Dan
Dannon
Dan Rubenstein
Daniel Schulman or Dan Schulman
database
David Larimer
Deceive
decline
de-dupe
Defraud
Degradation or degraded or degrade
delay
Deloitte
Delta
Demise
Demographic
Deposits

Detrimental
Diane Daggatt
Dilution
dilution
Director
Disaster
disclosure
discontinue
discount
Dissolution
Doborah Iorio
Don King
Don Whitman
double counting
down time
Downgrade
DT
duplicate or duplication
Dynamic pricing
E*Offering
earnings
Electronics
entity
EPS
Eric Meisner
Eric Scheidemann
Ernest Scheideman
e-saver
Europe
European JV
exercise
expand or expanding or expansion
Expedia
Expense
Exxon
Fair market value
fair value
fairness opinion
FALSE
Falsehood
Fram Fresh
FASB #115
FASB Statement of Concepts #5 (or abbr. or alts.)
fees
Financial [statements] or financials
financing
Fire
First Call
First Union Securities
Flexible
Foods co.
forecast
Forgive
Form 3
Form 4

Form 5
Foodtown
Fortune
forward contract
Frances Antollno
Francis Hata
Fraud
Friendly
Frisch
Fuck
future
GAAP
GAAS
gallon
gamble
gamp
Gary Goldberg
Gas
Gasoline
General Atlantic
General Mills
General Standard No. 1
General Standard No. 2
General Standard No. 3
Getty
Giant
Gideon Menczel
Gillette
Giri Nathan
Glenn Fogel
Goldman Sachs
Grand Union
Great Atlantic & Pacific
Gristede's
Groceries
Grocery
grocery or groceries
gross margin positive
Gross profits
gross revenues
growing or growth
Gulf
Hambrecht & Quist
Hard Goods
Hanssens
Hasan Dewan
Heidi Miller
Herbert Mines
Hershey
Hess
H.J. Hwinz
Hold rating/recommendation
Horizontal
horizontal model
Hossein Aminian
Hotwire

Igor Zhuk
Impair
inadequate or inadequacies
Income
inconvenient or inconvenience
Incorrect
Incremental
independent company (or independent
corporation)
inflated
inside or insider
instability
integrate or integrated
Intercompany
International Travel
InternetFundManager.com
Intracompany
Inventory
investor
irregularity or irregularities
Jacqueline Brini
James McGill
Janney Montgomery Scott
Japan JV
Jay
Jay S. Walker
Jean Japinga
Jean Kim
Jeanne Wisniewski
Jeff Boyd
Jefferies & Company
jeopardy or jeopardize
Jesse Fink
Jewel-Osco
Jill Gleeson
Jill Pfefferbaum
John Kaufman
John Redcay
John Work
Jonathan LaNasa
Jonathan Otto
Jonathan Yee
Jose Suarez
journal (wall street)
Jules Seiburgh
Julianna Kopa
Jupiter Communications
Jupiter Media Matrix
Keith Guibault
Kelli Beougher
Kellog
Ken Jones
Kevin Goldman
Kevin Kells
Key Food
Kim Guise

Kindred
King Kullen
Kristin Knous
Kroger
Latin America JV
launch
Lawsuit
Lay off
Lehman Brothers
Lever Brothers
Liability
liberty media
License or licensee or licensor
Lie
Lisa Edwards
Lisa Gillingham
logo
Long-term Buy
Lori Iventosch-James
loss or losses
loyalty
Lynn Brown
Malfunction
Manage
Management
manufacturer
margin
Maria Gotch
Marissa Dore
Mark McEnroe
Mark Scozzafava
Market perform
Market share
Marketable
Marketing
markets
Marlene Beeler
Martin Grossfeld
Mary Meeker
Maryann Keller
Material
Media
Meijer
members
membership fees
memorandum
Mendoza (pr)
Merrill Lynch
metics
metrix
Michael Coleman
Michael D'Antonio
Michael Herskovitz
Michael Speaker
Mike Diliberto
Mind-share

