**<u>EXHIBIT N</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

March 1, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Erin and Peter:

I write in response to Peter's letter of February 15 and Erin's letter of February 17.

With respect Erin's letter, I can assure you that we have not withheld relevant documents from our production. We have given you all of the non-privileged, responsive documents that we have found so far. But as you know, we have only produced paper documents and email documents. The process of producing non-email electronic documents is ongoing, and accordingly, any discussion of the completeness of our production is premature.

Further, the alleged deficiencies that you itemize are not deficiencies at all. First, for some of the items, there is no basis for thinking that the allegedly missing documents exist. For example, just because a document says that a meeting took place does not mean that there were any notes, presentations or other documents associated with that meeting. Second, for other items, we know that we have in fact produced the types of documents that you claim have not been produced, including Adaptive Marketing Daily Performance Reports, Daily Airline Flash Reports, and Priceline Website Traffic Reports. Before you send us "additional letters highlighting deficiencies in our production", we urge you to take a closer look at the approximately 700,000 pages of documents that you already have from us, the majority of which are accompanied by searchable text files, and the approximately 325,000 pages of documents that you have from defendant Walker.

As I noted above, the production of non-email electronic documents is not complete. If you do not already have certain types of documents, then they may be contained on the snapshot. As you are well aware, the Court has directed us to try to

work together to agree on search terms for the non-email electronic material. In your February 17 letter, you identify specific types of documents that you are seeking, and we are happy to work with you to develop search terms that will capture those documents. For example, "intercompany charge review" and "Adaptive Marketing Daily Performance Reports" appear to us to be reasonable search terms, and we plan to ask our vendor to run a search of the snapshot for documents containing those terms. In that regard, we think Erin's letter provides an appropriate starting point for generating additional search terms.

By contrast, Peter's letter contains a list of search terms that is simply absurd. The list has over 637 terms, including hundreds of generic terms that are not related to the case and that are so common that they will undoubtedly yield an enormous volume of non-responsive material. By way of example, you would have us search the voluminous amount of electronic material for any document in which the terms "125", "Bob" or "Sell" appear. Overly broad and unduly burdensome does not even begin to describe a search including those terms. Nor is the inclusion of several expletives part of a reasonable search. Quite frankly, we believe that the list of search terms was not sent to us in good faith. It certainly is not a starting point for working together to agree on additional appropriate search terms.

As I said, we think Erin's letter will be useful to all of us in devising search terms that will capture relevant documents in an efficient, cost-effective manner. We urge you to coordinate—as you are required to do in your capacity as co-lead counsel—to reconcile the widely divergent approaches to discovery reflected in your respective letters. Once you have done that, please advise us how you wish to proceed.

Sincerely,

*James G. Hein*

James G. Hein, Jr.

Erin Green Comite, Esq.
    Scott + Scott, LLC
      P.O. Box 192
        108 Norwich Avenue
          Colchester, CT 06415

Peter McDougall, Esq.
    Johnson & Perkinson
      1690 Williston Road
        P.O. Box 2305
          South Burlington, VT 05403

BY FAX AND FIRST CLASS MAIL

3

Copies to:

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FAX

**<u>EXHIBIT O</u>**



April 7, 2006

Via Facsimile and U.S. Mail

James G. Hein, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

William J. Kelleher, III
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904

Re:    In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)

Dear Jim and Bill:

We have enclosed a revised list of the search terms that you should use to search the Priceline snapshot. The list contains several Boolean search terms. Based on your prior representations, it is our understanding that you have the ability to do a Boolean search of the snapshot. It is also our understanding that the Boolean search is not case sensitive. If our understanding is in any way incorrect, please let us know immediately. Also, please confirm that our terms are compatible with the Boolean search (e.g., that the asterisk is an appropriate wild-card for the search, etc).

Plaintiffs have agreed to give you this revised list in order to get the search term process started. We expect that you will run these search terms and produce all responsive documents from the search in a timely fashion. Also, we fully anticipate providing you with additional terms in the future once we have reviewed the documents that you produce from this search .

