UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. : | |
| SECURITIES LITIGATION : | |
| _____ : | MASTER FILE NO. |
| : | 3:00CV01884(AVC) |
| This document relates to: : | |
| : | May 19, 2006 |
| ALL ACTIONS : | |

**PLAINTIFFS' OPPOSITION TO PRICELINE DEFENDANTS'**
**CROSS MOTION FOR PROTECTIVE ORDER**

| | |
|---|---|
| **SCOTT + SCOTT, LLC** | **JOHNSON & PERKINSON** |
| David R. Scott | Dennis J. Johnson |
| Geoffrey M. Johnson | Jacob B. Perkinson |
| Erin Green Comite | Peter J. McDougall |
| 108 Norwich Avenue | 1690 Williston Road |
| P.O. Box 192 | P.O. Box 2305 |
| Colchester, CT  06415 | South Burlington, VT 05403 |
| | |
| **Co-Lead Counsel** | **Co-Lead Counsel** |
| | |
| | **STULL, STULL & BRODY** |
| | Jules Brody |
| | Aaron Brody |
| | 6 East 45th St. |
| | New York, NY 10017 |
| | |
| | **Co-Lead Counsel** |

## **INTRODUCTION**

Throughout this litigation, Defendants Priceline.com, Inc. ("Priceline"), N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants" or the "Priceline Defendants") have attempted to delay discovery and obstruct Plaintiffs from obtaining information responsive to Plaintiffs' discovery requests at every step. To date, Defendants have: (1) forced Plaintiffs to file a motion to compel to get Defendants to timely produce paper documents (Docket ("Dkt.") #144); (2) forced Plaintiffs to file a motion to compel to get Defendants to answer several interrogatories (Dkt. # 188); (3) forced Plaintiffs to file two motions to compel to gain access to non-privileged documents in Deloitte & Touche's possession (Dkt. #150 and #209); (4) forced Plaintiffs to file a motion to compel to obtain documents stored in electronic form (Dkt. #212); and (5) forced Plaintiffs to file two motions to compel the production of documents improperly withheld as privileged. (Dkt. # 201 and #272).

Now, in addition to opposing Plaintiffs' Fourth Motion to Compel, the Priceline Defendants have moved this Court for a Protective Order claiming that Plaintiffs have failed to meet and confer in good faith as required by F.R.Civ.P. 37 and Local Rule 37. Defendants' Opposition to Plaintiffs' Fourth Motion to Compel Discovery and Memorandum in Support of Their Cross-Motion for Protective Order ("Defendants' Cross-Motion" or "Def. Opp.") at p. 12-13. Defendants' Cross-Motion has no merit and is simply a reflection of Defendants' frustration in their inability to shield the discovery of nearly a thousand documents from Plaintiffs, that are responsive to Plaintiffs' discovery requests. Simply stated, neither the failure of Defendnats to cooperate in the meet and confer process nor the failure of the parties to resolve their differences in spite of Plaintiffs' nest efforts to do so supports the conclusion that the requirements of the

meet and confer protocol were not met. Defendants' Cross-Motion is without merit and must be denied.

      1.  **Plaintiffs' Good Faith Attempts to Resolve the Discovery Dispute Exceeded What is Required by the Local and Federal Rules.**

Plaintiffs' good faith attempts to resolve the dispute regarding documents Defendants have withheld as protected are outlined in detail in the Declaration of Peter J. McDougall in Support of Plaintiffs' Fourth Motion to Compel ("McDougall Decl."). As the McDougall Declaration demonstrates, Plaintiffs have fully participated in the meet and confer process over a 10 month period, and have gone well beyond what is required by the Federal Rules of Civil Procedure and this District's Local Rules. McDougall Decl. at ¶¶3-8, 10-15. Thus, Defendants' claims of Plaintiffs' lack of good faith during the meet and confer process are insupportable. Moreover, the practice of the Priceline Defendants in refusing to engage in sincere negotiations demonstrates that the Motion they have filed is, if anything, more appropriately directed at themselves.

Both the Federal Rules of Civil Procedure the Local Rules for the District of Connecticut require, before the filing of a discovery motion, that the party seeking discovery conduct a meet and confer in a good faith effort to resolve or narrow the areas of dispute. *See*, F.R.Civ.P. 37(a)(2); Local Civ. R. 37(a)(2). Additionally, the Local Rule requires that if the meet and confer fails to resolve the areas in dispute, counsel filing the Motion must submit "an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without intervention of the Court. Local. Civ. R. 37(a)(2). As evidenced by the McDougall Declaration, Plaintiffs have fully complied with this rule. Notwithstanding Plaintiffs' efforts, Defendants claim that Plaintiffs

2

have failed to comply with the requirements of the Rule by not communicating a list of numbered documents that Plaintiffs' believed were improperly logged. Def. Opp. at p. 8-10.

