IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>------------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (AVC)<br><br><br><br><br>May 19, 2006 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ORDER
APPROVING PROPOSED NOTICE OF CLASS CERTIFICATION**

 

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

*Attorneys for Defendants
priceline.com Inc., N.J. Nicholas,
Daniel Schulman and Richard S. Braddock*

STAM1-812943-1

Defendants priceline.com Inc. ("priceline"), N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants") respectfully submit this memorandum of law in response to plaintiffs' Motion for Order Approving Proposed Notice of Class Certification.

## Introduction

On April 4, 2006, the Court granted in part and denied in part plaintiffs' motion for class certification. Specifically, the Court granted certification of a class defined as:

> "all persons who purchased or otherwise acquired securities of priceline.com, Inc. ("Priceline" or "PCLN") from January 27, 2000 to October 4, 2000, inclusive".

(April 4, 2006, Memorandum of Decision at 30.) The Court also directed plaintiffs to submit a proposed notice and proposed means for providing notice, to which Defendants could submit objections or an alternative proposal. Id. at 30-31.

On May 5, 2006, plaintiffs filed a Motion for Order Approving Proposed Notice of Class Certification ("Notice Motion"). Plaintiffs also submitted a Proposed Order attaching a proposed Notice of Pendency of Class Action ("Notice") and a proposed summary Notice of Pendency of Class Action ("Summary Notice"). That Proposed Order, along with plaintiffs' proposed means for providing notice (as described in plaintiffs' Notice Motion and the accompanying declaration of Paul Mulholland), are together referred to as plaintiffs' proposed "Notice Plan".

The proposed Notice Plan is generally acceptable. However, Defendants propose three additions:

- A provision in the Proposed Order that plaintiffs will pay any costs associated with the Notice Plan, namely any costs incurred by (i) priceline's stock transfer agent and (ii) the third-party brokerage companies, banks and trust companies.

- A provision in the Proposed Order requiring broader circulation of the Summary Notice; and

- A statement in the Notice that plaintiffs' allegations in this action are contested by Defendants.

Defendants, therefore, respectfully submit a revised Proposed Order and the accompanying revised Notice and Summary Notice for the Court's approval ("Revised Order").

## Argument

**A.    Plaintiffs' are Responsible for All Costs Associated with the Notice Plan.**

The law is clear: "the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit". Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 179 (1974); see also Irving Trust Co. v. Nationwide Leisure Corp., 93 F.R.D. 102, 111 (S.D.N.Y. 1981); Larsen v. JBC Legal Group, P.C., 2006 U.S. Dist. LEXIS 20064, *14 (E.D.N.Y. 2006); 7AA Wright & Miller, Federal Practice and Procedure, § 1788 (2005) ("it is now clear that all notice costs must be borne by the plaintiffs"). Even in situations where the defendant may be able to perform a necessary task with less difficulty, if the cost of that task would be no greater for either party, then the plaintiffs must bear the expense. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356-360 (1978). Those rules raise two issues here.

First, plaintiffs propose that they retain Strategic Claims Services ("SCS") "to provide notice to those persons or entities who purchased or otherwise acquired securities" of priceline during the defined class period. (Notice Motion at 1.) Plaintiffs also propose that:

> "Priceline will cause its transfer agent to provide SCS records reflecting all individuals and organizations that purchased or otherwise acquired securities of Priceline during the Class Period. The transfer agent's records reflect persons or

-2-

entities that purchased Priceline's securities for their own account or for the account(s) of others during the Class Period". (Id. at 1-2.)

Plaintiffs are silent as to who will pay the costs, if any, associated with the transfer agent.

Defendants are perfectly willing to instruct our transfer agent to comply with plaintiffs' proposal. Defendants, however, propose a clear provision in the Revised Order that plaintiffs are obligated to pay the costs, if any, associated with our transfer agent's efforts. Revised Order ¶1; see Oppenheimer, 437 U.S. at 363-364 (holding that plaintiffs must pay defendants' transfer agent to identify the members of the class as such information must be obtained to comply with plaintiffs' responsibility to provide notice).

Second, although plaintiffs acknowledge in their Notice Motion (Notice Motion at 2) that they will, as the law requires, reimburse third-party brokerage companies, banks and trust companies for any costs they might incur in forwarding the Notice to beneficial owners (see In re Victor Technologies Securities Litigation, 792 F.2d 862 (9th Cir. 1986), citing Eisen and Oppenheimer), plaintiffs' Proposed Order does not address that obligation. In order to conform plaintiffs' acknowledgement with the Proposed Order, Defendants propose a paragraph in the Revised Order that describes plaintiffs' obligation to reimburse those third-parties. (See Revised Order ¶2.)

