UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.  :
SECURITIES LITIGATION       :
                            :   MASTER FILE NO.
                            :   3:00-CV-1884(AVC)
This document relates to:   :
                            :
    ALL ACTIONS             :
                            :

## ORDER DENYING THE PLAINTIFFS' THIRD MOTION TO COMPEL DISCOVERY

The plaintiffs have filed the within motion to compel discovery of a document held by Deloitte & Touche, LLC. ("Deloitte"), the accounting firm for the defendant Priceline.com, Inc. ("Priceline"). The document appears on the privilege log under the description "Advice on Skadden's proposed structure re: Priceline mortgage - $1.5mm Receivable." Priceline requested that Deloitte withhold the document because, it contends, it is protected by the attorney-client privilege.

The document in question consists of an email from Evan S. Seideman, the in-house counsel for Priceline at the time, to Robert Bass and Dave Acampora, both employees of Deloitte. The email includes an attachment marked "Attorney Work Product; Privileged and Confidential". The document also contains an email from Robert Bass to Thomas Restivo, also of Deloitte, asking him to respond to Seideman's email.

The plaintiffs argue that the emails and attachment is not protected by attorney-client privilege "because they constitute

voluntary communications between [Priceline] and its third-party auditors, which destroys the seal of confidentiality needed to assert the privilege." Priceline responds that although the attorney-client privilege does not protect all communications between an accountant and a lawyer undertaken on behalf of the lawyer's client, where, as in this case, the lawyer solicits the assistance of an accountant "to aid [his] understanding" and thereby enable him to offer his client legal advice, the communication is privileged.

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." United States v. Construction Prods. Research, 73 F.3d 464, 473 (2d Cir. 1996). Although the privilege generally applies only to communications between the client and the lawyer, under certain limited circumstances it may extend to communications with a third party such as an accountant hired to assist in the rendition of legal services. United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). "Accounting concepts are a foreign language to some lawyers in almost all cases, and to almost all lawyers in some cases. Hence the presence of an accountant, whether hired by the lawyer or the client, while the client is relating a complicated tax story to

2

the lawyer, ought not destroy the privilege . . . . What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961).

In his affidavit, Seideman declares that the email attachment was a document prepared for Priceline by Steve Daniels, Esq. of Skadden, Arps, Slate, Meagher & Flom LLP, counsel to Priceline. The document contains "legal advice to [P]riceline regarding alternative structures for a loan between [P]riceline and Allprice Holdings, Inc." Seideman further declares that the accounting concepts implicated by the alternative loan structures were beyond his expertise. In order to advice Priceline effectively with respect to Daniels' proposal, he needed to understand the accounting concepts and therefore sent the email with the attachment to Deloitte requesting assistance "in understanding Mr. Daniels' legal advice." Seideman finally states that he intended his email to be a "privileged, confidential communication, and I believed that [Deloitte] would treat it accordingly."

The disclosure of a document to a third party generally destroys any attorney-client privilege as to that document. In this case, however, according to Seideman's sworn affidavit, the document was disclosed to Deloitte for the express purpose of assisting him in rendering legal advice to Priceline. The court

3

therefore agrees with Priceline that the document in question falls under the exception recognized by the Second Circuit in <u>United States v. Kovel</u>, 296 F.2d 918, 922 (2d Cir. 1961). Consequently, the plaintiffs' third motion to compel is DENIED.

It is so ordered this 30TH day of May, 2006, at Hartford, Connecticut.

_____
Alfred V. Covello, U.S.D.J.