UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br>_____<br><br>This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:<br>:   MASTER FILE NO.<br>:   3:00CV01884(AVC)<br>:<br>:<br>:   June 5, 2006<br>:<br>: |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
ORDER APPROVING PROPOSED NOTICE OF CLASS CERTIFICATION**

| | |
|---|---|
| **SCOTT + SCOTT, LLC**<br>David R. Scott<br>Geoffrey M. Johnson<br>Erin Green Comite<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br><br>**Co-Lead Counsel** | **JOHNSON & PERKINSON**<br>Dennis J. Johnson<br>Jacob B. Perkinson<br>Peter J. McDougall<br>1690 Williston Road<br>P.O. Box 2305<br>South Burlington, VT 05403<br><br>**Co-Lead Counsel**<br><br>**STULL, STULL & BRODY**<br>Jules Brody<br>Aaron Brody<br>6 East 45th St.<br>New York, NY 10017<br><br>**Co-Lead Counsel** |

On April 4, 2006 Judge Squatrito issued an Order granting in part Plaintiffs' Motion for Class Certification and certifying a class of "all persons who purchased or otherwise acquired securities of priceline.com, Inc. ("Priceline" or "PCLN") from January 27, 2000 to October 4, 2000, inclusive" (the "class").  April 4, 2006, Memorandum of Decision, Dkt. #273 at p. 30.  The Court directed Plaintiffs to submit a proposed notice and proposed means for providing notice to the class, and allowed Defendants to submit objections or an alternative proposal.  *Id.* at p. 30-31.  On May 5, 2006, Plaintiffs filed a Motion for Order Approving Class Notice ("Plaintiffs' Motion") which described the proposed means for providing notice (the "Notice Plan") and included a proposed Order, a proposed Notice of Pendency of Class Action (the "Notice"), and a proposed summary Notice of Pendency of Class Action (the "Summary Notice").

Defendants have responded to Plaintiffs' Motion stating that "[t]he  proposed Notice Plan is generally acceptable," but propose three changes.  Defendants' Response to Plaintiffs' Motion for Order Approving Proposed Notice of Class Certification ("Def. Response") at p. 1-2. Although Plaintiffs believe the Notice Plan as proposed is adequate and in compliance with the requirements of due process, Plaintiffs agree to adopt two of the changes proposed by Defendants.  Those changes are: (i) a provision in the Proposed Order requiring broader circulation of the Summary Notice; and (ii) a statement in the Notice that Plaintiffs' allegations are contested by Defendants.  A proposed Notice of Pendency of Class Action and a proposed Summary Notice Pendency of Class Action reflecting these alterations are attached hereto as Exhibits A and B respectively.

Plaintiffs do not agree with Defendants' third proposed change which would require Plaintiffs to pay the costs, if any, incurred by Priceline's stock transfer agent.  Def. Response at p. 1.  In support of this position, Defendants cite *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

1

340 (1978). In *Oppenheimer*, the United States Supreme Court reversed the Second Circuit Court of Appeals and determined that when "[plaintiffs] can obtain the information sought [] by paying the transfer agent the same amount that [defendants] would have to pay, [and] the information must be obtained to comply with [plaintiffs'] obligation to provide notice to their class" the Plaintiffs should pay the transfer agent to identify the class members. *Oppenheimer*, 427 U.S. at 363. The Court stated "[i]n some instances, however, the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff. In such cases, we think that the district court properly may exercise its discretion under Rule 23(d) to order the defendant to perform the task in question." *Id.* at p. 356.

In determining who should bear the costs associated with the task, the Court noted the general principal that the party who seeks to maintain the case as a class action bears the burden of financing its own suit. *Oppenheimer*, 437 U.S. at p. 356. However, the Court stated that "in some instances, the expense involved may be so insubstantial as to not warrant the effort required to calculate it and shift it to the representative plaintiff." *Id.* at p. 360. "In other cases, it may be appropriate to leave the cost where it falls because the task ordered is one that the defendant must perform in any event in the ordinary course of its business." *Id.*

Plaintiffs submit that the expenses associated with gathering the names of holders of record are quite different in 2006 then they were in 1978, when *Oppenheimer* was decided. *Oppenheimer*, 437 U.S. at 345. The efforts to compile the list of shareholders in *Oppenheimer* required the transfer agent to "sort manually through a considerable volume of paper records, keypunch between 150,000 and 300,000 computer cards, and create eight new computer programs for use with records kept on computer tapes that either are in existence or would have to be created from the paper records. The cost of these operations was estimated in 1973 to

2

exceed $16,000." *Id.* Certainly today, unlike in 1973, the process of gathering the names and addresses of holders of record is likely automated, requiring nothing more than a few entries in a transfer agent's database to generate the required information. Moreover, publicly held corporations typically pay transfer agents a standard fee for their services, including the identification of holders of record. Priceline's request that its transfer agent provide this information is a service that is likely included in Priceline's regular fee for its transfer agent's services. Plaintiffs believe that this is an instance where the Defendant is able to perform the task with less expense than Plaintiffs. *See, Oppenheimer*, 437 U.S. at 360.

Furthermore, identifying shareholders of record is a task that a publicly held company must undertake in its ordinary course of business. For example, a publicly held company typically notifies its shareholders of the date, time and location of its annual meeting. In completing this task, publicly held companies often conduct a mailing to shareholders of record. As identifying shareholders of record is incidental to the business of Priceline, the costs, if any, of complying with the search is best borne by Defendants.

Finally, in light of the above considerations, Plaintiffs believe that the cost for Defendants to obtain records reflecting all individuals and organizations that purchased or otherwise acquired securities of Priceline during the class period is likely to be "so insubstantial as to not warrant the effort required to calculate it and shift it to the representative plaintiff." *Oppenheimer*, 437 U.S. at 360. Defendants have not provided any estimate of the cost, but do recognize that there may in fact be no costs incurred by their transfer agent. Def. Response at p. 3 (stating "plaintiffs are obligated to pay the costs, ***if any***, associated with [their] transfer agents efforts." )(emphasis added). As Defendants are in the position to estimate and/or identify any costs associated with this task, Plaintiffs respectfully request that, if the Court does consider

3

having Plaintiffs bear the costs, it require Defendants to provide an estimate of such costs prior to a final determination, so as to allow an informed determination as to the reasonableness of such charges.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the proposed notice and summary notice attached hereto and the proposed means for providing notice of class certification as described in Plaintiffs' Plaintiffs' Motion for Order Approving Proposed Notice of Class Certification and modified herein.

Dated: June 5, 2006							Respectfully submitted,

SCOTT + SCOTT, LLC

/s/ David R. Scott
David R. Scott (ct16080)
Geoffrey M. Johnson
Erin Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Peter J. McDougall
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 862-0060

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th St.

        New York, NY 10017
        Telephone: (212) 687-7230
        Facsimile:  (212) 490-2022

        **Co-Lead Counsel**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 5, 2006, a true copy of the foregoing was filed with the Court and served on all counsel of record through the Court's electronic case filing service.

                                              /s/ Peter McDougall