IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com<br>Securities Litigation<br>------------------------------------------------------------<br>This document relates to:<br><br>ALL PENDING ACTIONS | Master File No.<br>3:00cv1884 (DJS)<br><br><br><br><br>June 5, 2006 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR<br>CROSS-MOTION FOR PROTECTIVE ORDER**

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*

Defendants priceline.com Inc. ("priceline"), N. J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively, "Defendants") respectfully submit this Reply Memorandum of Law in support of their Cross-Motion for a Protective Order barring plaintiffs' harassing discovery motions.

## Argument

In Defendants' Memorandum in Support of their Cross-Motion for a Protective Order ("Opening Brief"), we demonstrated why, in light of plaintiffs' (i) failure to meet and confer in good faith, and (ii) subsequent filing of an unduly burdensome motion (one that seeks compelled production of 986 documents from Defendants' privilege log, but that only specifically addresses eight of those documents in the supporting memorandum), the Court should issue a protective order designed to prevent similar harassment in the future.  (See Opening Brief at 8-12 and the Proposed Order attached thereto.)

In plaintiffs' Opposition to Defendants' Cross-Motion for Protective Order ("Opposition"), plaintiffs misrepresent Defendants' positions and fail to address the two main arguments in support of our proposed protective order.  Namely:

1. plaintiffs fail to explain -- or even address -- their steadfast refusal to identify the specific documents in dispute prior to listing those documents for the first time in their Fourth Motion to Compel; and

2. plaintiffs ignore the burden imposed on both Defendants and the Court should plaintiffs be permitted to (i) present the Court with a list of almost 1000 disputed documents without individually addressing the documents or identifying what particular issues are in dispute, and (ii) then expect that Defendants and the Court, respectively, "address [and ultimately rule upon] each document at issue".  (Mem. of Law in Support of Pls.' Fourth Motion at 4 ("Pls.' Mem.") (quotation and citation omitted).)

      **A.**     **Plaintiffs Failed to Meet and Confer in Good Faith by Refusing to Identify the Documents in Dispute.**

As plaintiffs quote in their Opposition, during the meet and confer process a requesting party is required to explain what the "party is actually seeking" and "what specific genuine issues" are in dispute. (Opposition at 3, citing Messier v. Southbury Training School, No. 3:94-CV-1706, 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (motion to compel deposition testimony) and Deckon v. Chidebere, No. 93Civ7845, 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994) (motion to compel documents).) In fact -- as the Deckon case makes clear -- prior to filing any motion to compel documents the moving party should have conferred about the "specific documents" in dispute. Deckon at *2-3.

Plaintiffs' contention that they "have fully participated in the meet and confer process . . . and have gone well beyond what is required" (Opposition at 2) is plainly false. Plaintiffs' clear record of participation in the meet and confer process fails under the very standard plaintiffs cite. For example, during the meet and confer process:

- Plaintiffs failed to identify a single specific document with which they then took issue in their fourth motion to compel. (Opening Brief at 9; Declaration of William J. Kelleher, III, dated April 27, 2006, ¶11 ("Kelleher Decl.").)

- Plaintiffs expressed only generic concerns with categories of documents -- concerns which were non-specific and disconnected from the log itself. (Opening Brief at 9; Kelleher Decl. ¶8)

- Plaintiffs repeatedly rejected Defendants' requests that plaintiffs articulate their concerns and identify how those concerns are allegedly applicable to specific documents. (Id.)

- Plaintiffs rejected Defendants' explicit offer that "if [plaintiffs] identify specific documents on our log that [they] have a good faith basis for believing are not privileged, then we [will] take another look at those documents and discuss them with [plaintiffs] further". (Opening Brief at 9; Kelleher Decl. ¶10.)

- Plaintiffs admit that they failed even to try to meet and confer with respect to any document challenged from privilege log volume 9. (Pls.' Mem. at 2 n.1.)

Faced with this indisputable record, plaintiffs now attempt to reconcile their conduct with the meet and confer requirement for document disputes articulated in <u>Deckon</u> by contending that they identified "specific areas" in which Defendants' designations of privilege are allegedly improper. (Opposition at 3 (emphasis added).) <u>Deckon</u>, however, required that the moving party identify "specific <u>documents</u>" on an "item by item" basis. <u>Deckon</u> at *2-3. Plaintiffs, by their own admission, only communicated broad, generic "areas" of challenges to the privilege log during the meet and confer (Opposition at n.1) -- not once did they discuss the application of any such general challenge to a specific document.

