UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | : MASTER FILE NO.<br>: 3:00-CV-01884 (CFD)<br>:<br>: |
| This document relates to: | :<br>: |
| ALL ACTIONS | : May 10, 2006 |

**DEFENDANT JAY S. WALKER'S MAY 10, 2006 STATUS REPORT
REGARDING THE PRODUCTION OF ELECTRONIC DISCOVERY**

Mr. Walker recently retained new counsel, Hennigan, Bennett & Dorman LLP and Day, Berry & Howard LLP, to represent him in this matter. To effectuate this change in counsel, Thomas D. Goldberg and Terence Gallagher of Day, Berry & Howard LLP filed notices of appearance for Mr. Walker on April 27, 2006. On April 28, 2006, Paul, Hastings, Janofsky & Walker LLP filed a motion to withdraw as counsel of record in this matter, which motion was granted on May 1, 2006. On May 4, 2006, a motion was filed to admit several Hennigan, Bennett & Dorman attorneys as visiting attorneys in this action. This status report is based on the knowledge of Mr. Walker's current counsel and information provided by his former counsel at Paul, Hastings, Janofsky & Walker LLP.

Since the filing of Mr. Walker's April 10, 2006 status report, Mr. Walker's counsel has provided Plaintiffs' counsel with a substantial amount of information regarding the electronic data on the 181 back-up tapes referred to in prior status reports. In addition, over the past month, Mr. Walker's counsel has had several conversations with Plaintiffs' counsel regarding the back-up tapes and a number of exchanges of correspondence on this subject, and expects to continue with that dialogue.

On April 13, 2006, Mr. Walker's counsel provided to Plaintiffs' counsel catalogs for 61 back-up tapes, and on April 27, 2006, Mr. Walker's counsel provided Plaintiffs' counsel with catalogs for an additional 74 back-up tapes.

Further, at the time of the filing of the last status report, Mr. Walker's vendor was in the process of trying to restore 10 of the back-up tapes to native-file format and to create catalogs for those tapes.[1] The vendor succeeded in restoring and creating catalogs for 8 of those back-up tapes, and those catalogs were provided to the Plaintiffs on May 8, 2006. In sum, catalogs for 143 back-up tapes have been provided to the Plaintiffs since the filing of the last status report.

As a result of receiving these 143 catalogs as well as additional catalogs delivered before the filing of the last status report, Plaintiffs' counsel are now in possession of all the catalogs that Mr. Walker's vendor has been able to generate from the 181 back-up tapes.[2] Additionally, Mr. Walker's vendor has successfully restored a total of 29 back-up tapes.[3]

---

[1] As with the 6 tapes restored in February, 2006, counsel for Plaintiffs agreed to share equally in the costs of restoring and cataloging these 10 tapes. Counsel for Mr. Walker has made it clear, however, that Mr. Walker's agreement to pay half the cost to restore these 10 tapes to native-file format and produce the catalogs for these tapes does *not* constitute an agreement to *produce* these tapes to Plaintiffs in native-file format or in any other format.

[2] Counsel for Plaintiffs have agreed to share equally in the costs of creating catalogs for all but the first 16 restored back-up tapes. Counsel for Mr. Walker has made it clear, however, that Mr. Walker's agreement to pay half the cost for creating such catalogs does *not* constitute an agreement to *produce* any data from these tapes to Plaintiffs.

[3] Mr. Walker's vendor has attempted to restore a total of 34 back-up tapes. In the first round of restorations that took place in 2005, Mr. Walker's vendor attempted to restore a total of eighteen (18) back-up tapes but was unable to restore two of those tapes. In February of this year, Mr. Walker's vendor attempted to restore 6 back-up tapes but was unable to restore one of those tapes. And, in the most recent round of restorations, Mr. Walker's vendor attempted to restore ten (10) back-up tapes but was unable to restore two of those tapes.

The catalogs were created and provided to Plaintiffs' counsel in the expectation that they could be used in evaluating whether a particular back-up tape, or part of a back-up tape, is likely to contain any information that would have any relevance to this litigation. As reflected in Mr. Walker's February 10, 2006 Status Report, Mr. Walker's counsel and Plaintiffs' counsel discussed at the outset of 2006 the process by which Plaintiffs' counsel could identify parts of the tapes that Plaintiffs' counsel believe warrant further review, in order to reduce the amount of data that will be "staged" or filtered based on key words to be agreed upon, if the parties should decide to take that step. Reducing the amount of data to be staged could reduce the costs associated with the staging significantly.

Plaintiffs' counsel has informed Mr. Walker's counsel that they have been reviewing and continue to review the catalogs of the back-up tapes in an effort to identify files on the back-up tapes that they will request to be further reviewed. On April 27, 2006, Plaintiffs' counsel advised Mr. Walker's counsel that Plaintiffs' counsel could provide Mr. Walker's counsel with the identified parts of six catalogs that Mr. Walker's counsel provided to Plaintiffs' counsel on March 10, 2006, for which parts Plaintiffs' counsel seeks further review. Plaintiffs' counsel has not yet provided the identified portions of those catalogs.

Once Plaintiffs' counsel provides Mr. Walker's counsel with the identification of files on the catalogs that Plaintiffs' counsel believe warrant further review, then Mr. Walker's counsel will use that information to assess such critical factors as the volume and nature of the data that Plaintiffs seek to have further reviewed from the back-up tapes. Assessment of these factors will enable Mr. Walker's counsel to then make informed decisions regarding the technology that will

be required and the methodology to be employed in connection with any review and production of electronic data from these back-up tapes.

                DEFENDANT, JAY S. WALKER

By:     /s/ Terence J. Gallagher
       Thomas D. Goldberg (ct04386)
       Terence J. Gallagher (ct22415)
       Day, Berry & Howard LLP
       One Canterbury Green
       Stamford, Connecticut 06901
       (203) 977-7300 – Telephone
       (203) 977-7301 – Facsimile
       tdgoldberg@dbh.com – E-mail

                - and –

J. Michael Hennigan (pro hac vice pending)
Shawna L. Ballard (pro hac vice pending)
Jeanne E. Irving (pro hac vice pending)
Hennigan, Bennett & Dorman LLP
865 South Figuera St., Suite 2900
Los Angeles, CA 90017

His Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2006, a copy of defendant Jay S. Walker's Status Report regarding the production of electronic discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                   /s/ Terence J. Gallagher
                                                  Terence J. Gallagher