# EXHIBIT C



February 17, 2006

VIA FACSIMILE AND
REGULAR MAIL

James G. Hein, Jr.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-3700

Carl W. Mullis, III
Paul Hastings Janofsky & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308
(203) 359-3031

William J. Kelleher, III
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904
(203) 462-7599

Re:   In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)

Dear Jim, Bill and Carl:

Having reviewed the vast majority of the documents you have produced to date, Plaintiffs believe additional responsive documents exist that have not been produced. For instance, it is clear from our review that there are numerous financial and operational reports that both Priceline and Webhouse maintained and updated on an ongoing basis that have not been produced. These materials are unquestionably discoverable and highly relevant to the allegations at issue in this litigation. Moreover, these requested documents squarely fall within the purview and scope of Plaintiffs' previously served document requests. Please review and produce the following documents:

1. All notes, minutes, agendas and presentations for all "intercompany charge review" or similar meetings referenced in PCLN 0178356-57;

2. All "Adaptive Marketing Daily Performance Reports," as referenced in PCLN 0176726-27;

James G. Hein, Jr.
William J. Kelleher, III
Carl W. Mullis, III
February 17, 2006
Page 2

    3. All documents concerning the "mandatory" or similar meetings referenced in PCLN 0176736-37, including but not limited to all notes, minutes, agendas and presentations;

    4. All documents concerning the "taking over" and "restabilization of the infrastructure" by Priceline referenced in PCLN 0178495-505;

    5. All documents, including agendas, minutes, notes and presentations of all "Shared Services or similar Meetings," referenced in PCLN 204234-235;

    6. All "Daily Airline Flash Reports" as referenced in PCLN 0203872-3, as well as all documents that concern the technical glitch/event discussed therein that "cost [Priceline] at least one million in revenue and tens of thousands in unforecasted expenses.....";

    7. All "Priceline Website Traffic" or similar reports, referenced in PCLN 0182329-339;

    8. All documents concerning the "PCLN Capital Approval Process" referenced in PCLN 0181275-76; including but not limited to all notes, agendas, minutes and presentations for all related meetings;

    9. All documents concerning the "Wind Down Issues List" referenced in PCLN 0191884-888 including but not limited to the distribution list for this document and all notes, agendas, minutes and presentations for all such or similar meetings;

    10. All iterations of the "Operational Autonomy Plan," referenced in PCLN 0200755-758, and all documents concerning all meetings referenced in this email, including but not limited to all meeting notes, minutes, agendas and presentations;

    11. All documents concerning "Rationale for Licensed Affiliate Structure," referenced in PCLN 0175145-147 including but not limited to all iterations, distribution lists and all related meeting minutes, notes, agendas and presentations;

    12. All revenue projection or similar sheets for WHC referenced in PCLN 400512-526;

    13. All "Partner Revenue Write Offs" or similar reports, as referenced in PCLN 400315-322;

    14. All iterations of the reports enumerated in PCLN 399981-984;

    15. All "Priceline.com Inc. Weekly Update" or similar reports as referenced in PCLN 000091204- 91335;

James G. Hein, Jr.
William J. Kelleher, III
Carl W. Mullis, III
February 17, 2006
Page 3

16. All iterations of the "Priceline Webhouse Club, Inc.-Webhouse Summary Statistics" or similar daily summary reports, referenced in JWALK 00320098-103;

17. A distribution list for the document entitled "Priceline/Webhouse Club Shared Costs Discussion" referenced in JWALK 00155611-616, as well as the referenced exhibits and any minutes, notes and agendas and communications concerning this meeting;

18. All iterations of "Proposed Structure of Priceline Web House Club, Inc.," referenced in JWALK 00283234-240, and all documents concerning this report, including but not limited to the distribution list and all notes, agendas, minutes and presentations for all meetings concerning the subject of this document;

