UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | : MASTER FILE NO.<br>: 3:00-CV-01884 (AVC)<br>: |
| This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>: JULY 10, 2006 |

### DEFENDANT JAY S. WALKER'S JULY 10, 2006 STATUS REPORT REGARDING THE PRODUCTION OF ELECTRONIC INFORMATION

Defendant Jay S. Walker ("Walker") submits this Status Report on the Production of Electronic Information pursuant to the December 8, 2005 directive of the Court that the defendants file a monthly status report on the production of electronic information.

As reflected in Mr. Walker's last status report, there are 181 back-up tapes, at least 73% of which are from 1999. The volume of electronic data contained on the back-up tapes is enormous, and the types of files are varied, with email being just one example.

In this regard, Mr. Walker's counsel presently estimates that the email files alone, which are contained on just a handful of the tapes, exceed 200 gigabytes or 20,019,800 pages. Considering that Mr. Walker's electronic discovery vendor will charge $900 per gigabyte for uploading and staging documents that are subject to filtering or de-duping, and $3,000 per gigabyte for allowing review of the resulting population of filtered and de-duped data, it would cost hundreds of thousands of dollars in estimated vendor charges to stage, filter and upload that volume of email for review. However, that cost is completely dwarfed by the cost of the professional time needed to review the documents. If we were to assume that a lawyer who billed out at an average rate of $237.50/hour could perform all the necessary review functions at

1

a rate of one page per minute (i.e., 60 pages per hour), the professional fees for reviewing such a large volume of emails would exceed $79 million – a cost that is unconscionably burdensome.

In light of this staggering statistic, we have devoted considerable time and effort to determining how best to utilize electronic tools to cull from these tapes that information – if any – that might have some significance to this case.

As reflected in our prior status report, we have attempted to have a dialogue with plaintiffs about the most efficient and cost-effective approach for attaining this goal. For example, plaintiffs' counsel had previously requested that, <u>as a first step</u>, we begin the email review by reviewing "email-by-email" the email files for 121 individuals for responsiveness and privilege. However, Mr. Walker's counsel currently estimates the population of the email files of the individuals identified by plaintiffs to exceed 23 gigabytes, or 2,330,496 pages. Based on the same review rate and billing rate assumptions referenced above, it would likely cost in excess of $9 million of attorney review time to perform an email-by-email review of an email population of that size, in addition to requiring the expenditure of significant amount of money to stage, filter and upload the material for review. Thus, as noted in Mr. Walker's last status report, even limiting review to the email files of the individuals identified on plaintiffs' list leaves an email population size so burdensome as to be unreasonable in light of the circumstances.

Due to the undue burden that would be imposed by the email-by-email review of the email files for the 121 persons identified by plaintiffs, in a letter dated May 12, 2006, Mr. Walker's counsel suggested to plaintiffs' counsel that the most efficient and cost-effective approach to culling from this email population relevant material is: (1) to identify a reasonable list of identified individuals whose emails would be committed to review; (2) to run a reasonable list of date and search terms against the email of those identified individuals. In that letter Mr. Walker's counsel provided the plaintiffs with details regarding the significant staging, filtering and uploading costs associated with the broad email review proposed by plaintiffs. Plaintiffs' counsel never responded to this May 12, 2006 letter.

As for the large volume of remaining data on the electronic tapes, on April 27, 2006, plaintiffs' counsel requested and, at considerable time, effort and cost, Mr. Walker's counsel provided, catalogs of all the back-up tapes for which Mr. Walker's electronic discovery vendor has been able to create catalogs. The purpose of engaging in this effort was to allow plaintiffs' counsel to identify those files that they would seek to be uploaded and reviewed. On April 27, 2006, plaintiffs' counsel informed Mr. Walker's counsel that they would identify provide Mr. Walker's counsel with an identification of such files based on the catalogs. However, plaintiffs' counsel has never done so.

Instead, on July 7, 2006, plaintiffs filed a motion to compel production from 17 back-up tapes (1) without ever meeting and conferring with Mr. Walker's counsel about plaintiffs' proposed motion to compel; (2) without discussing with Mr. Walker's counsel the extraordinary and unnecessary relief sought in that motion;[1] and (3) indeed, without having any communication whatsoever with Mr. Walker's counsel in the nearly two months since Mr. Walker's counsel sent the May 12, 2006 letter seeking plaintiffs' input regarding the proposed review process.[2]

Despite plaintiffs' failure to cooperate with Mr. Walker's counsel in their efforts to arrive at a reasonable approach for limiting the population of data to be staged, filtered, uploaded and reviewed to one that is manageable under the circumstances, Mr. Walker's counsel has continued to work toward the goal of culling from the enormous data population, in the most efficient and

---

[1] The motion to compel seeks to impose on Mr. Walker burdens that are absurd under the circumstances and in relation to any reasonable likely benefits. However, Mr. Walker will not burden the Court in this Status Report with the myriad reasons why that motion should be soundly denied, including plaintiffs' failure to meet and confer before filing the motion.

[2] In June, 2006, Peter McDougall, the plaintiffs' attorney with whom Mr. Walker's counsel had the most contact, and whom Mr. Walker's counsel understood was handling this matter on the plaintiffs' side day-to-day, announced that he was leaving his law firm, Johnson & Perkinson, and would no longer be working on this case. Mr. Walker's counsel assumed his departure and the resulting disruption it may have caused, was at least in part responsible for plaintiffs' failure to respond to the May 12, 2006 letter in a reasonable timeframe.

3

cost-effective manner, that material that is reasonably expected to be relevant to this case. In this regard, as a first step in what is likely to be a series of steps needed to be taken in order to create a manageable email population size for review, Mr. Walker's counsel has continued to engage in an ongoing dialogue, including numerous conferences and exchanges, with Mr. Walker's electronic discovery vendor about whether and how the email population on the back-up tapes could be reduced by eliminating from it emails – if any – that have already been produced by the other defendants in this case, and what the cost would be for this service. While Mr. Walker's counsel cannot be certain that there is any overlap between the emails on the restored back-up tapes and the emails produced by other defendants, considering that the other defendants have produce approximately 450,000 pages of emails, if there is overlap, there is a potential that substantial resources and expenses could be saved through this process. One of the challenges, thus far, has been to develop a means of having the vendor compare the emails produced by other defendants and those emails on the restored backup tapes without incurring substantial charges for uploading, staging and filtering the entirety of the 200 plus gigabytes of emails estimated to be contained on the restored backup tapes.

DEFENDANT JAY S. WALKER

By: /s/ *signature*
Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax:    (203) 977-7301
tdgoldberg@dbh.com – E-mail

- and -

J. Michael Hennigan (phv01117)
Bruce Bennett (phv01105)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01119)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – E-mail

His Attorneys

## CERTIFICATE OF SERVICE

     I hereby certify that on July 10, 2006, a copy of defendant Jay S. Walker's Status Report regarding the production of electronic discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**PLAINTIFFS' COUNSEL**

Jules Brody, Esq.
Aaron Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Andrew W. Schatz, Esq.
Joel S. Nobel, Esq.
Schatz & Nobel
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

David R. Scott, Esq.
Erin Green Comite, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

J. Daniel Sagarin, Esq.
Hurwitz Sagarin & Slossberg
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH 44022

**COUNSEL FOR DEFENDANTS PRICELINE, BRADDOCK, NICHOLAS AND SCHULMAN**

Daniel Slifkin, Esq.
James G. Hein, Esq.
Robert K. Simonds, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Joseph L. Clasen, Esq.
William J. Kelleher, III, Esq.
Robinson & Cole, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

By: _____
        Terence J. Gallagher