# Exhibit E

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1186

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

August 11, 2005

<u>In re Priceline.com Securities Litigation</u>
<u>Master File No. 3:00cv1884 (DJS)</u>

Dear Peter:

We write in response to your letter of August 8, 2005, and in follow-up to our meet and confer conference call on August 4, 2005.

As we explained during the conference call, the snapshot allows us to search for the email files of specific individuals. Attachment A to this letter lists 50 individuals whose email files we will review. That list includes the individuals referenced in the Consolidated Amended Complaint and in our first and second sets of interrogatory responses whose email files have been identified on the snapshot (or on the departed employee backup tapes, which are discussed below), as well as a handful of additional individuals who may have emails that are relevant to this litigation and for whom an email file has been located. We will be happy to consider reasonable additions to our initial list. We have started reviewing the email files and will produce responsive, non-privileged emails from those files on a rolling basis.

With respect to the non-email electronic data contained on the snapshot, we can confirm that it is not possible to identify the files of particular departments or individuals. The snapshot is searchable, however, and we have proposed that you provide us with suggested search terms and that we work together to craft a meaningful and reasonable search.

We do not understand your statement that you "have little understanding of the parameters of the snap-shot" because (1) we sent you a letter, dated July 19, 2005, that described the contents of the snapshot, and (2) you deposed Patrick Brown on July 20, 2005, and questioned him in detail about the contents of the snapshot.

We are willing to provide you with a spreadsheet that shows, in technical terms, the contents of the snapshot and the quantity of electronic material contained on it. However, we will only provide the spreadsheet (which has been referred to as a "decision tree") if you expressly agree in writing that such production will not constitute a waiver of any applicable privilege with respect to any other document or communication or with respect to the subject matter of the spreadsheet itself.

We will produce emails and other documents from the snapshot in TIFF format, the same format in which we have already produced 172,785 pages of documents to you without your objection. We will not seek cost-shifting in connection with materials from the snapshot that are produced in that format and in accordance with the parameters described above.

We will also treat the back-up tapes that contain electronic material for departed employees from 2000-2001 as if those tapes were a part of the snapshot. We will review and produce emails for identified individuals whose files reside on those back-up tapes, and we will search the non-email electronic data on those back-up tapes using agreed-upon search terms. On those conditions, we will not seek cost-shifting in connection with the restoration and review of the departed employee back-up tapes.

Understand, however, that if you continue to insist that we produce electronic material in native format, then we will oppose that request as being unreasonable. That is because native format documents cannot be redacted for privilege, cannot be Bates numbered, and are incredibly difficult and expensive to review. If the Court orders production in some type of native format, we will ask the Court for cost-shifting. Given that we believe that the law is clear that cost-shifting would be appropriate in those circumstances, and given that production in native format would slow down our production, we simply do not understand why you would persist in your current position.

There are 42 back-up tapes that we believe may contain the final archives of WebHouse and Perfect Yardsale. Attachment B to this letter contains copies of the labels on those 42 tapes. As we told you during the conference call, our vendor's preliminary efforts to restore those back-up tapes failed, and we have been told that restoration of the tapes will be very costly and difficult, if even possible at all. Accordingly, if you continue to request production of material from those tapes, we will likely need to seek cost-shifting.

Sincerely,

James G. Hein, Jr.

James G. Hein, Jr.

Peter McDougall, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

BY FACSIMILE AND FIRST CLASS MAIL

Copies to:

Erin Comite, Esq.
Scott + Scott, LLC
P.O. Box 192
108 Norwich Avenue
Colchester, CT 06415

William J. Kelleher, III, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305

Carl W. Mullis, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, NE
24th Floor
Atlanta, GA 30308

BY FACSIMILE

Attachment A

Marlene Beeler
Jeff Boyd
Richard Braddock
Tim Brier
Paul Brietenbach
Peter Burgess
T. Scott Case
Antonietta D'Angelo
Tom D'Angelo
Patty D'Angelo
Adam DaCosta
Mike Diliberto
Brian Eck
Glenn Fogel
Paul Francis
Tom Gerhardt
Lisa Gillingham
Jill Gleeson
Kevin Goldman
Tom Gordon
Maria Gotch
Ken Jones
Brett Keller
Maryann Keller
Don King
Mona Kucelek
Anne Maffei
William McCadden
James McGill
Heidi Miller
Steve Mott
Bob Mylod
Baruch Ness
Jonathan Otto
Jill Pfefferbaum
William Pike
Terry Rizzi
Thomas Ronan
Ron Rose
Dan Rubenstein
Ernest Scheideman
Dan Schulman
Jules Seiburgh
Jose Suarez
Mitch Truwit
Trey Urbahn
Jay Walker
Don Whitman
Jeanne Wisniewski
Igor Zhuk

Attachment B



Quantum. DLTtape

tape [illegible]

Quantum. DLTtape

Kana tape 1 of 2
KGCS tape 1 of 1
Bud tape [illegible]

Quantum. DLTtape

QASTXN tape 1 of 1
WHC tape 1 of 3

Quantum. DLTtape

QASDW tape 1 of 2

Quantum. DLTtape

WHCREN tape 2 of 2

Quantum. DLTtape

Kana tape 2 of 2

Quantum. DLTtape

WHC tape 2 of 3

Quantum. DLTtape

WHC tape 3 of 3

Quantum. DLTtape

QASIMS tape 1 of 1

Quantum. DLTtape

Drama tape 2 of 2
OMS tape 1 of 1
WHC [illegible]



