UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.
SECURITIES LITIGATION

MASTER FILE NO.
3:00CV01884(DJS)

This document relates to:

September 22, 2005

ALL ACTIONS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
<u>PRODUCTION OF ELECTRONIC DISCOVERY</u>**

## BACKGROUND

### A.  The Parties Begin Discussing Electronic Data In October Of 2004.

The instant dispute over the electronic documents dates back almost one year to October 2004, the date of the parties' first meet and confer following the Court's decision on the motions to dismiss. McDougall Decl., ¶ 2. During their initial meet and confer, the parties discussed the documents Defendants had stored in electronic form. Plaintiffs stated these documents would be a critical component of the case. Defendants responded that they had vast amounts of electronic data and would need to devote substantial resources to reviewing and producing this material. *Id.*, ¶ 3.

The parties revisited the electronic discovery issue in February 2005 when discussing Defendants' responses to Plaintiffs' document requests. In letters dated February 17 and 18, 2005, Plaintiffs once again asked Defendants to "[p]lease confirm that you will produce any electronic documents and electronically-stored data that are responsive to our document requests." *Id.*, ¶ 4. Plaintiffs wanted assurances that they would get the electronic documents in a timely fashion given their critical importance to the claims at issue in this case.

In response, the Priceline Defendants stated in a letter on March 1, 2005 that: "We are well aware that data stored electronically is discoverable and, as we stated during our very first meet and confer, will be searching vast amounts of electronically stored data in the course of discovery here." Exhibit C to McDougall Decl. The Priceline Defendants also acknowledged that: *"a snapshot of the data on priceline's corporate file and e-mail servers was made years before you served your document requests, and we are in the process of searching that repository for responsive documents."* *Id.* (emphasis added).

5

**B.     Defendants Seek To Exclude Backup Tapes From The First Motion To Compel.**

Plaintiffs raised the electronic document issue again in March 2005, when they moved to compel Defendants to produce responsive documents. Plaintiffs' motion, which sought to compel production of paper and electronic documents, requested that the Court set a time frame for Defendants to complete the production of responsive documents. McDougall Decl., ¶ 6. In response, the Priceline Defendants filed briefs and affidavits arguing that *computer tapes in their possession should be excluded from the pending motion to compel because electronic data on these tapes had been stored on inaccessible backup tapes*. The Priceline Defendants argued:

> *A critical consideration in determining the appropriate pace and scope of Defendants' production is the fact that a great deal of the potential production has been stored and preserved electronically by way of computer tapes*. Recent cases both within the second circuit and elsewhere have recognized that *producing documents from tapes is very burdensome and costly because it involves restoring tapes and converting them into searchable format before the search and review of the information can even take place*.

Doc. 161, at 14 (citations omitted) (emphasis added). The Priceline Defendants limited their discussion in their opposition solely to the backup tapes. The Priceline Defendants did not inform the Court that electronic data had been stored on a fully accessible and searchable snapshot. Nor did the Priceline Defendants argue that the snapshot should be excluded from the first motion to compel or cite it as a reason why the parties should meet and confer.[2] *Id.* Defendants' representations about the inaccessibility of the backup tapes induced this Court to order the parties to

---

[2] The Declarations that the Priceline Defendants submitted in support of their position also fail to mention the snapshot. *See, e.g.*, Doc. 163, at 2 (Declaration of James Hein, ¶ 4) (noting a conversation in which the Priceline Defendants asked Plaintiffs to exclude the "computer tapes" from the pending motion to compel). Mr. Hein's Declaration also made it clear that the Priceline Defendants were seeking to exclude only the backup tapes, not the snapshot. *Id.*

6