40      FEDERAL RULES OF CIVIL PROCEDURE

### ii. Discovery Into Electronically Stored Information that is Not Reasonably Accessible:  Rule 26(b)(2)

### Introduction

The Rule 26(b)(2)(B) proposal authorizes a party to respond to a discovery request by identifying sources of electronically stored information that are not reasonably accessible because of undue burden or cost.  If the requesting party seeks discovery from such sources, the responding party has the burden to show that the sources are not reasonably accessible.  Even if that showing is made, the court may order discovery if — after considering the limitations established by present Rule 26(b)(2) — the requesting party shows good cause.  The court may specify conditions for the discovery.

Several changes have been made in the rule text to express more clearly the procedure established by the published proposal.  The Committee Note is revised to describe more clearly the problems that the rule addresses.  The changes both in rule text and Note draw from a large body of public testimony and comments that suggested better ways to implement the proposed procedure without changing the procedure established by the published language.

The proposed rule has frequently been referred to as a "two-tier" system.  It responds to distinctive problems encountered in discovery of electronically stored information that have no close analogue in the more familiar discovery of paper documents. Although computer storage often facilitates discovery, some forms of computer storage can be searched only with considerable effort.  The responding party may be able to identify difficult-to-access sources that may contain responsive information, but is not able to retrieve the information — or even to determine whether any responsive information in fact is on the sources — without incurring substantial burden or cost. The difficulties in accessing the information may arise from a number of different reasons primarily related to the technology of information storage, reasons that are likely to change over time.  Examples from current technology include back-up tapes intended for disaster recovery purposes that are often not indexed, organized, or susceptible to electronic searching; legacy data that remains from obsolete systems and is unintelligible on the successor systems; data that was "deleted" but remains in fragmented form, requiring a modern version of forensics to restore and retrieve; and databases that were designed to create certain information in certain ways and that cannot readily create very different kinds or forms of information. Such difficulties present particular problems for discovery.  A party may have a large amount of information on sources or in forms that may be responsive to discovery requests, but would require recovery, restoration, or translation before it could be located, retrieved, reviewed, or produced.  At the same time, more easily accessed sources — whether computer-based, paper, or human — may yield all the information that is reasonably useful for the action.  Lawyers sophisticated in these problems are developing a two-tier practice in which they first sort through the information that can be provided from easily accessed sources and then determine whether it is necessary to search the difficult-to-access sources.

FEDERAL RULES OF CIVIL PROCEDURE    41

In many circumstances, the two-tier approach will be worked out by negotiation. The Rule 26(b)(2)(B) amendment expressly incorporates the better practice as the method for judicial control when the parties cannot resolve the problem on their own. The amendment builds on the two-tier structure of scope of discovery defined in Rule 26(b)(1) and applies this structure to discovery of electronically stored information. The proposed rule recognizes a distinctive, recurring problem that electronically stored information presents for discovery and builds on the existing rules to facilitate judicial supervision when it is necessary to calibrate discovery to a particular case.

Much of the criticism during the public comment period focused on specific drafting problems in the published rule, including a lack of clarity in the term "not reasonably accessible," how that term and the "good cause" showing related to the existing Rule 26(b)(2) proportionality limits, and how a party designation or a court finding that information is not reasonably accessible related to preservation obligations. The proposed rule and Note have been revised to respond to the concerns identified.

The published rule required a party to identify potentially responsive "information" that is not reasonably accessible. The problem, however, is that a responding party cannot identify information without actually searching and retrieving it. The revised rule directs the party to identify the sources of information that may be responsive but is not reasonably accessible.

The published rule did not provide any guide to the considerations that bear on determining whether electronically stored information is not reasonably accessible. Many comments suggested that the test should be based on the burden and cost of locating, restoring, and retrieving potentially responsive information from the sources in which it is stored. The revised rule incorporates this test, which reflects the common understanding of the published proposal. The responding party may identify sources containing potentially responsive information that is not reasonably accessible "because of undue burden or cost."

