Walk. Price. 1

RECEIVED
APR 24 2006
HENNIGAN, BENNETT & DORMAN

# JOHNSON & PERKINSON
### ATTORNEYS AT LAW
1690 WILLISTON ROAD
P.O. BOX 2305
SOUTH BURLINGTON, VERMONT 05403
www.jpclasslaw.com

TELEPHONE (802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL email@jpclasslaw.com

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

*INACTIVE

JAMES F. CONWAY, III
ALSO ADMITTED TO MA

PETER J. MCDOUGALL
ALSO ADMITTED TO MA

STACEY K. PORTER
ADMITTED TO MA & NY ONLY

April 18, 2006

<u>Via</u> Facsimile and U.S. Mail

Jeanne E. Irving, Esq.
Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA   90017

Re:   *In re: Priceline.com Securities Litig.  Case No. 3:00cv1884 (DJS)*

Dear Jeanne:

It was good to speak to you earlier today. As I mentioned during our conversation, we have made significant progress regarding the 181 back-up tapes in Defendant Walker's possession. To date, Defendant Walker has restored, or is in the process of restoring, 31 of these back-up tapes to their native file format. Defendant Walker grouped the 181 tapes into 16 different groups based on the labels and restored one tape from each of these 16 groups. Based on the contents of the tapes restored from these groups, Defendant Walker's counsel believes that two of these groups (6 tapes in one group and 9 tapes in the other) are likely to contain responsive materials. The parties agreed to split the cost of restoring these 15 tapes to their native file format. Defendant Walker provided Plaintiffs with the catalogs from the first group of 6 tapes. Walker stated that their vendor was in the process of restoring the 9 additional tapes and the catalogs of these tapes will be produced soon.

Additionally, with regard to the 150 remaining back-up tapes, Defendant Walker agreed to generate and produce catalogs of these tapes to allow the parties to determine which of these tapes are likely to contain responsive materials. Plaintiffs and Defendant Walker agreed to split the cost of generating catalogs for the remaining 150 tapes. Last week, Carl Mullis told us we should be receiving the catalogs from these back-up tapes soon. Please let us know when you expect to produce this information to us.

## JOHNSON & PERKINSON
### ATTORNEYS AT LAW

Jeanne E. Irving, Esq.
April 18, 2006
Page 2

    Additionally, the parties were in the final stages of discussing how we were going to facilitate the production of responsive material contained on the 15 back-up tapes which Defendant Walker believes contain responsive materials and thus have been restored to their native file format. We were in the process of scheduling a call with Defendant Walker's counsel and his technology person regarding this next step when Carl Mullis informed us that Defendant Walker was substituting counsel. We would like to hold this call with you no later than Friday, April 28, 2006. We think it is most productive to have our respective technology or electronic discovery people on this call. Please let us know when you are available for a call to discuss this next step.

    Finally, Plaintiffs recently raised concerns regarding Defendant Walker's responses to document requests seeking information related to Defendant Walker's securities holdings and transactions. *See*, Letter from Geoff Johnson to Carl Mullis dated April 12, 2006, attached hereto. Please let us know by the close of business on April 28, 2006 when you intend to produce these documents.

    I look forward to speaking with you on Thursday, April 20, 2006 at 1 p.m. eastern time. The dial in number for the call will be 1-866-448-6760 and the participant code is 290996.

Sincerely,

Peter J. McDougall

cc:    David R. Scott (via fax)
        Geoffrey M. Johnson (via Fax)
        Arthur Shingler III (via fax)
        Donald A. Broggi (via fax)
        Denise V. Zamore (via fax)
        Erin G. Comite (via fax)



April 12, 2006

Via Facsimile and U.S. Mail

Carl W. Mullis, III
Paul Hastings Janofsy & Walker LLP
600 Peachtree Street
Twenty-Fourth Floor
Atlanta, GA 30308

    Re:    In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)

Dear Carl:

    This letter is a follow-up to our conversation this morning. During that conversation, I informed you that Plaintiffs have reason to believe that Defendant Walker has not produced documents relating to his purchases and sales of securities during the relevant time period. In particular, Plaintiffs have learned that Jay Walker took out a margin loan that he used to purchase $125 million of Priceline stock from Delta Airlines in November 1999. We also have learned that Walker received at least two margin calls in September and October 2000. Plaintiffs have not received documents relating to the margin loan and the margin calls. We have also not received any documents in which Walker or others address the ramifications of the margin calls.

    All of these documents fall squarely within several of Plaintiffs' document requests. In Plaintiffs' First Set of Document Requests, we requested: "All documents referring or relating to any Defendant's purchase or sale of Priceline stock, including, but not limited to, *Defendant Walker's purchase of Priceline.com stock from Delta Airlines* or any other entity." Req. No. 25 (emphasis added). We also requested: "All documents which refer or relate to the amount of monies and/or profit realized on the purchase, acquisition, transfer or sale of any Priceline or WebHouse security by any Individual Defendant . . ." Req. No. 29. In Plaintiffs' Second Set of Document Requests, we requested: "All documents concerning any purchase, sale or other transfer of any shares of Priceline or any other Priceline security by any Defendant, including but not limited to, confirmations of such transactions, *documents concerning the reasons for such transactions* and stock certificates or other documents evidencing current ownership of Priceline.com shares or securities." Req. No. 2 (emphasis added). Additionally, we requested "[a]ll documents concerning the investment policies or practices of any Defendant including, but not limited to, all statements of investment policy prepared by or for any Defendant." Req. No. 3. As you may recall, on November 23, 2005, the Court ordered the Priceline Defendants to produce documents responsive to these requests.

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
                               OHIO               33 RIVER STREET        440 247-8275 FAX
                               CALIFORNIA     CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
                                                                                     WWW.SCOTT-SCOTT.COM



Carl W. Mullis, III
April 12, 2006
Page 2

    Plaintiffs are prepared to give you two weeks to produce these documents. If you refuse to produce the documents, or if we do not hear back from you by the close of business next Monday, April 17, 2006, we plan to bring this issue to the attention of the Court.

    Also, we are still waiting to receive a source log of the Jay Walker production. We have discussed the source log with you on at least two occasions. Your immediate attention to the source log is appreciated and needed.

                                  Sincerely yours,

                                  Geoffrey M. Johnson

cc:    David R. Scott (via fax)
       Arthur Shingler III (via fax)
       Jacob B. Perkinson (via fax)
       Peter J. McDougall (via fax)
       Donald A. Broggi (via fax)
       Denise V. Zamore (via fax)
       Erin G. Comite (via fax)
       Stacey Porter (via fax)
       David Goldberger (via fax)