HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
865 SOUTH FIGUEROA STREET
SUITE 2900
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1015
IRVINGJ@HBDLAWYERS.COM

July 24, 2006

**Via Email and Mail**

Geoffrey M. Johnson
Scott + Scott, LLC
33 River Street
Chagrin Falls, Ohio 44022

Re:  **In re Priceline.com Securities Litigation, Case No. 3:00cv1884 (DJS)**

Dear Geoff:

As you requested, I am writing to reiterate to you in writing the information that I provided to you over the telephone today, and to again request that you identify for us by TOG ID number the tapes that are the subject of your motion to compel.

By way of background, as you know, on Friday, July 7, the plaintiffs filed a motion to compel Jay Walker to produce documents from 17 restored back-up tapes. However, nowhere in the motion did the plaintiffs ever identify which 17 of the restored tapes were the subject of that motion.

On Monday, July 10, I emailed you and your colleague Erin Comite and requested that you identify by TOG number (the ID number given to each tape) the tapes that were the subject of your motion to compel. Neither you nor Erin responded to my email over the ensuing week and a half.

On July 19, Shawna Ballard and I telephoned each of you, Erin and David Scott. We were told that Erin and David were out of the office and that you were unavailable. We left voicemail messages for each of you explaining that we needed to know what tapes were the subject of your motion to compel and asking that you provide us with that information. None of you returned any of our calls.

I believe it was the following day that our co-counsel, Terry Gallagher, called Erin again on this subject. He was finally able to speak with Erin on Friday, July 21. Erin relayed to Terry

HENNIGAN, BENNETT & DORMAN LLP

Geoffrey M. Johnson
July 24, 2006
Page 2

that you were sending us a letter in response to our inquiry. We received that letter near the end of the day Friday, July 21.

However, that letter did not relay the TOG ID numbers of the tapes that were the subject of your motion. Instead, it referred to groups of tapes, and attached a list of those groups that did not contain the TOG ID numbers of the tapes within that group. More importantly, however, it referenced two groups of tapes -- groups 4 and 6 -- that we understand have not been restored.

In addition to the sample group of 18 tapes that were restored, we understand that Paul Hastings arranged to have two sets of tapes restored for you. One of those sets consists of groups 5 and 15; we understand that this is what you have referred to as the "group of 6." A CD containing catalogs for these restored tapes were provided to you under cover of a March 10, 2006 letter from Candace Boudreau to Peter McDougall. Based on your July 21, 2006 correspondence to me, we understand that the tapes in these groups are part of the subject of your motion to compel.

On May 8, 2006, Paul Hastings sent you a CD that contained catalogs for the second set of restored tapes that we understand is what you have referred to as the "group of 9." That disc contained 9 Excel files containing tape catalogs. As you open the disc, you will see that each of the Excel files is titled with the TOG number of the tape which is catalogued on that Excel file. Those TOG numbers are: 18, 19, 20, 151, 152, 153 (there were two excel files for TOG # 153, one titled simply 153 and the other titled 153-A04E), 154 and 155. TOG numbers 18-20 belong to what we understand Paul Hastings referred to as Group 3 and TOG numbers 151-155 belong to what we understand Paul Hastings referred to as Group 16.

When I explained all this to you on the telephone today, you asked that I put it in writing. I committed to do so and asked that you get right back to us with an answer on what tapes are the subject of your motion. You refused to commit to give us that answer by any particular time.

Your failure to include in the motion to compel the identity of the tapes from which you are seeking production has unfairly hindered our ability to respond to the motion. We have taken every step to clarify that issue, and have been met with an unreasonable lack of response from the plaintiffs. Please inform us by no later than noon tomorrow your current position on whether the 17 tapes that are the subject of your motion to compel includes (1) the restored tapes for which you received catalogs under cover of the May 8 letter from Paul Hastings; or (2) the unrestored tapes that are contained in Groups 4 and 6.

# HENNIGAN, BENNETT & DORMAN LLP

Geoffrey M. Johnson
July 24, 2006
Page 3

      In connection with this request, we reserve the right to address with the Court the problems created by your making a motion to compel without telling us, either in advance of the filing of that motion or even in the motion, the tapes that were the subject of that motion, and to request appropriate relief from the Court.

Sincerely yours,

Jeanne E. Irving

JEI/yb

Cc:   Shawna Ballard
        David Scott
        Erin Comite
        Terrence Gallagher

537200\v1