UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : | |
| _____ | : : | **MASTER FILE NO.** **3:00CV01884(AVC)** |
| This document relates to: | : : | **August 7, 2006** |
| ALL ACTIONS | : | |

**SURREPLY IN OPPOSITION TO THE PRICELINE DEFENDANTS'**
**CROSS-MOTION FOR A PROTECTIVE ORDER AND IN FURTHER**
**SUPPORT OF PLAINTIFFS' FOURTH MOTION TO COMPEL**

**SCOTT + SCOTT, LLC**
David R. Scott
Geoffrey M. Johnson
Erin Green Comite
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415

**Co-Lead Counsel**

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

**Co-Lead Counsel**

## INTRODUCTION

Plaintiffs are compelled to file this surreply in order to address and clarify statements that the Priceline Defendants made in their July 26, 2006 letter to the Court, sent in preparation for the Court's *in camera* review of challenges made to the Priceline Defendants' privilege log.[1]  In their July 26 letter, the Priceline Defendants state that they have removed "some documents" from their privilege log, but fail to inform the Court that they are actually removing 277 of the challenged documents from their log – documents that were *all* the subject of Plaintiffs' March 30, 2006 Motion to Compel and *over half* of which were the subject of Plaintiffs' August 11, 2005 Motion to Compel filed one year ago.  Notably, the Priceline Defendants did not remove these documents following the parties' three meet and confers or after Plaintiffs filed two separate motions to compel, both of which specifically targeted the documents Defendants now belatedly remove from their privilege log.  Defendants only removed the documents from their log *after* the Court ordered the *in camera* review.  *See* Docket No. 316 (June 9, 2006 Order).

The Priceline Defendants' removal of these 277 documents from their log at the eleventh hour is disturbing given the monumental efforts made to date in connection with the Priceline Defendants' privilege log.  Prior to the release of these 277 documents, Plaintiffs had:

- participated in three meet and confers and sent four letters to the Priceline Defendants specifically identifying problems with the Priceline Defendants' privilege log;  *see, e.g.,* Docket No. 272 (Declaration of P. McDougall summarizing meet and confers and attaching Plaintiffs' letters discussing privilege log);

- filed a motion to compel one year ago on August 11, 2005 that specifically targeted non-privileged documents that the Priceline Defendants had placed on their privilege log – *including over 140 documents just now being released*; Exhibit C to Comite Decl. (Plfs' Aug. 11, 2005 MTC);

---

[1] A copy of the Priceline Defendants' July 26, 2006 letter is attached to the Declaration of Erin G. Comite ("Comite Decl.") as Exhibit A.  The Priceline Defendants sent the Court another letter addressing their privilege log on August 3, 2006.  That letter is attached to the Comite Declaration as Exhibit B.

- obtained an order on December 8, 2005 in which Judge Squatrito compelled the Priceline Defendants to provide more information about the "privileged" documents on their log; Exhibit D to Comite Decl. (Dec. 8, 2005 Order);

- filed another motion to compel on March 30, 2006 that once again targeted non-privileged documents on the privilege log – ***including all of the documents that are just now being released***; Exhibit E to Comite Decl. (Plfs' Mar. 30, 2006 MTC); and

- responded to a cross-motion that the Priceline Defendants filed on April 27, 2006 in which they sought a protective order "barring plaintiffs' from filing burdensome discovery motions in the future."  Docket No. 286 (Mem. In Supp. Of Protective Order).

Plaintiffs have spent the past year trying to obtain non-privileged documents that the Priceline Defendants withheld from discovery by inappropriately claiming a privilege – a year that, absent Defendants' stonewalling discovery tactics, Plaintiffs could have spent advancing this case towards trial by taking fact depositions and other discovery to further develop their case.  The Priceline Defendants' removal of 277 documents from their privilege log on the eve of the *in camera* review is just the latest example of a consistent and inappropriate litigation strategy in this case – a strategy in which Defendants have improperly withheld thousands of relevant documents that should have been produced over a year ago.

