# **<u>EXHIBIT D</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                                            |   |                          |
|--------------------------------------------|---|--------------------------|
|                                            | : |                          |
|                                            | : |                          |
| IN RE: PRICELINE.COM INC.                  | : | MASTER FILE NO.          |
| SECURITIES LITIGATION                      | : | 3:00CV01884(DJS)         |
| ────────────────────────────────          | : |                          |
|                                            | : |                          |
| This document relates to:                  | : |                          |
|                                            | : |                          |
| ALL ACTIONS                                | : |                          |

<u>MEMORANDUM OF DECISION AND ORDER</u>

Now pending in the above-captioned matter is plaintiffs'
third motion to compel (dkt. # 201) discovery from defendants.
For the reasons set forth herein, this motion is **GRANTED in part**
and **DENIED in part without prejudice.**

**I. BACKGROUND**

Lead plaintiffs bring this action on behalf of members of a
putative class of persons who purchased or otherwise acquired
securities of priceline.com Inc. ("Priceline") between January
27, 2000 and October 2, 2000 ("Class Period"), pursuant to
Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t,
of the Securities Exchange Act of 1934 ("the Exchange Act"), as
amended by the Private Securities Litigation Reform Act of 1995
("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. §
240.10b-5, promulgated thereunder, against Priceline, Jay S.
Walker, N.J. Nicholas, Daniel H. Schulman, and Richard S.
Braddock.  Plaintiffs allege that defendants' false and
misleading statements inflated the value of Priceline's stock to

the benefit of the defendants and other company insiders and to
the detriment of the plaintiffs.  Specifically, plaintiffs allege
that during the period from mid-July 2000 to September 26, 2000,
defendants sold, in the aggregate, millions of shares of
Priceline stock, allowing them to profit substantially prior to
disclosing various deficiencies in Priceline's short term
economic outlook.

The gravamen of plaintiffs' allegations is that defendants
grossly overstated the utility of Priceline's business model, and
that defendants, outside the view of the investing public, spent
exorbitant amounts of Priceline's cash to keep the doomed venture
called WebHouse afloat primarily to bolster their statements
about the utility of the business model.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the
scope of discovery.  Specifically, "[p]arties may obtain
discovery regarding any matter, not privileged, which is relevant
to the subject matter involved in the pending action. . . ."
Fed. R. Civ. P. 26(b)(1).  As a general proposition, the Federal
Rules of Civil Procedure concerning discovery are to be construed
broadly. See generally 6 Moore's Federal Practice § 26.41(1)
(Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S.
153, 177 (1979)).  A valid discovery request need only "encompass
any matter that bears on, or that reasonably could lead to other

-2-

matter that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985).

In the instant motion, plaintiffs seek an order overruling defendants' attorney-client privilege and work product immunity objections and compelling defendants to produce certain documents.  The overriding theme of plaintiffs' motion is that defendants have not provided sufficient information to establish that certain documents are privileged or work product, and have therefore not met their burden of asserting their objections or have waived their objections.

Although defendants' privilege log meets the technical requirements of Rule 37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut, which precludes the finding that defendants have forfeited or waived their objections, defendants have not adequately demonstrated that their objections should be sustained with respect to all entries.  Defendants shoulder the burden of demonstrating that information is protected by the attorney-client privilege or the work product immunity doctrine, and must therefore supplement their privilege log to provide information necessary to make an informed determination of the validity of their objections.  See U.S. v. International Broth.

-3-

of Teamsters, Chauffeurs, Warehousemen and Helpers of America,
AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997) ("The burden of
establishing the existence of an attorney-client privilege, in
all of its elements, rests with the party asserting it.").

    Specifically, the bases for defendants' privilege and work
product objections are, in some cases, complex, and defendants
must elaborate upon why these documents deserve protection.  Many
of the documents listed in the privilege log were sent to several
persons outside of Priceline- such as attorneys from multiple law
firms and persons from other business firms, such as WebHouse.
Plaintiffs justifiably express the concern that the information
within the documents listed may not be privileged because it may
have been revealed to persons outside the attorney-client zone of
protection.  Defendants correctly point out that they may be
entitled to assert a joint defense privilege.  Defendants must
therefore place the communications in context so that an informed
determination can be made with respect to each document drafted
or received by persons affiliated with multiple companies or
firms.  See Lugosch v. Congel, 219 F.R.D. 220, 241 (N.D.N.Y.
2003) ("The co-parties asserting the joint defense privilege will
still be required to demonstrate, inter alia, they had a shared
common interest and prior to sharing the work product amongst
them, there existed an agreement that they will pursue a
joint-defense strategy."); SCM Corp. v. Xerox Corp., 70 F.R.D.

-4-

508, 513 (D. Conn. 1976)  ("The timing and setting of the
communications are important indicators of the measure of common
interest. . . .").

Likewise, defendants must attempt to explain how documents
it claims are immune from discovery pursuant to the work product
doctrine were created in anticipation of litigation.  See U.S. v.
Aldman, 134 F.3d 1194, 1202 (2d Cir. 1998).  As the Court of
Appeals has explained, a document is prepared in anticipation of
litigation when "in light of the nature of the document and the
factual situation in the particular case, the document can fairly
be said to have been prepared or obtained *because of* the prospect
of litigation."  Id. (quoting 8 Charles A. Wright, et al.,
Federal Practice and Procedure § 2024 (2d ed. 1994)) (emphasis in
original).  Defendants should also identify documents, or
portions thereof, that qualify as opinion work product, and are
therefore eligible for heightened protection.

### III. CONCLUSION

More information is required before the court can rule upon
defendants' privilege and work product objections.  Defendants
bear the burden of providing more information to plaintiffs, and
eventually to the court, to assist in this determination.  As
such, the court orders the following with respect to plaintiffs'
third motion to compel (dkt. # 201):

1.   Inasmuch as plaintiffs seek a more detailed explanation

-5-

of the basis for defendants' objections to producing the documents identified in plaintiffs' motion, plaintiffs' motion is **GRANTED.** The court, however, will not dictate the manner in which defendants will provide this information; defendants shall provide whatever information is necessary to meet their burden with respect to each objection.

2.     Inasmuch as plaintiffs seek an order overruling defendants' objections and compelling production, plaintiffs' motion is **DENIED without prejudice.** Defendants shall serve revised privilege logs upon plaintiffs on or before **February 17, 2006.** Plaintiffs may renew their motion within twenty (20) days of the end of the meet and confer process.

So ordered this 8th day of December, 2005.


                                        **/s/DJS**
                    _____
                        **DOMINIC J. SQUATRITO**
                        **UNITED STATES DISTRICT JUDGE**