# **EXHIBIT H**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM INC. SECURITIES LITIGATION | : : : : | MASTER FILE NO. 3:00CV01884(DJS) |
| This document relates to: ALL ACTIONS | : : : : : | |

## MEMORANDUM OF DECISION AND ORDER

Now pending in the above-captioned matter is plaintiffs' second motion to compel (dkt. # 188) discovery from defendants. For the reasons set forth herein, this motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Lead plaintiffs bring this action on behalf of members of a putative class of persons who purchased or otherwise acquired securities of priceline.com Inc. ("Priceline") between January 27, 2000 and October 2, 2000 ("Class Period"), pursuant to Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t, of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Priceline, Jay S. Walker, N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock. Plaintiffs allege that defendants' false and misleading statements inflated the value of Priceline's stock to

the benefit of the defendants and other company insiders and to the detriment of the plaintiffs. Specifically, plaintiffs allege that during the period from mid-July 2000 to September 26, 2000, defendants sold, in the aggregate, millions of shares of Priceline stock, allowing them to profit substantially prior to disclosing various deficiencies in Priceline's short term economic outlook.

The gravamen of plaintiffs' allegations is that defendants grossly overstated the utility of Priceline's business model, and that defendants, outside the view of the investing public, spent exorbitant amounts of Priceline's cash to keep the doomed venture called WebHouse afloat primarily to bolster their statements about the utility of the business model.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Specifically, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1). As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985).

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)). The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and

> pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.

Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show

specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

On March 1, 2005, plaintiffs served the Second Set of Requests for Production of Documents and Interrogatories upon defendants, and on April 25, 2005, defendants served responses thereto. Plaintiffs challenge the sufficiency of certain responses offered by defendants. Each specific challenge is discussed in turn.

1. Request for Production 3

Plaintiffs seek "[a]ll documents concerning the investment policies or practices of any Defendant including, but not limited to, all statements of investment policy prepared by or for any Defendant." Defendants have objected to this request on the basis of relevance. According to plaintiffs, information regarding defendants' ordinary trading practices is relevant to plaintiffs' claim that defendants' trades in Priceline stock during the Class Period are probative of defendants' state of mind while making the statements set forth in the complaint. Defendants have since stated that they do not object to providing information about each defendant's trades in Priceline shares,

-4-

but they still maintain that information regarding their trades in other securities is not relevant to plaintiffs' claims.

Defendants' objection is overruled. The information requested could lead to admissible evidence regarding defendants' state of mind while they traded in Priceline shares during the Class Period. Defendants' proposed limitation prohibits plaintiffs from learning the context of defendants' Priceline trades. The context could be relevant to defendants' motivation for trading in Priceline shares during the Class Period. Plaintiffs' motion is granted with respect to this request.

2. Document Request 8

Plaintiffs seek "[a]ll transcripts or other recordings (including audio or video-tape recordings) of any testimony given by any Defendant in any civil, criminal, administrative or other proceeding, whether or not given under oath." Defendants posed the following response:

> Defendants state that this request is a duplicate of one of Defendants' document requests to plaintiffs and that plaintiffs have refused to produce any documents in response to that request. Accordingly, defendants will produce documents in response to this request to the extent that plaintiffs produce documents in response to Defendants' requests.

(Dkt. # 188 Ex. B at 7). In their memorandum of law, defendants pose a relevance objection to this request.

Defendants' stated objection has no legal basis; further, because their relevance objection was not set forth in their

-5-

responses to plaintiffs' requests, it has been waived. Subsequent correspondence between the parties does not alter this result. This is not a case where a party waives a previously stated objection, agrees to produce documents without waiving an objection, or clarifies or elaborates upon a stated objection. Here, defendants did not pose a legally cognizable objection to plaintiffs' request and now seek to interpose an objection through their memorandum of law and correspondence. Under these circumstances, with respect to this particular discovery request, defendants have waived their objections. Plaintiffs' motion is granted with respect to this request.

3. Document Request 11

Plaintiffs seek "[a]ll documents concerning any agreement or understanding relating to this Action between or among any of the Defendants, including, without limitation, any joint defense agreement or indemnification agreement." Defendants have posed objections to this request, but also state that they have not withheld any responsive documents. Therefore, the court will not decide whether defendants' objections are valid at this time. Defendants may re-assert their stated objections should a duty to supplement arise pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure. Plaintiffs' motion is denied without prejudice with respect to this request.

4. Document Requests 12 & 13

Defendants respond by stating that they have no non-privileged documents responsive to these requests. Plaintiffs' motion is therefore denied with respect to these requests.

