IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : MASTER FILE NO. : 3:00-CV-01884 (AVC) |
| This document relates to: | : |
| ALL ACTIONS | : August 10, 2006 |

**DEFENDANT JAY S. WALKER'S AUGUST 10, 2006 STATUS REPORT REGARDING THE PRODUCTION OF ELECTRONIC INFORMATION**

Defendant Jay S. Walker ("Walker") submits this Status Report on the Production of Electronic Information pursuant to the December 8, 2005 directive of the Court that the defendants file a monthly status report on the production of electronic information.

As reflected in Mr. Walker's last several status reports, there are 181 back-up tapes, at least 73% of which are from 1999. The volume of electronic data contained on the back-up tapes is enormous, and the types of files are varied, with email being just one example. Of these 181 back-up tapes, 29 back-up tapes have been restored. As described in Mr. Walker's July 10, 2006 status report, a document-by-document review of just the email files on the restored back-up tapes would result in hundreds of thousands of dollars of vendor charges and in excess of $70 million in estimated attorneys' fees.

In light of these staggering statistics, we have devoted considerable time and effort to determine how best to utilize electronic tools to cull from these tapes that information – if any – that might have some significance to this case.

As reflected in our prior status reports, we have attempted to have a dialogue with plaintiffs about the most efficient and cost-effective approach for attaining this goal. Despite

1

plaintiffs' failure to cooperate in this dialogue, Mr. Walker's counsel has expended considerable professional time and other resources analyzing reasonable methodologies for identifying potentially relevant data on the restored backup tapes in a manner – and for a cost – that is reasonable under the circumstances.

For example, in addition to taking the steps described in prior status reports, Mr. Walker's counsel reviewed prior discovery responses to cull down plaintiffs' list of 121 "key" individuals for which they seek an email-by-email review to 55 individuals who had been identified in discovery responses and the defendants' initial disclosures as having information that might bear on this case. Mr. Walker's counsel provided the electronic vendor with instructions to load and filter such files in preparation for release to a review tool. More specifically, Mr. Walker's counsel has, thus far, initiated the following methodology for culling through the voluminous .pst email data on the restored tapes:

1. Mr. Walker's counsel has obtained a copy set of those emails produced by other defendants.

2. Per Mr. Walker's counsel's instructions, Mr. Walker's electronic vendor has uploaded a copy set of those electronic emails produced by the other defendants.

3. From the list of 121 individuals for whom plaintiffs seek an email-by-email review, Mr. Walker's counsel has identified 55 as most likely to have responsive information based on prior discovery responses.

4. Per Mr. Walker's counsel's instructions, Mr. Walker's electronic vendor has uploaded the entire .pst mailboxes for any of these 55 individuals for whom mailboxes exist on the restored back-up tapes and has filtered those email boxes to exclude emails sent before or after the following date range: March 1, 1999 to April 1, 2001.[1]

5. Per Mr. Walker's counsel's instructions, Mr. Walker's electronic vendor has filtered the uploaded data for numerous attorney and law firm names so that the emails that were sent by, received by or copied to such persons or law firms can be tagged as potentially privileged and so that these particular emails can, where practical, be reviewed after the review of the remaining email population that results from the filtering.

6. Per Mr. Walker's counsel's instructions, Mr. Walker's electronic vendor has tagged those emails from the back-up tapes that are duplicates of emails produced by other defendants or that are duplicates of emails within the uploaded data from the back-up tapes.

The email population that remains, after the above-described filtering for these 55 custodians, even after disregarding duplicate emails, appears to be too voluminous for an email-by-email review absent imposing an undue burden in light of the circumstances. Mr. Walker's counsel intends to conduct an email-by-email review of Mr. Walker's and Mr. Braddock's .pst mailboxes (as well as potentially other emails to the extent it appears to promote efficiencies to

---

[1] In Judge Squatrito's April 6, 2005 Order (Dkt 164), at paragraph 5, he ruled that "All requests for documents and information directed to defendants shall be limited to this time period unless otherwise specified for good cause."

review such emails concurrently with the email-by-email review of Mr. Walker's and Mr. Braddock's .pst mailboxes).

Once this review nears completion, Mr. Walker will have some factual data as to the percentage of responsive documents, the percentage of potentially privileged documents, and the percentage of duplicate documents, from which it can derive estimates as to the degree to which the remainder of the database is likely to contain responsive or significant information, and the costs associated with extracting and reviewing such information. With that information in hand, Mr. Walker can determine and be prepared to present to the Court what additional filters and review steps, if any, are reasonable under the circumstances.

DATED: August 10, 2006

Defendant, Jay S. Walker

By: /s/

Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax:    (203) 977-7301
tdgoldberg@dbh.com – E-mail

- and -

J. Michael Hennigan (phv01119)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01117)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – E-mail

His Attorneys

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2006, a copy of defendant Jay S. Walker's August 10, 2006 Status Report the Production of Electronic Information was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

David R. Scott, Esq.
Mark V. Jackowski, Esq.
Erin Green Comite, Esq.
SCOTT & SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Jules Brody, Esq.
Aaron Brody, Esq.
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Eben F. Duval, Esq.
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403

Daniel Slifkin, Esq.
James G. Hein, Esq.
Robert K. Simonds, Esq.
CRAVATH, SWAINE & MOORE
825 Eight Avenue
New York, NY 10019

Andrew M. Schatz, Esq.
Jeffrey S. Nobel, Esq.
Patrick A. Klingman, Esq.
SCHATZ & NOBEL, PC
One Corporate Center
20 Church Street
Suite 1700
Hartford, CT 06103

Geoffrey M. Johnson, Esq.
Scott & Scott, LLC
33 River Street
Chagrin Falls, OH 44022

J. Daniel Sgarin, Esq.
David A. Slossberg, Esq.
Margaret E. Haering, Esq.
HURWITZ & SAGARIN, LLC
147 N. Broad Street
Milford, CT 06460

Joseph L. Clasen, Esq.
William J. Kelleher, Esq.
ROBINSON & COLE LLP
Financial Centre
695 East Main Street
Stamford, CT 06904

By: _____
    Shawna L. Ballard