UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: Priceline.com Inc. | : | Master File No. |
| Securities Litigation | : | 3:00cv1884 (AVC) |
| ------------------------------------------------------- | : | |
| This document relates to: | : | |
| | : | |
| All Pending Actions | : | |
| | : | |
| | : | August 10, 2006 |
| | : | |

## STATUS REPORT ON THE PRODUCTION OF ELECTRONIC INFORMATION

On December 8, 2005, the Court directed Defendants to, beginning in January 2006, file a monthly status report on the production of electronic information. (Decision and Order, dated December 8, 2005 ("December 8th Order").) Pursuant to that Order, Defendants priceline.com Inc. ("priceline"), Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas (collectively, "Defendants") submit this August 10, 2006 Status Report on the Production of Electronic Information.

This August 10 Status Report updates the information provided in Defendants' previous January 10, February 10, March 9, April 10, May 10, June 12, 2006, and July 10, 2006 Status Reports and Defendants incorporate those Reports by reference.

1.  Emails.

To date, Defendants have produced more than 450,000 pages of emails from the snapshot and the departed employee tapes that were retrieved from the email files of an agreed-upon list of 80 custodians. As we have reported to the Court and the plaintiffs on numerous occasions, it is Defendants' position that the review and production of responsive, non-privileged emails from the email files of the agreed-upon custodians is complete. Id. at 3.

STAM1-817646-2

Only recently plaintiffs have contended that Defendants should expand their search of email and review <u>all</u> individual email files contained on the snapshot and departed employee tapes using a list of search terms. Plaintiffs' new request would not only duplicate the completed, agreed-upon review of email for the 80 individuals identified by the parties as potentially having relevant information, it would also unnecessarily search all of the other individuals' email files that are not likely to contain relevant information. We believe that plaintiffs' effort to expand the review of email in disregard of the parties' previous agreements is unnecessary and intended only to burden the Defendants.

On July 7, 2006, plaintiffs filed a motion to compel with respect to this issue. Defendants responded to that motion on July 27, 2006.

2.  <u>Non-email electronic material.</u>

On December 19, 2005, plaintiffs agreed to Defendants' initial set of search terms and search parameters for the non-email electronic material on the snapshot and the departed employee tapes. <u>Id.</u> at 4-5. Defendants have now completed the production of responsive and non-privileged documents from that initial search, which total more than 120,000 pages. <u>Id.</u>

As we have reported to the Court and the plaintiffs on numerous occasions, in an effort to move the process forward in the absence of plaintiffs' willingness to compromise, Defendants selected 20 additional search terms that appropriately would target responsive information. Since our July 10 Status Report, Defendants have produced over 407,000 pages of responsive, non-privileged documents from this group of 20 terms. Defendants now have produced more than 1,100,000 total pages from this group.

Moreover, in a continuing effort to push the discovery process forward, Defendants recently selected an additional ten terms, which Defendants advised Plaintiffs of on

August 8, 2006. (See Exhibit A.) Defendants are in the process of reviewing the numerous documents retrieved with those new terms and expect to continue producing responsive, non-privileged documents from that retrieval over the next few weeks.

33 search terms now have been utilized, 30 of which were also proposed by Plaintiffs. It is Defendants' position that our electronic discovery will be completed after the production generated by the 10 most recent search terms.

On July 7, 2006, plaintiffs filed a motion to compel that addressed Defendants' production of non-email materials. Defendants responded to that motion on July 27, 2006.

3. <u>Back-up tapes.</u>

Based on Defendants' preliminary review of the logs of the back-up tapes with our electronic document consultant, it appears that the 40 tapes that were able to be indexed contain irrelevant priceline database material. At this time, none of the back-up tapes have been selected for restoration and it is Defendants' position that, based on the preliminary results of the forensic scans and the Court's December 8th Order, that it is not necessary to restore and review the back up tapes at this time.

4. <u>Cost-shifting.</u>

Defendants continue to reserve their right to seek cost-shifting in connection with electronic discovery, as specifically permitted by the Court's December 8, 2005 Order.

Respectfully submitted,

DEFENDANTS PRICELINE.COM INC.,
N.J. NICHOLAS,
DANIEL SCHULMAN AND
RICHARD S. BRADDOCK


/s/ William J. Kelleher III
Joseph L. Clasen (ct04090)
William J. Kelleher III (ct22140)
Alexander D. Pencu (ct26759)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone: (203) 462-7500
Fax: (203) 462-7599
jclasen@rc.com
wkelleher@rc.com
apencu@rc.com


Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700

*Attorneys for Defendants*
*priceline.com Inc., N.J. Nicholas,*
*Daniel Schulman and Richard S. Braddock*

## CERTIFICATION

I hereby certify that the foregoing was filed with the Court and served on all counsel of record listed below via the Court's ECF system on this 10th day of August, 2006:

| **Co-Lead Counsel**<br>David R. Scott, Esq.<br>Erin G. Comite, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | **Liaison Counsel**<br>Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |
|---|---|

| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.** | **Attorneys for Defendant Jay S. Walker** |
|---|---|
| Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Robert K. Simonds, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel:  212-474-1000<br>Fax:  212-474-3700 | Thomas D. Goldberg, Esq. (ct04386)<br>Terence J. Gallagher, Esq. (ct22415)<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel:  203-977-7300<br>Fax:  203-977-7301<br><br>Jeanne E. Irving, Esq.<br>Hennigan, Bennett & Dorman LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone:  213-694-1200<br>Fax:  213-694-1234 |

/s/ William J. Kelleher III
William J. Kelleher III