### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

IN RE:  PRICELINE.COM, INC.      :   MASTER FILE NO.
SECURITIES LITIGATION          :   3:00-CV-01884 (AVC)
_____  :
                              :
This document relates to:          :
                              :
     ALL ACTIONS               :   AUGUST 17, 2006

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAY S. WALKER'S MOTION FOR PROTECTIVE ORDER REGARDING THE SUBPOENA ISSUED TO GOLDMAN SACHS & CO. SEEKING PERSONAL FINANCIAL INFORMATION

       Jay S. Walker ("Walker") respectfully submits this memorandum of law in support of his motion pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure for a protective order to limit the scope of a subpoena (the "Subpoena") that plaintiffs served on non-party Goldman Sachs & Co.  The Subpoena issued at the request of plaintiffs seeks disclosure of account statements, trading records and other materials related to Walker's personal account at Goldman and the accounts of Walker Digital LLC and Walker Digital Corp. ("Walker Digital") in which Walker held an interest.

       This is a class action brought on behalf of shareholders of priceline.com, Inc. ("Priceline") that purchased stock from January 27, 2000 through October 4, 2000 (the "Class Period").  This class action alleges that the Priceline stock price was artificially inflated during the Class Period as a result of the defendants' actions during the Class Period.  Thus, while the holdings, purchases, sales or pledges of Priceline stock may be relevant to this litigation, the Subpoena seeks production of financial and other information that is highly sensitive and has nothing to do with any issue in the case.

**The Goldman Subpoena**

Walker and Walker Digital held Priceline shares in accounts at Goldman. On or about July 25, 2006, plaintiffs served Goldman with the Subpoena effectively seeking all documents related to the accounts of Walker and Walker Digital with Goldman for the period January 1, 1999 through December 31, 2001.[1] Although the requested documents are relevant only to the extent they relate to Walker's holdings and transactions in Priceline securities, the Subpoena embarks on a far broader quest to obtain personal information about Walker, including his financial holdings and transactions over a broad time-period, his social security number, account numbers and similar private and sensitive information.

Walker does not object to production of information that identifies the holdings, purchases, sales or pledges of Priceline securities during the Class Period. We seek relief, however, because the Subpoena is overly broad in that: (1) it purports to require production of information related to transactions that are not holdings, purchases, sales or pledges of Priceline securities, (2) it purports to encompass a time period well beyond the period that is relevant to the allegations regarding Walker's trades in Priceline shares; and (3) it does not provide for the redaction of confidential personal information that is irrelevant to plaintiffs' claims.[2]

**ARGUMENT**

**THE COURT SHOULD GRANT THE MOTION FOR PROTECTIVE ORDER**

Federal Rule of Civil Procedure 26(c) provides that "Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court . . . may make

---

[1] A copy of the Subpoena is attached as Exhibit A to the Declaration of Terence Gallagher, dated August 17, 2006 ("Gallagher Decl."). Although the Subpoena apparently was served around the July 25 issue date, plaintiffs first notified Walker of the Subpoena in a Notice of Subpoena to Non-Party mailed on August 4, 2006. Although that notice erroneously states that the date of production is August 16, 2006, the Subpoena demands production on August 18, 2006.

[2] On August 17, 2006, counsel for Walker and plaintiffs conferred pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut in an effort to resolve in good faith the issues raised by this motion, but were unable to reach agreement on the issues that are the subject of this motion. See Gallagher Decl. 2.

any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had . . . [and] (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c). Rule 45 of the Federal Rules of Civil Procedure allows a person affected by a subpoena to move to modify a subpoena if the subpoena requires disclosure of privileged or other protected matter or subjects the person served to an undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A) & (B).

Because the Subpoena seeks production of information related to and contained in Walker's personal financial accounts, he has standing to seek modification of the Subpoena. *See, e.g., Chemical Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993) (account holder has standing to object to subpoenas seeking production of bank records, because "[c]ompliance with the subpoena might infringe on certain privacy rights, in that [the subpoenaing party] would have easy access to [objector's] unrelated financial and business dealings in detail."); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (parties had standing to move for a protective order limiting subpoenas seeking discovery of the parties' personal financial records from banks).[3]

## A.    A Protective Order Should Require The Redaction Of Information Other Than Holdings And Transactions In Priceline Securities.

