UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MASTER FILE NO. 3:00CV01884(AVC)<br><br>August 4, 2006 |

### NOTICE OF SUBPOENA TO NON-PARTY

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34(c) and 45 of the Federal Rules of Civil Procedure, Lead Plaintiffs will inspect and copy documents that are in the possession, custody or control of the non-party receiving the Subpoena In A Civil Case ("Subpoena") attached hereto, on August 16, 2006, at 10:00 a.m. The documents to be produced by the non-party are listed in the corresponding Schedule A attached hereto.

The production of documents will take place at the location listed on the corresponding Subpoena, or such other location as is mutually acceptable to the non-party and Lead Plaintiffs' counsel. You may contact Lead Plaintiffs' counsel to obtain, at your expense, copies of the documents produced. The production of documents is pursuant to subpoenas *duces tecum* issued by Lead Plaintiffs' counsel on behalf of the United States District Court requesting a "document only production" (no testimony is required by the Subpoena and no one need appear for any non-party or for any of the parties in the action).

PLEASE TAKE FURTHER NOTICE that the non-party receiving the attached Subpoena may be held in contempt of court pursuant to Rule 45(e) of the Federal Rules of Civil Procedure

if it fails without adequate excuse to obey the Subpoena served upon it and that the non-party has certain legal rights in response to Lead Plaintiffs' Subpoena served upon it as provided in Rules 45(c) and (d) of the Federal Rules of Civil Procedure.

Dated: August 4, 2006

Respectfully submitted,

*Erin Green Comite*

SCOTT + SCOTT, LLC
David R. Scott (CT16080)
Mark V. Jackowski
Geoffrey M. Johnson
Erin Green Comite (CT24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Eben Duval
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 537-4432

STULL, STULL & BRODY
Jules Brody
Aaron Brody
6 East 45th St.
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**Co-Lead Counsel**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was sent to counsel of record on the attached service list on August 4, 2006 by first-class, postage prepaid U.S. mail.

*Erin Green Comite*
Erin Green Comite

## SERVICE LIST

Joseph L. Clasen
William Kelleher
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
Stamford, CT 06904-2305

Terence J. Gallagher, III
Thomas D. Goldberg
DAY, BERRY & HOWARD
One Canterbury Green
Stamford, CT 06901-2047

Bruce Bennett
Jeanne E. Irving
J. Michael Hennigan
Shawna Ballard
HENNIGAN, BENNETT & DORMAN
865 S. Figueroa St., Ste. 2900
Los Angeles, CA 90017

Daniel Slifkin
Robert Simonds
CRAVATH, SWAINE & MOORE
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019

Dennis J. Johnson
Jacob B. Perkinson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
HURWITZ SAGARIN & SLOSSBERG
147 North Broad St., PO Box 112
Milford, CT 06460-0112

4

Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: PRICELINE.COM, INC.
SECURITIES LITIGATION

THIS SUBPOENA RELATES TO:

ALL ACTIONS

## SUBPOENA IN A CIVIL CASE
Class Action
Master Civil File No. 3:00-CV-01884 (AVC)
(Consolidated Cases)
(Now Pending in the United States District Court for the District of Connecticut)

To: Goldman Sachs & Co.
85 Broad Street
New York, NY 10004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (List documents or objects)

See Schedule A attached hereto and incorporated herein.

| PLACE | DATE AND TIME |
| --- | --- |
| APS International #305,<br>c/o Attn: Lisa, Professional Process Service, Inc.<br>1265 Sunrise Highway, Suite 101<br>Bay Shore, NY 11706 | Aug. 18, 2006<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Mark V. Jackowski*, Attorney for Plaintiffs | July 25, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark V. Jackowski, Esquire
Scott + Scott, LLC
108 Norwich Ave., P. O. Box 192
Colchester, CT 06415
(860) 537-5537

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## GOLDMAN SACHS & CO.

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1. The terms "you" or "your" also are meant to include Goldman Sachs & Co., any subsidiaries, affiliates, segments or divisions thereof, and any present or former officers, employees, attorneys, agents, representatives or other persons acting or purporting to act on behalf of you or your subsidiaries, affiliates, segments or divisions.

