IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC._<br>SECURITIES LITIGATION | : MASTER FILE NO.<br>: 3:00-CV-01884 (AVC)<br>: |
| ──────────────────────────── | : |
| This document relates to: | :<br>: |
| ALL ACTIONS | : September 11, 2006 |

### DEFENDANT JAY S. WALKER'S MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING THE SUBPOENAS ISSUED TO CHASE MANHATTAN BANK, MERRILL LYNCH AND MORGAN STANLEY SEEKING PRODUCTION OF <u>PRIVATE FINANCIAL INFORMATION</u>

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, defendant Jay S. Walker ("Walker"), by his undersigned counsel, hereby moves this Court to quash and for a protective order regarding the subpoenas dated August 18, 2006 and which plaintiffs caused to be issued to Merrill Lynch, Morgan Stanley and Chase Manhattan Bank, and specifically seeks relief as follows:

(1) quashing the subpoena to Chase Manhattan Bank in its entirety on the grounds that it is directed to a non-existent entity and issued by the wrong court;

(2) limiting the production of documents by the Banks to documentation of accounts maintained by Jay S. Walker, Walker Digital Corporation, Walker Digital and/or Atlantis Interactive; and

(3) within those accounts, limiting production to those documents or portions of documents evidencing holdings, purchases, sales or pledges of Priceline securities and requiring

ORAL ARGUMENT REQUESTED

the redaction of information relating to any holdings or transactions other than holdings, purchases, sales or pledges of Priceline securities;

(4) additionally limiting the time period for which documents will be produced in response to Requests 2 through 6 to the Class Period and requiring the redaction of information relating to holdings or transactions outside this period;

(5) additionally limiting the time period for which documents will be produced in response to Requests 1, 7 and 8 to the period from March 1, 1999 through April 1, 2001, and requiring the redaction of any information in these documents relating to any holdings or transactions outside the Class Period;

(6) requiring the redaction of personal identifying and similar, private information;

(7) directing plaintiffs to provide contemporaneous notice to defense counsel upon the issuance of any subpoena; and

(8) granting such other and further relief as the Court deems appropriate,

as more fully described in Walker's Memorandum of Law and the Declaration of Jeanne E. Irving and exhibits thereto, all concurrently filed in support of this motion.

DATED: September 11, 2006

Defendant, Jay S. Walker

By: /s/ Jeanne E. Irving

Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax:    (203) 977-7301
tdgoldberg@dbh.com – E-mail

- and -

J. Michael Hennigan (phv01119)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01117)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – E-mail

His Attorneys