UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | : <br> : MASTER FILE NO.<br> : 3:00CV01884(AVC)<br> : |
| This document relates to: | : August 17, 2006<br> : |
| ALL ACTIONS | : |

**DECLARATION OF JEANNE E. IRVING IN SUPPORT OF DEFENDANT JAY S. WALKER'S MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING SUBPOENAS TO MERRILL LYNCH, MORGAN STANLEY AND CHASE MANHATTAN BANK SEEKING PRIVATE FINANCIAL INFORMATION**

I, Jeanne E. Irving, under penalty of perjury declares as follows:

1.  I am a member of the firm Hennigan, Bennett & Dorman LLP, attorneys for defendant Jay S. Walker ("Walker") in this action. I submit this declaration in support of defendant Walker's Motion to Quash and for a Protective Order with respect to three subpoenas that plaintiffs caused to be issued, respectively, to Merrill Lynch, Morgan Stanley and Chase Manhattan Bank (the "Banks, and the "Subpoenas," respectively), each Subpoena dated August 18, 2006. Copies of the Subpoenas are attached hereto as Exhibits A, B and C.

2.  Plaintiffs' first apprised Walker's counsel of the Subpoenas on August 30, 2006 pursuant to three identical Notices of Non-Party Subpoena. Attached hereto as Exhibit D is a copy of the Notice of Non-Party Subpoena that accompanied plaintiffs' Subpoena to Merrill Lynch. A notice with identical content was served with the Morgan Stanley and Chase Manhattan Bank Subpoenas.

3.  On September 6, 2006, Merrill Lynch objected to plaintiffs' Subpoena on multiple grounds. A copy of Merrill Lynch's objections, in the form of the September 6, 2006 letter of Christina Cubbage to plaintiffs' counsel Erin Green Comite, is attached hereto as Exhibit E.

1

4.  On September 8, 2006, JP Morgan Chase Bank, N.A., objected on multiple grounds to the Subpoena plaintiffs had caused to be issued to Chase Manhattan Bank, including on the ground that Chase Manhattan Bank no longer exists. A copy of JP Morgan Chase's objections, in the form of the September 8, 2006 letter of Teresa Goldberg to plaintiffs' counsel Mark Jackowski, is attached hereto as Exhibit F.

5.  On September 7, 2006, I and other counsel for Walker telephonically met and conferred with plaintiffs' counsel in an effort to resolve in good faith the issues raised by this motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure. The parties were unable to reach agreement on the issues that are the subject of this motion.

6.  In that meet and confer, as a rationalization for why they sought Walker's private financial records, plaintiffs argued that those records might be relevant to plaintiffs' efforts to establish scienter. In response, I asked plaintiffs if they could cite to a single case that allowed pre-judgment discovery of a defendant's finances on the grounds that such discovery would be relevant to proving scienter on a securities fraud claim. They responded that the case law on which they relied was cited in Plaintiffs' Opposition to Defendant Walker's Motion for Protective Order Regarding the Subpoena Issued to Goldman Sachs & Co. Seeking Financial Information. A copy of that brief [Docket No.362] is attached hereto as Exhibit G.

7.  However, not a single case cited there approved of pre-judgment discovery of a defendant's finances on the grounds that such discovery would be relevant to proving scienter on a securities fraud claim. When this fact was pointed out, plaintiffs were unable to identify any case so holding.

8.  In the meet and confer, we discussed the fact that, as a result of plaintiffs' definition of Walker Digital, the Subpoenas called for production of account documentation of hundreds of individuals and entities associated with Walker Digital. I asked whether, in fact, plaintiffs wanted the Banks to produce account documentation of these hundreds of individuals and entities, and plaintiffs' counsel said yes. In response to my questions, however, plaintiffs

2

were unable to explain any cogent reason why the private bank records of these hundreds of people and entities could have any relevance to the claims and defenses in this action.

9. At the meet and confer, I also raised with the plaintiffs their failure to timely serve subpoenas on the defendants. While plaintiffs acknowledged that they needed to "do a better job" on that score, they did not agree to Walker's counsel's express request that plaintiffs serve the defendants with notice of subpoenas when those subpoenas were issued.

9. Attached hereto as Exhibit H is a copy of a form instructing Morgan Stanley not to share Mr. Walker's personal information with other companies within the Morgan Stanley family except where permitted by law to process transactions and to service his account.

10. Attached hereto as Exhibit I is a copy of pages 28 and 29 of the Consolidated Amended Complaint [Docket No. 36] in this action.

11. Attached hereto as Exhibit J is a copy of the Memorandum of Decision and Order dated November 23, 2005 [Docket No. 243] in this action.

12. Attached hereto as Exhibit K is a copy of the Order dated April 6, 2005 [Docket No. 164] in this action.

13. Attached hereto as Exhibit L is a copy of the Memorandum of Decision and Order dated June 14, 2005 [Docket No. 184] in this action.

14. Attached hereto as Exhibit M is a copy of the plaintiffs' Notice of Subpoena to Non-Party, attaching a subpoena to Goldman Sachs & Co., dated July 25, 2006. This document was not received in our offices until August 7, 2006. The Subpoenas to the other Banks were not received in our offices until August 31, 2006.

15. Attached hereto as Exhibit N are copies of cases and other authorities cited in the Memorandum of Law in Support of Jay S. Walker's Motion to Quash and for a Protective Order, and not reported in the official reporters.

16. Representatives of each of the Banks informed me that they had no objection to having this motion heard in this action before this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2006.

_____
Jeanne E. Irving