# EXHIBIT F

# JPMorganChase

**Teresa J. Goldberg**
Vice President
Assistant General Counsel
Legal Department

September 8, 2006

**Via Federal Express & Facsimile**

Mark V. Jackowski, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, Connecticut 06415

RE:  **Priceline.com, Inc. Securities Litigation**
     **Master Civil File No. 3:00-CV-01884 (AVC)**

Dear Mr. Jackowski:

   I am writing with regard to the non-party subpoena ("**SUBPOENA**") served upon JPMorgan Chase Bank, N.A. ("**JPMC**") on September 1, 2006 in the above-referenced matter ("**ACTION**").

   First, we are attempting to determine what, if any, responsive documents exist. The Subpoena which was served on JPMC is addressed to the wrong entity. Chase Manhattan Bank does not exist. A new subpoena will need to be issued to the correct entities for JPMorgan in order to obtain the responsive documents. In addition, the Subpoena is overly broad and the scope of the information you are seeking will need to be narrowed down. JPMC will also be determining which documents are relevant to this matter and if the documents can be produced in a way that is not burdensome or expensive to JPMC.

   In the meanwhile, this letter will serve as JPMC's objections to the Subpoena.

## OBJECTIONS

   1. JPMC objects to the Subpoena to the extent it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other privileges, including those recognized by applicable federal law, statutes, or at common law. JPMC reserves the right to retrieve and prevent the use of any privileged or protected document inadvertently produced.

Priceline.com, Inc. Securities Litigation                                Page 2
Master Civil File No. 3:00-CV-01884 (AVC)

2. JPMC objects to the Subpoena to the extent that it seeks the production of confidential, sensitive, or proprietary business or client information. JPMC will produce such information only after entry of an appropriate confidentiality order.

3. JPMC objects to the Subpoena to the extent that it imposes obligations beyond those required by the Federal Rules of Civil Procedure and applicable local/federal rules.

4. JPMC objects to the Subpoena on the grounds that it is vague and ambiguous.

5. JPMC objects to the Subpoena on the grounds that it is overbroad, oppressive, and unduly burdensome, especially for a non-party. Such requests are objectionable to the extent they seek the production of documents including, but not limited to, e-mail that is stored on computer hard drives and back-up tapes.

6. JPMC objects to the Subpoena to the extent that it purports to impose burdens or duties, or seeks information, beyond the scope of permissible discovery in the action.

7. JPMC objects to the Subpoena to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8. JPMC objects to the Subpoena to the extent that it requires JPMC to provide information that is not within JPMC's possession, custody, or control.

9. JPMC objects to the Subpoena to the extent that it seeks the production of documents and information that are within the possession, custody, or control of parties to the above-referenced action.

10. JPMC objects to the Subpoena to the extent that it seeks the production of documents and information that are publicly available.

11. JPMC objects to the Subpoena to the extent that it seeks the production of documents and information that are cumulative or duplicative.

12. JPMC objects to the Subpoena to the extent that it calls for the location and/or restoration of electronic archival information because such request is oppressive, unduly burdensome, costly, and time-consuming.

13. JPMC objects to the Subpoena to the extent it seeks the production of documents and information that are accessible by more convenient, less burdensome, or less expensive means.

14. JPMC objects to the Subpoena to the extent that it requires the production of "any" and/or "all" documents on a particular subject.

15. JPMC reserves the right to supplement, amend, and/or otherwise alter these responses at a later date, and reserves the right to object to any further discovery.

No objection set forth above should be construed as a statement that documents responsive to the Subpoena, but falling within the scope of the objection, actually exist.

Finally, you should be aware that because this is a non-party subpoena, you will be billed for the reasonable costs of any production.

\*    \*    \*

Please contact me directly at (212) 552-6732 if you would like to discuss this matter.

Very truly yours,

Teresa J. Goldberg