# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM INC. SECURITIES LITIGATION | MASTER FILE NO. 3:00CV01884(DJS) |
| This document relates to: ALL ACTIONS | |

## ORDER

A telephone conference was held on April 6, 2005 regarding plaintiffs' motion to compel (dkt. # 144). Based upon the papers submitted to the court and the representations made by counsel participating in the telephone conference, the court orders the following:

1. All defendants shall produce documents responsive to plaintiffs' discovery requests, on a rolling basis, on or before July 31, 2005.

2. Defendants shall submit a privilege log meeting the standard set forth in Rule 37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut on or before the tenth day of each month beginning in May of 2005. The privilege log shall set forth documents withheld during the preceding month. The first privilege log, which shall be served on or before May 10, 2005, shall set forth all documents withheld prior to April 30, 2005.

3. The parties shall meet and confer regarding the

production of material stored in electronic form.  If the parties are unable to reach a compromise, then the parties shall submit a joint motion setting forth the propositions about which the parties agree and each party's position regarding the areas of disagreement.

     4.   On or before July 31, 2005, defendants shall submit affidavits from their counsel stating, with respect to materials pertaining to WebHouse and Perfect Yard Sale, (1) that all documents in the party's possession or control have been produced or withheld on the basis of privilege; (2) that counsel has made good faith efforts to locate and obtain other documents and materials; and (3) a brief description of these good faith efforts.

     5.   Defendants shall produce all documents responsive to plaintiffs' discovery requests for the period of March 1, 1999 through April 1, 2001.  All requests for documents and information directed to defendants shall be limited to this time period unless otherwise specified for good cause.

     6.   Overbreadth and undue burden objections shall be specifically stated in the response to each individual discovery request.  The party asserting these objections shall provide a brief explanation of the basis for these objections with respect to each individual discovery request.

So ordered this 6th day of April, 2005.

/s/DJS

---

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE