# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: PRICELINE.COM INC. SECURITIES LITIGATION | : : : : | MASTER FILE NO. 3:00CV01884(DJS) |
| This document relates to: ALL ACTIONS | : : : : | |

## MEMORANDUM OF DECISION AND ORDER

Now pending in the above-captioned matter is plaintiffs' motion to compel (dkt. # 150) production in response to a subpoena served, pursuant to Rule 45 of the Federal Rules of Civil Procedure, upon non-party Deloitte & Touche, LLP ("Deloitte") dated December 3, 2004. Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

Plaintiffs bring this action on behalf of members of a putative class of persons who purchased or otherwise acquired securities of priceline.com Inc. ("Priceline") between January 27, 2000 and October 2, 2000, pursuant to Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t, of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Priceline, Jay S. Walker, N.J. Nicholas, Daniel H. Schulman, and Richard S. Braddock. Plaintiffs allege that defendants' false and misleading

statements inflated the value of Priceline's stock to the benefit of the defendants and other company insiders and to the detriment of the plaintiffs. Specifically, plaintiffs allege that during the period from mid-July 2000 to September 26, 2000, defendants sold, in the aggregate, millions of shares of Priceline stock, allowing them to profit substantially prior to disclosing various deficiencies in Priceline's short term economic outlook. The gravamen of plaintiffs' allegations is that defendants grossly overstated the utility of Priceline's business model, and that defendants, outside the view of the investing public, spent exorbitant amounts of Priceline's cash to keep the doomed venture called WebHouse afloat primarily to bolster their statements about the utility of the business model.

Deloitte, which was a party to this action prior to the court's dismissal of all allegations against it on October 7, 2004, argues that plaintiffs' requests are too broad. Generally speaking and with certain exceptions, Deloitte contends that the scope of its production should be confined to communications between Priceline and Deloitte concerning Deloitte's 1999 audit of Priceline's finances. Deloitte's proposed limitation of plaintiffs' production requests is not appropriate. A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc.

v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985). The requests at issue seek information concerning the auditing and reporting of Priceline's financial condition; this information is relevant to determining whether Priceline engaged in the fraudulent conduct alleged in the complaint, the scope of which is far more extensive than Deloitte has stated in its papers. Deloitte must therefore respond to the subpoena.

For the reasons set forth herein, defendants' motion to compel (dkt. # 150) is **GRANTED in part** and **DENIED in part**. Deloitte shall respond to the subpoena on or before **July 18, 2005.** The subpoena shall be modified to seek documents from the relevant time period set by the court, which is March 1, 1999 through April 1, 2001. The court finds that Deloitte has not waived its right to assert the attorney-client privilege or attorney work product objections, but these objections must be substantiated by a privilege log meeting the requirements of Rule 37(a)1 of the Local Rules of Civil Procedure for the District of Connecticut.

So ordered this 13th day of June, 2005.

/s/DJS

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**