UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | :<br>: MASTER FILE NO.<br>: 3:00CV01884(AVC)<br>: |
| This document relates to:<br><br>ALL ACTIONS | :<br>: October 6, 2006<br>: |

**REPLY DECLARATION OF JEANNE E. IRVING IN SUPPORT OF DEFENDANT JAY S. WALKER'S:  (1)  MOTION FOR PROTECTIVE ORDER REGARDING THE SUBPOENA ISSUED TO GOLDMAN SACHS & CO. SEEKING PERSONAL FINANCIAL INFORMATION; AND  (2)  MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING THE SUBPOENAS ISSUED TO MERRILL LYNCH, MORGAN STANLEY AND CHASE MANHATTAN BANK SEEKING PRODUCTION OF PRIVATE FINANCIAL INFORMATION**

I, Jeanne E. Irving, under penalty of perjury declare as follows:

1.  I am a member of the firm Hennigan, Bennett & Dorman LLP, attorneys for defendant Jay S. Walker ("Walker") in this action. I submit this reply declaration in further support of defendant Walker's: (1) Motion for Protective Order Regarding Subpoena to Goldman Sachs & Co.; and (2) Motion to Quash and for a Protective Order with respect to three subpoenas that plaintiffs caused to be issued, respectively, to Merrill Lynch, Morgan Stanley and Chase Manhattan Bank (the "Banks, and the "Subpoenas," respectively).

2.  In the meet and confer sessions held before the filing of the Motion to Quash and for Protective Order Regarding the Subpoenas Issued to Merrill Lynch, Morgan Stanley and Chase Manhattan Bank, plaintiffs' counsel, Jacob Perkinson, stated that plaintiffs sought Walker's financial records for, among other things, the purpose of assessing Walker's ability to respond to a judgment in this case. In response, I pointed out that this was not a legitimate purpose of discovery, and asked if plaintiffs had any authority to support discovery for this purpose. In reply, Mr. Perkinson stated that he could not point to any authority to support discovery of this sort for this purpose, but stated that they "did it all the time."

3.  Attached hereto as Exhibit 1 to this declaration is a copy of the objections served on August 8, 2006 by Goldman Sachs & Co. with respect to the subpoena served on it by plaintiffs.

4.  Attached hereto as Exhibit 2 to this declaration is a copy of the additional objections served on August 18, 2006 by Goldman Sachs & Co. with respect to the subpoena served on it by plaintiffs.

5.  Attached hereto as Exhibit 3 to this declaration is a copy of pages 22 through 30 of the Consolidated Amended Complaint.

6.  Attached hereto as Exhibit 4 to this declaration is the plaintiffs' Document Request to Walker dated September 6, 2006.

1

2

7. Attached hereto as Exhibit 5 to this declaration is a copy of the unreported case cited in the Defendant Jay S. Walker's Consolidated Reply Memorandum of Law in Support of His (1) Motion for Protective Order Regarding the Subpoena Issued to Goldman Sachs & Co.; and (2) Motion to Quash and for Protective Order Regarding the Subpoenas Issued to Merrill Lynch, Morgan Stanley and Chase Manhattan Bank, filed concurrently with this declaration, and not submitted with Walker's moving papers on these motions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2006.

/s/ Jeanne E. Irving

Jeanne E. Irving