EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.   :
SECURITIES LITIGATION    :
              :
———————————————— :  **MASTER FILE NO.**
              :  **3:00CV01884 (AVC)**
This document relates to:    :
              :
  **ALL ACTIONS**      :
              :
              :

## LEAD PLAINTIFFS' DOCUMENT REQUEST
## DIRECTED TO DEFENDANT JAY S. WALKER

**I.  INTRODUCTION**

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request

that Defendant Jay S. Walker produce for inspection and copying the documents described below

at the law offices of Scott + Scott, LLC, P.O. Box 192, 108 Norwich Avenue, Colchester, CT

06415, no later than thirty (30) days from the date of this document request.

**II.  DEFINITIONS**

As used herein, the following terms have the meanings indicated below:

    1.  The terms "Jay S. Walker," "you" or "your" refers to defendant Jay S. Walker in

*In re: Priceline.com Securities Litigation*, 00cv1884 (D. Conn.), including any agents,

representatives or other persons (as defined below) acting or purporting to act on behalf of Jay S.

Walker.

    2.  "Walker Digital" refers to Walker Digital Corporation and Walker Digital LLC

and includes any subsidiaries, affiliates, segments or divisions thereof, any present and former

members of the Board of Directors of Walker Digital, or its subsidiaries, affiliates, segments or

1

divisions and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined below) acting or purporting to act on behalf of Walker Digital or its subsidiaries, affiliates, segments or divisions.

3.    The terms "Priceline," "Priceline.com," and "the Company" refer to Defendant Priceline.com Incorporated and include any predecessors, subsidiaries, affiliates, licensees, segments or divisions thereof, including but not limited to, priceline.com, LLC, Priceline Travel Inc., WebHouse (as defined below) any present and former members of the Board of Directors of Priceline, or its subsidiaries, affiliates, segments, licensees or divisions thereof, and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined below) acting or purporting to act on behalf of Priceline or its subsidiaries, affiliates, segments or divisions.

4.    "WebHouse" means Priceline WebHouse Club, Inc., and includes any subsidiaries, affiliates, segments or divisions thereof, any present and former members of the Board of Directors of WebHouse, or its subsidiaries, affiliates, segments or divisions and any present or former officers, employees, attorneys, agents, representatives or other persons (as defined below) acting or purporting to act on behalf of WebHouse or its subsidiaries, affiliates, segments or divisions.

5.    "Individual Defendants" refers to N.J. Nicholas, Daniel H. Schulman, Richard S. Braddock, and Jay S. Walker individually and jointly.

6.    "Defendant" means Priceline and the Individual Defendants.

7.    "Person" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or any other legal or business entity.

8.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in the context.

9.     "Document" or "documents" is to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and means, in its broadest possible sense, all recorded matter of any kind, including the originals and all nonidentical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including but not limited to the following: booklets, brochures, signs, pamphlets, circulars, notices, posters, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, e-mail (with each segment "thread" or "string" being considered a separate document), ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, electronic data (as defined below), information or programs stored on a computer disc, floppy disc, compact disc, magnetic tape and laser disc (whether or not ever printed or displayed), computer hard drives and/or external storage devices, all graphic or manual records or representations of any kind, including but not limited to the following: photographs, microfiche, microfilm, videotapes, recordings, and motion pictures; and all electronic, mechanical or electric records or representations of any kind, including but not limited to the following: tapes, cassettes, discs, metadata, magnetic cards and recordings;   and all drafts, alterations, modifications, changes or amendments of any of the foregoing.

10.     "And" means and/or.

11.     "Or" means and/or.

3

12.     "Refer" or "relate" or "concern" or "referring" or "relating" or "concerning" mean all documents which comprise, explicitly or implicitly refer to, or were reviewed in conjunction with, or were created, generated or maintained as the result of the subject matter of the Request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

13.     The terms "communications" or "communicated" shall mean and include every manner or means of disclosure, transfer or exchange and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, e-mail, modem transmission, mail, personal delivery or otherwise.

14.     "Financial statement" refers, but is not limited to, the following (whether audited or unaudited, and whether final, pro forma, complete, or partial), consolidated and non-consolidated balance sheets, statements of earnings, additional paid-in capital, retained earnings, source and application of funds, cash flow, projections, and notes that pertain to Priceline's or WebHouse's past or present condition, including accountants' workpapers.

15.     "Walker Accounts" means:

- Jay Walker – Morgan Stanley Account Number: 04-E5484;

- J. S. Walker – Goldman Sachs Account Number: 001-40523-2;

- Jay Scott Walker – Merrill Lynch CMA Account Number: 891-15 Q 95;

- J.S. Walker – Merrill Lynch Account Number: 318-3318142-0;

- Walker Digital Corp.– Chase Manhattan Bank Account Number: 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;

- Walker Digital – Chase Manhattan Bank Account Number: 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;

4

- Atlantis Interactive – Chase Manhattan Bank Account Number: 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; and/or

- any other account maintained by or on behalf of or for the benefit of Jay S. Walker, Walker Digital, or Atlantis Interactive or any other entity or person in which Jay S. Walker, Walker Digital or Atlantis Interactive had or has a financial interest, including, but not limited to, any accounts in which Jay S. Walker, Walker Digital or Atlantis Interactive directed any transactions, via power of attorney, letter of authorization or otherwise.

