# EXHIBIT 5

**Westlaw.**

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1993 WL 293008 (N.D.Cal.), Fed. Sec. L. Rep. P 97,633
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents

United States District Court, N.D. California.
In re SEAGATE TECHNOLOGY II SECURITIES LITIGATION.
**No. C-89-2493 (A)-VRW.**

June 10, 1993.

Gold & Bennett, Steven O. Sidener, San Francisco, CA, for plaintiffs.
Wilson Sonsini Goodrich & Rosati, Palo Alto, CA., for defendants.

WALKER, District Judge.

*1 Defendant, Seagate Technologies, Inc ("Seagate"), requests the court to enter a protective order staying enforcement of subpoenas issued by plaintiffs on ten non-party investment banking firms. Plaintiffs' subpoenas seek, among other things, documents relating to the valuation of Seagate's securities and copies or drafts of research and analyst reports on Seagate from November 1, 1987 through February 28, 1989. Seagate contends that the scope of the subpoenas is overbroad and seeks to limit discovery of documents to the time period from January 1, 1988 (three months before the start of the class period) through October 30, 1988 (three weeks after the end of the class period). [FN1] Having reviewed the papers submitted, the court hereby DENIES Seagate's request for a protective order for the following reasons.

First, Seagate does not have standing to object to plaintiffs' third party subpoenas. According to FRCP 45, which governs the procedure by which a non-party may be compelled to produce documents, the right to challenge such subpoenas is limited to the person to whom the subpoena is directed. See *Vogue Instrument Corp v. Lem Instruments Corp,* 41 FRD 346, 348 (SDNY1967); 9 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2457 at 431 (1990 Supp) ("A motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested.").

Second, the court agrees with plaintiffs' assessment that Seagate's attempt to confine discovery to a narrow period beginning three months before the start of the class period and ending three weeks after the class period closes is artificial, arbitrary and designed to avoid the production of relevant documents. As the Supreme Court has held, relevancy is defined to include both directly relevant material and material likely to lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc v. Sanders,* 437 US 340, 351 (1978). Discovery is not to be arbitrarily limited because it is intended to help clarify the issues. Id. Thus, for purposes of discovery, relevancy is to be interpreted "very broadly." Id at 351 n 12; *Southeast Hide Co v. Goldston,* 127 FRD 481, 483 (NDTex1989).

The subpoenas issued in this case seek documents which pertain to the core issues in this case, namely analyst and research reports describing the investment community's understanding of the status of Seagate's business and its potential impact on Seagate's stock price, documents relating to meetings with Seagate and documents relating to valuation of Seagate stock.

Moreover, the relevant time period defined in plaintiffs' subpoenas-November 1, 1987 through February 28, 1989-appears narrowly crafted to avoid undue burden on the subpoenaed parties. Indeed, the time period begins only five months before the start of the class period and ends four months after its close. Although plaintiffs' subpoenas request documents beyond the actual class period, courts have routinely cautioned against erecting artificial and arbitrary restrictions on discovery. For example, in *In re Control Data Corporation Securities Litigation,* [1989 Tr Binder] FedSecLRep (CCH) ¶ 93,720 (DMinn, January 22,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1993 WL 293008 (N.D.Cal.), Fed. Sec. L. Rep. P 97,633
**(Cite as: Not Reported in F.Supp.)**

1988), the court overruled the defendant's objections to the time period defined in plaintiffs' discovery requests by stating:

*2 Although the class period here is short and definite, it does not determine the period of relevancy for discovery purposes. There are numerous instances in securities fraud litigation where post-offering statements, documents, or conduct have been treated as admissible evidence on the issue of scienter, intent, and knowledge * * *. Although [the defendant] relies on the certified class period as the relevant time frame, there is no rule fixing discovery in class action litigation to the class period.

Thus, the court finds no basis for Seagate's allegation that the subpoenas are overbroad or seek irrelevant material. Accordingly, the court hereby DENIES Seagate's request for a protective order staying enforcement of subpoenas issued by plaintiffs on the ten non-party investment banking firms.

Finally, the court hereby admonishes Seagate to refrain from interfering with the third-party discovery by coaching the ten investment banking firms to object to the subpoenas or falsely representing to them the relevant time period of discovery. Such behavior is inappropriate and should cease to the extent that Seagate or its counsel are involved in such activities.

IT IS SO ORDERED.

    FN1. The class period runs from April 13, 1988 through October 7, 1988.

N.D.Cal.,1993.
In re Seagate Technology II Securities Litigation
Not Reported in F.Supp., 1993 WL 293008 (N.D.Cal.), Fed. Sec. L. Rep. P 97,633

Briefs and Other Related Documents (Back to top)

• 3:89cv02493 (Docket) (Jul. 29, 1988)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.