UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : <br> : MASTER FILE NO. <br> : 3:00CV01884(AVC) <br> : |
| This document relates to: <br><br> ALL ACTIONS | : <br> : <br> : October 11, 2006 <br> : |

**SURREPLY DECLARATION OF JEANNE E. IRVING IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT WALKER TO PRODUCE EMAILS AND ELECTRONIC DOCUMENTS ON THE SEVENTEEN RESTORED PRICELINE WEBHOUSE CLUB TAPES**

I, Jeanne E. Irving, under penalty of perjury declare as follows:

1. I am a member of the firm Hennigan, Bennett & Dorman LLP, attorneys for defendant Jay S. Walker ("Walker") in this action. I submit this reply declaration in support of Walker's Surreply and in further support of defendant Walker's Opposition to Plaintiffs' Motion (the "Motion") to Compel Defendant Walker to Produce Emails and Electronics Documents on the Seventeen Restored Priceline WebHouse Club Tapes.

2. In mid-April, 2006, our firm, Hennigan, Bennett & Dorman LLP, began the transition of taking over the representation of Walker in this case from Paul Hastings Janofsky & Walker LLP ("Paul Hastings"). The case had then been on file for five and a half years. The Paul Hastings files arrived in Hennigan Bennett's offices in batches, beginning at the end of April and continuing though May. Altogether, those files comprised close to 300 boxes, as well as numerous CDs, DVD's and hard drives containing electronic data. Needless to say, absorbing

this material did not happen overnight. Learning about the case, including but not limited to learning about the intricacies of the 181 back-up tapes, took time.

3. At no time, during any of my communications with plaintiffs' counsel before they filed the Motion, did plaintiffs' counsel ever inform me that they intended any of those communications to constitute a meet and confer predicate to filing a motion to compel. Furthermore, neither did plaintiffs ever inform me that they believed that the documents on any of the back-up tapes should be produced wholesale, without first identifying and then only producing documents that were responsive to requests that plaintiffs had already propounded in this case.

4. Plaintiffs never told me that they thought that search terms should not be used to identify potentially responsive documents, and plaintiffs never told me that they had decided to abdicate the commitment they had made to identify on the catalogs files that they were going to ask Walker's counsel to review for potential production. To the contrary, in what appeared to be positive progress, plaintiffs' counsel reported to me in a phone call on April 18, 2006 that, through plaintiffs' review of the catalogs, they had been able to identify a considerable collection of files that could be eliminated from any review by Walker's counsel because plaintiffs were satisfied that they were not likely sources of responsive documents.

5. Also, on the April 18 call and at other times, plaintiffs told me that, in addition to restoring one sample tape from each of the 16 groups of tapes, Paul Hastings had restored and given plaintiffs catalogs of an additional six tapes and were in the process of restoring a further nine tapes. In all of plaintiffs' communications with Hennigan Bennett, plaintiffs' referred to these groups of tapes, respectively, as the "six tapes" or "group of six," and the "the nine tapes" or "the group of nine." At no time did plaintiffs ever identify these tapes to Hennigan Bennett as belonging to any particular one or more of the 16 groups into which Paul Hastings had divided the 181 tapes.

6. Our firm began discussions with the plaintiffs regarding the back-up tapes before we became counsel of record for Mr. Walker in this action and before we had received the files for the case from Paul Hastings.

7. Attached to this declaration are copies of the following:

Exhibit 1:   Defendant Jay S. Walker's October 10, 2006 Status Report Regarding the Production of Electronic Information

Exhibit 2:   July 28, 2005 email from Peter Mc Dougall to Summer Joseph (Paul Hastings)

Exhibit 3:   February 7, 2006 email from Carl Mullis to Peter McDougall

Exhibit 4:   May 5, 2006 email from Jeanne E. Irving to Peter McDougall and Geoffrey Johnson

Exhibit 5:   May 8, 2006 letter from Candace Boudreau (Paul Hastings) to plaintiffs, copied to Hennigan Bennett with enclosed catalogs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2006.

                                                                     /s/ *Jeanne E. Irving*

                                                                     Jeanne E. Irving