IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: Priceline.com<br>Securities Litigation | : | Master File No.<br>3:00cv1884 (DJS) |
| ------------------------------------------------------------ | : | |
| This document relates to: | : | |
| | : | |
| ALL PENDING ACTIONS | : | |
| | : | November 22, 2006 |
| | : | |

## <u>DECLARATION OF WILLIAM J. KELLEHER III</u>

William J. Kelleher III, counsel to Defendants priceline.com Incorporated, N.J.

Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively herein, the

"Defendants"), does swear and affirm as follows:

1.    I make this Declaration of my own personal knowledge and knowledge

acquired through and from our electronic document vendor during the course of this case.

2.    Defendants hereby submit this Declaration in connection with the Court's

Ruling and Order of October 30, 2006 ("Order") granting in part and denying in part

plaintiffs' motion to compel emails and electronic discovery contained on the snapshot

and the departed employee tapes. Therein, the Court directed Defendants to "provide a

sworn statement of the particular methods used in performing their search of the [80] key

individual [e-mail] accounts". (Order at 3.) The Court's Order also directed Defendants

to provide a statement of "the method they used in conducting the term search". (Id. at

4.) This Declaration is that statement.[1]

--------------------------------------------------

[1] In its December 8, 2005 Order ("December 8 Order"), the Court stated that it would "not dictate exactly how defendants should accomplish these tasks" and specifically left it to the Defendants "to evaluate the best method for culling the data . . .". (December 8 Order at 8.)

### A.   Email Documents.

3.     As plaintiffs are aware, at the outset of this action, priceline sought to preserve all of its electronic material in one secure location.  As a result, a "snapshot" was taken of priceline's various servers.  The "snapshot" is the equivalent of a full back-up of all the material that existed on priceline's corporate file servers[2] in February 2002 reaching back to the beginning of the company.  Included among the information on the snapshot are emails of employees and certain employees who left priceline in approximately 2000-2001 -- the "departed employee tapes".

4.     Our outside document vendor, who is in possession of the snapshot, provided us with all of the email data (including attachments) in each of the 80 key individual's inbox, out/sentbox, drafts folder, deleted folder, calendar and diary for the court-designated relevant time frame of March 1, 1999 to April 1, 2001.  (See Exhibit A for a list of the 80 key individuals.)  This email data was then loaded onto a document database hosted by Defendants' counsel and reviewed online by a team of document review attorneys.

5.     Consistent with our representations to plaintiffs throughout, Defendants have performed an email by email review for responsiveness and privilege of all of the email data provided by our outside vendor for the 80 key individuals.  In other words, for each of the 80 individual's accounts, a lawyer has looked at every email and accompanying attachment for responsiveness and privilege.  Subject to the objections that

---

[2] I distinguish here between "priceline's corporate file servers" and priceline's "production database servers" and "development servers", both of which also include priceline electronic material.  As Defendants informed plaintiffs in a letter on July 19, 2005, Defendants do not believe that the production database servers or development servers contain any information relevant to this litigation.  The production database

we have already made to plaintiffs' first and second requests for the production of documents, responsive and non-privileged emails were produced. Privileged emails were logged, and non-responsive emails were not produced. Our production of emails to plaintiff has consisted of TIFF images and searchable text (txt.) files, as agreed. Our production of emails from the snapshot was completed in February 2006.[3]

**B.    Non-Email Documents.**

6.    All of the non-email data from electronic sources reviewed by Defendants and produced to plaintiffs was likewise retrieved from the snapshot by our outside document vendor.   It is not possible to identify the files of particular departments or individuals on the non-email electronic data contained on the snapshot. However, the entire snapshot is searchable.

7.    The parties agreed that the term search of the non-email portion of the snapshot be confined to:  (i) documents "last modified" during the period beginning March 1, 1999 and ending April 1, 2001; and (ii) text files -- word processing files, spreadsheets, databases, presentations and PDF files, not program and program support files, such as ".ini", ".dll" and ".exe" files.

8.    Using the search terms listed in Exhibit B, our outside document vendor, who is in possession of the snapshot, provided us with all of the non-email data for the documents on which there were search term "hits" for the relevant time frame of March

---

servers contain the raw transactional information of customer bids and offers, and the development servers contain quality-control and other "test" data.

[3] As required by the December 8 Order, since January 10, 2006, the Defendants have also filed periodic Status Reports on the Production of Electronic Information, in compliance with the Court's Order to do so by the 10th of every month.   These reports further confirm and detail, in court filings, the methods and status of our email production.

1, 1999 to April 1, 2001, subject to the parameters above in ¶ 7. The documents were then loaded onto the document database hosted by Defendants' counsel and reviewed online by a team of document review attorneys. Subject to the objections that we have already made to plaintiffs' first and second requests for the production of documents, responsive and non-privileged documents were produced. Privileged documents were logged, and non-responsive documents were not produced.[4] Our production of non-email documents to plaintiff has consisted of TIFF images and searchable text (txt.) files, as agreed.

9.    We have preserved electronic materials in their native format as required by the Court in the December 8 Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 22nd of November, 2006.

_/s/_ William J. Kelleher III___
William J. Kelleher III

Sworn to before me this 22nd day of November, 2006

Commissioner/Notary Public
My Commission Expires:

_4/30/08_

MARIANNE BLUME
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 20 08

---

[4] As required by the December 8 Order, since January 10, 2006, the Defendants have filed periodic Status Reports on the Production of Electronic Information, in compliance with the Court's Order to do so by the 10th of every month. These reports further confirm and detail, in court filings, the methods and status of our non-email production.

## **CERTIFICATION**

I hereby certify that the foregoing was filed with the Court and served on all

counsel of record listed below via the Court's ECF electronic court filing system on this

22nd day of November, 2006:

| **Co-Lead Counsel** | **Liaison Counsel** |
|---|---|
| David R. Scott, Esq.<br>Erin G. Comite, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |
| Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022 | |
| Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | |

| **Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.** | **Attorneys for Defendant Jay S. Walker** |
|---|---|
| Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Robert K. Simonds, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | Thomas D. Goldberg, Esq. (ct04386)<br>Terence J. Gallagher, Esq. (ct22415)<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel: 203-977-7300<br>Fax: 203-977-7301<br><br>Jeanne E. Irving, Esq.<br>Hennigan, Bennett & Dorman LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: 213-694-1200<br>Fax: 213-694-1234 |

/s/ William J. Kelleher III
William J. Kelleher III