IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Priceline.com Securities Litigation | Master File No. 3:00cv1884 (DJS) |
| This document relates to: | |
| ALL PENDING ACTIONS | |
| | December 7, 2006 |

### DECLARATION OF WILLIAM J. KELLEHER III

William J. Kelleher III declares and says:

1.  I am an attorney at the law firm of Robinson & Cole, LLP, counsel to defendants priceline.com Incorporated, N.J. Nicholas, Daniel H. Schulman and Richard S. Braddock (collectively herein, the "Defendants"), in this action. I submit this Declaration in connection with the Defendants' opposition to "Plaintiff's Motion for In Camera Review of Disputed Documents on the Defendants' Privilege Log," dated October 17, 2006, in particular, to provide the Court with certain information germane to plaintiffs' motion.

2.  As plaintiffs are aware, at the outset of this action, priceline sought to preserve all of its electronic material in one secure location. As a result, a "snapshot" was taken of priceline's various servers. The "snapshot" is the equivalent of a full back-up of all the material that existed on priceline's corporate file servers[1] in February 2002 reaching back to the beginning of the company. Included among the information on the snapshot are electronic

---

[1] I distinguish here between "priceline's corporate file servers" and priceline's "production database servers" and "development servers", both of which also include priceline electronic material. As Defendants informed plaintiffs in a letter on July 19, 2005, Defendants do not believe that the production database servers or development servers contain any information relevant to this litigation. The production database servers contain the raw transactional information of customer bids and offers, and the development servers contain quality-control and other "test" data.

documents and emails of employees and certain employees who left priceline in approximately 2000-2001 -- the "departed employee tapes".

3. As we informed plaintiffs as far back as July 19, 2005, WebHouse used space on priceline's computer servers for a period of time. Therein, we stated: "Because WebHouse and Perfect Yardsale each utilized some of priceline's servers for a period of time following their respective launches, we believe that the snapshot also contains some WebHouse and Perfect Yardsale material." Joseph L. Clasen Letter to Jacob B. Perkinson, David S. Scott, and Erin G. Comite, dated July 19, 2005. That is why WebHouse documents were on priceline's servers and are found on the snapshot, and thus, in the Defendants' document production.

4. In addition, with respect to our document production from paper records, as we informed the plaintiffs as far back as April 5, 2005 and again in August 2005, defense counsel at Robinson & Cole, LLP and Cravath, Swaine & Moore, LLP conducted an extensive document collection for this case, which resulted in about 166 boxes of documents being collected, including documents and materials pertaining to WebHouse and Perfect Yard Sale. Declaration of William J. Kelleher III, dated April 5, 2005; Affidavit of Joseph L. Clasen, dated August 1, 2005. See Docket Entry Nos. 162 & 191. We also made searches at and collected documents from the storage facilities and offices of priceline.com for all responsive documents, including WebHouse and Perfect Yard Sale documents. Id. That is why WebHouse documents are found in the Defendants' document production.

5. On October 3 and 4, 2006, the parties participated in the Court-ordered meet and confer regarding plaintiffs' Fourth Motion to Compel. Substantial progress was made and plaintiffs withdrew almost 90% of their challenges. A number of disputes, however, did arise.

Those disputes involved alleged disclosures to purported "third parties", most notably priceline employee Robert Mylod and former employee Paul Francis.

6. Unfortunately, plaintiffs declined to engage in any meaningful discussion with respect to the content of the majority of those disputed documents. Rather, plaintiffs took a blanket approach that the documents could not be privileged due to an alleged waiver so the content did not matter. In an effort to move forward, Defendants offered to produce numerous documents on the condition that plaintiffs agree that such production would not waive any applicable privilege as to any other document -- i.e., that the production would not effect a subject matter waiver. Plaintiffs, although they argued that the documents were not privileged to begin with, refused that offer.

7. With respect to plaintiffs' challenge to document number 237 from privilege log volume 1, document number 631 from volume 2 and document number 199 from volume 6 as, respectively, being disclosed to third parties' Walker Digital, WebHouse and "Unidentified Consultants", plaintiffs are mistaken. Those documents were never sent to a third party -- and that fact was explained to plaintiffs in detail during the meet and confer.

8. With respect to 631 from volume 2, Defendants' log states that the document is a "draft memorandum [regarding] proposed terms for the new rates to be charged for services provided to WebHouse." Although the log states that the "Recipient" of this memorandum is "Priceline WebHouse Club, Inc.", that entry is a mistake and was lifted from the "Re:" subject line of the memorandum in error by the individual logging the document at priceline's counsel, Robinson & Cole. We explained this error to plaintiffs during our meet and confer.

9. With respect to 199 from volume 6, Defendants log states that the document is an attorney-client communication between priceline's in-house counsel and priceline "employees

3

and consultants". Plaintiffs challenge the document based on the fact that the consultants are "unidentified", but that is true. During the parties' meet and confer, Defendants explained -- at times referencing the language of the document directly -- that the consultants were "Internal Consultants" at priceline and that the document related to potential litigation that priceline and its affiliated companies were contemplating and was marked "CONFIDENTIAL -- NOT FOR EXTERNAL DISTRIBUTION".

/s/ William J. Kelleher III
William J. Kelleher III

Subscribed and sworn to
before me this 7th day
of December, 2006

*[signature]*
Commissioner/Notary Public
My Commission Expires: 4-30-07

4

## CERTIFICATION

I hereby certify that the foregoing was served on all counsel of record listed below via the Court's ECF system and by first class mail, postage prepaid, on any party not able to receive email, on this 7th day of December, 2006:

| Co-Lead Counsel | Liaison Counsel |
|---|---|
| David R. Scott, Esq.<br>Erin G. Comite, Esq.<br>Scott & Scott, LLC<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT  06415<br>Tel:  860-537-3818<br>Fax:  860-537-4432<br><br>Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY  10017<br>Tel:  212-687-7230<br>Fax:  212-490-2022<br><br>Dennis J. Johnson, Esq.<br>Jacob B. Perkinson, Esq.<br>Johnson & Perkinson<br>1690 Williston Road<br>South Burlington, VT  05403<br>Tel:  802-862-0030<br>Fax:  802-862-0060 | Andrew M. Schatz, Esq.<br>Jeffrey S. Nobel, Esq.<br>Schatz & Nobel, PC<br>One Corporate Center<br>20 Church Street, Suite 1700<br>Hartford, CT  06103-3202<br>Tel:  860-493-6292<br>Fax:  860-493-6290 |

| Attorneys for priceline.com, Inc., Richard S. Braddock, Daniel H. Schulman and N.J. Nicholas, Jr.<br><br>Evan R. Chesler, Esq.<br>Daniel Slifkin, Esq.<br>Robert K. Simonds, Esq.<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | Attorneys for Defendant Jay S. Walker<br><br>Thomas D. Goldberg, Esq. (ct04386)<br>Terence J. Gallagher, Esq. (ct22415)<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>Tel: 203-977-7300<br>Fax: 203-977-7301<br><br>Jeanne E. Irving, Esq.<br>Hennigan, Bennett & Dorman LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: 213-694-1200<br>Fax: 213-694-1234 |
|---|---|

/s/ William J. Kelleher III
William J. Kelleher III