IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION | : MASTER FILE NO.<br>: 3:00-CV-01884 (AVC)<br>: |
| This document relates to:<br><br>ALL ACTIONS | :<br>:<br>:<br>:<br>: December 11, 2006 |

### DEFENDANT JAY S. WALKER'S DECEMBER 11, 2006 STATUS REPORT REGARDING THE PRODUCTION OF ELECTRONIC INFORMATION

Defendant Jay S. Walker ("Walker") submits this Status Report Regarding the Production of Electronic Information pursuant to the December 8, 2005 directive of the Court that the defendants file a monthly status report on the production of electronic information. This report updates Mr. Walker's prior status reports.

Shortly before filing the last status report, Mr. Walker received notice of this Court's order dated October 30, 2006 with respect to, among other things, plaintiffs' motion to compel the production of electronic documents from the back-up tapes in Groups 4, 5, 6 and 15. As reflected in the last status report, Mr. Walker's counsel has designed their review methodologies to conform to that order. In order to meet the March 1, 2007 deadline set in the October 30 order, since the last status report, Mr. Walker's counsel has expanded the already substantial team of professionals working on the electronic review. This team of professionals is diligently reviewing such data in an effort to review as much data as feasible from the back-up tapes in Groups 4, 5, 6 and 15 that are the subject of the October 30 order before the March 1, 2007 production deadline.

I.   **MR. WALKER'S ATTORNEYS ARE CONDUCTING AN EMAIL-BY-EMAIL OF DATA FROM A SUBSTANTIAL NUMBER OF CUSTODIANS.**

The October 30 order addressed, among other issues, plaintiffs' motion seeking to compel Mr. Walker to conduct an email-by-email review of the mailboxes of 121 custodians. In the October 30 order, the court directed that Mr. Walker conduct an email-by-email review of the mailboxes of defendants Walker and Braddock. With respect to the remaining 121 email accounts, the court directed that the parties meet and confer regarding which accounts are key to this litigation.

Since the filing of Mr. Walker's last status report, Mr. Walker's counsel has participated in several lengthy meet and confer discussions with plaintiffs' counsel in an effort to reach an agreement with respect to the electronic review. In the meet and confer process, plaintiffs' counsel presented Mr. Walker's counsel with a new list of custodians whose email accounts plaintiffs want to be reviewed email-by-email. This list was not substantially shorter than plaintiffs' previous list and added new names. Mr. Walker's counsel asked that plaintiffs refine their request to a reasonable number of individuals, or at least to prioritize individuals who were more important to plaintiffs than others. Plaintiffs declined to take either of these steps.

Accordingly, Mr. Walker's counsel has began the process of conducting an email-by-email review of persons that Mr. Walker's counsel identified as sufficiently "key" to warrant such an email-by-email review of the .pst files identified for such persons on the tapes from Groups 4, 5, 6 and 15 that are the subject of the October 30 order.

In accord with the protocols described in prior status reports, when conducting this email-by-email review, in addition to reviewing the emails contained within a particular custodian's mailbox, Mr. Walker's attorneys are also reviewing the attachments to such emails, all emails within the same conversation thread as the subject email to the extent such emails are readily identifiable, and duplicates of such emails in other custodian's mailboxes to the extent such duplicates are readily identifiable. As with prior phases of the review, emails that Mr.

2

Walker's vendor has identified as duplicates of emails produced by the co-defendants are being excluded from the review to the extent reasonably possible.

## II. MR. WALKER'S COUNSEL HAS TAKE SIGNIFICANT STEPS TO IDENTIFY REASONABLE SEARCH TERMS AND A REASONABLE SCOPE OF DATA AGAINST WHICH SEARCH TERMS SHOULD BE EMPLOYED.

In addition to meeting and conferring with plaintiffs' counsel regarding the identity of key custodians, since the last status report, Mr. Walker's counsel has participated in extensive meet and confer discussions in an attempt to cull from the tapes that are the subject of the October 30 order that data against which search terms will be applied, and to identify the search terms themselves. On November 16, 2006, plaintiffs' counsel provided Mr. Walker's counsel with in excess of 100 search terms, most of which are extremely broad and most of which are not targeted to identify significant or relevant information.

At plaintiffs' request, and in hopes of facilitating the process of narrowing the list to a reasonable one, Walker's counsel spent a substantial amount of time testing over 100 search terms against the data that had been released to the review tool at the time of the test from the tapes that are the subject of the October 30 order. This testing was done in an effort to provide information regarding the scope and percentage of documents captured by plaintiffs' extensive list of search terms, and to show which of those terms were overly broad and captured an unwieldy volume of data.

Mr. Walker's counsel gave plaintiffs' counsel information identifying the number of hits for each search term. From this and other information Mr. Walker's counsel provided, plaintiffs could determine the percentage of the data captured by each search term, enabling plaintiffs to make reasonable assessments as to the volume of data that would contain such search terms when applied to a broader data set. Despite providing this information to plaintiffs' counsel and despite Mr. Walker's proposals for narrowing the search terms,

plaintiffs' counsel has refused to date to narrow the list of over 100 search terms. Thus, Mr. Walker's counsel is independently identifying a reasonable list of search terms.

Mr. Walker's counsel has also provided plaintiffs' counsel with information that would allow them to reasonably identify the data against which search terms should be run. As discussed in prior status reports, at plaintiffs' counsel's request, Mr. Walker's counsel provided detailed catalogs of the 181 tapes so that plaintiffs' counsel could identify data for upload, filtering, staging and analysis, and could eliminate irrelevant data from the review. Plaintiffs represented they would use the catalogs to identify particular files on them that they would request be uploaded. Despite this promise and despite Mr. Walker's having expended substantial resources to provide such information to plaintiffs, plaintiffs have yet to identify the files they want uploaded for purposes of running search terms. Accordingly, Mr. Walker's counsel has been left to prioritize the data uploaded for filtering and running search terms. In this regard, Mr. Walker's counsel has caused a significant volume of data to be uploaded, filtered and released to the review tool to have search terms applied to it.

III. **MR. WALKER'S COUNSEL HAS CAUSED ALL THE TAPES THAT ARE THE SUBJECT OF THE OCTOBER 30 ORDER TO BE RESTORED TO THE EXTENT SUCH TAPES ARE CAPABLE OF BEING RESTORED.**

Mr. Walker's counsel has instructed its vendor to take steps necessary to restore all of the tapes from Groups 4, 5, 6 and 15 that are the subject of the October 30 order. As a result, the majority of the tapes in these Groups have been restored. Mr. Walker's attorneys are not aware of any further steps that could be taken with respect to enable the restoration of the remainder of these tapes.

DATED: December 11, 2006

Defendant, Jay S. Walker

By: _____
Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax:   (203) 977-7301
tdgoldberg@dbh.com – Email

- and -

J. Michael Hennigan (phv01117)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01119)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – Email

His Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2006, a copy of defendant Jay S. Walker's December 11, 2006 Status Report Regarding the Production of Electronic Information was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _____
Shawna L. Ballard