**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:  PRICELINE.COM, INC. | :  MASTER FILE NO. |
| SECURITIES LITIGATION | :  3:00-CV-01884 (AVC) |
|  | : |
| | : |
| This document relates to: | : |
| | : |
| ALL ACTIONS | :  January 10, 2007 |

**DEFENDANT JAY S. WALKER'S JANUARY 10, 2007 STATUS REPORT**
**REGARDING THE PRODUCTION OF ELECTRONIC INFORMATION**

Defendant Jay S. Walker ("Walker") submits this Status Report Regarding the Production of Electronic Information pursuant to the December 8, 2005 directive of the Court that the defendants file a monthly status report on the production of electronic information. This report updates Mr. Walker's prior status reports.

As reflected in Mr. Walker's prior report, Mr. Walker has a significant team of professionals who are applying a substantial amount of time to the electronic review of electronic data from back-up tapes.

**I.    MR. WALKER'S ATTORNEYS ARE CONDUCTING AN EMAIL-BY-EMAIL REVIEW OF DATA FROM A SUBSTANTIAL NUMBER OF CUSTODIANS.**

On October 30, 2006, this Court  ruled on plaintiffs' Motion to Compel Defendant Walker to Produce Emails and Electronic Documents on the Seventeen Restored Priceline WebHouse Club Tapes ("17 Restored Tapes Motion"), including plaintiffs' request in that motion for an order compelling Mr. Walker to conduct an email-by-email review of the mailboxes of 121 custodians.  This Court granted in part and denied in part the 17 Restored Tapes Motion.  In the October 30 order, the court directed that Mr. Walker conduct an email-by-email review of the mailboxes of defendants Walker and Braddock.  With respect to the

remainder of the 121 email accounts, the court directed that the parties meet and confer regarding which accounts are key to this litigation, in order to identify a "narrow list of key individuals." October 30 Order, p. 8.

As noted in the last status report, in the meet and confer process, plaintiffs' counsel presented Mr. Walker's counsel with a new list of custodians whose email accounts plaintiffs want to be reviewed email-by-email. This list of 89 custodians was not substantially shorter than plaintiffs' previous list and added 24 new names that had never been on the list of 121 concerning which the Court had ordered the parties to meet and confer.

Despite the request that plaintiffs refine their list of individuals for whom they seek an email-by-email review to a reasonable number of individuals, or at least to prioritize individuals who were more important to plaintiffs than others, plaintiffs have not taken either of these steps. Instead, since the last status report, plaintiffs filed a motion to compel seeking an email-by-email review of all 89 custodians, including 24 custodians that are not part of the 121 custodians referenced in the October 30 order.

As for those 89 custodians for whom the plaintiffs seek an email-by-email review in their pending motion to compel, with one exception,[1] Mr. Walker's counsel is in the process of conducting an email-by-email review of emails from pst files for any of these 89 custodians who were part of the list of 121 custodians referenced in the October 30 order to the extent that pst files have been identified for such custodians on the restored tapes.

In accord with the protocols described in prior status reports, when conducting this

---

[1]    The one exception is Mark McEnroe, the former General Counsel for WebHouse. As a result of his position as General Counsel, a substantial number of Mr. McEnroe's emails are expected to be privileged. Thus, an email-by-email review of Mr. McEnroe's mailbox is unduly burdensome and unlikely to yield a significant volume of non-privileged and responsive material. Mr. Walker's counsel is reviewing emails released to the review tool from Mr. McEnroe's inbox to the extent they contain one of the search terms that Mr. Walker's counsel will apply to such data. As with other phases of the review, emails that Mr. Walker's vendor has identified as duplicates of emails produced by the co-defendants will be excluded from this review to the extent reasonably possible.

email-by-email review, in addition to reviewing the emails contained within a particular custodian's mailbox, Mr. Walker's attorneys are also reviewing the attachments to such emails, all emails within the same conversation thread as the subject email to the extent such emails are readily identifiable, and duplicates of such emails in other custodian's mailboxes to the extent such duplicates are readily identifiable. As with prior phases of the review, emails that Mr. Walker's vendor has identified as duplicates of emails produced by the co-defendants are being excluded from the review to the extent reasonably possible.

## II. MR. WALKER'S COUNSEL HAS IDENTIFIED APPROPRIATE SEARCH TERMS AND DEFINED THE PROPER SCOPE OF DATA AGAINST WHICH SEARCH TERMS SHOULD BE EMPLOYED.

At plaintiffs' request, and in hopes of facilitating the process of narrowing the list to a reasonable one, Walker's counsel spent a substantial amount of time testing 113 search terms proposed by plaintiffs in an effort to identify a reasonable list of search terms. Despite having provided information to plaintiffs' counsel that would enable them to identify a list of search terms reasonable in scope, and despite plaintiffs' having stated that they would narrow the search term list, plaintiffs' motion to compel requests that Mr. Walker employ 113 broad search terms against an inordinately large volume of data.

Mr. Walker's counsel has also provided plaintiffs' counsel with information that would allow them to reasonably identify the data against which search terms should be run. As discussed in prior status reports, at plaintiffs' counsel's request, Mr. Walker's counsel provided detailed catalogs of nearly all of the 181 tapes[2] so that plaintiffs' counsel could identify from the catalogs specific files for upload, filtering, staging and analysis, and could eliminate irrelevant files from the review. Plaintiffs represented they would use the catalogs to identify particular files on them that they would request be uploaded. Despite this promise and despite

---

[2]    Some of the tapes were blank or cleaning tapes. A handful of the tapes could not be catalogued.

Mr. Walker's having expended substantial resources to provide such information to plaintiffs, plaintiffs have yet to utilize the catalogs to identify particular files or file types that they want uploaded for purposes of running search terms. Instead, in their motion to compel, plaintiffs indiscriminately request that their excessive list of search terms be applied to all data on the restored back-up tapes without regard to the file type, the date of the data, or the significant vendor costs associated with uploading data from successive back-ups of voluminous, overlapping data. Accordingly, Mr. Walker's counsel has been left to prioritize the data uploaded for filtering and running search terms. In this regard, Mr. Walker's counsel has caused a significant volume of data to be uploaded, filtered and released to the review tool to have search terms applied to it. This process is ongoing in that there is data presently in the process of being uploaded and filtered for release.

**III.    MR. WALKER'S COUNSEL HAS CAUSED ALL THE TAPES THAT ARE THE SUBJECT OF THE OCTOBER 30 ORDER TO BE RESTORED TO THE EXTENT SUCH TAPES ARE CAPABLE OF BEING RESTORED.**

Mr. Walker's counsel has instructed its vendor to take steps necessary to restore all of the tapes from Groups 4, 5, 6 and 15 that are the subject of the October 30 order. As a result, the majority of the tapes in these Groups have been restored. Mr. Walker's attorneys are not aware of any further steps that could be taken to enable the restoration of the remainder of these tapes.

DATED:  January 10, 2007

Defendant, Jay S. Walker

By:

Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Phone:  (203) 977-7300
Fax:     (203) 977-7301
tgoldberg@daypitney.com – Email

- and -

J. Michael Hennigan (phv01117)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01119)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:  (213) 694-1200
Fax:  (213) 694-1234
irvingj@hbdlawyers.com – Email

His Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, a copy of defendant Jay S. Walker's January

10, 2007 Status Report Regarding the Production of Electronic Information was filed

electronically and served by mail on anyone unable to accept electronic filing.  Notice of this

filing will be sent by email to all parties by operation of the court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the Court's CM/ECF System.

By:  _____
                Shawna L. Ballard