# EXHIBIT E



April 28, 2006

<u>Via Facsimile and U.S. Mail</u>

Jeanne E. Irving
Hennigan, Bennett & Dorman LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017

      Re:    <u>In re Priceline.com Securities Litig., Case No. 3:00cv1884 (DJS)</u>

Dear Jeanne:

      I write to summarize the conference call we had yesterday afternoon. The main purpose of that call was to discuss the methodology that Defendant Walker plans to use to retrieve and produce responsive information contained on the 181 WebHouse backup tapes in his custody and control. During the call, we discussed several proposed steps that need to occur before the documents are actually produced. These steps include:

      1.    <u>Indexing The 181 WebHouse Backup Tapes</u>:

      The first step in the process is indexing the 181 WebHouse backup tapes. As we discussed on yesterday's call, we would appreciate it if you would produce all indexes in a searchable and sortable form. To date, we have only received 141 of the indexes in a searchable and sortable format (they were produced as Excel spreadsheets). The first 16 indexes we received were not in a searchable and sortable format. Please resend those indexes in the Excel spreadsheet format. Also, we are still waiting on the remaining indexes. Once we have searchable and sortable indexes, Plaintiffs will then be able to separate those files that likely contain responsive information from the files that can easily be eliminated from the search. The goal here is to eliminate as much of the material as possible and focus only on the files that may contain responsive documents.

      2.    <u>Using The Indexes To Segregate The Data On The Backup Tapes</u>:

      Once we have gone through the indexes, the next step will require the parties to segregate the materials on the tapes so that we are only working with the files that Plaintiffs have designated for review. It is our understanding that this can be done by simply copying the native files we have selected to a hard drive or other removable media. This will significantly reduce the volume of material.

ATTORNEYS AT LAW    CONNECTICUT    SCOTT + SCOTT, LLC    440 247-8200 VOICE
    OHIO    33 RIVER STREET    440 247-8278 FAX
    CALIFORNIA    CHAGRIN FALLS, OH 44022    SCOTTLAW@SCOTT-SCOTT.COM
    WWW.SCOTT-SCOTT.COM

Jeanne Irving
April 28, 2006
Page 2

3. <u>Preparing the Segregated Data for Review</u>:

The next step requires you to load the segregated data into your litigation support program, Introspect 5.0, for review. For this particular step, we strongly suggest that you keep the files and data in their native format when loading them into the Introspect software. As you will recall, Allison Goodman, our computer discovery consultant, identified several advantages to maintaining at least some of the files in native file format as you and your firm begin the review process – primarily .pst files and Excel spreadsheets. A .pst file is from Microsoft's Outlook email program and stores all of the data for a particular user (email, calendar entries, contacts, journal items, etc.). It is likely that there will be numerous items within some of the .pst files that will not responsive, but it is impossible to determine this until the file has been opened. So converting all of these items to TIFF and OCR format prior to any review would be wasteful and inefficient.

Your litigation support program, Introspect 5.0, should be able to create a database for you of the entire contents of each .pst file. Instead of needing to open each email individually, you would have a columnar format identifying the author, recipient, date, subject and body of the email in addition to any other available fields you choose to review. With this format you can often see several emails at once making the review process much quicker.

Regarding the Excel spreadsheets, Allison informs us that it is often a cumbersome process to convert these documents to TIFF because of the difficulties associated with pagination. Excel spreadsheets are often not configured to print properly and the TIFF process is nothing more than printing to a digital file.

4. <u>Search Methodology and Production</u>:

Once the documents are loaded into your Introspect program, the parties will need to agree on a methodology for searching these files. We think the parties should agree to use the same format that the parties are currently using to search the Priceline "snapshot" and departed employee tapes. On February 17, 2006, Plaintiffs provided you with an initial list of people whose email accounts we want you to go through email by email for non-privileged, responsive information. Plaintiffs will also provide you with a list of search terms that you should use to search the entire database. The documents that you retrieve using these individuals and search terms will then be reviewed for responsiveness and privilege and produced. Plaintiffs reserve the right to supplement and/or amend the list of individuals and the search terms.

Jeanne Irving
April 28, 2006
Page 3

In addition, we believe we are entitled to receive the documents in a searchable format, whether that be native file format (which is the most economical alternative), searchable .pdf or TIFF and OCR. If you disagree, please let us know immediately.

The most pressing issue right now is the production of the searchable and sortable indexes. Please send us those indexes as soon as possible. Once we get the indexes, we will then be able to segregate the data on the tapes. Also, we would like to set up a weekly call on these issues until the process is complete. We propose holding another conference call next Friday at 2:30 p.m. to talk through these issues. Please let us know your availability.

                                                  Sincerely yours,

                                                  Geoffrey M. Johnson

cc:    David R. Scott (via fax)
        Arthur Shingler III (via fax)
        Jacob B. Perkinson (via fax)
        Peter J. McDougall (via fax)
        Erin G. Comite (via fax)
        Stacey K. Porter (via fax)
        Donald A. Broggi (via fax)



ATTORNEYS AT LAW          SCOTT + SCOTT, LLC          440 247-8200 VOICE
                          33 RIVER STREET              440 247-8275 FAX
                          CHAGRIN FALLS, OH 44022      scottlaw@scott-scott.com
                                                       WWW.SCOTT-SCOTT.COM

## FAX COVER SHEET

**Date:**   April 28, 2006                                    **Fax:**

**To:**     Jeanne E. Irving                                  (213) 694-1234
            Hennigan, Bennett & Dorman LLP

            David R. Scott                                    (860) 537-4432
            Erin G. Comite
            Scott + Scott, LLC

            Jacob B. Perkinson                                (802) 862-0060
            Peter J. McDougall
            Stacey K. Porter
            Johnson and Perkinson

            Arthur Shingler III                               (619) 233-0508
            Donald A. Broggi
            Scott + Scott, LLC

**Subject:** Priceline

**Sender:**  Geoffrey M. Johnson

**Number of pages including cover sheet:**   4                00121

Please see attached.

**CONFIDENTIALITY NOTICE**

The information accompanying this fax transmission may contain confidential or privileged information. This facsimile transmission is intended solely for the person whom it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this fax in error, please call (440)247-8200 immediately.