**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| IN RE: PRICELINE.COM, INC. | : | |
| SECURITIES LITIGATION | : | |
| | : | MASTER FILE NO. |
| | : | 3:00-CV-1884(AVC) |
| This document relates to: | : | |
| | : | |
| ALL ACTIONS | : | |
| | : | |

**RULING ON MOTION FOR IN CAMERA REVIEW**

On March 30, 2006, the plaintiffs filed a motion to compel with respect to documents listed in the defendants' privilege logs. On September 22, 2006, the court denied the motion because the plaintiff had failed to address the specific documents at issue. The court ordered the parties to meet and confer on or before October 2, 2006, in order to discuss each document at issue and in an attempt to resolve their disputes and narrow the issues before the court. On October 17, 2006, the plaintiffs filed the within motion for in camera review with respect to a more limited number of documents. For the reasons that follow, the plaintiffs' motion for in camera review is granted but the relief requested is denied.

The plaintiff argues that the documents in dispute were disclosed to third parties and that such disclosure destroys any otherwise applicable attorney-client or work product privilege. The plaintiff further states that the exceptions to waiver do not apply here. Specifically, the plaintiff argues that the common

interest and joint defense exceptions do not apply here where
there was no evidence of a common or coordinated legal strategy.

The defendants respond that of the remaining 48 documents in
dispute, 37 were communications that were never sent to a third
party.  Of the remaining documents, 7 were disclosed to a third
party pursuant to the common interest or joint defense privilege
and 4 are privileged documents that defendant came to possess by
and through this litigation which is jointly defended with Jay
Walker, the former Chief Executive Officer of WebHouse.

The documents at issue can be categorized into three groups,
those allegedly not disclosed to third parties, those disclosed
to third parties but subject to the common interest or joint
defense privilege and those produced in connection with this
litigation.  With respect to documents in the first group that
were created or received by Robert Mylod and Paul Francis, the
court concludes that at the time of the various communications,
Mylod and Francis were Priceline employees and, therefore, not
third parties for purposes of disclosure.  The court is unable,
however, to determine the status of all of the listed recipients
and/or creators of the listed documents.  Some of the documents
identify priceline employees or attorneys as such but other
documents simply list individuals by name without any reference
to their status as Priceline employees or attorneys.  With
respect to those documents, the court is unable, at this stage of

the proceedings, to determine those individuals' employment status.  The defendant is therefore ordered to provide the court with a list of the individuals who either sent the documents or received them and their employment status at the time of the creation of the documents in group one. Upon receipt of that list, the court will rule with respect to the documents in group one.[1]

Also in group one are three additional documents that the defendants argue were never disclosed to third parties.[2]  After review of those documents, the court concludes that they are privileged and were never disclosed outside of Priceline employees, counsel and/or internal consultants.

The second group of documents includes communications that Priceline provided to Walker Digital, WebHouse and/or WebHouse's in-house counsel Mark McEnroe.[3]  The defendants argue that although these document were produced to third parties, the

---

[1] Those documents are contained in the following volumes: volume 2, documents 410, 411, 434-436, 509, 576, 582, 692; volume 5, document 23; volume 6, documents 4, 19, 21, 25, 36, 67, 203, 209, 218, 219, 226, 229, 241 ans 243; volume 7, documents 38, 45-48; volume 8, document 8; volume 9, documents 61-63 and 91.

[2] Those documents are contained in the following volumes: volume 1, document 237; volume 2, document 631; and volume 6, document 199.

[3] Those documents are contained in the following volumes: volume 2, documents 239, 615, 619, 680, 681 (the defendants represent that the attachment to this document was produced); volume 6, document 47; and volume 9, document 16.

communications remain privileged because they were made pursuant to a common interest or joint defense privilege.

