# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **IN RE: PRICELINE.COM, INC.** | : | |
| **SECURITIES LITIGATION** | : | |
| _____ | : | **MASTER FILE NO.** |
| | : | **3:00CV01884(AVC)** |
| **This document relates to:** | : | |
| | : | **January 31, 2007** |
| **ALL ACTIONS** | : | |

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT WALKER TO PRODUCE EMAILS AND ELECTRONIC DOCUMENTS ON THE RESTORED WEBHOUSE CLUB TAPES

| | |
|---|---|
| **SCOTT + SCOTT, LLC** | **JOHNSON & PERKINSON** |
| David R. Scott | Dennis J. Johnson |
| Beth Kaswan | Jacob B. Perkinson |
| Marc V. Jackowski | Eben F. Duval |
| Geoffrey M. Johnson | 1690 Williston Road |
| Erin Green Comite | P.O. Box 2305 |
| 108 Norwich Avenue | South Burlington, VT 05403 |
| P.O. Box 192 | |
| Colchester, CT 06415 | **Co-Lead Counsel** |
| | |
| **Co-Lead Counsel** | |

Defendant Walker has filed an opposition brief in which he has inexplicably changed his tune regarding the parameters of the email and electronic search of the restored WebHouse Club tapes. Indeed, during the meet and confers leading up to the filing of Plaintiffs' Motion to Compel, the parties discussed three issues. *First*, in accordance with this Court's October 30, 2006 Order, the parties discussed which of the individual e-mail accounts contained on the restored WebHouse tapes were "key" email accounts that Defendants Walker needed to search on an email-by-email basis. *Second*, as per the Court's October 30 Order, the parties discussed what search terms Defendant Walker should use to search the emails and electronic documents contained on the remainder of the restored tapes. *Third*, in accordance with the Order, the parties discussed which of the remaining unrestored tapes should be restored.

On each of these issues, Defendant Walker's attorneys took extreme positions that they knew would never pass close judicial scrutiny. Now, after forcing Plaintiffs to file a Motion to Compel, Defendant Walker has inexplicably changed his position on each of the three issues and instead stakes out a "compromise" position in his opposition brief. It is important to note that Defendant Walker's attorneys failed to make any of these concessions during the meet and confers. In particular, Defendant Walker has now indicated that he is willing to conduct an email-by-email search of the 65 of the 89 individuals who are listed on Plaintiffs' "key" WebHouse employee list. Prior to the filing of Plaintiffs' Motion to Compel, Walker was never willing to search more than 21 of these accounts. Similarly, Defendant Walker has now indicated that he is willing to search 47 of the search terms that Plaintiffs proposed in their Motion to Compel. Prior to the filing of Plaintiffs' Motion, Walker wanted to limit the search term portion of the electronic search to an extremely limited number of search terms. His attorneys also tried to unilaterally impose an artificial 500,000 page limit on the production. The

1

October 30 Order was clear in its direction to the parties concerning restoration of tapes: "To the extent restoration of *any of the tapes* remains an issue, the parties shall meet and confer pursuant to local and federal rules and this court's December 8, 2005 order with respect to such restoration."[1]  *Emphasis added*.  Within the catalogs for two such tapes, Plaintiffs have discovered many responsive files.  *See* exhibit A.  Walker claims Plaintiffs have had ample opportunity to request these files before the 10/30/06 order.  However, Walker admits that several months passed before even he could identify which tape volumes were contained on each production.[2]  Plaintiffs and Walker were unable to resolve the issue of restoration of tapes 17, and 161, and respectfully request the court to order their restoration and review.

As things now stand, Plaintiffs can live with the email-by-email search of the 65 individuals that Defendant Walker proposed in his opposition brief.  Plaintiffs can also live with the 47 search terms that Defendant Walker proposed in his opposition brief – so long as Plaintiffs are given the opportunity to choose additional terms to include in the search.  Plaintiffs' need these additional terms because Defendant Walker has strategically included terms in his list of 47 that will not capture the relevant documents at issue in this case.  For example, the term "mplfs" was not found on the tapes at all, yet Walker chose this term with the knowledge that it does not appear.  Another example, the term "H. Mines" only appears once on the tapes, yet was also a term Walker unilaterally decided to utilize.  These examples demonstrate the divergent goals sought by Walker and Plaintiffs.  The reason for utilizing search terms is to highlight responsive documents and forego a wholesale review.  By choosing terms known to have such meager results, Walker tries to stack the deck against responsive document production.  Plaintiffs should be afforded the opportunity to identify additional terms important to reaching their goals in order

---

[1] *October 30, 2006 order at 9.*
[2] *See* footnote 17, *Walker 1/17/07 Memorandum of Law in Opposition to Plaintiffs' Motion to Compel* at 10.

2

to balance the bias currently present in Walker's list of 47 terms. Importantly, this is the same approach that the Court took when resolving the electronic discovery dispute between Plaintiffs and the Priceline Defendants – *i.e.,* Plaintiffs were given 10 terms of their own choosing in addition to the 33 that Priceline had chosen from Plaintiffs' list.

Finally, Plaintiffs respectfully request that this Court clarify in its order that Defendant Walker must conduct an email-by-email search and run the search terms against ***all*** of the ***restored*** WebHouse tapes. This clarification is needed because there has been confusion surrounding which of the tapes that Defendant Walker has restored, and precisely which tapes are being reviewed. At the end of the day, Defendant Walker should be compelled to search the 65 designated accounts so long as those accounts show up on any of the restored tapes. Defendant Walker should also be compelled to run the 47 search terms against all of the restored tapes. If Walker then searches the designated email accounts and runs the search terms against all of the restored WebHouse tapes, the parties should be able to put the electronic discovery issues behind them without the need for further briefing on these issues.

## CONCLUSION

For the reasons stated herein, and in the earlier filings with this Court, an order should be entered (1) directing Defendant Walker to conduct an e-mail by e-mail search of the 65 individuals proposed by Walker in his opposition brief; (2) permitting Plaintiffs to choose an additional 10 terms to be searched by Defendant Walker; (3) directing Walker to restore tapes 17, and 161; and (4) clarifying that the Court's October 30, 2006 Order requires that Walker conduct the e-mail by e-mail and term searches against all restored WebHouse restored back-up tapes.

Dated: January 31, 2007                         Respectfully submitted,

                                                 ___/s/ Eben F. Duval_____

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Eben F. Duval (phv01237)
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 537-4432

SCOTT + SCOTT, LLP
David R. Scott (CT16080)
Mark V. Jackowski (phv01190)
Geoffrey M. Johnson
Erin Green Comite (CT24886)
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

SCOTT + SCOTT, LLP
Beth A. Kaswan
19th Floor, Suite 1915
75 Rockefeller Plaza
New York City, NY  10019
Telephone: (212) 710-1040
Facsimile: (212) 710-1041

**Co-Lead Counsel**

**Certificate of Service**

I hereby certify that on this 31st day of January, 2007, a copy of the foregoing REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT WALKER TO PRODUCE EMAILS AND ELECTRONIC DOCUMENTS ON THE RESTORED WEBHOUSE CLUB TAPES was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:  /s/ Eben F. Duval

Eben F. Duval (phv01237)