IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : MASTER FILE NO.<br>: 3:00-CV-01884 (AVC)<br>:<br>: |
| This document relates to: | :<br>: |
| ALL ACTIONS | : February 12, 2007 |

**DEFENDANT JAY S. WALKER'S FEBRUARY 12, 2007 STATUS REPORT
REGARDING THE PRODUCTION OF ELECTRONIC INFORMATION**

Defendant Jay S. Walker ("Walker") submits this Status Report Regarding the Production of Electronic Information pursuant to the December 8, 2005 directive of the Court. This report updates Mr. Walker's prior status reports.

Mr. Walker's counsel is in the process of conducting an email-by-email review[1] of emails from pst files for 34 custodians located on the restored back-up tapes.[2] This list of 34 custodians is attached hereto as Exhibit A.

Moreover, Mr. Walker's counsel has identified appropriate search terms and defined the

---

[1] In accord with the protocols described in prior status reports, when conducting this email-by-email review and when conducting the below-described review of emails containing search term hits, in addition to reviewing the emails contained within a particular custodian's mailbox or containing a particular search terms, Mr. Walker's attorneys are also reviewing the attachments to such emails, emails within the same conversation thread as the subject email to the extent such emails are readily identifiable, and duplicates of such emails in other custodian's mailboxes to the extent such duplicates are readily identifiable. As with prior phases of the review, emails that Mr. Walker's vendor has identified as duplicates of emails produced by the co-defendants are being excluded from the review to the extent reasonably possible. Moreover, emails and other documents written in foreign languages are being excluded from the review.

[2] Per a reply brief filed on January 31, 2007 with respect to plaintiffs' outstanding motion to compel ("January 31 Reply"), plaintiffs do not seek the email-by-email review of pst files for any further custodians.

1

proper scope of data against which search terms should be applied. In particular, Mr. Walker's counsel selected 47 search terms (four more than this Court directed the Priceline defendants to use) from plaintiffs' list of 113 search terms to be applied to the below-described uploaded data.[3] A list of such search terms is attached hereto as Exhibit B.[4]

Mr. Walker's counsel was forced to select these 47 search terms from plaintiffs' list of 113 terms because for months after this Court issued its order dated October 30, 2006 with respect to the review of data from the tapes in Groups 4, 5, 6 and 15, plaintiffs demanded that Mr. Walker apply 113 search terms, some of which are excessively broad, to all data on the restored tapes, irrespective of file type. During this time frame, plaintiffs refused to narrow this list of search terms or prioritize them despite Mr. Walker's counsel's numerous requests that they do so.

Further, because plaintiffs refused to abide by their prior commitments to identify particular files from the catalogs of the tapes for upload and filtering, Mr. Walker's counsel was left with the task of prioritizing the data uploaded for filtering and running search terms.[5] As a result, Mr. Walker's counsel has caused in excess of 70 gigabytes of data (estimated to

---

[3] For two of these 47 search terms, i.e., "Goldman" and "minutes," we added a WebHouse and WHC connector due to the breadth of the terms. Also, we corrected the spelling with respect to one of plaintiffs' search terms.

[4] After failing for months to narrow or prioritize their list of 113 proposed search terms, in the January 31 Reply, plaintiffs request that they be allowed to belatedly choose some yet unidentified additional terms. Mr. Walker's counsel has not agreed to this belated request -- made less than 30 days before the court ordered production deadline -- because it imposes an unduly burdensome obligation upon Mr. Walker and would make it impossible to complete the review on or before the March 1, 2007 production deadline.

[5] Long ago, the Court ruled that the Relevant Period for discovery in this case was March 1, 1999 to April 1, 2001. Accordingly, Mr. Walker's counsel has instructed the electronic vendor to apply date filters so that emails (and attachments to such emails) are excluded from the review if the email was sent before March 1, 1999 or after April 1, 2001 and so that non-emails are excluded from the review if they were last modified before March 1, 1999. Further, after receiving correspondence from plaintiffs in the meet and confer process effectively acknowledging that contact cards were of a lesser priority, Mr. Walker's counsel employed filters to eliminate further contact cards from the scope of the review.

exceed 6.7 million pages) to be uploaded, filtered and to have the search terms and date filters applied to it. Specifically, Mr. Walker's counsel has caused to be uploaded the following types of data from the restored tapes in Groups 3, 4, 5, 6, 15 and 16 for purposes of running search terms and date filters against such data: all identified (1) .doc (Word) files, (2) .xls (Excel) files, (3) .pdf (Adobe Acrobat) files, and (4) .ppt (PowerPoint presentation) files; and (5) .pst (i.e., email) files for 80 custodians.

Further, Mr. Walker's counsel has also reviewed all .mdb (access database) files from the tapes in Groups 3, 4, 5, 6, 15 and 16 without regard to whether they contain any of the 47 search terms.[6] This involved the review of over 100 gigabytes of access database files.

Mr. Walker's counsel estimates that Mr. Walker's review team has reviewed documents containing more than 2 million pages pursuant to the above-described protocols. To date, Mr. Walker has produced in excess of 500,000 pages from these back-up tapes. Mr. Walker's counsel estimates that as of the March 1 production deadline, the total volume of data that will have been produced from these back-up tapes will approach or exceed 1.5 million pages.

As for the restoration of back-up tapes, Mr. Walker's counsel instructed its vendor to take steps necessary to restore all of the tapes from Groups 4, 5, 6 and 15 that are the subject of the October 30 order. As a result, the majority of the tapes in these Groups have been restored. Mr. Walker's attorneys are not aware of any further steps that could be taken to enable the restoration of the remainder of these tapes. Plaintiffs have not voiced any dissatisfaction with the state of restoration of these tapes.

Plaintiffs nonetheless seek the restoration of at least two additional tapes (tapes 17 and

---

[6] In their January 31 Reply, plaintiffs raise no objection to the selection of the above-described files for upload and filtering except to argue that search terms should be applied to "all restored tapes." Plaintiffs do not specify what they mean by "all restored tapes." It is quite possible that the use of that phrase is an unintentional lack of precision on plaintiffs' part, because, taken literally, this phrase refers to an absurdly huge amount of data, which overwhelmingly consists of data that no one – including the plaintiffs – has suggested is likely to be relevant to this case.

161).[7] Not only are these tapes outside Groups 4, 5, 6 and 15, and thus outside the scope of the October 30 order, but Mr. Walker's vendor has already uploaded for filtering data from numerous restored backup tapes, including those that appear to both predate and postdate the backup dates for tapes 17 and 161. Thus, the data on tapes 17 and 161 is likely to be largely duplicative of the data on restored tapes, making the time and expense for the restoration, upload, filtering, release, review and production of data from these tapes unnecessarily burdensome in light of the circumstances.

DATED: February 12, 2007

Defendant, Jay S. Walker

By: _____
Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax:    (203) 977-7301
tgoldberg@daypitney.com – Email

- and -

J. Michael Hennigan (phv01117)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01119)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – Email

His Attorneys

---

[7] In their January 31 Reply, plaintiffs appeared to have withdrawn their prior request for an order compelling the restoration of tape 160 because it is not mentioned in that brief.

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007, a copy of defendant Jay S. Walker's February 12, 2007 Status Report Regarding the Production of Electronic Information was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _____
Shawna L. Ballard