UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION : <br><br>This document relates to:<br><br>ALL ACTIONS | MASTER FILE NO.<br>3:00-CV-01884 (AVC)<br><br>March 15, 2007 |

**PLAINTIFFS' OBJECTION TO THE PRICELINE
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

On March 1, 2007, the Court-imposed discovery deadline for completion of Defendants' document production, the Priceline Defendants requested a sixty-day extension to the Scheduling Order cut-off date. Prior to March 1st, Plaintiffs received no notice that Defendants would fail to comply with the Court's Scheduling Order. The requested relief is not warranted and Defendants' motion should be denied.

Defendants' have had ample time to respond to Plaintiffs' discovery requests, and there is no convincing excuse for ignoring the Court's deadline. Moreover, the lack of notice to the Court or Plaintiffs further counsels against granting Defendants the relief they belatedly seek. Defendants have been aware of this deadline for over four months but never informed Plaintiffs or the Court that they would not comply with the Court's October 30, 2006 Order. Instead, in three status reports submitted to the Court by Defendants in December 2006, January 2007, and February 2007 no delay or complications of any kind were disclosed or even hinted at. The

1

complete absence of any mention of delay in three consecutive reports to the Court emphasizes the baseless nature of Defendants' current request.

Defendants' attempt to lay their contempt for the Court's Order at Plaintiffs' doorstep by claiming the Court-ordered additional search terms are responsible for Defendants' non-performance. This is absurd. Defendants received Plaintiffs' ten search terms by November 30, 2006 yet from that time to present have failed to generate a substantial number of documents from the additional terms. Despite having three months to produce the required documents Defendants refused to provide Plaintiffs or the Court with any indication that the Court's timetable would be met with contempt rather than compliance.

## I.   No Particularized Showing of Good Cause has been Made

Under the Local Rule 7(b)(2), good cause must be shown before a request for an extension of time greater than 30 days may be granted:

> All other motions for extensions of time [exceeding 30 days] must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

D. Conn. Local Rules of Civil Procedure 7(b)(2). Here, Defendants fail to articulate any "good cause" for their failure to comply with the Court's Order and do not even attempt to describe any "diligence" undertaken by the Defendants to make any attempt to actually comply. Under these circumstances, where Defendants' contempt for the discovery deadlines is compounded by a disregard of the requirements for supporting their requested relief from the same, Defendants' Motion should be rejected out of hand.

Defendants' Motion contains no specific details of any problems encountered and fails to articulate a single reason why Defendants have chosen to ignore the Court's Order requiring them to produce documents. For example, no lack of resources is indicated nor is any specific

2

problem identified relating to an atypical situation specific to the ten search terms. Instead, Defendants attempt to confuse the scope of the burden imposed by the additional ten terms granted to Plaintiffs in the October 30, 2006 Order with the pre-existing obligations of prior discovery.

Thus, in support of their Motion, Defendants purport to describe their current burden by combining the responses due under previous production obligations with additional documents ordered produced under the terms of the October 30, 2006 Order. Defendants argue that "[t]he document vendor's processing has taken longer than anticipated because of the enormous volume of document "hits" captured by the 33 original search terms and the additional 10 search terms." However, Defendants, Plaintiffs and the Court know that the processing of the previous thirty-three search terms was completed in November, 2006, prior to Defendants even receiving the ten additional terms they now claim justify a further extension of time. Thus, in their November 11, 2006 Status Report, Defendants directly informed the Court that "Defendants have requested that Plaintiffs identify any proposed additional search terms…It is Defendants' position that our electronic discovery concerning non-email will be *completed* after the production yielded by any additional search terms." Such a representation precludes the argument Defendants now try to make that previous production burdens have been compounded by the new terms the Court has ordered Defendants to search for.

