UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : : MASTER FILE NO. : 3:00-CV-1884(AVC) |
| This document relates to: | : : |
| ALL ACTIONS | : : : |

**PRELIMINARY ORDER RE: NOTICE AND HEARING ON SETTLEMENT**

On May 4, 2007, the plaintiffs reached a settlement with defendants Priceline.com, Jay Walker, Dan Schulman, Richard Braddock and N.J. Nicholas. Federal Rule of Civil Procedure 23(e) provides, in relevant part, as follows: "The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Rule 23(e) further provides that "[t]he court must direct notice in a reasonable manner to all class members" and must hold a hearing in order to determine the fairness and adequacy of the terms of the settlement. Fed. R. Civ. P. 23(e)(1)(B) and ©.

It is therefore hereby ordered as follows:

**1.** On April 4, 2006, the court certified this action as a class action pursuant to Federal Rule of Civil Procedure 23. For purposes of the settlement, the class includes all persons or entities who purchased or otherwise acquired Priceline.com securities during the class period of January 27, 2000-October 4, 2000, and were damaged thereby. Excluded from the class are (I) the settling defendants; (ii) the officers and directors of Priceline.com at all relevant times; (iii) members of settling defendants' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which settling defendants have or at any time had a

controlling interest; and (v) Deloitte & Touche LLP, or any of Deloitte's partners, officers and directors.

2.  The parties shall appear on **July 2, 2007, at 10:30 a.m.**, for a hearing on the fairness of the proposed stipulation and settlement, the plan of allocation and the award of attorneys' fees and expenses.

3.  The court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (hereinafter "Notice") and Proof of Claim form;

4.  The court approves the appointment of Strategic Claims Administration as the claims administrator for the proposed settlement. The claims administrator shall mail the notice and proof of claim, by first class mail, postage prepaid, on or before **May 18, 2007**, to all class members who can be identified with reasonable effort. Priceline.com shall provide all information from Priceline.com's transfer records, if available, concerning the identity of the class members and their transactions for the purpose of identifying and giving notice to the class. The claims administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Priceline.com securities during the class period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the notice, to either forward copies of the notice and proof of claim to their beneficial owners, or to provide the claims administrator with lists of the names and addresses of the beneficial owners, and the claims administrator is ordered to send the notice and proof of claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the notice and proof of claim to their beneficial owners shall send a statement

to the claims administrator confirming that the mailing was made as directed. Additional copies of the notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the gross settlement fund, upon receipt by the claims administrator of proper documentation, for the reasonable expense of sending the notices and proofs of claim to beneficial owners. Class plaintiffs' counsel shall, at or before the settlement fairness hearing, file with the court proof of mailing of the notice and proof of claim.

    **5.** The court approves the form of the publication notice and directs that class plaintiffs' counsel shall cause the publication notice to be published at least once in all editions of *USA Today* and the *Wall Street Journal* **within 10 days** of the mailing of the notice. Class plaintiffs' counsel shall, at or before the settlement fairness hearing, file with the court proof of publication of the publication notice.

    **6.** The court concludes that the form and content of the notice and the method set forth for notifying the class of the settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23, section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. section 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process and constitute the best practicable notice under the circumstances and due and sufficient notice to all persons and entities entitled thereto.

    **7.** In order to be entitled to participate in the net settlement fund, each class member shall submit a proof of claim to the claims administrator on or before **June 15, 2007**, in accordance with the requirements set forth in the notice and proof of claim instructions. As part of the proof of claim, each class member shall submit to the jurisdiction of the court with respect

their claim and shall, subject to effectuation of the settlement, release all settled claims as provided in the stipulation.

**8.** A class member wishing to request exclusion from the class and the determinations and judgments in this action, shall do so by mailing their request for exclusion in written form by first class mail, postmarked no later than **June 8, 2007** to the address in the notice and in accordance with the procedures set forth on pages 10-11 of the summary notice.

**9.** Class members requesting exclusion from the class shall not be entitled to receive any payment out of the net settlement fund as described in the stipulation and notice.

**10.** The court will consider any comments and/or objections to the settlement, the plan of allocation or award of attorneys' fees and reimbursement of expenses only if such comments or objections are filed in writing with the clerk of the court, 450 Main Street, Hartford, Connecticut, on or before **June 8, 2007**. A copy of such comments or objections must also be mailed, first class, on or before **June 8, 2007**, to the following attorneys: 1) David R. Scott, Esq., Scott & Scott, LP, 108 Norwich Ave., P.O. Box 192, Colchester, Connecticut 06415; 2) Jacob B. Perkinson, Johnson & Perkinson, 1690 Williston Rd., P.O. Box 2305, South Burlington, VT 05407; 3) Jeanne Irving, Hennigan, Bennett & Dorman, LP, 865 S. Figueroa Street, Suite 2900, Los Angeles, CA 90017; and 4) Daniel Slifkin, Cravath, Swaine & Moore, LP, Worldwide Plaza, 825 Eighth Ave., New York, NY 10019-7475. Although attendance at the hearing is not necessary, any person wishing to be heard orally shall indicate such intention in their written comments and or objection.

**11.** As provided in the stipulation, class plaintiffs' counsel may pay the claims administrator the reasonable and customary fees and costs associated with giving notice to the

class and the review of claims and administration of the settlement out of the gross settlement fund up to the amount of $300,000.00, without further order of the court.

**12.**     If the settlement is terminated pursuant to paragraph 24 of the stipulation or because any specified condition set forth in the stipulation is not met, then the stipulation shall be null and void and may not be introduced as evidence or referred to in any actions or proceedings by any party to this action and all parties hereto shall be restored to their respective positions as they existed at 5:00 p.m. (E.D.T.) on March 29, 2007.

It is so ordered this 11th day of May, 2007, at Hartford, Connecticut.


                                                                  /s/

                                              Alfred V. Covello,
                                              United States District Judge