Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
)
IN RE: LOTUS DEVELOPMENT CORP.        )    CIVIL ACTION
SECURITIES LITIGATION                 )    NO. 94-11279-PBS
)
)

## FINAL ORDER AND JUDGMENT

This matter came before the Court upon a motion for final approval of the terms of Stipulation of Settlement ("Stipulation") between the Plaintiffs in the above-captioned action and Lotus Development Corporation ("Lotus") and Jim P. Manzi and Edwin J. Gillis (the "Defendants"). Terms defined in the Stipulation are used herein with the same meanings unless defined differently herein. The Court having held a hearing on the proposed Settlement as embodied in the Stipulation (the "Settlement"), and having considered the papers submitted in support of the Settlement and all prior proceedings herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including but not limited to, all members of the Settlement Class and the Defendants.

2.    A Settlement Class is hereby certified, consisting of all those persons who purchased the common stock of Lotus during the period from April 20, 1994 through and including June 20, 1994 (the "Settlement Class Period") and were damaged thereby. For purposes of the Settlement, the following plaintiffs are certified as Class Representatives:

DOCKETED 22

H. Richard Dollinger, Jefferson Heritage Partners, Ltd., Jerry Rosenbaum and Fred Weisman. The Settlement Class and Class Representatives are certified only with respect to the Settlement with the Defendants. Excluded from the Class are the Defendants, the members of their immediate families, Lotus' parents, subsidiaries, affiliates, successors, and assigns, and their respective officers and directors. Also excluded from the Settlement Class are those persons identified on Exhibit A hereto who filed timely and valid requests for exclusion.

3.      In accordance with the Stipulation and Order of the Court, Plaintiffs caused to be mailed to the Settlement Class members a Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice") and caused to be published once in the national edition of The Wall Street Journal a summary notice (the "Summary Notice") of the pendency of the Settlement of this Consolidated Action and of the opportunity to object to the Settlement. An affidavit of mailing of the Notice and publication of the Summary Notice was duly filed with the Court.

4.      The Notice and the Summary Notice constitute the best notice practicable under the circumstances. The Affidavit of Mailing and Publication filed with this Court demonstrates that this Court's Orders with respect to the Notice and Summary Notice have been complied with and that the best notice practicable under the circumstances was in fact given and constituted valid, due and sufficient notice to all persons entitled thereto, fully and accurately informing all such persons of all material elements of the claims and the Settlement and complying fully with Rule 23 of the Federal Rules of Civil

2

Procedure, due process and any other applicable law.

5.    The Settlement is not an admission of wrongdoing by any of the Defendants, nor is this Judgment a finding of the validity of any claims in this Consolidated Action or of any wrongdoing by any person. The Stipulation, including the exhibits thereto, shall not be offered or received in evidence in any action or proceeding against the Defendants, in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or the provisions of any related agreements or releases; except that the Stipulation and the exhibits thereto may be filed in this Consolidated Action or related actions as evidence of the Settlement.

6.    The Settlement is approved as entered into in good faith and as fair, reasonable and adequate to the Settlement Class within the meaning of Federal Rule of Civil Procedure 23 and as in the best interests of the Settlement Class. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    This Consolidated Action and all actions consolidated thereunder are dismissed with prejudice as to each of the Defendants, and all other present and former directors, officers and employees of Lotus, without cost to any party as against any other.

8.    All Settlement Class Members who have not timely and validly requested exclusion are forever enjoined and barred from commencing or prosecuting, either

3

directly, representatively, or in any other capacity, a class action or any other action, claim, or counterclaim against the Defendants, or other present and former directors, officers and employees of Lotus with respect to, based on, arising from, or for any and all Class Claims or claims released in the Proof of Claim and Release forms and the Stipulation (the "Released Claims").

9. On the Settlement Effective Date defined in the Stipulation, each Settlement Class Member who has not timely and validly requested exclusion shall be deemed conclusively to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all the Released Claims against the Defendants, and all other present or former officers, directors and employees of Lotus, and each of their heirs, successors and assigns, their insurance carriers and each of their respective attorneys and agents.

10. Class Plaintiffs' Counsel shall maintain the Gross Settlement Fund (as defined in the Stipulation) in an interest-bearing escrow account. The Class Escrow Agent, Class Plaintiffs' Counsel, and the Claims Administrator shall have no liability to any Class member with respect to any aspect of the administration of this Settlement, including but not limited to the processing of Proofs of Claim and the distribution of the Gross Settlement Fund to Class members. Similarly, the Escrow Agent shall not be liable for any action or inaction in carrying out its role as Escrow Agent, except for its own gross negligence or misconduct.

11. The Court reserves jurisdiction, without affecting the finality of this

4

Judgment, over: (a) implementation of the Settlement and any award, distribution or other disposition of the Gross Settlement Fund; (b) enforcing and administering this Judgment, (c) enforcing and administering the Settlement, including any releases executed or deemed to have been executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

12.     The Court hereby awards to Class Plaintiffs' Counsel as attorneys' fees ___30___% of the Gross Settlement Fund established pursuant to the Stipulation. The Court awards to Class Plaintiffs' Counsel for reimbursement of costs and expenses the cash sum of $ _1,03 ,506. 24_, to be paid out of the Gross Settlement Fund, after the Effective Date defined in the Stipulation. The allocation among counsel for the plaintiffs of the amounts awarded as attorneys' fees shall be in the sole discretion of the Class Plaintiffs' Counsel, based on each counsel's relative contribution to the case.

*plus 7|31|98*

13. The Court hereby determines that there is no just reason for delay and directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against the Defendants in this Consolidated Action, it allows consummation of the Settlement, and it will expedite the distribution of the Settlement proceeds to the Settlement Class Members.

Dated: _July 10_, 1998

Patti B. Saris,
United States District Judge

Lotus/Settle/Finord

5     (without objection)

IN RE: LOTUS DEVELOPMENT CORP. SECURITIES LITIGATION
CIVIL ACTION NO. 94-11279-PBS

## EXHIBIT A

The following Class members are excluded from the Class, at their request, and
by Order of the Court:

      1.     Rosemary Reynolds
               8371 FM 346 E
               Whitehouse, TX  75791
               100 shares

      2.     Linda Scoggin
               8371 FM 346 E
               Whitehouse, TX  75791
               100 shares

Lotus\Settle\ExA

Minute Order Form (SF 97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3035 | **DATE** | 7/26/2000 |
| **CASE TITLE** | In Re: Mercury Finance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Order On Attorneys' Fees and Expenses With KPMG Peat Marwick LLP.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | /SS |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate Judge. | | | |
| EF | courtroom deputy's initials | '00 JUL 26 PM 5:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of:                          )
                                           )
MERCURY FINANCE COMPANY OF ILLINOIS        )
                                           )    Case No. 97 C 3035
                                           )
          Consolidated Pretrial Proceeding )    Hon. Charles R. Norgle, Sr.
                                           )
                                           )

