EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN RE: PRICELINE.COM, INC.     :
SECURITIES LITIGATION     :
———————————————   :    MASTER FILE NO.
          :
This document relates to:     :    3:00CV01884(DJS)
          :
    **ALL ACTIONS**     :
          :

**AFFIDAVIT OF PAUL MULHOLLAND, CPA, CVA.**
**CONCERNING MAILING OF NOTICE OF PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND**
**SETTLEMENT FAIRNESS HEARING AND PROOF OF CLAIM**

I, Paul Mulholland, being duly sworn, depose and say:

1.     I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and the Proof of Claim form ("Claim Form") (collectively, "Notice/Claim Form") and the publication of the Summary Notice. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm. I am a Certified Public Accountant and a Certified Valuation Analyst. I have over fifteen (15) years of experience specializing in claims administration for class action settlements and I have administered over one hundred (100) cases. SCS was established in April 1999 and has administered over sixty (60) class actions settlements since its inception. SCS was retained by Counsel for the Class to provide administrative services as part of the settlement

AFFIDAVIT OF PAUL MULHOLLAND

administration process in the above-captioned litigation. Our services include supervising the

printing of the Notice/Claim Form; providing Notice/Claim Forms to the Class; notifying

brokerage firms or other nominee accounts of the appropriate manner to provide individual notice

to class members, both individually and on a published basis; setting up databases for undeliverable

and filed claims; distributing, accepting and processing Claim Forms filed by Class members;

reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are

supported by sufficient documentary evidence; providing notice of deficient or rejected claims, when

appropriate; calculating recognized losses of the class, on both an individual and class-wide basis;

and all other services necessary to administer this securities litigation class action settlement

("Settlement").

3.      As to provide immediate notice to all brokerage companies, bank and trust

companies which are contained on our master list, a letter was sent notifying them of the Settlement

on May 15, 2007. This master list consists of the 848 largest banks and brokerage companies

("Nominee Account Holders"), as well as 1,042 mutual funds, insurance companies, pension funds,

and money managers ("Institutional Groups") which may have traded Priceline.com, Inc.'s

("Priceline") securities in their clients' or their accounts. A copy of the letter sent to these

organizations is attached as **Exhibit A.**

4.      To provide actual notice to all persons and entities who purchased or otherwise

acquired Priceline between January 27, 2000 and October 4, 2000, inclusive ("Class Period"), we

mailed, by first class mail, the Notice/Claim Form approved by the Court to all individuals and

organizations identified on the records of Priceline's transfer agent. These records reflect persons

and entities that may have purchased or otherwise acquired securities of Priceline for their own

account or for the account(s) of others during the Class Period. In addition, we mailed

Notice/Claim Forms to Nominee Account Holders and Institutional Groups. The mailing of

Notice/Claim Forms were mailed on or before May 18, 2007 as required by the Preliminary Order Re: Notice and Hearing on Settlement Pursuant to Rule 23 of the Federal Rules of Civil Procedure, dated May 11, 2007 (the "Court's May 11, 2007 Order"). Moreover, the Notice/Claim Form was made available to the public at SCS's website.

5.      The Nominee Account Holders and Institutional Groups were asked to either distribute Notice/Claim Forms to beneficial holders directly (the cost for which they were reimbursed), or provide SCS with lists of the names and addresses of actual or beneficial holders so that SCS could mail Notice/Claim Forms directly to them. A third and final letter was sent to those brokers/nominees who did not respond by June 13, 2007.

6.      As required by the Court's May 11, 2007 Order, the Publication Notice was published in all editions of *USA Today* and the *Wall Street Journal* and over the *PR newswire* for national distribution on or before May 28, 2007, as shown in the publication affidavits and an e-mail confirmation for the newswire attached hereto as **Exhibit B**.

7.      The notice procedures described in paragraphs two (2) through five (6) above are consistent with the procedures I have used in each of the class action securities litigation cases in which I have been involved with over the past fifteen years.

8.      To date, 88,893 Notice/Claim Forms have been mailed. See **Exhibit C** for copy of the Notice/Claim Form as mailed. SCS mailed 558 Notice/Claim Forms to individuals and organizations from the shareholders' list provided by the Company. As noted above, 1,890 Notice/Claim Forms were sent to Nominee Account Holders and Institutional Groups. Also, to date, an additional 86,445 Notice/Claim Forms were requested by the Nominee Account Holders and Institutional Groups and other individuals.

9.      Out of the 88,893 Notice Claim Forms mailed, 1,849 were returned as undeliverable mailings. Of these, 284 had forwarding addresses from the post office and SCS immediately re-

AFFIDAVIT OF PAUL MULHOLLAND

3

mailed each of these Class members a Notice Claim Form using the updated addresses. The remaining 1,565 are considered undeliverable mailings with no forwarding addresses. Since additional searching of updated addresses may not be cost effective, we have yet to perform any additional procedures to find updated addresses for these 1,565 undeliverable mailings.

