UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION : : : : | MASTER FILE NO. 3:00CV01884 (AVC) |
| This document relates to: : : | July 11, 2007 |
| ALL ACTIONS : : : : |  |

**UNOPPOSED MOTION FOR ENTRY OF AN ORDER ON ARNOLD J. HOFFMAN'S REQUESTED OPT-OUT**

**SCOTT + SCOTT, LLP**
David R. Scott
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Tel:  (860) 537-5537
Fax:  (860) 537-4432

**SCOTT + SCOTT, LLP**
Beth A. Kaswan
19th Floor, Suite 1915
75 Rockefeller Plaza
New York, NY  10019
Tel:  (212) 710-1040
Fax:  (212) 710-1041

**SCOTT + SCOTT, LLP**
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH  44022
Tel:  (440) 247-8200
Fax:  (440) 247-8275

**Co-Lead Counsel**

**JOHNSON & PERKINSON**
Dennis J. Johnson
Jacob B. Perkinson
Eben F. Duval
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Tel: (802) 862-0030
Fax: (802) 862-0060

**Co-Lead Counsel**

1

NOW COMES the Plaintiff Class, by and through their attorneys, and hereby move this honorable Court for an order in the form attached hereto as Exhibit A. The facts and law in support of this Motion are as follows:

1. The Court set June 8, 2007 as the deadline for opting out of the settlement class in this matter.

2. Pursuant to the Court's order, notice of the settlement was promptly disseminated to all identifiable members of the class and/or their nominees by direct, first class mail and was also published in both the <u>Wall Street Journal</u> and <u>USA Today</u>. *See* Exhibit B, Affidavit of Paul J. Mulholland.

3. Mr. Arnold Hoffman, by letter dated June 19, 2007, made a request to opt-out of the settlement on behalf of two trusts. *See* Exhibit C.

4. Although Mr. Hoffman's letter clearly indicated an attempt to opt out, it failed to comply with the requirements set forth in the Court's May 11, 2007 Order approving the procedure for opt-outs. Specifically, the letter did not legibly identify on whose behalf the request was filed, did not state the number of shares purchased or sold, the dates of such transactions or the price at which the transactions were executed. *Id*.

5. On July 2, 2007, after the hearing for final approval of the Settlement in this matter, Class Counsel spoke with Arnold Hoffman by telephone at his vacation home in Massachusetts and explained to him that the Court had received his request to opt-out of the settlement, that no party objected to the request and that additional information was required to effectuate the request. *See* Exhibit D, Declaration of Jacob B. Perkinson at ¶ 2.

6. During the July 2, 2007 conversation Mr. Hoffman identified the trusts on behalf of which he had filed the request to opt-out as the Sarah Hoffman Trust and the Rena Gorlan Trust. *Id.* at ¶ 3. Mr. Hoffman indicated during this conversation that he understands the effect of a successful opt-out. *Id*. at ¶ 4.

7. Mr. Hoffman was informed that in order to effectuate his request, he would need to provide additional information, including the dates, prices and quantities of the Trusts' acquisitions and sales of Priceline.com securities. *Id*. at ¶ 5. In response, Mr. Hoffman stated that he did not have the information reflecting this information with him in Massachusetts because, to the extent he has such records, they are kept at his home in Florida. *Id*. at ¶ 6.

8. Plaintiffs' counsel suggested that Mr. Hoffman could obtain the necessary information from his broker and, during the July 2, 2007 conversation he stated that he would attempt to obtain the required information in this manner. *Id*. at ¶ 7.

9. On July 5, 2007, Plaintiffs' counsel called Mr. Hoffman again by telephone to inquire as to what progress he had made in obtaining the trade information. *Id*. at ¶ 8. During this conversation, Mr. Hoffman informed Plaintiffs' counsel that he had not obtained the required information and that he was declining to make any further effort in connection with his opt-out request. *Id*. at ¶ 9.

3

10. Mr. Hoffman was informed that the failure to provide additional information could result in his opt-out request being denied and Mr. Hoffman acknowledged that he heard and understood this statement. *Id.* at ¶ 10.

11. Federal Rule of Civil Procedure 23 empowers the Court to make such orders as are necessary to manage and effectuate any class action settlement.

12. In the interest of finality, and so that there is no mistake or potential claim of prejudice, Plaintiffs request that the Court enter an order in the form attached hereto as Exhibit A which provides that Mr. Hoffman shall have twenty days from the entry of such an order to perfect his opt-out request by providing the required information, or be subject to inclusion in the class.

Dated: July 11, 2007                    Respectfully submitted,

                                        ____/s/ Jacob B. Perkinson_____

                                        JOHNSON & PERKINSON
                                        Dennis J. Johnson
                                        Jacob B. Perkinson
                                        Eben F. Duval (phv01237)
                                        1690 Williston Road
                                        P.O. Box 2305
                                        South Burlington, VT 05403
                                        Telephone: (802) 862-0030
                                        Facsimile: (802) 862-0060

                                        SCOTT + SCOTT, LLC
                                        David R. Scott, Fed. Bar No. CT16080
                                        108 Norwich Avenue
                                        P.O. Box 192

Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

SCOTT + SCOTT, LLP
Beth A. Kaswan
19th Floor, Suite 1915
75 Rockefeller Plaza
New York, NY 10019
Tel: (212) 710-1040
Fax: (212) 710-1041

SCOTT + SCOTT, LLC
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone: (440) 247-8200
Facsimile: (440) 247-8275

**Co-Lead Counsel**