# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM, INC.
SECURITIES LITIGATION

MASTER FILE NO.

This document relates to:

3:00CV01884(DJS)

ALL ACTIONS

### AFFIDAVIT OF PAUL MULHOLLAND, CPA, CVA. CONCERNING MAILING OF NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING AND PROOF OF CLAIM

I, Paul Mulholland, being duly sworn, depose and say:

1. I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and the Proof of Claim form ("Claim Form") (collectively, "Notice/Claim Form") and the publication of the Summary Notice. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm. I am a Certified Public Accountant and a Certified Valuation Analyst. I have over fifteen (15) years of experience specializing in claims administration for class action settlements and I have administered over one hundred (100) cases. SCS was established in April 1999 and has administered over sixty (60) class actions settlements since its inception. SCS was retained by Counsel for the Class to provide administrative services as part of the settlement

administration process in the above-captioned litigation. Our services include supervising the printing of the Notice/Claim Form; providing Notice/Claim Forms to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide individual notice to class members, both individually and on a published basis; setting up databases for undeliverable and filed claims; distributing, accepting and processing Claim Forms filed by Class members; reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are supported by sufficient documentary evidence; providing notice of deficient or rejected claims, when appropriate; calculating recognized losses of the class, on both an individual and class-wide basis; and all other services necessary to administer this securities litigation class action settlement ("Settlement").

3.  As to provide immediate notice to all brokerage companies, bank and trust companies which are contained on our master list, a letter was sent notifying them of the Settlement on May 15, 2007. This master list consists of the 848 largest banks and brokerage companies ("Nominee Account Holders"), as well as 1,042 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups") which may have traded Priceline.com, Inc.'s ("Priceline") securities in their clients' or their accounts. A copy of the letter sent to these organizations is attached as **Exhibit A**.

4.  To provide actual notice to all persons and entities who purchased or otherwise acquired Priceline between January 27, 2000 and October 4, 2000, inclusive ("Class Period"), we mailed, by first class mail, the Notice/Claim Form approved by the Court to all individuals and organizations identified on the records of Priceline's transfer agent. These records reflect persons and entities that may have purchased or otherwise acquired securities of Priceline for their own account or for the account(s) of others during the Class Period. In addition, we mailed Notice/Claim Forms to Nominee Account Holders and Institutional Groups. The mailing of

Notice/Claim Forms were mailed on or before May 18, 2007 as required by the Preliminary Order Re: Notice and Hearing on Settlement Pursuant to Rule 23 of the Federal Rules of Civil Procedure, dated May 11, 2007 (the "Court's May 11, 2007 Order"). Moreover, the Notice/Claim Form was made available to the public at SCS's website.

5. The Nominee Account Holders and Institutional Groups were asked to either distribute Notice/Claim Forms to beneficial holders directly (the cost for which they were reimbursed), or provide SCS with lists of the names and addresses of actual or beneficial holders so that SCS could mail Notice/Claim Forms directly to them. A third and final letter was sent to those brokers/nominees who did not respond by June 13, 2007.

6. As required by the Court's May 11, 2007 Order, the Publication Notice was published in all editions of *USA Today* and the *Wall Street Journal* and over the *PR newswire* for national distribution on or before May 28, 2007, as shown in the publication affidavits and an e-mail confirmation for the newswire attached hereto as **Exhibit B**.

7. The notice procedures described in paragraphs two (2) through five (5) above are consistent with the procedures I have used in each of the class action securities litigation cases in which I have been involved with over the past fifteen years.

8. To date, 88,893 Notice/Claim Forms have been mailed. See **Exhibit C** for copy of the Notice/Claim Form as mailed. SCS mailed 558 Notice/Claim Forms to individuals and organizations from the shareholders' list provided by the Company. As noted above, 1,890 Notice/Claim Forms were sent to Nominee Account Holders and Institutional Groups. Also, to date, an additional 86,445 Notice/Claim Forms were requested by the Nominee Account Holders and Institutional Groups and other individuals.

9. Out of the 88,893 Notice Claim Forms mailed, 1,849 were returned as undeliverable mailings. Of these, 284 had forwarding addresses from the post office and SCS immediately re-

mailed each of these Class members a Notice Claim Form using the updated addresses. The remaining 1,565 are considered undeliverable mailings with no forwarding addresses. Since additional searching of updated addresses may not be cost effective, we have yet to perform any additional procedures to find updated addresses for these 1,565 undeliverable mailings.

10. To date, SCS has received one request for exclusion from members of the Class. The exclusion was from Barbara Res. See **Exhibit D** for this exclusion. To date, SCS has received no objections to the Settlement or the request for application for attorneys' fees and reimbursement of litigation expenses by plaintiffs' counsel. The deadline for Request for Exclusion and Objection was June 8, 2007.

11. To date, SCS has incurred fees and expenses for services rendered in connection with the administration of this settlement in the amount of $186,914.91 as set forth in our invoice attached as **Exhibit E**. The fees and expenses cover a variety of services, including but not limited to: (1) creating data bases and programming services; (2) arranging for the printing of Notice/Claim Forms and the publication of the Summary Notice; (3) printing mailing labels, generating lists of nominees and potential claimants for the initial mailing of the Notice/Claim Forms; (4) fulfilling all subsequent requests from nominees and Priceline beneficial owners for copies of the Notice/Claim Form; (5) conducting follow-up fax and phone solicitations of nominees to reach their beneficial holders of Priceline's securities; (6) correspondence with brokers and nominees; and (7) website services.

_Paul Mulholland_ (signature)
Paul Mulholland, CPA, CVA

Sworn to and Subscribed before me
This 20th day of June 2007
In the County of Delaware,
Commonwealth of Pennsylvania

_(signature)_
Notary Public

NOTARIAL SEAL
TH..L JAMES, Notary Public
...a Borough, Delaware County, PA
My Commission Expires Jan. 25, 2010

AFFIDAVIT OF PAUL MULHOLLAND

5