# EXHIBIT 28

EXECUTION COPY

# WARRANT AGREEMENT

*between*

PRICELINE.COM INCORPORATED

*and*

PRICELINE WEBHOUSE CLUB, INC.

amended and restated as of December 31, 1999

NYDOCS02/475637.11

Highly Confidential

PCLN000100326

## TABLE OF CONTENTS

| Section | Page |
| --- | --- |
| ARTICLE I DEFINITIONS | 2 |
| Section 1.01. Certain Defined Terms | 2 |
| ARTICLE II THE WARRANT | 6 |
| SECTION 2.01. Grant of Warrant | 6 |
| SECTION 2.02. Exercise of Warrant | 6 |
| SECTION 2.03. Form of Payment | 7 |
| SECTION 2.04. Adjustments upon Share Issuances, Changes in Capitalization, Etc. | 8 |
| SECTION 2.05. Right to Purchase New Securities | 12 |
| SECTION 2.06. Further Assurances | 12 |
| ARTICLE III REPRESENTATIONS AND WARRANTIES OF ISSUER | 13 |
| SECTION 3.01. Due Organization and Authority | 13 |
| SECTION 3.02. Capital Stock of Company | 13 |
| SECTION 3.03. Authority to Issue Shares | 14 |
| SECTION 3.04. No Conflict | 14 |
| SECTION 3.05. Governmental Consents and Approvals | 14 |
| ARTICLE IV REPRESENTATIONS AND WARRANTIES OF GRANTEE | 15 |
| SECTION 4.01. Due Organization and Authority | 15 |
| SECTION 4.02. No Conflict | 15 |
| SECTION 4.03. Governmental Consents and Approvals | 15 |
| SECTION 4.04. Private Placement | 15 |
| ARTICLE V CLOSING | 16 |

SECTION 5.01. Closing ................................................................................................ 16

SECTION 5.02. Closing Deliveries by Issuer ............................................................. 16

SECTION 5.03. Closing Deliveries by Grantee .......................................................... 16

SECTION 5.04. Legends on Certificates ..................................................................... 17

ARTICLE VI CONDITIONS TO CLOSING ........................................................................ 17

SECTION 6.01. Representations, Warranties and Covenants ..................................... 18

SECTION 6.02. No Prohibition .................................................................................. 18

SECTION 6.03. HSR Act ............................................................................................ 18

ARTICLE VII AFFIRMATIVE COVENANTS .................................................................... 18

SECTION 7.01. Preservation of Existence .................................................................. 18

SECTION 7.02. Financial Statements and Other Information .................................... 18

SECTION 7.03. Annual Budget .................................................................................. 19

ARTICLE VIII MISCELLANEOUS ...................................................................................... 19

SECTION 8.01. Expenses ............................................................................................ 19

SECTION 8.02. Notices .............................................................................................. 19

SECTION 8.03. Public Announcements ..................................................................... 20

SECTION 8.04. Headings ........................................................................................... 20

SECTION 8.05. Severability ....................................................................................... 20

SECTION 8.06. Entire Agreement .............................................................................. 20

SECTION 8.07. Assignment ....................................................................................... 20

SECTION 8.08. No Third Party Beneficiaries ............................................................ 20

SECTION 8.09. Amendment ...................................................................................... 20

SECTION 8.10. Governing Law ................................................................................. 20

SECTION 8.11. Counterparts ...................................................................................... 21

Highly Confidential

PCLN000100328

SECTION 8.12. Specific Performance ......................................................................... 21

SECTION 8.13. Waiver of Jury Trial .......................................................................... 21

NYDOCS02/475637.11

Highly Confidential

## WARRANT AGREEMENT

WARRANT AGREEMENT, originally dated as of October 26, 1999 and amended and restated as of December 31, 1999 (this "Agreement"), between PRICELINE.COM INCORPORATED, a Delaware corporation ("Grantee"), and PRICELINE WEBHOUSE CLUB, INC., a Delaware corporation ("Issuer"),

### WITNESSETH:

WHEREAS, Grantee is an Internet-based company with significant name recognition of its trademarked "priceline" name and patented "demand collection system" for selling products over the Internet;

WHEREAS, Walker Digital, LLC ("Walker Digital") is a research and development company containing certain trade secrets, know-how and other intellectual property;

WHEREAS, in connection with the establishment of Issuer's business of the sale of retail products in a "name your price" format over the Internet, (i) Walker Digital is contributing certain know-how, and other assets and liabilities used in or incurred during the initial development of the Company's business, pursuant to an asset contribution agreement dated as of October 26, 1999 between Walker Digital and Issuer (the "Asset Contribution Agreement") and (ii) Walker Digital Corporation, a research and development company, is contributing certain employees to Issuer under the Asset Contribution Agreement.

WHEREAS, in consideration for the cash and the assets it has contributed pursuant to the Asset Contribution Agreement, Walker Digital is receiving a promissory note in the amount of $14,592,185.60, payable on April 26, 2000;

WHEREAS, in consideration of their cash contributions, Walker Digital and certain other investors (the "Investors") are receiving a total of 23,500,000 shares of common stock of Issuer, par value $.01 per share (the "Common Stock"), pursuant to the subscription agreement dated as of the date hereof (the "Subscription Agreement") between Issuer and the Investors;

WHEREAS, as an inducement to Grantee to enter into this Agreement, Issuer hereby desires to grant, and Grantee desires to accept, upon execution of this Agreement, a warrant to purchase up to 137.5 million shares of Common Stock and certain rights to participate in Issuer's corporate governance. Issuer acknowledges and agrees that the inducement is non-forfeitable and non-refundable by Grantee, is fully vested upon grant, does not require Grantee to perform any acts or services other than to enter into discussions with Issuer for Grantee's potential participation with Issuer in Issuer's business; and is not contingent upon the successful negotiation of any business relationship or agreement between the parties hereto, including without limitation, the negotiation and/or execution of an agreement for Issuer's participation in the Grantee's service; and

1

Highly Confidential