# EXHIBIT 35

# AU Section 230

## Due Professional Care in the Performance of Work*

Source: SAS No. 1, section 230; SAS No. 41; SAS No. 82; SAS No. 99.

Issue date, unless otherwise indicated: November, 1972.

**.01** The third general standard is:

> Due professional care is to be exercised in the planning and performance of the audit and the preparation of the report.[1]

[As amended, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

**.02** This standard requires the independent auditor to plan and perform his or her work with due professional care. Due professional care imposes a responsibility upon each professional within an independent auditor's organization to observe the standards of field work and reporting. [As amended, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

**.03** *Cooley on Torts*, a legal treatise, describes the obligation for due care as follows:

> Every man who offers his services to another and is employed assumes the duty to exercise in the employment such skill as he possesses with reasonable care and diligence. In all these employments where peculiar skill is requisite, if one offers his services, he is understood as holding himself out to the public as possessing the degree of skill commonly possessed by others in the same employment, and if his pretentions are unfounded, he commits a species of fraud upon every man who employs him in reliance on his public profession. But no man, whether skilled or unskilled, undertakes that the task he assumes shall be performed successfully, and without fault or error; he undertakes for good faith and integrity, but not for infallibility, and he is liable to his employer for negligence, bad faith, or dishonesty, but not for losses consequent upon pure errors of judgment.[2]

[As amended, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

**.04** The matter of due professional care concerns what the independent auditor does and how well he or she does it. The quotation from *Cooley on Torts*

---

\* [Title amended, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

[1] This amendment revises the third general standard of the ten generally accepted auditing standards. [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

[2] D. Haggard, *Cooley on Torts*, 472 (4th ed., 1932). [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

provides a source from which an auditor's responsibility for conducting an audit with due professional care can be derived. The remainder of the section discusses the auditor's responsibility in the context of an audit. [As amended, April 1982, by Statement on Auditing Standards No. 41. As amended, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.05 An auditor should possess "the degree of skill commonly possessed" by other auditors and should exercise it with "reasonable care and diligence" (that is, with due professional care). [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.06 Auditors should be assigned to tasks and supervised commensurate with their level of knowledge, skill, and ability so that they can evaluate the audit evidence they are examining. The auditor with final responsibility for the engagement should know, at a minimum, the relevant professional accounting and auditing standards and should be knowledgeable about the client.[3] The auditor with final responsibility is responsible for the assignment of tasks to, and supervision of, assistants.[4] [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

## Professional Skepticism

.07 Due professional care requires the auditor to exercise *professional skepticism*. Professional skepticism is an attitude that includes a questioning mind and a critical assessment of audit evidence. The auditor uses the knowledge, skill, and ability called for by the profession of public accounting to diligently perform, in good faith and with integrity, the gathering and objective evaluation of evidence. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.08 Gathering and objectively evaluating audit evidence requires the auditor to consider the competency and sufficiency of the evidence. Since evidence is gathered and evaluated throughout the audit, professional skepticism should be exercised throughout the audit process. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.09 The auditor neither assumes that management is dishonest nor assumes unquestioned honesty. In exercising professional skepticism, the auditor should not be satisfied with less than persuasive evidence because of a belief that management is honest. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

## Reasonable Assurance

.10 The exercise of due professional care allows the auditor to obtain *reasonable assurance* that the financial statements are free of material

---

[3] See section 311, *Planning and Supervision*, paragraph .07. [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

[4] See section 311.11. [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

misstatement, whether caused by error or fraud. Absolute assurance is not attainable because of the nature of audit evidence and the characteristics of fraud. Therefore, an audit conducted in accordance with generally accepted auditing standards may not detect a material misstatement. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.11 The independent auditor's objective is to obtain sufficient competent evidential matter to provide him or her with a reasonable basis for forming an opinion. The nature of most evidence derives, in part, from the concept of selective testing of the data being audited, which involves judgment regarding both the areas to be tested and the nature, timing, and extent of the tests to be performed. In addition, judgment is required in interpreting the results of audit testing and evaluating audit evidence. Even with good faith and integrity, mistakes and errors in judgment can be made. Furthermore, accounting presentations contain accounting estimates, the measurement of which is inherently uncertain and depends on the outcome of future events. The auditor exercises professional judgment in evaluating the reasonableness of accounting estimates based on information that could reasonably be expected to be available prior to the completion of field work.[5] As a result of these factors, in the great majority of cases, the auditor has to rely on evidence that is persuasive rather than convincing.[6] [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

.12 Because of the characteristics of fraud, a properly planned and performed audit may not detect a material misstatement. Characteristics of fraud include (a) concealment through collusion among management, employees, or third parties; (b) withheld, misrepresented, or falsified documentation; and (c) the ability of management to override or instruct others to override what otherwise appears to be effective controls. For example, auditing procedures may be ineffective for detecting an intentional misstatement that is concealed through collusion among personnel within the entity and third parties or among management or employees of the entity. Collusion may cause the auditor who has properly performed the audit to conclude that evidence provided is persuasive when it is, in fact, false. In addition, an audit conducted in accordance with generally accepted auditing standards rarely involves authentication of documentation, nor are auditors trained as or expected to be experts in such authentication. Furthermore, an auditor may not discover the existence of a modification of documentation through a side agreement that management or a third party has not disclosed. Finally, management has the ability to directly or indirectly manipulate accounting records and present fraudulent financial information by overriding controls in unpredictable ways. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82. As amended, effective for audits of financial statements for periods beginning on or after December 15, 2002, by Statement on Auditing Standards No. 99.]

.13 Since the auditor's opinion on the financial statements is based on the concept of obtaining reasonable assurance, the auditor is not an insurer and

---

[5] See section 342, *Auditing Accounting Estimates*. [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

[6] See section 326, *Evidential Matter*. [Footnote added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

his or her report does not constitute a guarantee. Therefore, the subsequent discovery that a material misstatement, whether from error or fraud, exists in the financial statements does not, in and of itself, evidence (*a*) failure to obtain reasonable assurance, (*b*) inadequate planning, performance, or judgment, (*c*) the absence of due professional care, or (*d*) a failure to comply with generally accepted auditing standards. [Paragraph added, effective for audits of financial statements for periods ending on or after December 15, 1997, by Statement on Auditing Standards No. 82.]

[The next page is 171.]