# EXHIBIT 37

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

―――――――――――――――――――――X
Muhammed Zia, On Behalf Of Himself and ) No.
All Others Similarly Situated, )
) **CLASS ACTION COMPLAINT**
Plaintiff, ) **FOR VIOLATION OF THE**
vs. ) **SECURITIES EXCHANGE ACT OF 1934**
)
PRICELINE.COM, INC., RICHARD S. )
BRADDOCK, DANIEL H. SCHULMAN )
AND JAY S. WALKER, ) **JURY TRIAL DEMANDED**
)
Defendants. ) **OCTOBER 13, 2000**
)
―――――――――――――――――――――X

## NATURE OF THE ACTION

1. This is a class action on behalf of a class (the "Class") of all persons who purchased or otherwise acquired the common stock of Priceline.com, Inc. ("Priceline" or the "Company") between January 31, 2000 and October 4, 2000 (the "Class Period), seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act").

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to the Exchange Act of 1934 as amended (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the 1934 Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to § 27 of the 1934 Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Many of the acts and transactions giving rise to the violations of law complained of herein, including the preparation and dissemination to the investing public of false and misleading information, occurred in this District.

directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which plaintiff contends are false and misleading. Each of the Individual Defendants was provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

90. In addition, each of the Individual Defendants had direct involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

91. As set forth above, Priceline and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their controlling positions, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## BASIS OF ALLEGATIONS

92. This complaint is pleaded in conformance with the Federal Rules of Civil Procedure and the PSLRA. Plaintiff has alleged the foregoing based upon the investigation of plaintiff's counsel, which included a review of Priceline's SEC filings, securities analysts' advisories about the Company, press releases issued by the Company and media reports about the Company.

## PRAYER FOR RELIEF