UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

IN RE: PRICELINE.COM
SECURITIES LITIGATION,

: MASTER FILE NO.
: 3:00-CV-01884 (AVC)
:
:
:
This document relates to:    :
:   July 27, 2007
:
ALL ACTIONS    :

---------------------------------------------------------------x


DELOITTE & TOUCHE LLP'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUBMISSION OF
SUPPLEMENTAL AUTHORITIES AND SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Eric W. Wiechmann (CT 04331)
Thomas J. Finn (CT 20929)
McCARTER & ENGLISH, LLP
CityPlace I
Hartford, Connecticut 06103
(860) 275-6700

William R. Maguire (CT 23375)
David W. Wiltenburg
Kenneth M. Katz
David B. Shanies
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Deloitte & Touche LLP*

Deloitte & Touche LLP ("Deloitte") respectfully submits this memorandum of law in support of its motion for leave to file the accompanying submission of supplemental authorities and sur-reply in opposition to plaintiffs' motion for leave to file a second amended complaint (the "CAC II").

## DISCUSSION

The accompanying submission addresses the Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007), and the Second Circuit's decision in *ATSI Communications, Inc. v. Sharr Fund Ltd.*, __ F.3d __, Nos. 05-5132, 05-2593, 2007 WL 1989336 (2d Cir. July 11, 2007), both of which were decided after Deloitte submitted its brief in opposition to plaintiffs' pending motion to amend. The *Tellabs* and *ATSI* decisions set forth the standard by which this Court should review the sufficiency of the pleading of a securities fraud claim, and are therefore controlling on one fundamental aspect of whether plaintiffs' pending motion to amend should be denied because amendment would be futile. Accordingly, Deloitte respectfully requests an opportunity to be heard on these important legal decisions.

The submission also responds to new arguments plaintiffs made for the first time on reply, and which Deloitte therefore had no opportunity to address in its Opposition Brief. Where, as here, plaintiffs have raised arguments for the first time on reply, courts have allowed or even required additional briefing.[1]

---

1. *See, e.g., Beaumont v. Chase Bank*, No. 01-Civ. 3393, 2002 U.S. Dist. LEXIS 19889, at *5-6 (S.D.N.Y. June 25, 2002) (ordering plaintiff to file a sur-reply to address new arguments raised by defendant on reply); *Orient Overseas Container Line v. Kids Int'l Corp.*, 96 Civ. 4699, 1998 U.S. Dist. LEXIS 13075, at *6-7 (S.D.N.Y. Aug. 24, 1998) (permitting sur-reply to address new argument); *Dietz v. Damas*, 948 F. Supp. 198, 200 n.1 (E.D.N.Y. 1996) (same).

As demonstrated in Deloitte's opposition memorandum, filed on June 20, 2007, when plaintiffs filed their consolidated amended complaint (the "CAC"), the claim against Deloitte was already time-barred under the 1-Year the statute of limitations. By way of example, plaintiffs' opening memorandum did not address the 1-Year statute of limitations time-bar other than to note that Judge Squatrito had previously found that their CAC related back to a December 1, 2000 motion. (*See* Pls. Mem. at 2 n.1.) In their Reply, however, plaintiffs raise for the first time, and misstate, the "law of the case" doctrine. Further, while plaintiffs cite the Second Circuit's decision in *Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000), they argue that the CAC's failure to adequately plead scienter somehow prevented the 1-Year statute of limitations from even beginning to run, an argument that is directly contrary to *Rothman*. In *Rothman*, the Second Circuit found that the complaint failed to plead scienter but nonetheless ruled that the 1-Year statute of limitations applied. *Id*. at 97-98. Accordingly, Deloitte seeks leave to respond to plaintiffs' erroneous reading of applicable precedent.

Plaintiffs also argue for the first time on reply that the 3-Year statute of repose should be ignored, (1) because the period was somehow tolled; (2) on the basis of previously unstated policy reasons; and (3) on the basis of their reading of Federal Rule of Civil Procedure 54(b), which was not mentioned once in their opening memorandum. As explained in Deloitte's accompanying submission, plaintiffs' equitable tolling arguments are expressly prohibited by the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363 (1991), and, in any event, equitable tolling would not help plaintiffs here. Plaintiffs' policy argument is unsupported and is equally unhelpful to plaintiffs. Finally, plaintiffs' argument that a defendant dismissed pursuant to a non-final order under Rule 54(b) remains a

party to the action is contrary to the controlling Second Circuit decision, *In re Agent Orange Product Liability Litigation*, 818 F.2d 145, 162-63 (2d Cir. 1987).

## CONCLUSION

For the foregoing reasons, Deloitte respectfully requests that the Court grant Deloitte leave to file the accompanying submission of supplemental authorities and sur-reply in opposition to plaintiffs' motion for leave to file another untimely and insufficient Consolidated Amended Complaint.

Dated: July 27, 2007

                                Respectfully submitted,

                                /s/ Thomas J. Finn
                                Eric W. Wiechmann (CT 04331)
                                Thomas J. Finn (CT 20929)
                                McCARTER & ENGLISH, LLP
                                CityPlace I
                                Hartford, Connecticut 06103
                                (860) 275-6700

                                William R. Maguire (CT 23375)
                                David W. Wiltenburg
                                Kenneth M. Katz
                                David B. Shanies
                                HUGHES HUBBARD & REED LLP
                                One Battery Park Plaza
                                New York, New York  10004
                                (212) 837-6000

                                *Attorneys for Deloitte & Touche LLP*

## **CERTIFICATION**

I hereby certify that on this 27th day of July 2007 a copy of the foregoing Memorandum of Law in Support of Deloitte & Touche LLP's Motion for Leave to File Submission of Supplemental Authorities and Sur-Reply in Opposition to Plaintiffs' Motion For Leave to File a Second Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas J. Finn
Eric W. Wiechmann (CT 04331)
Thomas J. Finn (CT 20929)
McCARTER & ENGLISH
CityPlace I
Hartford, Connecticut 06103
Tel: (860) 275-6700