UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE: PRICELINE.COM, INC. SECURITIES LITIGATION | : : : | |
| _____ | : | MASTER FILE NO. |
| | : | 3:00-CV-01884 (AVC) |
| This document relates to: | : : | August 1, 2007 |
| ALL ACTIONS | : : | |
| | : | |

NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, by their attorneys, respectfully give notice of new Second Circuit authority that may be dispositive of the statute of limitations defense raised by Deloitte & Touche LLP ("Deloitte") in support of its argument that Plaintiffs' motion to amend their complaint should be denied as "futile".

On July 26, 2007, the Second Circuit reversed the dismissal on statute of limitations grounds of bond-holders' claims in *In re: Worldcom Sec. Litig.* No. 05-6979, 2007 WL 2127874 (2d Cir. July 26, 2007). In that class action case, the District Court had dismissed the opt-out claims of individual bond-holders who had filed suit more than one year after discovering the facts of their claims, but before the *Worldcom* class was certified. The District Court had refused to permit the bond-holders the benefit of the tolling period for the earlier filed (and timely) class action complaint, even though tolling would have been available under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), had the bond-holders waited until after the District Court had certified the class to opt out and file their individual complaints. The District Court reasoned that "the justification for the [*American Pipe*] doctrine was to avoid the filing of

numerous suits by individual class members as a safeguard to preserve their option of proceeding by individual action," so that the bond-holders' prematurely filed suits, "were precisely what the *American Pipe* tolling directive sought to avoid." *Worldcom* at *5.

The Second Circuit rejected this analysis, noting that, as described by *American Pipe*, the "purposes of statute of limitations – 'to put defendants on notice of adverse claims and to prevent Plaintiffs from sleeping on their rights - are fulfilled' when a class action is commenced." *Worldcom* at *8, (citing *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 352 (1983)). The Second Circuit further noted that, "[A] defendant is no less on notice when putative class members file individual suits before certification," and that,

> [w]hile reduction in the number of suits may be an incidental benefit of the *American Pipe* doctrine, it was not the purpose of *American Pipe* either to reduce the number of suits filed, or to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class representative… The *American Pipe* tolling doctrine was created to protect class members from being forced to file individual suits in order to preserve their claims.

*Worldcom* at *10.

In Plaintiffs' reply memorandum of law (the "Reply"), Plaintiffs cited to the two-part test for determining when the one-year discovery statute of limitations begins to accrue, as described by the Second Circuit in *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 168 (2d Cir. 2005); *LC Capital Partners, LP v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 154 (2d Cir. 2003); *Levitt v. Bear Stearns & Co., Inc.*, 340 F. 3d 94, 101 (2d Cir. 2003); and *Rothman v. Gregor,* 220 F.3d 81, 97 (2d Cir. 2000). Plaintiffs there contended that the October 29, 2001 consolidated amended complaint ("CAC") which joined Deloitte was timely because Plaintiffs did not have access to the facts necessary to plead the details of Deloitte's scienter more than a year before the CAC -- *i.e.* Plaintiffs did not obtain these facts until years later when the

2

discovery stay was lifted and Deloitte produced its work papers and internal files. Reply at 13-14.

Deloitte, in its submission of supplemental authorities and sur-reply (the "Sur-reply"), argues that by filing the CAC *before* Plaintiffs obtained the information to plead its scienter,[1] Plaintiffs violated the justification for the two-part discovery test in *Rothman* (and presumably the other three above-cited Second Circuit cases). *See* Deloitte's Sur-reply at p. 6 ("The Second Circuit [in *Rothman*] held that dismissal under the statute would be appropriate if it could be established that plaintiffs had learned the facts alleged in the complaint more than one year before they filed the complaint. *Id*. at 96-98. Applying *Rothman* to the CAC filed against Deloitte on October 29, 2001, Plaintiffs must point to some significant facts that they discovered within the 1-year period preceding the October 29, 2001 filing of the complaint. *Id*. at 97-98.")

As in the case of *Worldcom*, one of the "incidental benefits" of the two-part discovery test in *Rothman* and the other Second Circuit decisions may well be to avoid the premature and unnecessary filing of suits. *Rothman,* 220 F. 3d at 97 ("the applicable statute of limitations should not precipitate groundless or premature suits by requiring plaintiffs to file suit before they can discover with the exercise of reasonable diligence the necessary facts to support their claims"). Nonetheless, the true purpose of the two-part discovery test, particularly for securities fraud cases involving secondary and tertiary actors, where the PSLRA's scienter pleading requirements are so onerous, is to avoid the foreclosure of meritorious lawsuits. *See Lentell v. Merrill Lynch & Co., Inc.* 396 F. 3d at 169 (*citing Levitt,* 340 F.3d at 102-04) ("We have been

---

[1] Even though Plaintiffs may have lacked sufficient details to plead Deloitte's scienter under the Private Securities Litigation Reform Act ("PSLRA") by October 2001, Plaintiffs had a good faith basis to believe that a securities fraud had occurred and that Deloitte was culpable. Despite the delayed accrual tests for the one-year discovery statute, however, Plaintiffs had no choice but to sue Deloitte before learning the details of Deloitte's scienter -- had Plaintiffs waited until they learned the facts in Deloitte's work papers and files, which were produced after the PSLRA stay was lifted, Plaintiffs' claims against Deloitte would have been barred by the three-year statute of limitations cut-off.

3

decidedly reluctant to foreclose such claims [against "secondary" and "tertiary" wrongdoers] as untimely absent a manifest indication that plaintiffs 'could have learned' the facts under pinning their allegations more than a year prior to filing.").

Like in *Worldcom*, the filing of the complaint against Deloitte satisfied the purpose of the statute of limitations because it put the defendant (Deloitte) on "notice" and prevented plaintiffs from "sleeping on their rights". *Worldcom* at *8.

Dated: August 1, 2007

Respectfully submitted,

*/s/ David R. Scott*

SCOTT + SCOTT, LLP
David R. Scott, Fed. Bar No. CT16080
Erin G. Comite, Fed Bar No. CT24886
Mark V. Jackowski
108 Norwich Avenue
P.O. Box 192
Colchester, CT  06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

SCOTT + SCOTT, LLP
Beth A. Kaswan
75 Rockefeller Plaza
19th Floor, Suite 1915
New York, NY 10019
Telephone:  (212) 710-1040
Facsimile:  (212) 710-1041

SCOTT + SCOTT, LLP
Geoffrey M. Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone:  (440) 247-8200
Facsimile:  (440) 247-8275

**Co-Lead Counsel**

JOHNSON & PERKINSON
Dennis J. Johnson
Jacob B. Perkinson
Eben F. Duval (phv01237)
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403
Telephone: (802) 862-0030
Facsimile: (802) 862-0060

5