UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

IN RE: PRICELINE.COM : 
SECURITIES LITIGATION, : MASTER FILE NO.
 : 3:00-CV-01884 (AVC)
 :
 :
This document relates to: :
 : August 8, 2007
 :
ALL ACTIONS :
------------------------------------------------------------x

## DELOITTE & TOUCHE LLP'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (*WORLDCOM* CASE)

Plaintiffs argue that *In re: Worldcom Sec. Litig.*, __ F.3d __, No. 05-6979, 2007 WL 2127874 (2d Cir. July 26, 2007), "'may be dispositive' of Deloitte's statute of limitations defense" (Notice at 1), presumably referring to Deloitte's argument that the proposed amendment to the consolidated amended complaint ("CAC") is barred by the 1-Year statute of limitations. (*See* Deloitte's Mem. of Law in Opp. to Pls. Mot. for Leave to File a Second Am. Compl. ("Deloitte Opp.") at 22-27; Deloitte's Submission of Supplemental Authorities and Sur-Reply ("Deloitte Supp.") at 4-6.) However, *Worldcom* is inapposite to the application of the statute of limitations in this case.

The decision in *Worldcom* turned on the fact that a putative class had *previously* filed a *timely* class action. *Worldcom*, 2007 WL 2127874, at *1. After this timely filing, and while the class action was still pending, certain class members decided to opt out and to file individual actions. *Id*. When defendants raised the statute of limitations defense in these individual actions, the plaintiffs argued that they should be entitled to the benefit of membership

in the class for purposes of tolling the statute of limitations for the period between the date the class action was filed and the date they opted out, under the rule set forth by the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *Worldcom*, 2007 WL 2127874, at *1. The District Court concluded that the *American Pipe* rule did not apply because plaintiffs had opted out of the class before it was certified. *Id.* at *6. The Second Circuit reversed, holding that the individuals were entitled to the benefit of the toll. *Id.* at *9. Thus, *Worldcom* addressed the timeliness of *individual* actions that followed the commencement of a *timely* class action.

Plaintiffs' Notice of the *Worldcom* decision ignores the circumstances here – that the *class action itself* (as opposed to a subsequent action by an individual class member) is barred by the 1-Year statute of limitations.[1] In particular, nothing in *Worldcom* changes the statutory rule that an action must be filed within one year of the discovery of the facts alleged. The decision does not mention, much less overrule, the Second Circuit's controlling decision on this point, *Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000), which plaintiffs themselves continue to cite. (Notice at 3; *see* Deloitte Supp. at 5-6.) Although plaintiffs also continue to cite *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005) (Notice at 3-4), a case where the time of discovery of facts was in doubt, the CAC here set forth not only alleged facts but also the *time of their discovery*. (*See* Deloitte Opp. at 23-24.) The CAC thus contains, in the words of the Second Circuit, a "manifest indication" (*Lentell*, 396 F.3d at 169), that the facts were discovered

---

1. Plaintiffs do not appear to argue that *Worldcom* has any impact on the analysis under the 3-Year statute of repose. Any such argument would be futile for a number of reasons, among them that seven years have elapsed since the claimed violation, including more than three years aside from the period the class action was pending as against Deloitte – a year-and-a-half before the class action was filed and two-and-a-half years following the dismissal of claims against Deloitte. (*See* Deloitte Supp. at 7.)

more than a year before the CAC was filed, and that the complaint was time barred when filed.

(*See* Deloitte Opp. at 23-27.)

Dated: August 8, 2007

                                                    Respectfully submitted,

/s/ Thomas J. Finn
Eric W. Wiechmann (CT 04331)
Thomas J. Finn (CT 20929)
McCARTER & ENGLISH, LLP
CityPlace I
Hartford, Connecticut 06103
(860) 275-6700

William R. Maguire (CT 23375)
David W. Wiltenburg
Kenneth M. Katz
David B. Shanies
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Deloitte & Touche LLP*

## CERTIFICATION

I hereby certify that on this 8th day of August 2007 a copy of the foregoing Response to Plaintiffs' Notice of Supplemental Authority was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Thomas J. Finn
Eric W. Wiechmann (CT 04331)
Thomas J. Finn (CT 20929)
McCARTER & ENGLISH
CityPlace I
Hartford, Connecticut 06103
Tel: (860) 275-6700