IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: PRICELINE.COM, INC.<br>SECURITIES LITIGATION<br>_____<br><br>This document relates to:<br><br>    ALL ACTIONS | : MASTER FILE NO.<br>: 3:00-CV-01884 (AVC)<br>:<br>:<br>:<br>: March 11, 2008<br>: |

**JOINT MOTION AND MEMORANDUM BY THE SETTLING DEFENDANTS
FOR CORRECTION OF JUDGMENT, OR ALTERNATIVELY AMENDMENT OF
JUDGMENT, TO UNAMBIGUOUSLY PROVIDE FOR AN ORDER BARRING
CONTRIBUTION CLAIMS**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure ("FRCP"), Defendants Priceline.com, N.J. Nicholas, Daniel Schulman, Richard S. Braddock and Jay S. Walker (the "Settling Defendants") respectfully move this Court to correct the Final Judgment entered with respect to the Settling Defendants on February 26, 2008 (the "Final Judgment") to unambiguously bar contribution claims and to thereby conform to this Court's prior order approving the Stipulation and Agreement of Settlement (the "Settlement Agreement"), to conform to this Court's intent when entering the Final Judgment, and to conform to statutory mandate pursuant to the Private Securities Litigation Reform Act ("PSLRA"). Alternatively, in the event it is determined that this Motion does not qualify as a motion pursuant to Rule 60(a), pursuant to Rule 59(e) of the FRCP, the Settling Defendants respectfully move this Court to amend the Final Judgment to unambiguously bar contribution claims and to otherwise conform to the scope of the bar agreed to by the parties.

Pursuant to this Motion, the Settling Defendants respectfully move this Court to enter a corrected judgment in the form attached as Exhibit 1 to the Declaration of Jeanne E. Irving attached hereto ("Irving Decl."). For this Court's convenience, attached as Exhibit 2 to the

Irving Decl. is a blackline of the proposed corrected judgment comparing the proposed corrected judgment to the Final Judgment entered on February 26, 2008.

The PSLRA requires this Court to enter an order barring contribution claims against the Settling Defendants. Specifically, 15 U.S.C. § 78u-4(f)(7)(A) provides that:

> "A covered person who settles any private action . . . shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. The order shall bar all future claims for contribution arising out of the action—(i) by any person against the settling covered person . . . ."

15 U.S.C. § 78u-4(f)(7)(A).

The correction to the judgment sought herein is necessary to unambiguously reflect that the Final Judgment bars contribution claims. The Settling Defendants are entitled to such a bar order pursuant to both the PSLRA and the Settlement Agreement approved by this Court. Paragraph 3(c) of the Stipulation and Agreement of Settlement provides that, "[u]pon the Effective Date of this Settlement, the Released Parties shall obtain bar order protection substantially in the form appearing in the Order and Final Judgment annexed hereto as Ex. B." Paragraph 8 of Ex. B, as well as the proposed judgment provided to the Court on February 4, 2008, references the PSLRA and provides for a discharge and bar of contribution claims. (See Stipulation of Settlement (a copy of which is attached as Exhibit 3 to the Irving Decl.) at Exhibit B thereto, p. 5, ¶8; and Motion for Entry of Final Order, Dkt # 498 (a copy of which is attached as Exhibit 5 to the Irving Decl.), p. 1 and Exhibit 2 thereof, p. 5, ¶ 8.)

This Court issued an order approving the terms of the Settlement Agreement on July 20, 2007. (7/20/07 Ruling on Motions for Approval of Class Action Settlement and Attorneys'

Fees and Expenses, Dkt # 479 (a copy of which is attached as Exhibit 4 to the Irving Decl.), p. 12.)  Moreover, on February 4, 2008, the Plaintiffs and the Settling Defendants agreed to and submitted a form of Final Judgment that conformed to Exhibit B to the Settlement Agreement and that thereby provided for a discharge and bar of contribution claims.  (2/4/08 Motion for Entry of Final Order, Dkt # 498 (a copy of which is attached as Exhibit 5 to the Irving Decl.) at p. 1 and Exhibit 2 thereto, p. 5, ¶8.)