Minutes
Misguided
Mislead
Mitch Truwit
Mobil
momentum
Mona Kuceluk
Morgan Stanley
multiple industries
Murray Devine
MD&C 0r MDC
MyPrice or My Price
N.J. Nichols
NASD
Nasdaq
NASDR
Nestle
Network operations
Neutral
new customers
Niche
Nick
non-integrated or nonintegrated
Northwest
Novus
off-balance sheet
Offers
office space
Officer
off-line
Offset
Off-the-books
opinion
options
oracle
outages
Outperform
overstate or overstatement
ownership
Pacific Crest
PaineWebber
Pathmark
participating manufacturers
participation
partner
Patrick Nee
Patty D'Angelo
Paul Breitenbach
Paul Francis
payments
Peggy Cheyne
Pepsi
Pepsico
perception
Perfect Yardsale
performance

Personnel
Peter Burgess
poll
Ponzi
positive margins
positive gross margins
postpone
Press
pressure
Preview Travel
Pricing reports
Priceline Europe
Private investors
Privately funded
privately held
Problem
Procter & Gamble
Profit
profitability
projections
promotion
Promotional reconciliation
prospects or prospective
Prospectus
Proxy
Prudential
Quarter
Ralph's
Rating
Ray Hamilton
readjustment
recognize or recognition
reconciliation
Reduce
reduction
Registration
repeat customers
Repeat traffic
Repeat users
repricing
restate or restatement
Restivo
restricted shares
Results
retailers
Return
revaluation
Revalue
revenue
Richard
Richard Blumenthal
Richard Braddock
risk
rival
Rob Voss
Robert Padgett

Robert Voss
Robert Wisse
Roberta Farrell
Robertson Stephens
Ron Rose
royalty or royalties
Rubenstein
Ryan Donohew
Saber
Sack
Salomon
Sands Brothers
Sanford C. Bernstein & Co
Satisfy or satisfaction
Saudi
scale or scalability
Scam
Scott Case
SE Asian JV
SEC
Section 10(b)
Section 20(a)
Securities & Exchange
Sell
Sell rating/recommendation
separate entity
server(s)
service payments
Shared
shared infrastructure
shared management
shares
Shatner
Shell
Shirley Harris
Shit
Short-term Buy
ShopRite
Small Business
Smith Barney
Softbank
SOP or Statement of Position 94-6
Soundview
Spokesman
Spokesperson
Spokeswoman
sponsor
Standard Of Field Work No. 2
Standard Of Field Work No.1
Standard Of Field Work No1 3
Standard Of Reporting No. 1
Standard Of Reporting No. 3
Statement Of Financial Accounting
Concepts No. 2
Stella Lin
Steve Mott

Stock
Stop & Shop
StreetAdvisor
strike
Subsidize
subsidy or subsidiz(e,ing,ed)
sued
suit
summary
Super Fresh
suppliers
Susan Brett
T. Scott Case
tail
Target
Tech 2000
Telecom
termination
Term-Life Insurance
Terry Rizzi
Texaco
Thomas Ronan
Thomas Weisel
Threat
Thriftway
ticket
Tim Briar
Tim Brier
Timetable
Token
Tom D'Angelo
Tom Gerard
Tom Gerhardt
Tom Gordon
Tony Free
Tops
track
tracking
Trans World
Transferability
Travelocity
Trey Urbahn
trillion
Trim
Truthful
Unaudited
Uncertainty
Undervalued
underwrite
Unique
United
Unix
Untruthful
Upgrade
US Airways
US Bancorp Piper Jaffray

Users
Utz
valuation
Venture
vertical
viable or viability
Virtual Travel Packages
Visits
volume
Vulcan
W.R. Berkley
Waldbaums
Walker
Walker Digital
Wall street
warrant
Warrants
WebHouse
weekly report
Weis Supermarkets
Wegmans
WHC
William McCadden
William Pike
Wind or wind-down
Winn-Dixie
Wit
write-off
Wrong