Sincerely yours,

Geoffrey M. Johnson

cc:    David R. Scott (via fax)
        Denise Zamore (via fax)
        Erin Comite (via fax)
        Arthur Shingler (via fax)
        Donald Broggi (via fax)
        Jacob B. Perkinson (via fax)
        Peter J. McDougall (via fax)
        Stacey Porter (via fax)

ATTORNEYS AT LAW        CONNECTICUT        SCOTT + SCOTT, LLC        440 247-8200 VOICE
                        OHIO               33 RIVER STREET           440 247-8275 FAX
                        CALIFORNIA         CHAGRIN FALLS, OH 44022   SCOTTLAW@SCOTT-SCOTT.COM
                                                                     WWW.SCOTT-SCOTT.COM

**Search Terms**
**April 7, 2006**

analyst*
attorney* w/2 general
AG*
audit*
BBB*
better w/1 business w/1 bureau*
board*
business w/s model*
business w/s plan*
braddock*
capitaliz*
cash w/s burn
combin*
complaint*
crash
d&t* or deloitt* or dt*
dilut*
d*angelo*
director*
expand*
financ*
francis*
forecast*
gas*
grocer*
gross w/s profit*
hotwire
impair*
independent
investor*
jay*
licens*
manufacturer
margin*
miller*
mott*
mylod*
murray devine* or mdc* or md&c*
myprice* or my w/1 price*
new w/3 customer*
nichol*
option*
otto*

participat*
perfect w/1 yardsale*
priceline w/2 europe*
recogni*
repeat* w/3 customer*
restat*
revalu*
scal*
schulman*
skadden*
separate w/3 entit*
sponsor*
subsid*
travelocity*
valu*
walker
warrant*
webhouse* or whc* or wh*
warrant*
wind* w/3 down*
write* w/3 off*

**EXHIBIT P**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1814

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON

DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS

KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

April 11, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Geoffrey:

I write in response to your April 7, 2006 letter to Jim Hein and Bill Kelleher that attached plaintiffs' revised proposed search term list for Priceline's "snapshot". I want to (i) reiterate defendants' intentions with respect to your proposed search term list, (ii) confirm plaintiffs' rationale for proposing the list and (iii) communicate our initial concerns -- even before a search is run -- with certain obviously inappropriate proposed terms.

First, in your letter you state that you expect defendants to "run these search terms and produce all responsive documents". This is not the plan that you discussed with Jim last week. Defendants have agreed to utilize an appropriately shortened list to run a search against Priceline's "snapshot". Once we determine how many hits and pages the agreed-upon list produces, we will communicate those results to you and we can then discuss next steps. Obviously, we would not -- and did not -- blindly agree to produce documents retrieved by a proposed search term list that we had not yet seen. In any event, we only plan to produce non-privileged documents responsive to underlying document requests as modified by objection, agreement and/or court order.

Second, you state that you "fully anticipate providing [us] with additional terms in the future". Again, this was not the understanding reached last week. We are proceeding under the assumption that the proposed list you sent to us on April 7th was a good faith attempt by plaintiffs to reach all the documents you wanted to retrieve from the "snapshot". Depending on the resultant number of hits and pages, we can then discuss any need to expand the list.

2

Third, putting aside for a moment the fact that the list as a whole appears to us to remain overly broad, there are a few glaring examples of words that must be removed at the outset:

1.　　The terms AG*, WH* and Scal* need to be eliminated as they will target a large number of generic words that begin with the stated letters. For example, running a search for WH* (a search that is unable to distinguish between capital and lowercase letters) will retrieve all the documents containing such common words as "who", "what", "where", "why" etc.[1]

2.　　We will not include the term skadden* in our search. As you have recognized (Pls.' Fourth Mot. to Compel, 7 n.3), Skadden, Arps, Slate, Meagher & Flom LLP is counsel to Priceline. This term inappropriately will target clearly privileged documents.

Please let me know if you have any questions.

Sincerely,

Robert K. Simonds

Geoffrey M. Johnson Esq.
　Scott + Scott, LLC
　　33 River Street
　　　Chagrin Falls, OH 44022

BY EMAIL AND FIRST CLASS MAIL

---

[1] Furthermore, to the extent that your proposed search term "WH*" was targeted at retrieving WebHouse documents, such documents have already been retrieved using Defendants' proposed search terms "Webhouse", "Web House" and "WHC", and production of such non-privileged responsive documents has begun.

Copies to:


Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE, 24th Floor
Atlanta, GA 30308

BY EMAIL AND FIRST CLASS MAIL

**<u>EXHIBIT Q</u>**

# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON

DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS

KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

WRITER'S DIRECT DIAL NUMBER

(212) 474-1814

April 14, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Geoffrey:

I write in response to your letter of yesterday.