In this District, "the meet-and-confer requirement mandates that: [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining. . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention." *Messier v. Southbury Training School*, No. 3:94-CV-1706 (EBB),1998 WL 841641, at *3 (D.Conn. Dec. 2, 1998) (citing *Deckon v. Chidebere,* No. 93Civ7845 (LMM) (BAL),1994 WL 494885, at *5 (S.D.N.Y. Sept.9, 1994)). In this instance, during the meet and confer process, Plaintiffs repeatedly identified specific areas in which Defendants' designations of privilege were deficient.[1] McDougall Decl. at ¶¶3-8, 10-15. In addressing each of these categories, Plaintiffs asked Defendants if they intended to supplement or revise their privilege logs to provide the additional information which Plaintiffs' believed is required to properly support the assertion of privilege. *Id.* Defendants repeatedly informed Plaintiffs that they believed the privilege log comply with the Federal and Local Rules and that each document is properly logged. *Id*. Thus, despite conducting three meet and confer conference calls and despite numerous letters exchanged between the parties regarding this issue over a 10 month period beginning in June of 2005, it was clear that Defendants would not provide the additional information Plaintiffs believe is required, thus requiring Plaintiffs to file a motion to compel. *Id.*

---

[1] These categories are: (1) entries with numerous law firms and attorneys listed as authors, recipients or receiving a copy without any evidence of an attorney client relationship between Defendants and the firms and/or attorneys; (2) entries listed as "communication between employee and in-house counsel" with no indication that the communication involved the seeking or rendering of legal advice; (3) entries indicating a document was sent to or received from entities that Defendants contend are third-party licensees of Priceline such as WebHouse and PerfectYard Sale; (4) documents sent to or received from third-parties such as Deloitte & Touche, LLP, airlines, and investment banks; and (5) documents in which numerous unidentified individuals are listed as recipients.

3

Despite the fact that it is the party asserting claims of protection that bears the burden of properly asserting such objection, Defendants' attempt to shift their burden to Plaintiffs, forcing Plaintiffs to demonstrate that documents for which Defendants claim protection are **not** privileged, thus turning on its head the well founded standard that the party asserting privilege bears the burden of support. Def. Opp. at p. 13; Dkt. #244 at p. 3. Given the widespread deficiencies Plaintiffs' believe exist on Defendants' privilege logs, and the applicability of those deficiencies to nearly a thousand documents, it is clearly appropriate for Plaintiffs to raise these categories of deficiencies with Defendants. Defendants' argument that Plaintiffs failed to satisfy the meet and confer requirements of the Federal Rules is wholly without merit. In fact, Plaintiffs went to extraordinary lengths, conferring with Defendants in good faith over a ten month period through both telephone and written communications, in an attempt to resolve this matter. McDougall Decl. at ¶¶3-8, 10-15. The requirements of Local Civ. R. 37(a)(2) have been fulfilled, Defendants' disappointment in their failure to restrict appropriate discovery notwithstanding.

2. **The Number of Documents Moved Upon is a Result of Defendants' Improper Designation of Documents as Protected.**

In attempted support of their instant Motion, Defendants incredibly state that the Plaintiffs' Motion to Compel should be denied and Defendants' Cross-Motion for a Protective Order granted because Plaintiffs' move for the production of too many documents. Def. Opp. at p. 10. Defendants assert that Plaintiffs' Motion to Compel the production of nearly 1,000 documents is unduly burdensome, however they fail to provide any explanation as to the burden it allegedly imposes.[2] Indeed, Defendants' aggravation with Plaintiffs' Motion to Compel is

---

[2] Of course, the fact that discovery involves a large amount of documents or requires diligent work does not automatically make it "unduly burdensome". *See, e.g. Carlson v. Freightliner LLC,* 226 F.R.D. 343, 370 (D. Neb. 2004) ("An objection that discovery is overly broad and unduly

4

more properly characterized as frustration with the requirements of the Federal and Local Rules of Civil Procedure and this Court's Order which granted in part Plaintiffs' initial Motion to Compel the production of improperly withheld documents. In ruling on Plaintiffs' initial Motion to Compel on this issue, the Court determined:

> defendants have not adequately demonstrated that their objections should be sustained with respect to all entries. Defendants shoulder the burden of demonstrating that information is protected by the attorney-client privilege or the work product immunity doctrine and must therefore supplement their privilege log to provide information necessary to make an informed determination of the validity of their objections.