**B.   Publication of the Summary Notice Should be Broader.**

Plaintiffs propose sending personal Notice to all "security holders of record" and thereafter "publish[ing] in *The Wall Street Journal* a Summary Notice". (Proposed Order at 1.) Plaintiffs' proposal is consistent with due process to the extent that notice will be sent to "all class members whose names and addresses may be ascertained through reasonable effort". Eisen, 417 U.S. at 173. The question remaining, however, is whether one-time publication in *The Wall Street Journal* is "reasonably

calculated" to reach those absent class members who are not captured by the individual mailing. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding due process is satisfied when "notice [is] reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Although there are cases in which single publication of Summary Notice in a national newspaper is held to satisfy due process, in order to best avoid any later challenge that plaintiffs' Summary Notice was deficient, Defendants suggest that plaintiffs publish their Summary Notice in the national editions of both *The Wall Street Journal* and also *The New York Times*, and/or *USA Today*. (See Revised Order ¶4.) Defendants also suggest that the Summary Notice be published on two separate occasions in consecutive weeks within 15 days of sending out individual notices to the security holders of record. Id.

Such broader publication is often utilized in this Circuit and would better ensure that due process has been satisfied. See, e.g., In re Prudential Securities Inc. Ltd. Pshp. Litig., 164 F.R.D. 362, 367 (S.D.N.Y. 1996) (summary notice sufficient when published "in the national editions of *The Wall Street Journal*, *The New York Times*, and *U.S.A. Today* . . . twice within ten days of the Class Notice mailing"); In re Global Crossing Sec. & ERISA Litig., 225 F.R.D. 436, 446, 449 (S.D.N.Y. 2004) (summary notice sufficient when, in conjunction with the creation of a informational website, "[p]laintiffs' counsel also arranged to publish the Court-approved Summary Notice in *The New York Times*, *The Wall Street Journal*, *USA Today*, and 16 regional newspapers"); In re PaineWebber Ltd. Pshps. Litig., 147 F.3d 132, 134 (2d Cir. 1998)

-4-

(summary notice sufficient when "published in the national editions of *The New York Times*, *The Wall Street Journal*, and *USA Today*"); <u>Buxbaum v. Deutsche Bank AG</u>, 216 F.R.D. 72, 76-77 (S.D.N.Y. 2003) (summary notice sufficient when published in the national edition of *The Wall Street Journal* and *USA Today*); <u>In re NASDAQ Market-Makers Antitrust Litig.</u>, 1999 U.S. Dist. LEXIS 8889, *4 (S.D.N.Y. 1999) (summary notice sufficient when "published in the Wall Street Journal, the New York Times, USA Today, as well as 35 local newspapers, and in periodicals such as Barron's, Business Week, Forbes, Fortune, and Worth, as well as on an Internet website and online investor services").

### C.    It Should be Clear in the Notice that Plaintiffs' Allegations are Contested.

Defendants generally approve of the content of plaintiffs' proposed Notice. However, the Notice, consistent with the clarity requirement of Rule 23(c)(2)(B), should also explicitly state that the allegations in the complaint are contested by Defendants and that there has not yet been any recovery for the class, and that any such recovery is contingent upon plaintiffs' ability to substantiate their allegations at trial. (<u>See</u> Revised Order, Ex. A ¶4.)

### Conclusion

For the reasons stated above, Defendants respectfully request that the Court so order the attached Revised Order in lieu of plaintiffs' May 5th Proposed Order.

May 19, 2006

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK


<u>/s/ Joseph L. Clasen</u>
Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com


Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

## CERTIFICATION

I hereby certify that the foregoing was filed with the Court and served on all counsel of record listed below via the ECF electronic court filing system on this 19th day of May, 2006:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: 860-537-3818<br>Fax: 860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>Tel: 212-687-7230<br>Fax: 212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT 05403<br>Tel: 802-862-0030<br>Fax: 802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT 06103-3202<br>Tel: 860-493-6292<br>Fax: 860-493-6290 |

| Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | Attorneys for Defendant Jay S. Walker<br><br>Thomas D. Goldberg, Esq. (ct04386)<br>Terence J. Gallagher, Esq. (ct22415)<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel: 203-977-7300<br>Fax: 203-977-7301<br><br>Jeanne E. Irving, Esq.<br>Hennigan, Bennett & Dorman LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: 213-694-1200<br>Fax: 213-694-1234 |
|---|---|

                                                /s/ William J. Kelleher III
                                                William J. Kelleher, III