Plaintiffs then claim that Defendants' position with respect to plaintiffs' failure to identify disputed documents during meet and confer is merely an attempt "to shift [Defendants'] burden to Plaintiffs, forcing Plaintiffs to demonstrate that documents for which Defendants claim protection are **not** privileged, thus turning on its head the well founded standard that the party asserting privilege bears the burden of support". (Opposition at 4 (emphasis in original).) In support of that claim, plaintiffs cite to page 13 of Defendants' Opening Brief. Page 13, however, merely contains the parameters of our Proposed Order; and the only "burden" the Proposed Order seeks to "impose" is that plaintiffs should be ordered to identify the specific documents in dispute <u>prior</u> to filing motions to compel so that Defendants may review those particular documents and the parties may meet and confer on an informed basis. The Federal and Local Rules, as well as the very precedent cited by plaintiffs, consider this identification a <u>requirement</u> -- not a burden.

There should be no confusion on the part of the plaintiffs: Defendants have always been, and remain, willing to review and, if appropriate, reconsider particular privilege calls -- but we cannot properly do so unless and until we are told by plaintiffs which specific documents they take issue with. (Kelleher Decl. ¶12.) As we stated in our Opening Brief, now that Defendants finally have been given a list of some 986 documents in the Fourth Motion, Defendants are in the process of -- even though it is our position that the list is not narrowly tailored -- reviewing each of those documents and we will produce those that may appropriately be removed from the log.

Such progress is meant to occur during meet and confer, not by motion. Had plaintiffs participated in good faith in the meet and confer, the disputes might have been resolved -- or at least substantially narrowed -- long before either party would have considered disturbing the Court.

### B. The Number of Documents Moved Against Without Discussion Is Unduly Burdensome.

Plaintiffs allege that Defendants have failed "to provide any explanation as to the burden" imposed by plaintiffs' Fourth Motion. (Opposition at 4.) That allegation is made in total disregard of Defendants' Opening Brief, which discusses, in detail, (i) the procedure that governs privilege log disputes and (ii) the burden imposed by that procedure in the context of plaintiffs' Fourth Motion. (Opening Brief at 10-13.)

There can be no reasonable dispute: the amount of information contained in Defendants' privilege log exceeds what the Federal and Local Rules require[1] and fully

---

[1] Defendants' log contains, at minimum, all of the information required by law, including: the type of document, its general subject matter, its date, its author, each recipient and the privilege asserted. See Mem. of Decision and Order, dated December 8, 2005 ("December 8th Order") at 3 ("[D]efendants' privilege log meets the technical

-4-

complies with the Court's December 8th Order[2]. Therefore, when faced with a challenge to a particular privilege log entry, Defendants are entitled to an opportunity to supplement the challenged entry with subsequent "affidavits or equivalent statements that address each document at issue". Bowne v. AmBase Corp., 150 F.R.D. 465, 473-4 (S.D.N.Y. 1993); see also Pls.' Mem. at 4. Such "affidavits or equivalent statements", however, need only establish the specific "challenged elements of the applicable privilege or protection" for each document. A.I.A. Holdings, 2002 WL 31385824, at *6. This explicit limitation on the scope of any "affidavits or equivalent statements" is meant to relieve the "Court and the parties from [the burden of] having to address any elements of a privilege or protection that are not in dispute". Id. Proper application of this procedure to the current dispute illustrates the clear burden imposed by plaintiffs' motion.

Plaintiffs' Fourth Motion seeks compelled production of 986 documents, but their memorandum in support of that motion only discusses eight documents with any specificity. Plaintiffs represent, however, that Defendants must substantiate their privilege designations with evidentiary showings on a 986 document-by-document basis. (Pls.' Mem. at 4.)[3]

---

requirements of Rule 37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut"); see also Fed. R. Civ. P. 37(a)(2)(A) and A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., No. 97 CIV 4978, 2002 WL 31385824, at *3 (S.D.N.Y. Oct. 21, 2002).

[2] Although facially compliant with the Local Rules, the Court instructed Defendants to supplement their log to provide plaintiffs with additional information related to each claim of privilege. (December 8th Order at 3.) On February 17, 2006, Defendants presented plaintiffs with revised privilege log volumes 1 and 2 in response to the December 8th Order. (Kelleher Decl. ¶3.) Those revised volumes contain additional information sufficient to support further each claim of privilege on volumes 1 and 2.