19. All documents concerning the "Webhouse Club-Wind Down" referenced in PCLN 0084724-33, including but not limited to all distribution lists for this document as well as all meeting minutes, emails, agendas, notes and presentations concerning the subject of this document;

20. A distribution list for PCLN 00087631, and the binder referenced in this document and all documents concerning "the Retailers [having] expressed concern over their declining sales;"

21. All WHC or weekly similar reports as referenced in PCLN 400512-526;

22. All documents concerning the altering of accounting terminology "in order to avoid having to disclose large balance sheets amounts due from related parties" as referenced in PCLN 368758-760;

23. The attachment to PCLN 391-851-852;

24. All documents concerning PCLN's computer problems referenced in PCLN 444882-884;

25. All documents concerning the subject matter of PCLN 521258-67; entitled, "Webhouse Gasoline Project-Architecture Systems Review and Analysis;"

26. All documents concerning the subject matter of PCLN 414004-007;

27. All documents concerning the layoffs of personnel, as referenced in PCLN 414897-898; and

28. All documents concerning the subject matter of PCLN414878.

James G. Hein, Jr.
William J. Kelleher, III
Carl W. Mullis, III
February 17, 2006
Page 4

 

    Your prompt attention to these matters is appreciated. We hope that we can resolve these issues without having to involve the Court. We are, however, prepared to bring these issues to the Court's attention, if necessary. We also reserve our right to send you additional letters highlighting deficiencies in the production.

                                           Sincerely yours,
                                           SCOTT+SCOTT, LLC

                                           Erin Green Comite

EGC:lla

cc:    David R. Scott (via facsimile 860-537-4432)
       Jacob B. Perkinson (via facsimile (802) 862-0060)
       Geoffrey M. Johnson (via facsimile 440-247-8275)
       Peter J. McDougall (via facsimile (803) 862-0060)

# EXHIBIT D

## Geoff Johnson

**From:** Mullis, Carl W. [carlmullis@paulhastings.com]
**Sent:** Wednesday, April 12, 2006 8:05 PM
**To:** Geoff Johnson
**Cc:** Peter McDougall; Maines, J. Allen
**Subject:** RE: WebHouse Backup Tape Conferece Call

Geoff, New counsel is being substituted for Paul Hastings to represent Mr. Walker in this litigation. This new counsel will need to conduct this conference call with you. Carl

-----Original Message-----
**From:** Geoff Johnson [mailto:gjohnson@scott-scott.com]
**Sent:** Wednesday, April 12, 2006 3:00 PM
**To:** Mullis, Carl W.
**Cc:** Peter McDougall
**Subject:** WebHouse Backup Tape Conferece Call

Carl,

We are available next Monday or Tuesday for a call to discuss how the parties are going to facilitate the production of documents and files from the WebHouse backup tapes. Please let me know when you and your computer technology people are available for a call. We'd like to get this issue resolved as soon as possible or, if necessary, bring the issue to the attention of the Court.

Thanks,

Geoffrey M. Johnson
Scott + Scott, LLC
33 River Street
Chagrin Falls, OH 44022
Phone: (440) 247-8200
Fax: (440) 247-8275
gjohnson@scott-scott.com

****************************************************************

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
****************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# **EXHIBIT E**

JOHNSON & PERKINSON
ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE*

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. McDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

January 16, 2006

<u>VIA FACSIMILE & U.S. MAIL</u>
Carl Mullis, III, Esq.
Summer Joseph, Esq.
Paul Hastings Janofsky & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

Re:   *In re Priceline.com Securities Litig.*, Case No. 3:00cv1884 (DJS)

Dear Carl and Summer:

Thank you for producing the catalog of the files on the 16 back-up tapes you have restored and the index showing that Bates range of each tape catalog produced.