Once the responding party has identified a source of information that is not reasonably accessible, the published rule provided for a motion to compel discovery. The revision recognizes that the responding party may wish to resolve the issue by moving for a protective order. Among the reasons that may lead a responding party to raise the issue is to resolve whether, or the extent to which, it must preserve the information stored on the difficult-to-access sources until discoverability is resolved.

A finding that the responding party has shown that a source of information is not reasonably accessible does not preclude discovery; the court may order discovery for good cause. Many comments suggested that the "good cause" standard seemed to contemplate the limitations identified by parts (i), (ii), and (iii) of present Rule 26(b)(2). The revised text clarifies the "good cause" showing by expressly referring to consideration of these limitations.

42              FEDERAL RULES OF CIVIL PROCEDURE

The Committee Note is revised extensively to provide a clearer description of the two-tier procedure. It recognizes that in some cases a single proceeding may suffice both to find that a source is not reasonably accessible and also to determine whether good cause nonetheless justifies discovery and to set any conditions that should be imposed. But it also recognizes that proceedings may need to be staged if focused discovery is necessary to determine the costs and burdens in obtaining the information from the sources identified as not reasonably accessible, the likelihood of finding responsive information on such sources, and the value of the information to the litigation. In such circumstances, a finding that a source is not reasonably accessible may lead to further proceedings to determine whether there is good cause to order limited or extensive searches and the production of information stored on such sources.

The proposed amendment is modest. The public comments and testimony confirmed that parties conducting discovery, particularly when it involves large volumes of information, first look in the places that are likely to produce responsive information. Parties sophisticated in electronic discovery first look in the reasonably accessible places that are likely to produce responsive information. On that level, stating in the rule that initial production of information that is not reasonably accessible is not required simply recognizes reality. Under proposed Rule 26(b)(2), this existing practice would continue; parties would search sources that are reasonably accessible and likely to contain responsive, relevant information, with no need for a court order. But in an improvement over the present practice, in which parties simply do not produce inaccessible electronically stored information, the amendment requires the responding party to identify the sources of information that were not searched, clarifying and focusing the issue for the requesting party. In many cases, discovery obtained from accessible sources will be sufficient to meet the needs of the case. If information from such sources does not satisfy the requesting party, the proposed rule allows that party to obtain additional discovery from sources identified as not reasonably accessible, subject to judicial supervision.

One criticism leveled against the proposal is that it allows the responding party to "self-designate" information not produced because it is not reasonably accessible. All party-managed discovery and privilege invocation rests on "self-designation" to some extent. That is happening now, without the insights for the requesting party that the identification requirement provides. The responding party must disclose categories and types of sources of potentially responsive information that are not searched, enabling the requesting party to decide whether to challenge that designation.

Two other areas of concern were expressed during the comment period. One is the relationship to preservation. A second, related concern is that this proposal would lead corporations to make information inaccessible in order to frustrate discovery. As to the first concern, the Note is revised to clarify that the rule does not undermine or reduce common-law or statutory preservation obligations. The Committee Note includes a reminder that a party may be obliged to preserve information stored on sources it has identified as not reasonably accessible, but in keeping with the approach taken in proposed Rule 37(f) does not attempt to state or define a preservation obligation. As to the second concern, many witnesses and comments rejected the argument that the rule would encourage entities or individuals to

FEDERAL RULES OF CIVIL PROCEDURE          43

"bury" information that is necessary or useful for business purposes or that regulations or statutes require them to retain. Moreover, the rule requires that the information identified as not reasonably accessible must be difficult to access by the producing party for all purposes, not for a particular litigation. A party that makes information "inaccessible" because it is likely to be discoverable in litigation is subject to sanctions now and would still be subject to sanctions under the proposed rule changes.

### The Proposed Rule and Committee Note

### Rule 26(b)(2)

The Committee recommends approval of the following amendment:

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

1           * * * * *

2     **(b) Discovery Scope and Limits.** Unless otherwise limited by

3     order of the court in accordance with these rules, the scope of

4     discovery is as follows:

5           * * * * *

6        **(2) Limitations.**

7           **(A)** By order, the court may alter the limits in these rules

8           on the number of depositions and interrogatories or the

9           length of depositions under Rule 30. By order or local

10          rule, the court may also limit the number of requests

11          under Rule 36.