## **ARGUMENT**

**A.    The Integrity Of The Priceline Defendants' Entire Privilege Log Is Highly Suspect In Light Of Their Concession That They Improperly Placed Hundreds Of Non-Privileged Documents On Their Log.**

This is not the first time that the Priceline Defendants have removed hundreds of documents from their privilege log after forcing Plaintiffs to file a motion to compel.  In the fall of 2005, the Priceline Defendants removed 180 responsive, non-privileged documents from their log.  This was done after Plaintiffs had met and conferred with the Priceline Defendants on two separate occasions, had sent letters to the Priceline Defendants specifically describing the

problems with the privilege log, and had been forced to file and fully brief a motion to compel.[2] The Priceline Defendants also removed 50 non-privileged documents from their log after Judge Squatrito ordered them to revise the information on their log.  The Priceline Defendants' most recent decision to remove 277 additional non-privileged documents from their log – over 140 of which were targeted in both the August 11, 2005 and March 30, 2006 Motions to Compel – now brings the total number of documents that the Priceline Defendants have removed from the log to over 500 documents, *representing approximately thirty percent of the 1700 documents they placed on their privilege log*.  In light of this stunning percentage, there can be no credible contention that the Priceline Defendants' privilege log was complied in a reasonable manner consistent with appropriate legal requirements.  Instead, these numbers suggest that they abused (and likely continue to abuse) the discovery process by dumping hundreds of non-privileged documents onto their privilege log and forcing Plaintiffs to litigate for years over matters which never should have presented an issue in the first instance.

The Priceline Defendants' removal of thirty percent of the documents on their log is unequivocal evidence that they are either unwilling or unable to comply with the requirements of the Federal Rules and the law of this District Court.  Indeed, the Priceline Defendants have taken the position in correspondence and in their filings with the Court that they are free to put whatever they want on their log, which, according to the Priceline Defendants, then shifts the burden to the Plaintiffs to specifically identify those documents that the Priceline Defendants have improperly logged.  Docket No. 286 (Defs' Opp. To Fourth Motion To Compel, at 9).  The Priceline Defendants take this approach for two reasons: first, it forces Plaintiffs to piece

---

[2] A complete summary of Plaintiffs' efforts to meet and confer on the privilege log is set forth in the McDougall Declaration In Support of Plaintiffs' March 30, 2006 Motion to Compel. Docket No. 272.

together those documents that have been improperly logged using the cryptic and incomplete information listed on the privilege log; and, second, if improperly logged documents are never challenged, they are never produced and they disappear entirely from the case.[3]

This is the exact opposite of what is required under the Federal Rules. The Rules make it clear that the party placing documents on its privilege log must have substantial justification for doing so **in the first instance**. Fed. R. Civ. P. 37(a)(4)(A); *see also Bowne v. AmBase Corp.,* 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (sanctioning party where it withheld responsive documents on the basis of the attorney-client privilege without substantial justification); *Athridge v. Aetna Cas. & Sur. Co.,* 184 F.R.D. 200, 205-07 (same). The Priceline Defendants' removal of thirty percent of the documents on their log – documents so clearly non-privileged that the Priceline Defendants chose not to submit them to the Court for the *in camera* review – shows that they lacked substantial justification for putting hundreds of documents on their log.

Even more troubling is the fact that they did not remove these documents following the Plaintiffs' filing of the August 11, 2005 and March 30, 2006 Motions to Compel, but only did so **after** the Court ordered the *in camera* review. The Priceline Defendants' conduct calls into question the whole privilege log process and raises serious doubts about the integrity of the Priceline Defendants' entire privilege log, which cannot be resolved absent a review of every document that they continue to include on their log. Unfortunately, as discussed below, this is also representative of the Priceline Defendants' conduct throughout the entire discovery process.

---

[3] The Priceline Defendants, of course, only remove documents that Plaintiffs specifically challenge in a motion to compel. There is no telling how many unchallenged documents have been improperly logged – but that number is likely to be equally high given that the Priceline Defendants have already removed thirty percent of the documents on the log.