5. Interrogatories 1-3, & 34

These interrogatories are "contention interrogatories" addressed to defendants' position that class certification in this matter is not appropriate. Defendants state that they should not have to answer because discovery has not yet been completed and that any answer to these interrogatories will necessarily be set forth in their memorandum of law in opposition to plaintiffs' motion for class certification.

Defendants need not answer these interrogatories at this time. "An otherwise proper interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c). A court may delay the answers to any such opinion or contention interrogatories until "after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c). Plaintiffs may renew this motion if a need for this information arises after the court decides plaintiffs' pending motion for class certification. Plaintiffs' motion is denied without prejudice with respect to these

requests.

    6.    Interrogatories 7 & 8

These interrogatories require defendants to identify those persons who had knowledge of certain Priceline decisions as follows: "[i]dentify all persons with knowledge concerning the decision to recognize the value of the WebHouse warrants at $188.8 million as income in the 4th Quarter of 1999," (dkt. # 188 Ex. B at 19); and "[i]dentify all persons with knowledge concerning the decision to write off the WebHouse Warrants and take a one-time charge of $188.8 million in the 3rd Quarter of 2000," (id.). Defendants object and claim that the interrogatories are vague, overly broad, and unduly burdensome. Notwithstanding these objections, defendants have responded, but have limited their response to those persons who were "primarily familiar with" and "primarily involved in" these decisions. Plaintiffs contend that this court should compel a complete, unedited response.

Defendants have fairly responded to a an exceedingly broad request. By its terms, plaintiffs' request requires defendants to canvass each employee- including persons with no involvement in the decision-making process such as assistants and other staff- in an effort to determine whether each person knew about the decisions in question. The slim chance that plaintiffs would discover relevant information outside the core group of persons

-8-

listed by defendants does not justify the effort necessary to provide this information. Defendants' objection regarding the burden of providing this information is sustained. Plaintiffs' motion is denied with respect to these requests.

7. Interrogatory 12

In this interrogatory, plaintiffs ask defendants to identify "the individual or individuals who made" certain decisions. Defendants provided the names of those individuals "primarily involved in" the decisions at issue. Defendants must provide a complete response because they should be able to identify, with little difficulty, who made the decisions at issue. Plaintiffs' motion is granted with respect to this request.

8. Interrogatory 21

Plaintiffs ask defendants to "[i]dentify all persons with knowledge about the launch of hotwire.com in June of 2000, including, without limitation, the financial or business impact that hotwire.com could or would have on Priceline's financial or business results." Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. This objection is sustained; defendants cannot be expected to canvass all persons within its control who might have any knowledge of another company. Plaintiffs can obtain this information through other means or through a more specific interrogatory. Plaintiffs' motion is denied with respect to this request.

9.  Interrogatories 22, 23, & 24

Plaintiffs have requested the following of defendants: "[i]dentify any insurer or other third party that has reviewed and/or investigated the claims asserted in this Action," (dkt. # 188 Ex. B at 30); "identify all persons knowledgeable concerning any such review and/or investigation," (id. at 31); and "identify the persons with whom the insurer or other third party has communicated and/or interviewed as part of the review or investigation," (id.).  Each of defendants' objections to these requests are overruled, with one exception.  Plaintiffs' interrogatory 23 is overly broad because it seeks the name of each person who may have knowledge of an investigation irrespective of the extent of that person's knowledge. Plaintiffs may pose a more specific interrogatory should the need arise.  Defendants must answer interrogatories 22 and 24 to the best of their ability, and their response should not be limited to investigations conducted by insurers.  Plaintiffs' motion is granted with respect to interrogatories 22 and 24, and denied with respect to interrogatory 23.

10.  Interrogatory 20

Plaintiffs request that defendants "[d]escribe in detail any and all problems experienced with the Priceline and WebHouse computer systems and websites during the Class Period and identify all persons with knowledge concerning such problems."

Defendants object on the basis that the request is overly broad and unduly burdensome.  Defendants' objection is sustained; plaintiffs' request, by its terms, requires defendants to describe even minor computer problems within a company that makes extensive use of computers, which would be an unreasonable burden.  Plaintiffs can learn this information through less burdensome means or through a more specific interrogatory.  Plaintiffs' motion is denied with respect to this request.

### III. CONCLUSION

For the reasons set forth herein, plaintiffs' motion to compel (dkt. # 188) discovery from defendants is **GRANTED in part** and **DENIED in part.** Defendants shall supplement their responses as directed herein on or before **December 21, 2005.**

So ordered this _____ day of November, 2005.


/s/DJS
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**