Under Federal Rule of Civil Procedure 26(b)(1), a party is entitled to discovery only of information "that is relevant to the claim or defense of any party." The Advisory Committee Notes to the 2000 Amendment to Rule 26(b)(1) make clear that "[t]he rule change signals . . . to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *See also Rus, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d 302, 318 (S.D.N.Y. 2003) ("[I]t is not sufficient that the material sought be relevant to the

---

[3] Unreported cases cited herein are attached to the Gallagher Declaration as Exhibit E.

general subject matter of the action, if it does not relate to the specific claims or defenses of either party.").

Thus, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *SEC v. Renert*, No. 3:01-CV-1027 (PCD), 2002 WL 32503671, at *2 (D. Conn. June 17, 2002) (*quoting Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). The relevancy standard of Rule 26(b)(1) applies to discovery obtained from both parties and non-parties alike. *See Innomed Labs, LLC v. Alza Corp.*, No. 01 Civ. 8095, 2002 WL 31012165, at *1 (S.D.N.Y. Sept. 6, 2002).

Moreover, courts have recognized the need to limit discovery that unnecessarily seeks personal financial information such as that sought here. For example, in *Reserve Solutions, Inc. v. Vernaglia*, No. 05 Civ 8622, 2006 WL 1788299, at *2 (S.D.N.Y. June 26, 2006), the magistrate quashed a non-party subpoena seeking personal financial records from American Express because it infringed on privacy rights and was "not limited to the accounts and transactions at issue in this case." The district court recently denied a motion to set aside this order. *Reserve Solutions, Inc. v. Vernaglia*, 2006 WL 2337244 (S.D.N.Y. August 11, 2006). Similarly, in *Carey v. Berisford Metals Corp.*, the court limited subpoenas served upon nonparty banks and seeking all information relating to bank and investment accounts so as to limit the production to transactions and a time period relevant to the fraud allegations at issue in the case. *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045, 1991 WL 44843 at * 8 (S.D.N.Y. March 28, 1991). *See also Chemical Bank v. Dana,* 149 F.R.D. at 13-14 (limited discovery of bank records to the particular business dealings at issue because plaintiff's "right to obtain relevant discovery is outweighed by [party's] privacy interests in these documents" ); *Chazin,* 129 F.R.D. at 98

(limiting subpoena seeking documents from nonparty institutions, including banks, to exclude the time period before which plaintiff alleged acts of fraud).

This is a securities fraud case involving Priceline stock. Plaintiffs allege that Walker and the other defendants made false and misleading statements during the Class Period that artificially inflated the value of Priceline stock. Plaintiffs' allegations include that Walker "sold Priceline shares at prices artificially inflated by Defendants' course of conduct" (Consolidated Amended Complaint ("CAC") ¶ 44, (emphasis added)) and that his trading in Priceline securities was "suspicious in timing and amount" (CAC ¶ 45). Thus, the only trading documents that are relevant to the securities litigation are those evidencing holdings or transfers of Priceline securities. Accordingly, a protective order should issue requiring redaction of information regarding holdings or transactions other than those transactions evidencing holdings purchases, sales or pledges of Priceline securities.[4]

**B.    A Protective Order Should Exclude Information Relating To Transactions Outside The Class Period.**

Plaintiffs in their Subpoena seek production of information for a three-year period from January 1, 1999 through December 31, 2001, which stretches far beyond the January 27, 2000 to October 4, 2000 Class Period. However, the Walker and Walker Digital Priceline trades alleged in the complaint were sales made during the Class Period at prices that were allegedly artificially inflated by the Defendants' conduct during the Class Period. Walker or Walker Digital's holdings or transactions outside the Class Period are not relevant to these allegations.

---

[4] In an earlier discovery dispute involving other defendants in the case, Judge Squatrito ruled that those defendants must respond to discovery requests seeking information about trading in securities other than Priceline. See Memorandum of Decision and Order dated November 23, 2005 [Docket No. 243]. Walker was not a party to that dispute, and the court apparently concluded that the requested information was relevant to defenses and positions asserted by those defendants that are not relevant to Walker. A copy of the November 23, 2005 Order is attached as Exhibit B to the Gallagher Declaration.

Requests 2 through 6 to Schedule A to the Subpoena seek information relating to Walker and Walker Digital's holdings and transactions. This Court should issue a protective order limiting the production of documents responsive to Requests 2 through 6 to documents within the Class Period.