2. The term "Jay S. Walker" refers to defendant Jay S. Walker in *In re Priceline.com Securities Litigation*, 00cv1884 (D. Conn.), including any agents, representatives or other persons (as defined below) acting or purporting to act on behalf of Jay S. Walker.

3. "Walker Digital" refers to Walker Digital Corporation and Walker Digital LLC and includes any subsidiaries, affiliates, segments or divisions thereof, any present and former members of the Board of Directors of Walker Digital, or its subsidiaries, affiliates, segments or divisions and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined below) acting or purporting to act on behalf of Walker Digital or its subsidiaries, affiliates, segments or divisions.

4. The terms "Priceline," "Priceline.com," and "the Company" refer to Defendant Priceline.com Incorporated and include any predecessors, subsidiaries, affiliates, licensees, segments or divisions thereof, including but not limited to priceline.com, LLC, Priceline Travel Inc., WebHouse (as defined below) any present and former members of the Board of Directors of Priceline, or its subsidiaries, affiliates, segments, licensees or divisions thereof, and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined

1

below) acting or purporting to act on behalf of Priceline or its subsidiaries, affiliates, segments or divisions.

5. "WebHouse" means Priceline WebHouse Club, Inc., and includes any subsidiaries, affiliates, segments or divisions thereof, any present and former members of the Board of Directors of WebHouse, or its subsidiaries, affiliates, segments or divisions and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined below) acting or purporting to act on behalf of WebHouse or its subsidiaries, affiliates, segments or divisions.

6. "Individual Defendants" refers to N.J. Nicholas, Daniel H. Schulman, Richard S. Braddock, and Jay S. Walker individually and jointly.

7. "Defendant" means Priceline and the Individual Defendants.

8. "Person" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

9. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in the context.

10. "Document" or "documents" is to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and means, in its broadest possible sense, all recorded matter of any kind, including the originals and all nonidentical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including but not limited to the following: booklets, brochures, signs, pamphlets, circulars, notices, posters, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations,

invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, e-mail (with each segment "thread" or "string" being considered a separate document), ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, electronic data (as defined below), information or programs stored on a computer disc, floppy disc, compact disc, magnetic tape and laser disc (whether or not ever printed or displayed), computer hard drives and/or external storage devices, all graphic or manual records or representations of any kind, including but not limited to the following: photographs, microfiche, microfilm, videotapes, recordings, and motion pictures; and all electronic, mechanical or electric records or representations of any kind, including but not limited to the following: tapes, cassettes, discs, metadata, magnetic cards and recordings; and all drafts, alterations, modifications, changes or amendments of any of the foregoing.

11. "And" means and/or.

12. "Or" means and/or.

13. "Refer" or "relate" or "concern" or "referring" or "relating" or "concerning" mean all documents which comprise, explicitly or implicitly refer to, or were reviewed in conjunction with, or were created, generated or maintained as the result of the subject matter of the Request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

14. The terms "communications" or "communicated" shall mean and include every manner or means of disclosure, transfer or exchange and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, e-mail, modem transmission, mail, personal delivery or otherwise.

3

15. "Financial statement" refers, but is not limited to, the following (whether audited or unaudited, and whether final, pro forma, complete, or partial), consolidated and non-consolidated balance sheets, statements of earnings, additional paid-in capital, retained earnings, source and application of funds, cash flow, projections, and notes that pertain to Priceline's or WebHouse's past or present condition, including accountants' workpapers.

16. "Walker Accounts" means any account maintained with you by or on behalf of Jay S. Walker or Walker Digital or in which Jay S. Walker or Walker Digital had a financial interest, including, but not limited to, any accounts in which Jay S. Walker or Walker Digital directed any transactions, via power of attorney, letter of authorization or otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period for these requests is from January 1, 1999 through December 31, 2001, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

## INSTRUCTIONS

1. Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in the requests. For copies of documents you have produced electronically, you must produce a document image information (DII) file for such documents.