## III.    RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period for this request is from January 1, 1999 through June 30, 2003, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

## IV.    INSTRUCTIONS

1.    Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in this request.  For copies of documents you have produced electronically, you must produce a document image information (DII) file for such documents.

2.    Documents must be produced in full; documents redacted on the grounds of relevance will not constitute compliance with this request.

3.    You are required to produce the original of each document responsive to this request together with all non-identical copies and drafts of that document in your possession.

5

4.      If any document is withheld, in whole or in part, for any reason including, but not limited to, any claim of privilege, set forth separately for each such document: (a) the nature of the privilege; (b) the type of document; (c) the author(s) of the document; (d) the addressees of the document; (e) all persons who received copies of the document; (f) the date of the document; and (g) a brief description of the general subject matter of the document.

5.      If any document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.

6.      If any document responsive to this request is no longer in your possession, set forth separately for each such document: (a) the type of document; (b) the authors of the document; (c) the addressees of the document; (d) all persons who received copies of the document; (e) the date of the document; and (f) a brief description of the document.

7.      In your response to each request, identify by Bates Number or otherwise the identity of the person, department or division from whose files the document(s) are being produced.

## V.      DOCUMENT REQUEST

All documents which relate or refer to any transaction of any kind by the Walker Accounts in any security, including, but not limited to, the following:

a.      All account opening documents, including, but not limited to, new account forms, investment objective forms, suitability forms, financial statements, financial information forms or documents of a like and similar nature relating to the Walker Accounts.

6

b.     All monthly or periodic statements, client statements, year-end statements, or any other statements relating to the Walker Accounts.

c.     All order tickets and confirmations with respect to any transaction by the Walker Accounts in the securities of Priceline and/or WebHouse.

d.     All documents relating or referring to any restricted securities held by the Walker Accounts.

e.     All documents relating or referring to any warrants of Priceline and/or WebHouse.

f.     All documents relating or referring to any extension of credit, purchase of securities on margin, margin loans, pledge of any security as collateral or any other type of borrowing by or on behalf of the Walker Accounts, including, but not limited to:

- any agreements;

- any disclosure documents;

- any applications or requests made to any securities brokerage firm or financial institution, including, but not limited to, all documents submitted by or on behalf of the Walker Accounts with respect to such applications or requests;

- any approval, denial or consideration by any securities brokerage firm or financial institution of any application or request made to any securities brokerage firm or financial institution, including, but not limited to, all documents generated by you, any securities brokerage firm or financial institution or any other person with respect to such approval, denial or consideration;

7

- any opinion letters requested, generated or received by you with respect to such application or requests;

- any communication by you with any affiliate or third party with respect to such application or requests;

- any margin calls;

- any transfer of funds;

- any request made by any securities brokerage firm or financial institution for repayment;

- any evidence of repayment to any securities brokerage firm or financial institution; and

- all other documents reflecting any communications by you which relate to the Walker Accounts.

g.    All documents sent to, received from or generated by you which relate or refer to any communications, filings or submissions concerning the Walker Accounts with any third party including, but not limited to, communications with any federal, state or local law enforcement agency, including any state attorney's general office; or the Securities and Exchange Commission, or any other federal or state regulatory agency or authority of any national, regional, or local stock exchange or securities association.

Dated:  September 6, 2006

**SCOTT + SCOTT, LLC**

David R. Scott
drscott@scott-scott.com
Mark V. Jackowski
mjackowski@scott-scott.com
Geoffrey M. Johnson
gjohnson@scott-scott.com
Erin Green Comite
ecomite@scott-scott.com
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
Fax:  (860) 537-4432

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
1690 Williston Road
South Burlington, VT 05403
Tel: (802) 862-0030
Fax: (802) 862-0060

**ATTORNEYS FOR LEAD PLAINTIFFS**

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2006, I caused a true and correct copy of Lead

Plaintiffs' Third Set of Document Requests Directed to Defendant Jay S. Walker, to be served

upon counsel of record via the method listed below:

**EMAIL & OVERNIGHT MAIL**
Joseph L. Clasen
William Kelleher
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
Stamford, CT 06904-2305

Terence J. Gallagher, III
Thomas D. Goldberg
DAY, BERRY & HOWARD
One Canterbury Green
Stamford, CT 06901-2047

Jeanne E. Irving, Esq.
Shawna Ballard, Esq.
HENNIGAN, BENNETT & DORMAN
865 S. Figueroa St., Ste. 2900
Los Angeles, CA 90017

Daniel Slifkin
Robert Simonds
CRAVATH, SWAINE & MOORE
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019

Dennis J. Johnson
Jacob B. Perkinson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403

**U.S. MAIL**

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Andrew M. Schatz
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06106

J. Daniel Sagarin
HURWITZ SAGARIN & SLOSSBERG
147 North Broad St., PO Box 112
Milford, CT 06460-0112

Dated:  September 6, 2006

Erin Green Comite
Scott + Scott, LLC

10