"The joint defense privilege, more properly identified as the 'common interest rule' . . . has been described as 'an extension of the attorney client privilege.'" United States v. Schwimmer, 892 F.2d 237,243 (2d Cir. 1989) (quoting Waller v. Financial Corp. Of Am., 828 F.2d 579, 583 n.7 (9th Cir. 1987)); see also United States v. Weissman,195 F.3d 96, 99(2d Cir. 1999). The rule was intended "to protect the free flow of information from client to attorney . . . whenever multiple clients share a common interest about a legal matter . . . and it is therefore unnecessary that there be actual litigation in progress for the common interest rule of the attorney-client privilege to apply." Schwimmer, 892 F.2d at 243-44 (internal quotations omitted). "The parties sharing the privilege "'must . . . demonstrate[] cooperation in formulating a common legal strategy.'" Sony Electronics, Inc. V/ Soundview Technologies, Inc., 217 F.R.D. 104, 108 (D. Conn 2002) (quoting Bank Brussels Lambert v. Credit Lyonnais (Suisse)S.A., 160 F.R.D. 437, 447 (S.D.N.Y. 1995)). Further, as with all claims of privilege, the party asserting it has the burden of establishing that "the communication in question was given in confidence and that the client reasonably understood it to be so given." Schwimmer, 892 F.2d at 244.

Walker Digital is an invention and research development

company founded by Jay Walker, a defendant in this case.  Walker
Digital was a Priceline investor and transacted certain rights in
its intellectual property to Priceline.  Priceline and Walker
Digital were involved in previous litigation together.

WebHouse was formed by Jay Walker in order to extend
Priceline's business to the sale of gasoline and groceries.  In
October 1999, Priceline licensed its business model to WebHouse
and sublicensed to WebHouse certain intellectual property rights
that Priceline obtained from Walker Digital.

Priceline disclosed certain of the documents at issue to
Walker Digital as part of prior patent cases against Microsoft,
Expedia and/or Hotwire.com.[4]  After in camera review, the court
concludes that those documents were intended to be held in
confidence and that Priceline and Walker Digital were cooperating
in formulating a common legal strategy in those prior cases.
Those documents, therefore, qualify for protection under the
common interest doctrine.

Priceline disclosed other documents to WebHouse in
connection with the threat of litigation by the Federal Trade
Commission and the Connecticut Office of the Attorney General.[5]
After in camera review, the court concludes that those documents

---

[4] Those documents are contained in the following volumes:
volume 2, documents 239, 615 and 619; and volume 9, document 16.

[5] Those documents are contained in the following volumes:
volume 2, documents 680 and 681; and volume 6, document 47.

were intended to be held in confidence and that Priceline and
WebHouse were cooperating in formulating a common legal strategy
with respect to threatened litigation.  Those documents,
therefore, qualify for protection under the common interest
doctrine.

The third and final group of documents contain WebHouse
communications that were disclosed to Priceline in connection
with the current litigation.[6]  Priceline came into possession of
these documents by virtue of its "snapshot"[7] of its corporate
file servers.  Because WebHouse used certain of Priceline's
computer servers, the snapshot contained the WebHouse documents
at issue.  The Priceline defendants state that they are not in a
position to waive WebHouse's privilege as to these documents.
The defendants further state that they will provide the documents
to co-defendant Jay Walker for his review.

After in camera review, the court concludes that the third
group of documents were intended to be held in confidence and
that Priceline and WebHouse and/or Jay Walker were cooperating in
formulating a common legal strategy in this case.  Therefore, the

---

[6] Those documents are contained in the following volumes:
volume 2, documents 412 and 517; and volume 7, documents 15 and
16.

[7] In February 2002, the defendants took a "snapshot" of the
information contained in its corporate file servers as of that
date.  This snapshot amounts to a back-up of all material that
existed on the defendants' corporate file servers from the
beginning of the company up to February 2002.

documents qualify for protection pursuant to the common interest doctrine.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion for in camera review (**document no. 398**) is granted but the relief requested is denied.

It is so ordered this 26th day of January, 2007, at Hartford, Connecticut.

_

_____/s/_____

Alfred V. Covello,
United States District Judge