The considerations relevant to Defendants' request for an extension must be limited to the additional ten search terms which Defendants received over three months ago. However, Defendants' discussion of the additional terms received on November 30, 2006 gives only a vague description of the purported burden they claim to suffer instead of the particularized showing required by this Court: "two (2) of the additional 10 search terms provided by Plaintiffs

3

("valu*" and "*Case") by themselves, retrieve thousands of pages of "hits" because of the generic and common nature of those terms." *Defendants Motion at 2*. Defendants do not favor the Court with any specific description of the resources deployed, the specific number of "hits" or the efforts made to process the data. Therefore, the requisite elements of the Local Rule required to grant the requested relief have not been met. Defendants have not even attempted to meet their burden in this regard and their Motion should be denied.

## II.   Lack of Good Faith Demonstrated in Three Status Reports

On December 8th, 2005 the Court required Defendants to provide monthly Status Reports to describe the progress of the production of electronic discovery in order to keep Plaintiffs and the Court informed of discovery developments, challenges, or disputes. There is an implied requirement of good faith in providing these Status Reports to the Court and Plaintiffs that was not displayed in the three Status Reports leading up to the deadline from which Defendants now seek relief. The surprise motion for an extension beyond the Court's cutoff date is not the type of communication between parties the December 8th Order expressed:

> The Court would like to observe the process and foster communication between the parties so that there is no misunderstanding about the status of the production of information. The Court is aware that this may be a burden to defendants, but the burden is justified because the Court is placing primary responsibility upon defendants to properly sort through the data.

12/8/05 Order at page 10. In reasonably relying upon Defendants' Status Reports from December 2006, January 2007 and February 2007, Plaintiffs did not receive any notice that Defendants would fail to provide the documents within the time frame set by the Court. This conduct is especially surprising considering that Defendants affirmatively advised the Court that if any problems arose with respect to the additional ten search terms they would discuss the issue with Plaintiffs. "Once Defendants receive Plaintiffs' response [regarding the ten additional

4

search terms], Defendants will then be in a position to discuss those search terms with Plaintiffs if necessary." *Defendants' November 10, 2006 Status Report at 2*. These ten additional terms were provided to Defendants by November 30, 2006. There has been no discussion or communication whatever from Defendants in the three months between their receipt of the new terms, and the Court's document discovery deadline of March 1, 2007. The only communication received by Plaintiffs relevant to these terms was the request for extension on the afternoon of the date set for Defendants' compliance by the Court.

The Status Report exercise is predicated upon good faith and honesty, without it, the Reports lack any utility at all. When Defendants claim in a Status Report that they will contact Plaintiffs if problems arise, the Court and Plaintiffs need to have confidence that the words have meaning. When three consecutive monthly Status Reports fail to disclose problems, and Plaintiffs and the Court rely upon those representations, there should be consequences.

### III.     **Rule 16(f) – Failure to Comply With Scheduling Order**

Under Federal Rule of Civil Procedure 16(f), sanctions are appropriate when a party fails to comply with a Scheduling Order, and Defendants did not follow the spirit or the letter of the 10/30/06 Order.

> (f) Sanctions…if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R.Civ.Pro.16(f). Defendants informed the Court that they would contact Plaintiffs to work out any problems, but no contact occurred. Defendants filed three Status Reports to the Court

5

without any notice of potential delays in processing the ten search terms.  Finally, Defendants contacted Plaintiffs on the day their production was due, requesting an extension.  Under these circumstances, a broad array of options is available to the Court to deal with Defendants' contempt of the Court's Scheduling Order.

The standard of review for sanctions under this Rule is abuse of discretion.  "Since the question of what sanction to impose is within the trial judge's discretion, it will be reviewed only for an abuse of discretion." Wright, Miller & Kane, *Federal Practice and Procedure: Civ 2d §1531 p308*.  The range of sanctions available is broad, providing the Court with the means to compensate an aggrieved party.

> Rule 16(f) explicitly incorporates the discovery sanctions found in Rule 37(b)(2), as well as providing that the court may assess expenses, including attorney's fees incurred because of any noncompliance against the opposing attorney or the party, or both.  The reference to specific sanctions in Rule 16(f) is not exhaustive.  The court is to design the sanction to fit the violation.