## ORDER ON ATTORNEYS' FEES AND EXPENSES
## REGARDING SETTLEMENT WITH KPMG PEAT MARWICK LLP

This matter came before the Court for hearing on June 30, 2000, in connection with the

application of the parties for approval of the settlement with Defendant KPMG Peat Marwick

LLP (now known as KPMG LLP) ("Peat Marwick"). The Court has granted approval of that

settlement and has entered its Order of Final Judgment and Dismissal, dismissing the litigation as

to Peat Marwick. In that Order, the Court found that the notice, by mail and publication, directed

to the Class concerning the settlement and related matters set forth in the notice was the best

notice practicable under the circumstances, provided due and adequate notice of those matters,

and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

Private Securities Litigation Reform Act of 1995, and due process. Among other matters, the

notice directed to the Class informed the Class of the application of Plaintiffs' Lead Counsel

on behalf of Plaintiffs' counsel in the litigation for an award of attorneys' fees and litigation

expenses in connection with the Peat Marwick settlement (the "Application for Fees and

Expenses") seeking fees not in excess of one-third of the Gross Settlement Fund and expenses as

25027

approved by the Court. Class Members were also advised of the procedures for submitting any objections they might have to the Application. The Court has considered the Application for Fees and Expenses and has considered the fairness and reasonableness of the fees and expenses requested, as well as all matters pertaining thereto that were submitted at or in connection with the hearing. On the basis thereof, and on the basis of all the files, records, and proceedings herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    The Application for Fees and Expenses submitted by Plaintiffs' Lead Counsel is granted and counsel for Plaintiffs and the Class are hereby awarded attorneys' fees in the amount of one-third of the Peat Marwick Gross Settlement Fund (after subtraction of expenses awarded), and expenses in the amount of $992,222.33, together with interest earned thereon at the rate earned by the Settlement Fund until the date of payment. The Court finds that the foregoing awards are fair, reasonable, and appropriate under the circumstances of this litigation and in view of the benefits obtained for the Class, the risks taken, the services provided, and the complexity and difficulty of the case. In accordance with the terms of the Agreement of Settlement with Defendant KPMG Peat Marwick LLP, the amounts awarded may be withdrawn from the Gross Settlement Fund by Plaintiffs' Lead Counsel, who shall determine the allocation and distribution of such amounts among Plaintiffs' counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates counsel for their respective contributions to the prosecution of the litigation. Plaintiffs' Lead Counsel shall also determine any reasonable security for repayment that may be required.

2.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

2

25027

3.      The Court continues to retain jurisdiction of all matters related to the

implementation and administration of the settlement with Peat Marwick, in accordance with the

terms of the Settlement Agreement, including but not limited to matters pertaining to Class

Members' claims, the distribution of settlement funds pursuant to a plan of distribution, and the

resolution of any dispute concerning settlement-related matters.

IT IS SO ORDERED.

DATED: 7-26-00

THE HONORABLE CHARLES R. NORGLE, SR.
UNITED STATES DISTRICT JUDGE

25027                                                        3

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3035 | **DATE** | 7/6/2001 |
| **CASE TITLE** | In Re: IN RE: MERCURY FINANCE COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Order on Attorney's Fees and expenses Regarding Company, Officers and Directors Settlement Fund. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 9 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 175 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 0 JUL -6 PM 3: 03 | | |
| | BF | courtroom deputy's Initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUL 9 2001

In the Matter of:

MERCURY FINANCE COMPANY OF ILLINOIS

Consolidated Pretrial Proceeding

Civil Action No. 97 C 3035

Hon. Charles R. Norgle, Sr.

## ORDER ON ATTORNEYS' FEES AND EXPENSES REGARDING
## COMPANY, OFFICERS, AND DIRECTORS SETTLEMENT FUND

WHEREAS, this matter came before the Court for hearing on July 6, 2001, in connection

with the application of Class counsel for an award of attorneys' fees and expenses from the fund

created by the settlements with Mercury Finance Company and the individual defendants, and for

approval of a plan of distribution of net settlement funds to members of the Class.

WHEREAS, prior to the hearing, a Supplemental Class Notice was directed to the Class by

first class mail, and a Summary Supplemental Notice was published in the Wall Street Journal and

in the Chicago Tribune.

WHEREAS, the Supplemental Class Notice informed the Class of the application of

Plaintiffs' Lead Counsel, made on behalf of plaintiffs' counsel in the litigation, for an award of

attorneys' fees and expenses from the amount allocated to the Class as a result of the conclusion of

proceedings in the Bankruptcy Court regarding the settlements with defendants Mercury Finance

Company and individual officers and directors or Mercury, which settlements previously had been

approved by this Court. The amount allocated to the Class, approximately $15,900,000 plus

interest, constitutes the Company, Officers, and Directors Settlement Fund. The Supplemental

175

Class Notice informed the Class that counsel were applying for fees not in excess of one-third of the Fund (after subtraction of expenses awarded) and expenses not previously reimbursed in connection with the settlement with KPMG Peat Marwick LLP and not to exceed $400,000.

WHEREAS, Class members also were advised of the procedures for submitting any objections they might have to the application, and no objections have been submitted.

WHEREAS, the Court has considered the application and all matters pertaining to it that were submitted at or in connection with the hearing.

On the basis thereof, and on the basis of all the files, record, and proceedings herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     The Application for Fees and Expenses submitted by Plaintiffs' Lead Counsel is granted and counsel for plaintiffs and the Class are hereby awarded attorneys' fees in the amount of one-third of the Company, Officers, and Directors Settlement Fund including the final portion expected to be received shortly from the bankruptcy trust (after subtraction of expenses awarded), and expenses in the amount of $339,359.18, together with interest earned thereon at the rate earned by the Settlement Fund until the date of payment. The Court finds that the foregoing awards are fair, reasonable, and appropriate under the circumstances of this litigation and in view of the benefits obtained for the Class, the risks taken, the services provided, and the complexity and difficulty of the case. The amounts awarded may be withdrawn from the Settlement Fund by Plaintiffs' Lead Counsel, who shall determine the allocation and distribution of such amounts among Plaintiffs' counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates counsel for their respective contributions to the prosecution of the litigation.

2.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

2

3.     The Court continues to retain jurisdiction of all matters related to the

implementation and administration of the settlements, including but not limited to matters

pertaining to Class members' claims, the distribution of settlement funds pursuant to the plan of

distribution, and the resolution of any dispute concerning settlement-related matters.

IT IS SO ORDERED.