10.     To date, SCS has received one request for exclusion from members of the Class. The exclusion was from Barbara Res. See **Exhibit D** for this exclusion. To date, SCS has received no objections to the Settlement or the request for application for attorneys' fees and reimbursement of litigation expenses by plaintiffs' counsel. The deadline for Request for Exclusion and Objection was June 8, 2007.

11.     To date, SCS has incurred fees and expenses for services rendered in connection with the administration of this settlement in the amount of $186,914.91 as set forth in our invoice attached as **Exhibit E**. The fees and expenses cover a variety of services, including but not limited to: (1) creating data bases and programming services; (2) arranging for the printing of Notice/Claim Forms and the publication of the Summary Notice; (3) printing mailing labels, generating lists of nominees and potential claimants for the initial mailing of the Notice/Claim Forms; (4) fulfilling all subsequent requests from nominees and Priceline beneficial owners for copies of the Notice/Claim Form; (5) conducting follow-up fax and phone solicitations of nominees to reach their beneficial holders of Priceline's securities; (6) correspondence with brokers and nominees; and (7) website services.

Paul Mulholland, CPA, CVA

Sworn to and Subscribed before me
This _20th_ day of June 2007
In the County of Delaware,
Commonwealth of Pennsylvania

Notary Public

NOTARIAL SEAL
...TH... K JAMES, Notary Public
...ta Borough, Delaware County, PA
My Commission Expires Jan. 25, 2010

EXHIBIT A

## PLEASE TAKE NOTE OF THE UPDATED CLAIMS FILING DEADLINE

STRATEGIC CLAIMS SERVICES
PO BOX 230
600 NORTH JACKSON STREET, SUITE 3
MEDIA, PA  19063
PHONE: (610) 565-9202    FAX: (610) 565-7985
EMAIL: info@strategicclaims.net

## NOTICE TO BROKERS, CUSTODIAL BANKS, FUND MANAGERS, INSURANCE COMPANIES, PENSION FUNDS, MUTUAL FUNDS AND OTHER NOMINEES

Re:  Priceline.com, Inc. Securities Litigation Master File No. 3:00CV01884(AVC)
Securities include *common stock* and *options* of Priceline.com, Inc
Cusip No. during the Class Period for Priceline.com, Inc. common stock is 741503106.
(Note: the current Cusip No. for Priceline.com, Inc. common stock is 741503403.)

REQUEST FOR EXCLUSION/OBJECTION DEADLINE – *JUNE 8, 2007*
SETTLEMENT HEARING DATE – *JULY 2, 2007*
CLAIMS FILING DEADLINE – *AUGUST 31, 2007*

Enclosed is a copy of the "Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing" and "Proof of Claim and Release" in the above-referenced matter. This was sent to all entities whose names have been made available to us, or which we believe may know of potential claimants.

Your clients may be due to receive a portion of the settlement fund set aside in this matter should they have purchased the above common stock and/or options during the designated Class Period.

We request that you assist us in identifying any individuals or accounts having **purchased the common stock and/or options of Priceline.com, Inc. between January 27, 2000 and October 4, 2000, inclusive.** excluding (a) Settling Defendants, (b) officers and directors of Priceline.com at all relevant times (c) members of the Settling Defendants' immediate families and their legal representatives, heirs, successors or assigns, (d) any entity in which Settling Defendants have or at any time had a Controlling Interest, (e) Deloitte & Touche LLP, or any of Deloitte's partners, officers and directors, and (f) any Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in question 13 of the Notice.

## PER COURT ORDER, YOU MUST RESPOND IN 7 DAYS OF RECEIPT OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial owners, please so advise us in writing; or
2. Supply us with the names and addresses of your beneficial owners and we will do the mailing (**Please provide us this information electronically.** If you are not able to do this, labels will be accepted but it is important that a hardcopy also be submitted of the names of your clients); or
3. Advise us of how many beneficial owners you have and we will supply you with ample forms to do the mailing.

You are on record as having been notified of this legal matter.  Any reasonable research and mailing expenses may be billed directly to our office, payable subject to the approval of the Class's representatives.  You should note on your invoice that expenses incurred were for compliance with the Order of the Court.  Please call us directly at the above number should you have any questions.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Priceline.com, Inc. Securities Litigation
FOR:  PLAINTIFFS' COUNSEL

EXHIBIT B



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400


GANNETT

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Karri Dvir says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on <u>Thursday, May 24,</u> the following advertisement - <u>**Summary Notice of Pendency of Class Action and Proposed Settlement,**</u> was published in **USA TODAY Domestic.**

Principal Clerk of USA TODAY
June 6, 2007

Subscribed and sworn to before me
This  7th  day of  June  month
2007  year.

Notary Public

My Commission Expires September 30, 2009

 7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400

 GANNETT

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Karri Dvir says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on <u>Friday, May 25,</u> the following advertisement - <u>**Summary Notice of Pendency of Class Action and Proposed Settlement,**</u> was published in **USA TODAY International.**

Principal Clerk of USA TODAY
June 6, 2007

Subscribed and sworn to before me
This 7th day of June month
2007 year.