While the Court's prior order approving the settlement reflects that the Final Judgment was intended to bar contribution claims in the manner agreed to by the parties in the settlement documents, and likely would be interpreted as providing such protections, the Final Judgment appears susceptible to the argument that it fails to bar contribution claims.  Specifically, the Final Judgment states that "[a]ny and all claims against any released persons and entities under the agreement are hereby dismissed with prejudice and barred, but only to the extent released under the agreement."  (Final Judgment, Dkt # 503 (a copy of which is attached as Exhibit 6 to the Irving Decl.).)   The Settling Defendants seek clarification of the language in the Final Judgment to ensure that, pursuant to the mandate of the PSLRA, the Final Judgment bars all claims for contribution, whether released in the Settlement Agreement or not.[1]

Accordingly, the Settling Defendants request that this Court enter a Corrected Final Judgment in the form attached as Exhibit 1 to the Irving Decl.   Pursuant to the proposed Corrected Final Judgment, a new Paragraph 2 would be added to the Final Judgment (as reflected in the redline attached as Exhibit 2 to the Irving Decl.) in order to unambiguously reflect the bar of contribution claims that the Court and the parties intended and that the PSLRA requires.

---

[1]     The Final Judgment should be interpreted to provide this bar protection because paragraph 8 of the agreed form of Final Judgment attached as Exhibit B to the Settlement Agreement provides that contribution claims are discharged and barred and the Court's Final Judgment is properly interpreted as barring such contribution claims.  Nonetheless, the Settling Defendants are entitled to a form of Final Judgment that unambiguously provides for a discharge and bar of contribution claims.

3

The requested relief should be granted pursuant to Rule 60(a) of the FRCP which permits this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." FRCP, Rule 60(a). A correction or modification that conforms a Final Judgment to the intent of the Court when entering the judgment and that conforms to statutory mandate falls within Rule 60(a). *Robert Lewis Rosen Assoc., Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007) ("As the original judgment did not accurately reflect the District Court's intent, it was susceptible to correction under Rule 60(a)"); *Dudly v. Penn-America Ins. Co,* 313 F.3d 662, 666 (2d Cir. 2002) (holding Rule 60(a) applicable to correction held: "We need look no further than Dudley's consistent, detailed requests for prejudgment interest, the fact that he was entitled to it as a matter of law, and the district court's own words that it intended to include the award in its Original Judgment as justification for our conclusion"). Because the requested change is one that conforms the Final Judgment to the PSLRA's mandate and to the terms of the settlement previously approved by the Court, Rule 60(a) applies.

Alternatively, the relief requested herein is authorized by Rule 59(e), providing for amendment or alteration of a judgment, both because the bar order is mandated by the PSLRA and provided for in the Settlement Agreement approved by this Court.  The correction sought herein is necessary to avoid clear error that would result from a judgment that failed to provide the bar required by the PSLRA and the manifest injustice that would result from a judgment that did not conform to the mandates of the PSLRA or the terms of the parties' agreement.

Dated:  March 11, 2008

Defendants Priceline.com Inc., N.J. Nicholas, Daniel Schulman and Richard S. Braddock

By:   /s/ Daniel Slifkin
      Daniel Slifkin (ct21203)

Daniel Slifkin (ct21203)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Fax: (212) 474-3700
    -and-

Joseph L. Clasen (ct04090)
ROBINSON & COLE, LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Telephone:  (203) 462-7500
Fax:  (203) 462-7599

 Their Attorneys

5

Dated: March 11, 2008    Defendant, Jay S. Walker

By:   /s/ Jeanne E. Irving
      Jeanne E. Irving (phv01118)

Thomas D. Goldberg (ct04386)
Terence J. Gallagher (ct22415)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Phone: (203) 977-7300
Fax: (203) 977-7301
tgoldberg@daypitney.com – Email

- and -

J. Michael Hennigan (phv01117)
Bruce Bennett (phv01115)
Jeanne E. Irving (phv01118)
Shawna Ballard (phv01119)
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
irvingj@hbdlawyers.com – Email

His Attorneys

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2008, a copy of the **JOINT MOTION AND MEMORANDUM BY THE SETTLING DEFENDANTS FOR CORRECTION OF JUDGMENT, OR ALTERNATIVELY AMENDMENT OF JUDGMENT, TO UNAMBIGUOUSLY PROVIDE FOR AN ORDER BARRING CONTRIBUTION CLAIMS;** and **DECLARATION OF JEANNE E. IRVING IN SUPPORT THEREOF** were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:    /s/ Terence J. Gallagher
       Terence J. Gallagher (ct22415)