Notwithstanding your attempt to change your position with respect to your April 7, 2006 revised search term list, my letter of April 11, 2006 represents (i) defendants' position on the issue and (ii) a summary of the understandings reached between you and Jim Hein last week. In fact, defendants' position as set forth in my letter specifically was communicated to me by Jim and Bill Kelleher -- the very individuals you helpfully suggested I consult for clarification -- prior to my drafting of the letter. Our position is clear, and it has not changed since last week. The "back-and-forth" that you reference in your letter should therefore end here.

As stated, defendants will search the "snapshot" using the list you provided to us on April 7th (minus the terms skadden*, AG*, WH* and Scal*). We then will communicate to you the resultant number of hits and pages that would be retrieved from that search. After we both have those figures, we then can discuss the need, if any, to narrow or expand your April 7th list before any review for responsiveness and privilege begins.

In addition, in response to your position that defendants "start rolling out the production" from the "snapshot", I remind you that it was defendants who initiated the commencement of the "snapshot" search using the terms "Webhouse", "Web House" and "WHC" way back on November 8, 2005 as plaintiffs were dragging their feet on preparing a realistic search term list. (Letter from J. Hein to E. Comite, dated November 8, 2005.) That production began on April 10, 2006 (Letter from W. Kelleher to E. Comite and D. Scott, dated April 10, 2006) and thus far Bates Nos. PCLN000648704 through PCLN000681303 have been produced.

2

Any delay that you perceive in expanding the search of the "snapshot" is entirely of plaintiffs' own doing. It is our position that your initial proposal that consisted of 637 terms, including hundreds of generic words and assorted expletives, was absurd and hardly a "good faith attempt to move this process forward" as you allege. (Letter from P. McDougall to J. Hein, dated February 15, 2006; Letter from J. Hein to E. Comite and P. McDougall, dated March 1, 2006)

Sincerely,

Robert K. Simonds

Geoffrey M. Johnson, Esq.
    Scott + Scott LLC
        33 River Street
            Chagrin Falls, OH 44022

BY EMAIL AND FIRST CLASS MAIL

Copies to:

Peter McDougall, Esq.
    Johnson & Perkinson
        1690 Williston Road
            P.O. Box 2305
                South Burlington, VT 05403

William J. Kelleher, III, Esq.
    Robinson & Cole LLP
        695 East Main Street
            Stamford, CT 06904-2305

Carl W. Mullis, Esq.
    Paul, Hastings, Janofsky & Walker LLP
        600 Peachtree Street, NE, 24th Floor
            Atlanta, GA 30308

BY EMAIL AND FIRST CLASS MAIL

**<u>EXHIBIT R</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1814

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON

DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS

KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

May 2, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Geoffrey:

In your letters leading up to today's meet and confer and during the meet and confer itself, you raised issues that plainly have been addressed by Defendants on multiple occasions. The record is clear and it exposes your tactic of trying to generate discovery disputes. I address each issue in turn below:

## The Production of Emails

You now state that any agreed-upon search term list for the non-email electronic data should also be used "to search the *entire* snapshot and *all* of the departed employee tapes -- not just those portions of the snapshot and departed employee tapes that contain non-email electronic data". Your justification for this new proposal is to "cross-check" our already completed production of emails. Your position is without logic or support.

The parties went down this road months ago: the processes by which Defendants would search the "snapshot" for email and non-email electronic materials were explicitly negotiated and agreed-upon between the parties and communicated to the Court on multiple occasions. It was agreed that emails would be searched using an agreed-upon list of custodians for the designated two-year time period of March 1, 1999 to April 1, 2001; and non-email materials would be searched using an agreed-upon search term list. To refresh your recollection with respect to those agreements, I refer you to, among other things, the following:

- August 8, 2005 letter from Peter McDougall to Bill Kelleher and Jim Hein;

- August 11, 2005 letter from Jim Hein to Peter McDougall;

- August 15, 2005 letter from Peter McDougall to Jim Hein;

- January 10, 2006 Status Report;

- February 10, 2006 Status Report;

- March 9, 2006 Status Report; and

- April 10, 2006 Status Report.

To be clear, we will <u>not</u> duplicate the time-consuming and expensive efforts that we have completed with respect to reviewing and producing approximately 500,000 pages of emails in order to "cross-check" our efforts at your whim -- particularly when you negotiated the very terms of our email search to begin with.