Memorandum of Decision and Order dated December 8, 2005 Order, ("Dkt. #244"), at p. 3. (citing *U.S. v. International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 199 F. 3d 210, 214 (2d Cir. 1997)). The Court did not dictate exactly what information Defendants must provide but Ordered that "[D]efendants shall provide whatever information is necessary to meet their burden with respect to each objection." Dkt. #244 at p. 6. As became apparent during the meet and confer process, Defendants' position as to what is required to meet their burden is significantly different from what the Rules and Plaintiffs' interpretation of the Court's December 8, 2005 Order require.

Instead of using the privilege log as a legitimate means to withhold privileged documents, Defendants have instead used the privilege log as a means to shield numerous non-privileged and potentially damaging documents from discovery. Defendants' attempted reliance on the quantity of these improperly withheld documents as support for this Cross-Motion is entirely

---

burdensome must be supported by affidavits or evidence revealing the nature of the burden and why the discovery is objectionable. It is not sufficient to simply state that the discovery is overly broad and burdensome, nor is a claim that answering the discovery will require the objecting party to expend considerable time and effort analyzing 'huge volumes of documents and information' a sufficient factual basis for sustaining the objection.").

5

inappropriate as it argues in favor of actually rewarding Defendants for their improper conduct. Defendants' Cross-Motion for Protective Order must be denied.

### 3. **A Protective Order is Not Appropriate**

Rule 26 of the Federal Rules of Civil Procedure provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.Civ.P. 26(c). The party seeking a protective order bears the burden of demonstrating good cause for such an order. *See*, *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992) (citing *Penthouse Int'l, Ltd. v. Playboy Enterprises,* 663 F.2d 371, 391 (2d Cir.1981)). Just as they have failed to support their claims of privilege, Defendants fail to demonstrate any cause, and certainly no good cause, for a protective order.

In filing the instant Cross-Motion, Defendants are not seeking protection from annoyance, embarrassment, oppression or undue burden or expense. Defendants' Cross-Motion, framed as an attempt by Defendants to seek Plaintiffs' compliance with the Rules, is an attempt by Defendants to seek protection from the requirements of the Federal and Local Rules of Civil Procedure and from this Court's December 8, 2005 Order on Plaintiffs' initial Motion to Compel the production of improperly withheld documents. In seeking such protection, Defendants aim to shift to Plaintiffs the burden associated with protecting withheld documents from production by asking the Court to instead require that Plaintiffs demonstrate that a document is **not** entitled to protection. Def. Opp. at p. 13. Such a request is contrary to established law which requires the party asserting protection to bear the burden of establishing such privilege in all its elements. *See*, *EDO Corp. v. Newark Ins. Co.*, 145 F.R.D. 18, 22-23 (D.Conn., 1992); *See also*, Dkt. #244 at p. 3.

Additionally, as discussed herein, the very relief Defendants request in their Cross-Motion, *i.e.* that Plaintiffs meet and confer with Defendants in good faith, has already occurred. *See*, Section 1, *infra*. Unless Defendants make an affirmative and binding offer to provide the information already required by the law and the Court's December 8, 2005, Order, no further progress can be expected by requiring yet another delaying round of negotiations to permit Defendants more opportunity to stonewall discovery. Furthermore, Defendants should not be allowed to use the quantity of improperly withheld documents as support for a protective order that would excuse compliance with the rules. A protective order is not appropriate in this instance and Defendants Cross-Motion must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Cross-Motion for Protective Order.

Dated: May 19, 2006

Respectfully submitted,

SCOTT + SCOTT, LLC

/s/ David R. Scott
David R. Scott (ct16080)
Geoffrey M. Johnson
Erin Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030

7

Facsimile: (802) 862-0060

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**Co-Lead Counsel**

SCHATZ & NOBEL
Andrew M. Schatz
Jeffrey S. Nobel
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106
Telephone: (860) 493-6292
Facsimile (860) 493-6290

**Liaison Counsel**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 19, 2005, a true copy of the foregoing was filed with the Court and served on all counsel of record through the Court's electronic case filing service.

/s/ David R. Scott_____

9