[3] With respect to the eight discrete documents that plaintiffs do discuss in any detail, Defendants reviewed the documents and are prepared to reconsider the initial privileged designation of six of them. (See Section II of Opening Brief.) As for the remaining two entries, not only are they clearly privileged on their face, but Defendants also provided

<u>First</u>, Defendants cannot possibly be expected to discuss individually 986 documents in a single page-limited brief, let alone supply hundreds of affidavits or equivalent statements in support of our positions. And the Court should certainly not have to wade through such submissions to analyze the affidavits and statements in order to rule separately and issue opinions on all 986 documents.

<u>Second</u>, this burden is merely exacerbated by plaintiffs' failure to discuss the purported application of each blanket objection to each specific document. Defendants and the Court are left to guess at the applicability and nature of the objections with respect to each document. Such guesswork would directly contravene the principal that affidavits or equivalent statements offered in response to motions to compel should <u>only</u> address the specific challenged elements of privilege so as to "save[] the Court and the parties" from wasting time and resources. <u>A.I.A. Holdings</u>, 2002 WL 31385824, at *6.

Plaintiffs cannot be allowed to raise blanket objections to almost 1000 documents and then expect Defendants and the Court to do their work document-by-document.

### C. **A Protective Order Is Appropriate.**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, this Court may enter an order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c).

---

substantial additional detail in our Opening Brief that further demonstrates the privilege. (<u>Id.</u> at 18 and 20-21.)

In light of plaintiffs' (i) failure to meet and confer in good faith and (ii) subsequent filing of an unduly burdensome motion, a protective order should be issued, which requires that:

a. If plaintiffs challenge the appropriateness of any document designation on Defendants' privilege log, plaintiffs must first meet and confer with Defendants in good faith.  During such meet and confer, plaintiffs must (i) identify the specific documents at issue, and (ii) communicate their specific dispute with respect to each such document.  Only after this meet and confer fails to resolve the dispute(s) may plaintiffs file a motion to compel.

b. Should plaintiffs file a motion to compel after complying with the above-listed requirements, plaintiffs must outline their specific concerns with respect to each challenged document.  Defendants will not be required to respond to blanket objections covering purported categories of documents.  (See Proposed Order filed in conjunction with the Opening Brief.)

Without such a protective order plaintiffs will continue to utilize motion practice as a device to harass, unduly burden and impose unnecessary costs on Defendants.[4]

---

[4] In the alternative, as Defendants explain in their Opening Brief, if the Court feels there are, in fact, genuine disputes with Defendants' log descriptions, Defendants respectfully request that the Court impose a procedure by which each outstanding document dispute can be resolved as efficiently and quickly as possible.  For example, the Court may want to appoint a Special Master to conduct a review of the documents and/or log volumes to resolve remaining disputes after Defendants review the newly identified documents and produce those that may appropriately be removed from the log.  Thereafter, the Special Master could determine which, if any, privilege designations require additional evidentiary support.

## Conclusion

For the reasons stated above and in our Opening Brief, Defendants respectfully request that this Court issue a protective order designed to prevent future unnecessary and unduly burdensome motions.

June 5, 2006

                DEFENDANTS PRICELINE.COM INC.,
                N.J. NICHOLAS, DANIEL SCHULMAN AND
                RICHARD S. BRADDOCK

_____
Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
dslifkin@cravath.com

## **CERTIFICATION**

I hereby certify that the foregoing was filed with the Court and served on all counsel of record listed below via first class mail on this 5th day of June, 2006:

| **Co-Lead Counsel** | **Liaison Counsel** |
|---|---|
| David R. Scott, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Justin  S. Kudler, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.**<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  212-474-1000<br>Fax:  212-474-3700 | **Attorneys for Defendant Jay S. Walker**<br><br>Thomas D. Goldberg, Esq. (ct04386)<br>Terence J. Gallagher, Esq. (ct22415)<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel:  203-977-7300<br>Fax:  203-977-7301<br><br>Jeanne E. Irving, Esq.<br>Hennigan, Bennett & Dorman LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone:  213-694-1200<br>Fax:  213-694-1234 |
|---|---|

_____
William J. Kelleher, III