During our discussion on Tuesday, January 3, 2006 you asked if we would be willing to split either the cost of cataloging, or restoring to their native format, the 8 back-up tapes you previously determined were likely to contain responsive information. I have discussed this with co-counsel and we are willing to split the cost of restoring the 8 tapes to their native format. I suggest that we have a conference call in the near future to discuss whether we are in agreement on restoring these 8 tapes to their native format, splitting the cost associated with the restoration, precisely which tapes will be restored and the vendor to be used to restore them. Please let me know if there is a time this week that you are available to discuss these issues.

Sincerely,

Peter J. McDougall

cc:   David R. Scott, Esq.
      Geoffrey M. Johnson, Esq.
      Erin G. Comite, Esq.
      Jacob B. Perkinson, Esq.

# EXHIBIT F

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

February 3, 2006

**_VIA FACSIMILE & U.S. MAIL_**
Carl Mullis, III, Esq.
Paul Hastings Janofsky & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

Re:   *In re: Priceline.com Securities Litig.*, Case No. 3:00cv1884 (DJS)

Dear Carl:

I write regarding the 181 back-up tapes in Defendant Walker's possession and to follow-up to our telephone call on Wednesday, February 1, 2006 regarding the same.

As we discussed during our call, we have agreed to split the costs associated with restoring to their native format the six back-up tapes from group 5 and group 15 on the sample survey of back-up tapes produced to Plaintiffs on April 29, 2005. These are two groups you determined were likely to contain e-mail files. Once the back-up tapes are restored to their native file format, you agreed to produce a catalog of the contents of those tapes. Plaintiffs will produce a list of persons whose e-mail files we would like searched.

During the call we also discussed restoring nine additional back-up tapes from group 4 and group 6 which you determined were likely to contain responsive materials. Plaintiffs agree to pay one-half the cost of restoring these nine tapes to their native format. Once these tapes are restored to their native file format, Plaintiffs propose that you produce a catalog of the contents of the tapes. Plaintiffs will provide suggested terms to search the restored tapes for responsive materials. Please let me know if Defendant Walker agrees to this arrangement.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

Carl Mullis, III, Esq.
February 3, 2006
Page 2

     Finally, with regard to the remaining 150 back-up tapes,[1] Plaintiffs propose the most appropriate way to determine if these tapes contain responsive materials and should be restored to their native file format is to obtain a catalog of the contents of these tapes. I believe Michael Farley stated on a previous call that the cost of cataloging a back-up tape is approximately $100-$125 per tape. Based on these estimates, Plaintiffs are willing to pay half the cost of cataloging the remaining 150 tapes. Once these tapes are catalogued, we can discuss whether any of these additional tapes are likely to contain responsive materials and should be restored to their native file format.

     We believe this approach is the most cost effective and least burdensome means to address the back-up tapes issue and is precisely the kind of approach the Court directed the parties to undertake in the December 8, 2005 Order. If we can not reach agreement on the back-up tapes by the close of business on February 17, 2006, Plaintiffs, in following the Court's directives in the December 8, 2005 Order, intend to seek resolution of this issue through motion practice.

Sincerely,

*Peter M'Dougall*

Peter J. McDougall

cc:    Summer Joseph, Esq.
        David R. Scott, Esq.
        Geoffrey M. Johnson, Esq.
        Erin G. Comite, Esq.
        Jacob B. Perkinson, Esq.

---

[1] Plaintiffs' understand that, in addition to the 6 tapes we discussed in the call on Wednesday, February 1, 2006, and the 9 tapes from groups 4 and 6, 16 tapes have already been restored to their native file format, leaving 150 tapes remaining.

# EXHIBIT G

# JOHNSON & PERKINSON
### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC

JACOB B. PERKINSON
ALSO ADMITTED TO ME

INACTIVE

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

March 3, 2006

*VIA FACSIMILE & U.S. MAIL*
Carl Mullis, III, Esq.
Paul Hastings Janofsky & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

Re:  *In re: Priceline.com Securities Litig.*, Case No. 3:00cv1884 (DJS)

Dear Carl:

I write to follow-up on my letter to you dated February 3, 2006 and our conversations regarding the back-up tapes.