12          **(B)** A party need not provide discovery of electronically

13          stored information from sources that the party identifies

Rules App. C-45

44                FEDERAL RULES OF CIVIL PROCEDURE

14          as not reasonably accessible because of undue burden or

15          cost. On motion to compel discovery or for a protective

16          order, the party from whom discovery is sought must

17          show that the information is not reasonably accessible

18          because of undue burden or cost. If that showing is

19          made, the court may nonetheless order discovery from

20          such sources if the requesting party shows good cause,

21          considering the limitations of Rule 26(b)(2)(C). The

22          court may specify conditions for the discovery.

23          (C) The frequency or extent of use of the discovery

24          methods otherwise permitted under these rules and by

25          any local rule shall be limited by the court if it

26          determines that: (i) the discovery sought is unreasonably

27          cumulative or duplicative, or is obtainable from some

28          other source that is more convenient, less burdensome,

29          or less expensive; (ii) the party seeking discovery has

30          had ample opportunity by discovery in the action to

31          obtain the information sought; or (iii) the burden or

32          expense of the proposed discovery outweighs its likely

33          benefit, taking into account the needs of the case, the

FEDERAL RULES OF CIVIL PROCEDURE          45

34          amount in controversy, the parties' resources, the

35          importance of the issues at stake in the litigation, and the

36          importance of the proposed discovery in resolving the

37          issues. The court may act upon its own initiative after

38          reasonable notice or pursuant to a motion under Rule

39          26(c).

40                              * * * * *

### Committee Note

Subdivision (b)(2). The amendment to Rule 26(b)(2) is designed to address issues raised by difficulties in locating, retrieving, and providing discovery of some electronically stored information. Electronic storage systems often make it easier to locate and retrieve information. These advantages are properly taken into account in determining the reasonable scope of discovery in a particular case. But some sources of electronically stored information can be accessed only with substantial burden and cost. In a particular case, these burdens and costs may make the information on such sources not reasonably accessible.

It is not possible to define in a rule the different types of technological features that may affect the burdens and costs of accessing electronically stored information. Information systems are designed to provide ready access to information used in regular ongoing activities. They also may be designed so as to provide ready access to information that is not regularly used. But a system may retain information on sources that are accessible only by incurring substantial burdens or costs. Subparagraph (B) is added to regulate discovery from such sources.

Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery. The responding party must also identify, by category or type, the sources

46      FEDERAL RULES OF CIVIL PROCEDURE

containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

A party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence. Whether a responding party is required to preserve unsearched sources of potentially responsive information that it believes are not reasonably accessible depends on the circumstances of each case. It is often useful for the parties to discuss this issue early in discovery.

The volume of — and the ability to search — much electronically stored information means that in many cases the responding party will be able to produce information from reasonably accessible sources that will fully satisfy the parties' discovery needs. In many circumstances the requesting party should obtain and evaluate the information from such sources before insisting that the responding party search and produce information contained on sources that are not reasonably accessible. If the requesting party continues to seek discovery of information from sources identified as not reasonably accessible, the parties should discuss the burdens and costs of accessing and retrieving the information, the needs that may establish good cause for requiring all or part of the requested discovery even if the information sought is not reasonably accessible, and conditions on obtaining and producing the information that may be appropriate.

If the parties cannot agree whether, or on what terms, sources identified as not reasonably accessible should be searched and discoverable information produced, the issue may be raised either by a motion to compel discovery or by a motion for a protective order. The parties must confer before bringing either motion. If the parties do not resolve the issue and the court must decide, the responding party must show that the identified sources of information are not reasonably accessible because of undue burden or cost. The requesting party may need discovery to test this assertion. Such discovery might take the form of requiring the responding party to conduct a sampling of information contained on the sources identified as not reasonably accessible; allowing

FEDERAL RULES OF CIVIL PROCEDURE          47

some form of inspection of such sources; or taking depositions of witnesses knowledgeable about the responding party's information systems.