**B.**     **The Priceline Defendants Filling Of A Cross-Motion "Barring Plaintiffs' Harassing Discovery Motions" Demonstrates A Complete Abandonment Of Good Faith Practice Where They Voluntarily Produced Hundreds Of Documents Subject To Plaintiffs' Motion Rather Than Submit Them To Review By The Court.**

The Priceline Defendants' removal of 277 improperly logged documents from their privilege log demonstrates that the Priceline Defendants did not act in good faith when they prepared their log.  However, the Priceline Defendants' questionable conduct does not stop there.  Rather, when responding to Plaintiffs' March 30, 2006 Motion to Compel, the Priceline Defendants filed a cross-motion of their own on April 27, 2006, in which they sought a protective order "barring plaintiffs' harassing discovery motions."  Docket No. 313 (Defs' Reply In Support of Cross Motion, at 1).  *Amazingly, the Priceline Defendants filed this cross-motion at a time when they were sitting on 277 responsive, non-privileged documents for which they lacked substantial justification for placing on their log.*

The removal of these non-privileged documents calls into question the Priceline Defendants' motive for filing their Cross-Motion for a Protective Order.  Indeed, at the time the Priceline Defendants filed the cross-motion, they knew exactly which documents Plaintiffs were challenging as having been improperly placed on the Priceline Defendants' privilege log.  Plaintiffs had specifically identified all 277 of the documents that the Priceline Defendants would later remove from their log in Plaintiffs' March 30, 2006 Motion to Compel and over 140 of these documents were specifically identified in the August 11, 2005 Motion to Compel that Plaintiffs filed one year ago.  Exhibit C to Comite Decl. (Plfs' Aug. 11, 2005 MTC, at 3-5); Exhibit E to Comite Decl. (Plfs' Mar. 30, 2006 MTC, at 3-8).  Nevertheless, the Priceline Defendants decided not to turn over these non-privileged documents following the filing of the motions to compel.  Instead, they responded with a cross-motion seeking to "bar[] plaintiffs from filing burdensome discovery motions in the future."  Docket No. 313 (Defs' Reply In Support of

Cross Motion, at 1). It was only when the Court ordered the Priceline Defendants to submit the challenged documents to Chambers for the *in camera* review that they chose to remove the responsive, non-privileged documents that they had placed on their log without substantial justification. Exhibit J to Comite Decl. (June 9, 2006 Order).[4]

## C.    The Priceline Defendants Also Seek Sanctions For Having To Respond To Plaintiffs' Discovery Motions Even Though Plaintiffs Have Prevailed On Virtually Every Issue In Every One Of Their Motions To Compel.

This Court should also consider the removal of the improperly logged documents and the filing of the cross-motion within the context of the Priceline Defendants' recent request for sanctions. The Priceline Defendants have asked the Court to require Plaintiffs' counsel to pay their reasonable costs, including attorneys' fees, in having to respond to Plaintiffs' July 6, 2006 motion to compel. Docket No. 337 (Defs' Opp. To Motion to Compel, at 27). In that motion, Plaintiff moved to compel the Priceline Defendants to produce responsive emails and electronic documents located on Priceline's email and corporate file servers. The Priceline Defendants claim that these monetary sanctions are appropriate because Plaintiffs "have forced Defendants to waste time and misdirect resources in response to their unnecessary motion practice – even to the point of requiring Defendants to seek a protective order against such harassment." *Id.* at 2.

The Priceline Defendants cite Plaintiffs' "unnecessary motion practice" and the need for a "protective order against such harassment" as the reasons why sanctions should be awarded. They fail, however, to mention that it is Defendants' own intransigence and failure to comply with the Rules of discovery that have forced Plaintiffs to file numerous motion to compel to obtain documents to which Plaintiffs are entitled under the Federal Rules. The Priceline

---

[4] The Priceline Defendants cannot legitimately claim that the placement of these documents on their privilege log was due to oversight. Instead, the sheer volume of improperly logged documents demonstrates that this was part of their overall litigation strategy.

Defendants also fail to describe any of the circumstances relevant to the filing of their cross-motion on the protective order – a cross-motion that, according to Defendants, justifies the sanctions they seek. And most importantly, the Priceline Defendants fail to mention that Plaintiffs have prevailed on *virtually every issue in every one of these motions to compel*. Specifically, Plaintiffs have filed the following motions against the Priceline Defendants:

1.    **Plaintiffs' March 14, 2005 Motion to Compel:**

    o    Relief Sought: In this motion to compel, Plaintiffs:

        1)    moved to compel all Defendants to produce a privilege log when Defendants refused to provide one;

        2)    moved to compel all Defendants to provide unambiguous responses to Plaintiffs' document requests when Defendants refused to do so;

        3)    moved the Court to set a definitive date when all Defendants would complete their document production when they refused to provide one;

        4)    moved to compel all Defendants to tell Plaintiffs whether Defendants planned to search for WebHouse documents when Defendants refused to do so – documents that, as detailed in Plaintiffs' July 7, 2006 motion to compel, are among the most relevant documents at issue in this case;

        5)    moved to compel all Defendants to provide supplemental responses to challenged interrogatories after Defendants had refused to do so.

    o    The Court's Orders: In two separate orders, Judge Squatrito:

        1)    ordered that: ***"Defendants shall submit a privilege log meeting the standard set forth in Rule 37(a)(1) of the Local Rules of Civil Procedure for the District of Connecticut on or before the tenth day of each month. The privilege log shall set forth documents withheld during the preceding month."*** Exhibit F to Comite Decl. (April 6, 2005 Order).