The time period for productions of other responsive documents should also be limited because plaintiffs' proposed time period for production is broader than any that has been approved in this case. In earlier rulings, Judge Squatrito has generally limited the relevant time period for document productions to March 1, 1999 through April 1, 2001, absent a good cause showing for a different time period. *See* Order dated April 6, 2005 [Docket No. 164] ¶ 5 (limiting all requests to defendants to that time period "unless otherwise specified for good cause"); Memorandum of Decision and Order dated June 14, 2005 [Docket No. 184] at 3 (limiting production by then nonparty Deloitte Touche Tohmatsu to "the relevant time period set by the court, which is March 1, 1999 through April 1, 2001").[5] Therefore, as for the remaining Document Requests (Requests 1, 7 and 8), the production should be limited to the March 1, 1999 through April 1, 2001 time-period, and, to the extent documents responsive to these requests contain information regarding transactions or holdings outside the Class Period, such information should be redacted from the production.

### C.     A Protective Order Should Protect Other Confidential and Sensitive Personal Information.

The Subpoena makes no provision for – and plaintiffs have refused to agree to – redaction of highly confidential personal information, such as Walker's social security number, current home address, personal information disclosed on new account forms, or account numbers

---

[5] Copies of the April 6, 2005 Order and June 14, 2005 Order are attached, respectively, as Exhibits C and D to the Gallagher Declaration. The Subpoena inexplicably seeks documents beginning on January 1, 1999, even though the Connecticut court has made clear in prior rulings that it will not permit discovery of documents before March 1, 1999 or after April 1, 2001 without a showing of good cause.

reflected in the requested documents, including the various account numbers for accounts of Walker and his family members. Such redaction is of compelling importance, given the widespread recognition that an individual has a right to privacy in his or her personal financial matters. *See, e.g.,* Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 *et seq.*; Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.* ("It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information"); Conn. Gen. Stat. §§ 36a-41 *et seq.*

Courts have been understandably sensitive to these concerns. *See, e.g., Reserve Solutions*, 2006 WL 1788299, at *2 (quashing a non-party subpoena seeking personal financial records because it infringed on privacy rights). In this case, too, provision must be made to protect such personal information, which can be accomplished simply by redacting such information. The information has no probative value and, even if plaintiffs could fashion some argument to the contrary, any probative value is outweighed by Walker's privacy interest in this information. *See* 8 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2043 (2d ed. 1994 & Supp. 2006) at 559 ("If . . . confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information").

## CONCLUSION

For the foregoing reasons, Defendant Jay S. Walker respectfully requests that this Court grant the motion and issue a protective order: (i) limiting the production of any information relating to any holdings or transactions to only that information evidencing holdings, purchases, sales or pledges of Priceline securities and requiring the redaction of information relating to any

holdings or transactions other than holdings, purchases, sales or pledges of Priceline securities, (ii) limiting the relevant time period for Requests 2 through 6 set forth in Schedule A to the Subpoena to the Class Period, (iii) limiting the relevant time period for Requests 1, 7 and 8 set forth in Schedule A to the period from March 1, 1999 through April 1, 2001, but requiring the redaction of any information in these documents relating to any holdings or transactions outside the Class Period, (iv) requiring the redaction of personal identifying and similar information, and (v) granting such other and further relief as the Court deems appropriate.

DEFENDANT, JAY S. WALKER


By:    /s/ Terence J. Gallagher
        Thomas D. Goldberg (ct04386)
        Terence J. Gallagher (ct22415)
        Day, Berry & Howard LLP
        One Canterbury Green
        Stamford, CT 06901
        Phone:  (203) 977-7300
        Fax:     (203) 977-7301
        tdgoldberg@dbh.com – E-mail

         - and -

        J. Michael Hennigan (phv01119)
        Bruce Bennett (phv01115)
        Jeanne E. Irving (phv01118)
        Shawna Ballard (phv01117)
        Hennigan, Bennett & Dorman LLP
        865 South Figueroa Street, Suite 2900
        Los Angeles, California 90017
        Telephone:  (213) 694-1200
        Fax:  (213) 694-1234
        irvingj@hbdlawyers.com – E-mail

        His Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, a copy of Memorandum of Law in Support of Defendant Jay S. Walker's Motion for Protective Order Regarding the Subpoena Issued to Goldman Sachs & Co. Seeking Personal Financial Information was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                              /s/ Terence J. Gallagher
                                  Terence J. Gallagher (ct22415)
                                  Day, Berry & Howard LLP
                                  One Canterbury Green
                                  Stamford, CT 06901
                                  Phone:  (203) 977-7300
                                  Fax:      (203) 977-7301