2. Documents produced pursuant to this subpoena shall be labeled to indicate the specific paragraph(s) of the request to which they respond as specifically provided by Rule 34(b) of the Federal Rules of Civil Procedure.

4

3. Documents must be produced in full; documents redacted on the grounds of relevance will not constitute compliance with this subpoena.

4. You are required to produce the original of each document responsive to this subpoena together with all non-identical copies and drafts of that document in your possession.

5. If any document is withheld, in whole or in part, for any reason including, but not limited to, any claim of privilege, set forth separately for each such document: (a) the nature of the privilege; (b) the type of document; (c) the author(s) of the document; (d) the addressees of the document; (e) all persons who received copies of the document; (f) the date of the document; and (g) a brief description of the general subject matter of the document.

6. If any document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.

7. If any document responsive to this subpoena is no longer in your possession, set forth separately for each such document: (a) the type of document; (b) the authors of the document; (c) the addressees of the document; (d) all persons who received copies of the document; (e) the date of the document; and (f) a brief description of the document.

8. In your response to each request, identify by Bates Number or otherwise the identity of the person, department or division from whose files the document(s) are being produced.

## DOCUMENT REQUESTS

REQUEST NO. 1:

All account opening documents, including, but not limited to, new account forms, investment objective forms, suitability forms, financial statements, financial information forms or documents of a like and similar nature relating to the Walker Accounts.

5

REQUEST NO. 2:

All monthly or periodic statements, client statements, year-end statements, or any other statements relating to the Walker Accounts.

REQUEST NO. 3:

All order tickets with respect to any transaction by the Walker Accounts in the securities of Priceline.

REQUEST NO. 4:

Any broker notes or holding pages or documents of a like and similar nature relating to the Walker Accounts.

REQUEST NO. 5:

All documents relating to any restricted securities held by the Walker Accounts.

REQUEST NO. 6:

All documents relating to any extension of credit, purchase of securities on margin, margin loans, pledge of any security as collateral or any other type of borrowing by or on behalf of the Walker Accounts, including, but not limited to:

- any agreements;
- any disclosure documents;
- any applications or requests made to you, including, but not limited to, all documents submitted by or on behalf of the Walker Accounts with respect to such applications or requests;
- any approval, denial or consideration by you of any application or request made to you, including, but not limited to, all documents generated by you with respect to such approval, denial or consideration;

6

- any opinion letters requested, generated or received by you with respect to such application or requests;

- any communication by you with any affiliate or third party with respect to such application or requests;

- any margin calls;

- any transfer of funds;

- any request by you for repayment;

- any evidence of repayment to you; and

- all other documents reflecting any communications by you with the Walker Accounts or which relate to the Walker Accounts.

REQUEST NO. 7:

All documents sent to, received from or generated by you which relate to any communications, filings or submissions concerning the Walker Accounts with:

- any federal, state or local law enforcement agency, including any state attorney's general office; and

- the Securities and Exchange Commission, or any other federal or state regulatory agency or authority of any national, regional, or local stock exchange or securities association.

REQUEST NO. 8:

All documents sent to, received from or generated by you that relate to any litigation or adversarial proceedings in federal or state court, as well as any arbitration or mediation in which the Walker Accounts were or are a named party, including, but not limited to, any communications with Cravath, Swaine & Moore, LLP; Paul Hastings Janofsky & Walker, LLP;

7

Robinson & Cole, LLP; Hennigan, Bennett & Dorman, LLP; Day, Berry & Howard or any other law firm concerning *In re: Priceline Sec. Litig.*, No. 3:00 CV 01884 (AVC) (D. Conn.), or the allegations contained therein.

Dated: July 25, 2006                            **SCOTT + SCOTT, LLC**

*Mark V. Jackowski*
David R. Scott
drscott@scott-scott.com
Mark V. Jackowski
mjackowski@scott-scott.com
Geoffrey M. Johnson
gjohnson@scott-scott.com
Erin Green Comite
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
Fax: (860) 537-4432

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
1690 Williston Road
South Burlington, VT 05403
Tel: (802) 862-0030
Fax: (802) 862-0060

**ATTORNEYS FOR LEAD PLAINTIFFS**