Wright, Miller & Kane *Federal Practice and Procedure: Civ 2d §1531 p307-8*.  Although Defendants state in their motion that this extension request is their first concerning ***this*** deadline,[1] [emphasis added] it is not the first request for an extension to produce discovery.  In fact, there have been no less than fourteen motions for extension of time by the Priceline Defendants.[2]  Four requests were motions for extensions to comply with discovery deadlines.[3] "It is not an abuse of discretion to deny a request…when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests. *Babcock v. CAE-Link Corp.*, 878 F.Supp. 377, 387 (N.D.N.Y.1995).

---

[1] See Priceline Defendants Motion for Extension of Time at 3, paragraph 8.
[2] See the following ten docket entries for Priceline Defendants' motions for extensions of time: #8 10/31/00, #42 11/26/01, #48 12/21/01, #65 2/15/02, #102 10/19/04, #147 3/15/05, #189 7/20/05, #194 8/4/05, #204 8/31/05, #277 4/19/06.
[3] See the following four docket entries for Priceline Defendants' motions for discovery extensions: #249 12/21/05, #253 1/4/06, #405 11/6/06 and # 439 3/1/07.

6

Sanctions are also useful to deter future noncompliance: "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-4 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Court's interest in sound case management also requires compliance with Scheduling Orders:

> [T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.

*In Matter of Sanction of Baker*, 744 F.2d 1438 (10th Cir.1984) (en banc), *cert. denied*, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985).

The 1983 amendment to Rule 16(f) "reinforces the rule's intention to encourage forceful judicial management." *See* the Advisory Committee Note to the 1983 amendment to Rule 16 subdivision (f) paragraph 2. The range of sanctions includes entry of judgment by default: "Rule 16(f) states that if an attorney "fails to obey a scheduling or pretrial order," the court is empowered to make an order pursuant to Rule 37(b), which permits, inter alia, entry of a judgment by default against the disobedient party." *Motown Record Co., L.P. v. Motown Beverage Co. of Ohio,* 165 F.3d 14, 14 (2nd Cir.1998). Rule 37 provides courts with a "broad universe" of sanctions for a party's failure to furnish discovery materials or a party's noncompliance with case management deadlines. *See Tower Ventures*, 296 F.3d at 46. "This flexibility is necessary because the circumstances attendant to noncompliance are apt to differ widely…the choice of an appropriate sanction must be handled on a case by case basis." *Id*. Plaintiffs request the Court to take this opportunity to clarify for the Defendants, through the

vehicle of sanctions, that compliance with the Scheduling Order is not optional, and the Status Reports require good faith efforts to communicate and comply.

**Conclusion**

In light of Defendants failure to provide a particularized showing of the requisite good cause necessary for this Court to grant a sixty-day extension, and for the foregoing lack of notice implied in the Court's requirement to provide good faith monthly Status Reports, Plaintiffs request that Defendants Motion for Extension of Time be denied, and that sanctions imposed pursuant to Rule 16(f) as deemed just and equitable by the Court in light of Defendants' conduct.

Dated: March 15, 2007                               Respectfully submitted,

                                                    ____/s/ Eben F. Duval_____

                                                    JOHNSON & PERKINSON
                                                    Dennis J. Johnson
                                                    Jacob B. Perkinson
                                                    Eben F. Duval (phv01237)
                                                    1690 Williston Road
                                                    P.O. Box 2305
                                                    South Burlington, VT 05403
                                                    Telephone: (802) 862-0030
                                                    Facsimile: (802) 862-0060

                                                    SCOTT + SCOTT, LLC
                                                    David R. Scott, Fed. Bar No. CT16080
                                                    Mark V. Jackowski
                                                    108 Norwich Avenue
                                                    P.O. Box 192
                                                    Colchester, CT  06415
                                                    Telephone: (860) 537-5537
                                                    Facsimile: (860) 537-4432

                                                    SCOTT + SCOTT LLC
                                                    Beth Kaswan
                                                    75 Rockefeller Plaza,

New York, N.Y. 10019
Telephone: (212) 710 1040
Facsimile: (212) 710 1041

SCOTT + SCOTT, LLC
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone:  (440) 247-8200
Facsimile:  (440) 247-8275

**Co-Lead Counsel**