DATED: 7-6-01

THE HONORABLE CHARLES R. NØRGLE, SR.
UNITED STATES DISTRICT JUDGE

3

for its work on the case, but the fee of opposing counsel is not a factor in the Second Circuit's attorney fee jurisprudence, nor was it a factor in the Special Master's recommendation; class counsel asserts that a considerable amount of skill and time were necessary to reach a settlement, but the Special Master's Report explicitly acknowledges the commendable work of the attorneys involved in the case; class counsel argues that the Special Master's finding that some time entries were deficient (1) is unwarranted because most of the challenged entries were for 0.5 hours or less and (2) constitutes "nitpicking"; argument was rejected because in concluding that there were inadequate time and billing entries, the Special Master was doing his job as well as protecting the rights of the class members; class counsel argues that the Special Master's findings on the firm's billing rates is unwarranted because (1) the institutional investors that retained the law firms have not challenged the rates and (2) The 2003 Survey of Law Firm Economics, relied upon by the Special Master, is imperfect because it includes counsel involved in securities offerings and other work that does not necessarily command the same premium as securities class action litigation; argument was rejected because (1) the absence of objection by the institutional investors is unrelated to the Special Master's grounds for hourly rate reductions and (2) The 2003 Survey of Law Firm Economics is a perfectly appropriate resource for the Special Master to have used)

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*In re Federal-Mogul Corp. Securities Litigation*, No. 00-40222 (E.D. Mich. Jan. 12, 2004) (Gadola, J) ($499,500 in fees (plus interest), awarded as 33-1/3% of $1,500,000 settlement, plus $95,694 in expenses (plus interest); amount of fees and expenses was appropriate because (1) numerous class members who have submitted timely and valid claims will benefit from the settlement, (2) there were no objections to the settlement or fee request, after mailing of more than 55,000 settlement notices and posting of summary notice on Business Wire, (3) amount of expenses requested is substantially less than that stated in the settlement notice, (4) counsel performed with skill and efficiency, (5) the case involved complex factual and legal issues and was actively prosecuted since its filing in June 2000, (6) there was a risk of nonpayment or a smaller recovery, (7) co-lead and liaison counsel alone have devoted more than 2,626 hours, with a lodestar of more than $999,157, and (8) the fees and expenses are consistent with awards in similar cases)

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*In re Fidelity Holdings Securities Litigation*, No. 00-5078 (E.D.N.Y. Mar. 12, 2003) (Pohorelsky, Mag.) ($1,481,850 in fees (plus interest), awarded as 33-1/3% of $4,450,000 settlement fund, plus $115,213 in expenses (plus interest))

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*Hoeck v. CompUSA, Inc.*, No. 98-998 (N.D. Tex. Oct. 14, 2003) (Lynn, J) ($1,830,000 in fees, awarded as 30% of $6,100,000 settlement, plus $122,656 in expenses)

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*In re JDN Realty Corp. Securities Litigation*, No. 00-396 (N.D. Ga. Nov. 15, 2001) (from partial settlement with estimated value of $39,500,000 ((i) $20,815,789 in cash (plus interest) plus (ii) 1,681,568 shares of JDN voting common stock w/ estimated aggregate value of $18,684,211 as of July 6, 2001), court awarded 20% in fees (plus interest) plus $339,607 in expenses (plus interest)), No. 00-396 (N.D. Ga. Jan. 16, 2004) (Story, J) (from additional $3,500,000 settlement, court awarded 20% ($700,000) in fees (plus interest) plus $32,758 in expenses (plus interest))

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*In re L90, Inc. Securities Litigation*, No. 02-2329 (C.D. Cal. Mar. 15, 2004) (Collins, J) (attorneys' fees awarded as 25% (plus interest) of $5,000,000 settlement, plus $83,733 in expenses (plus interest))

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*McBride v. Vision Twenty-One, Inc.*, No. 99-138 (M.D. Fla. Sept. 19, 2003) (Whittemore, J) ($625,000 in fees plus $368,446 in expenses, awarded from $2,500,000 settlement)

### § 50.0 ATTORNEY FEES

#### In Securities Class Actions

*Morse v. McWhorter*, No. 97-370 (M.D. Tenn. Mar. 12, 2004) (Higgins, J) ($16,500,000 in attor-

neys' fees (plus interest) plus $849,147 in expenses (plus interest), awarded from $49,500,000 settlement fund; in addition, defendants agreed to create a $1,750,000 notice/administration fund (with any amounts remaining to be added to the settlement fund), and if notice/administration costs exceed $1,750,000, defendants will pay 50% of such excess costs, up to an additional $250,000)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*In re Network Associates, Inc. II Securities Litigation*, No. 00-4849 (N.D. Cal. Feb. 11, 2004) (Jenkins, J) ($12,911,443 in fees (plus interest) plus $471,496 in expenses (plus interest); fee was awarded as 18.57% of $70 million fund after first deducting the expenses; fee was fair and reasonable in that (1) it was less than the Ninth Circuit's benchmark, (2) the settlement was obtained solely through the extensive efforts of plaintiffs' counsel, (3) plaintiffs' counsel diligently prosecuted this action for almost three years with a substantial risk of no recovery for the class and obtained an excellent result, (4) plaintiffs' counsel has received no compensation during the three years and any fee has always been at risk and completely contingent on the result achieved, (5) case was complex, and (6) the institutional lead plaintiff negotiated and supports the fee and expense request)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*In re Party City Corp. Securities Litigation* [§ 5], No. 99-1353, slip op. at 8-9 (D.N.J. May 14, 2003) (Debevoise, J) ($1,265,400 in fees, awarded as 33% of $3,800,000 settlement, plus $131,570 in expenses; percentage was appropriate because (1) it is well within the range of awards in comparable situations, (2) settlement represents a good outcome given the multiple risks involved, (3) the attorneys are experienced in securities class action litigation, (4) case was pending for five years, during which class counsel encountered strenuous opposition that resulted in dismissal of the complaint, (5) class counsel must have conducted settlement negotiations with considerable skill, persistence, and energy to obtain the substantial settlement, (6) the risk of nonpayment of fees was considerable, particularly in light of previous dismissal, and (7) percentage fee represents a minimal multiplier of 1.1, when crosschecked against the lodestar method; counsel expended approximately 2,500 hours with a lodestar of $1,162,742)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*In re PharmaPrint, Inc. Securities Litigation* [§ 5], No. 00-61 (D.N.J. Sept. 29, 2003) (Pisano, J) ($690,000 in attorneys' fees (plus interest), $99,074 in expenses (plus interest), and total of $15,865 in lead plaintiff reimbursements, was awarded from $2,300,000 settlement fund)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*Pinker v. Roche Holdings, Ltd.*, No. 99-5627 (D.N.J. Sept. 30, 2003) (Bissell, J) ($1,587,500 in attorneys' fees plus $85,702 in expenses, awarded from $6,350,000 settlement; fees were reasonable based on the quality of work performed, the result achieved, and the complexity and difficulty of the case)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*In re Pinnacle Holdings Corp. Securities Litigation*, No. 01-624 (M.D. Fla. Feb. 4, 2003) ($2,750,000 in fees (plus interest) plus $271,543 in expenses (plus interest), awarded from $11,000,000 settlement fund), No. 01-624 (M.D. Fla. Apr. 25, 2003) (Whittemore, J) (approving payment of $214,503 in fees and expenses to settlement administrator, Gilardi & Co., plus $3,500 in fees and expenses to tax accountant, Eisner, LLP)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