Notary Public

My Commission Expires September 30, 2009

STATE OF TEXAS                )
                              )   ss:
CITY AND COUNTY OF DALLAS)

I, Glenn Hellums Jr., being duly sworn, depose and say that I am the Advertising Clerk of

the Publisher of THE WALL STREET JOURNAL (Global Edition), a daily national

newspaper published and of general circulation in Asia, Europe, The United States of

America, and that the attached Notice has been regularly published in THE WALL

STREET JOURNAL (Global Edition) for one insertion(s) on the following date(s):

5/24/07 advertiser: Priceline.com. Inc. and that the foregoing statements are true and

correct to the best of my knowledge, information, and belief.

MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

Sworn to before me this

30th day of May 2007

Notary Public

PrimeNewswire Cross Time Report: Johnson & Perkinson

**Subject:** PrimeNewswire Cross Time Report: Johnson & Perkinson
**From:** support@primenewswire.com
**Date:** Fri, 18 May 2007 21:00:33 UT
**To:** mshillady@strategicclaims.net

 **PrimeNewswire** *Cross Time Report*

**Cross Time:** May 18, 2007 at 05:00 PM (Eastern)

**Headline:** Summary Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing Announced by Scott + Scott, LLC and Johnson & Perkinson -- PCLN

This email message serves as a formal confirmation that your release was transmitted on PrimeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930, and enter option #1

Copyright © 2007 PrimeNewswire, Inc.

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

——————————————————— X
IN RE: PRICELINE.COM, INC.            :
      SECURITIES LITIGATION            :    MASTER FILE NO. 3:00CV01884(AVC)
                                     :
——————————————————— X

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED PRICELINE.COM, INC. SECU-
RITIES BETWEEN JANUARY 27, 2000 THROUGH OCTOBER 4, 2000, INCLUSIVE.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS
IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE
PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PRO-
CEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM **POSTMARKED ON OR BEFORE AUGUST 31, 2007.**

    This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the
United States District Court for the District of Connecticut (the "Court"). The purpose of this Notice is to inform you
of the pendency of this Class Action and the proposed Settlement of the Action and of the hearing to be held by the
Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for
costs and fees. This Notice describes the rights you may have in connection with your participation in the Settle-
ment, what steps you may take in relation to the Settlement and this Class Action, and, alternatively, what steps you
must take if you wish to be excluded from the Settlement and this Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| SUBMIT A CLAIM FORM | The only way to get a payment. Claim Forms must be **postmarked on or before August 31, 2007.** |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. Exclusions must be **postmarked on or before June 8, 2007.** |
| OBJECT | Write to the Court about why you do not like the Settlement. Objections must be received by the Court and counsel **on or before June 8, 2007.** |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel **on or before June 8, 2007.** |
| DO NOTHING | Get no payment. Give up any rights you may have. |

## SUMMARY NOTICE

### Statement of Plaintiff Recovery

    Pursuant to the Settlement described herein, an $80 million Settlement Fund is being provided. Plaintiffs estimate
that there were approximately 86.8 million common shares of Priceline.com, Inc. stock which may have been dam-
aged during the Class Period. Plaintiffs estimate that the average recovery under the Settlement is roughly $.92 per
damaged share before deduction of any taxes on the income thereof, notice and administration costs and the attor-
neys' fee and expense award as determined by the Court.[1] A Class Member's actual recovery will be a proportion of
the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized
Claims submitted. Depending on the number of claims submitted, when during the Class Period a Class Member pur-
chased shares of Priceline.com, Inc. securities, the purchase price paid, and whether those shares were held at the
end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received,
an individual Class Member may receive more or less than this average amount. See Plan of Allocation attached as
Exhibit A hereto for more information on your Recognized Claim.

### Statement of Potential Outcome of Case

    The parties disagree on both liability and damages and do not agree on the average amount of damages per share
or security, as appropriate, that would be recoverable if Class Plaintiffs were to have prevailed on each claim alleged.
The Defendants deny that they are liable to the Class Plaintiffs or the Class and deny that Class Plaintiffs or the Class
have suffered any damages.

---

[1] This estimation solely reflects average recovery per alleged damaged share of Priceline.com common stock. Actual recovery per share will re-
flect adjustment for any non-common stock securities that are subject to this Settlement.

**Statement of Attorneys' Fees and Costs Sought**

Class Plaintiffs' Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees not to exceed one-third (33⅓%) of the Settlement, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $2,250,000.00. Over the past seven years Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. The requested fees amount to an average of approximately $.30 per damaged share.

**Further Information**

Further information regarding the Action and this Notice may be obtained by contacting the Settlement Administrator toll-free at 1-866-274-4004 or visit its website at www.strategicclaims.net.

You may also contact counsel for Class Plaintiffs and the Class: David R. Scott, Esq., Scott + Scott, LLP, 108 Norwich Avenue, P.O. Box 192, Colchester, Connecticut 06415, Telephone (860) 537-5537 and Jacob B. Perkinson, Johnson & Perkinson, P.O. Box 2305, 1690 Williston Road, South Burlington, Vermont 05403, Telephone: (802) 862-0030.