We are done searching emails files; the production of email files is substantially complete. Your attempt to undo our memorialized agreements is further evidence of your tactics to harass and delay the discovery process.

<u>Utilization of plaintiffs' "April 7th" search term list</u>

You again raise this issue, and ask if Defendants are "prepared to use the shortened search term list . . . to search *and produce* responsive, non-privileged documents contained on the snapshot". As stated in my April 11th letter to you:

> "Defendants have agreed to utilize an appropriately shortened list to run a search against Priceline's 'snapshot'. Once we determine how many hits and pages the agreed-upon list produces, we will communicate those results to you and we can then discuss next steps. Obviously, we would not -- and did not -- blindly agree to produce documents retrieved by a proposed search term list that we had not yet seen. In any event, we only plan to produce non-privileged documents responsive to underlying document requests as modified by objection, agreement and/or court order."

Your April 20, 2006 letter to me specifically acknowledged this plan of action.

As you learned today, your April 7th search term list generated approximately 360,000 documents that are "hits". In terms of page numbers, the estimate is above <u>five million</u> pages. Those figures are computed after excluding (i) the documents we already reviewed as part of our "Webhouse", "Web house" and "WHC" search (which resulted in the production of more than 120,000 pages of documents), and (ii) any repetitive "hits". In light of the enormous amount of information retrieved by the April 7th list, as we stated in the meet and confer today (and as I predicted in my letter to you on April 11, 2006), your April 7th list is overly broad and needs to be refined. We have already reviewed millions of pages of documents in this litigation and have

produced over 750,000. We will not review five million additional pages retrieved by a search term list that generates numerous false "hits" and fails to target responsive materials.

We offered three solutions during our meet and confer today. You rejected them all. First, we offered, with the help of our vendor, to specifically review the April 7th list to identify which terms were either inappropriate or overly-broad in their retrieval. For example, it is our understanding from our vendor that many terms on the list are so generic in nature that they are retrieving numerous "hits" because they target a document's underlying formatting or set-up features. Second, we suggested that we agree on a workable number of terms that are relevant to the case to keep the document production moving forward. Third, we suggested that we focus the search terms on certain types of files that were likely to contain office-type documents such as Word and Excel documents. You refused to meet and confer further or even consider any of those proposed solutions. We remain available to discuss them.

In the meantime, it is our view that the process of searching and producing non-email material from the "snapshot" should continue even though you refuse to compromise. Therefore, Defendants plan to select ten reasonable and relevant search terms from your April 7th list that Defendants feel appropriately will target responsive information. We will produce responsive, non-privileged materials retrieved using those terms on a rolling basis. We will communicate the 10 terms as soon as they are chosen.

<u>43 Back up Tapes</u>

As discussed, eMag produced logs of indices for 31 of the 43 tapes. Based on preliminary discussions with our electronic document vendor, the indices indicate that the data on those tapes is irrelevant database material of the kind we previously described to you several months ago concerning other electronic data. An additional 8 logs have just been provided to us and they appear to list the same database type information. As to the 4 remaining tapes, as explained to you, they cannot be indexed at this time without further work and expense by eMag due to non-standard back up formatting.

To be clear, as mentioned to you and your colleagues several times, we do not think it is necessary to restore and review the back up tapes especially given the existence and purpose of the "snapshot". As you know, the Court has already concluded, back in December of 2005, when it largely denied your motion to compel, that full restoration of the backup tapes may well be "a colossal waste of resources." "Before the court orders defendants to restore a backup tape, there must be some indication that the files stored on the backup tape may contain relevant information." The Court further held it would not "compel restoration of the backup tapes, regardless of which party is going to pay for restoration, unless the effort is justified." <u>In re Priceline.com Inc. Securities Litigation</u>, 233 F.R.D. 88, 90 (D. Conn. 2005). Therefore, your assumption that the back up tapes will be reviewed and produced is contrary to the Court's order.

We will send to you the scan logs for the 39 back up tapes. We do not think it necessary or practical to discuss producing the logs in a searchable format -- and

we think you will agree when you see the logs. Furthermore, we remind you that we did not agree to hire eMag for restoration of the tapes as you try to suggest, but only to perform a forensic scan of them, as you well know from our correspondence.