In the February 3rd letter, we proposed that Plaintiffs and Defendant Walker split the cost of restoring nine additional back-up tapes and that we also split the cost of cataloging the remaining 150 tapes in Defendant Walker's possession. We asked that you let us know by February 17 if you agreed to this approach, however on February 14th we agreed to provide you with additional time to consult with your client regarding our proposal. A month has passed since we first made our proposal; please let us know whether or not you will agree to this approach.

Additionally, as you are aware, we previously agreed to pay half the cost of restoring the six back-up tapes from group 5 and group 15 to their native format. Please let us know the status of the restoration and when we can expect to receive the catalogs from these tapes.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

Carl Mullis, III, Esq.
March 3, 2006
Page 2

Please feel free to contact me should you have any questions.

Sincerely,

*Peter McDougall*

Peter J. McDougall

cc: Summer Joseph, Esq.
David R. Scott, Esq.
Geoffrey M. Johnson, Esq.
Erin G. Comite, Esq.
Jacob B. Perkinson, Esq.

# EXHIBIT H



April 13, 2006

<u>Via Facsimile and U.S. Mail</u>

Carl W. Mullis, III
Paul Hastings Janofsy & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

    Re:    <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Carl:

    I have received the email that you sent late last night indicating that Defendant Jay Walker has decided to retain new counsel to handle this case. I am sorry to hear that you will no longer be working on the case. This is the second time that Defendant Walker has decided to change counsel and we expect that Walker's decision will in no way affect the commitments that you have already made on his behalf -- particularly in so far as they related to the WebHouse backup tapes.

    As you know, we have spent considerable time and effort discussing the 181 WebHouse backup tapes in Defendant Walker's possession. To date, you have restored 6 of the tapes to their native format and have provided us with indexes for those 6 tapes. The parties have agreed to split the costs to restore these 6 tapes to their native format. You have also committed to restoring 9 other tapes that we have designated as high-priority and have agreed to provide us with indexes for those 9 tapes. The parties have agreed to split the costs to restore these additional 9 tapes to their native format. Finally, you have committed to provide us with indexes for the remaining 150 backup tapes. Please let us know when we can expect to receive the indexes from the additional 9 high-priority tapes and the remaining 150 backup tapes. When we spoke on Tuesday, you stated that you had 50-60 of the indexes ready to go and we should receive those within the next few days.

    The parties were also in the final stages of discussing how we were going to facilitate the production of responsive materials contained on the 15 high-priority backup tapes that have already been restored to their native format. You had agreed to hold a call where our technology people could talk directly to one another about the production issue. That call was supposed to happen this past Tuesday. However, your technology person was not on Tuesday's call. We were in the process of rescheduling that call when Defendant Walker decided to retain new counsel. We are very close to finalizing the backup tape issues and would like to have the call with your technology person. We see no reason to go back to square one on these issues given the considerable progress we have made towards facilitating the production of the responsive

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
   OHIO    53 RIVER STREET    440 247-8275 FAX
   CALIFORNIA    CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
     WWW.SCOTT-SCOTT.COM



Carl W. Mullis, III
April 13, 2006
Page 2

emails and documents on the WebHouse backup tapes. We expect to hold this call with Walker's new counsel and his technology person no later than the end of next week.

Finally, Plaintiffs have recently raised several important issues relating to Jay Walker's personal financial information. Please forward our correspondence on those issues to new counsel. We expect to hear back from them on those issues by the end of next week. If Defendant Walker has not yet retained new counsel, we expect you to handle these issues.

Sincerely yours,

Geoffrey M. Johnson

cc: David R. Scott (via fax)
Arthur Shingler III (via fax)
Jacob B. Perkinson (via fax)
Peter J. McDougall (via fax)
Donald A. Broggi (via fax)
Denise V. Zamore (via fax)
Erin G. Comite (via fax)
Stacey K. Porter (via fax)