Once it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery. The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case. Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

The responding party has the burden as to one aspect of the inquiry — whether the identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found. The requesting party has the burden of showing that its need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information. In some cases, the court will be able to determine whether the identified sources are not reasonably accessible and whether the requesting party has shown good cause for some or all of the discovery, consistent with the limitations of Rule 26(b)(2)(C), through a single proceeding or presentation. The good-cause determination, however, may be complicated because the court and parties may know little about what information the sources identified as not reasonably accessible might contain, whether it is relevant, or how valuable it may be to the litigation. In such cases, the parties may need some focused discovery, which may include sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light

48          FEDERAL RULES OF CIVIL PROCEDURE

of information that can be obtained by exhausting other opportunities for discovery.

The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery. The conditions may take the form of limits on the amount, type, or sources of information required to be accessed and produced. The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible. A requesting party's willingness to share or bear the access costs may be weighed by the court in determining whether there is good cause. But the producing party's burdens in reviewing the information for relevance and privilege may weigh against permitting the requested discovery.

The limitations of Rule 26(b)(2)(C) continue to apply to all discovery of electronically stored information, including that stored on reasonably accessible electronic sources.

---

### Changes Made after Publication and Comment

This recommendation modifies the version of the proposed rule amendment as published. Responding to comments that the published proposal seemed to require identification of information that cannot be identified because it is not reasonably accessible, the rule text was clarified by requiring identification of sources that are not reasonably accessible. The test of reasonable accessibility was clarified by adding "because of undue burden or cost."

The published proposal referred only to a motion by the requesting party to compel discovery. The rule text has been changed to recognize that the responding party may wish to determine its search and potential preservation obligations by moving for a protective order.

The provision that the court may for good cause order discovery from sources that are not reasonably accessible is expanded in two ways. It now states specifically that the requesting party is the one who must

FEDERAL RULES OF CIVIL PROCEDURE          49

show good cause, and it refers to consideration of the limitations on discovery set out in present Rule 26(b)(2)(i), (ii), and (iii).

The published proposal was added at the end of present Rule 26(b)(2). It has been relocated to become a new subparagraph (B), allocating present Rule 26(b)(2) to new subparagraphs (A) and (C). The Committee Note was changed to reflect the rule text revisions. It also was shortened. The shortening was accomplished in part by deleting references to problems that are likely to become antique as technology continues to evolve, and in part by deleting passages that were at a level of detail better suited for a practice manual than a Committee Note.

The changes from the published proposed amendment to Rule 26(b)(2) are set out below.

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure***

1      **(b) Discovery Scope and Limits.** Unless otherwise limited by

2      order of the court in accordance with these rules, the scope of

3      discovery is as follows:

4                                    * * * * *

5          **(2) Limitations.**

6                                    * * * * *

---

*Changes from the proposal published for public comment shown by double-underlining new material and striking through omitted matter.

7                      **(B)** A party need not provide discovery of

8                      electronically stored information from sources that

50        FEDERAL RULES OF CIVIL PROCEDURE

9       the party identifies as not reasonably accessible

10      because of undue burden or cost. On motion ~~by the~~

11      ~~requesting party~~ to compel discovery or for a

12      protective order, the responding party from whom

13      discovery is sought must show that the information

14      is not reasonably accessible because of undue burden

15      or cost. If that showing is made, the court may

16      nonetheless order discovery ~~of the information~~ from

17      such sources ~~for~~ if the requesting party shows good

18      cause, considering the limitations of Rule

19      26(b)(2)(C). ~~and~~ The court may specify ~~terms and~~

20      conditions for the discovery.

21      (C) . . . . ~~A party need not provide discovery of~~

22      ~~electronically stored information that the party~~

23      ~~identifies as not reasonably accessible. On motion~~

24      ~~by the requesting party, the responding party must~~

25      ~~show that the information is not reasonably~~

26      ~~accessible. If that showing is made, the court may~~

27      ~~order discovery of the information for good cause~~

FEDERAL RULES OF CIVIL PROCEDURE          51

28          ~~and may specify terms and conditions for such~~

29          ~~discovery.~~