        2)    ordered that: ***"Overbreath and undue burden objections shall be specifically stated in response to each individual discovery request"*** and requiring the party asserting these objections to ***"provide a brief explanation of the basis for the objections with respect to each individual discovery request."*** *Id.*

3) ordered Defendants to *"produce documents responsive to plaintiffs' requests, on a rolling basis, on or before July 31, 2005."* Id.

4) ordered that: *"Defendants shall submit affidavits from their counsel stating, with respect to materials pertaining to WebHouse . . . (1) that all documents in the party's possession or control have been produced or withheld on the basis of privilege; (2) that counsel has made good faith efforts to locate and obtain other documents and materials; and (3) a brief description of these efforts."* Id.

5) *ordered Defendants to provide supplemental responses to 6 of the 8 challenged interrogatories at issue*. Exhibit G to Comite Decl. (June 7, 2005 Order, at 4-7).

**2.**    **Plaintiffs' July 14, 2005 Motion to Compel:**

o   Relief Sought:  In this motion, Plaintiffs moved to compel the Priceline Defendants to provide documents responsive to Plaintiffs' document requests and to provide sufficient responses to several of Plaintiffs' interrogatories;

o   The Court's Order:   On November 23, 2005, Judge Squatrito *ordered the Priceline Defendants to produce documents responsive to all but 3 of the challenged document requests and ordered the Priceline Defendants to supplement several of the challenged interrogatory responses*.  Exhibit H to Comite Decl. (Nov. 23, 2005 Order, at 4-7).[5]

**3.**    **Plaintiffs' August 11, 2005 Motion to Compel:**

o   Relief Sought:    In this motion, Plaintiffs moved to compel the Priceline Defendants to provide additional information about the "privileged" documents on their log when they refused to do so and to produce non-privileged documents they had placed on their privilege log;  Exhibit C to Comite Decl. (Plfs' Aug. 11, 2005 MTC);

o   The Court's Order:  On December 8, 2005, Judge Squatrito held that: *"defendants have not adequately demonstrated that their objections should be sustained with respect to all entries. Defendants should bear the burden of demonstrating that information is protected by the attorney-client privilege or the work product immunity doctrine, and must therefore supplement their privilege log to provide information necessary to make an informed determination of the validity of their objections."* Exhibit D to Comite Decl. (Dec. 8, 2005 Order, at 3).

---

[5] The Court dismissed Plaintiffs' motion to compel with respect to 3 of the challenged document requests because the Priceline Defendants represented to the Court in their opposition papers that they had no documents in their possession, custody or control that were responsive to those challenged document requests. *Id.* (Nov. 23, 2005 Order, at 5-7).

4.    **Plaintiffs' September 22, 2005 Motion to Compel:**

  o  Relief Sought:    In this motion, Plaintiffs moved to compel the Priceline Defendants to produce emails and electronic documents from Priceline's email and corporate file servers when Defendants refused to so do;

  o  The Court's Order:   On December 8, 2005, Judge Squatrito ordered the Priceline Defendants to:

    1)  ***produce the emails and electronic documents on the corporate file servers***; Exhibit I to Comite Decl. (Dec. 8, 2005 Order);

    2)  ***file monthly status reports with the Court so the Court can "observe the process,"*** *id.*; and

    3)  ***"produce a summary of their methodology so that plaintiffs can argue for the inclusion of more data if appropriate***; *id.*

5.    **Plaintiffs' March 30, 2006 Motion to Compel:**

  o  Relief Sought:    In this motion, Plaintiffs moved to compel the Priceline Defendants to produce responsive, non-privileged documents that they had improperly placed on their privilege log;  Exhibit E to Comite Decl. (Plfs' Mar. 30, 2006 MTC);

  o  The Court's Order:    On June 9, 2006, ***this Court ordered the Priceline Defendants to submit to the Court "the underlying documents that are still in dispute for an in camera inspection."***  Exhibit J to Comite Decl. (June 9, 2006 Order).  This prompted the Priceline Defendants to remove 277 non-privileged documents from their log.