*Selis v. KTI, Inc.*, No. 00-1478 (D.N.J. May 5, 2003) (Lifland, J) ($1,265,400 in fees, awarded as one-third of $3,800,000 settlement fund, plus $62,886 in expenses; fee was supported by the factors set out in *Gunter v. Ridgewood Energy*, i.e., (1) case was complex, (2) counsel was responsible for creation of the settlement fund, (3) settlement represents a substantial degree of success, (4) although on the high end, fee was within the range of similar awards in the Third Circuit, and (5) there were no objections to the fee request; moreover, resulting multiplier of 1.98—without including the time that will be spent on claims administration—is well within the range of reasonableness)

## § 50.0 ATTORNEY FEES

### In Securities Class Actions

Case 6:02-cv-08386ACAS    Document 406-4    Filed 04/05/2007  Page 2 of 22
Case 6:02-cv-08386ACAS    Document 401-4    Filed 06/24/2007  Page 19 of 45

D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE OXFORD HEALTH PLANS, INC.  :
SECURITIES LITIGATION  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THIS DOCUMENT APPLIES TO ALL  :
CLASS ACTIONS  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



MDL Dkt. No. 1222 (CLB)

## ORDER AND FINAL JUDGMENT WITH RESPECT TO KPMG LLP

On the 11th day of June, 2003, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreements of Settlement dated April

14, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims

asserted by the Class against KPMG in the Complaint now pending in this Court under the above

caption, including the release of KPMG and the KPMG Released Parties from all KPMG Settled

Claims, and should be approved; (2) whether judgment should be entered dismissing the

Complaint on the merits and with prejudice in favor of KPMG and as against all persons or

entities who are members of the Class herein who have not requested exclusion therefrom; (3)

whether to approve the Plan of Allocation as a fair and reasonable method to allocate the

settlement proceeds among the members of the Class; and (4) whether and in what amount to

award Plaintiffs' Counsel fees and reimbursement of expenses.  The Court having considered all

matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing

substantially in the form approved by the Court was mailed to all persons or entities reasonably

identifiable, who purchased the common stock of Oxford Health Plans, Inc. ("Oxford"), or

purchased Oxford call options or sold Oxford put options, during the period from November 6,

1996 through and including December 9, 1997 (the "Class Period"), and who were damaged

MICROFILM

JUN 1 2 2003

USDC SD NY WP

COPIES MAILED BY THE CLERK'S OFFICE

thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation. *The Court having made its Findings of Fact and Conclusions of Law (see transcript)* NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Class Members, and KPMG.

2.     The Court finds that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of Oxford, or purchased Oxford call options or sold Oxford put options, during

the period from November 6, 1996 through and including December 9, 1997, and who were damaged thereby (the "Class"), and a sub-class consisting of all persons or entities who purchased Oxford common stock contemporaneously with sales of such stock by Individual Defendants Stephen F. Wiggins, William M. Sullivan, Andrew B. Cassidy, Brendan R. Shanahan, Benjamin H. Safirstein, Robert M. Smoler, Robert M. Milligan, David Finkel, Jeffery H. Boyd and Thomas A. Travers during the Class Period, and who were damaged thereby (the "20A Sub-Class"). Excluded from the Class are Oxford, the Individual Defendants and KPMG LLP ("KPMG") (collectively, the "Defendants"), the officers and directors of the Company, members of the immediate families of the Individual Defendants and each of their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had a controlling interest. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class as listed on Exhibit A annexed hereto.

4.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

-3-

5.      The Settlement with KPMG is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement with KPMG in accordance with the terms and provisions of the Stipulation.

6.      The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against KPMG.

7.      Members of the Class who have not previously *and timely* excluded themselves therefrom and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, demands, suits, matters, issues, causes of action, or liabilities whatsoever, whether known or unknown, against KPMG and/or the KPMG Released Parties whether under federal, state, local, statutory or common law or any other law, rule or regulation, in connection with, based upon, arising out of, or relating in any way to any allegations, claims, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Action relating to the purchase of Oxford common stock and/or purchase of Oxford call options and/or sale of Oxford put options during the Class Period, including, but not limited to claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement) (the "KPMG Settled Claims") against KPMG and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (the "KPMG Released Parties"). The KPMG Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the KPMG Released Parties

-4-

on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.    KPMG and its successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all of the KPMG Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.    Pursuant to the PSLRA and 15 U.S.C. § 78u-4(f)(7), the KPMG Released Parties are hereby discharged from all claims for contribution by any person or entity, including without limitation the Oxford Released Parties, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the KPMG Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby (i) bars any action by any person, including, but not limited to, the Oxford Defendants, for contribution against KPMG arising out of the Action, and (ii) bars any action by KPMG against

-5-

any person, including, but not limited to, the Oxford Defendants, for contribution arising out of the Action.

10.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against KPMG as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by KPMG with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of KPMG;

(b) offered or received against KPMG as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by KPMG, or against the plaintiffs and the Class as evidence of any infirmity in the claims of plaintiffs and the Class;

(c) offered or received against KPMG or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that KPMG may refer to the Stipulation to effectuate the liability protection granted it thereunder;

-6-

(d) construed against KPMG or the plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the KPMG Settlement Amount.

11.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Plaintiffs' Counsel are hereby awarded 28% of the Gross KPMG Settlement Fund in fees, which the Court finds to be fair and reasonable, and $1,594,107.73 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Lead Counsel from the Gross KPMG Settlement Fund with interest from the date such Gross KPMG Settlement Fund was funded to the date of payment at the same net rate that the Gross KPMG Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or

-7-

enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:      White Plains, New York
            June 12, 2003

HONORABLE CHARLES L. BRIEANT
UNITED STATES DISTRICT JUDGE

-8-

IN RE OXFORD HEALTH PLANS, INC. SECURITIES LITIGATION

MDL Dkt No. 1222 (CLB)