**Reasons for the Settlement**

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## WHAT THIS NOTICE CONTAINS

PAGE

SUMMARY NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
    Statement of Plaintiff Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
    Statement of Potential Outcome of Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
    Statement of Attorneys' Fees and Costs Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
    Further Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
    Reasons for the Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
BASIC INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
    1. Why did I get this notice package? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
    2. What is this lawsuit about? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
    3. Why is this a class action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
    4. Why is there a settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
WHO IS IN THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    5. How do I know if I am part of the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    6. Are there exceptions to being included? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    7. What if I am still not sure if I am included? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
THE SETTLEMENT BENEFITS — WHAT YOU GET . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    8. What does the settlement provide? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    9. How much will my payment be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    10. How can I get a payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    11. When would I get my payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    12. What am I giving up to get a payment or to stay in the Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
EXCLUDING YOURSELF FROM THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
    13. How do I get out of the proposed settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    14. If I do not exclude myself, can I sue the Defendants and the other Released Parties
        for the same thing later? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    15. If I exclude myself, can I get money from the proposed settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . .6
THE LAWYERS REPRESENTING YOU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    16. Do I have a lawyer in this case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    17. How will the lawyers be paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    18. How do I tell the Court that I do not like the proposed settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
    19. What is the difference between objecting and excluding? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
THE COURT'S FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    20. When and where will the Court decide whether to approve the proposed settlement? . . . . . . . . . . . . . .7
    21. Do I have to come to the hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    22. May I speak at the hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    23. What happens if I do nothing at all? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

GETTING MORE INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    24. Are there more details about the proposed settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    25. How do I get more information? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
EXHIBIT A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have purchased or otherwise acquired Priceline.com, Inc. ("Priceline.com") securities during the period between January 27, 2000 through October 4, 2000, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this Class Action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, a Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the Class Action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the District of Connecticut, and the case is known as *In Re Priceline.com, Inc. Securities Litigation*, Civil Action No. 00 CV 1884 (AVC). The case has been assigned to the Hon. Alfred V. Covello. The people who sued are called Plaintiffs, and the companies and the persons they sued (Jay Walker, Daniel Schulman, Richard Braddock and N. J. Nicholas and Priceline.com) are called the Defendants.

### 2. What is this lawsuit about?

The Consolidated Amended Complaint dated October 29, 2001 (the "Complaint") filed in the Action generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding Priceline.com's financial and operational condition prior to and during the period between January 27, 2000 through and including October 4, 2000 ("Class Period") in a scheme to artificially inflate the value of Priceline.com's securities.

The Complaint further alleges that the Class Plaintiffs and other Class Members purchased Priceline.com securities during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding Priceline.com in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

Defendants deny that they did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called Class Plaintiffs (in this case, Thomas Linton, Mark Weiss, Marilyn Egel, Warren Ross and Jon Anderson) sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

Beginning on October 2, 2000, twenty-two class actions alleging violations of federal securities laws were filed in the U.S. District Court for Connecticut and were subsequently consolidated under the above caption and are referred to herein as the "Action." The Court certified the Class Plaintiffs to represent all Class Members and appointed the law firms of Scott + Scott, LLP, and Johnson & Perkinson as Class Plaintiffs' Counsel.

The operative complaint is the Consolidated Amended Complaint which was filed on October 29, 2001. The Complaint alleges that Class Plaintiffs and other Class Members purchased Priceline.com securities during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding Priceline.com in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

The Defendants deny any liability to Class Plaintiffs and the Class. The Defendants deny any wrongdoing whatsoever and their agreement to settle this Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to the Settlement to avoid the risks and cost of a trial, and so Class members will receive compensation. The case would require all parties to engage experts and much of the proof would be highly technical making the outcome of any trial unpredictable. The Class Plaintiffs and Class Plaintiffs' counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation would delay any recovery by the class and could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the Settlement?

The Court directed, that everyone who fits this description is a Class Member: *all persons and entities who purchased, or otherwise acquired Priceline.com securities during the period between January 27, 2000 and October 4, 2000, inclusive, and were damaged thereby.*

### 6. Are there exceptions to being included?

Excluded from the Class are (i) the Settling Defendants, (ii) the officers and directors of Priceline.com at all relevant times, (iii) members of Settling Defendants' immediate families and their legal representatives, heirs, successors or assigns, (iv) any entity in which Settling Defendants have or at any time had a Controlling Interest, and (v) Deloitte & Touche LLP, or any of Deloitte's partners, officers and directors. For purposes of this Settlement, the term "Controlling Interest" includes any interest of 10% or more of the common stock and/or voting rights of an entity, and any other interest in any entity that is sufficient to allow the party with such interest directly or indirectly to direct or cause the direction of the management and policies of the entity, whether through the ownership of voting shares, by contract or otherwise. Also excluded from the Class are any Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in question 13 below.