      Finally, your statement in your letter of late yesterday that you believe you can contact eMag at your discretion is wrong. The Court ordered that the Defendants are to retain full control over the indexing of the back up tapes. (December 8, 2006 Order.) The fact that the indexing is being completed by eMag, a vendor of your choosing, does nothing to change this fact. First, Defendants hired eMag in connection with this litigation. Therefore, eMag is an agent of Defendants and the work they complete for us is protected by the work-product doctrine. Second, since you have worked with eMag before, we know that you are aware of eMag's standard confidentiality obligation to its client -- us. Should you contact eMag again and attempt to violate the work-product protection or instigate a breach of eMag's obligations, we will bring this matter to the attention of the Court and seek any appropriate relief.

<u>Jay Walker Mac Files</u>

      As you are aware, those files are not part of the "snapshot". The data contained on those files are older Macintosh-formatted data from Mr. Walker's personal computer that date back to the mid-1980s. It was collected prior to the "snapshot" and it is our understanding that it was received by our vendor in connection with an entirely different litigation. We specifically told you back on November 8, 2005, by letter, and numerous times by telephone, that we did not plan to search those files.

      In your letter to me of April 20, 2006, you again raised the Jay Walker Mac Files. In response to your revival of this issue, I informed Jeanne Irving, Mr. Walker's new counsel, that you were inquiring about the files. Ms. Irving then asked specifically for those files to be delivered to her. During the meet and confer today I explained to you that we were in the process of delivering those files to Ms. Irving. You stated that you did not understand our decision to do so. The files <u>belong</u> to Mr. Walker. When Mr. Walker's counsel requests them, we are obligated to comply. We suggest you contact Ms. Irving should you have any additional questions.

          Sincerely,

Robert K. Simonds

Geoffrey M. Johnson, Esq.
   Scott + Scott LLC
      33 River Street
         Chagrin Falls, OH 44022

BY EMAIL AND FIRST CLASS MAIL

Copies to:

Peter McDougall, Esq.
    Johnson & Perkinson
        1690 Williston Road
            P.O. Box 2305
                South Burlington, VT 05403

William J. Kelleher, III, Esq.
    Robinson & Cole LLP
        695 East Main Street
            Stamford, CT 06904-2305

Jeanne E. Irving, Esq.
    Hennigan, Bennett & Dorman LLP
        865 S. Figueroa Street
        Suite 2900
            Los Angeles, CA   90017

BY EMAIL AND FIRST CLASS MAIL

**<u>EXHIBIT S</u>**

# ROBINSON & COLE LLP

JOSEPH L. CLASEN

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
jclasen@rc.com
Direct (203) 462-7510

### Via Facsimile and First Class Mail

July 19, 2005

Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

David S. Scott, Esq.
Erin G. Comite, Esq.
Scott + Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Re:    **In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)**

Dear David, Erin and Jake:

We appreciate the courtesy of your accommodations with respect to the scheduling of the 30(b)(6) deposition that will take place tomorrow in our Hartford office at 10:00 a.m.

In accordance with the Court's order that the parties confer about electronic material, we have prepared the following overview of what priceline did to preserve electronic material relevant to this litigation and what electronic material we believe is available.

During a number of our discussions, we have mentioned the "snapshot" of electronic material that was taken for this litigation. The snapshot warrants some explanation and provides a good starting point for this overview.

What we refer to as the "snapshot" is the equivalent of a full back-up of all the material that existed on priceline's corporate file servers in February 2002 (the time



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

STAM1-794754-1

# ROBINSON & COLE LLP

July 19, 2005
Page 2

the snapshot was taken), reaching back to the beginning of the Company. Promptly following the commencement of this litigation in October 2000, priceline sent an e-mail notice to all of its employees instructing them to secure, preserve and retain relevant documents.[1]  Because of the concern that the preservation of relevant electronic material on priceline's corporate file servers might become too unwieldy over time as the case proceeded and out of an abundance of caution for the preservation of relevant electronic material, priceline and its outside counsel determined to make a copy, in a usable format, of all of the electronic information on priceline's corporate file servers. The snapshot is that copy.

Our understanding is that it was the general Company practice that all electronic documents should be created and saved on the corporate file server and that no documents on the corporate file server should be deleted. With respect to electronic documents, therefore, our understanding is that the Company's preservation instruction did not effect any change to the status quo. Assuming that everyone at priceline created and preserved electronic materials on the corporate file servers in accordance with Company practice (and in accordance with the litigation retention policy beginning in October 2000), we believe that the snapshot contains every piece of electronic material created on the corporate file servers from priceline's inception until the date of the snapshot in February 2002.