Plaintiffs have prevailed on virtually every issue in every motion to compel filed against the Priceline Defendants in this case.  Nevertheless, the Priceline Defendants now claim that Plaintiffs are filing discovery motions to "obstruct the discovery process."  Docket No. 337 (Defs' Opp. To Motion to Compel, at 27).  The truth of the matter is that Plaintiffs have been forced to engage in motion practice because Defendants have used every tactic available to avoid producing responsive documents – documents that Plaintiffs need to prosecute the complex securities fraud claims at issue in this case.

As every lawyer knows, it is the Defendants who win when Plaintiffs are forced to engage in this type of extensive motion practice – both because it diverts Plaintiffs' attention away from prosecuting the actual claims at issue in the case and because, if improperly withheld documents are not challenged, the documents are never produced and disappear entirely from the case. The Priceline Defendants' recent removal of non-privileged documents from their log on the eve of the *in camera* review is the latest example of this aggressive litigation strategy.

To date, the Priceline Defendants' strategy has worked. Plaintiffs have been forced to hold off on taking the bulk of the fact depositions for over a year because Plaintiffs still have not received many documents that Defendants know are among the most relevant in this case.[6] These documents include:

- the WebHouse emails and electronic documents on the WebHouse backup tapes, which, as explained in Plaintiffs' July 7, 2006 motion to compel, go to the very heart of the claims at issue in this case;

- responsive Priceline emails and electronic documents from Priceline's corporate servers, which are the subject of Plaintiffs' July 6, 2006 motion to compel;

- non-privileged documents that the Priceline Defendants have improperly placed on their privilege log, which are the subject of Plaintiffs' March 30, 2006 Motion to Compel;

- documents located on Defendant Jay Walker's personal computer, which Plaintiffs have requested in letters and during meet and confers; and

- documents relating to Jay Walker's personal financial situation and the margin loan that he took out to purchase over one hundred million dollars worth of Priceline stock, which Plaintiffs have addressed in letters and during the parties' meet and confers.

---

[6] A copy of the scheduling order is attached as Exhibit K to the Comite Declaration. It called on Defendants to complete document discovery by December 30, 2005. The Court vacated the scheduling order in December 2005 when the Defendants had yet to produce the electronic documents. Defendants had not produced the vast majority of these documents even though they had these documents in their possession, custody and control through the discovery period. As of the filing of this surreply, there is no scheduling order in place.

These are all highly responsive documents that fall squarely within the bounds of legitimate discovery and they are documents that Defendants still have not produced. It is the Defendants' consistent and improper refusal to produce responsive, non-privileged documents – and nothing more – that has forced Plaintiffs to come before the Court. While it is understandable that Defendants do not wish to produce incriminating evidence, the mere fact that Plaintiffs have exercised their rights to force Defendants to comply with their duties under the Rules cannot form the basis for the sanctions Defendants seek.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Priceline Defendants' cross-motion seeking a protective order and their request that Plaintiffs' counsel pay their expenses, including attorneys' fees, be denied. Plaintiffs also request that the Court award Plaintiffs all additional relief that it deems to be necessary and appropriate in light of the circumstances surrounding Plaintiffs' August 11, 2005 and March 30, 2006 Motions to Compel and the Priceline Defendants' April 27, 2006 Cross-Motion For a Protective Order.

Respectfully submitted,

SCOTT + SCOTT, LLC

*/s/ Erin Green Comite*
David R. Scott (ct16080)
Geoffrey M. Johnson
Erin Green Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
1690 Williston Road

P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030

**Co-Lead Counsel**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2006, a copy of the foregoing SURREPLY IN OPPOSITION TO THE PRICELINE DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER AND IN FURTHER SUPPORT OF PLAINTIFFS' FOURTH MOTION TO COMPEL was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing.  The parties may access this filing through the court's CM/ECF System.


*/s/ Erin Green Comite*
David R. Scott (ct16080)
Geoffrey M. Johnson
Erin Green Comite (ct24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
drscott@scott-scott.com
ecomite@scott-scott.com