SCHEDULE A

## PERSONS / ENTITIES EXCLUDED FROM THE CLASS

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Adinaro | Peter | 3384 Forestwood Dr. | | Suwanee | GA | 30024 |
| Allegheny Co. Ret Bo | | 525 William Penn Place | Suite 3631 | Pittsburgh | PA | 15259 |
| Amos | Bobby | 2209 Thistle Circle | | Kearney | MO | 64060 |
| Anello | Santo & Lillian | 351 Boscombe Ave | | Staten Island | NY | 10309 |
| Batten | Hugh | 159 Avenida Majorca | Unit A | Laguna Hills | CA | 92653 |
| Baumgartner | Janet E. | 350 Sharon Park Dr. | Apt. 1-24 | Menlo Park | CA | 94025 |
| Beattie | Sue Ann | 12822 Dornoch Ct. SE | | Ft Myers | FL | 33912 |
| Brown | Lola H. | 3306 S Linden Ave. | | Springfield | MO | 65804 |
| Bryant | Christopher | 164 Oakwood Ave. | | Bayport | NY | 11705 |
| Buckles | Ray | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Buckles | Gail | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Caruthers | Byron C. & Helen M. | 2608 Kidd Dr. | | Arlington | TX | 76013 |
| Castens | Bert | 1228 Almondwood Dr. | | New Port Richey | FL | 34655 |
| Costello | John & Margaret Libretto | 840 Strang Drive | | Wantaugh | NY | 11793 |
| Cummins | Joanne | 1803 Melissa | | Longview | TX | 75605 |
| Ehrman | Sam & Jacob | 104-20 Queens Blvd. | Apt. 16M | Forest Hills | NY | 11375 |
| Franz | Lois | 16327 Crescent Dr SW | | Vashon | WA | 98070 |
| Freier | Jerri | 815 Millwood Ave. | | Roseville | MN | 55113 |
| Gaines | William | 122 Woodcrest Dr. | | Cartersville | GA | 30120 |
| Gallozzi | Ennio | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Gallozzi | Margaret | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Garrett | Gerald | 9426 SE 52nd St. | | Mercer Island | WA | 98040 |
| Gay | Charles | 33 Southgate Circle | | Massapequa Pk | NY | 11762 |
| Godowski | Robert T. | 746 Hamilton Ave. | | Watertown | CT | 06795 |
| Halim | Angelica | 940 N Foothill Rd. | | Beverly Hills | CA | 90210 |
| Harris | Richard | 33351 Fargo | | Livonia | MI | 48152 |
| Harshman | Ronald | 2120 Los Rios Blvd | | Plano | TX | 75074 |
| Hubbard | Vincent & Helen | 10 Tomoka Pl | | Summerfield | FL | 34491 |
| Jung | Cheryl Ann | 247 West 15th St. | Apt. 2B | New York | NY | 10011 |
| Kessler | Jay | 33 Paige Ln. | | Moriches | NY | 11955 |
| King | Shirley A. | 231 W Horizon Ridge | Apt. 723 | Henderson | NV | 89012 |
| Korde | Abhay A. & Varsha A. | 1250 Mill Shyre Way | | Lawrenceville | GA | 30043 |
| Kotsiris, Jr. | John | PO Box 87 | | Vineland | NJ | 08362 |
| Lakier | Andrew | Derstine & Cannon Aves | PO Box 854 | Lansdale | PA | 19446 |
| Lemmo | Ernest & Santa | 314 Tompkins Ave. | | Mamaroneck | NY | 10543 |
| Lerch | Archie | 185 Gebhardt Rd. | | Penfield | NY | 14526 |
| Mattoli | John | 5560 Bayview Drive | | Fort Lauderdale | FL | 33308 |
| Meyers | Jamie & Penni | 27 Wolfpit Road | | Southbury | CT | 06488 |
| Miller | Marilyn | 7230 Maplewood Dr. | | Indianapolis | IN | 46227 |
| Molineaux | Diana B. | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Nance | David & Carolyn M. | 1347 Lake Valley Dr. | | Fenton | MI | 48430 |
| Nicola | Daniel J. | 122 Bala Avenue | | Bala Cynwyd | PA | 19004 |
| Pasich | Dean | 88 Pukoo Street | #609 | Honolulu | HI | 96814 |
| Popescu | Valentin | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Puryear | Joe | 949 Knoll Park Lane | | Fallbrook | CA | 92028 |
| Raymon | Jonathan | P.O. Box 76 | | Crompond | NY | 10517 |
| Reid, Jr. | John F. | 70 Thistle Patch Way | | Hingham | MA | 02043 |

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Reuler | Eleanor | 117 B Heritage Village | | Southbury | CT | 06488 |
| Rice | Edna | 1915 Lohman's Crossing | | Lakeway | TX | 78734 |
| Ricker | Ann | 703 W Washington St. | | Urbana | IL | 61801 |
| Sally | Marilyn | 345 Oakwood Ave | | Bayport | NY | 11705 |
| Santoro | Dorothy | 2701 Byron Drive | | Las Vegas | NV | 89134 |
| Sinclair | David N. | 22366 Claibourne Ln | | Saugus | CA | 91350 |
| Soud | Wayne K. | 1135 Queensgate Dr. SE | | Smyrna | GA | 30082 |
| Straus | Phillppa B. | 3004 Brookwood Rd. | | Birmingham | AL | 35223 |
| Tarrant | Margaret | 100 Colfax Avenue | Apt. 7Y | Staten Island | NY | 10306 |
| Van Fossan | Mary Dougherty | Unknown | | Trappe | MD | 21673 |
| Vidal, MD | Jose H. | 2693 La Casita Avenue | | Las Vegas | NV | 89120 |
| Voisine | Reed A. & Marilyn G. | 43 Anthony Drive | | Bristol | CT | 06010 |
| Whileford | Audrey | PO Box 50487 | | Phoenix | AZ | 85076 |
| Whitney | David | 1401 Maharis Rd. | | Virginia Beach | VA | 23455 |
| Wiener | Benjamin & Shirley | 2 Fountain Lane | Apt. 1G | Scarsdale | NY | 10583 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE OXFORD HEALTH PLANS, INC.   :
SECURITIES LITIGATION             :
- - - - - - - - - - - - - - - - - - - - - - - - - x
THIS DOCUMENT APPLIES TO ALL      :
CLASS ACTIONS                     :
- - - - - - - - - - - - - - - - - - - - - - - - - x

369

U.S. DISTRICT COURT
FILED
JUN 1 2 2003
W.P.
S. D. OF N.Y.

MDL Dkt. No. 1222 (CLB)

## ORDER AND FINAL JUDGMENT WITH RESPECT TO OXFORD AND THE INDIVIDUAL DEFENDANTS

On the 11th day of June, 2003, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreements of Settlement dated April 14, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Oxford Health Plans, Inc. ("Oxford") and Individual Defendants Jeffery H. Boyd, Andrew B. Cassidy, David A. Finkel, Robert M. Milligan, Benjamin H. Safirstein, Brendan R. Shanahan, Robert M. Smoler, Thomas A. Travers, William M. Sullivan, and Stephen F. Wiggins (collectively with Oxford the "Oxford Defendants") in the Complaint now pending in this Court under the above caption, including the release of the Oxford Defendants and the Oxford Released Parties from all Oxford Settled Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Oxford Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form

MICROFILM

JUN 1 2 2003

approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the common stock or call options of Oxford, or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997 (the "Class Period"), and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of _The Wall Street Journal_ pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

Nothing in this Order and Final Judgment suggests that the prior dismissals by stipulation of Individual Defendants Robert M. Milligan, Benjamin H. Safirstein and Thomas A. Travers are in any way ineffective. ~~The Court having made its findings of Fact and Conclusions of Law, (see Transcript)~~

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Class Members, and the Oxford Defendants.