If one of your mutual funds own shares of Priceline.com securities, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired Priceline.com securities during the Class Period. Contact your broker to see if you have or held Priceline.com securities.

If you sold or otherwise disposed of Priceline.com securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you <u>purchased</u> or <u>otherwise acquired</u> Priceline.com securities, as defined above.

### 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator toll-free at 1-866-274-4004, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

In exchange for the Settlement and dismissal of the Action, the Defendants have agreed to pay $80 million, to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim form.

### 9. How much will my payment be?

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the amount and type of Priceline.com securities you purchased or acquired, and when you acquired and sold them.

By following the instructions on the Plan of Allocation, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claim. See the Plan of Allocation, Exhibit A hereto, for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it **postmarked no later than August 31, 2007.**

### 11. When would I get my payment?

The Court will hold a Fairness Hearing on **July 2, 2007,** to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

## 12. What am I giving up to get a payment or to stay in the Class?

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will release all "Settled Claims" (as defined below) including "Unknown Claims" (as defined below) against the "Released Parties" (as defined below):

- "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted from the beginning of time to the end of time in any forum by the Class Members or any of them against any of the Released Parties, which arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved in, set forth in, or referred to, or that could have been asserted in the Complaint and relate to the purchase, sale, transfer or acquisition of securities of Priceline.com during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of publicly traded securities of Priceline.com during the Class Period. Notwithstanding the prior sentence, "Settled Claims" does not include any claims Class Members may have against Deloitte in its capacity as the independent auditor of Priceline.com, or with respect to any liability Deloitte may have under the federal securities laws arising as a result of services performed, knowledge obtained or statements or omissions made in connection with (a) Deloitte's engagement by Priceline.com as described in the engagement letters between Deloitte and Priceline.com dated May 3, 1999 and August 4, 2000, and/or (b) Deloitte's audit opinion dated January 27, 2000 (and March 17, 2000 as to note 15). "Settled Claims" also does not include any claims that were asserted in the consolidated class action *In re Initial Public Offering Securities Litigation*, 21 M.C. 92 (S.A.S.) (S.D.N.Y.) (consolidating cases including *In re Priceline.com, Inc. Initial Public Offering Securities Litigation*, 01 Civ. 2261 (SAS) (LTS) (S.D.N.Y.)), or in *In re Initial Public Offering Antitrust Litigation*, 01-Civ.-2014 (WHP) (S.D.N.Y.).

- "Released Parties" means any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, general partners, estates and assigns and all of the aforementioned persons' and entities' current or former officers, directors, agents, legal representatives, trustees, employees, attorneys, advisors, insurers, and investment advisors, auditors, accountants, underwriters and insurers of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has or at any time had a Controlling Interest or which is or at any time was related to or affiliated with any of the Settling Defendants (including, but not limited to, the Priceline WebHouse Club, Inc., Perfect Yardsale, Walker Digital LLC and Walker Digital Corp., and the accountants and auditors of any of them, in their capacities as such), and the estates, legal representatives, heirs, successors in interest or assigns of the Settling Defendants. Notwithstanding the prior sentence, "Released Parties" does not include Deloitte in its capacity as the independent auditor of Priceline.com, or with respect to any liability Deloitte may have under the federal securities laws arising as a result of services performed, knowledge obtained or statements or omissions made in connection with (a) Deloitte's engagement by Priceline.com as described in the engagement letters between Deloitte and Priceline.com dated May 3, 1999 and August 4, 2000, and/or (b) Deloitte's audit opinion dated January 27, 2000 (and March 17, 2000 as to note 15).

- "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his or its favor, which if known by him or it might have affected his or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue one or more of the Defendants and the other Released Parties, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself — or is sometimes referred to as "opting out."

### 13. How do I get out of the proposed settlement?

To exclude yourself from the Settlement Class, you must send a letter by first class mail stating that you "request exclusion from the Class in *In Re Priceline.com, Inc. Securities Litigation.*" Your letter should include the date(s), price(s), number(s) and type(s) of all purchases and sales of Priceline.com securities during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request **postmarked no later than June 8, 2007** to:

Priceline.com, Inc. Securities Litigation
c/o Strategic Claims Services, Claims Administrator
PO Box 230
600 North Jackson Street, Suite 3
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Parties in the future.

### 14. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit against the Released Parties speak to your lawyer in that case immediately. You must exclude yourself from this Class Action to continue your own lawsuit. Remember, the exclusion deadline is **June 8, 2007**.

### 15. If I exclude myself, can I get money from the proposed settlement?

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may sue or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court ordered that the law firms of Scott + Scott, LLP and Johnson & Perkinson represent the Class Plaintiffs and the Class Members, including you. These lawyers are called Class Plaintiffs' Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Plaintiffs' Counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount not greater than one-third (33$^{1}/_{3}$%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $2,250,000.00.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court that I do not like the proposed settlement?