Because WebHouse and Perfect Yardsale each utilized some of priceline's servers for a period of time following their respective launches, we believe that the snapshot also contains some WebHouse and Perfect Yardsale material.

We understand that there are approximately 475 gigabytes of material on the snapshot. A very conservative estimate, we are told, is that one gigabyte translates to approximately 50,000 pages. A less conservative, and more realistic estimate, is that one gigabyte translates to approximately 100,000 pages.

As described above, the snapshot contains the electronic material from priceline's corporate file servers. The next portion of this overview describes our understanding of what types of information are stored on priceline's various servers and how those servers are backed-up.

---

[1] Between the time of that e-mail notice and the present, additional retention notices were periodically sent to all of priceline's employees as reminders.



# ROBINSON & COLE LLP

July 19, 2005
Page 3

Priceline's electronic material is created and stored on three different types of servers: production database servers, which contain the raw transactional information of customer bids and offers; development servers, which contain quality-control and other "test" data; and corporate file servers, which contain e-mails, memoranda, letters and all other office-type documents. We do not believe that priceline's production database servers or development servers contain any information that is relevant to this litigation.

Until mid-2000, those servers were manually backed-up onto tapes at various intervals. There were daily, monthly, quarterly and yearly back-ups, though not every server was necessarily backed-up according to the same schedule. Until this litigation was commenced, some of those back-up tapes were reused (and thus overwritten) and discarded in the ordinary course.

In mid-2000, the Company moved to an automated back-up tape system. Under that system, the various servers are robotically backed-up onto tapes according to regular schedules, and sets of back-up tapes are rotated, reused and discarded according to regular schedules.

Following the commencement of this litigation, no quarterly or yearly corporate file server back-up tapes were overwritten or destroyed. The Company also collected several hundred tapes that had been used in connection with the manual back-ups. Priceline believes that any of those tapes that backed-up the corporate file servers duplicate information captured by the snapshot and by other, more comprehensive back-up tapes, such as the quarterly or yearly tapes. (This is because a later back-up of a given server contains all of the information from an earlier back-up of the same server unless information existing on the server at the time of the earlier back-up is deleted from the server before the later back-up.) With the exception of approximately 200-300 back-up tapes that were discarded by a priceline Unix administrator, priceline believes that it has secured all of the manual back-up tapes that existed as of October 2000. Priceline believes that the discarded tapes were all database production server back-ups, which do not contain any information relevant to this litigation. In addition, we believe that the information contained on those tapes is captured on other back-up tapes that the Company has collected.



# ROBINSON & COLE LLP

July 19, 2005
Page 4

      Electronic material for terminated employees from 2000-2001 was moved off the corporate file servers and onto back-up tapes before the snapshot. The Company has identified and collected those back-up tapes. The Company is also in possession of some WebHouse and Perfect Yardsale back-up tapes.

Sincerely,

Joseph L. Clasen
JLC/ta

cc: Via Facsimile and First Class Mail

      Daniel Slifkin, Esq.
      James G. Hein, Jr., Esq.
      Cravath, Swaine & Moore LLP
      Worldwide Plaza
      825 Eighth Avenue
      New York, NY 10019

      Carl W. Mullis, Esq.
      Summer Joseph, Esq.
      Paul, Hastings, Janofsky & Walker LLP
      600 Peachtree Street, NE, 24th Floor
      Atlanta, GA 30308



**<u>EXHIBIT T</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

February 8, 2006

In re Priceline.com Securities Litigation
Master File No. 3:00cv1884 (DJS)

Dear Peter:

I write in response to your letter of February 3.

We are willing to agree to plaintiffs' proposal that eMag conduct a forensic scan of the contents of the 42 back-up tapes, with plaintiffs paying one-half of the costs associated with that process. We will hire eMag to conduct the forensic scan, consistent with the Court's directive that "Defendants shall retain possession of the original data through the restoration, data management, and document review stages". (Dec. 8 Order at 6.) Our agreement to use eMag is limited at this time to the purpose of conducting a forensic scan of the 42 back-up tapes and is not an agreement to use eMag for any other purpose.