2.    The Court finds that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact

-2-

common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of Oxford, or purchased Oxford call options or sold Oxford put options, during the period from November 6, 1996 through and including December 9, 1997, and who were damaged thereby (the "Class"), and a sub-class consisting of all persons or entities who purchased Oxford common stock contemporaneously with sales of such stock by Individual Defendants Stephen F. Wiggins, William M. Sullivan, Andrew B. Cassidy, Brendan R. Shanahan, Benjamin H. Safirstein, Robert M. Smoler, Robert M. Milligan, David Finkel, Jeffery H. Boyd and Thomas A. Travers during the Class Period, and who were damaged thereby (the "20A Sub-Class"). Excluded from the Class are Oxford, the Individual Defendants and KPMG LLP ("KPMG"), the officers and directors of the Company, members of the immediate families of the Individual Defendants and each of their legal representatives, heirs, successors, or assigns, and any entity in which any defendant has or had a controlling interest. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class as listed on Exhibit A annexed hereto.

4.  Notice of the proposed Settlements in this Action was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15

-3-

U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement with the Oxford Defendants is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement with the Oxford Defendants in accordance with the terms and provisions of the Stipulation.

6.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against the Oxford Defendants.

7.    Members of the Class who have not previously *and timely* excluded themselves therefrom and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, demands, suits, matters, issues, causes of action, or liabilities whatsoever, whether known or unknown, against the Oxford Defendants and/or the Oxford Released Parties whether under federal, state, local, statutory or common law or any other law, rule or regulation, and whether directly, indirectly, representatively or in any other capacity, in connection with, based upon, arising out of, or relating in any way to any allegations, claims, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted by the Class Members in this Action relating to the purchase of Oxford common stock and/or purchase of Oxford call options and/or sale of Oxford put options during the Class Period,

-4-

including, but not limited to claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement) (the "Oxford Settled Claims") against Oxford and the Individual Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, agents, employees, attorneys, advisors, investment advisors, insurers, co-insurers, and reinsurers, and any person, firm, trust, corporation, foundation, officer, director or other individual or entity in which Oxford or any Individual Defendant has a controlling interest or which is related to or affiliated with Oxford or any of the Individual Defendants, and the legal representatives, heirs, successors in interest or assigns of Oxford and the Individual Defendants (the "Oxford Released Parties"). The Oxford Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Oxford Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.     Oxford and the Individual Defendants, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action the Derivative Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all of the Oxford

Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Pursuant to the PSLRA and 15 U.S.C. § 78u-4(f)(7), the Oxford Released Parties are hereby discharged from all claims for contribution by any person or entity, including without limitation the KPMG Released Parties, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Oxford Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby (i) bars any action by any person, including, but not limited to, KPMG, for contribution against the Oxford Defendants arising out of the Action, and (ii) bars any action by the Oxford Defendants against any person, including, but not limited to, KPMG, for contribution arising out of the Action.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Oxford and the Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of Oxford and the Individual Defendants with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Oxford and the Individual Defendants;

-6-

(b) offered or received against Oxford and the Individual Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Oxford or any Individual Defendant, or against the plaintiffs and the Class as evidence of any infirmity in the claims of plaintiffs and the Class;

(c) offered or received against Oxford and the Individual Defendants or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Oxford and the Individual Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against Oxford and the Individual Defendants or the plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

-7-

12.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Plaintiffs' Counsel are hereby awarded ___28___ % of the Gross Oxford Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ _4,782,323.18_ in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Lead Counsel from the Gross Oxford Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Gross Oxford Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:      White Plains, New York
            June 12, 2003

                              _Charles Brieant_

                              HONORABLE CHARLES L. BRIEANT
                              UNITED STATES DISTRICT JUDGE

## IN RE OXFORD HEALTH PLANS, INC. SECURITIES LITIGATION
MDL Dkt No. 1222 (CLB)

### SCHEDULE A

### PERSONS / ENTITIES EXCLUDED FROM THE CLASS

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Adinaro | Peter | 3384 Forestwood Dr. | | Suwanee | GA | 30024 |
| Allegheny Co. Ret Bo | | 525 William Penn Place | Suite 3631 | Pittsburgh | PA | 15259 |
| Amos | Bobby | 2209 Thistle Circle | | Kearney | MO | 64060 |
| Anello | Santo & Lillian | 351 Boscombe Ave | | Staten Island | NY | 10309 |
| Batten | Hugh | 159 Avenida Majorca | Unit A | Laguna Hills | CA | 92653 |
| Baumgartner | Janet E. | 350 Sharon Park Dr. | Apt. 1-24 | Menlo Park | CA | 94025 |
| Beattie | Sue Ann | 12822 Dornoch Ct. SE | | Ft Myers | FL | 33912 |
| Brown | Lola H. | 3306 S Linden Ave. | | Springfield | MO | 65804 |
| Bryant | Christopher | 164 Oakwood Ave. | | Bayport | NY | 11705 |
| Buckles | Ray | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Buckles | Gail | 539 Monceau Dr. | | St. Louis | MO | 63135 |
| Caruthers | Byron C. & Helen M. | 2608 Kidd Dr. | | Arlington | TX | 76013 |
| Castens | Bert | 1228 Almondwood Dr. | | New Port Richey | FL | 34655 |
| Costello | John & Margaret Libretto | 840 Strang Drive | | Wantaugh | NY | 11793 |
| Cummins | Joanne | 1803 Melissa | | Longview | TX | 75605 |
| Ehrman | Sam & Jacob | 104-20 Queens Blvd. | Apt. 16M | Forest Hills | NY | 11375 |
| Franz | Lois | 16327 Crescent Dr SW | | Vashon | WA | 98070 |
| Freier | Jerri | 815 Millwood Ave. | | Roseville | MN | 55113 |
| Gaines | William | 122 Woodcrest Dr. | | Cartersville | GA | 30120 |
| Gallozzi | Ennio | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Gallozzi | Margaret | 621 N Saint Asaph St. | Apt. 310 | Alexandria | VA | 22314 |
| Garrett | Gerald | 9426 SE 52nd St. | | Mercer Island | WA | 98040 |
| Gay . | Charles | 33 Southgate Circle | | Massapequa Pk | NY | 11762 |
| Godowski | Robert T. | 746 Hamilton Ave. | | Watertown | CT | 06795 |
| Halim | Angelica | 940 N Foothill Rd. | | Beverly Hills | CA | 90210 |
| Harris | Richard | 33351 Fargo | | Livonia | MI | 48152 |
| Harshman | Ronald | 2120 Los Rios Blvd | | Plano | TX | 75074 |
| Hubbard | Vincent & Helen .. | 10 Tomoka Pl | | Summerfield | FL | 34491 |
| Jung | Cheryl Ann | 247 West 15th St. | Apt. 2B | New York | NY | 10011 |
| Kessler | Jay | 33 Paige Ln. | | Moriches | NY | 11955 |
| King | Shirley A. | 231 W Horizon Ridge | Apt. 723 | Henderson | NV | 89012 |
| Korde | Abhay A. & Varsha A. | 1250 Mill Shyre Way | | Lawrenceville | GA | 30043 |
| Kotsiris, Jr. | John | PO Box 87 | | Vineland | NJ | 08362 |
| Lakier | Andrew | Derstine & Cannon Aves | PO Box 854 | Lansdale | PA | 19446 |
| Lemmo | Ernest & Santa | 314 Tompkins Ave. | | Mamaroneck | NY | 10543 |
| Lerch | Archie | 185 Gebhardt Rd. | | Penfield | NY | 14526 |
| Mattoli | John | 5560 Bayview Drive | | Fort Lauderdale | FL | 33308 |
| Meyers | Jamie & Penni | 27 Wolfpit Road | | Southbury | CT | 06488 |
| Miller | Marilyn | 7230 Maplewood Dr. | | Indianapolis | IN | 46227 |
| Molineaux | Diana B. | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Nance | David & Carolyn M. | 1347 Lake Valley Dr. | | Fenton . | MI | 48430 . |
| Nicola | Daniel J. | 122 Bala Avenue | | Bala Cynwyd | PA | 19004 |
| Pasich | Dean | 88 Pukoo Street | #609 | Honolulu | HI | 96814 |
| Popescu | Valentin | 3001 Veazey Terr. NW | Apt. #116 | Washington | DC | 20008 |
| Puryear | Joe | 949 Knoll Park Lane | | Fallbrook | CA | 92028 |
| Raymon | Jonathan | P.O. Box 76 | | Crompond | NY | 10517 |
| Reid, Jr. | John F. · | 70 Thistle Patch Way | | Hingham | MA | 02043 |