If you are a Class Member, you can object to the proposed Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in the *In Re Priceline.com, Inc. Securities Litigation.* Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), number(s) and type(s) of all Priceline.com securities you purchased and sold during the Class Period, and state the reasons why you object to the proposed Settlement. Mail the objection to each of the following addresses postmarked no later than **June 8, 2007**:

| COURT CLASS | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Abraham Ribicoff Federal<br>Building<br>District Of Connecticut<br>450 Main Street<br>Hartford, CT 06103 | SCOTT + SCOTT, LLP<br>David R. Scott, Esq.<br>108 Norwich Avenue<br>P.O. Box 192<br>Colchester, CT 06415<br><br>JOHNSON & PERKINSON<br>Jacob B. Perkinson<br>1690 Williston Road<br>PO Box 2305<br>South Burlington, Vermont 05403 | HENNIGAN, BENNETT & DORMAN, LLP<br>Jeanne E. Irving<br>865 S. Figueroa Street<br>Suite 2900<br>Los Angeles, CA 90017<br><br>CRAVATH, SWAINE & MOORE LLP<br>Daniel Slifkin<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475 |

**19. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**20. When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Fairness Hearing at 10:30 a.m. on the 2nd day of July, 2007, at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut, 06103. At the Hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Plaintiffs' Counsel. After the Settlement Fairness Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**21. Do I have to come to the hearing?**

No. Class Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**22. May I speak at the hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "Notice of Intention to Appear in *In Re Priceline.com, Inc. Securities Litigation.*" Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**24. Are there more details about the proposed settlement?**

This Notice summarizes the proposed Settlement. More details are in a Stipulation and Agreement of Settlement dated May 3, 2007 (the "Stipulation"). You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Settlement Administrator toll-free at 1-866-274-4004.

**25. How do I get more information?**

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut, 06103, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Cash Settlement Amount of $80 million and any interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The proposed Plan of Allocation, attached hereto as Exhibit A, reflects the proposition that the price of Priceline.com common stock and securities were artificially inflated during the Class Period by various amounts as various disclosures were made. Class Plaintiffs' damages consultant concluded that the price of Priceline.com common stock was inflated artificially during the Class Period as set forth in the Plan of Allocation.

For purposes of the Settlement "Recognized Claims" will be calculated as defined in the Plan of Allocation.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Order and Final Judgment of the Court dismissing this Action will nevertheless bind class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund shall be distributed as ordered by the Court upon motion of the Class Plaintiffs.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired securities of Priceline.com during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Priceline.com, Inc. Class Action Securities Litigation
c/o Strategic Claims Services, Claims Administrator
PO Box 230
600 North Jackson Street, Suite 3
Media, PA  19063
(866-274-4004)

Dated: May 11, 2007

By Order of the Court
CLERK OF THE COURT

EXHIBIT A

In Re: Priceline.Com, Inc. Securities Litigation

Plan of Allocation

The following sets forth the Plan of Allocation under the terms of the Settlement. As used herein and in the Stipulation and all related documents and Orders, "Recognized Claim" means the amount of damage calculated under this Plan of Allocation per Priceline.com security that is subject to the Settlement. The Claims Administrator will determine each Class Member claimants' *pro rata* share of the Net Settlement Fund based on their respective Recognized Claim. A Class Member's Recognized Claim calculated hereunder is not intended to be an estimate of the amount a Settlement Class Member might have obtained after trial; nor is it an estimate of the amount that will be paid to a Class Member claimant pursuant to the Settlement. This Plan of Allocation, and the calculation of Recognized Claims thereunder, are solely the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Member claimants under the terms of the Settlement.

I. **Damages for Common Shares**

Consistent with the terms of the Settlement, damage claims shall be available for all persons and entities that acquired their shares on or after January 27, 2000, and on or before October 4, 2000, and sold their shares on or after September 27, 2000, or have continued to hold their shares. Damages per share shall be determined based on the inflation in the share price at the date of purchase minus the inflation in share price at the date of sale. Inflation in the share price shall be determined by the inflation per share for the date of the transaction as set forth in Table 1 below. Table 1 is adjusted to reflect that portion of the declines in the share price of Priceline.com that can be explained by identified events that revealed corrective information.