Before going forward with that approach, however, we wanted to update you on the steps we have been taking to gather more information regarding the contents of the tapes. We have been working with priceline and our electronic vendor to determine whether priceline has any hardware or software that could be used to access the data on the 42 back-up tapes. Priceline has located back-up software, "Veritas Net Back-up", which may have been used to load data onto some or all of the 42 tapes. Priceline has also located a tape drive that may be compatible with the non-industry-standard tapes contained in the set of 42. Using that software and/or hardware, our vendor believes that it may be possible to generate an index of the contents of some or all of the tapes. However, our vendor cannot predict whether those efforts will be at all successful.

With respect to the tapes that are capatible with our vendor's existing hardware, our vendor will make another attempt to access the data on those tapes using the Veritas Net Back-up software. We have been told that we should know the results of

those efforts by the end of next week. With respect to the tapes that were not compatible with our vendor's existing hardware and that may instead be compatible with the tape drive located by priceline, we understand that any attempt to access the data on the tapes carries the risk of doing damage to the tapes, given the age of both the tapes and the tape drive. Accordingly, we will only instruct our vendor to attempt to access the data on those tapes if plaintiffs request that we do so. Please advise us accordingly.

We continue, of course, to reserve our right to seek cost-shifting in connection with electronic discovery, consistent with the Court's December 8 Order.

Sincerely,

James G. Hein, Jr.

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

BY FAX AND FIRST CLASS MAIL

Copies to:

Erin Green Comite, Esq.
Scott + Scott, LLC
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FAX

**<u>EXHIBIT U</u>**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

February 28, 2006

<u>In re Priceline.com Securities Litigation</u>
<u>Master File No. 3:00cv1884 (DJS)</u>

Dear Peter:

I write to follow up on my letter of February 8. In that letter, I explained that our electronic vendor would make another attempt to access the data on certain back-up tapes using back-up software located by priceline. That attempt was unsuccessful. Accordingly, we will have those tapes sent to eMag on the conditions described in my February 8 letter. Please let us know the person(s) at eMag with whom you spoke who will be familiar with this project.

We have not heard back from you regarding our request that you tell us whether you want us to instruct our vendor to attempt to access the data on certain back-up tapes using the tape drive located by priceline. As I pointed out in my February 8 letter, we have been told that any attempt to access the data on those tapes using the tape drive carries the risk of doing damage to the tapes. Accordingly, we will not tell our vendor to make such an attempt unless you specifically request that we do so. Please let us know.

Sincerely,

James G. Hein, Jr.

Peter McDougall, Esq.
   Johnson & Perkinson
      1690 Williston Road
         P.O. Box 2305
            South Burlington, VT 05403

BY FAX AND FIRST CLASS MAIL

Copies to:

Erin Green Comite, Esq.
    Scott + Scott, LLC
        P.O. Box 192
            108 Norwich Avenue
                Colchester, CT 06415

William J. Kelleher, III, Esq.
    Robinson & Cole LLP
        695 East Main Street
            Stamford, CT 06904-2305

Carl W. Mullis, Esq.
    Paul, Hastings, Janofsky & Walker LLP
        600 Peachtree Street, NE
            24th Floor
                Atlanta, GA 30308

BY FAX

**EXHIBIT V**

# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

**WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475**

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

——

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

——

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

——

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

March 15, 2006

<u>In re Priceline.com Securities Litigation</u>
<u>Master File No. 3:00cv1884 (DJS)</u>

Dear Peter:

        In my letters of February 8 and February 28, I told you that we would not instruct our vendor to attempt to access the data on certain back-up tapes using the tape drive located by priceline unless plaintiffs specifically requested that we do so.  In your letter of March 14, you stated that "[p]laintiffs take no position as to whether an attempt should be made to access the tapes using the tape drive".  That statement of no position is obviously not a request of any kind.  Accordingly, we will send the 42 back-up tapes to eMag on the conditions described in my February 8 letter.

        Sincerely,

*James G. Hein Jr.*

        James G. Hein, Jr.

Peter McDougall, Esq.
    Johnson & Perkinson
      1690 Williston Road
        P.O. Box 2305
         South Burlington, VT 05403

BY FAX AND FIRST CLASS MAIL

FROM CRAVATH SWAINE & MOORE LLP    Case 3:00-cv-01884-AVC    Document 301-5    Filed 05/10/2006    Page 34 of 34    (WED) 3. 15 06 20:09/ST. 20:06/NO. 4861115738 P 4

2

Copies to:

Erin Green Comite, Esq.
Scott + Scott, LLC
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FAX