| LAST NAME | FIRST NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|-----------|------------|-----------|-----------|------|-------|-----|
| Reuter | Eleanor | 117 B Heritage Village | | Southbury | CT | 06488 |
| Rice | Edna | 1915 Lohman's Crossing | | Lakeway | TX | 78734 |
| Ricker | Ann | 703 W Washington St. | | Urbana | IL | 61801 |
| Sally | Marilyn | 345 Oakwood Ave | | Bayport | NY | 11705 |
| Santoro | Dorothy | 2701 Byron Drive | | Las Vegas | NV | 89134 |
| Sinclair | David N. | 22366 Claibourne Ln | | Saugus | CA | 91350 |
| Soud | Wayne K. | 1135 Queensgate Dr. SE | | Smyrna | GA | 30082 |
| Straus | Philippa B. | 3004 Brookwood Rd. | | Birmingham | AL | 35223 |
| Tarrant | Margaret | 100 Colfax Avenue | Apt. 7Y | Staten Island | NY | 10306 |
| Van Fossan | Mary Dougherty | Unknown | | Trappe | MD | 21673 |
| Vidal, MD | Jose H. | 2693 La Casita Avenue | | Las Vegas | NV | 89120 |
| Voisine | Reed A. & Marilyn G. | 43 Anthony Drive | | Bristol | CT | 06010 |
| Whiteford | Audrey | PO Box 50487 | | Phoenix | AZ | 85076 |
| Whitney | David | 1401 Maharis Rd. | | Virginia Beach | VA | 23455 |
| Wiener | Benjamin & Shirley | 2 Fountain Lane | Apt. 1G | Scarsdale | NY | 10583 |

LEXSEE 2002 U.S. DIST. LEXIS 25721

**SANDS POINT PARTNERS, L.P., et al. on behalf of themselves and all others similarly situated, Plaintiffs, vs. PEDIATRIX MEDICAL GROUP, INC., ROGER J. MEDEL, KARL B. WAGNER, and LAWRENCE M. MULLEN, Defendants.**

**CASE NO. 99–6181–CIV–GONZALEZ**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**2002 U.S. Dist. LEXIS 25721**

**May 3, 2002, Decided**
**May 3, 2002, Received & Filed**

**DISPOSITION:** Court entered final judgment, and approved settlement agreement. Complaint dismissed with prejudice. Court awarded costs and fees to Plaintiffs.

**COUNSEL:** [*1] For SANDS POINT PARTNERS, L.P., FLORIDA STATE BOARD OF ADMINISTRATION, LOUISIANA STATE EMPLOYMENT RETIREMENT SYSTEMS, JACKSONVILLE POLICE & FIRE PENSION FUND, NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, plaintiffs: Michael J. Pucillo, Berman DeValerio Pease Tabacco Burt & Pucillo, West Palm Beach, FL.

For SANDS POINT PARTNERS, L.P., plaintiff: Wendy Hope Zoberman, Berman DeValerio Pease Tabacco Burt & Pucillo, West Palm Beach, FL.

For SANDS POINT PARTNERS, L.P., plaintiff: Rochelle Feder Hansen, John P. Coffey, Lisa K. Buckser, Stacy E. Osborne, Bernstein Litowitz Berger & Grossmann, New York, NY.

For PEDIATRIX MEDICAL, ROGER J. MEDEL, KARL B. WAGNER, LAWRENCE M. MULLEN, defendants: Robert F. Wise, Jr., Charles S. Duggan, Davis Polk & Wardell, New York, NY.

For PEDIATRIX MEDICAL, defendant: Barry Rodney Davidson, Hunton & Williams, Miami, FL.

For ROGER J. MEDEL, KARL B. WAGNER, LAWRENCE M. MULLEN, defendants: Barry Rodney Davidson.

**JUDGES:** HONORABLE JOSE A. GONZALEZ, JR., UNITED STATES DISTRICT COURT JUDGE.

**OPINIONBY:** JOSE A. GONZALEZ, JR.

**OPINION:**

### ORDER AND FINAL JUDGMENT

On this 3rd day of May, 2002, a hearing having been held before this Court to determine: (1) [*2] whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of February 7, 2002 (the "Stipulation") are fair, adequate and reasonable for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award counsel for Plaintiffs and the Class fees and reimbursement of expenses. On November 6, 2000, this Court, pursuant to Rules 23(a) and (b)(3) certified a class consisting of: All persons who purchased Pediatrix Medical Group, Inc. ("Pediatrix") common stock, purchased Pediatrix call options, or sold Pediatrix put options between March 31, 1997 and April 2, 1999, inclusive [*3] (the "Class Period"). Excluded from the Class are Pediatrix, its subsidiaries and affiliates, the Individual Defendants, members of the immediate families of each of the Individual Defendants, and any entities in which any of the Defendants has a controlling interest, and the legal representatives, heirs, successors, affiliates or assigns of any of the foregoing excluded persons and entities. Also excluded from the Class are the persons and/ or en-

tities who requested exclusion from the Class as listed on Exhibit A annexed hereto. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock or call options or sold put options of Pediatrix Medical Group, Inc., during the Class Period, except those persons or entities excluded from the definition of the Class, and that a Publication Notice of the hearing substantially in the form approved by the Court was published over the *Business Wire* and in *Investors Business Daily* pursuant to the specifications of the Court; and the [*4] Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all other Class Members and the Defendants.