**Table 1: Inflation per Share (not adjusted for subsequent stock splits or reverse splits)**

| Date | Inflation Per Share | Date | Inflation Per Share | Date | Inflation Per Share | Date | Inflation Per Share |
|---|---|---|---|---|---|---|---|
| 1/27/2000 | $ 9.04 | 3/30/2000 | $ 16.68 | 6/2/2000 | $ 13.02 | 8/4/2000 | $ 8.14 |
| 1/28/2000 | $ 8.26 | 3/31/2000 | $ 16.46 | 6/5/2000 | $ 13.57 | 8/7/2000 | $ 8.85 |
| 1/31/2000 | $ 7.98 | 4/3/2000 | $ 13.59 | 6/6/2000 | $ 12.49 | 8/8/2000 | $ 8.96 |
| 2/1/2000 | $ 7.84 | 4/4/2000 | $ 15.53 | 6/7/2000 | $ 12.69 | 8/9/2000 | $ 8.44 |
| 2/2/2000 | $ 8.25 | 4/5/2000 | $ 14.88 | 6/8/2000 | $ 12.82 | 8/10/2000 | $ 8.03 |
| 2/3/2000 | $ 8.25 | 4/6/2000 | $ 15.90 | 6/9/2000 | $ 12.72 | 8/11/2000 | $ 8.09 |
| 2/4/2000 | $ 8.39 | 4/7/2000 | $ 16.08 | 6/12/2000 | $ 12.04 | 8/14/2000 | $ 8.21 |
| 2/7/2000 | $ 8.37 | 4/10/2000 | $ 15.06 | 6/13/2000 | $ 12.37 | 8/15/2000 | $ 8.39 |
| 2/8/2000 | $ 7.99 | 4/11/2000 | $ 13.52 | 6/14/2000 | $ 12.30 | 8/16/2000 | $ 8.33 |
| 2/9/2000 | $ 8.34 | 4/12/2000 | $ 12.55 | 6/15/2000 | $ 12.20 | 8/17/2000 | $ 8.36 |
| 2/10/2000 | $ 7.96 | 4/13/2000 | $ 12.95 | 6/16/2000 | $ 12.30 | 8/18/2000 | $ 8.62 |
| 2/11/2000 | $ 7.54 | 4/14/2000 | $ 12.24 | 6/19/2000 | $ 12.60 | 8/21/2000 | $ 8.41 |
| 2/14/2000 | $ 7.63 | 4/17/2000 | $ 10.97 | 6/20/2000 | $ 13.02 | 8/22/2000 | $ 8.25 |
| 2/15/2000 | $ 7.39 | 4/18/2000 | $ 14.73 | 6/21/2000 | $ 12.69 | 8/23/2000 | $ 8.40 |
| 2/16/2000 | $ 7.38 | 4/19/2000 | $ 14.95 | 6/22/2000 | $ 12.76 | 8/24/2000 | $ 8.77 |
| 2/17/2000 | $ 7.74 | 4/20/2000 | $ 15.53 | 6/23/2000 | $ 11.99 | 8/25/2000 | $ 8.63 |
| 2/18/2000 | $ 7.03 | 4/24/2000 | $ 14.27 | 6/26/2000 | $ 11.16 | 8/28/2000 | $ 8.68 |
| 2/22/2000 | $ 6.88 | 4/25/2000 | $ 14.85 | 6/27/2000 | $ 11.60 | 8/29/2000 | $ 8.85 |
| 2/23/2000 | $ 7.19 | 4/26/2000 | $ 14.70 | 6/28/2000 | $ 11.64 | 8/30/2000 | $ 8.91 |
| 2/24/2000 | $ 8.05 | 4/27/2000 | $ 14.92 | 6/29/2000 | $ 10.90 | 8/31/2000 | $ 8.78 |
| 2/25/2000 | $ 8.08 | 4/28/2000 | $ 14.58 | 6/30/2000 | $ 11.15 | 9/1/2000 | $ 8.51 |
| 2/28/2000 | $ 7.54 | 5/1/2000 | $ 14.64 | 7/3/2000 | $ 11.60 | 9/5/2000 | $ 9.17 |
| 2/29/2000 | $ 7.90 | 5/2/2000 | $ 13.81 | 7/5/2000 | $ 10.97 | 9/6/2000 | $ 8.85 |
| 3/1/2000 | $ 9.39 | 5/3/2000 | $ 13.50 | 7/6/2000 | $ 11.17 | 9/7/2000 | $ 8.51 |
| 3/2/2000 | $ 10.64 | 5/4/2000 | $ 13.48 | 7/7/2000 | $ 11.06 | 9/8/2000 | $ 8.47 |
| 3/3/2000 | $ 11.26 | 5/5/2000 | $ 13.38 | 7/10/2000 | $ 10.99 | 9/11/2000 | $ 8.63 |
| 3/6/2000 | $ 18.47 | 5/8/2000 | $ 12.85 | 7/11/2000 | $ 9.95 | 9/12/2000 | $ 8.85 |
| 3/7/2000 | $ 16.19 | 5/9/2000 | $ 12.46 | 7/12/2000 | $ 10.64 | 9/13/2000 | $ 8.95 |
| 3/8/2000 | $ 17.95 | 5/10/2000 | $ 12.17 | 7/13/2000 | $ 11.25 | 9/14/2000 | $ 8.74 |
| 3/9/2000 | $ 19.15 | 5/11/2000 | $ 11.75 | 7/14/2000 | $ 11.47 | 9/15/2000 | $ 8.55 |
| 3/10/2000 | $ 19.31 | 5/12/2000 | $ 11.79 | 7/17/2000 | $ 11.50 | 9/18/2000 | $ 8.41 |
| 3/13/2000 | $ 19.60 | 5/15/2000 | $ 11.94 | 7/18/2000 | $ 11.32 | 9/19/2000 | $ 8.33 |
| 3/14/2000 | $ 19.40 | 5/16/2000 | $ 14.68 | 7/19/2000 | $ 11.54 | 9/20/2000 | $ 7.96 |
| 3/15/2000 | $ 18.23 | 5/17/2000 | $ 13.94 | 7/20/2000 | $ 11.72 | 9/21/2000 | $ 7.55 |
| 3/16/2000 | $ 18.02 | 5/18/2000 | $ 13.15 | 7/21/2000 | $ 11.61 | 9/22/2000 | $ 7.62 |
| 3/17/2000 | $ 18.43 | 5/19/2000 | $ 12.64 | 7/24/2000 | $ 9.65 | 9/25/2000 | $ 7.30 |
| 3/20/2000 | $ 16.01 | 5/22/2000 | $ 12.57 | 7/25/2000 | $ 9.68 | 9/26/2000 | $ 6.91 |
| 3/21/2000 | $ 16.71 | 5/23/2000 | $ 11.71 | 7/26/2000 | $ 9.10 | 9/27/2000 | $ 3.56 |
| 3/22/2000 | $ 17.84 | 5/24/2000 | $ 10.83 | 7/27/2000 | $ 8.48 | 9/28/2000 | $ 3.75 |
| 3/23/2000 | $ 18.04 | 5/25/2000 | $ 10.77 | 7/28/2000 | $ 8.20 | 9/29/2000 | $ 3.75 |
| 3/24/2000 | $ 18.53 | 5/26/2000 | $ 10.75 | 7/31/2000 | $ 8.00 | 10/2/2000 | $ 3.31 |
| 3/27/2000 | $ 18.82 | 5/30/2000 | $ 11.43 | 8/1/2000 | $ 8.29 | 10/3/2000 | $ 2.89 |
| 3/28/2000 | $ 17.83 | 5/31/2000 | $ 11.19 | 8/2/2000 | $ 8.26 | 10/4/2000 | $ 2.82 |
| 3/29/2000 | $ 16.82 | 6/1/2000 | $ 12.02 | 8/3/2000 | $ 8.15 | 10/5/2000 | $ ---- |