2. Pursuant to and in accordance with the requirements of Rule 23, the Settlement as set forth in the Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

3. The distribution of the Notice of Proposed Settlement of Class Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund, and publication of the Summary Notice of Proposed Settlement and Settlement Hearing as provided in the Preliminary Order in Connection with Settlement Proceedings constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of Rule 23 of the Federal Rules of [*5] Civil Procedure, due process, the United States Constitution, and any other applicable law.

4. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Pediatrix, the Individual Defendants, their past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs,

successors in interest or assigns of the Defendants.

5. Lead Plaintiffs and the other Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released and Settled Claims against any of the Released Parties. The Released and Settled Claims are hereby compromised, settled, released, discharged and dismissed as against [*6] the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. The Defendants, the Released Parties, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released and Settled Defendants' Claims against any of the Lead Plaintiffs, the Jacksonville Police & Fire Pension Fund, other Class Members or their attorneys. The Released and Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been [*7] or could be asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b. offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs or the other members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the other members of the Class;

c. offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions

2002 U.S. Dist. LEXIS 25721, *7

of the Stipulation;

d. construed against the Defendants or the Lead Plaintiffs and the other members of the Class as an admission or concession that the consideration to [*8] be given hereunder represents the amount which could be or would have been recovered after trial; and

e. construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

8. The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

9. Counsel for Lead Plaintiffs and the other members of the Class are hereby awarded 30% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and $509,533.22 in reimbursement of expenses, which shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion [*9] which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

10. In setting the foregoing counsel fee, as a percentage of the common fund recovery obtained for the Class herein, this Court has considered the following factors set forth in *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991); (1) the novelty and complexity of the federal securities law issues involved; (2) the favorable result obtained for the Class; (3) the fact that this action was prosecuted on a contingent fee basis; (4) the experience of counsel on both sides; and (5) the fee customarily awarded for such litigation in this District and other courts in this Circuits.

11. The Court finds that during the course of this Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

12. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and [*10] this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

13. An appeal of the portion of this Order which awards attorneys' fees or expenses, shall have no effect whatsoever on the finality of any other portion of this Order and Final Judgment or the Effective Date of the Settlement as provided in the Stipulation. Class Members appealing this Order and Final Judgment or any portion thereof, must first timely intervene pursuant to Federal Rule of Civil Procedure 24.

14. Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Fed. R. Civ. P.

**DONE AND ORDERED**, in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of May, 2002.

THE HONORABLE JOSE A. GONZALEZ, JR.

UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**EXCLUSIONS FROM CLASS**

EXC11
EXC11014 [*11]

Exclusion Requests

PEDIATRIX MEDICAL GROUP

Page 1 of 2

18-Oct-01 10:49AM

| IdNo Description | Name/ Address | Phone No |
|---|---|---|
| 2003347 ABOLAFIA, DAVID | DAVID ABOLAFIA & CHARLOTTE ABOLAFIA 1300 SW 124TH TERR | |

2002 U.S. Dist. LEXIS 25721, *11

```
        IdNo Description        Name/ Address                  Phone No
                               PEMBROKE PINES FL 33027

2003416 ABOLAFIA, LORI         LORI ABOLAFIA
                               9939 NW 6TH CT
                               PLANTATION FL 33324

2002144 CO, FMT                FMT CO CUST IRA ROLLOVER
                               FBO ROBERT BISHOP SIDDOWAY
                               4069 E REDFIELD RD
                               HIGLEY AZ 85236

    771 HOLLENBECK, JOT         JOT N HOLLENBECK
                               29503 QUAILWOOD DR
                               RANCHO PALOS VER CA 90275

2003566 KATSOULOS, JOHN        JOHN KATSOULOS
                               CHARLES SCHWAB & CO INC CUST
                               4474 FOX LAKE RD
                               GOODRICH MI 48438

   3714 MAHLER, *** DEI        *** DEIDRE D MAHLER
                               SSB IRA CUSTODIAN
                               11965 NORTH LAKE DRIVE
                               BOYNTON FL 33436-5537
                               BOYNTON BEACH FL 33436

   4174 PEARSON, RUDOLP        RUDOLPH E PEARSON
                               27 DEWITT RD
                               SUTTON MA 01159

2002876 SECURITIES, PRU        PRUDENTIAL SECURITIES C/ F
                               STEVEN J LEICHTMAN
                               IRA ROLLOVER DTD 09/01/89
                               661 HERITAGE LN
                               ROCHESTER MI 48309

2001170 STAUDENMAIER. J        JAMES E STAUDENMAIER &
                               TED G STAUDENMAIER JT TEN
                               3118 BROADWAY
                               FARGO ND 58102

2003837 STEPHENSON, DEL        DELOY W STEPHENSON &
                               CAROLINA G STEPHENSON
                               2555 TANOBLE DR
                               ALTADENA CA 91001

2003413 VECCHIO, ROSANN        ROSANNE DEL VECCHIO
                               144 CHELSEA LN
                               PLANTATION FL 33324

      Total 11
```

2002 U.S. Dist. LEXIS 25721, *12

[*12]

|  | IdNo Description | Postmark Date | Acct No |
|---|---|---|---|
|  | 2003347 ABOLAFIA, DAVID | 08/17/01 |  |
|  | 2003416 ABOLAFIA, LORI | 08/17/01 |  |
|  | 2002144 CO, FMT | 08/24/01 |  |
|  | 771 HOLLENBECK, JOT | 08/10/01 |  |
|  | 2003566 KATSOULOS, JOHN | 08/18/01 |  |
|  | 3714 MAHLER, *** DEI | 08/27/01 |  |
|  | 4174 PEARSON, RUDOLP | 08/23/01 |  |
|  | 2002876 SECURITIES, PRU | 08/09/01 |  |
|  | 2001170 STAUDENMAIER, J | 08/02/01 |  |
|  | 2003837 STEPHENSON, DEL | 08/14/01 |  |
|  | 2003413 VECCHIO, ROSANN | 08/10/01 |  |

Total 11

PEDIATRIX MEDICAL GROUP

EXC1L
EXC1L011

Page 1 of 1

18-Oct-01 10:49AM

**Late Exclusion Requests**

| IdNo Description | Name/ Address | Phone No |
|---|---|---|
| 1000036 O'HARA, KATHLEE | KATHLEEN S O'HARA & EDWARD M O'HARA  3847 NW 122ND TER  SUNRISE FL 33323 |  |
| 2000888 WEBB, GREGORY | GREGORY WEBB  SALLY A WEBB JT TEN  628 GREENSCAPE LN  COLORADO SPRINGS CO 80916 |  |

2002 U.S. Dist. LEXIS 25721, *12

```
    IdNo Description        Name/ Address              Phone No
    Total 2
```

```
                                           Postmark
               IdNo Description            Date    Acct No
               1000036 O'HARA, KATHLEE     09/04/01

               2000888 WEBB, GREGORY       08/28/01

               Total 2
```