9

Damages per share shall be further limited by the Private Securities Litigation Reform Act of 1995 by the following limitation: if a share was sold prior to January 4, 2001, damages per share shall not exceed the difference between the purchase price and the selling price.

For all share purchases, shares shall be matched using the first-in-first-out (FIFO) method of matching.

## II.  Damages for Options to Purchase Common Shares

Damages shall be available for Call Options to purchase Priceline.com common shares that were <u>purchased</u> on or after January 27, 2000, and on or before October 4, 2000, and which had not been sold, covered or expired before September 27, 2000.

With respect to purchases and sales (covers) of Call Options, the Artificial Inflation per Option on a given day shall be the percentage reduction in the value of Call Options on that day as a result of the inflation in Priceline.com's closing common share price times the price paid (if purchased) or received (if sold). The percentage reduction in the value of Call Options will be calculated using the Black-Scholes option pricing formula (using the implied volatility for an at-the-money option on that day and one year risk-free US Treasury interest rate) and the closing share price of Priceline.com's common stock on the transaction date compared with the Black-Scholes pricing formula using the uninflated share price of Priceline.com's common stock on that same date. The uninflated share price of Priceline.com's common stock will be determined by reducing the closing share price by the inflation per share for the transaction day as set forth in Table 1.

Damages shall be available for Put Options to <u>sell</u> Priceline.com common shares that were sold on or after January 27, 2000, and on or before October 4, 2000, and which had not been purchased (covered) or expired before September 27, 2000. The Artificial Deflation per Option on a given day shall be the dollar decrease in the value of the Put Option on that day as a result of the inflation in the share price of Priceline.com. The amount of deflation in the value of each Put Option will be calculated using the Black-Scholes option pricing formula (using the implied volatility for an at-the-money put option on that day and one year risk-free US Treasury interest rate) and the closing share price of Priceline.com's common stock on the transaction date compared with the Black-Scholes pricing formula using the uninflated share price of Priceline.com's common stock on that same date. The uninflated share price of Priceline.com's common stock will be determined by reducing the closing price of Priceline.com's common shares by the Inflation per Share for the transaction day as set forth in Table 1.

In order to file for a claim of damages for options transactions to be approved all transactions involving options between January 27, 2000, and January 4, 2001, must be disclosed and all open option positions or holdings as of January 27, 2000, must be disclosed. For each option transaction/position, the following information shall be provided: (i) the date the position was created or transaction took place (trade date, not settlement date); (ii) the consideration paid or received, excluding any fees or commissions; (iii) the type of the option (put or call); (iv) the exercise or strike price of option in dollars per Priceline.com common share; and (v) the expiration date or date of maturity of the option.

## III.  Further Limitations on Damages

The claim for damages by any claimant shall not exceed the net losses realized by the claimant on all acquisitions or sales of common shares or options during the period from January 27, 2000, and January 4, 2001.

A purchase or sale of Priceline.com securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Brokerage commissions, fees, and taxes should be excluded in the purchase and sale prices of Priceline.com securities. Gifts and transfers are not eligible purchases.